**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**INTERNET RESEARCH AGENCY, ET AL.,**<br><br>**Defendants** | **Crim. No. 18-cr-32 (DLF)** |

**GOVERNMENT'S MOTION TO CONTINUE**
**INITIAL APPEARANCE AND ARRAIGNMENT**

The United States of America, by and through Special Counsel Robert S. Mueller, III, files this motion to continue the initial appearance and arraignment of defendant Concord Management and Consulting LLC ("Concord") currently scheduled for May 9, 2018, until this Court has resolved whether Concord has been properly served with the summons in this case. As discussed below, the government additionally requests that the Court set a schedule for the parties to brief that question.

**STATEMENT**

1. On February 16, 2018, the grand jury returned an eight-count indictment alleging that from 2014 to the present, the defendants—three Russian business entities and thirteen Russian individuals—conspired to defraud the United States by impairing, obstructing, and defeating the lawful functions of federal agencies that regulate foreign involvement in U.S. elections. Indict. ¶¶ 1-9, 29-85. The indictment also alleges that several individual defendants conspired to commit wire and bank fraud, Indict. ¶¶ 88-95, and committed aggravated identity theft, Indict. ¶¶ 96-97. The 37-page indictment alleges specific details about the defendants, Indict. ¶¶ 10-24, the federal agencies victimized by the conspiracy, Indict. ¶¶ 25-27, and the conspiracy's object, Indict. ¶ 28,

and contains 30 paragraphs describing its manner and means, Indict. ¶¶ 29-58, and 27 paragraphs listing overt acts, Indict. ¶¶ 59-85.

On the day the grand jury returned the indictment, the Court issued summonses for the defendants to appear on March 20, 2018.  The government has attempted service of the summonses by delivering copies of them to the Office of the Prosecutor General of Russia, to be delivered to the defendants.  That office, however, declined to accept the summonses.  The government has submitted service requests to the Russian government pursuant to a mutual legal assistance treaty.  To the government's knowledge, no further steps have been taken within Russia to effectuate service.  On March 19, 2018, the day before the scheduled initial appearance and arraignment, the Court continued that proceeding to May 9, 2018.

2.  On April 11, 2018, counsel entered appearances on behalf of one of the defendants, Concord.  Docs. 2, 3.  Counsel did not acknowledge whether they had been authorized to receive service of the summons on behalf of Concord.  On the same day, however, counsel sent broad-ranging requests for information to the government.  Counsel sought a bill of particulars, demanding 51 categories of information, including details about online platforms the government has discovered, individuals believed to have been involved in charged and uncharged activity, and names of potential witnesses. Attachment A.  Counsel also requested discovery, including of all statements, recordings, or electronic surveillance of Concord officers and employees, Attachment B, at 1-3, and, as "a predicate" to motions practice, information about more than 70 years of American foreign policy—"each and every instance" from "1945 to present" where the U.S. government "engaged in operations to interfere with elections and political processes in any foreign country," *id.* at 3.

On April 20, 2018, the government sent a copy of the summons and a letter to counsel asking, among other things, for confirmation that counsel is authorized to receive service of the summons on behalf of Concord and, if not, the basis on which they entered their appearances. Attachment C, at 1.  Counsel did not respond to that question.  But on April 30, counsel sent a copy of the summons back to the government and stated: "Since your communication to me of the attached summons does not comply with F.R.Cr.P. 4, I am returning it to you."  Attachment D.

## ARGUMENT

A criminal case against an organizational defendant ordinarily requires that the defendant has been properly served with a summons in order for the court to be assured that the defendant has submitted to the jurisdiction of this court and has obligated itself to proceed in accordance with the Federal Rules of Criminal Procedure and other applicable laws that govern this criminal proceeding.   Until the Court has an opportunity to determine if Concord was properly served, it would be inadvisable to conduct an initial appearance and arraignment at which important rights will be communicated and a plea entertained.  That is especially true in the context of this case, which involves a foreign corporate defendant, controlled by another, individual foreign defendant, that has already demanded production of sensitive intelligence gathering, national security, and foreign affairs information.  *See* Attachments A & B.  The government accordingly requests that the Court continue these proceedings and set a briefing schedule to allow the Court to determine whether Concord has been properly served.

1. Federal Criminal Rule of Procedure 4 provides a variety of means of serving a summons on an organization that is "not within a judicial district of the United States." Fed. R. Crim. P. 4(c)(3)(D); *see* Fed. R. Crim. P. 9(c)(1)(A) (applying Rule 4 to a summons issued based on an indictment).   One means is "by delivering a copy in a manner authorized by the foreign

jurisdiction's law." Fed. R. Crim. P. 4(c)(3)(D). But Rule 4 also authorizes service "by any other means that gives notice," "including" one that is: (a) stipulated by the parties; (b) undertaken by a foreign authority in response to a request; or (c) permitted by international agreement, Fed. R. Crim. P. 4(c)(3)(D)(ii). This expansive category "provides a non-exhaustive list illustrating other permissible means of giving service on organizations outside the United States." Fed. R. Crim. P. 4 advisory committee's notes (2016 amendments). That provision was added to address "the realities of today's global economy, electronic communication, and federal criminal practice," and to ensure that the service requirement does "not shield a defendant organization when the Rule's core objective—notice of pending criminal proceedings—is accomplished." *Id.*

The government believes that if the counsel who have entered appearances on behalf of Concord in fact represent Concord, Concord has now been served. The government's provision of the summons to counsel of record should adequately provide notice to Concord and satisfy Rule 4's requirements. Indeed, counsel's email purporting to return the summons to the government confirms awareness of the summons. Defense counsel's April 30 email, however, which returned the summons and stated that the government's "communication [] of the attached summons does not comply with F.R.Cr.P. 4" (Attachment D), calls that into question, and given the particular context here of a foreign corporate defendant without U.S. presence, it is important to confirm service.

2. Acceptance of service is ordinarily an indispensable precondition providing assurance that a defendant will submit to the jurisdiction of the court, obey its orders, and comply with any judgment. Here, proper service is disputed. It would not be an efficient use of resources to conduct proceedings against Concord clouded by the question whether Concord has been properly served.

And as mentioned above, that is particularly true given the sensitive intelligence gathering, national security, and foreign affairs issues presented by defense counsel's initial requests.

To resolve this threshold issue, the government respectfully moves to have the Court establish a briefing schedule, so that the Court does not conduct proceedings without resolution of questions of proper service and the defendant's submission to the jurisdiction of this Court. The government requests that defense counsel file a brief by May 25 addressing whether the summons has been properly served, the government respond by June 15, and the Court hold a hearing at the Court's earliest convenience. The government therefore requests an adjournment of the presently scheduled initial appearance and arraignment until the Court makes its determination.

## CONCLUSION

For the foregoing reasons, the Court should continue the initial appearance and arraignment currently scheduled for May 9, 2018, and set a schedule for the parties to brief whether Concord has been properly served with the summons in this case.

Respectfully submitted,

ROBERT S. MUELLER, III
Special Counsel

Dated: May 4, 2018

*/s/ Jeannie Rhee*
Jeannie S. Rhee
L. Rush Atkinson
Ryan K. Dickey
U.S. Department of Justice
Special Counsel's Office
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 616-0800

*Attorneys for the United States of America*