# ATTACHMENT A



**Eric A. Dubelier**
Direct Phone:  +1 202 414 9291
Email:  edubelier@reedsmith.com

Reed Smith LLP
7900 Tysons One Place
Suite 500
McLean, VA 22102-5979
Tel +1 703 641 4200
Fax +1 703 641 4340
reedsmith.com

April 11, 2018

**Via Electronic Mail**

Jeannie Sclafani Rhee
United States Department of Justice
Special Counsel's Office
950 Pennsylvania Avenue, NW
Washington, DC  20005

**Re:** *United States v. Concord Management and Consulting, LLC, Case Number 1:18-cr-00032-DLF*

Dear Ms. Rhee:

Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, we hereby request on behalf of our client Concord Management and Consulting LLC ("Concord") that the Government provide a Bill of Particulars in response to the requests set forth below (paragraph numbers refer to the paragraphs in the above-noted Indictment).

1. With respect to the charged and captioned Defendant "Concord Catering," (a) the date of incorporation, (b) the location of incorporation, (c) the name(s) of the incorporators.

2. With respect to ¶ 1, define: (a) "improper foreign influence," (b) "political activities."

3. With respect to ¶ 2, define: (a) "interfere with elections and political processes," (b) "impairing, obstructing and defeating the lawful functions of the government," and (3) "interfering with the U.S. political and electoral processes."

4. With respect to ¶ 2, identify by name all alleged conspirators known to the government.

5. With respect to ¶ 3, define: "significant funds," and (b) "to further the Organization's operations."

6. With respect to ¶ 3, identify by name the "other uncharged Organization employees."

7. With respect to ¶ 4, identify by name the Defendants and co-conspirators who engaged in this alleged activity.

8. With respect to ¶ 5, define: (a) "computer infrastructure," and (b) "collecting intelligence."

ABU DHABI ♦ ATHENS ♦ BEIJING ♦ CENTURY CITY ♦ CHICAGO ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG ♦ HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH
NEW YORK ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

EME_ACTIVE-568996521.1

ReedSmith

April 11, 2018
Page 2

  9. With respect to ¶ 5, identify by name all Defendants and conspirators who "hid[ ] the Russian origin of their activities to avoid detection by U.S. regulators and law enforcement."

  10. With respect to ¶ 6, define: (a) "strategic goal to sow discord in the U.S. political system," (b) "derogatory information," (c) "disparaging Hillary Clinton."

  11. With respect to ¶ 6, identify all alleged political advertisements, political rallies, compensation to real U.S. persons, unwitting individuals associated with the Trump Campaign, and political activists.

  12. With respect to ¶ 7, identify all Defendants and conspirators who were required to provide regulatory disclosure and/or register as foreign agents.

  13. With respect to ¶ 9, define: "certain domestic activities."

  14. With respect to ¶ 11, define: (a) "related Russian entities," (b) "primary source of funding," (c) "interference operations."

  15. With respect to ¶ 11, specifically identify all: (a) funds provided, (b) personnel recommended, and (c) activities overseen.  Further identify the names of each individual acting for or on behalf of Defendant Concord who allegedly engaged in these alleged activities.

  16. With respect to ¶ 11, identify all criminal statutes that prohibit "interference operations," as alleged.

  17. With respect to ¶ 11a, identify all of the "multiple components" of the alleged "Project Lakhta," and identify every Defendant, conspirator or other person who engaged in the alleged activity on behalf of Concord.

  18. With respect to ¶ 11b, identify every Defendant, conspirator or other person who engaged in the alleged activity on behalf of Concord; and identify specifically who was paid funds and/or bonuses.

  19. With respect to ¶ 11c, provide bank names and account numbers for each of the listed entities.  Further, provide the place and date or incorporation and the names of the incorporators for each of the listed entities.

  20. With respect to ¶ 12a, define: "approved and supported," and clarify whether it is alleged that Defendant Prigozhin engaged in such conduct on behalf of Defendant Concord.

  21. With respect to ¶ 12b, identify the "real U.S. person," identify the specific Defendant or conspirator who communicated with the "real U.S. person," provide the dates and times of any such communications, identify the Defendant or conspirator who stated "is a leader here and our boss . . . our funder," and clarify whether it is alleged that any such communications were made on behalf of Defendant Concord.

