# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 1:18-CR-00032-DLF |
| INTERNET RESEARCH AGENCY LLC., *et al.*, | |
| Defendants. | |

## DEFENDANT CONCORD MANAGEMENT AND CONSULTING LLC'S OPPOSITION SPECIAL COUNSEL'S MOTION TO CONTINUE INITIAL APPEARANCE AND ARRAIGNMENT

Defendant Concord Management and Consulting LLC ("Concord"), through undersigned counsel, hereby opposes the Special Counsel's Motion to Continue Initial Appearance and Arraignment, and in support thereof states as follows:

1. The Special Counsel is not entitled to special rules, and is required like the Attorney General to follow the rules of the Court. *See United States v. Libby*, 498 F.Supp.2d 1, 10-11 (D.C.C. 2007).

2. The Special Counsel's motion, filed late on a Friday afternoon, essentially seeks to usurp the scheduling authority of the Court by requesting a continuance of a proceeding scheduled in five days knowing that Defendant is ordinarily entitled to fourteen days to respond.

3. The Special Counsel's motion is in violation of Local Criminal Rule 47(b) in that its contains no citation to points of law and authority and instead proclaims without citation to any authority that "A criminal case against an organizational defendant ordinarily requires that the defendant has been properly served with a summons in order for the court to be assured that the defendant has submitted to the jurisdiction of this court and has obligated itself to proceed in

accordance with the Federal Rules of Criminal Procedure and other applicable laws that govern this criminal proceeding," Mot. at 3, and that "Acceptance of service is ordinarily an indispensable precondition providing assurance that a defendant will submit to the jurisdiction of the court, obey its orders, and comply with any judgment." *Id.* at 4. If the Special Counsel believes these statements to be true she should: (a) provide the legal authority, and (b) act in accordance with the requirements of Fed. R. Crim. P. 4.[1]

4. The Special Counsel unilaterally decided to ignore Fed. R. Crim. P. 4(c)(3)(D)(ii)(a) by simply sending undersigned counsel a summons without any advance consultation. *See* Ex. 1, April 20, 2018 email from E. Dubelier to J. Rhee. Therefore it is the Special Counsel's own fault that the summons was not properly served.

5. Defendant has no legal obligation to answer the interrogatories propounded by the Special Counsel in Attachment C to its Motion, and timely advised the Special Counsel of this fact. *See* Ex. 2, April 20, 2018 email from E. Dubelier to J. Rhee.

6. Defendant voluntarily appeared through counsel as provided for in Fed. R. Crim. P. 43(b)(1), and further intends to enter a plea of not guilty. Defendant has not sought a limited appearance nor has it moved to quash the summons. As such, the briefing sought by the Special Counsel's motion is pettifoggery. *See United States v. Kolon Industs. Inc.*, 926 F. Supp. 2d 794, 798 (E.D. Va. 2013) (noting that voluntary appearance by a defendant can give rise to jurisdiction).

---

[1] With all due respect to the Court, the Special Counsel's motion could have been summarily denied on this basis alone. Hopefully the Court will forgive undersigned counsel's impression that by the Court ordering a response in one business day there is an appearance that the tail just wagged the dog. The only emergency about the Special Counsel's motion was caused by the Special Counsel herself in waiting to file it until three business days before the scheduled proceeding.

7. Defendant is entitled to a Speedy Trial, *see* 18 U.S.C. § 3161, and the Special Counsel's motion has no legitimate purpose and will create unnecessary delay.

8. As required by Local Criminal Rule 16.1, Defendant sought discovery from the Special Counsel 2 ½ weeks ago and the Special Counsel has not extended the common courtesy of providing any reply whatsoever.

WHEREFORE, Defendant Concord respectfully requests that the Special Counsel's motion be denied.

Dated: May 5, 2018

Respectfully submitted,

CONCORD MANAGEMENT AND CONSULTING LLC

By Counsel

/s/*Eric A. Dubelier*

Eric A. Dubelier (No. 419412)
Katherine J. Seikaly (No. 498641)
Reed Smith LLP
1301 K Street, N.W.
Suite 1000 – East Tower
Washington, D.C. 20005
202-414-9291 (phone)
202-414-9299 (fax)
kseikaly@reedsmith.com
edubelier@reedsmith.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of May 2018, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record:

/s/ *Katherine J. Seikaly*
Katherine J. Seikaly (No. 498641)
Reed Smith LLP
1301 K Street, N.W.
Suite 1000 – East Tower
Washington, D.C. 20005
202-414-9219 (phone)
202-414-9299 (fax)
kseikaly@reedsmith.com