```
 1                     IN THE UNITED STATES DISTRICT COURT
                         FOR THE DISTRICT OF COLUMBIA
 2


 3      United States of America,        ) Criminal Action
                                         ) No. 18-CR-032
 4                         Plaintiff,    )
                                         ) INITIAL APPEARANCE
 5      vs.                              ) AND ARRAIGNMENT
                                         )
 6      Internet Research Agency,        ) Washington, DC
        LLC, Concord Management and      ) May 9, 2018
 7      Consulting, LLC,                 ) Time:  1:45 p.m.
                                         )
 8                         Defendants.   )
        _____
 9
                 TRANSCRIPT OF INITIAL APPEARANCE AND ARRAIGNMENT
10                              HELD BEFORE
                        THE HONORABLE G. MICHAEL HARVEY
11                     UNITED STATES MAGISTRATE JUDGE
        _____
12
                            A P P E A R A N C E S
13
        For the Plaintiff:       Jeannie Sclafani Rhee
14                               Lawrence Rush Atkinson
                                 Ryan Kao Dickey
15                               U.S. DEPARTMENT OF JUSTICE
                                 Special Counsel's Office
16                               950 Pennsylvania Ave. NW
                                 Washington, DC 20530
17                               (202) 616-0800
                                 Email: Jsr@usdoj.gov
18                               Email: Lra@usdoj.gov
                                 Email: Rkd@usdoj.gov
19
        For the Defendant
20        Concord Management
          and Consulting:        Eric A. Dubelier
21                               Katherine Joanne Seikaly
                                 REED SMITH LLP
22                               1301 K Street, NW
                                 Suite 1000 - East Tower
23                               Washington, DC 20005
                                 (202) 414-9291
24                               Email: Edubelier@reedsmith.com
                                 Email: Kseikaly@reedsmith.com
25
```

1    Court Reporter:                Janice E. Dickman, RMR, CRR
                                    Official Court Reporter
2                                   United States Courthouse, Room 6523
                                    333 Constitution Avenue, NW
3                                   Washington, DC   20001
                                    202-354-3267
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1    THE COURTROOM DEPUTY:  All right.  This is criminal

2    case year 2018-032, United States of America versus Concord

3    Management and Consulting, LLC.  This is an initial appearance

4    and arraignment.

5    Will the parties please introduce yourselves to the

6    Court, beginning with the government.

7    MS. RHEE:  Good afternoon, Your Honor.  Jeannie Rhee,

8    Rush Atkinson, and Ryan Dickey on behalf of the United States.

9    THE COURT:  Good afternoon.

10    MR. DUBELIER:  Good afternoon, Your Honor.  Eric

11    Dubelier and Katherine Seikaly on behalf of the defendant.

12    THE COURT:  Good afternoon.

13    So, the purpose of this proceeding is to conduct an

14    initial appearance and arraignment with respect to, I see, one

15    of the defendants in the case, Concord Management and

16    Consulting, LLC.  And after that I'm going to have the

17    government address issues with regard to the other outstanding

18    summons in the case and how they would like to proceed with

19    respect to those other summons.

20    Mr. Dubelier --

21    MR. DUBELIER:  Dubelier, sir.

22    THE COURT:  -- why don't you come to the podium.  I

23    just have a few questions for you.

24    MR. DUBELIER:  Sure.

25    THE COURT:  As I understand it, looking through the

1    papers filed by both parties, you and your firm represent

2    Concord Management and Consulting, LLC, is that correct?

3              MR. DUBELIER:  Correct.

4              THE COURT:  You do not represent any other defendant

5    in the case?

6              MR. DUBELIER:  We do not.

7              THE COURT:  Not any other individual defendant in the

8    case?

9              THE DEFENDANT:  We do not.

10             THE COURT:  What about Concord Catering?  The

11   government makes an allegation that there's some association.

12   I don't mean for you to -- do you represent them, or not,

13   today?  And are we arraigning them as well?

14             MR. DUBELIER:  We're not.  And the reason for that,

15   Your Honor, is I think we're dealing with a situation of the

16   government having indicted the proverbial ham sandwich.  That

17   company didn't exist as a legal entity during the time period

18   alleged by the government.  If at some later time they show me

19   that it did exist, we would probably represent them.  But for

20   purposes of today, no, we do not.

21             THE COURT:  Okay.  And just so I'm clear as I read

22   your submission, it's your belief that Concord Management and

23   Consulting, LLC, has not been properly served under Rule 4, is

24   that correct?

25             MR. DUBELIER:  That's correct.

1                    THE COURT:  But, nevertheless, your client has

2       authorized you to enter a voluntary appearance in this matter

3       and to subject it to the jurisdiction of this Court, is that

4       correct?

5                    MR. DUBELIER:  That's correct.

6                    THE COURT:  Okay.  And does your client also

7       understand that by doing so, it must also comply with the

8       Federal Rules of Criminal Procedure, the rules of this Court,

9       and with the orders of this Court?

