IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>INTERNET RESEARCH AGENCY LLC, *et al.*,<br><br>    Defendants. | CRIMINAL NUMBER:<br><br>1:18-cr-00032-DLF |

**DEFENDANT CONCORD MANAGEMENT AND CONSULTING LLC'S MOTION PURSUANT TO RULE 6(e)(3)(E)(ii) FOR *IN CAMERA* INSPECTION OF LEGAL INSTRUCTIONS PROVIDED TO THE GRAND JURY REGARDING COUNT ONE OF THE INDICTMENT**

Pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(ii), Defendant Concord Management and Consulting LLC (hereinafter "Concord" or "Defendant"), by counsel, respectfully moves for an *in camera* inspection of the legal instructions provided to the grand jury regarding Count One of the Indictment. For the reasons set forth below, Defendants seek this relief in order to determine whether the instructions provided could support a motion to dismiss Count One of the Indictment.

**I.      Introduction**

The Court is well aware that heretofore investigations of alleged improper foreign involvement in American elections have been handled by the United States Department of Justice ("DOJ"); specifically the Campaign Finance Task Force created by former Attorney General Reno in 1997, and where the Court worked as a prosecutor from September 1997 to August 1998. Former Attorney General Reno refused to bow to massive political pressure to appoint a special counsel, and instead the Task Force methodically investigated and prosecuted

cases through 2000.[1]  Throughout all of that activity, the DOJ never brought any case like the instant Indictment, that is, an alleged conspiracy by a foreign corporation to "interfere" in a Presidential election by allegedly funding free speech.  The obvious reason for this is that no such crime exists in the federal criminal code.

Now, some twenty years later, the Deputy Attorney General acting for the recused Attorney General has rejected the history and integrity of the DOJ, and instead licensed a Special Counsel who for all practical political purposes cannot be fired, to indict a case that has absolutely nothing to do with any links or coordination between any candidate and the Russian Government.[2]  The reason is obvious, and is political: to justify his own existence the Special Counsel has to indict a Russian – any Russian.[3]  Different from any election case previously brought by the DOJ, the Special Counsel used the catch-all provision of the federal criminal code, the defraud prong of conspiracy, 18 U.S.C. § 371, to allege that a foreign corporate defendant with no presence in the United States and having never entered the United States, engaged in the make-believe crime of conspiring to "interfere" in a United States election.  Indictment, Dkt. 1, ¶ 2.  Presumably to bolster these allegations (which have a strong odor of hypocrisy)[4], the Special Counsel has pleaded around the knowledge requirements of all related

---

[1] *See* Ex. A, *Thai Businesswomen Agree to Plead Guilty to Campaign Financing Charges*, June 21, 2000, https://www.justice.gov/archive/opa/pr/2000/June/350crm.htm (listing cases brought by the Task Force).

[2] Ex. B, *Rosenstein: "No Allegation in This Indictment That Any American Had Any Knowledge" of Russian Election Influence Operation*, Real Clear Politics, Feb. 16, 2018, https://www.realclearpolitics.com/video/2018/02/16/watch_live_deputy_ag_rod_rosenstein_announcement.html.

[3] *See* Casablanca (1942) (Captain Renault states, "Major Strassor has been shot.  Round up the usual suspects.")

[4] Between 1946 and 2000, the United States and its agents interfered in many global elections for the purpose of influencing foreign voters to elect candidates favorable to the United States. *See* Ex. C, *Database Tracks History of U.S. Meddling in Foreign Elections*, National Public Radio, Dec. 22, 2016, https://www.npr.org/2016/12/22/506625913/database-tracks-history-of-u-s-meddling-in-foreign-elections.  When that interference failed, on occasion the United States directed and/or participated in the removal of elected foreign leaders.  *See*, *e.g.*, Ex. D, *CIA Admits Involvement in Chile*, ABC News, Sept. 20, 2000, https://abcnews.go.com/International/story?id=82588&page=1 (describing declassified report explaining U.S. involvement in 1973 coup d'état in Chile resulting in the removal and death of democratically elected President Salvador Allende); Ex. E, *In declassified document, CIA acknowledges role in '53 Iran coup*, CNN, Aug. 19, 2013,

