## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | |
| **INTERNET RESEARCH AGENCY, LLC, et al.** | **Crim. No. 18-32 (DLF)** |
| **Defendants.** | |

### JOINT MOTION FOR CONTINUANCE PURSUANT TO 18 U.S.C. § 3161(h)(7)(A)

The United States of America, by and through Special Counsel Robert S. Mueller, III, and defendant Concord Management and Consulting LLC ("Concord Management"), respectfully move for a continuance for the purpose of excluding time under the Speedy Trial Act  pursuant to the criteria set forth in the 18 U.S.C. § 3161(h)(7)(B).  The parties propose, in the first instance, a ninety-day ends-of-justice continuance in order for the parties and the Court to begin to address the issues outlined below.  18 U.S.C. § 3161(h)(7)(A).

### BACKGROUND

On February 16, 2018, a federal grand jury returned an eight-count indictment against thirteen individual and three corporate defendants alleging that they engaged in a multi-year conspiracy, operating out of Russia, to defraud the United States by impairing, obstructing, and defeating the lawful functions of the government, through fraud and deceit, for the purpose of interfering with the U.S. political and electoral processes, including the presidential election of 2016.  (D.E. 1, ¶¶ 1-7).

On April 11, 2018, defendant Concord Management appeared in this case through counsel.  (D.E. 2, 3).

**ARGUMENT**

The Speedy Trial Act ("STA") requires a defendant's trial to begin within 70 days of his indictment or appearance before a judicial officer, whichever occurs later. *See* 18 U.S.C. § 3161(c)(1). In addition to certain periods of delay that are automatically excluded from the 70-day period, *see id.* § 3161(h), "[a] district court can, on its own motion or at the request of a party, grant an excludable continuance if 'the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *United States v. Rice*, 746 F.3d 1074, 1078 (D.C. Cir. 2014) (quoting 18 U.S.C. § 3161(h)(7)(A)).

An ends-of-justice continuance has both procedural and substantive components. Procedurally, the STA requires the court to "set[] forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A); *see Zedner v. United States*, 547 U.S. 489, 506-07 (2006). The court's "substantive judgment," in turn, is informed by "several factors" set forth in the STA, "including the complexity of the case." *Rice*, 746 F.3d at 1078; *see* 18 U.S.C. § 3161(h)(7)(B)(ii). In considering whether the complexity of the case justifies excluding time, courts consider whether, in light of the "the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law," it is "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the STA. *Id.*

With respect to this case, the "nature of the prosecution" warrants a continuance because the case is both unusual and complex due to the number of charged defendants, volume of discovery and existence of novel questions of fact and law. *Id.* The possibility of "novel questions of fact or law" also warrants a continuance and exclusion of time. 18 U.S.C. § 3161(h)(7)(B)(ii). At a status hearing held on May 16, 2016, counsel for Concord Management notified the Court

that it would be filing multiple potentially dispositive motions challenging the indictment and other proceedings.  This Court noted that the volume of proposed motions may require a separate and staggered briefing schedule.

This case also warrants a continuance and exclusion of time to accommodate the voluminous discovery at issue and to allow sufficient time for the Court to resolve certain outstanding procedural issues unique to discovery in this case.  The government estimates that the relevant discovery in this case involves between 1.5 and 2 terabytes of data.  The government has obtained evidence from several hundred different facilities, and data exists in multiple different formats, including forensic images that must be viewed using specialized tools.  Moreover, a significant portion of this documentary evidence is in Russian.

For the above-stated reasons, and as other courts in this circuit have regularly done in cases involving cross-border events and voluminous discovery, this Court should grant a continuance and exclude time in the interests of justice.  *See, e.g., Rice*, 746 F.3d at 1078-79 (upholding tolling based on determination that international drug-trafficking prosecution "was sufficiently complex"); *United States v. Lopesierra-Gutierrez*, 708 F.3d 193, 204 (D.C. Cir. 2013) (same, in case involving foreign defendants and witnesses); *United States v. Salahmand*, No. 08-cr-192 (CKK), 2008 WL 11356766, at *1-*3 (D.D.C. 2008) (need for counsel and defendant to review "voluminous discovery"); *United States v. Cooper*, 947 F. Supp. 2d 108, 118 (D.D.C. 2013) (granting additional ends-of-justice tolling in "complex case" involving "voluminous discovery materials" and "foreign depositions"); *United States v. Parga-Rivas*, 689 F. Supp. 2d 25, 27 (D.D.C. 2009) (finding "no trouble concluding that the complexity of the case tolls speedy trial provisions" where, among other things, witnesses and evidence must be brought to the United States for trial).

WHEREFORE, the United States and Concord Management respectfully request that the Court grant a continuance pursuant to 18 U.S.C. § 3161(h)(7)(A) and exclude the time period May 22, 2018 to August 28, 2018, from the Speedy Trial Act calculation.

<div style="margin-left:40%">

Respectfully submitted,

ROBERT S. MUELLER, III
Special Counsel

</div>

Dated:  May 22, 2018          By:     /s/  L. Rush Atkinson
                                     Jeannie S. Rhee
                                     L. Rush Atkinson
                                     Ryan K. Dickey
                                     U.S. Department of Justice
                                     Special Counsel's Office
                                     950 Pennsylvania Avenue NW
                                     Washington, DC 20530
                                     Telephone (202) 616-0800

                                     *Attorneys for the United States of America*


                                     CONCORD MANAGEMENT AND
                                     CONSULTING LLC
                                     By Counsel

                              By:     /s/  Eric A. Dubelier
                                     Eric A. Dubelier (No. 419412)
                                     Katherine J. Seikaly (No. 498641)
                                     Reed Smith LLP
                                     1301 K Street, N.W.
                                     Suite 1000 – East Tower
                                     Washington, D.C. 20005
                                     202-414-9291 (phone)
                                     202-414-9299 (fax)
                                     kseikaly@reedsmith.com
                                     edubelier@reedsmith.com