**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NUMBER: |
| Plaintiff, | 1:18-cr-00032-DLF |
| v. | |
| INTERNET RESEARCH AGENCY LLC, *et al*., | |
| Defendants. | |

**DEFENDANT CONCORD MANAGEMENT AND CONSULTING LLC'S REPLY IN SUPPORT OF ITS MOTION *IN CAMERA* INSPECTION OF LEGAL INSTRUCTIONS PROVIDED TO THE GRAND JURY REGARDING COUNT ONE OF THE INDICTMENT**

Defendant Concord Management and Consulting LLC (hereinafter "Defendant" or "Concord"), by counsel, respectfully replies to the Special Counsel's Response to Defendant's Motion for *In Camera* Review of Grand Jury Materials as follows:

**I.       Introduction**

In this case brought by an unlawfully appointed Special Counsel against a foreign corporation with no presence in the United States for a make-believe charge that has never been filed against any defendant in any reported case ("interfering" in an election by allegedly funding communications protected by the First Amendment), the Special Counsel admits that (1) he did not follow Department of Justice guidelines in indicting this case as a "knowing" as opposed to a "willful" violation, and (2) he relied solely on a *Klein* conspiracy theory of liability, emanating from an out of circuit case which has only once been mentioned by the D.C. Circuit Court, over 40 years ago, and the viability of which has been called into question by its originating court.

There is no case law that prohibits the Court from examining the legal instructions provided to the grand jury as to Count One.  In this one-off, never-before-charged case, there

would be no harm if the Court were to conduct such an examination.  But the Special Counsel wants to keep the instructions a secret because he apparently wants to both make up the alleged offense, and at the same time, make up the mental state required to violate that make-believe alleged offense.

The Special Counsel's concession that he did not follow Department of Justice Guidelines in instructing the grand jury as to willfulness, (*see* Resp. at p. 6, stating "the *mens rea* is apparent from the face of the Indictment"), alone creates both a compelling necessity and a particularized need for the Court to review the precise legal instruction provided to the grand jury to determine if it should be disclosed to Defendant Concord to support a motion to dismiss the Indictment.  Defendant Concord's request is narrowly tailored to seek only materials relevant to a motion to dismiss the Indictment.

## II.     The Special Counsel Admittedly Failed to Follow DOJ Guidance[1]

We now know for certain that the Special Counsel failed to follow Department of Justice guidelines and failed to heed the warnings of a three-judge panel of this Court in his attempt to evade the burden of proving that these foreign defendants had knowledge of the law and regulations they are accused of violating.  *See* Resp. at p. 12 (Count One "would not require the government to charge or prove willfulness").

The Special Counsel ignores without any comment or rebuttal, and as such concedes, that the Department of Justice's *Federal Prosecution of Election Offenses*, 162-163 (December 2017)[2] requires an even higher burden than "knowingly and willfully" to indict a § 371

---

[1] It would be premature for the Court to reach the ultimate issue of the required *mens rea* because that issue has not been fully briefed, and will be later raised in a motion to dismiss the Indictment.  Before the Court is a narrow request; that the Court read the legal instruction provided to the grand jury as to Count One of the Indictment and determine whether that instruction alone should be disclosed to Defendant Concord.

[2] https://www.justice.gov/criminal/file/1029066/download.

conspiracy for election law violations; and *Bluman v. Federal Election Commission*, 800 F. Supp. 2d 281, 292 (D.D.C. 2011,) cautioned the government that seeking criminal penalties against foreign nationals for campaign expenditure violations requires proof of the defendants' knowledge of the law. *See* Mot. at p. 5. But the face of the Indictment makes it clear that the Special Counsel, acting independent of the Department of Justice, was either ignorant of, or even worse determined that he did not have to follow, the law.[3] *See also, United States v. Morosco*, 822 F.3d 1, 20 (1st Cir. 2016) (characterizing the government's argument that willfulness was not required for a § 371 conspiracy to defraud charge as "interesting as the government's thought may be . . ." and affirming the conviction because the jury was given a willfulness instruction); *United States v. Caldwell*, 989 F.2d 1056 (9th Cir. 1993) (reversing a § 371 conspiracy to defraud conviction because the court failed to instruct the jury that it must find the defendant acted "deceitfully and dishonestly").

### III.   The Special Counsel's Concession That the Grand Jury Was Not Provided a Willfulness Instruction Does Not End This Issue

An indictment preserves the Fifth Amendment's protections against abusive criminal charging practices, and "guarantees that a criminal defendant can only be prosecuted for offenses that a grand jury has actually passed up on . . . ." *United States v. Hillie*, 227 F.Supp.3d 57, 70 (D.D.C. 2017) (citing *Stirone v. United States*, 361 U.S. 212, 218 (1960)). An indictment must contain every element of the offense charged, *see id.*; and both acts and intent must be set forth to comport with the Constitution. *See id.* at 71-72.

The Special Counsel essentially states that it is apparent from the face of the Indictment that that no willfulness instruction was provided. *See* Resp. at p. 6. This gives rise to much more than a mere suspicion that the grand jury was not properly charged. *See United States v.*

---

[3] At a minimum, the Special Counsel concedes this is an unsettled area of the law. *See* Resp. at p. 11, fn. 4.

*Trie*, 23 F. Supp. 2d 55, 61 (D.D.C. 1998). The Special Counsel's admission begs the question of what precisely was said to the grand jury that caused it to believe that a foreign corporation with no presence in the United States could be indicted for allegedly conspiring to thwart the government's enforcement of highly complex regulatory provisions that are unknown to most Americans.

