**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CRIMINAL NUMBER: |
| v. | 1:18-cr-00032-DLF |
| INTERNET RESEARCH AGENCY LLC, *et al.*, | |
| Defendants. | |

**PROTECTIVE ORDER**

The Court finds good cause to institute a protective order to regulate discovery in this case, as provided in Fed. R. Crim. P. 16(d) and **HEREBY ORDERS**:

1. All of the materials and information provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this Order and may be used by defense counsel (herein defined as counsel of record and any attorney, paralegal, investigator, translator, litigation support personnel, and secretarial staff employed or engaged by Reed Smith LLP who is assisting in the preparation of the defense) solely in connection with the defense of this criminal case, and for no other purpose, and in connection with no other proceeding, without further order of this Court. The materials include all information provided by the United States in connection with discovery, regardless of form, and includes information provided physically, electronically, or orally.

2. The United States shall remove from the materials all personally identifying information ("PII") that is not relevant to the defense.

3. Defense counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than an authorized person as defined in this paragraph and

under the circumstances described in this Order. Authorized persons shall be limited to: (a) persons employed or engaged by defense counsel to assist in the defense of the criminal case as set forth in paragraph 1 above; (b) persons who are interviewed as potential witnesses; (c) counsel for potential witnesses; (d) individual officers and employees of Defendant Concord Management and Consulting LLC ("Concord Management") who are assisting in the defense of this case; and (e) other persons to whom the Court may authorize disclosure.

4. Defense counsel and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defense counsel and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

5. Defense counsel and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

6. Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

7. A copy of this Order shall be kept with printed copies of the materials at all times. An electronic copy of this Order shall be available for review on any database housing the materials.

8. Upon conclusion of all stages of this case, the materials and all copies made thereof shall be disposed of in one of two ways, unless otherwise ordered by the Court. The materials may be (1) destroyed or (2) returned to the government. The Court may require a certification as to the disposition of any such materials.

9. To the extent any material is produced by the government to defense counsel by mistake, the government shall have the right to the return of such material and shall request any such return in writing. Within five days of the receipt of a request to return such materials, defense counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored. Defense counsel shall have the right to file an objection with the Court to the return of any such material if such material is discoverable in this case.

10. The restrictions set forth in this section of the Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except as provided below.

11. Should the parties desire to offer into evidence or submit to the Court pre-trial any documents and information covered by this Protective Order, any such documents or information shall be filed under seal with the Clerk of the Court. The government must then demonstrate to the Court a particularized basis for preventing disclosure. If such a showing is not made, the documents or information shall be unsealed.

12. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

_____  _____
Date                                                HON. DABNEY L. FRIEDRICH
                                                         UNITED STATES DISTRICT JUDGE