# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CONCORD MANAGEMENT AND CONSULTING LLC,<br><br>    *Defendant.* | Criminal Action No. 18-0032-2 (DLF) |

## ORDER

Before the Court is Concord Management's Motion for In Camera Inspection of Legal Instructions Provided to the Grand Jury. Dkt. 11. For the reasons stated during the hearing held on June 15, 2018, the Court denies the motion without prejudice.

Rule 6 of the Federal Rules of Criminal Procedure provides that a district court "may" authorize disclosure of a grand jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E). To avail itself of this narrow exception to the general secrecy rule that applies to grand jury proceedings, Concord must demonstrate a "particularized need" for disclosure of grand jury matters. *United States v. Proctor & Gamble*, 356 U.S. 677, 682 (1958). Concord has not met its burden here.

Concord argues that the absence of the word "willfully" in the conspiracy-to-defraud offense charged in count one of the indictment establishes that it has a "particularized need" to obtain an in camera inspection of the legal instructions provided to the grand jury. Concord also plans to move to dismiss the indictment on

the basis that willfulness is an essential element of the offense. The government insists that it need not prove willfulness, and the Court will address this legal question when it resolves Concord's motion to dismiss. If the Court ultimately rules for the government on this issue, the current motion would have no basis. If the Court rules for Concord, then Concord may renew its motion for an in camera inspection of the grand jury instructions. This legal question should be decided before the Court considers reviewing secret grand jury proceedings.

Accordingly, it is

**ORDERED** that the defendant's motion for in camera inspection is **DENIED** without prejudice.

Additionally, at the hearing held on June 15, 2018, the Court ordered the parties to propose an interim protective order by the close of business that would allow the Reed Smith legal team to receive discovery materials immediately. The Court also ordered the parties to propose an indefinite protective order within ten days.

Accordingly, it is

**ORDERED** that the parties shall submit a proposed interim protective order on June 15, 2018. It is further

**ORDERED** that the parties shall submit a proposed indefinite protective order on or before June 25, 2018. If the parties are unable to agree to each provision of the indefinite protective order, they shall clearly delineate the areas of agreement and the areas of disagreement. If there are areas of disagreement, each party may file a brief of no more than ten pages supporting its position on or before June 25, 2018. Finally, it is further

**ORDERED** that the parties shall appear in Courtroom 12 on September 28, 2018 at 10:00 a.m. for a pretrial-motion hearing.

_____
DABNEY L. FRIEDRICH
United States District Judge

Date: June 15, 2018