**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**INTERNET RESEARCH AGENCY, LLC, et al.**<br><br>**Defendants.** | **Crim. No. 18-32 (DLF)** |

## JOINT MOTION FOR INTERIM PROTECTIVE ORDER

The United States of America, by and through Special Counsel Robert S. Mueller, III, and defendant Concord Management and Consulting LLC ("Concord Management"), respectfully move for an interim protective order pursuant to Fed. R. Crim. P. 16(d), and 18 U.S.C. § 3771(a). A copy of a proposed interim protective order is attached.

                    Respectfully submitted,

                    ROBERT S. MUELLER, III
                    Special Counsel

Dated: June 15, 2018      By:   /s/ L. Rush Atkinson
                    Jeannie S. Rhee
                    L. Rush Atkinson
                    Ryan K. Dickey
                    U.S. Department of Justice
                    Special Counsel's Office
                    950 Pennsylvania Avenue NW
                    Washington, DC 20530

                    *Attorneys for the United States of America*

                    CONCORD MANAGEMENT AND
                    CONSULTING LLC
                    By Counsel

              By:   /s/ Eric A. Dubelier

Eric A. Dubelier (No. 419412)
Katherine J. Seikaly (No. 498641)
Reed Smith LLP
1301 K Street, N.W.
Suite 1000 – East Tower
Washington, D.C. 20005
202-414-9291 (phone)
202-414-9299 (fax)
kseikaly@reedsmith.com
edubelier@reedsmith.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>**CONCORD MANAGEMENT AND CONSULTING, LLC**,<br><br>Defendant | **Crim. No. 18-cr-32-2 (DLF)** |

## INTERIM PROTECTIVE ORDER

This matter comes before the Court upon the United States of America, by and through Special Counsel Robert S. Mueller, III, and defendant Concord Management and Consulting, LLC ("Concord Management"), pursuant to Fed. R. Crim. P. 16(d), and 18 U.S.C. § 3771(a). The Order seeks to facilitate initial production of discovery to defense counsel while preventing unauthorized disclosure or dissemination of discovery provided by the government in this case, including information for which unrestricted dissemination could adversely affect national security and law enforcement interests, as well as the privacy of third parties.

The Court finds good cause to institute an initial protective order to regulate discovery in this case, as provided in Fed. R. Crim. P. 16(d), and **HEREBY ORDERS**:

1. All of the materials and information provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this Order and may be used by defense counsel (herein defined as counsel of record and any attorney or other staff employed by Reed Smith LLP who is assigned to assist in the preparation of the defense, or an e-discovery vendor engaged by defense counsel) solely in connection with the defense of this criminal case, and for no other purpose, and in connection with no other proceeding, without further order of this Court. The materials include all information provided

by the United States in connection with discovery, regardless of form, and includes information provided physically, electronically, or orally.

2. Pursuant to this interim order, the government shall initially produce the materials to defense counsel. In the first instance, and unless and until further order from this Court, defense counsel shall not further disclose the materials or their contents directly or indirectly to anyone except defense counsel, as defined above.

3. Unless and until further order from this Court, defense counsel shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defense counsel. Such copies and reproductions shall be treated in the same manner as the original materials.

4. Unless and until further order from this Court, defense counsel shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, and all such notes or records are to be treated in the same manner as the original materials.

5. A copy of this Order shall be kept with printed copies of the materials at all times. An electronic copy of this Order shall be available for review on any database housing the materials.

6. Upon conclusion of all stages of this case, the materials and all copies made thereof shall be disposed of in one of two ways, unless otherwise ordered by the Court. The materials may be (1) destroyed or (2) returned to the government. The Court may require a certification as to the disposition of any such materials.

7. To the extent any material is produced by the government to defense counsel by mistake, the government shall have the right to the return of such material and shall request any such return in writing. Within five days of the receipt of a request to return such materials, defense

counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored. Defense counsel shall have the right to file an objection with the Court to the return of any such material if such material is discoverable in this case.

8.  The restrictions set forth in this section of the Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses specially identified sensitive information as described below, shall be filed under seal and, if necessary, with other handling caveats, to the extent necessary to protect such information, absent prior permission from this Court.

### Sensitive Materials

9.  Certain materials to be disclosed by the government contain particularly sensitive information, including personal identifying information belonging to one or more individuals, national security and law enforcement sensitive information, and other information requiring special protection. The government will designate and label these discovery materials as "Sensitive" (hereinafter "Sensitive materials"). The Sensitive materials will include:

    a. Witness statements provided pursuant to 18 U.S.C. § 3500;

    b. Information that could lead to the identification of potential witnesses, including civilian, foreign and domestic law enforcement witnesses and cooperating witnesses;

    c. Information related to ongoing investigations, including information that could identify the targets of such investigations; and

d. Information related to sensitive law enforcement or intelligence collection techniques.

10. In the first instance, and unless and until further order from this Court, disclosure of Sensitive materials shall be limited to defense counsel, as defined above.

11. Unless and until further order from the Court, all sensitive materials shall be maintained at the U.S. offices of Reed Smith LLP. Defense counsel shall only inspect or review Sensitive materials at the U.S. offices of Reed Smith LLP, without prior permission from of this Court.

12. Defense counsel shall not copy or reproduce Sensitive materials except in order to provide copies of the materials for use by defense counsel in connection with this criminal case. Copies and reproductions shall be treated in the same manner as the original Sensitive materials, as described herein.

13. Defense counsel shall not disclose any notes or records of any kind that they make in relation to the contents of Sensitive materials. All such notes or records are to be treated in the same manner as the original materials.

14. The government shall provide Sensitive materials to defense counsel in a password-protected, electronic format. Sensitive materials shall not be copied or reproduced without prior permission from this Court, except that defense counsel may make copies for use exclusively by defense counsel in connection with this criminal case. Sensitive materials shall be maintained in a locked room at Reed Smith's offices within the United States, when they are not in the actual possession of defense counsel. Sensitive materials shall not be viewed or stored on any device that is connected to or accessible from the Internet.

15. Sensitive materials may under no circumstances be transported or transmitted

outside the United States.

16. Absent prior permission from the Court, Sensitive materials and the content of Sensitive materials shall not be included in any public filing with the Court, and instead shall be submitted under seal.

### Substitute Protective Order

17. Prior to June 25, 2018, the parties shall confer regarding a substitute protective order to regulate discovery during this proceeding.

18. Should the parties fail to agree on a substitute protective order, by June 25, 2018, each party shall submit a proposed protective order and a brief (no longer than 10 pages) outlining the party's position regarding a substitute protective order.  In these filings, the parties must specifically identify (a) the conditions agreed upon the parties and (b) the conditions upon which the parties have disagreement.  In its submission, the United States shall propose attorneys to serve as firewall counsel in this matter, who shall be separate from the Special Counsel's Office.

_____                    _____
Date                                HON. DABNEY L. FRIEDRICH
                                    UNITED STATES DISTRICT JUDGE