UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**CONCORD MANAGEMENT AND CONSULTING, LLC**,<br><br>**Defendant** | **Crim. No. 18-cr-32-2 (DLF)** |

## PROTECTIVE ORDER

This matter comes before the Court upon the Motion of the United States seeking a Protective Order ("Order") pursuant to Fed. R. Crim. P. 16(d), and 18 U.S.C. § 3771(a). The Order seeks to prevent the unauthorized disclosure or dissemination of discovery provided by the government in this case, including information for which unrestricted dissemination could adversely affect national security and law enforcement interests, as well as the privacy of third parties.

The Court finds good cause to institute a protective order to regulate discovery in this case, as provided in Fed. R. Crim. P. 16(d) and **HEREBY ORDERS**:

1. All of the materials and information provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this Order and may be used by defense counsel (herein defined as counsel of record and any attorney or other staff employed by Reed Smith LLP who is assisting in the preparation of the defense, an e-discovery vendor engaged by Reed Smith LLP, other counsel previously identified and agreed to by the United States, and any other counsel subsequently approved of by this Court) solely in connection with the defense of this criminal case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.  The materials

include all information provided by the United States in connection with discovery, regardless of form, and includes information provided physically, electronically, or orally, but does not include documents or information available in the public domain.

2. Defense counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than an authorized person as defined in this paragraph and under the circumstances described in this Order. Authorized persons shall be limited to: (a) persons retained by defense counsel to assist in the defense of the criminal case; (b) persons who are interviewed as potential witnesses; (c) counsel for potential witnesses; (d) individual officers and employees of Defendant Concord Management and Consulting LLC ("Concord Management") designated by defense counsel; and (e) other persons to whom the Court may authorize disclosure.

3. Defense counsel and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defense counsel and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

4. Defense counsel and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

5. Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

6. A copy of this Order shall be kept with printed copies of the materials at all times. An electronic copy of this Order shall be available for review on any database housing the

materials.

7. Upon conclusion of all stages of this case, the materials and all copies made thereof shall be disposed of in one of two ways, unless otherwise ordered by the Court. The materials may be (1) destroyed or (2) returned to the government. The Court may require a certification as to the disposition of any such materials.

8. To the extent any material is produced by the government to defense counsel by mistake, the government shall have the right to the return of such material and shall request any such return in writing. Within five days of the receipt of a request to return such materials, defense counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored. Defense counsel shall have the right to file an objection with the Court to the return of any such material if such material is discoverable in this case.

9. The restrictions set forth in this section of the Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses specially identified sensitive information as described below, shall be filed under seal and, if necessary, with other handling caveats, to the extent necessary to protect such information, absent prior permission from this Court.

## Sensitive Materials

10. Certain materials to be disclosed by the government contain particularly sensitive information, including personal identifying information belonging to one or more individuals,

national security and law enforcement sensitive information, and other information requiring special protection. The government will designate and label these discovery materials as "Sensitive" (hereinafter "Sensitive materials"). The Sensitive materials will include:

a. Witness statements provided pursuant to 18 U.S.C. § 3500;

b. Information that could lead to the identification of potential witnesses, including civilian, foreign and domestic law enforcement witnesses and cooperating witnesses;

c. Information related to ongoing investigations, including information that could identify the targets of such investigations; and

d. Information related to sensitive law enforcement or intelligence collection techniques.

11. In the first instance, disclosure of Sensitive materials shall be limited to defense counsel, as defined above, as long as defense counsel is a national of the United States, and individual officers and employees of Concord Management designated by defense counsel. If defense counsel believes it necessary to disclose Sensitive materials to additional parties—including but not limited to (a) persons retained by defense counsel to assist in the defense of the criminal case; (b) persons who are interviewed as potential witnesses; (c) counsel for potential witnesses; and (d) individual officers and employees of Defendant Concord Management designated by defense counsel—defense counsel may *ex parte* request approval from the Court to make such a disclosure. Notwithstanding the preceding sentence, no co-defendant charged in this criminal case, whether individual or organizational, shall be deemed an authorized person for purposes of reviewing Sensitive materials until the co-defendant appears before this

Court.  Defense counsel shall not disclose or discuss Sensitive material or their contents to any co-defendant charged in this criminal case, whether individual or organizational, until the co-defendant appears before this Court unless otherwise directed by this Court.

