IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>INTERNET RESEARCH AGENCY LLC, *et al*.,<br><br>    Defendants. | CRIMINAL NUMBER:<br><br>1:18-cr-00032-DLF |

**DEFENDANT CONCORD MANAGEMENT AND CONSULTING LLC'S
SUPPLEMENTAL BRIEFING REGARDING PROTECTIVE ORDER**

Defendant Concord Management and Consulting LLC ("Defendant" or "Concord"), by and through undersigned counsel, respectfully submits this supplemental brief in support of its proposed protective order, submitted to the Court on June 25, 2018.

Consistent with the Court's instructions during the June 15, 2018 status conference and motion hearing, the parties were able to come to an agreement on the majority of terms of a proposed protective order. However, the Special Counsel insists on four additional terms that serve to impose unreasonable burdens on the ability of the Concord to prepare for trial.

**Special Counsel's Proposed Prohibition of Sharing Sensitive Discovery with Any Co-Defendant**

The Special Counsel asks the Court to prohibit defense counsel from disclosing or discussing with any co-defendant charged in this criminal case, whether an individual or organization, the information the Special Counsel has unilaterally designated as "Sensitive." Proposed Protective Order ¶ 11 (ECF 37-1). This includes the individual co-defendant Mr. Prigozhin, who is Concord's General Manager, and the only person affiliated with Concord

1

named in the Indictment.[1]  According to the Special Counsel's request, defense counsel should never be permitted to discuss or disclose any "Sensitive" information with him, and defense counsel cannot even request permission from the Court to do so.

There are fundamental problems with this approach.  First: this blanket prohibition would prohibit undersigned counsel from discussing or sharing evidence the Special Counsel intends to use at trial with the only person who has ultimate decision making authority at Concord.  Second: this blanket prohibition would prohibit undersigned counsel from discussing the authenticity of documents with individuals accused of creating those documents.  As noted in its Concord's prior briefing on this issue, such a restriction in a case involving unclassified information would be unprecedented.  *See* Def. Concord's Opp. to Special Counsel's Mot. for Protective Order Under Fed. R. Crim. P. 16(d)(1) at 4-10 (ECF No. 27).  Further, it would make it impossible for defense counsel to prepare to rebut the authenticity, admissibility or relevance of any information.  Moreover, on preliminary review, the majority of the materials the Special Counsel has produced to date and have marked "Sensitive" contain no "Personally Identifiable Information ("PII"), no metadata indicating collection sources or methods, and, at one time, according to the Indictment, existed in the public domain.

**Special Counsel's Proposed Requirement on Defense Counsel to Seek Prior Court Authorization to Disclose Sensitive Information to Concord Officers and Employees**

The Special Counsel also seeks to require defense counsel to ask the Court's permission and involve Firewall Counsel each time it believes it is necessary to disclose Sensitive materials to any individual officer or employees of Concord other than Mr. Prigozhin.  Proposed Protective Order ¶ 11.  The fundamental problem with this restriction is that it is a demonstrable fact that

---

[1] It is important to note that undersigned counsel has advised the Special Counsel that initially it intends to discuss discovery materials only with the following non-U.S. nationals: Mr. Prigozhin, Concord's Chief Legal Officer, and Russian counsel engaged by Reed Smith LLP.

the Special Counsel has already grossly over designated discovery material as "Sensitive."[2] The initial production of Sensitive material contains over 10,000 pages. Preliminary review by undersigned counsel identified a miniscule number of documents that arguably contain any PII or any information relating to sources and methods of collection.[3]

To require defense counsel to seek on a document-by-document basis authority of the Court to discuss this information with Concord would be both overly burdensome and completely unworkable as a practical matter in terms of time and costs to both the Defendant and the Court. Under the Special Counsel's proposal his unilateral and unreasonable over-designation would place the burden on defense counsel to prove to the Court in each instance that the designation in unreasonable. Defense Counsel believes that the safeguards in the Protective Order that the parties have agreed on provide sufficient protection for the discovery materials, and individual officers and employees of Concord designated by defense counsel should be permitted to review "Sensitive" materials in the first instance, without Court approval.

**Special Counsel's Proposed Memorandum of Understanding**

The Special Counsel requests that in order for any person to be able to discuss to "Sensitive" materials with defense counsel, that person must sign a "Memorandum of Understanding," and that the Protective Order affirmatively state that signing the Memorandum of Understanding constitutes a certification that the person "be subject to the jurisdiction of the Court." Proposed Protective Order ¶ 12. Concord is a foreign national company employing only foreign national individuals. The Company has no presence in the United States. Requiring any non-U.S. person to subject herself or himself to the personal jurisdiction of the Court simply in

---

[2] Defense Counsel is prepared to demonstrate this fact at the Court's convenience pursuant to the terms of the Interim Protective Order

[3] Undersigned counsel raised this issue with the Special Counsel via email on Monday, June 25, 2018 and have not yet received a response.

order to review potential evidence would serve as a strong deterrent for any foreign national to assist Concord and would make it impossible to prepare a defense in this case.

**Special Counsel's Designated Employee Proposal**

The Special Counsel seeks to require either defense counsel or a "designated and identified employee of Reed Smith" to accompany any person at all times who is reviewing "Sensitive" materials. Proposed Protective Order ¶ 15. This request is on top of the other safeguards already in place and agreed to, and to require an employee of Reed Smith to sit with any such person at all times provides no additional safeguards and will waste time and money.

For the foregoing reasons, Defendant requests that the Court enter the protective order it proposed without the additional burdens sought by the United States.

Dated: June 26, 2018
                                      Respectfully submitted,

CONCORD MANAGEMENT AND CONSULTING LLC

By Counsel

/s/*Eric A. Dubelier*
Eric A. Dubelier
Katherine Seikaly
Reed Smith LLP
1301 K Street, N.W.
Suite 1000 – East Tower
Washington, D.C. 20005
202-414-9200 (phone)
202-414-9299 (fax)
edubelier@reedsmith.com
kseikaly@reedsmith.com

James C. Martin*
Colin E. Wrabley*
REED SMITH LLP
225 Fifth Avenue
Pittsburgh, PA 15222-2716
412-288-3131 (phone)
412-288-3063 (fax)
jcmartin@reedsmith.com
cwrabley@reedsmith.com

*Motion for Admission Pro Hac Vice Pending
