# EXHIBIT A:

**Excerpts from Dep't of Justice,** *Federal Prosecution of Election Offenses* **(May 2007, 7th Ed.)**

**Defendant Concord Management and Consulting LLC's**
**Motion to Dismiss the Indictment**
*United States v. Internet Research Agency LLC, et al.,*
**Criminal Action No. 18-00032-DLF**

# Federal Prosecution of Election Offenses

# Seventh Edition

*May 2007*

*(Revised August 2007)*

Written by:

Craig C. Donsanto, Director
Election Crimes Branch
Public Integrity Section

and

Nancy L. Simmons
Senior Counsel for Policy
Public Integrity Section

- the defendant acted knowingly and willfully; that is, the defendant intended to cause the recipient of political contributions to record false statements concerning their source. However, the government does *not* have to prove that the defendant was aware of the statutory requirements and prohibitions of FECA, that he purposefully violated the Act, or that he was aware of the federal agency's interest in the matter falsified. Proof that the defendant "acted deliberately and with knowledge that the representation was false" is sufficient. *United States v. Hopkins*, 916 F.2d at 214.

### (b) Conspiracy to defraud the United States. 18 U.S.C. § 371

The "conspiracy to defraud" approach to FECA crimes is based on *Hammerschmidt v. United States*, 265 U.S. 182 (1924), which held that a conspiracy to defraud the United States under Section 371 includes a conspiracy "to interfere with or obstruct one of [the federal government's] lawful governmental functions by deceit, craft, or trickery, or at least by means that are dishonest." *Id.* at 188. *See also Dennis v. United States*, 384 U.S. 855, 861 (1966); *Haas v. Henkel*, 216 U.S. 462, 469 (1910).

This conspiracy theory, as applied to the functioning of the FEC, is as follows: the FEC, an agency of the United States, has the principal statutory duties of enforcing FECA's campaign financing prohibitions and disclosure requirements and providing the public with accurate information regarding the source and use of contributions to federal candidates and expenditures supporting federal candidates. 2 U.S.C. §§ 437c, 437d. To perform these duties

187

the FEC must receive accurate information from the candidates and political committees that are required to file reports under the Act. A scheme to infuse patently illegal funds into a federal campaign, such as by using conduits or other means calculated to conceal the illegal source of the contribution, thus disrupts and impedes the FEC in the performance of its statutory duties.

As previously stated, prosecution under FECA's criminal provision requires proof that the defendant was aware of the substantive FECA requirement he or she violated, and that he or she violated it notwithstanding this active awareness of wrongdoing. *National Right to Work Committee v. Federal Election Commission*, 716 F.2d 1401 (D.C. Cir. 1983); *AFL-CIO v. Federal Election Commission*, 628 F. 2d 97 (D.C. Cir. 1980). However, when the conduct is charged under Section 371, the proof must also show that the defendant intended to disrupt and impede the lawful functioning of the FEC. Indeed, the crux of a Section 371 FECA case is an intent on the part of the defendant to thwart the FEC. That is a higher factual burden than is required under 18 U.S.C. § 1001 in all but the Third Circuit, and is arguably a greater factual burden than is required by Section 437g(d).

The use of Section 371 in this manner has been approved by the Third and Fifth Circuits. *United States v. Curran*, 20 F.3d 560 (3d Cir. 1994); *United States v. Hopkins*, 916 F.2d 207 (5th Cir. 1990).

### 5. Public Financing Crimes Relating to Presidential Campaigns

The anti-fraud provisions of the Presidential Primary Matching Payment Account Act, 26 U.S.C. §§ 9031-9042, and the Presidential Election Campaign Fund Act, 26 U.S.C. §§ 9001-9012,