# Appendix A

August 6, 2018 Memorandum
Richard C. Pilger, Director, Election Crimes Branch,
Public Integrity Section, Department of Justice
Clarification for Federal Prosecution of Election Offenses
(8th Ed. 2017)

Government's Opposition
To Defendant Concord Management and Consulting LLC's
Motion to Dismiss the Indictment

*United States v. Internet Research Agency LLC, et al.*,
Criminal Action No. 18-00032-DLF



U.S. Department of Justice

Criminal Division

*Washington, D.C. 20530*

August 6, 2018

<u>MEMORANDUM</u>

TO:             All District Election Officers

FROM:       Richard C. Pilger
                    Director, Election Crimes Branch
                    Public Integrity Section

SUBJECT:  Clarification for *Federal Prosecution of Election Offenses* (8th Ed. 2017)

     Please note the following clarification in the monograph *Federal Prosecution of Election Offenses* (8th Ed. 2017) at page 163.  In the discussion of intent for proving a conspiracy to defraud the United States under 18 U.S.C. § 371, the monograph could be read to suggest that the jury must find two different forms of *mens rea*.  Specifically, because of the word "also" in the second sentence on page 163, the monograph could be read to suggest that jury instructions should require the jury to find both willfulness and "also" the specific intent to disrupt a federal agency function.  That is not the Department's position.  The Department's position regarding the required intent for a conspiracy to defraud the United States is that the jury must find the intent to disrupt and impede the lawful function of a federal agency through deceitful means.  *E.g. United States v. Khalife*, 106 F.3d 1300, 1303 (6th Cir. 1997); *United States v. Cyprian*, 23 F.3d 1189, 1201 (7th Cir. 1994); *United States v. Derezinski*, 945 F.2d 1006, 1012 (8th Cir. 1991).  *See also United States v. Ballistrea*, 101 F.3d 827, 831-32 (2d Cir. 1996) (approving a specific Ninth Circuit instruction in conspiracy to defraud the Food and Drug Administration); *United States v. Barker Steel Co.*, 985 F.2d 1123, 1127-28 (1st Cir. 1993) (approving a specific information's language charging conspiracy to defraud the Department of Transportation, Environmental Protection Agency, and General Services Administration); *Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 8.21 & Comment, pp. 170-71 (2018) (agreement to "obstruct the lawful function of [a federal agency] by deceitful or dishonest means" is itself analogous to the intent of "willfulness" in formulating any necessary good faith instruction).