# EXHIBIT B:

**Complaint,** *Campaign Legal Center, et al. v. Gordon Tang, et al.*
**(Federal Election Commission Aug. 10, 2016)**

**Defendant Concord Management and Consulting LLC's
Motion for Discovery Regarding Selective Prosecution**
*United States v. Internet Research Agency LLC, et al.,*
**Criminal Action No. 18-00032-DLF**

BEFORE THE FEDERAL ELECTION COMMISSION



RECEIVED
FEC MAIL CENTER
2016 AUG 10 PM 3: 01

CAMPAIGN LEGAL CENTER
1411 K Street, NW, Suite 1400
Washington, DC 20005
(202) 736-2200

J. GERALD HEBERT
1411 K Street, NW, Suite 1400
Washington, DC 20005
(202) 736-2200

  v.          MUR No. _____

GORDON TANG
5 Thomas Mellon Cir, Suite 305
San Francisco, CA 94134

HUAIDAN CHEN
5 Thomas Mellon Cir, Suite 305
San Francisco, CA 94134

AMERICAN PACIFIC INTERNATIONAL CAPITAL, INC.
5 Thomas Mellon Cir, Suite 305
San Francisco, CA 94134

WILSON CHEN
5 Thomas Mellon Cir, Suite 305
San Francisco, CA 94134

## COMPLAINT

1. This complaint is filed pursuant to 52 U.S.C. § 30109(a)(1) and is based on information and belief that Gordon Tang and Huaidan Chen have violated the prohibition on foreign nationals making contributions in connection with a federal election, that American Pacific International Capital, Inc. ("APIC") has violated the prohibition on providing substantial assistance in making such contributions, and that Wilson Chen has violated the prohibition on soliciting and providing substantial assistance in making such

1

contributions, in violation of the Federal Election Campaign Act ("FECA"), 52 U.S.C. § 30101, *et seq*.

2. Specifically, based on published reports, complainants have reason to believe that Gordon Tang and Huaidan Chen violated FECA's ban on any foreign national directly or indirectly making a contribution in connection with a Federal election, 52 U.S.C. § 30121(a)(1)(A), by participating in the decision to direct $1.3 million in contributions from APIC to Right to Rise USA (ID: COO571372), a super PAC supporting the presidential candidacy of Jeb Bush. Additionally, based on published reports, complainants have reason to believe that APIC violated the prohibition on providing substantial assistance in the making of a foreign national contribution, 11 C.F.R. § 110.20(h), by allowing Tang and Huaidan Chen to participate in the decision to make the contribution to Right to Rise USA. Finally, based on published reports, complainants have reason to believe that Wilson Chen violated the prohibition on any person soliciting a contribution from a foreign national, 52 U.S.C. § 30121(a)(2), and the prohibition on providing substantial assistance in the making of a contribution from a foreign national, 11 C.F.R. § 110.20(h), by proposing that Tang, Huaidan Chen and APIC make the contribution to Right to Rise USA.

3. As a foreign-owned U.S. corporation, APIC is only permitted to make contributions if the decision-making process is entirely controlled by U.S. citizens. 11 C.F.R. § 110.20(i), AO 2000-17. Accordingly, Right to Rise USA's reports disclosing $1.3 million in contributions from APIC caused complainant and the public to believe that the contributions were not directly or indirectly made by a foreign national. By allowing foreign nationals to direct APIC's contribution to Right to Rise USA, APIC failed to

disclose the nature of the contribution, misleading the public and complainants about the true sources of Right to Rise USA's financial support. APIC's failure deprived the public and complainant Hebert of the facts necessary to give proper weight to Right to Rise USA's messages, to evaluate those federal candidates it supported and to cast an informed vote.

4. "If the Commission, upon receiving a complaint … has reason to believe that a person has committed, or is about to commit, a violation of [the FECA] … [t]he Commission <u>shall</u> make an investigation of such alleged violation …." 52 U.S.C. § 30109(a)(2) (emphasis added); *see also* 11 C.F.R. § 111.4(a).

