# EXHIBIT D:

**Conciliation Agreement,** *In the Matter of Bernie 2016 and Susan Jackson in Her Official Capacity as Treasurer*
**(March 15, 2016)**

**Defendant Concord Management and Consulting LLC's**
**Motion for Discovery Regarding Selective Prosecution**
*United States v. Internet Research Agency LLC, et al.,*
**Criminal Action No. 18-00032-DLF**

BEFORE THE FEDERAL ELECTION COMMISSION

| | |
|---|---|
| In the Matter of ) | |
| ) | MUR 7035 |
| Bernie 2016 and Susan Jackson in her ) | |
| official capacity as treasurer ) | |

## CONCILIATION AGREEMENT

This matter was generated by a complaint filed with the Federal Election Commission ("Commission"). The Commission found reason to believe that Bernie 2016 and Susan Jackson in her official capacity as treasurer ("Committee" or "Respondent") violated 52 U.S.C. § 30121(a)(2).

NOW, THEREFORE, the Commission and the Respondent, having participated in informal methods of conciliation, prior to a finding of probable cause to believe, do hereby agree as follows:

I. The Commission has jurisdiction over the Respondent and the subject matter of this proceeding, and this agreement has the effect of an agreement entered pursuant to 52 U.S.C. § 30109(a)(4)(A)(i).

II. Respondent has had a reasonable opportunity to demonstrate that no action should be taken in this matter.

III. Respondent enters voluntarily into this agreement with the Commission.

IV. The pertinent facts in this matter are as follows:

1. Bernie 2016 ("Committee") is the principal campaign committee of 2016 Presidential candidate Bernie Sanders. Susan Jackson is the treasurer of the Committee.

2. The Australian Labor Party ("ALP") is a political party in Australia.

MUR 7035
Bernie 2016 *et al.*
Conciliation Agreement
Page 2

3. In November 2015, ALP asked the Committee to allow Australian delegates to be placed as volunteers with the Committee. The Committee agreed and proceeded to make arrangements for the arrivals of delegates to various campaign offices of the Committee.

4. The Committee treated the ALP delegates no differently from any other campaign out-of-town volunteers and was aware that they were receiving a stipend from ALP.

5. ALP delegates engaged in hands-on activity typical of volunteers while placed with the Committee, including encouraging voter attendance at campaign events, recruiting volunteers, canvassing with volunteers, and planning events. These activities indicate that the delegates provided campaign services to the Committee. Information in the Commission's possession indicates that ALP paid a total of $16,140 for the delegates' flights and $8,282 for their daily stipends.

6. The Federal Election Campaign Act of 1971, as amended ("Act"), prohibits any foreign national from making "a contribution or donation of money or other thing of value" in connection with a federal, state, or local election. 52 U.S.C. § 30121(a)(1)(A); 11 C.F.R. § 110.20(b). A "foreign national" means a foreign principal, which includes a "foreign political party." 52 U.S.C. § 30121(b)(1), referencing 22 U.S.C. § 611(b)(1). A "contribution" includes "the payment by any person of compensation for the personal services of another person which are rendered to a political committee without charge for any purpose." 52 U.S.C. § 30101(8)(A)(ii); 11 C.F.R. § 100.54. A "contribution" does not include "the value of services provided without compensation by any individual who volunteers on behalf of a candidate or political committee." 52 U.S.C. § 30101(8)(B)(i); 11 C.F.R. § 100.74. The Act and Commission regulations also prohibit persons from knowingly accepting or receiving a contribution from a

MUR 7035
Bernie 2016 *et al.*
Conciliation Agreement
Page 3

foreign national. 52 U.S.C. § 30121(a)(2); 11 C.F.R. § 110.20(g). The costs of travel taken at the direction of the candidate or staff or authorized or requested by the candidate or staff are contributions. *Buckley v. Valeo*, 424 U.S. 1, 37, 38 (1976).

7. Respondent contends that the Committee and its staffers did not request that the ALP send the delegates and did not request that the ALP pay for the delegates' airfare or stipends. Respondent further contends that although some Committee staffers were aware that the ALP delegates received a stipend from the ALP, these Committee staffers mistakenly believed that the services performed by the ALP delegates constituted exempt volunteer activity.

V. Solely for the purpose of settling this matter expeditiously and to avoid the expense of litigation, and without admitting liability, Respondent agrees not to further contest the Commission's finding that Respondent accepted a $24,422 prohibited in-kind foreign national contribution in violation of 52 U.S.C. § 30121(a)(2).

VI. Respondent will do the following:

1. Respondent will pay a civil penalty to the Federal Election Commission in the amount of Fourteen Thousand, Five Hundred dollars ($14,500), pursuant to 52 U.S.C. § 30109(a)(5)(A).

2. Respondent will cease and desist from violating 52 U.S.C. § 30121(a)(2).

VII. The Commission, on request of anyone filing a complaint under 52 U.S.C. § 30109(a)(1) concerning the matters at issue herein or on its own motion, may review compliance with this agreement. If the Commission believes that this agreement or any requirement thereof has been violated, it may institute a civil action for relief in the United States District Court for the District of Columbia.

MUR 7035
Bernie 2016 *et al.*
Conciliation Agreement
Page 4

VIII. This agreement shall become effective as of the date that all parties hereto have executed same and the Commission has approved the entire agreement.

IX. Respondent shall have no more than 30 days from the date this agreement becomes effective to comply with and implement the requirements contained in this agreement and to so notify the Commission.

X. This Conciliation Agreement constitutes the entire agreement between the parties on the matters raised herein, and no other statement, promise, or agreement, either written or oral, made by either party or by agents of either party, that is not contained in this written agreement shall be enforceable.

FOR THE COMMISSION:

Lisa J. Stevenson
Acting General Counsel

BY: _____        2-14-18
    Kathleen Guith                    Date
    Associate General Counsel
       for Enforcement

FOR THE RESPONDENT:

_____            1/19/2018
Brad C. Deutsch                       Date
Counsel for Respondent