# EXHIBIT A

DARRELL E. ISSA, CALIFORNIA
CHAIRMAN

JOHN L. MICA, FLORIDA
MICHAEL R. TURNER, OHIO
JOHN J. DUNCAN, JR., TENNESSEE
PATRICK T. McHENRY, NORTH CAROLINA
JIM JORDAN, OHIO
JASON CHAFFETZ, UTAH
TIM WALBERG, MICHIGAN
JAMES LANKFORD, OKLAHOMA
JUSTIN AMASH, MICHIGAN
PAUL A. GOSAR, ARIZONA
PATRICK MEEHAN, PENNSYLVANIA
SCOTT DesJARLAIS, TENNESSEE
TREY GOWDY, SOUTH CAROLINA
BLAKE FARENTHOLD, TEXAS
DOC HASTINGS, WASHINGTON
CYNTHIA M. LUMMIS, WYOMING
ROB WOODALL, GEORGIA
THOMAS MASSIE, KENTUCKY
DOUG COLLINS, GEORGIA
MARK MEADOWS, NORTH CAROLINA
KERRY L. BENTIVOLIO, MICHIGAN
RON DeSANTIS, FLORIDA

LAWRENCE J. BRADY
STAFF DIRECTOR

ONE HUNDRED THIRTEENTH CONGRESS

# Congress of the United States

## House of Representatives

COMMITTEE ON OVERSIGHT AND GOVERNMENT REFORM

2157 RAYBURN HOUSE OFFICE BUILDING

WASHINGTON, DC 20515-6143

MAJORITY   (202) 225-5074
FACSIMILE  (202) 225-3974
MINORITY   (202) 225-5051

http://oversight.house.gov

ELIJAH E. CUMMINGS, MARYLAND
RANKING MINORITY MEMBER

CAROLYN B. MALONEY, NEW YORK
ELEANOR HOLMES NORTON,
   DISTRICT OF COLUMBIA
JOHN F. TIERNEY, MASSACHUSETTS
WM. LACY CLAY, MISSOURI
STEPHEN F. LYNCH, MASSACHUSETTS
JIM COOPER, TENNESSEE
GERALD E. CONNOLLY, VIRGINIA
JACKIE SPEIER, CALIFORNIA
MATTHEW A. CARTWRIGHT, PENNSYLVANIA
L. TAMMY DUCKWORTH, ILLINOIS
ROBIN L. KELLY, ILLINOIS
DANNY K. DAVIS, ILLINOIS
PETER WELCH, VERMONT
TONY CARDENAS, CALIFORNIA
STEVEN A. HORSFORD, NEVADA
MICHELLE LUJAN GRISHAM, NEW MEXICO
VACANCY

May 20, 2014

The Honorable Eric H. Holder, Jr.
Attorney General
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

Dear Mr. Attorney General:

      The Committee on Oversight and Government Reform continues to examine the Internal Revenue Service's targeting of conservative tax-exempt applicants. On April 23, 2014, seventeen Members of the Committee wrote to you requesting material concerning the Department's apparent role in targeting tax-exempt applicants and its coordination with the IRS on potential prosecutions of tax-exempt applicants. Because you have failed to comply with this request for documents and because the Department has obstructed the Committee's oversight, the Committee has no choice but to issue a subpoena compelling your cooperation with this important matter.

      On April 23, 2014, the Committee wrote to you concerning the apparent coordination between the Department's Election Crimes Branch and the IRS about prosecuting tax-exempt applicants for making false statements on their application forms.[1] In particular, former IRS official Lois Lerner wrote to her colleagues about a call received from Richard Pilger, the Director of the Department's Election Crimes Branch. Ms. Lerner wrote:

> He wanted to know who at IRS the DOJ folks could talk to about Sen. Whitehouse idea at the [Senate Judiciary Subcommittee] hearing that DOJ could piece together false statement cases about applications who "lied" on their 1024s – saying they weren't planning on doing political activity, and then turning around and making large visible political expenditures.[2]

---

[1] Letter from Darrell Issa et al., H. Comm. on Oversight & Gov't Reform, to Eric H. Holder, Jr., U.S. Dep't of Justice (Apr. 23, 2014).

[2] E-mail from Lois Lerner, Internal Revenue Serv., to Nikole Flax, Internal Revenue Serv. (May 8, 2013). [IRSR 209282]

The Honorable Eric H. Holder, Jr.
May 20, 2014
Page 2

The Committee's letter requested that the Department produce three categories of documents by May 5, 2014.[3] As of today, however, the Department has produced no documents in response to this request.

In addition to the Department's failure to produce documents, the Department obstructed the Committee's oversight work during its transcribed interview of Mr. Pilger. During the interview, a Justice Department lawyer directed Mr. Pilger to not answer questions posed by Committee staff an astounding 34 times. Although the Committee's letter clearly articulated the Committee's broad concerns,[4] the Department's lawyer refused to allow Mr. Pilger to answer questions on procedural and substantive matters relevant to the Committee's oversight.[5] The Department unilaterally, and without the agreement of the Committee, limited the scope of the interview to Mr. Pilger's interactions with Ms. Lerner.

