# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CONCORD MANAGEMENT &<br>CONSULTING LLC,<br><br>    *Defendant.* | Criminal Action No. 18-cr-0032-2 (DLF) |

## ORDER

Before the Court is Defendant Concord Management and Consulting LLC's Motion to Dismiss the Indictment, Dkt. 46. Upon considering the arguments raised in the October 15, 2018 hearing, the Court directs the government to submit a supplemental brief clarifying its position as set forth below.

The indictment alleges that Concord and its co-conspirators:

- "conspired to obstruct the lawful functions of the United States government through fraud and deceit, including by *making expenditures in connection with the 2016 U.S. presidential election without proper regulatory disclosure*" and by "*failing to register as foreign agents* carrying out political activities within the United States." Dkt. 1 ¶ 7 (emphasis added); *see also* Opp'n at 7–8, Dkt. 56 (describing this language as "inform[ing] the defendants of the essential nature of the conspiratorial agreement" (internal quotation marks omitted));

- "produce[d], purchase[d], and post[ed] advertisements on U.S. social media and other online sites" and "*did not report their expenditures to the Federal Election Commission, or register as foreign agents with the U.S. Department of Justice*," *id.* ¶ 48 (emphasis added); *see also* ¶ 35, 47, 60, 63, 66, 71, 83, 85 (describing social-media expenditures); and

- "organized and coordinated political rallies in the United States" but "*did not register as foreign agents with the U.S. Department of Justice*," *id.* ¶ 51 (emphasis added).

Concord argues that the conduct alleged in the indictment falls outside of the provisions of the Federal Election Campaign Act (FECA) and the Foreign Agent Registration Act (FARA). *See* Def.'s Mot. to Dismiss at 6–7 & n.4–5, Dkt. 46; Hr'g Tr. at 5.  The government has not directly responded to that argument.  Instead, the government contends that it "will not have to ultimately prove that any particular defendant's conduct violated, for example, FECA or FARA" but only "that the defendants knowingly and intentionally engaged in deceptive acts that interfered with the regulatory functions of the FEC or DOJ in a way that precluded those entities from ascertaining *whether* those substantive statutes were violated."  Opp'n at 11, Dkt. 56.

At the hearing, the government took the position that it is not required to show that any defendant or any co-conspirator "had a legal duty to report."  Hr'g Tr. at 31.  At the same time, the government implicitly conceded—in describing the relevant caselaw—that "when the only deceptive acts the government has alleged are a failure to disclose or a failure to report, well, then, you are going to have to show a duty to disclose or a duty to report.  Otherwise the failure to do it isn't deceptive.  It's just complying with the law."  *Id.* at 47–48; *see also id.* at 51 ("[I]f the only deceptive conduct you're alleging is the failure to register with the FEC, then you better have a duty to register with the FEC, otherwise the failure to register can't really be considered deceptive conduct or done with the intent to impair a lawful government function.").

The government is directed to answer the following questions:

Should the Court assume for purposes of this motion that neither Concord nor its co-conspirators had any legal duty to report expenditures or to register as a foreign agent?

Specifically, should the Court assume for purposes of this motion that neither Concord nor its co-conspirators knowingly or unknowingly violated any provision, civil or criminal, of FECA or FARA by failing to report expenditures or by failing to register as a foreign agent?

The government is directed to file a brief clarifying its position on these question on or before October 23, 2018.

                                                          _____
                                                          DABNEY L. FRIEDRICH
                                                          United States District Judge

Date: October 18, 2018