**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Crim. No. 18-cr-32 (DLF)** |
| **INTERNET RESEARCH AGENCY, ET AL.,** | |
| **Defendants.** | |

**GOVERNMENT'S SUPPLEMENTAL BRIEF**
**IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

The United States of America submits this response to the Court's order directing the government to file a supplemental brief clarifying its position on two specific questions related to defendant Concord Management and Consulting, LLC's motion to dismiss the indictment.

**Question #1**:  Should the Court assume for purposes of this motion that neither Concord nor its co-conspirators had any legal duty to report expenditures or to register as a foreign agent?

**Answer**:  No, the Court should not make this assumption for purposes of the instant motion, for the reasons set forth below.

**Question #2**:  Should the Court assume for purposes of this motion that neither Concord nor its co-conspirators knowingly or unknowingly violated any provision, civil or criminal, of FECA or FARA by failing to report expenditures or by failing to register as a foreign agent?

**Answer**:  No, the Court should not make this assumption for purposes of the instant motion, for the reasons set forth below.

**Discussion**

As the Court noted, Dkt. No. 68, at 1, the indictment alleges that Concord and its co-conspirators had legal duties to report election-related expenditures and to register as foreign agents and agreed to engage in conduct that would violate such duties.  Dkt. No. 1 ¶ 7 (alleging

that the defendants conspired to make "expenditures in connection with the 2016 U.S. presidential election without proper regulatory disclosure" and to fail "to register as foreign agents carrying out political activities within the United States"); *id.* ¶ 48 ("Defendants and their co-conspirators did not report their expenditures to the Federal Election Commission, or register as foreign agents with the U.S. Department of Justice."); *id.* ¶ 51 ("Defendants and their co-conspirators did not register as foreign agents with the U.S. Department of Justice."); *see generally id.* ¶¶ 25, 26 (describing the reporting and registration requirements of the Federal Election Campaign Act (FECA) and the Foreign Agent Registration Act (FARA)); Dkt. No. 56, at 6-7 (citing the relevant statutory provisions).

The indictment further alleges that Concord and its co-conspirators agreed to engage in conduct that violated FECA's prohibitions on certain expenditures by foreign nationals.  Dkt. No. 1 ¶ 1 ("U.S. law bans foreign nationals from making certain expenditures or financial disbursements for the purpose of influencing federal elections."); *id.* ¶ 48 (alleging that conspirators "began to produce, purchase, and post advertisements on U.S. social media and other online sites expressly advocating for the election of then-candidate [Donald] Trump or expressly opposing [Hillary] Clinton"); *id.* ¶ 50 (listing examples of such advertisements); *see also id.* ¶ 25 (alleging that "FECA prohibits foreign nationals from making any contributions, expenditures, independent expenditures, or disbursements for electioneering communications").

Those allegations are accepted as true when considering a motion to dismiss the indictment.  *United States v. Khanu*, 664 F. Supp. 2d 28, 32 (D.D.C. 2009).  Because Concord is charged with conspiracy, it is sufficient that Concord and its co-conspirators agreed to engage in conduct that violated these legal duties.  *See United States v. Treadwell*, 760 F.2d 327, 333 (D.C.

Cir. 1985) (stating elements of a conspiracy under 18 U.S.C. § 371).  The government is not required to prove that the conspirators actually violated FECA or FARA.

As the government argued in its opposition and at the motions hearing, the Court need not decide whether the defendants had a legal duty to file reports with the FEC or to register under FARA because "the impairment or obstruction of a governmental function contemplated by section 371's ban on conspiracies to defraud need not involve the violation of a separate statute."  *United States v. Rosengarten*, 857 F.2d 76, 78 (2d Cir. 1988); Dkt. No. 56, at 9-13. Moreover, the indictment alleges numerous coordinated, structured, and organized acts of deception in addition to the failure to report under FECA or to register under FARA, including the use of false social media accounts, Dkt. No. 1 ¶¶ 32-34, 36, the creation and use of U.S.-based virtual computer infrastructure to "mask[] the Russian origin and control" of those false online identities, *id.* ¶¶ 5, 39, and the use of email accounts under false names, *id.* ¶ 40.  The indictment alleges that a purpose of these manifold acts of deception was to frustrate the lawful government functions of the United States.  *Id.* ¶ 9; *see also id.* ¶ 5 (alleging that U.S.-based computer infrastructure was used "to avoid detection by U.S. regulators and law enforcement"); *id.* ¶ 58 (alleging later obstructive acts that reflect knowledge of U.S. regulation of conspirators' conduct).  Those allegations are sufficient to support the charge of conspiracy to defraud the United States regardless of whether the defendants agreed to engage in conduct that violated FECA or FARA because the "defraud clause does not depend on allegations of other offenses." *United States v. Barker Steel Co., Inc.*, 985 F.2d 1123, 1131 (1st Cir. 1993).  But that argument does not require the Court to assume that the conspirators did not have any such legal duties, and the indictment expressly alleges that they did.

In sum, the indictment adequately alleges that Concord and its co-conspirators knowingly and intentionally conspired to defraud the United States by impairing the lawful government functions of the Federal Election Commission and the Justice Department's FARA Unit.  The indictment alleges that this impairment was accomplished by acts of deception beyond the failure to file FEC reports or FARA registrations, and therefore the charge against Concord does not depend on whether the conspirators had a legal duty to file such reports or registrations.  But the indictment also alleges that the conspirators did agree to take actions in violation of legal duties under FECA and FARA, and so the Court need not and should not assume for purposes of the defendant's motion that those legal duties did not exist, or that the defendants did not agree to violate them.

Respectfully submitted,

ROBERT S. MUELLER, III
Special Counsel

JESSIE K. LIU
United States Attorney

By: /s/_____
Michael R. Dreeben
Jeannie S. Rhee
Adam C. Jed
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 616-0800

By: /s/_____
Jonathan Kravis
Deborah Curtis
Kathryn Rakoczy
555 Fourth Street NW
Washington, D.C. 20530
Telephone: (202) 252-6886

JOHN C. DEMERS
Assistant Attorney General for National Security

By: /s/_____
Heather N. Alpino
U.S. Department of Justice
National Security Division
950 Pennsylvania Ave. NW
Washington, D.C. 20530
Telephone: (202) 514-2000