IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NUMBER: |
| v. | 1:18-cr-00032-2 (DLF) |
| CONCORD MANAGEMENT & CONSULTING LLC | |
| Defendant. | |

**DEFENDANT CONCORD MANAGEMENT AND CONSULTING LLC'S RESPONSE TO THE GOVERNMENT'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE INDICTMENT**

Pursuant to leave of this Court, Defendant Concord Management and Consulting, LLC ("Defendant" or "Concord"), respectfully submits this response to the Government's Supplemental Brief in Opposition to Defendant's Motion to Dismiss (Dkt. 69) ("Suppl. Br.").

To summarize: WRONG ANSWER. Concord has consistently argued that the Indictment charges no crime at all (interference with an election), but to the extent it purports to charge a crime the essential element of willfulness is fatally absent. The Special Counsel's retort has been that he was not required to charge willfulness because he did not charge violations of FECA or FARA. Now, in mind-bending, intergalactic, whiplash fashion, he says for the first time, I did, I did, I charged violations of FECA and FARA.[1] Reminiscent of the old adage, "Give a man enough rope and he will hang himself," the Special Counsel just did so.

In response to the Court's questions (Dkt. 68), the Supplemental Brief asserts that the Court should ***not*** assume for purposes of Concord's motion to dismiss that (i) "neither Concord

---

[1] Which sounds a lot like "I did, I did, I taw a puddy tat." Tweetie (1948).

- 1 -

nor its co-conspirators had any legal duty to report expenditures or to register as a foreign agent" or (ii) "neither Concord nor its co-conspirators knowingly or unknowingly violated any provision, civil or criminal, of FECA or FARA by failing to report expenditures or by failing to register as a foreign agent." Suppl. Br. at 1.  He specifically claims that the Indictment against Concord (Dkt. 1) adequately alleges the existence of such legal duties and accompanying violations, but that such allegations in any event are unnecessary to make out his defraud conspiracy charge against Concord under 18 U.S.C. § 371.  The Special Counsel is wrong on both counts.

As a threshold matter, if the Special Counsel's claimed allegations of legal reporting and registration duties and violations of those duties are unnecessary to his § 371 *Klein* conspiracy charge, then why does he care what the Court assumes with respect to those alleged duties and violations?  The Indictment obliquely alludes to such duties because, in fact, they are at the heart of the Special Counsel's theory: that Concord and the Defendants conspired to avoid those duties and thus obstruct the government's functions of administering the statutes—FECA and FARA—that impose those very duties.  With the pleading and legal defects of that theory now laid bare, the Special Counsel cobbles together disparate allegations in the Indictment to try to meet what is needed—a showing that Concord or the other Defendants owed statutorily-mandated FECA reporting or FARA registration duties, and knew those statutes and duties existed and what they required.  The flaws in that effort, however, are apparent.

*First*, "'[i]n ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the *face* of the indictment and, more specifically, the *language used* to charge the crimes.'"  *United States v. Sunia*, 643 F. Supp. 2d 51, 60 (D.D.C. 2009) (citation omitted) (emphasis in original).  "'Adherence to the language of the indictment is essential

because the Fifth Amendment requires that criminal prosecutions be limited to the unique allegations of the indictments returned by the grand jury.'" *Id.* (citation omitted).  The fact that the Court found it necessary, after hundreds of pages of briefing and extensive oral argument, to ask the Special Counsel what the Indictment actually charged, alone supports dismissal.[2]  The Special Counsel's revisionist explanations of what he now says the Indictment provides cannot be considered by the Court to determine if the Indictment charges a crime.  *See Russell v. United States*, 369 U.S. 749, 770 (1962) ("To allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure.").

*Second*, the allegations the Special Counsel points to, on examination, do not provide what he says.  There is no particularity showing that the Defendants, including Concord, "had legal duties to report election-related expenditures and to register as foreign agents and agreed to engage in conduct that would violate such duties."  Suppl. Br. at 1.  The highlighted allegations generically refer to: (i) purported failures to report expenditures or register as foreign agents; (ii) laws (presumably FECA and FARA) that generally regulate such reporting and registration; and (iii) advertisements connected to Defendants.  *See* Suppl. Br. at 1–2.  But the Indictment conspicuously fails to allege that Concord or the other Defendants owed, or violated, any reporting or registration duties, or that anyone who did owe such duties violated them in

---

[2]   The Court explicitly noted at the hearing that the Indictment fails to identify who had an alleged obligation to report to the Federal Election Commission ("FEC").  *See* Transcript of Oct. 15, 2018 Hearing ("Hr'g Tr.") at 30:9-11.  The Special Counsel never provided an answer to that question.  *Id*. at 30-31.  But it is impossible for a grand jury to lawfully indict any defendant for defrauding the FEC without knowing who allegedly did what.

connection with Defendants' alleged conspiracy. *See* Mem. in Supp. of Mot. to Dismiss (Dkt. 46) at 6–7, 14–15; Reply Mem. in Supp. of Mot. to Dismiss (Dkt. 62) at 15–17.

