**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CONCORD MANAGEMENT AND CONSULTING LLC<br><br>Defendant. | CRIMINAL NUMBER:<br><br>1:18-cr-00032-2-DLF |

**DEFENDANT CONCORD MANAGEMENT AND CONSULTING LLC'S OPPOSITION TO GOVERNMENT'S MOTION FOR LEAVE TO FILE AN *EX PARTE, IN CAMERA*, CLASSIFIED ADDENDUM TO ITS OPPOSITION TO DEFENDANT'S MOTION TO DISCLOSE DISCOVERY PURSUANT TO PROTECTIVE ORDER**

Defendant Concord Management and Consulting LLC ("Concord" or "Defendant"), through counsel, submits this opposition to the Government's Motion for Leave to File an *Ex Parte*, *In Camera*, Classified Addendum to the Government's Opposition to Defendant's Motion to Disclose Discovery Pursuant to Protective Order.

In this first-of-its-kind, make-believe case the Special Counsel now seeks to completely obliterate any remaining rights of Concord to defend itself, and in typical fashion provides only completely misleading case authority for the remarkable proposition that he should be able to continue to whisper secrets to the Court. Since the Special Counsel has already gotten away with this once as he notes in his Motion, this Opposition is likely fruitless, but object we must both for Concord and every other defendant to whom the Special Counsel believes the laws and rules of the United States no longer apply to his novel adventures. The Special Counsel has made up a crime that has never been prosecuted before in the history of the United States, and now seeks to make up secret procedures for communicating *ex parte* to the court which have never been employed in any reported criminal case not involving classified discovery. There is a reason for

the absence of any case law supporting the Special Counsel's request and it can be found at both the Supreme Court and within this Circuit, that is, "[i]n our adversary system, it is enough for judges to judge. The determination of what may be useful to the defense can properly and effectively be made only by an advocate." *Dennis v. United States*, 384 U.S. 855, 875 (1966). Moreover, *ex parte* proceedings are generally disfavored even when the federal rules expressly permit them, and most often occur only when the government is seeking to convince the court that specific classified discovery is not material, which is not the case here. *See United States v. George*, 786 F. Supp. 11, 16 (D.D.C. 1991).

The Court will recall that from the outset the Special Counsel maintained that there was no classified information in this case. In fact, the Special Counsel continues to concede that the discovery in this case contains no classified information. Instead the Special Counsel asks the Court to accept secret *ex parte* communications from him to support the unprecedented argument that the Defendant itself cannot view millions of pages of non-classified discovery. This request is just another squinch to support the novelty of this entire proceeding. Undersigned counsel has been unable to identify any reported case where a corporate defendant was denied access to discovery, as the Special Counsel seeks here. Similarly, there is no reported case to support the Special Counsel's instant motion.

The Special Counsel's nifty way to deal with his personally-created insurmountable problem is to first claim that *United States v. Napue*, 834 F.2d 1311 (7th Cir. 1989), supports his motion; but nothing could be further from the truth. In this thirty-year-old, out-of-circuit case, Napue, a convicted drug dealer, sought disclosure of the names of all government witnesses well in advance of trial. The *Napue* court concluded that the defendant had no constitutional or statutory right to this information in advance of trial. *See id*. at 1316. However, in noting its

agreement with Napue "that *ex parte* communications between the trial court and the prosecution in a criminal case are to be greatly discouraged . . .," the trial court asked the prosecutor to provide an *ex parte* submission explaining in detail the danger to each witness of potential early disclosure of this non-mandatory discovery. *Id*. at 1316, 1320 On appeal, Napue could not establish prejudice because all of the witness names were ultimately disclosed and the trial court allowed sufficient time for defense counsel to prepare cross-examination. *Id*. at 1323. However, the Court of Appeals blasted the prosecutors conduct as "particularly disturbing" for providing only summaries of information to the trial court instead of grand jury testimony and police reports in support of its motion. *Id.* at 1321-22. Critically, the *Napue Court* explicitly noted that *ex parte* communications between the court and the prosecutor "can create both the appearance of impropriety and the possibility of actual misconduct." *Id*. at 1318-19.

A first year law student would likely question how *Napue* helps the Special Counsel here, where the Special Counsel wants to secretly traduce Concord and co-defendants to the Court so the Court will deny ***all allegedly sensitive*** discovery to Concord. The Court has not asked for an *ex parte* submission, as was the case in *Napue*. And the *ex parte* submission in *Napue* was determined on appeal to be both improper and insufficient, saved only because the witness names were ultimately provided to the defendant. The Special Counsel here is not seeking delay in production, but instead asking to Court to prohibit Concord ***forever*** from seeing the obligatory discovery. Putting aside for the moment the question of how this would work at an actual trial (it will not), the Special Counsel bizarrely notes that "should discovery in this case continue . . ." he now intends to invoke the Classified Information Procedures Act ("CIPA") despite the fact that none of the discovery is classified. *See* Motion at 4 n.2. But the Special Counsel has not completed discovery even to defense counsel, so what the heck is he now talking about?

Next it looks as if the Special Counsel tossed in *United States v. Yunis,* 867 F.2d 617 (D.C. Cir. 1989), just to have a case from this Circuit. It is reasonable to ask if he just threw a dart at the Federal Reporter. In *Yunis*, the prosecutor made *ex parte* submissions specifically pursuant to the procedures set forth under CIPA, and the appellate court determined on interlocutory appeal by the government that the classified discovery was not relevant to the defense. Here, again, there is no classified discovery. Instead, the Special Counsel invokes *Yunis* for the proposition that it can provide *ex parte* classified reasons to the court without any CIPA proceeding about why the Defendant is not entitled to discovery of non-classified discovery at all. *Yunis* said no such thing and cannot be extended to support any such argument.

Here, like everything else in this case, the Special Counsel has already unilaterally determined that his proposal cannot possibly prejudice Concord. *See* Mot. at 3. But that is not within the power of any prosecutor to decide. If the Court were to permit this unprecedented conduct, it will be absolutely impossible for Concord to effectively challenge until appeal the propriety of any resulting discovery order. That seems to be the Special Counsel's plan despite the fact that at a minimum it will have the appearance of impropriety, and in the worst case will create the possibility of actual misconduct in leaving it to the Court alone to determine the validity of the arguments provided by the Special Counsel absent any scrutiny by the Defendant. That is not how criminal cases proceed in the United States.

Finally, it is worth noting that while undersigned counsel continues to work through the millions of pages of allegedly sensitive discovery, they would be hard-pressed at this point to identify any sensitive discovery that fits within the categories outlined by the Special Counsel in his prior briefing regarding the protective order. *See* Gov't Mot. for Protective Order at 6-8, Dkt. 24. In contrast, it seems as if the Special Counsel himself is ignorant of the information

available to the general public of the collection techniques he used in this matter, as noted in Concord's Motion for Approval to Disclose Discovery Pursuant to Protective Order at 13-15, Dkt. 77. Could the manner in which he collected a nude selfie really threaten the national security of the United States?

For the reasons set forth above, Defendant Concord Management and Consulting LLC respectfully requests that the Court deny the government's motion.

Dated: December 27, 2018

Respectfully submitted,

CONCORD MANAGEMENT AND CONSULTING LLC

By Counsel

/s/*Eric A. Dubelier*
Eric A. Dubelier
Katherine Seikaly
Reed Smith LLP
1301 K Street, N.W.
Suite 1000 – East Tower
Washington, D.C. 20005
202-414-9200 (phone)
202-414-9299 (fax)
edubelier@reedsmith.com
kseikaly@reedsmith.com