UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA )
)
)
v. ) Criminal No. 18-CR-32 (DLF)
)
)
)
CONCORD MANAGEMENT AND )
CONSULTING, LLC, et al., )
)
Defendants. )

**GOVERNMENT'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE AN *EX PARTE*, *IN CAMERA*, CLASSIFIED ADDENDUM TO THE GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISCLOSE DISCOVERY PURSUANT TO PROTECTIVE ORDER**

As this Court has previously found, and as the Government will further establish in its forthcoming opposition, there exists "good cause" under Rule 16(d)(1) to consider and impose restrictions on the dissemination of discovery (particularly restrictions pertaining to the fugitive co-defendant, Yevgeniy Prigozhin) to "protect the important national security, law enforcement, and privacy interests at issue in this case." June 29, 2018, Mem. Op. & Order at 4, Dkt. 42. Those important interests—in particular, those threatening the national security of the United States—remain squarely at issue. Under these unique circumstances, the applicable caselaw provides ample basis upon which the Court may properly consider a limited, factual *ex parte* addendum and the Defense arguments to the contrary are without merit.

In this limited filing, the Government seeks leave to provide the Court, *ex parte*, *in camera*, certain classified information in connection with its forthcoming opposition to Concord's Motion for Approval to Disclose Discovery. *See* Dkt. 77 (Concord's motion); Dkt. 80 (Government's motion for leave to file *ex parte*). This classified information is *not* information

to which Concord would be entitled in discovery; rather it is information pertinent only to the Court's consideration of appropriate restrictions to be placed on the dissemination of sensitive discovery. At issue in Concord's motion, among other things, is its request to share this sensitive discovery with Prigozhin, a Russian national who controls Concord, but is also a co-defendant and remains a fugitive. As Concord acknowledges, when this same issue—sharing discovery with Prigozhin—was previously before the Court, the Court permitted the Government to proceed *ex parte* in presenting certain information in support of its publically-filed arguments. *See* June 29, 2018, Mem. Op. & Order, Dkt. 42; June 27, 2018, Tr. 20, Dkt. 41. The Court's decision to grant such permission was well within its discretion and is consistent with the explicit and well-established provisions of Federal Rule of Criminal Procedure ("Rule") 16(d)(1) (permitting consideration of *ex parte* submissions in discovery disputes). So too here. Indeed, given that the Government's proposed addendum to its forthcoming public filing would contain classified information, the grounds for considering that information *ex parte* are only stronger than before.

In its opposition (at 2-3), Concord takes issue with the Government's citation to *United States v. Napue*, 834 F.2d 1311, 1320-23 (7th Cir. 1987), for the proposition that a district court may consider *ex parte* submissions when determining whether there is "good cause" under Rule 16(d)(1) to "deny, restrict, or defer discovery or inspection, or grant other appropriate relief." *Napue*, which involved concerns about witness safety, stands for that precise proposition.[1] It is

[1] *Napue* explicitly endorsed the trial court's decision to consider information *ex parte*:

> The district court did not abuse its discretion in making the initial decisions to allow the *ex parte* proceedings. In each instance, the court was presented with a plausible argument by the government that providing [the defendant] with the information requested would endanger its witnesses and deter them from testifying. Under such circumstances, the court acted reasonably in asking the government to explain and support its objections in an *ex parte* communication.

likewise well-recognized that a court's consideration of *ex parte* information in such discovery disputes may be especially appropriate when national security is concerned, and this is true notwithstanding the general rule that *ex parte* submissions are disfavored. *See* Rule 16 advisory committee's notes (1966 amendment).

Further, as the Government explained in the instant motion, the prejudice to Concord of an *ex parte* filing in this instance is further diminished, given that Concord is not entitled to the information that the Government seeks to provide the Court.[2] And, given that the information is

---

> The court clearly benefited from having this information, but providing it simultaneously to [the defendant] would have risked revealing the identities of the witnesses that the government sought to protect. As previously noted, courts have recognized circumstances such as these as justifying an *ex parte* proceeding, as do the notes to Rule 16.

834 F.2d at 1320-21. To be sure, *Napue* goes on to lament that the district court "did not permit [the defendant] to respond to the government's charges" or "allow[] [the defendant] some opportunity to respond without revealing the witnesses' identities." *Id.* at 1321. The decision also criticizes the government's failure "to document its allegations to the court" and "failure to substantiate its allegations," calling into question the reliability of its representations. *Id.* at 1321-22. However, even as to these two "procedural problems," as the *Napue* court refers to them, the court declines to assess error and "decline[s] to impose rigid requirements on a court's use of *ex parte* proceedings" in the context of discovery disputes. *Id.* at 1321-23.

In contrast to *Napue*, the Government in this case proposes filing *ex parte* only a limited addendum to its public filing, providing additional (but classified) details supporting the Government's public arguments, to which Concord may respond. As to the reliability and value of the information submitted *ex parte*, the Court is of course free to give that information as much or as little weight as it sees fit, and the Court can and should take into account the fact that information presented *ex parte* is untested by the adversarial process. Indeed, *Napue* says just that. *Id.* at 1322 (deficiencies in the government's *ex parte* representations "should be considered when weighing them against [a defendant's] discovery needs").

[2] Specifically, the information, which is classified, is either not relevant to the merits of the case (and thus not discoverable), or, to the extent it is relevant, it is not otherwise "helpful" to the defense and would properly be withheld from discovery in *ex parte* proceedings under the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3 § 4; *United States v. Yunis*, 867 F.2d 617, 623 (D.C. Cir. 1989). Thus, the Government submits, any prejudice inherent in providing information *ex parte* in this instance is inconsequential, as compared to a circumstance in which Concord might have some other claim to the information.

Concord (at 4) misconstrues the Government's citation to *Yunis* in this context. *Yunis*, applying CIPA, held that "classified information is not discoverable on a mere showing of

classified, and that disclosure of the information could cause exceptionally grave damage to the national security, an *ex parte* submission is the only means by which the Government can provide the information to the Court.

For these reasons, and those presented in the Government's initial filing, the Court should grant the Government's motion and permit the *ex parte* submission of a classified addendum to the Government's forthcoming opposition to Concord's motion.

---

theoretical relevance in the face of the government's classified information privilege, but that the threshold for discovery in this context further requires that a defendant seeking classified information . . . is entitled only to information that is at least helpful to the defense of the accused." *Id.* (internal quotation marks and citation omitted). The point here is merely that, even to the extent the Government's *ex parte* addendum contains information that is "relevant" to the merits of the case, Concord would not be entitled to that information, because it is not "helpful." The Government is not arguing that *Yunis* authorizes the Court to consider information *ex parte* in resolving Concord's motion regarding restrictions on discovery. As noted above, Rule 16(d)(1) provides that authority.

Respectfully submitted,

ROBERT S. MUELLER, III
Special Counsel

*/s/*
Jeannie S. Rhee
L. Rush Atkinson
U.S. Department of Justice
Special Counsel's Office
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 616-0800

JESSIE K. LIU
UNITED STATES ATTORNEY

*/s/*
Deborah Curtis
Jonathan Kravis
Kathryn Rakoczy
U.S. Attorney's Office, District of Columbia
555 4th Street, NW
Washington, D.C. 20530
(202) 252-6920

JOHN C. DEMERS
Assistant Attorney General

*/s/*
Heather N. Alpino
U.S. Department of Justice
National Security Division
950 Pennsylvania Ave. NW
Washington, D.C. 20530
(202) 514-2000

Dated: December 31, 2018