IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CONCORD MANAGEMENT AND CONSULTING LLC<br><br>Defendant. | CRIMINAL NUMBER:<br><br>1:18-cr-00032-2-DLF |

**DEFENDANT CONCORD MANAGEMENT AND CONSULTING LLC'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY FROM THE UNITED STATES**

Defendant Concord Management and Consulting LLC ("Defendant" or "Concord"), by and through undersigned counsel, submits this reply in support of its Motion to Compel Discovery from the United States.

**"Everything secret degenerates, even the administration of justice; nothing is safe that does not show how it can bear discussion and publicity."[1]**

In the Special Counsel's secret pleading he concedes he took investigative action relating to information that was identical to that which Defendant provided to firewall counsel just seven days earlier. The Special Counsel states that he did not obtain the information from firewall counsel. The Special Counsel also states that if simply trusting him that everything is just peachy is not sufficient, he can tell more *ex parte* secrets to the Court to support his position. The Special Counsel's argument is reminiscent of Otter's famous line, "Flounder, you can't spend your whole life worrying about your mistakes! You f**ked up . . . you trusted us. Hey, make the best of it."[2]

---

[1] Letter from Lord Acton (Jan. 23, 1861), *in Lord Acton and His Circle* 165, 166 (Gasquet ed. 1906).
[2] Animal House (Universal Pictures 1978).

1

Notably lacking from any communication to undersigned counsel or the Court regarding this matter is whether any investigators or staff working for the firewall counsel or the Special Counsel may have improperly transmitted the above-referenced information. Surely the Special Counsel could answer that question without compromising any ongoing use of a grand jury to unilaterally conduct discovery in an already indicted case. But no, instead just a curiously sealed pleading containing not a single citation to any case authority proposing more *ex parte* secrets to the Court. For a Special Counsel who claims that secretly pretending to be someone you are not on the internet is a conspiracy against the United States, one might think that all of his proposed secrets in prosecuting this matter are a conspiracy to deny the Defendant its right to a fair, open and public determination of its case.

The Court issued an unprecedented and onerous Protective Order (Dkt. 42-1), containing only one concession to the Defendant; that is, Defendant could supposedly communicate information to firewall counsel without that information winding up with the Special Counsel. As to the first and only such communication, the Special Counsel took investigative action seven days later. It is the responsibility of the Court to determine whether a violation of the Protective Order occurred. *See United States v. Pollard*, 416 F.3d 48, 59 (D.C. Cir. 2005) (Rogers, J., concurring in part and dissenting in part) (quoting *Poliquin v. Garden Way, Inc.*, 989 F.2d 527, 535 (1st Cir. 1993)). A simple lawyers' denial that does not contain any reference to their staff or investigators cannot support a conclusion that no violation occurred.

For the reasons set forth above and in Concord's Motion, Defendant respectfully requests that the Court order the Special Counsel's Office to provide the requested discovery.

Dated: January 4, 2019                                         Respectfully submitted,

CONCORD MANAGEMENT AND
CONSULTING LLC

By Counsel,

/s/*Eric A. Dubelier*
Eric A. Dubelier
Katherine Seikaly
Reed Smith LLP
1301 K Street, N.W.
Suite 1000 – East Tower
Washington, D.C. 20005
202-414-9200 (phone)
202-414-9299 (fax)
edubelier@reedsmith.com
kseikaly@reedsmith.com