IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CONCORD MANAGEMENT AND CONSULTING LLC<br><br>Defendant. | CRIMINAL NUMBER:<br><br>1:18-cr-00032-2-DLF |

**DEFENDANT CONCORD MANAGEMENT AND CONSULTING LLC'S RESPONSE TO COURT'S REQUEST REGARDING SCHEDULING**

Defendant Concord Management and Consulting LLC ("Defendant" or "Concord"), by and through undersigned counsel, respectfully states as follows:

On Friday, January 4, 2019 at 7:21 PM, the Court ordered the parties to appear for a "status hearing" on Monday January 7, 2019 at 11:00 AM. (Jan. 4, 2019 Minute Order.) The Court did not follow its normal practice of consulting in advance with the parties regarding availability. The parties appeared at 11:00 AM. The Court took the bench at approximately 11:35 PM. First, the Court excoriated undersigned counsel for recent pleadings that the Court characterized as attacks on the Special Counsel. (Transcript of Jan. 7, 2019 Hearing at 4-5.) Then the Court announced its intention to proceed with a hearing on a pending motion even though neither party asked for a hearing, nor had the Court advised the parties to prepare for such hearing. The Defendant respectfully refused to proceed, and then the Court requested that the Defendant advise the Court by the end of the day today, January 8, 2019, of Defendant's availability to participate in a sealed hearing regarding its Motion to Compel Discovery from the United States (Dkt. 78).

It is clear that at each court appearance the government has been represented by ten or more lawyers and investigators working for the Special Counsel, the U.S. Department of Justice National Security Division, and the United States Attorney for the District of Columbia. Each one of these individuals is an experienced attorney, perfectly capable of advocacy on behalf of the government. None of them, in pleadings or in court, have expressed any problems with the content or tone of Defendant's filings other than vigorously opposing the relief sought. For a reason unknown to undersigned counsel, the Court took it upon itself to defend the Special Counsel, creating at a minimum an appearance of bias or prejudice in favor of the government.[1] *See United States v. Bostick*, 791 F.3d 127, 155 (D.C. Cir. 2015) (Kavanaugh, J.) (noting that "a showing of an *appearance* of bias or prejudice sufficient to permit the average citizen reasonably to question a judge's impartiality is all that must be demonstrated to compel recusal") (quoting *United States v. Heldt*, 668 F.2d 1238, 1271 (D.C. Cir. 1981)) (emphasis original).

Perhaps more importantly however, the Court did not consider the fact that while the mainstream media has largely ignored Defendant's pending motions, when the word "Judge" appears before a person's name, this political adornment suggests to the public that there now is some higher level of wisdom than among the mere mortal lawyers in the case, and as such, every single mainstream media organization repeated the Court's words as gospel. The direct consequence was swift and clear; that is, undersigned counsel have received overnight and continuing today a flow of hatred in the form of voicemail and electronic mail from self-proclaimed patriots containing threats, intimidation, and the desire that both undersigned counsel

---

[1] Regardless of the Court's intent, the media reported the Court's words as a defense of the Special Counsel. *See* Charlie Gile and Rich Schapiro, *Trump-appointed judge defends Mueller, scolds lawyer for Russian firm*, NBCNews, Jan. 7, 2019, https://www.nbcnews.com/politics/justice-department/trump-appointed-judge-defends-mueller-scolds-lawyer-russian-firm-n955756.

promptly die. One communication specified that the cause of death for Ms. Seikaly should be by fire. Apparently some of these brave self-proclaimed patriots were whipped into their frenzy by a cable television entertainer unknown to undersigned counsel named Rachel Maddow who devoted a significant portion of her variety program to the words spoken by the Court yesterday. So while counsel's words used in advocacy can hurt, the words of a Judge can have devastating consequences.

To the specific issues raised by the Court yesterday, undersigned counsel are available at the Court's convenience for a sealed hearing on the grand jury matter but respectfully note that in light of the Court's order during yesterday's sealed proceedings, there appears to be no reason for a hearing. Defendant notes that all it was seeking in the first place was for the Special Counsel to explain the manner by which it obtained the information.[2]

Finally, Defendant would note that yesterday the Court stated that Defendant would only prevail on the pending discovery motion if the facts and law were on Defendant's side. (Transcript of Jan. 7, 201 Hearing at 5.) Unfortunately, it appears that the Court believes it is the burden of the Defendant to establish it is entitled to discovery as opposed to the burden of the Special Counsel to establish that Defendant is not entitled to discovery. Given the fact that there is no case law to support the Special Counsel's position in this case, Defendant remains perplexed by the Court's statement, but will leave that argument for another day.

Dated: January 8, 2019                                   Respectfully submitted,

---

[2] The tone of Defendant's reply pleading regarding this issue (Dkt. 85) was intended to highlight the fact that in his opposition memorandum the Special Counsel simply opposed the request, cited no case authority in his pleading, and provided no declaration or affidavit to the Court under seal or otherwise. It is curious why the Court was not offended by the Special Counsel's filing as well.

CONCORD MANAGEMENT AND
CONSULTING LLC

By Counsel,

/s/*Eric A. Dubelier*
Eric A. Dubelier
Katherine Seikaly
Reed Smith LLP
1301 K Street, N.W.
Suite 1000 – East Tower
Washington, D.C. 20005
202-414-9200 (phone)
202-414-9299 (fax)
edubelier@reedsmith.com
kseikaly@reedsmith.com