UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>**CONCORD MANAGEMENT AND CONSULTING LLC**<br><br>Defendant. | Crim. No. 18-CR-32-2 (DLF) |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S SECOND MOTION FOR <u>DISCOVERY REGARDING SELECTIVE PROSECUTION</u>**

The United States of America respectfully opposes defendant Concord Management and Consulting LLC's second motion for discovery on a claim of selective prosecution. Dkt. No. 93. Like its first motion, Concord's second selective prosecution motion fails to meet the severe standard for overcoming the presumption of regularity that attaches to prosecutorial decision-making. *See United States v. Armstrong*, 517 U.S. 456, 464 (1996).

On February 16, 2018, a grand jury returned an eight-count indictment in this case against thirteen Russian individuals and three Russian corporations. Dkt. No. 1. The allegations set forth in that indictment are summarized in the government's opposition to Concord's first selective prosecution motion. Dkt. No. 63.

On August 29, 2018, Concord filed its first motion for discovery regarding selective prosecution. Dkt. No. 61. In that motion, Concord noted that "[w]idely-reported news stories have brought to light various attempts by foreign nationals to influence the 2016 presidential election," and argued that "[t]hose efforts provide the basis for a 'colorable claim' that the Special Counsel has selectively pursued only individuals and entities of Russian nationality who allegedly supported the campaign of President Trump." *Id.* at 7. Concord further argued that the text of the

1

Appointment Order authorizing the Special Counsel's investigation that gave rise to this indictment constituted evidence of discriminatory purpose. *Id.* at 14. The government opposed Concord's motion, arguing that the examples cited by Concord did not involve similar conduct to that charged in the indictment, Dkt. No. 63, at 6, and that the Appointment Order did not show any improper motivation, *id.* at 9.

On October 15, 2018, the Court denied Concord's motion from the bench, ruling that Concord had not "presented evidence []tending to show the existence of either discriminatory effect or discriminatory intent." Tr. 10/15/18, at 71:20-22.

On January 22, 2019, Concord filed the instant motion, arguing that a recent "declination letter" issued by the Department of Justice's National Security Division ("NSD") regarding an allegation of a violation of the Foreign Agents Registration Act ("FARA") established grounds for discovery on Concord's claim of selective prosecution. Dkt. No. 93, at 1.

Concord's second motion for discovery on a claim of selective prosecution should be denied. A defendant is not entitled to discovery on a claim of selective prosecution absent a "colorable showing" that (1) the defendant was "singled out for prosecution from among others similarly situated" and (2) "the prosecution is improperly motivated, *i.e.* based on an arbitrary classification." *United States v. Blackley*, 986 F. Supp. 616, 617-18 (D.D.C. 1997). "The District of Columbia Circuit requires that this colorable showing be made with respect to both prongs of the test." *Id.*

Concord's second motion fails both prongs. As to the first, the law firm discussed in Concord's motion is no more "similarly situated" to Concord than the individuals identified in Concord's first motion. The indictment alleges a multi-year conspiracy to defraud the United States through a variety of deceptive acts that had, as one purpose, deceiving the United States

2

government and obstructing the lawful functions of multiple government agencies, including the Federal Election Commission, the Department of Justice's FARA Unit, and the State Department. The indictment further alleges that this conspiracy involved numerous acts of concealment, including the use of false personas on social media, the use of computer infrastructure to hide the origin of certain communications, making false statements in visa applications, and the destruction of evidence.

Those allegations are not remotely similar to the conduct alleged in the settlement agreement between NSD and the law firm. The agreement states that in reliance on a former partner, the law firm made false and misleading statements to the FARA Unit. Dkt. No. 93-1, at 2 ("The Law Firm also agrees that…[i]n concluding that the Law Firm was not obligated to register under FARA, the FARA Unit relied to its detriment on false and misleading oral and written statements made by a former Partner of the Law Firm on the Law Firm's behalf…."). The law firm is not alleged to have condoned the former partner's actions, let alone also to have engaged in anything akin to the numerous acts of deception and concealment as alleged against Concord. Nor is the former partner, let alone the law firm, alleged to have participated in any systemic effort to engage in U.S. election interference as the indictment describes.

To the contrary, the agreement explains that the law firm cooperated extensively with the investigation into the matter, and that the law firm has undertaken affirmative steps to enhance its internal procedures and processes. *Id.* at 3. The agreement notes that the law firm's "cooperation and other voluntary actions have facilitated the resolution of this matter." *Id.* By contrast, there has been no cooperation by Concord to facilitate the investigation and prosecution of any of its employees or affiliates. In short, Concord and the law firm are in no way similarly situated.

As to the second prong, Concord's motion sets forth no new argument to support its claim that this prosecution is improperly motivated.

Because Concord still has not made a colorable showing either that it was singled out for prosecution from among others similarly situated or that the prosecution is improperly motivated, it is not entitled to discovery on its claim of selective prosecution.

Respectfully submitted,

| | |
|---|---|
| ROBERT S. MUELLER, III<br>Special Counsel | JESSIE K. LIU<br>United States Attorney |
| By: /s/<br>Jeannie S. Rhee<br>L. Rush Atkinson<br>950 Pennsylvania Avenue NW<br>Washington, D.C. 20530<br>Telephone: (202) 616-0800 | By: /s/<br>Jonathan Kravis<br>Deborah Curtis<br>Kathryn Rakoczy<br>555 Fourth Street NW<br>Washington, D.C. 20530<br>Telephone: (202) 252-6886 |

JOHN C. DEMERS
Assistant Attorney General for National Security

By: /s/
Heather N. Alpino
U.S. Department of Justice
National Security Division
950 Pennsylvania Ave. NW
Washington, D.C. 20530
Telephone: (202) 514-2000