IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NUMBER: |
| v. | 1:18-cr-00032-2-DLF |
| CONCORD MANAGEMENT AND CONSULTING LLC | |
| Defendant. | |

**DEFENDANT CONCORD MANAGEMENT AND CONSULTING LLC'S REPLY IN SUPPORT OF ITS RENEWED MOTION FOR DISCOVERY REGARDING SELECTIVE PROSECUTION**

Defendant Concord Management and Consulting LLC ("Defendant" or "Concord"), by and through undersigned counsel, respectfully submits this reply in support of its renewed motion seeking discovery on the issue of selective prosecution.

**I.     Argument**

Relying on a single distinguishable case[1] and the Court's ruling on Concord's prior motion for discovery, the Special Counsel argues that this case is "not remotely similar" to the settlement with Skadden. Opp. 3. This is accurate in several respects, but not the ones the Special Counsel argues; that is, unlike Skadden (an American law firm), Concord (a Russian catering company with no presence in the United States) employed no American lawyers at all, let alone ones expert in the Foreign Agents Registration Act ("FARA"), was never given the opportunity to "cooperate extensively with the investigation into the matter," Opp. 3, and then buy its way out of a prosecution while laying all the blame on one allegedly rogue partner.

---

[1] The only case cited substantively in the Opposition is *United States v. Blackley*, 986 F. Supp. 616, 617-18 (D.D.C. 1997), which involved a motion to dismiss the indictment or, in the alternative, for an evidentiary hearing—not discovery, as Concord seeks here.

Skadden did not voluntarily disclose its criminal behavior, and its allegedly extensive cooperation would not have been possible had the Department of Justice not reached out to Skadden to ask for information regarding whether its work required registration pursuant to FARA. *See* Mot., Ex. 1 ¶ 47. And when the Department of Justice did reach out, according the declination letter Skadden lied and/or omitted material information. *See id.* ¶¶ 47-60, 63-67. Thus, while the Special Counsel may argue that Skadden is not alleged "to have engaged in anything akin to the numerous acts of deception and concealment as alleged against Concord," Opp. 3, it cannot dispute that Skadden has admitted that it engaged in deceptive conduct and concealment on multiple occasions.

Moreover, the Special Counsel inaccurately describes Concord's alleged conduct by stating the indictment "alleges a multi-year conspiracy to defraud the United States through a variety of deceptive acts . . . ." Opp. 3-4. But Concord is alleged only to have provided funding and unspecified oversight for acts engaged in by others, and neither Concord nor any officer or employee is alleged to have actually engaged in the acts listed by the Special Counsel. *Compare* Indictment ¶ 11 (alleging Concord "controlled funding, recommended personnel, and oversaw Organization activities") *with* ¶¶ 29-85 (alleging conduct by "Defendants and their co-conspirators" with no specific allegations against Concord or any of its officers or employees).

For selective prosecution purposes, Concord and Skadden *are* similarly situated at least in part because both are alleged to have conspired to defraud the DOJ's FARA Unit. *See United States v. Armstrong*, 517 U.S. 456, 465 (1996). Skadden acknowledged its culpability for such conduct by paying millions of dollars to DOJ in order to obtain the declination.[2] Skadden's

---

[2] The Special Counsel completely ignores the fact that there exists no statute under which Skadden could pay a penalty to the United States absent a FARA conviction. *See* Mot. 2, n. 1.

conduct is far more direct, obvious, and egregious than what is alleged against Concord, yet Skadden was not prosecuted.  Mot. 4.

Moreover, the Special Counsel's assertion that Skadden's cooperation distinguishes it from Concord is unconvincing.  Of course Skadden was more than happy to repay ill-gotten fees; there was no possible alternative other than criminal prosecution.  Concord, on the other hand, was never offered an opportunity to avoid its own prosecution.  That alone is enough of a disparity to warrant discovery.

As a final matter, the Special Counsel states that Concord provides "no new argument to support its claim that this prosecution is improperly motivated."  Opp. 4.  But the deal provided to Skadden is evidence that two legal entities, one American, and one Russian, were treated in a significantly disparate way.  The reason for this is known only to the Department of Justice, and that is why discovery should be ordered.  This disparate treatment strongly indicates that the prosecution against Concord is motivated solely by the fact that it is a Russian legal entity.  *See United States v. Washington*, 705 F.2d 489, 494-95 (D.C. Cir. 1983) (recognizing that a party seeking discovery on a selective prosecution claim need not produce direct evidence of discriminatory intent); *see also United States v. Hsia*, 24 F. Supp. 2d 33, 49 (D.D.C. 1998) (recognizing that the standard for obtaining discovery "necessarily is lower than the 'clear evidence' standard required for dismissal of the indictment."), *reversed in part and appeal dismissed*, 176 F.3d 517 (D.C. Cir. 1999) (citing *Armstrong*, 517 U.S. at 470).

**II.     Conclusion**

Because Concord has made the necessary "colorable showing," its motion for discovery in aid of a selective prosecution claim should be granted.

Dated:  February 12, 2019

Respectfully submitted,

CONCORD MANAGEMENT AND
CONSULTING LLC

By Counsel

/s/*Eric A. Dubelier*
Eric A. Dubelier
Katherine Seikaly
Reed Smith LLP
1301 K Street, N.W.
Suite 1000 – East Tower
Washington, D.C. 20005
202-414-9200 (phone)
202-414-9299 (fax)
edubelier@reedsmith.com
kseikaly@reedsmith.com