UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CONCORD MANAGEMENT & CONSULTING LLC,<br><br>*Defendant.* | Criminal Action No. 18-0032-2 (DLF) |

## ORDER

Before the Court is Concord Management and Consulting LLC's (Concord's) Renewed Motion for Discovery Regarding Selective Prosecution, Dkt. 93.  In support of its motion, Concord provides a declination letter dated January 15, 2019, from the U.S. Department of Justice to a U.S. law firm, Skadden, Arps, Slate, Meager & Flom (Skadden), that states that a partner at the firm made false and misleading statements to the Department of Justice's Foreign Agent Registration Act (FARA) Unit about Skadden's activities on behalf of the government of Ukraine.  Concord argues that Skadden's admitted conduct contained in an appendix attached to the declination letter is "far more . . . egregious than the allegations against Concord." Concord's Mot. at 4.  Concord further argues that the government's decision to fine and not prosecute Skadden shows that the government has treated Concord in a significantly disparate manner that justifies this Court granting Concord's motion for discovery on its claim of selective prosecution.  *Id.* at 2, 5.  The Court disagrees.

To prevail on a motion for discovery relating to a selective prosecution claim, "[a] criminal defendant must present 'some evidence tending to show the existence of'

(1) discriminatory effect and (2) discriminatory intent." Order at 1, Dkt. 66, (citing *United States v. Armstrong*, 517 U.S. 456, 468-69 (1996)). "To show discriminatory effect, Concord must make a credible showing of different treatment of similarly situated persons." *Id.* at 1 (citing *Armstrong*, 517 U.S. at 470).

Count One of the Indictment charges Concord and fifteen other individuals and entities with conspiring to defraud the United States by interfering with the lawful functions of three separate government agencies—the Federal Election Commission, the Department of Justice's FARA Unit, and the Department of State. *See* Indictment, Dkt. 1. As alleged, Concord or its co-conspirators "interfere[d] with the U.S. political system" by, among other things, "posing as U.S. persons and creating false U.S. personas," "operat[ing] social media pages and groups" that "falsely claimed to be controlled by U.S. activists," "us[ing] the stolen identities of real U.S. persons to post" on social media, *id.* ¶ 4, "travel[ing] to the United States under false pretenses for the purpose of collecting intelligence," "procur[ing] and us[ing] computer infrastructure . . . to hide the Russian origin of their activities and to avoid detection by U.S. regulators and law enforcement," *id.* ¶ 5, "buying political advertisements on social media in the names of U.S. persons and entities," and "solicit[ing] and compensat[ing] real U.S. persons" while "posing as U.S. grassroots entities and U.S. persons," *id.* ¶ 6. Concord allegedly contributed to this conspiracy by "spen[ding] significant sums," *id.* ¶ 3, "control[ling] funding," "recommend[ing] personnel," and "overs[eeing] [a co-defendant organization's] activities through reporting and interaction with [that organization's] management," *id.* ¶ 11.

The misconduct ascribed to Skadden in the declination letter is not similar in nature or scope to the conspiracy charged here. Although Skadden is alleged to have made false and misleading statements to the FARA Unit between 2012 and 2014, the statements were allegedly

made by a single former partner of the firm, and there is no allegation that the firm condoned, much less contributed to, the former partner's false and misleading statements. Significantly, unlike here, there is no claim that the firm engaged in a wide-ranging conspiracy with others to interfere with U.S. political processes and defraud the Federal Election Commission, the Department of State, and the Department of Justice. "Put simply, Concord has not made the 'credible showing of different treatment of similarly situated persons' required to obtain discovery." Order at 3 (citing *Armstrong*, 517 U.S. at 469).

Moreover, aside from its assertion that the deal provided to Skadden "strongly indicates that the prosecution of Concord is motivated solely by the fact that it is a Russian legal entity," Reply at 3, Concord has presented no new evidence to support its previous claim that the Special Counsel is prosecuting Concord because of its Russian nationality. For the reasons stated above and in the Court's earlier decision, *see* Order at 1, evidence related to the Skadden "deal" does not constitute a colorable claim of discriminatory intent. Because Concord has demonstrated neither discriminatory effect nor discriminatory intent, its motion is **DENIED**.
.

February 13, 2019

DABNEY L. FRIEDRICH
United States District Judge