# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**CONCORD MANAGEMENT AND CONSULTING LLC,**<br><br>**Defendant.** | **Crim. No. 18-CR-32-2 (DLF)** |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR BILL OF PARTICULARS

The United States of America respectfully opposes the motion for a bill of particulars filed by defendant Concord Management and Consulting LLC ("Concord"). Dkt. No. 104. In support of its position, the government states as follows.

## FACTUAL BACKGROUND

On February 16, 2018, the grand jury returned an eight-count, thirty-seven page indictment against thirteen individuals and three corporate defendants, including Concord. Count One charges all defendants with conspiracy to defraud the United States in violation of 18 U.S.C. § 371. Count One, which comprises 85 paragraphs, describes the goals of the conspiracy. Dkt. No. 1 ¶¶ 1-7. In particular, the indictment alleges that a Russian organization, defendant Internet Research Agency LLC (the "Organization"), "had a strategic goal to sow discord in the U.S. political system, including the 2016 U.S. president election." *Id.* ¶ 6. The indictment alleges that, in furtherance of this goal, the Organization conducted what it called "information

1

warfare" against the United States to spread "distrust towards the candidates" in the 2016 election and "the political system in general." *Id.* ¶ 10.

Count One describes the role that each defendant played in the conspiracy. *Id.* ¶¶ 10-24. With respect to Concord, the indictment alleges that the company "was the Organization's primary source of funding for its interference operations." *Id.* ¶ 11. Concord also "controlled funding, recommended personnel, and oversaw Organization activities through reporting and interaction with Organization management." *Id.*

Count One also includes a detailed description of the manner and means by which the conspirators operated. The indictment alleges that the conspirators "began to track and study groups on U.S. social media sites dedicated to U.S. politics and social issues." *Id.* ¶ 29. The indictment alleges that conspirators traveled to the United States "under false pretenses in order to collect intelligence for their interference operations." *Id.* ¶ 30. The indictment alleges that the conspirators used online personas to pose as U.S. persons "to collect additional intelligence." *Id.* ¶ 31. The indictment describes the conspirators' use of social media platforms to achieve the aims of the conspiracy. *Id.* ¶¶ 32-38. The indictment describes the conspirators' use of U.S. computer infrastructure "[t]o hide their Russian identities and Organization affiliation." *Id.* ¶¶ 39-40. The indictment describes the conspirators' use of stolen U.S. identities. *Id.* ¶ 41. The indictment describes the conspirators' efforts to target the 2016 U.S. presidential election, including the use of fictitious online personas, the use of election-related hashtags, efforts to encourage U.S. minority groups not to vote in the election, the promotion of allegations of voter fraud, the purchase of political advertisements, and the staging of political rallies in the United States from Russia. *Id.* ¶¶ 42-57. The indictment describes efforts by the conspirators to destroy evidence. *Id.* ¶ 58. Count One concludes with a recitation of 26 overt acts in furtherance of the

conspiracy. *Id.* ¶¶ 60-85.  The alleged overt acts include examples of campaign events organized by the conspirators, false U.S. personas used by the conspirators, messages sent using those false personas, and advertisements purchased by the conspirators.

In addition to the detailed allegations in the indictment, Concord has also received significant information about the nature of the charge in discovery.  A more detailed description of the discovery is set forth in a sealed supplement to this filing.

Finally, the government has also provided information about the allegations against Concord in its filings in this case.  In particular, the government's opposition to Concord's motion to dismiss for failure to allege a violation of 18 U.S.C. § 371, Dkt. No. 56, describes in detail the government's theory of Concord's criminal liability, including an explanation of the relevant statutory provisions of the Federal Election Campaign Act and the Foreign Agents Registration Act.  Dkt. No. 56, at 6-8.

Notwithstanding this detailed recitation of the allegations against the defendants, on March 4, 2019, Concord filed a motion for a bill of particulars setting forth fifty-one requests for information.  Those requests fall into three categories:

- Requests for definitions of terms used in the indictment, Dkt. No. 104-1 ¶¶ 2, 3, 5, 8, 10, 13, 14, 20, 42;

- Requests to identify particular witnesses, actors, or pieces of evidence referenced in the indictment, *id.* ¶¶ 4, 6, 7, 9, 11, 12, 15, 17, 18, 19, 21, 22, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 43, 44, 45, 46, 48, 49, 50; and

- Requests to identify particular statutes or regulations, *id.* ¶¶ 16, 23, 24, 25, 26, 27, 47,

51.[1]

**ARGUMENT**

Under Federal Rule of Criminal Procedure 7(f), the Court "may direct the government to file a bill of particulars." The purpose of a bill of particulars is "to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. 1987). If an indictment "is sufficiently specific, or if the requested information is available in some other form, then a bill of particulars is not required." *Id.*; *see United States v. Lorenzana-Cordon*, 130 F. Supp. 3d 172, 179 (D.D.C. 2015) (denying motion for bill of particulars and noting that the government had provided extensive discovery that "allows Defendants to adequately prepare for trial").

