IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NUMBER: |
| v. | 1:18-cr-00032-2-DLF |
| CONCORD MANAGEMENT AND CONSULTING LLC | **FILED UNDER SEAL** |
| Defendant. | |

**DEFENDANT CONCORD MANAGEMENT AND CONSULTING LLC'S RESPONSE TO GOVERNMENT'S MOTION FOR STATUS HEARING**

Defendant Concord Management and Consulting LLC ("Defendant" or "Concord"), by and through undersigned counsel, respectfully submits this response to the Government's Motion for Status Hearing (the "Motion"). Concord agrees that a status hearing is necessary, but seeks to inform the Court about the truth of the matter omitted from the Government's Motion.

In negotiating with the government, undersigned counsel relied on the veracity of the government's representations to the Court that (1) the content of most of individual documents in the allegedly sensitive discovery need not be kept from the Defendant any longer, *see* Transcript of March 7, 2019 Hearing ("Hr'g Tr.") at 5:23-6:11, 11:2-11:21, 12:17-13:12, 17:9-17:17, 28:15-28:21, 29:7-29:10, 34:16-34:21 and 50:15-50:25; and (2) after viewing allegedly sensitive discovery in the United States, Concord representatives would be able to return to Russia and discuss what they had seen with the Defendant. *Id.* 30:21-23; 47:23-48:15; and 57:4-58:10. Despite these representations the government now maintains that undersigned counsel still cannot discuss any of the allegedly sensitive discovery with the Defendant, and that Concord representatives cannot discuss any of the allegedly sensitive discovery with the Defendant after viewing.

1

The government states that, "the parties have made substantial progress toward devising a means by which Concord officers and employees could come to the United States to view a subset of the sensitive discovery." Mot. at 1. This statement absolutely contradicts the last communication between the parties prior to the government filing its motion wherein undersigned counsel explicitly advised the government that,

> "[t]o be clear, we have no agreement on anything because every concession we were willing to make was based on your repeated representations to the Court that the Concord reviewers would be able to return to Russia and discuss with our client the information they learned from the review. See March 7, 2019 Transcript at 30:15-30:23, 56:25-58:10. What you are proposing is a meaningless charade where Concord people who know nothing about the case come to the US to look at documents they know nothing about and then cannot discuss those documents with their employer. That is ridiculous. And there is no support for such a process in any case law in the history of the United States. It looks like I erred in thinking that dealing with the USAO was going to be more manageable than dealing with the SCO."[1]

There are innumerable reasons why having one or more Concord representatives come to the United States to review discovery is both unjust and unworkable. First, there is no case law to support a requirement that a foreign company with no presence in the United States must send representatives to the United States to review any discovery let alone non-classified discovery. Second, there is no case law to support a requirement that a foreign corporate defendant identify to the government the names of officers or employees who will review discovery. Third, having officers or employees who have no knowledge of the allegations in the indictment review discovery is nothing more than a check-the-box exercise that will not allow the defendant to meaningfully participate in its defense. Fourth, there is no way to guarantee that any such officers or employees will not suffer unilateral government imposed collateral consequences from their participation in this proposed process. Fifth, it is impossible to determine which officers or employees need to review a particular document without first discussing the

---

[1] Exhibit 1, March 21, 2019 email correspondence between undersigned counsel and Mr. Kravis.

document with corporate representatives.  Sixth, certain Russian language documents may have to be reviewed by the author to obtain accurate translations.

To be clear, it is Defendant's position as set forth in its Motion to Disclose and Reply, Dkts. 77 and 103, that the government has grossly over-designated over three million documents as sensitive and it is the government's affirmative duty to specifically identify documents that it maintains the contents of which cannot be viewed by the Defendant in Russia.  As to those specifically identified documents, if forced by the Court, undersigned counsel will use the firewall process to seek authority to share any such documents with the Defendant in Russia; as to those not specifically identified, they should be treated as non-sensitive discovery for purposes of the protective order.

Dated:  April 1, 2019

Respectfully submitted,

CONCORD MANAGEMENT AND
CONSULTING LLC

By Counsel

/s/ *Eric A. Dubelier*
Eric A. Dubelier
Katherine Seikaly
Reed Smith LLP
1301 K Street, N.W.
Suite 1000 – East Tower
Washington, D.C. 20005
202-414-9200 (phone)
202-414-9299 (fax)
edubelier@reedsmith.com
kseikaly@reedsmith.com

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a copy of the foregoing Response to Government's Motion for Status Hearing to be filed under seal with the Clerk's office via hand delivery. I further certify that I have caused a copy of the foregoing Motion for Leave to File Under Seal to be transmitted to the following counsel of record via email:

Jonathan Kravis
Deputy Chief, Fraud and Public Corruption Section
U.S. Attorney's Office for the District of Columbia
555 Fourth Street, NW
Room 5917
Washington, DC 20530

Jason B.A. McCullough
U.S. Department of Justice
National Security Division
950 Pennsylvania Avenue, NW
Washington, DC 20530

Jeannie S. Rhee
Special Counsel's Office
950 Pennsylvania Avenue, NW
Washington, DC 20530

By: /s/ *Katherine J. Seikaly*
Katherine J. Seikaly (D.C. Bar No. 498641)
REED SMITH LLP
1301 K Street, NW
Suite 1000 – East Tower
Washington, DC  20005-3373
202.414.9200 (phone)
202.414.9299 (fax)
kseikaly@reedsmith.com