# Exhibit 1

to

# Defendant Concord Management and Consulting LLC's Response to Government's Motion for Status Hearing

**Filed Under Seal**

| | |
|---|---|
| **From:** | Dubelier, Eric A. |
| **Sent:** | Thursday, March 21, 2019 1:14 PM |
| **To:** | Kravis, Jonathan (USADC); Seikaly, Kate J |
| **Cc:** | Rakoczy, Kathryn (USADC); Curtis, Deborah (USADC); Jones, Luke (USADC); Jeannie Rhee (jsr@usdoj.gov); Rush Atkinson (lra@usdoj.gov) |
| **Subject:** | RE: Concord / Rule 16 (a)(1)(G) |

Jonathan: To be clear, we have no agreement on anything because every concession we were willing to make was based on your repeated representations to the Court that the Concord reviewers would be able to return to Russia and discuss with our client the information they learned from the review. See March 7, 2019 Transcript at 30:15-30:23; 56:25-58:10. What you are proposing is a meaningless charade where Concord people who know nothing about the case come to the US to look at documents they know nothing about and then cannot discuss those documents with their employer. That is ridiculous. And there is no support for such a process in any case law in the history of the United States. It looks like I erred in thinking that dealing with the USAO was going to be more manageable than dealing with the SCO. Eric

**Eric A. Dubelier**
202-414-9291
edubelier@reedsmith.com

Reed Smith LLP
1301 K Street, N.W.
Suite 1100 - East Tower
Washington, D.C. 20005
202-414-9200
Fax 202-414-9299

---

**From:** Kravis, Jonathan (USADC) <Jonathan.Kravis3@usdoj.gov>
**Sent:** Thursday, March 21, 2019 1:00 PM
**To:** Dubelier, Eric A. <EDubelier@ReedSmith.com>; Seikaly, Kate J <KSeikaly@ReedSmith.com>
**Cc:** Rakoczy, Kathryn (USADC) <Kathryn.Rakoczy@usdoj.gov>; Curtis, Deborah (USADC) <Deborah.Curtis@usdoj.gov>; Jones, Luke (USADC) <Luke.Jones@usdoj.gov>; Jeannie Rhee (jsr@usdoj.gov) <jsr@usdoj.gov>; Rush Atkinson (lra@usdoj.gov) <lra@usdoj.gov>
**Subject:** RE: Concord / Rule 16 (a)(1)(G)

**EXTERNAL E-MAIL**

Ok. I will file a motion requesting a further hearing on Concord's sensitive discovery motion sooner than the May date that is currently on the calendar.

Thanks,
Jonathan

Jonathan Kravis
Deputy Chief, Fraud and Public Corruption Section
U.S. Attorney's Office for the District of Columbia
202-252-6886

**From:** Dubelier, Eric A. <EDubelier@ReedSmith.com>
**Sent:** Thursday, March 21, 2019 12:57 PM
**To:** Kravis, Jonathan (USADC) <JKravis1@usa.doj.gov>; Seikaly, Kate J <KSeikaly@ReedSmith.com>
**Cc:** Rakoczy, Kathryn (USADC) <KRakoczy2@usa.doj.gov>; Curtis, Deborah (USADC) <DCURTIS4@usa.doj.gov>; Jones, Luke (USADC) <LJones2@usa.doj.gov>; Jeannie Rhee (jsr@usdoj.gov) <jsr@usdoj.gov>; Rush Atkinson (lra@usdoj.gov) <lra@usdoj.gov>
**Subject:** RE: Concord / Rule 16 (a)(1)(G)

Then we have no agreement at all and we might as well go back to the court now.  Thanks