ReedSmith

April 11, 2018
Page 3

22. With respect to ¶¶ 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, identify each any every communication between the named Defendants and either Defendant Concord, or any owner, officer, employee and/or agent thereof.

23. With respect to ¶¶ 25, 26, 27, identify the statute and regulations that support the allegations.

24. With respect to ¶ 25, state whether it is alleged that Defendant Concord, or any owner, officer, employee or agent thereof, violated the FECA statute or related regulations, and if so, how.

25. With respect to ¶ 26, state whether it is alleged that Defendant Concord, or any owner, officer, employee or agent thereof, violated the FARA statute or related regulations, and if so, how.

26. With respect to ¶ 27, state whether it is alleged that Defendant Concord, or any owner, officer, employee or agent thereof, violated any statute or related regulations related to the issuance of visas, and if so, how.

27. With respect to ¶ 28, identify all statutes and regulations that prohibit "impairing, obstructing and defeating the lawful governmental functions of the United States . . . [by] interfer[ing] with U.S. political and electoral processes."

28. With respect to ¶¶ 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58: specifically identify for each and every allegation the name of the owner, officer, employee or agent of Defendant Concord who engaged in and/or had contemporaneous knowledge of the alleged activity.

29. With respect to ¶ 29, identify all "group(s)," and identify all persons who engaged in the alleged activity.

30. With respect to ¶ 30d, identify the co-conspirator.

31. With respect to ¶ 31, identify the "real U.S. person," and identify all persons who engaged in the alleged activity.

32. With respect to ¶ 32, identify all "social media accounts," and identify all persons who engaged in the alleged activity.

33. With respect to ¶ 33, identify the person(s) who provided the alleged instructions and directions.

34. With respect to ¶ 34, identify all "thematic group pages," and identify all persons who engaged in the alleged activity.

35. With respect to ¶ 35, identify all alleged expenditures, including but not limited to the dates and amounts, and identify all persons who engaged in the alleged activity.

ReedSmith

April 11, 2018
Page 4

    36.    With respect to ¶ 36, identify all alleged Twitter accounts, and identify all persons who engaged in the alleged activity.

    37.    With respect to ¶ 37, identify all persons who engaged in the alleged activity.

    38.    With respect to ¶ 38, identify all persons who provided the alleged "feedback and directions."

    39.    With respect to ¶ 39, identify all alleged "VPNs," and identify all persons who engaged in the alleged activity.

    40.    With respect to ¶ 40, identify all alleged "web-based email accounts," and identify all persons who engaged in the alleged activity.

    41.    With respect to ¶ 41, identify all alleged PayPal accounts, and identify all persons who engaged in the alleged activity.

    42.    With respect to ¶ 42, define, "began to monitor," and identify all persons who engaged in the alleged activity.

    43.    With respect to ¶¶ 43, 43a, 43b, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, provide all instances of the alleged activity and identify all persons who engaged in the alleged activity.

    44.    With respect to ¶ 54c, identify the volunteer for the Trump campaign.

    45.    With respect to ¶¶ 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85: specifically identify for each and every allegation the name of the owner, officer, employee or agent of Defendant Concord who engaged in and/or had contemporaneous knowledge of the alleged activity.

    46.    With respect to ¶¶ 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85: identify all persons who engaged in the alleged activity.

    47.    With respect to ¶ 59, identify the statute that prohibits the "illegal object."

    48.    With respect to ¶ 70, identify "T.W."

    49.    With respect to ¶¶ 53, 65, 72, 73, 74, 77, 80, 81, 82, 84: identify the "real U.S. person(s)".

    50.    With respect to ¶¶ 76, 78, 79, identify the "Campaign Official 1," "Campaign Official 2," and "Campaign Official 3."

    51.    With respect to ¶ 85, identify the offense that Defendants allegedly conspired to violate.



April 11, 2018
Page 5

In light of the requirement in Federal Rule of Criminal Procedure 7(f) that a motion for a bill of particulars must be filed before or within 14 days after arraignment, we kindly request a response by April 18, 2018.

Very truly yours,

Eric A. Dubelier