10                   MR. DUBELIER:  Of course, Your Honor.

11                   THE COURT:  Okay.  We're here today for initial

12      appearance and arraignment.  And just to be clear, there's no

13      other corporate representative of your client in the courtroom,

14      is that correct?

15                   MR. DUBELIER:  There is not, Your Honor.

16                   THE COURT:  Okay.  But for purposes of this

17      proceeding, your client has authorized you to appear here today

18      and to make representations on its behalf, is that correct?

19                   MR. DUBELIER:  They have, Your Honor.

20                   THE COURT:  That is my understanding under Rule

21      43(b)(1), that for an organizational defendant they are

22      permitted to do so.  They do not have to appear here in person,

23      whatever that means, but can do so through counsel.  And that's

24      what you've been authorized to do, is that correct?

25                   MR. DUBELIER:  That's correct, Your Honor.

1            THE COURT:  And your client has also authorized you

2    to enter a plea here today to the indictment, is that correct?

3            MR. DUBELIER:  Yes, they have, Your Honor.

4            THE COURT:  Has your client received a copy of the

5    indictment in this case?

6            MR. DUBELIER:  It's publicly available, Your Honor;

7    they have it.

8            THE COURT:  Does your client understand that it's

9    charged, in Count One of the indictment, with conspiracy to

10   defraud the United States, in violation of 18 U.S.C. 371.

11           MR. DUBELIER:  We understand that's what it says.

12           THE COURT:  Okay.  Understood.  Again, initial

13   appearance, this is what we go through.

14           MR. DUBELIER:  I understand.

15           THE COURT:  Make sure the defendant knows what

16   they're charged with and the consequences if they're found

17   guilty of that crime, and then I make sure they understand what

18   their rights are.  So I'm going to do that through you.

19           MR. DUBELIER:  Understood, Your Honor.  Happy to

20   help.

21           THE COURT:  Does your client also understand that if

22   it's found guilty of that charge, that's Count One of the

23   indictment, that it could be find up to $500,000 or,

24   alternatively, if there's -- if someone derived any pecuniary

25   gain from the offense, or if the offense resulted in the loss

1    to any person, other than the defendants, that their client may

2    be fined not more than the greater of twice the gross gain or

3    twice the gross loss arising from the criminal conduct?

4              MR. DUBELIER:  Yes, they do, Your Honor.

5              THE COURT:  Okay.  Is your client also aware that it

6    has the right to remain silent in this case, and that anything

7    it says can be used against it?

8              MR. DUBELIER:  Yes, it would.

9              THE COURT:  Is your client also aware that it has the

10   right to counsel?  If at some point it's unable to afford its

11   own counsel, the Court would appoint counsel to represent it

12   free of charge, if it's eligible.  Does it understand it has

13   that right in this courthouse?

14             THE DEFENDANT:  Yes, they do, Your Honor.

15             THE COURT:  All right.  Before we do the

16   arraignment -- you can have a seat -- I just want to make sure,

17   does the government have any other preliminarily issues or any

18   questions, any other representations it thinks I need to ask?

19   I'm happy to entertainment them at this time, and then we'll do

20   the arraignment.

21             MS. RHEE:  Thank you, Your Honor.  Just for

22   clarification, it was the government's understanding, pursuant

23   to a submission by Reed, Smith to the Office of Foreign Asset

24   Control, that the engagement in this case was with respect to

25   both Concord Management and Consulting, LLC, and Concord

1   Catering, and that the engagement with respect to

2   representation in this matter was for both of those corporate

3   entities.

4           We hear Mr. Dubelier's position, that he is entering

5   a notice of appearance only with respect to one of the

6   organizational defendants.  But that is the basis for the

7   government's understanding that the scope of representation, at

8   least as we understood it at the time of the submission to

9   OFAC, which was April 11th, 2018, was that the engagement and

10  the scope of representation was as to both organizational

11  defendants.

12          THE COURT:  Okay.  What would you like me to do with

13  that here today?  He's indicated he's not authorized to

14  represent them in this case or in this proceeding here today.

15  I assume he's not authorized to enter a plea on their behalf.

16          MS. RHEE:  In which case then we will proceed in the

17  usual course, with pursuit of the service of the summons

18  through official governmental channels.

19          THE COURT:  Okay.  That's fine.

20          Anything further from the government?

21          MS. RHEE:  No, not at this time, Your Honor.

22          THE COURT:  All right.  You can come forward again.

23          So just to be clear, you are authorized here today to

24  enter a plea on behalf of Concord Management and Consulting,

25  LLC, not Concord Catering, is that correct?

1              MR. DUBELIER:  That's correct.  And, Your Honor, I

2      think, as you've noted, for purposes of the record, there is a

3      difference between representation and being authorized to

4      appear in court on behalf of a client.  We now know that the

5      special counsel apparently has access to our confidential

6      filings at the Office of Foreign Assets Control, which in and

7      of itself is a disturbing fact.  But, you know, that goes along

8      with the interrogatories they filed on us, wanting to know what

9      our bank account number was, as well.