substantive statutes and regulations by asserting that Concord conspired to obstruct the functions of the United States Departments of Justice ("DOJ") and State ("DOS"), and the Federal Election Commission ("FEC").[5]  But violations of the relevant federal campaign laws and foreign agent registration requirements administered by the DOJ and the FEC require the defendant to have acted "willfully," a word that does not appear anywhere in Count One of the Indictment.  *See* 52 U.S.C. § 30109(d) and 22 U.S.C. § 618(a).[6]

This sleight-of-hand does not relieve the Special Counsel from the requirement that the indictment contain all of the elements of the offense charged.  *See Russell v. United States*, 369 U.S. 749, 763 (1962).  As such, Count One of the Indictment appears to be facially invalid because it fails to charge an essential element of the offense of conspiracy to defraud the United States by impairing, obstructing and defeating the functions of the FEC and the DOJ, that is, that the Defendant acted willfully, in this case meaning that Defendant was aware of the FEC and FARA requirements, agreed to violate those requirements, and ultimately acted with intent to violate those requirements.  *See United States v. Pickett*, 353 F.3d 62, 67 (D.C. Cir. 2004) (dismissing indictment that tracked only part of the statutory language).  The absence of the word "willfully" in Count One of the Indictment establishes that Defendant has a particularized need to obtain the limited relief sought, that is, an *in camera* inspection of the legal instructions the Special Counsel provided to the grand jury.  With that information, the Court can determine

---

https://www.cnn.com/2013/08/19/politics/cia-iran-1953-coup/index.html (explaining U.S. involvement in coup d'état in Iran resulting in the removal of democratically elected Prime Minister Mohammad Mosaddegh).

[5] Count One of the Indictment is devoid of any specificity about what any officer or employee of Concord actually did other than to generally allege that Concord funded an "Organization" that the Special Counsel imagined and created.  *See* Indictment at ¶¶ 2, 3.  It is not clear whether the Indictment alleges that Concord was part of the "Organization."  *See* Indictment ¶ 2.

[6] To make matters worse, the Special Counsel omitted from Count One any citation to any federal campaign or registration statute or regulations, leaving a foreign corporation with no knowledge of these complex and arcane provisions to figure it out.  *See* Indictment ¶¶ 7, 9, 25, 26.

whether those instructions could support a motion to dismiss the facially invalid Count One of the Indictment.

## II.     Statement of Facts

Defendant Concord is charged in a single count with knowingly and intentionally conspiring to defraud the United States " . . . by impairing, obstructing and defeating the lawful functions of the Federal Election Commission, the U.S. Department of Justice and the U.S. Department of State in administering federal requirements for disclosure of foreign involvement in certain domestic activities." Indictment ¶ 9.  The Indictment asserts that the lawful functions involved were: (1) the FEC's authority to require certain disclosures, (2) the DOJ's authority to require certain persons to register as foreign agents, and (3) the DOS's authority over issuance of travel visas.  *See id*. ¶¶ 7, 9 and 25-28.  The *mens rea* alleged in Count One is "knowingly and intentionally."  *Id*. ¶ 9.

## III.    Statement of the Law and Argument

### A.     Disclosure of Grand Jury Materials

To obtain disclosure of grand jury materials a defendant must show a particularized need; specifically, that the material is needed to avoid possible injustice in a judicial proceeding, the need to disclose outweighs the need for continued secrecy, and the request is structured to cover only what is needed.  *See United States v. Proctor & Gamble*, 356 U.S. 677, 682-83 (1958). With regard to legal instructions provided to the grand jury, the Defendant must identify facts which raise doubts to the accuracy of the instructions.  *See United States v. Stevens*, 771 F. Supp. 2d 556, 567 (D. Md. 2011) (". . . where a prosecutor's legal instruction to the grand jury seriously misstates the applicable law, the indictment is subject to dismissal if the misstatement casts 'grave doubt that the decision to indict was free from the substantial influence' of the erroneous instruction." (quoting *United States v. Peralta*, 763 F. Supp. 14, 21 (S.D.N.Y. 1991)).