There is no statute or case law prohibiting the Court from reviewing the legal instructions provided to the grand jury and disclosing those instructions to Defendant Concord to support a motion to dismiss the Indictment. *See United States v. Rodriquez-Torres*, 570 F. Supp. 2d 237, 241 (D.P.R. 2008) (citing *Douglas Oil Co. of Cal. V. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979)); *United States v. McMahon*, 938 F.2d 1501, 1504 (1st Cir. 1991). In *United States v. Tam Ho*, Cr. No. 08-00377 (JMS), 2009 WL 2591345 (D. Haw. Aug. 20, 2009), the court ordered the government to produce the legal instructions to the grand jury for *in camera* inspection. In fact, the Department of Justice has provided grand jury legal instructions to the Court in the exact same situation. *See United States v. Monzon-Luna*, No. 11-CR-722(S-4)(RRM), 2014 WL 223100, at *2 (E.D.N.Y. Jan. 21, 2014).

Further, the Special Counsel concedes he is pursuing a theory of liability here that is totally dependent on *United States v. Klein*, 247 F.2d 908 (2nd Cir. 1957). *See* Resp. at p. 11. But *Klein* is a 60+ year old tax prosecution that has been cited only once by the D.C. Circuit (over 40 years ago, without any discussion, and for a different proposition), *see United States v. McDaniel,* 538 F.2d 408, 414 (D.C. Cir. 1976); and has been called into question by its own Court in *United States v. Coplan*, 703 F.3d 46, 61-62 (2d Cir. 2012) and has never been tested by the Supreme Court. Moreover, *Klein* predated critical Supreme Court decisions increasing the burden of proof on the government when it brings criminal cases involving complex regulatory

regimes.  *See Ratzlaf v. United States*, 510 U.S. 135 (1994); *Cheek v. United States*, 498 U.S. 192 (1991), and *Bryan v. United States*, 524 U.S. 184 (1998).

The cases cited by the Special Counsel are distinguishable as to the remedy sought and the relevant circumstances.   In *United States v. Apodaca*, 287 F. Supp. 3d 21 (D.D.C. 2017), the defendant was seeking both the evidence and instructions provided to the grand jury on a firearms charge based simply on a missing word in an extradition request.  In *United States v. Wright*, 234 F. Supp. 3d 45 (D.D.C. 2017), a *pro se* defendant sought irrelevant administrative information regarding the grand jury that indicted his bank robbery case.  In *Trie*, 23 F. Supp. 2d at 62, the district court had already determined that the indictment was facially valid before denying the request for disclosure of the jury instructions.

## IV.    The Special Counsel's Unusual Summary of the Indictment[4]

One defendant is before the Court, Concord.  Instead of recognizing this fact, the Special Counsel repeatedly refers to the "defendants" without making any distinction among them as to who did what.  *See* Resp. at pp. 2-4.  To further jargogle the Court, the Special Counsel asserts for the first time that co-defendant Prigozhin, who is not before the Court, was "[s]itting atop the organizational structure" that allegedly committed the make-believe offense.  *Id*. at p. 4.  There is no such allegation in the Indictment.   Moreover, the Special Counsel continues to insist on referring to co-defendant "Concord Catering" as an "entity" subject to indictment when he

---

[4] The Special Counsel now claims publicly that he is authorized to investigate all things Russian on the feeble notion that the title of his appointment order contains the following language, "to investigate Russian interference with the 2016 Presidential election and related matters."  *See* Resp. at p. 1, fn. 1.  This statement is stunning for two reasons, (1) there was no arguable legal basis for the Deputy Attorney General to remove the Department of Justice from an investigation of alleged Russian interference in the 2016 election absent alleged links or coordination between the Russian government and members of the Trump Administration, and (2) the text of the appointment order is much narrower than its title, and the Indictment contains no allegations against the Russian government.  *See* Ex. A, Office of the Deputy Att'y Gen., Order No. 3915-2017, *Appointment of Special Counsel to Investigate Russian Interference with the 2016 Presidential Election and Related Matters*, May 17, 2017.

knows that this alleged entity had no legal existence at the time of the alleged offense and as such he has indicted the legal equivalent of the Jolly Green Giant.[5]

## V.    Conclusion

If the Court reviews the legal instruction provided to the grand jury as to Count One of the Indictment and determines that it is even arguably inconsistent with the requirements of the law, that instruction should be provided to Defendant Concord for use in its motion to dismiss the Indictment because it will provide this voluntarily appearing foreign defendant with the constitutionally required tools to defend itself in this American court.   As such, Defendant Concord respectfully requests that its motion be granted.

Dated:   June 8, 2018

Respectfully submitted,

CONCORD MANAGEMENT AND CONSULTING, LLC

By Counsel

/s/*Eric A. Dubelier*

Eric A. Dubelier
Katherine Seikaly
Reed Smith LLP
1301 K Street, N.W.
Suite 1000 – East Tower
Washington, D.C. 20005
202-414-9200 (phone)
202-414-9299 (fax)
edubelier@reedsmith.com
kseikaly@reedsmith.com

---

[5] The Jolly Green Giant is the mascot of Green Giant, a brand owned by B&G Foods of North America.  *See* Press Release, B&G Foods, Inc., B&G Foods Completes Acquisition of Iconic Green Giant Brand, https://www.bgfoods.com/investor-relations/news/article/2105426 (Nov. 2, 2015).  The Jolly Green Giant cannot be indicted because he is imaginary.

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of June 2018, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) all counsel of record registered with the CM/ECF system.

/s/   *Katherine J. Seikaly*

Katherine J. Seikaly
Reed Smith LLP
1301 K Street, N.W.
Suite 1000 – East Tower
Washington, D.C. 20005
202-414-9200 (phone)
202-414-9299 (fax)
kseikaly@reedsmith.com

*Counsel for Concord Management and Consulting LLC*