12. Sensitive materials may not be disseminated or shown to any individuals, organizations or other entities, other than defense counsel and persons approved by the Court, as defined above, subject to the conditions set forth in this Order.  No person described in this paragraph shall have access to the Sensitive materials until he or she has (a) been provided with a copy of this Order; and (b) certified that he or she has read, understands, and agrees to the terms of this Order and has manifested his or her assent to be bound thereby, and to be subject to the jurisdiction of the Court, by signing a copy of the attached Memorandum of Understanding of the Protective Order.  Copies of any signed Memorandum of Understanding shall be maintained by defense counsel and be made available to Court for review if requested.

13. At all times during these proceedings, the Court shall designate a Firewall Counsel for purposes of discovery.  Firewall Counsel shall be separate from the Special Counsel's Office. For any foreign national to whom defense counsel wishes to make a disclosure of Sensitive materials, defense counsel shall provide Firewall Counsel for the government with the name of any such individual contemporaneous to its *ex parte* request for Court approval, and Firewall Counsel shall be provided the opportunity to respond to the Court *ex parte* prior to approval.  Firewall Counsel may receive information from the Special Counsel's Office but in no instance will Firewall Counsel provide information to the Special Counsel's Office.

14. Sensitive materials may under no circumstances be disclosed, transported, or transmitted outside the United States unless so ordered by the Court.

15. Neither defense counsel nor any person authorized by this Court is permitted at any time to inspect, review, or discuss Sensitive materials outside of the U.S. offices of Reed Smith LLP, without prior permission from of this Court.  ==Defense counsel or a designated and identified employee of Reed Smith LLP must accompany any person at all times while he or she is reviewing Sensitive materials at U.S. offices of Reed Smith LLP, unless otherwise authorized by this Court.==

16. Defense counsel shall not copy or reproduce Sensitive materials except in order to provide copies of the materials for use by defense counsel in connection with this criminal case. Copies and reproductions shall be treated in the same manner as the original Sensitive materials, as described herein. Authorized persons may not copy or reproduce Sensitive materials and may not retain any copies of Sensitive materials.

17. Defense counsel shall not disclose any notes or records of any kind that they make in relation to the contents of Sensitive materials, other than to authorized persons and only in the manner described herein. All such notes or records are to be treated in the same manner as the original materials.

18. The government shall provide Sensitive materials to defense counsel in a password-protected, electronic format. Sensitive materials shall not be copied or reproduced without prior permission from this Court, except that defense counsel may make copies for use exclusively by defense counsel in connection with this criminal case. Sensitive materials shall be maintained in a locked room at Reed Smith's offices within the United States, when they are not in the actual possession of defense counsel or an authorized person. Sensitive materials shall not be viewed or stored on any device that is connected to or accessible from the Internet.

19. Absent prior permission from the Court, Sensitive materials and the content of

Sensitive materials shall not be included in any public filing with the Court, and instead shall be submitted under seal.

20. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

_____                                  _____
Date                                                                    HON. DABNEY L. FRIEDRICH
                                                                                  UNITED STATES DISTRICT JUDGE

## MEMORANDUM OF UNDERSTANDING

1. I, _____, understand that I may be the recipient of documents or shown documents that contain information that the government has designated to be Sensitive.

2. I agree that I shall never divulge, publish, or reveal, either by word, conduct, or other means, such Sensitive information and documents unless specifically authorized in writing to do so by an authorized representative of the United States government, or as otherwise ordered by the Court.

3. I understand this agreement will remain binding upon me after the conclusion of the proceedings in *United States v. Concord Management and Consulting, LLC* (case no. 1:18-cr-0032-2) and any subsequent related proceedings.

4. I have received, read, and understood the Protective Order entered by the United States District Court for the District of Columbia in the above case, and I agree to comply with the provisions thereof.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: _____

Place: _____

_____
Authorized Person

The above-named individual has received a copy of the Protective Order in the case *United States v. Concord Management and Consulting, LLC* (case no. 1:18-cr-32-2).

_____
Counsel for Defendant