## FACTS

5. American Pacific International Capital, Inc. is "a California corporation owned by Gordon Tang and Huaidan Chen, a married couple who are citizens of China and permanent residents of Singapore."[1] According to *The Intercept*:

   > The couple are the majority shareholders of SingHaiyi, a publicly traded Singapore-based corporation with a market value of about $250 million … According to a 2016 corporate filing by APIC, it is wholly owned by another corporation, 'Jag Pacific Ltd.,' which appears to be incorporated in the Bahamas. But whatever Jag Pacific's provenance, a 2012 SingHaiyi corporate circular states that APIC was ultimately '100 percent owned' by Tang and Chen. SingHaiyi's 2014 annual report also says that APIC was owned by the couple, and its 2016 report states APIC is 'controlled' by them.[2]

---

[1] Jon Schwarz and Lee Fang, *The Citizens United Playbook: How a Top GOP Lawyer Guided a Chinese-Owned Company Into U.S. Presidential Politics*, THE INTERCEPT, Aug. 3, 2016, https://theintercept.com/2016/08/03/gop-lawyer-chinese-owned-company-us-presidential-politics/.
[2] *Id.*

        SingHaiyi's 2016 annual report also states that "APIC is an entity controlled by the controlling shareholders of the Company, Mr Gordon Tang and Mrs. Celine Tang a.k.a. Huaidan Chen]."[3]

6. According to APIC's website, its board members include Chairman/President Gordon Tang, Vice President Jinshan Mao, Neil Bush, Wilson Chen and Huaidan Chen.[4] According to *The Intercept*, Tang and Huaidan Chen are foreign nationals, and Neil Bush and Wilson Chen are U.S. citizens.[5] Wilson Chen is Huaidan Chen's brother and Tang's brother-in-law.[6]

7. Right to Rise USA is an single-candidate super PAC that was established to promote Jeb Bush's presidential campaign.[7]

8. On March 26, 2015, APIC made a $1,000,000 contribution to Right to Rise USA, and on June 29, 2015, APIC contributed an additional $300,000.[8]

9. On August 3, 2016, *The Intercept* reported that in interviews, "both Wilson Chen and Gordon Tang made statements that suggest Tang may have violated the relevant FEC regulations" barring foreign nationals from directly or indirectly participating in the decision-making process:

> According to Chen, 'I proposed to make a donation to the Republican Party and then let the board of directors approve it before sending the donation.' APIC's board includes Chen himself and Neil Bush, both U.S. citizens, but also Chinese citizens Tang and Huaidan Chen.

---

[3]     SingHaiyi Group Ltd. Annual Report 2016 at 54, *available at* http://infopub.sgx.com/FileOpen/SingHaiyi_Group_Ltd_Annual_Report_FY2016.ashx?App=Announcement&FileID=412563.
[4]     *See* APIC website, http://www.apicincus.com/ (last accessed Aug. 4, 2016).
[5]     Schwarz and Fang, *supra* note 1.
[6]     *Id.*
[7]     *See* Alex Isenstadt, *Jeb Bush's $100M May*, Politico, May 8, 2015, http://www.politico.com/story/2015/05/jeb-bush-right-to-rise-super-pac-campaign-117753.
[8]     *See* Right to Rise USA 2015 Mid-Year Report of Receipts and Disbursements, Schedule A (filed Jul. 31, 2015) at 1253, *available at* http://docquery.fec.gov/cgi-bin/fecimg?_201507319000471819+1252.

> For Tang's part, when asked why APIC made the donation to Right to Rise USA, he responded: "Wilson said to donate, so I did, I don't really mind."[9]

10. *The Intercept* article also stated, "[w]hen asked whether Gordon Tang was unhappy with the donation to Rise to Rise USA given Jeb Bush's quick defeat, Chen said no: It was simply about helping a friend."[10]

11. Additionally, the article noted that "APIC, which was initially incorporated in Oregon, made contributions between 2010 and 2014 to state and local Oregon politicians, mostly Democrats, totaling about $25,000. The earlier donations include $9,500 given to John Kitzhaber, a Democrat who was elected governor of Oregon in 2010 and 2014 and resigned last year in an unrelated ethics scandal. 'You know the politicians,' said Wilson Chen about the company's history of donations. 'They always ask for help.'"[11]

### SUMMARY OF THE LAW

12. Federal law prohibits a foreign national from directly or indirectly making a contribution in connection with a Federal, State, or local election, 52 U.S.C. § 30121(a)(1), and prohibits any other person from soliciting a foreign national to make such a contribution, *id.* § 30121(a)(2), or from knowingly providing substantial assistance in the solicitation, making, acceptance or receipt of such a contribution, 11 C.F.R. § 110.20(h)(1).

13. "Contribution" is defined as "any gift … of money or anything of value made by any person for the purpose of influencing any election for Federal office." 52 U.S.C. § 30101(8)(A)(i).

---

[9] Schwarz and Fang, *supra* note 1.
[10] *Id.*
[11] *Id.*; *see also* Oregon Secretary of State, "Campaign Finance Transactions," https://secure.sos.state.or.us/orestar/gotoPublicTransactionSearch.do (search "Contributor/Payee Information").