Among other topics, the Department's lawyer refused to allow Mr. Pilger to answer questions about conversations within the Department in wake of *Citizens United v. Federal Election Commission*,[6] Mr. Pilger's interactions with the Federal Election Commission about *Citizens United*,[7] or whether Mr. Pilger had communicated with any IRS official since Lois Lerner's apology for the targeting on May 10, 2013.[8] These matters are highly relevant to the Committee's investigation of the IRS targeting, and the Department's refusal to allow Mr. Pilger to provide this information unduly impedes the Committee's oversight obligations.

The Department's lawyer even refused to allow Mr. Pilger to answer basic questions about how he prepared for the interview, which are used to assess the accuracy and integrity of Mr. Pilger's testimony.[9] The Department's refusal is highly troublesome in light of an offhand remark from Mr. Pilger later in the interview that, in fact, he had coordinated with Public Integrity Section Chief Jack Smith in preparation for the interview. The following exchange occurred during the interview:

| | |
|---|---|
| Q: | My question was about after you met with Ms. Lerner in May of 2013, did you have any discussions [or] communications with Mr. Smith, about not following up with Ms. Lerner because of the publication of the IRS targeting? |
| A: | Other than in preparation for this hearing, no. I am sorry, this interview. |

---

[3] Letter from Darrell Issa et al., H. Comm. on Oversight & Gov't Reform, to Eric H. Holder, Jr., U.S. Dep't of Justice (Apr. 23, 2014).
[4] *See id.*
[5] *See, e.g.*, Transcribed interview of Richard Pilger, U.S. Dep't of Justice, in Wash., D.C., at 31 (May 6, 2014) ("Mr. Pilger is here and available, as a career prosecutor, to talk about his communications, interactions with Ms. Lerner concerning tax-exempt organizations and the surrounding circumstances.").
[6] *Id.* at 139-40.
[7] *Id.* at 140-41.
[8] *Id.* at 164.
[9] *Id.* at 33-35.

| | |
|---|---|
| Q: | You had conversations with Mr. Smith in preparation of this interview? |
| Justice Department Lawyer: | I am going to instruct you not to answer questions concerning your preparation for the interview. |
| Committee Counsel: | He opened the door for this question. |
| Justice Department Lawyer: | I am instructing him not to answer. |
| Mr. Pilger: | Again, as a Department employee, you have heard counsel for the Department's directions.[10] |

The Department also refused to allow Mr. Pilger to answer questions about highly relevant facets of the Committee's oversight of the Executive Branch. For example, the Department's lawyer directed Mr. Pilger to not answer questions about whether the Department is investigating the IRS's targeting of tax-exempt applications. The Department's lawyer stated:

| | |
|---|---|
| Q: | Sir, do you have any reason to believe the Department's investigation of IRS targeting is open and ongoing? |
| Justice Department Lawyer: | Don't answer the question. |
| Q: | Mr. Pilger? |
| A: | I will respect the direction of Agency counsel. |
| Q: | Sir, on January 13, 2014, the *Wall Street Journal* reported that unnamed law enforcement officials said the FBI would not file criminal charges as a result of the Department's investigation. Sir, do you know how . . . the *Journal* received that information? |
| Justice Department Lawyer: | Don't answer that question. |
| Q: | Mr. Pilger? |
| A: | I'll respect the direction of the Agency's counsel. |

---

[10] *Id.* at 115.

The Honorable Eric H. Holder, Jr.
May 20, 2014
Page 4

| | |
|---|---|
| Q: | Mr. Pilger, did you leak that information to the *Wall Street Journal*? |
| Justice Department Lawyer: | Don't answer that question. |
| Q: | Mr. Pilger? |
| A: | I'll respect the direction of Agency counsel.[11] |

The Department's lawyer also directed Mr. Pilger to not answer questions about whether the Department has investigated the conservative group, True the Vote, in response to requests from Democratic Members of Congress.[12]

The Department's refusal to allow Mr. Pilger to testify about matters highly relevant to the Committee's investigation unnecessarily delays and frustrates the Committee's Constitutional oversight obligations. The Department's obstruction in this regard, coupled with its failure to produce any relevant material to date, leads the Committee to conclude the Department is not seriously committed to cooperating with the Committee's investigation on the Committee's terms. Therefore, the Committee is issuing the attached subpoena for the production of all documents requested by the Committee on April 23, 2014.

Thank you for your attention to this important matter.

Sincerely,

Darrell Issa
Chairman

Enclosure

cc:   The Honorable Elijah E. Cummings, Ranking Minority Member

---

[11] *Id.* at 162-63.
[12] *Id.* at 165-68.