Nor, just as notably, does the Indictment allege that Concord acted "willfully"—that is, that it knew these reporting and registration duties existed under U.S. law or to whom the duties attached. *See* Mem. in Supp. of Mot. to Dismiss at 22–23, 33–34; Reply Mem. in Supp. of Mot. to Dismiss at 7–9. So, as far as the Court's questions are concerned, in ruling on Concord's motion to dismiss, the Court should assume that no such duty is owed; that no violation by or connected to Concord or the other Defendants occurred; and that Concord had no knowledge of any such duty or violation. No contrary statement in the Supplemental Brief can change what the Indictment says (or rather, what it does not say). *See United States v. Kolter*, 71 F.3d 425, 433 (D.C. Cir. 1995) (allegations made only in briefs but "not in the indictment . . . cannot make valid an otherwise insufficient indictment").

***Third***, while Concord agrees that ***factual*** allegations in the Indictment must be accepted as true when considering the sufficiency of the Indictment, that is not the case for conclusions of law or legal arguments contained in the Indictment. *See United States v. Ballestas*, 795 F.3d 138, 149 (D.C. Cir. 2015) (recognizing that "[w]hen considering a motion to dismiss an indictment, a court assumes the truth of those *factual* allegations" (emphasis added)); *United States v. Concord Mgmt. & Consulting LLC*, 317 F. Supp. 3d 598, 606 (D.D.C. 2018) (same); *see also United States v. Harder*, 168 F. Supp. 3d 732, 737 (E.D. Pa. 2016) (recognizing that "[i]n deciding a motion to dismiss, I must accept factual allegations and *disregard legal conclusions* to determine whether the alleged facts constitute a crime" (emphasis added)); *cf. United States v. Yakou*, 428 F.3d 241, 247 (D.C. Cir. 2005) (recognizing that pretrial dismissal of an indictment based upon a question of law is subject to *de novo* review). As such, the Court can

certainly reject conclusions of law such as, Defendants made expenditures "without proper regulatory disclosure," Indictment ¶ 7, or arguable implications that failure to register under FARA or make certain disclosures to the FEC were unlawful, because such acts or omissions are only unlawful if done willfully, *see* Suppl. Br. at 2 ("The indictment further alleges that Concord and its co-conspirators agreed to engage in conduct that violated FECA's prohibitions on certain expenditures by foreign nationals."). Moreover, as noted, the paragraphs of the Indictment the Special Counsel cites allege no such thing, which is at the heart of the matter of his failure to charge a crime. And again, no mere statement in the Supplemental Brief can cure that.

*Fourth*, beyond all this, the Special Counsel uses his Supplemental Brief to repeat a contention not responsive to the Court's queries—that the "government is not required to prove that the conspirators actually violated FECA or FARA." Suppl. Br. at 3. The Special Counsel is obsessed with repeating this argument never made by Concord. Concord has not argued—and the Court did not suggest at the hearing—that the Special Counsel must prove "actual[] violat[ions]" of FECA and FARA to make out its § 371 defraud conspiracy charge against Concord.

What Concord has actually argued is that in this unprecedented, never-before-imagined, make-believe § 371 *Klein* conspiracy case, the Special Counsel must point to allegations that lay out the particular "lawful governmental functions" with which Concord allegedly conspired to interfere and that demonstrate Concord's specific intent to defraud the United States with respect to those functions. Here, these "lawful governmental functions" are defined by the complex and arcane reporting and registration schemes under FECA and FARA that the Government has invoked, and with which Concord has allegedly conspired to interfere. But there are no

allegations identifying which Defendant had any such obligations or engaged in any omission connecting the alleged facts to these statutory requirements.

The Government's answer—that its allegations of various "acts of deception in addition to the failure to report under FECA or to register under FARA," such as the "use of false social media accounts" and "email accounts under false names[,]" alone are sufficient to support its *Klein* conspiracy charge (Suppl. Br. at 3)—is not, and cannot be, right. Any alleged deception or obstruction acquires legal significance based on what the lawful government function actually is: what duties are created by the FECA and FARA statutes and implemented by DOJ? And if an ordinary citizen does not know any of that, then the indictment must allege the conspirator knows it or there is no blameworthy mental state and the indictment is defective. This is not a violent crime or drug case. Specifically, where, as here, the Indictment threatens to criminalize innocent conduct (pretending to be someone else on the internet), culpability depends on sharing an illicit purpose to breach a defined duty that is owed to the government. Since that is not generally known, there must be specific allegations describing what the statutes require, Concord's awareness of those statutes, and Concord's specific intent to act to interfere with the identified regulatory functions. None of that is asserted.