A bill of particulars "is not a discovery tool or a devise for allowing the defense to preview the government's theories or evidence." *United States v. Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C. 1999); *see also United States v. Brodie*, 326 F. Supp. 2d 83, 91 (D.D.C. 2004) (same). Rather, a bill of particulars "is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his *own* investigation and not to provide the defendant with the fruit of the government's investigation." *United States v. Sanford Ltd.*, 841 F. Supp. 2d 309, 316 (D.D.C. 2012) (internal quotation marks and citation omitted, emphasis in original). Therefore, a bill of particulars "properly includes clarification of the indictment, not the government's proof of its case." *United States v. Martinez*, 764 F. Supp. 2d

---

[1] The motion also requests incorporation information about another organizational defendant, Concord Catering. Dkt. No. 104-1 ¶ 1.

166, 173 (D.D.C. 2011) (internal quotation marks and citation omitted); *United States v. Savoy*, 889 F. Supp. 2d 78, 115 (D.D.C. 2012) (same).

Applying this principle, the Court has consistently denied motions for a bill of particulars where, as here, the motion seeks details about the nature of the government's evidence. Thus, for example, in *United States v. Han*, 280 F. Supp. 3d 144, 149 (D.D.C. 2017), the Court denied a motion for a bill of particulars requesting information about the basis for fraud and tax charges against the defendant, including the precise representations allegedly made by the defendant and the amount of taxes allegedly owed. The Court explained that the requested information had already been provided to the defendant in discovery and elsewhere, and a "bill of particulars is meant to allow a defendant to properly prepare for trial, not provide a method to force the prosecution to connect every dot in its case." *Id.*

Similarly, in *Brodie*, the Court denied a motion for a bill of particulars requesting "the circumstances surrounding the alleged acts" of fraud committed by the defendants as well as "other evidentiary details." 326 F. Supp. 2d at 92. The Court reasoned that the charges set forth in the indictment were "detailed and alleged with particularity" and "the discovery provided by the government has been voluminous," and therefore there was "no reason for any further particularization of the overt acts." *Id.*

Finally, in *Sanford Ltd.*, the Court denied a motion for a bill of particulars regarding the "substance, time, place and date" of allegations regarding falsification of records and other charges against a corporate defendant. 841 F. Supp. 2d at 315. The Court explained that "the general rule in conspiracy cases is that the defendant is not entitled to obtain detailed information about the conspiracy in a bill of particulars." *Id.* at 317 (internal quotation marks and citation omitted). Accordingly, the Court denied the defendant's request for information about the

5

identities of its employees alleged to have participated in the conspiracy and other details about the overt acts charged in the indictment. *Id.* at 317-18.

Here, as in *Han*, *Brodie*, and *Sanford Ltd.*, the defendant's motion for a bill of particulars requests a preview of the government's evidence by demanding detailed information about the conspiracy. Thus, for example, Concord requests the names of particular individuals associated with particular overt acts. Dkt. No. 104-1 ¶¶ 4, 6, 7, 9, 12, 15, 17, 18, 20, 21, 28, 29, 30, 31, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 48, 49, 50. This is precisely the sort of information that the Court has concluded is not appropriate for a bill of particulars. On the contrary, a conspiracy indictment "need not spell out which co-conspirator committed which conspiratorial act," and therefore a defendant is not entitled to a bill of particulars requesting such information. *Martinez*, 764 F. Supp. 2d at 174. That is, "defendants in a conspiracy case may not obtain the whens, wheres, and with whoms in a bill of particulars." *Sanford Ltd.*, 841 F. Supp. 2d at 318 (quoting *United States v. Diaz*, 303 F. Supp. 2d 84, 89 (D. Conn. 2004)) (quotation marks and ellipses omitted).