**Eric A. Dubelier**
202-414-9291
edubelier@reedsmith.com

Reed Smith LLP

1301 K Street, N.W.
Suite 1100 - East Tower
Washington, D.C. 20005
202-414-9200
Fax 202-414-9299

**From:** Kravis, Jonathan (USADC) <Jonathan.Kravis3@usdoj.gov>
**Sent:** Thursday, March 21, 2019 12:43 PM
**To:** Dubelier, Eric A. <EDubelier@ReedSmith.com>; Seikaly, Kate J <KSeikaly@ReedSmith.com>
**Cc:** Rakoczy, Kathryn (USADC) <Kathryn.Rakoczy@usdoj.gov>; Curtis, Deborah (USADC) <Deborah.Curtis@usdoj.gov>; Jones, Luke (USADC) <Luke.Jones@usdoj.gov>; Jeannie Rhee (jsr@usdoj.gov) <jsr@usdoj.gov>; Rush Atkinson (lra@usdoj.gov) <lra@usdoj.gov>
**Subject:** RE: Concord / Rule 16 (a)(1)(G)

**EXTERNAL E-MAIL**

Eric,

We did not "concede[] at the hearing that the Concord representatives who viewed the sensitive discovery would be able to return to Russia and discuss what they viewed with Concord."  What we said is that officers and employees of Concord who come to the United States would be subject to the restrictions on sensitive discovery in the protective order, including the restriction that the sensitive discovery not be discussed with others.  The Court's ability to enforce those restrictions on Concord employees who come to the United States, view sensitive discovery, and then return to Russia may be limited.  But that is not the same thing as saying that we agree that the Concord employees who come to the United States are then allowed to disregard the terms of the protective order once they return to Russia.

In our view this is not simply a matter of timing.  We have consistently opposed and continue to oppose information about the content of the sensitive discovery going to Russia.  What we have agreed to is to find a means by which officers and employees of Concord can come to the United States to view a portion of the sensitive discovery without infringing on the government's articulated national security interests.

Thanks,
Jonathan


Jonathan Kravis
Deputy Chief, Fraud and Public Corruption Section
U.S. Attorney's Office for the District of Columbia

202-252-6886

**From:** Dubelier, Eric A. <EDubelier@ReedSmith.com>
**Sent:** Thursday, March 21, 2019 9:58 AM
**To:** Kravis, Jonathan (USADC) <JKravis1@usa.doj.gov>; Seikaly, Kate J <KSeikaly@ReedSmith.com>
**Cc:** Rakoczy, Kathryn (USADC) <KRakoczy2@usa.doj.gov>; Curtis, Deborah (USADC) <DCURTIS4@usa.doj.gov>; Jones, Luke (USADC) <LJones2@usa.doj.gov>; Jeannie Rhee (jsr@usdoj.gov) <jsr@usdoj.gov>; Rush Atkinson (lra@usdoj.gov) <lra@usdoj.gov>
**Subject:** RE: Concord / Rule 16 (a)(1)(G)

Jonathan:  We are working on the second issue and will get back to you shortly.  As to the first issue, I want to make sure I understand your position.  You conceded at the hearing that the Concord representatives who viewed the sensitive discovery would be able to return to Russia and discuss what they viewed with Concord.  That concession is critical to any agreement going forward.  If this is your position, it seems to me that not allowing us to have the same discussions now is simply a matter of timing.  On the other hand, if you are going to maintain that the Concord representatives who view the discovery will then require some further Court order or have to go through a process with the Firewall Counsel, then we have no agreement at all.  Please advise.  Thanks, Eric


**Eric A. Dubelier**
202-414-9291
edubelier@reedsmith.com

Reed Smith LLP

1301 K Street, N.W.
Suite 1100 - East Tower
Washington, D.C. 20005
202-414-9200
Fax 202-414-9299

**From:** Kravis, Jonathan (USADC) <Jonathan.Kravis3@usdoj.gov>
**Sent:** Thursday, March 21, 2019 9:23 AM
**To:** Dubelier, Eric A. <EDubelier@ReedSmith.com>; Seikaly, Kate J <KSeikaly@ReedSmith.com>
**Cc:** Rakoczy, Kathryn (USADC) <Kathryn.Rakoczy@usdoj.gov>; Curtis, Deborah (USADC) <Deborah.Curtis@usdoj.gov>; Jones, Luke (USADC) <Luke.Jones@usdoj.gov>; Jeannie Rhee (jsr@usdoj.gov) <jsr@usdoj.gov>; Rush Atkinson (lra@usdoj.gov) <lra@usdoj.gov>
**Subject:** RE: Concord / Rule 16 (a)(1)(G)