10             So I think Your Honor understands the distinction.  I

11     want to be clear on the record, there's an issue of

12     representation, there's an issue of what I'm authorized to do

13     today.  I'm authorized to appear today on behalf of the one

14     defendant, enter a plea of not guilty.  And I'm prepared to do

15     that.

16             THE COURT:  Okay.  Well, let's go forward and do that

17     then.  Counsel, your client -- and your client, let's be clear,

18     Concord Management and Consulting, LLC, having had an

19     opportunity to review the indictment in this case and having

20     been informed of the charge it faces and the penalty if it's

21     found guilty of that charge, does it waive formal reading of

22     the indictment?  And how does it plead, guilty or not guilty?

23             MR. DUBELIER:  Your Honor, we waive formal reading of

24     the indictment.  We enter a plea of not guilty.  We exercise

25     our right to a speedy trial.

```
 1               THE COURT:  Okay.  I will enter a plea of not guilty

 2     on behalf of Concord Management and Consulting, LLC, in the

 3     record of this case.

 4               You can have a seat.

 5               MR. DUBELIER:  Thank you, Your Honor.

 6               THE COURT:  So, Government, there are other summons

 7     that have been issued and those defendants are not in the

 8     courtroom here today.  So what, if anything, would you like the

 9     Court to do at this time with regard to those summons?

10               MS. RHEE:  We would --

11               THE COURT:  I'm specifically referring to Concord

12     Catering and the lead defendant in the case.

13               MS. RHEE:  The Internet Research Agency, Your Honor.

14               THE COURT:  Thank you.  Internet Research Agency.

15     They're not here.  I don't believe they're here.

16               MS. RHEE:  Alas, they are not here.

17               THE COURT:  They are not here, yes.

18               MS. RHEE:  The government would be thrilled if they

19     were here.  What we would ask for is an additional control date

20     as we pursue, through other channels, service of those summons,

21     Your Honor.

22               THE COURT:  Okay.  What do you want to propose in

23     terms of the control date?

24               MS. RHEE:  We could do another 60 days out.

25               THE COURT:  Okay.  Well, let's do that.  Let's set
```

1    another control date for purposes of further update from the

2    government on whether or not it has affected service with

3    regard to those other two defendants.  Will you need a new

4    summons?

5              MS. RHEE:  In all likelihood we will.  And we will

6    contact chambers just for the update on the date of the

7    summons.

8              THE COURT:  Right.  Okay.  Well, let's go ahead and

9    set a control date then, 60 days out, whatever that would be.

10             Also, the status date, the district judge in this

11   case has offered the following dates for the initial status

12   hearing, so the parties need to pick one:  It's May 11th, which

13   I think is this Friday, at 10 a.m.  She also has available May

14   15th at 10 a.m. or 2 p.m., May 16th at 2 p.m.  So, what's the

15   parties' preference, if any?

16             MS. RHEE:  Why don't we pick the 2 p.m. date on May

17   16th, if that is okay with defense counsel?

18             MR. DUBELIER:  Perfect.

19             THE COURT:  Okay.  So, we'll set it.  And the next

20   date in this case is May 16th, at 2 p.m., before Judge

21   Friedrich.

22             Sixty days out?

23             THE COURTROOM DEPUTY:  I'm looking at July 9th.

24             THE COURT:  July 9th, 1:45.  Does that work for

25   everyone?

1           MS. RHEE:  Yes, Your Honor.

2           THE COURT:  Counsel, July 9th at 1:45 for the control

3      date?

4           MR. DUBELIER:  I don't think we really care, Your

5      Honor.

6           THE COURT:  Okay.

7           MR. DUBELIER:  Thank you.

8           THE COURT:  Okay.  Good enough.

9           All right.  So we'll set that July 9th at 1:45.  I

10     think that will be before Magistrate Judge -- who's July?

11          THE COURTROOM DEPUTY:  Meriweather, Judge

12     Meriweather.

13          THE COURT:  Meriweather.  Okay, 1:45.

14          Any further requests from the government?

15          MS. RHEE:  Not at this time, Your Honor.

16          THE COURT:  Defense?

17          MR. DUBELIER:  Nothing.  Thank you, Your Honor.

18          THE COURT:  Okay.  Good luck to everyone.  Parties

19     are excused.

20                         *   *   *

21

22

23

24

25

```
 1

 2                  CERTIFICATE OF OFFICIAL COURT REPORTER

 3

 4

 5          I, JANICE DICKMAN, do hereby certify that the above

 6    and foregoing constitutes a true and accurate transcript of my

 7    stenograph notes and is a full, true and complete transcript of

 8    the proceedings to the best of my ability.

 9                         Dated this 9th day of May, 2018.

10

11

12                         /s/_____

13                         Janice E. Dickman, CRR, RMR
                           Official Court Reporter
14                         Room 6523
                           333 Constitution Avenue NW
15                         Washington, D.C. 20001

16

17

18

19

20

21

22

23

24

25
```