A court may authorize disclosure of a grand jury matter at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury.  *See* Fed. R. Crim. P. 6(e)(3)(E)(ii).  *See also United States v. Naegele*, 367 B.R. 15, 17 (D.D.C. 2007) (finding a particularized need for *in camera* inspection of grand jury transcripts).  *But see United States v. Singhal*, 876 F. Supp. 2d 82, 98-99 (D.D.C. 2012); *United States v. Espy*, 23 F. Supp. 2d 1, 10 (D.D.C. 1998); and *United States v. Trie*, 23 F. Supp. 2d 55, 62 (D.D.C. 1998) (finding no particularized need for disclosure of grand jury instructions where the indictment is facially valid).

### B.     *Mens Rea* Requirement for Violation of Count One[7]

As best as the Defendant can determine from Count One of the Indictment, the Special Counsel appears, at least in part, to believe that the Defendant either failed to disclose or caused the failure to disclose funding for certain electioneering communications to the FEC as required by 52 U.S.C. § 30104(f).[8]  *See* Indictment ¶¶ 7, 11.  A violation of this statute requires that the defendants acted "knowingly and willfully."  *See* 52 U.S.C. § 30109(d).  The Department of Justice has stated unequivocally that in using 18 U.S.C. § 371 to allege a conspiracy to defraud the FEC, the government must prove that: (1) the defendant was aware that his or her conduct was generally unlawful, and (2) that the defendant intended to disrupt and impede the lawful functioning of the FEC.  *See* Dep't of Justice, *Federal Prosecution of Election Offenses* 162-163 (December 2017), https://www.justice.gov/criminal/file/1029066/download.  The Department of Justice conceded that this is arguably an even a higher burden than the "knowingly and willfully" mental state required by Section 30109(d) itself.  *Id*.  *See also Bluman v. Federal Election*

---

[7] Defendant intends to fully brief this issue in its motion to dismiss the Indictment.

[8] There is a serious question about whether the provisions contained in 52 U.S.C. § 30104(f) applied to Concord in this case.  That question will be addressed in a motion to dismiss the Indictment.

*Commission*, 800 F. Supp. 2d 281, 292 (D.D.C. 2011) (three judge panel of the district court warning the Department of Justice that seeking criminal penalties against foreign nationals for making certain prohibited campaign expenditures will require proof of the defendant's knowledge of the law); Ex. F, Indictment at ¶ 10, *United States v. Hsia*, No. 98-cr-0057 (D.D.C. Feb. 18, 1998) (charging that defendant acted "knowingly and willfully" in conspiring to defraud the FEC).[9] *See also United States v. Curran*, 20 F.3d 560, 571 (3d Cir. 1994) (in a case involving conspiracy to defraud the Federal Election Commission, finding an instruction that contained the word "willfully" to be deficient and requiring a jury instruction that the jury must find defendant agreed to commit an unlawful act combined with intent to commit the underlying offense).