14. "Foreign national" is defined as (1) a "foreign principal," such as a foreign corporation,[12] and (2) "an individual who is not a citizen of the United States or a national of the United States." 52 U.S.C. § 30121(b)(1-2).

15. The Commission has promulgated regulations at 11 C.F.R. § 110.20 implementing the statutory foreign national contribution ban. Those regulations provide that "a foreign national shall not, directly or indirectly, make a contribution or a donation of money or other thing of value, or expressly or impliedly promise to make a contribution or a donation, in connection with any Federal, State, or local election," *id.* § 110.20(b), and that "a foreign national shall not, directly or indirectly, make any expenditure, independent expenditure, or disbursement in connection with any Federal, State, or local election," *id.* § 110.20(f).

16. Commission regulations additionally provide that:

    > A foreign national shall not direct, dictate, control, or directly or indirectly participate in the decision-making process of any person, such as a corporation … with regard to such person's Federal or non-Federal election-related activities, such as decisions concerning the making of contributions, donations, expenditures, or disbursements in connection with elections for any Federal, State, or local office ...

    *Id.* § 110.20(i).

17. A corporation owned by foreign nationals or that is a subsidiary of a foreign corporation is not itself a foreign national if it is both organized under the laws of a U.S. state and has its principal place of business in the United States. 52 U.S.C. § 30121(b)(1); 22 U.S.C. § 611(b)(2). However, the Commission has advised that such a corporation may only make contributions, expenditures or disbursements in connection with federal elections if

---

[12] The statute cross-references the definition of "foreign principal" at 22 U.S.C. § 611(b), which defines "foreign principal" to include "a partnership, association, corporation, organization, or other combination of persons organized under the laws of or having its principal place of business in a foreign country." 22 U.S.C. § 611(b)(3).

the decision-making process is entirely controlled by U.S. citizens. AO 2000-17 (Extendicare Health Services, Inc.); AO 2006-15 (TransCanada). In Advisory Opinion 2000-17, the Commission advised that, when a subsidiary's board includes foreign nationals, the subsidiary must establish a Special Committee comprised solely of U.S. citizens or permanent residents if it wishes to make contributions in connection with elections. AO 2000-17.[13] Additionally, the Commission has advised that any contributions made by a subsidiary under these conditions must be wholly derived from earnings generated by the subsidiary's U.S. operations and not subsidized by the foreign parent corporation. AO 1992-16; AO 2006-15.

18. Commission regulations additionally provide that "[n]o person shall knowingly solicit, accept, or receive from a foreign national any contribution or donation" to a political committee or political party or in connection with U.S. elections. 11 C.F.R. § 110.20(g). A "solicitation" is defined as "an oral or written communication that, construed as reasonably understood in the context in which it is made, contains a clear message asking, requesting, or recommending that another person make a contribution." *Id.* § 300.2(m).[14]

19. Commission regulations also provide that "[n]o person shall knowingly provide substantial assistance in the solicitation, making, acceptance or receipt of a contribution or donation" prohibited under this section. *Id.* § 110.20(h)(1). "Substantial assistance" refers to "active involvement" in the solicitation, making, receipt or acceptance of a

---

[13] A board that includes foreign nationals may make a general decision to create a segregated fund or PAC and set a "not to exceed" budget, but all further decisions must be made by the Special Committee comprised of U.S. citizens or nationals. AO 2000-17.

[14] The "solicit" definition at 11 C.F.R. § 300.2(m) is the relevant definition for section 110.20. *See* 11 C.F.R. § 110.20(a)(6).

foreign national contribution "with an intent to facilitate successful completion of the transaction." 67 Fed. Reg. 69945-6 (Nov. 19, 2002).

20. A solicitation or the provision of substantial assistance under 11 C.F.R. § 110.20 is made "knowingly" if a person "has actual knowledge that the source of the funds solicited, accepted, or received is a foreign national," *id.* § 110.20(a)(4)(i), or is "aware of facts that would lead a reasonable person to conclude that there is a substantial probability that the source of the funds solicited, accepted or received is a foreign national," *id.* § 110.20(a)(4)(ii).

## CAUSES OF ACTION

### GORDON TANG AND HUAIDAN CHEN HAVE VIOLATED THE BAN ON FOREIGN NATIONALS MAKING CONTRIBUTIONS IN U.S. ELECTIONS

21. Federal law prohibits a foreign national from directly or indirectly making a contribution in connection with a Federal, State, or local election, 52 U.S.C. § 30121(a)(1), or from directing, dictating, controlling, or directly or indirectly participating in the decision-making process of making such a contribution. 11 C.F.R. § 110.20(i).