*Fifth*, the Special Counsel concedes that allegations at least of specific intent to defraud are required. *See* Hr'g Tr. at 31:22-32:1. At the hearing, the Court seemed to suggest it thought the Indictment alleged such specific intent. *Id.* at 17:5–9; 31:22–32:1. But the words "specific intent" do not appear anywhere in the Indictment, nor do any other words such as "willfully," which would indicate the grand jury was not properly instructed on the law as required. *Cf. United States v. Rhone*, 864 F.2d 832, 834 (D.C. Cir. 1989) (approving a portion of a jury instruction that stated, "A person who knowingly does an act which the law forbids, intending

with bad purpose, either to disobey or disregard the law, may be found to act with specific intent;" but reversing conviction because the court also instructed the jury, "And I should point out at this time that ignorance of the law is no excuse." (internal quotation marks and emphasis omitted)).

Not only are the requisite knowledge and intent not alleged, the Special Counsel now wants it both ways. That is, he wants the Court to accept that the Special Counsel was not required to plead willfulness while at the same time he argues that the Indictment in fact alleges that Concord or its alleged co-conspirators did have an obligation to register under FARA and report expenditures to the FEC. *See* Suppl. Br. at 1.[3] If accepted, this argument would allow the government to remove the willfulness requirement from every statute where it exists simply by indicting violations under the defraud clause of § 371. For example, instead of indicting a defendant for willfully conspiring to violate the Arms Export Control Act by failing to register and/or apply for an export license, *see* 22 U.S.C. § 2778(c), the government could simply charge a § 371 conspiracy to defraud the State Department, and like magic remove the Congressionally mandated requirement under § 2778(c) to allege and prove willfulness. That is not what Congress intended and it is an abuse of § 371 that threatens to expand that statute far beyond its scope. As the Special Counsel would have it, any two persons, domestic or foreign, are in violation of § 371 if they say or do anything that could arguably interfere with any regulatory activity of the United States government as long as they have some unspecific knowledge that

---

[3] Respectfully, another way to ask the same questions the Court posed would have been to inquire of the Special Counsel whether the Indictment would be valid if the Court disregarded whether or not Concord was legally obligated and failed to register or make disclosures. The Special Counsel's "no" answers to the questions posed by the Court would also require a "no" answer to the question as reformulated; which is in fact a concession that the Indictment is invalid.

the United States has a government that regulates things.  *See* Hr'g Tr. at 35.  Furthermore, any two foreign persons, having never entered the United States, would be in violation of § 371 if they engage in any speech that is repeated in any format in the United States that appears to advocate for the position of another foreign person unless they have registered under FARA.  These positions are equally dangerous and ridiculous, and probably for that reason they have never before been argued by the government.

As is clear from the face of the Indictment, and as the Court already has concluded, the Special Counsel did not instruct the grand jury as to willfulness.  *See* Hr'g Tr. at 22:22–24.  The Special Counsel now states emphatically that the Indictment alleges that Concord or its alleged conspirators had to register and file disclosures and that failure is a violation of law.  But those acts or omissions cannot be a violation of law unless done willfully.  As such, Concord was deprived of its Fifth Amendment right to a lawful indictment by the grand jury.

Finally, to be clear and as stated by undersigned counsel at the hearing, Concord is not arguing that every § 371 defraud charge requires willfulness.  Instead, it maintains that this Indictment, charging interference with an election by use of social media (against which there is no statutory prohibition) based on a § 371 defraud theory where the Special Counsel now concedes and argues that the Indictment does allege underlying substantive violations as the basis of the fraud, must be dismissed because the grand jury was not properly instructed as to the essential element of intent and further because the Indictment does not actually charge the crime that the Special Counsel claims he indicted.

<table>
<tr><td>Dated: October 25, 2018</td><td>Respectfully submitted,</td></tr>
</table>

Dated: October 25, 2018

Respectfully submitted,

CONCORD MANAGEMENT
AND CONSULTING LLC

By:  */s/ Eric A. Dubelier*
Eric A. Dubelier (D.C. Bar No. 419412)
Katherine J. Seikaly (D.C. Bar No. 498641)
REED SMITH LLP
1301 K Street, NW
Suite 1000 – East Tower
Washington, DC  20005-3373
202.414.9200 (phone)
202.414.9299 (fax)
dubelier@reedsmith.com
seikaly@reedsmith.com

James C. Martin*
Colin E. Wrabley*
REED SMITH LLP
225 Fifth Avenue
Pittsburgh, PA 15222-2716
412.288.3131 (phone)
412.288.3063 (fax)
jcmartin@reedsmith.com
cwrabley@reedsmith.com

*Admitted Pro Hac Vice*