Concord's motion also impermissibly seeks details about the specific documentary evidence the government intends to use at trial. In some instances, Concord seeks this information through direct requests about the nature of the evidence. *E.g.* Dkt. No. 104-1 ¶ 19 (seeking "bank names and account numbers" associated with a particular allegation); *id.* ¶ 21 (seeking the dates and times of communications associated with a particular allegation); *id.* ¶¶ 32, 34, 36 (seeking the identification of particular social media accounts associated with a particular allegation); *id.* ¶ 39 (seeking the identification of virtual private networks associated with a particular allegation); *id.* ¶ 40 (seeking the identification of "web-based email accounts" associated with a particular allegation); *id.* ¶ 41 (seeking the identification of PayPal accounts

6

associated with a particular allegation).  In other instances, Concord seeks this information indirectly, by requesting the definition of phrases in the indictment.  *E.g.*, *id.* ¶ 8 (seeking definition of "computer infrastructure"); *id.* ¶ 13 (seeking definition of "certain domestic activities").  This kind of detail about the evidentiary basis for the allegations in the indictment is not properly requested through a bill of particulars.  *See Brodie*, *supra*; *Han*, *supra*.

Moreover, as in *Han*, *Brodie*, and *Sanford Ltd.*, the requested information is available to the defendant in some other form, namely in the discovery provided by the government and in the government's filings to date.  The government's discovery production includes key document collections for both the sensitive and non-sensitive discovery.  Those collections comprise many of the documents underlying the allegations in the indictment, including documents that identify particular social media, email, and PayPal accounts.  Because this organization of the discovery provides the defense with the requested information in some other form, the defendant's motion for a bill of particulars should be denied.  *See Brodie*, 326 F. Supp. 2d at 92 (denying motion for bill of particulars on fraud charges and noting that "the discovery provided by the defendant has been voluminous"); *Han*, 280 F. Supp. 3d at 149 (denying motion for bill of particulars on fraud and tax charges based in part on information provided in discovery).

Similarly, the legal basis for Count One has been described at length in the government's opposition to Concord's motion to dismiss, Dkt. No. 56, and in the Court's order denying the motion, Dkt. No. 74.  Accordingly, Concord's requests for information about the statutes and regulations underlying the allegations in the indictment, Dkt. No. 104-1 ¶¶ 16, 23, 24, 25, 26, 27, 47, 51, should be denied.

Concord's contention that it is entitled to the identities of unindicted co-conspirators because "[t]his court has routinely granted motions for bills of particulars where the defendant

7

seeks the identities of unindicted co-conspirators" is also without merit. Dkt. No. 104, at 7. On the contrary, the Court has required the government to provide the identities of unindicted co-conspirators only when the indictment gives "little detail" about the nature of the conspiracy charge. *Ramirez*, 54 F. Supp. 2d at 30. In *Ramirez*, for example, the Court required the government to furnish a bill of particulars identifying unindicted co-conspirators because the indictment charged a narcotics conspiracy under 21 U.S.C. § 846 and included no overt acts. Similarly, *United States v. Bazezew*, 783 F. Supp. 2d 160, 168 (D.D.C. 2011), another case cited by Concord, concerned an indictment that "provide[d] very little information" and alleged "only a single overt act" by each defendant, leaving the defendants unable "to adequately prepare for trial" or to "avoid surprise at trial." By contrast, the Court has denied motions for a bill of particulars requesting the identities of unindicted co-conspirators where the indictment already provided sufficient detail about the nature of the charged conspiracy. *E.g.*, *Sanford Ltd.*, 841 F. Supp. 2d at 317. Moreover, the unindicted co-conspirators referenced in the indictment are the officers and employees of Concord and the Internet Research Agency who participated in the alleged criminal conduct, greatly lessening any "surprise at trial" from the identities of the unindicted co-conspirators. *Bazezew*, 783 F. Supp. 2d at 168.