**EXTERNAL E-MAIL**

Eric,

I think we agree in principle on how to create the set of materials to be viewed by the Concord employees who come to the United States.  We will remove from the sensitive accounts a randomly-selected subset of their contents and then we will spot check the materials that have been removed to ensure that ensure that nothing relevant was removed by mistake.

I think we still have two points of disagreement, and I suggest we tee those up with the Court now.  The first is your request to discuss the contents of the sensitive discovery with individuals in Russia at this time.  At this point, the government opposes that request.

The second is the platform that will be used by the Concord employees who come to the United States to view the sensitive discovery materials.  Our proposal was that we would provide you with a stand-alone platform for viewing those materials.  My understanding is that you oppose that proposal, but you are not willing to share with us how

exactly you would allow the Concord employees who come to the United States to view the subset of the sensitive discovery materials without giving them access to details about the sensitive discovery as a whole that would implicate the government's articulated national security interests.

If you agree that this is where we are, let me know and I will file a motion with the Court requesting a hearing on the points of disagreement next week.

Thanks,
Jonathan


Jonathan Kravis
Deputy Chief, Fraud and Public Corruption Section
U.S. Attorney's Office for the District of Columbia
202-252-6886

---

**From:** Dubelier, Eric A. <EDubelier@ReedSmith.com>
**Sent:** Tuesday, March 19, 2019 8:29 AM
**To:** Kravis, Jonathan (USADC) <JKravis1@usa.doj.gov>; Seikaly, Kate J <KSeikaly@ReedSmith.com>
**Cc:** Rakoczy, Kathryn (USADC) <KRakoczy2@usa.doj.gov>; Curtis, Deborah (USADC) <DCURTIS4@usa.doj.gov>; Jones, Luke (USADC) <LJones2@usa.doj.gov>; Jeannie Rhee (jsr@usdoj.gov) <jsr@usdoj.gov>; Rush Atkinson (lra@usdoj.gov) <lra@usdoj.gov>
**Subject:** RE: Concord / Rule 16 (a)(1)(G)

Jonathan:

I am sympathetic to the fact that you did not create this problem but since you are now the representative of the government it is your problem.  Part of this is simple.  For now remove the search warrant affidavits and subpoenas.  Then our vendor can block those documents from viewing.   We will need to be able to ask our client about the accounts searched so we can determine standing issues for possible motions to suppress, but do not believe it is necessary for our client to see the affidavits at this time.  As to the second issue you raised at the hearing, it is impossible for me to figure this out because while I hear the words you are saying I do not have enough information to determine if I believe what you are saying.  You have expressed an abstract concept about what a foreign person may be able to determine from what is missing from the discovery.   I suggested using some random method to remove a portion of the account information with a check and balance to determine that whatever is removed does not specifically relate to the charges in the Indictment.  I have no idea what volume of material would have to be removed to deal with this issue, nor do I believe that this is subject to any pure mathematical solution.  But as I stated earlier this is a problem of the government's making so it is incumbent on you to propose a solution.  We are happy to discuss a process for random removal of data.   Then our vendor can also block access to those documents.   Thanks, Eric


**Eric A. Dubelier**
202-414-9291
edubelier@reedsmith.com

Reed Smith LLP
1301 K Street, N.W.
Suite 1100 - East Tower
Washington, D.C. 20005
202-414-9200
Fax 202-414-9299