The same burden exists under the Foreign Agents Registration Act to prove willfulness. *See* 22 U.S.C. § 618(a); Dep't of Justice, FARA Enforcement, www.justice.gov/nsd-fara/fara-enforcement.[10]

        **C.**    **The Indictment Fails to Allege Defendant Acted "Willfully," and As Such *In Camera* Inspection is Necessary and Proper**

All criminal defendants have a Fifth Amendment right to be tried on an indictment by a grand jury. *See United States v. Hillie*, 227 F. Supp. 3d 57, 77-78 (D.D.C. 2017). While there is case law to support the argument that some Section 371 conspiracies to defraud do not require proof of the *mens rea* required for related substantive offenses, *see, e.g., United States v. Childress*, 58 F.3d 693, 708 (D.C. Cir. 1995), the law relating to such conspiracies which are

---

[9] In *United States v. Moore*, 612 F.3d 698, 703 (D.C. Cir. 2010), Circuit Judge Kavanaugh in his concurring opinion noted that Supreme Court case law is clear that statutes prohibiting some regulatory offenses require proof that the defendant was aware that the conduct was unlawful.

[10] There is also serious doubt about whether FARA applied to Concord, and whether the Special Counsel is claiming that Concord was required to register as a foreign agent. The same is true with respect to the allegations about obtaining visas through false and fraudulent statements. Those questions will also be addressed in a subsequent motion to dismiss.

based on complex regulatory offenses allows less leeway.  *See* Section III.B above.  The instant Indictment fails to allege that the Defendant knew it was acting unlawfully and that it intended to violate the underlying regulatory offenses.

The risk here is acute, that is, a foreign corporation with no presence in the United States is indicted in an unprecedented case of a type never before brought by the DOJ for conspiring to defraud the United States purportedly by not complying with certain regulatory requirements that are unknown even to most Americans.  Under these limited circumstances the Court should conduct an *in camera* review of the legal instructions provided to the grand jury to determine whether or not they include information that would support a motion to dismiss the indictment.  *See United States v. Hoey*, No. 11-cr-337, 2014 WL 2998523, at *3 (S.D.N.Y. July 2, 2014) (granting motion for *in camera* review of grand jury legal instructions where defendant "has come forward with more than mere speculation that the grand jury did not receive the proper instructions" on the causation element that would trigger a mandatory minimum sentence).  *See also Stevens*, 771 F. Supp. 2d at 566-68 (dismissing indictment where the government "seriously misstate[d] the applicable law" to the grand jury); *United States v. Bowling*, 108 F. Supp. 3d 343, 352-53 (E.D.N.C. 2015) (concluding that "the government's erroneous legal instruction to the grand jury concerning the Procurement Integrity Act played a significant and impermissible role in the grand jury's decision to indict defendants…").

**IV.     The Proposed Relief**[11]

Defendant Concord is seeking the narrowest of relief, simply that the Court conduct an *in camera* inspection of the legal instruction the Special Counsel provided to the grand jury with respect to Count One of the Indictment.  If the Court determines that the Special Counsel did not

---

[11] Nothing in this filing should be construed as an admission that Concord committed any of the alleged activities.

7

provide a complete and accurate *mens rea* instruction then the instruction should be disclosed to the Defendant because there may be grounds to dismiss Count One of the Indictment on that basis.

### V. The Special Counsel's Position on Defendant's Motion is Unknown

The Special Counsel has not responded to undersigned counsel's April 19, 2018 request for its position regarding Defendant's instant motion.

Dated:  May 14, 2018

Respectfully submitted,

CONCORD MANAGEMENT AND CONSULTING, LLC

By Counsel

/s/*Eric A. Dubelier*

Eric A. Dubelier
Katherine Seikaly
Reed Smith LLP
1301 K Street, N.W.
Suite 1000 – East Tower
Washington, D.C. 20005
202-414-9200 (phone)
202-414-9299 (fax)
edubelier@reedsmith.com
kseikaly@reedsmith.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of May 2018, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) all counsel of record registered with the CM/ECF system.

/s/  *Katherine J. Seikaly*
Katherine J. Seikaly
Reed Smith LLP
1301 K Street, N.W.
Suite 1000 – East Tower
Washington, D.C. 20005
202-414-9200 (phone)
202-414-9299 (fax)
kseikaly@reedsmith.com

*Counsel for Concord Management and Consulting LLC*