22. If a foreign national is on the board of a U.S. corporation, he or she will violate the foreign national contribution ban by directly or indirectly participating in decisions concerning the corporation's contributions. *Id*. *See also* AO 2000-17. When a corporation's board includes foreign nationals, it must establish a Special Committee comprised solely of U.S. citizens to control all decisions related to the making of contributions in connection with federal elections. AO 2000-17.

23. Based on published reports, there is reason to believe that Gordon Tang and Huaidan Chen violated the ban on foreign nationals directly or indirectly making a contribution in connection with a federal election.

8

24. Tang and Huaidan Chen are foreign nationals as that term is defined in 52 U.S.C. § 30121(b) and 11 C.F.R. § 110.20(a)(3).

25. APIC is a California-based corporation "100 percent owned by" and "controlled by" Tang and Huaidan Chen.[15] Tang is the Chairman and President of APIC's board and Huaidan Chen is an APIC board member.

26. APIC made $1.3 million in contributions to the federal political committee Right to Rise USA in 2015.

27. According to news reports, Tang and Huaidan Chen approved APIC's contribution to Right to Rise USA in their respective capacity as APIC board chair and an APIC board member. Wilson Chen, who is also on the APIC board, told *The Intercept*, "I proposed to make a donation to the Republican Party and then let the board of directors approve it before sending the donation."[16] Tang has personally taken responsibility for APIC's decision to make the Right to Rise USA contribution, telling *The Intercept*: "Wilson [Chen] said to donate, so I did, I don't really mind."[17]

28. Therefore, based on published reports, there is reason to believe that Tang and Huaidan Chen, both foreign nationals, directed, dictated, controlled, and/or directly or indirectly participated in the decision-making process of making contributions to Right to Rise USA, in violation of the prohibition on a foreign national directly or indirectly making a contribution in connection with a Federal, State or local election, 52 U.S.C. § 30121(a)(1).

---

[15] Schwarz and Fang, *supra* note 1; SingHaiyi Annual Report 2016.
[16] Schwarz and Fang, *supra* note 1.
[17] *Id.*

9

**APIC HAS VIOLATED THE BAN ON PROVIDING SUBSTANTIAL ASSISTANCE TO FOREIGN NATIONALS MAKING CONTRIBUTIONS**

29. Commission regulations prohibit a person from knowingly providing substantial assistance in the making of a foreign national contribution, donation, expenditure or disbursement. 11 C.F.R. § 110.20(h)(1). "Substantial assistance" refers to "active involvement…with an intent to facilitate successful completion of the transaction." 67 Fed. Reg. 69945-6. The provision of substantial assistance is made "knowingly" if a person "has actual knowledge that the source of the funds solicited, accepted, or received is a foreign national." *Id.* § 110.20(a)(4)(i).

30. If the U.S. subsidiary of a foreign corporation has a board of directors that includes foreign nationals, it must take affirmative steps to guarantee that those foreign nationals cannot directly or indirectly participate in the decision-making process concerning the subsidiary's contributions. Specifically, when a subsidiary's board includes foreign nationals, it must establish a Special Committee comprised solely of U.S. citizens to control all decisions related to the subsidiary making contributions in connection with federal elections. AO 2000-17.

31. APIC is "100 percent owned by" and "controlled by" Tang and Huaidan Chen, both of whom are foreign nationals and members of APIC's board, so APIC and the other members of its Board had actual knowledge that Tang and Huaidan Chen are foreign nationals.

32. Despite the requirement that only U.S. citizens or nationals make decisions concerning a subsidiary's contributions, APIC's $1.3 million contribution to Right to Rise USA was approved by Tang in his capacity as the Chairman/President and by Huaidan Chen in her capacity as a board member.

33. Because APIC and its board were actively involved in allowing Tang and Huaidan Chen—both foreign nationals—to directly participate in the decision-making process concerning APIC's contributions to Right to Rise PAC, with the intent of facilitating those contributions, APIC knowingly provided substantial assistance to foreign nationals in making contributions in connection with a federal election, in violation of 11 C.F.R. § 110.20(h)(1).