Concord's further contention that "[t]he identification of social media and email accounts is necessary to allow Concord to adequately prepare for trial," Dkt. No. 104, at 10, is similarly unavailing. The government has already provided Concord with ample discovery, including collections of key documents that identify social media and email accounts used by the conspirators. Concord's demand for additional information about the particular methods and tools used by the conspirators amounts to an impermissible "preview" of the government's

"evidence," *Ramirez*, 54 F. Supp. 2d at 29, and of the means by which the government will prove its case, *Martinez*, 764 F. Supp. 2d at 173.[2]

Finally, Concord's observation that "[d]efinitions are appropriate subjects of a bill of particulars motion" where the terms are "unnecessarily vague," Dkt. No. 104, at 11 (quoting *United States v. Hubbard*, 474 F. Supp. 64, 80 (D.D.C. 1979)), does not support its position. The terms for which Concord seeks definitions either are not "unnecessarily vague" or are explained elsewhere in the indictment. For example, paragraph three of the indictment alleges that "Concord and Prigozhin spent significant funds to further the Organization's operations…." Dkt. No. 1 ¶ 3. Concord's motion demands a definition of the term "significant funds." Dkt. No. 104-1 ¶ 5. The term "significant funds" in this context is "sufficiently clear to enable the defendants to prepare their defense." *Hubbard*, 474 F. Supp. at 80. The government is not required to specify in the indictment the precise amount of money spent by Concord and Prigozhin in furtherance of the conspiracy, and so the use of the term "significant funds" in the indictment rather than a precise dollar amount does not render the indictment unnecessarily vague for purposes of a motion for a bill of particulars. Other requested definitions are to the same effect. *E.g.*, Dkt. No. 104-1 ¶ 10 (requesting definitions of "strategic goal to sow discord in

---

[2] Concord's analogy of the social media and email accounts to false statements is unavailing. Unlike the defendants in the cases cited in its motion, Concord is not charged with making false statements. Concord is charged with participating in a conspiracy to defraud the United States by impairing, obstructing, and defeating the lawful functions of the United States government. The social media and email accounts identified in the indictment, unlike the false statements in a prosecution under 18 U.S.C. § 1001, were merely some of the tools that the conspirators used to achieve their unlawful objectives.

the U.S. political system," "derogatory information" and "disparaging Hillary Clinton" in a paragraph of the indictment summarizing the goals of the conspiracy).

Similarly, paragraph two of the indictment alleges that the defendants conspired "to defraud the United States by impairing, obstructing, and defeating the lawful functions of the government through fraud and deceit for the purpose of interfering with the U.S. political and electoral processes." Dkt. No. 1 ¶ 2. Concord's motion requests the definitions of "interfere with elections and political processes," "impairing, obstructing and defeating the lawful functions of the government," and "interfering with the U.S. political and electoral processes." Dkt. No. 104-1 ¶ 3. As this Court has already held, those terms are adequately defined elsewhere in the indictment. Dkt. No. 74, at 8 (noting that "the indictment must identify the lawful government functions at issue with some specificity" and holding that "it does"). Here again, other requested definitions are to the same effect. *Compare, e.g.*, Dkt. No. 104-1 ¶ 8 (requesting definition of "computer infrastructure"), *with* Dkt. No. 1 ¶¶ 39-40 (describing in detail the "[u]se of U.S. [c]omputer [i]nfrastructure" by the conspirators); *compare* Dkt. No. 104-1 ¶ 13 (requesting definition of "certain domestic activities" in allegation that defendants impaired the function of "administering federal requirements for disclosure of foreign involvement in certain domestic activities"), *with* Dkt. No. 1 ¶¶ 25-26 (describing in detail the requirements of the Federal Election Campaign Act and the Foreign Agent Registration Act).

\*       \*       \*       \*       \*

Concord's motion seeks information that is not appropriate to a bill of particulars, including the identification of particular items of evidence and the means by which the government will prove its case. Moreover, much of the information sought by Concord has already been provided elsewhere—in discovery, in the government's opposition to Concord's

motion to dismiss Count One, and in other parts of the indictment itself.  Accordingly, Concord's motion for a bill of particulars should be denied.

Respectfully submitted,

| | |
|---|---|
| ROBERT S. MUELLER, III<br>Special Counsel | JESSIE K. LIU<br>United States Attorney |
| By: /s/_____<br>Jeannie S. Rhee<br>L. Rush Atkinson<br>950 Pennsylvania Avenue NW<br>Washington, D.C. 20530<br>Telephone: (202) 616-0800 | By: /s/_____<br>Jonathan Kravis<br>Deborah Curtis<br>Kathryn Rakoczy<br>555 Fourth Street NW<br>Washington, D.C. 20530<br>Telephone: (202) 252-6886 |

JOHN C. DEMERS
Assistant Attorney General for National Security

By: /s/_____
Heather N. Alpino
U.S. Department of Justice
National Security Division
950 Pennsylvania Ave. NW
Washington, D.C. 20530
Telephone: (202) 514-2000