---

**From:** Kravis, Jonathan (USADC) <Jonathan.Kravis3@usdoj.gov>
**Sent:** Monday, March 18, 2019 1:19 PM

**To:** Dubelier, Eric A. <EDubelier@ReedSmith.com>; Seikaly, Kate J <KSeikaly@ReedSmith.com>
**Cc:** Rakoczy, Kathryn (USADC) <Kathryn.Rakoczy@usdoj.gov>; Curtis, Deborah (USADC) <Deborah.Curtis@usdoj.gov>; Jones, Luke (USADC) <Luke.Jones@usdoj.gov>; Jeannie Rhee (jsr@usdoj.gov) <jsr@usdoj.gov>; Rush Atkinson (lra@usdoj.gov) <lra@usdoj.gov>
**Subject:** RE: Concord / Rule 16 (a)(1)(G)

**EXTERNAL E-MAIL**

Eric,

I'm trying to accommodate your concerns, but at this point I'm not sure what else we can suggest.  We initially proposed that Concord identify to firewall counsel documents within the sensitive discovery that it wants to show its employees who come to the United States.  That proposal was rejected.  Then we proposed that the government identify documents within the sensitive discovery that Concord could show its employees who come to the United States by using search terms to identify relevant documents.  That proposal was also rejected.  Then we proposed that the government use search terms to identify non-responsive documents and cull out a subset of those non-responsive documents (while giving Concord the opportunity to review the non-responsive documents and put back in any that it deemed responsive), so that the Concord employees who come to the United States could review documents to assist in the preparation of Concord's defense without seeing the entirety of the accounts.  That proposal was also rejected.  Do you have an alternative proposal to suggest, other than simply allowing the Concord employees who come to the United States to view the entirety of the sensitive discovery?

Finally, I'm not ignoring your request about discussing the sensitive discovery with individuals in Russia.  As I have said several times already, the government objects to that request at this stage.

We are trying to find a path forward here.  At this point, we are out of ideas.  Please let me know if you have any suggestions.

Thanks,
Jonathan


Jonathan Kravis
Deputy Chief, Fraud and Public Corruption Section
U.S. Attorney's Office for the District of Columbia
202-252-6886

---

**From:** Dubelier, Eric A. <EDubelier@ReedSmith.com>
**Sent:** Monday, March 11, 2019 8:52 AM
**To:** Kravis, Jonathan (USADC) <JKravis1@usa.doj.gov>; Seikaly, Kate J <KSeikaly@ReedSmith.com>
**Cc:** Rakoczy, Kathryn (USADC) <KRakoczy2@usa.doj.gov>; Curtis, Deborah (USADC) <DCURTIS4@usa.doj.gov>; Jones, Luke (USADC) <LJones2@usa.doj.gov>; Jeannie Rhee (jsr@usdoj.gov) <jsr@usdoj.gov>; Rush Atkinson (lra@usdoj.gov) <lra@usdoj.gov>
**Subject:** Concord / Rule 16 (a)(1)(G)

Jonathan:

Prior to the USAO and DOJ joining the case we requested in writing that the SCO provide testimony summaries pursuant to Rule 16(a)(1)(G).  As with every request we have made to the SCO we received no written reply.  As I mentioned in the hearing last week the discovery contains technical reports regarding how certain companies identified suspect accounts allegedly operated by IRA.  Can you please let us know if the government intends to provide testimony

summaries regarding these reports, or in the alternative whether you (1) do not intend to use any such evidence at trial, and/or (2) you maintain that any such evidence does not fall within the provisions of Rule 16(a)(1)(G).

Thanks, Eric


**Eric A. Dubelier**
202-414-9291
edubelier@reedsmith.com

Reed Smith LLP
1301 K Street, N.W.
Suite 1100 - East Tower
Washington, D.C. 20005
202-414-9200
Fax 202-414-9299

\* \* \*

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01