### WILSON CHEN HAS KNOWINGLY AND ILLEGALLY SOLICITED, AND PROVIDED SUBSTANTIAL ASSISTANCE IN THE MAKING OF, CONTRIBUTIONS FROM FOREIGN NATIONALS

34. Federal law and Commission regulations prohibit a person from soliciting contributions from a foreign national, 52 U.S.C. § 30121(a)(2), 11 C.F.R. § 110.20(g), and from knowingly providing substantial assistance in the making of a foreign national contribution, donation, expenditure or disbursement, 11 C.F.R. § 110.20(h)(1).

35. Commission regulations define a "solicitation" as "asking, requesting, or recommending that another person make a contribution." 11 C.F.R. § 300.2(m).

36. A solicitation or the provision of substantial assistance is made "knowingly" if a person "has actual knowledge that the source of the funds solicited, accepted, or received is a foreign national." *Id.* § 110.20(a)(4)(i).

37. Based on published reports, there is reason to believe that Wilson Chen, a U.S. citizen, has violated the prohibition on soliciting contributions from foreign nationals and the prohibition on knowingly providing substantial assistance in the making of a foreign national contribution.

38. Wilson Chen had actual knowledge that Tang and Huaidan Chen were foreign nationals. Tang is his brother-in-law and Huaidan Chen is his sister.[18]

39. Wilson Chen admitted that he solicited APIC, a corporation "100 percent owned by" foreign nationals Tang and Huaidan Chen, to contribute to Right to Rise USA, and asked for approval for the contribution from APIC's five-person board of directors, which was chaired by foreign national Tang and included foreign national Huaidan Chen.

40. Wilson Chen told *The Intercept*: "I proposed to make a donation to the Republican Party and then let the board of directors approve it before sending the donation."[19] Wilson Chen later described the contribution as attributable to Tang, with *The Intercept* reporting: "When asked whether Gordon Tang was unhappy with the donation to Rise to Rise USA given Jeb Bush's quick defeat, Chen said no: It was simply about helping a friend."[20] And Tang has personally taken responsibility for APIC's decision to make the Right to Rise USA contribution, telling *The Intercept*: "Wilson [Chen] said to donate, so I did, I don't really mind."[21]

41. Therefore, by soliciting foreign national members of APIC's board to make a decision to contribute to Right to Rise PAC, Wilson Chen violated the ban on a person soliciting contributions from a foreign national. 52 U.S.C. § 30121(a)(2); 11 C.F.R. § 110.20(g). Additionally, by proposing that foreign national members of APIC's board approve the contribution, Wilson Chen was actively involved in the making of a foreign national contribution with the intent of facilitating the completion of the transaction, in violation

---

[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] *Id.*

of the ban on knowingly providing substantial assistance to a foreign national in making a contribution in connection with a federal election, 11 C.F.R. § 110.20(h)(1).

### PRAYER FOR RELIEF

42. Wherefore, the Commission should find reason to believe that Gordon Tang, Huaidan Chen, APIC and Wilson Chen have violated 52 U.S.C. § 30101, *et seq.*, including 52 U.S.C. § 30121, and conduct an immediate investigation under 52 U.S.C. § 30109(a)(2). Further, the Commission should determine and impose appropriate sanctions for any and all violations, should enjoin the respondents from any and all violations in the future, and should impose such additional remedies as are necessary and appropriate to ensure compliance with the FECA.

August 10, 2016

Respectfully submitted,

*J. Gerald Hebert*
Campaign Legal Center, by
J. Gerald Hebert
1411 K Street, NW, Suite 1400
Washington, DC 20005
(202) 736-2200

*J. Gerald Hebert*
J. Gerald Hebert
1411 K Street, NW, Suite 1400
Washington, DC 20005
(202) 736-2200

Lawrence M. Noble
Brendan M. Fischer
The Campaign Legal Center
1411 K Street, NW, Suite 1400
Washington, DC 20005

Counsel to the Campaign Legal Center

13

## VERIFICATION

The complainants listed below hereby verify that the statements made in the attached Complaint are, upon their information and belief, true.

Sworn pursuant to 18 U.S.C. § 1001.

**For Complainant Campaign Legal Center**

*[signature]*
J. Gerald Hebert

Sworn to and subscribed before me this 10 day of August 2016.

*Mia Artson*
Notary Public

*[Notary seal: MIA ARTSON, NOTARY PUBLIC, EXP. 10-31-16, DISTRICT OF COLUMBIA]*

**For Complainant J. Gerald Hebert**

*[signature]*
J. Gerald Hebert

Sworn to and subscribed before me this 10 day of August 2016.

*Mia Artson*
Notary Public

*[Notary seal: MIA ARTSON, NOTARY PUBLIC, EXP. 10-31-16, DISTRICT OF COLUMBIA]*

14