# EXHIBIT A

# Kravis, Jonathan (USADC)

| | |
|---|---|
| **From:** | Dubelier, Eric A. <EDubelier@ReedSmith.com> |
| **Sent:** | Monday, March 18, 2019 9:46 AM |
| **To:** | Kravis, Jonathan (USADC); Seikaly, Kate J |
| **Cc:** | Jeannie Rhee (jsr@usdoj.gov); Rush Atkinson (lra@usdoj.gov); Alpino, Heather (NSD) (JMD); Curtis, Deborah (USADC); Rakoczy, Kathryn (USADC) |
| **Subject:** | RE: Concord sensitive discovery |

Jonathan:

We cannot agree to this because again you are proposing to remove from the document set to be reviewed by our client documents you unilaterally determine to be "non-responsive" and then shift the burden to us to then argue about what you exclude. And when you use the term "non-responsive," to the extent that you mean non-responsive to your search terms, that is not acceptable to us because it seems as if this is a back-door way for the government to claw back data it produced that it now maintains is not relevant to the case. Further, there is zero possibility that we are going to share the work-product from our dataset with Firewall Counsel. As to "what-happened" with the non-sensitive discovery, nobody has shared any evidence with us that would lead to a conclusion that the documents in question were taken out of our database.

Finally, please advise if you are going to continue to ignore our request that we be permitted to discuss the sensitive discovery with our client and our Russian counsel at this time.

Thanks, Eric


**Eric A. Dubelier**
202-414-9291
edubelier@reedsmith.com

Reed Smith LLP
1301 K Street, N.W.
Suite 1100 - East Tower
Washington, D.C. 20005
202-414-9200
Fax 202-414-9299

---

**From:** Kravis, Jonathan (USADC) <Jonathan.Kravis3@usdoj.gov>
**Sent:** Friday, March 15, 2019 11:25 AM
**To:** Dubelier, Eric A. <EDubelier@ReedSmith.com>; Seikaly, Kate J <KSeikaly@ReedSmith.com>
**Cc:** Jeannie Rhee (jsr@usdoj.gov) <jsr@usdoj.gov>; Rush Atkinson (lra@usdoj.gov) <lra@usdoj.gov>; Alpino, Heather (NSD) (JMD) <Heather.Alpino@usdoj.gov>; Curtis, Deborah (USADC) <Deborah.Curtis@usdoj.gov>; Rakoczy, Kathryn (USADC) <Kathryn.Rakoczy@usdoj.gov>
**Subject:** RE: Concord sensitive discovery

**EXTERNAL E-MAIL**

Eric,

Again, I understand your concerns.

1

I think we can address your first point as follows.  Rather than identify relevant documents in the sensitive discovery, as we originally proposed, we can identify non-responsive documents and remove portions of them.  So we would come up with a broad set of search terms, then run searches through the sensitive discovery for any documents that did not contain the terms, and then remove a subset of those non-responsive documents from the materials to be reviewed by the Concord employees who come to the United States.  (Of course, if there were any documents in the non-response set that we proposed to remove that you believed should not be removed, you could let the government know through the trial team or through firewall counsel.)

On the second point, we can accommodate your concern about the key documents that you have identified by including a provision that allows you to show the Concord employees who come to the United States a defense key document set in addition to the "sensitive discovery minus some non-responsive documents" that we provide.  (We would ask that this defense key document set be shared with firewall counsel to ensure that it does not implicate the government's good cause interests.)  Those key documents can be exported from whatever review platform you have created and can be shown to the Concord employees who come to the United States outside the review platform, either electronically or in hard copy.  And the sensitive discovery minus some non-responsive documents that we provide can also be reviewed by the Concord employees who come to the United States in a separate reviewing platform, like the ones I suggested in my earlier email.  I think this method would accommodate your concern of not wanting to retag defense key documents in an entirely new production set while addressing our concerns about Concord employees in the United States reviewing documents in a database that contains the entirety of the sensitive discovery.  Given what happened with the non-sensitive discovery last October, the answer of "frankly it is none of the government's business as to how we are doing what we need to do" does not seem reasonable to us.

Here's how I suggest we proceed.  Let me know where we have agreement and where we still disagree.  Then we can file papers with the Court that describe our points of agreement and our points of disagreement and the judge can rule.  Through that process, you can raise with the Court your request to discuss the contents of the sensitive discovery with individuals in Russia, a request that we oppose at this time.

Let me know what you think.

Thanks,
Jonathan


Jonathan Kravis
Deputy Chief, Fraud and Public Corruption Section
U.S. Attorney's Office for the District of Columbia
202-252-6886

**From:** Dubelier, Eric A. <EDubelier@ReedSmith.com>
**Sent:** Thursday, March 14, 2019 12:48 PM
**To:** Kravis, Jonathan (USADC) <JKravis1@usa.doj.gov>; Seikaly, Kate J <KSeikaly@ReedSmith.com>
**Cc:** Jeannie Rhee (jsr@usdoj.gov) <jsr@usdoj.gov>; Rush Atkinson (lra@usdoj.gov) <lra@usdoj.gov>; Alpino, Heather (NSD) (JMD) <Heather.Alpino@usdoj.gov>; Curtis, Deborah (USADC) <DCURTIS4@usa.doj.gov>; Rakoczy, Kathryn (USADC) <KRakoczy2@usa.doj.gov>
**Subject:** RE: Concord sensitive discovery

Jonathan:

Thanks for getting back to me so quickly.  The fundamental flaw with what you are proposing is that you are seeking to identify what Concord can review as opposed to what Concord can't review.  We believe the Court asked you to do the latter.  In our view all documents you produced that do not relate to the charges in the indictment are exculpatory in that they paint an entirely different picture of Concord than what is painted in the Indictment.  In saying that, I am

2

already telling you more than I am required to about our defense and that is why this is problematic. Any type of key word document search for relationship to the allegations in the Indictment will not address this problem. We think that since you have produced all of this data (whether that was a good idea or not), it is now the government's burden to convince the Court what Concord should not be able to see. That is what the Court said at the hearing.

Respectfully, you are completely wrong about the new data set issue. We need to use our work product to identify documents we think are critical for our client to see. We cannot go back and start that all over again with a new data set. Moreover, we have a process we are using here and frankly it is none of the government's business as to how we are doing what we need to do to comply with the protective order other than what we have already told you. Further, you seem to misunderstand about who from the client will review this material. It is not possible for one or even two people to do this, and we may wind up with a small team from the client.

So, your proposal to (1) search to identify documents Concord can see, and (2) create a new data set are non-starters for us.

Finally, you did not address the issue I raised about orally sharing information with our client now about the accounts in the sensitive discovery. We have addressed all of the concerns you raised at the hearing. If you simply do not trust us to apply the limitations we proposed please just say so and then we can stop talking about it and do what we need to do with the court.

Thanks, Eric


**Eric A. Dubelier**
202-414-9291
edubelier@reedsmith.com

Reed Smith LLP

1301 K Street, N.W.
Suite 1100 - East Tower
Washington, D.C. 20005
202-414-9200
Fax 202-414-9299

---

**From:** Kravis, Jonathan (USADC) <Jonathan.Kravis3@usdoj.gov>
**Sent:** Thursday, March 14, 2019 9:35 AM
**To:** Dubelier, Eric A. <EDubelier@ReedSmith.com>; Seikaly, Kate J <KSeikaly@ReedSmith.com>
**Cc:** Jeannie Rhee (jsr@usdoj.gov) <jsr@usdoj.gov>; Rush Atkinson (lra@usdoj.gov) <lra@usdoj.gov>; Alpino, Heather (NSD) (JMD) <Heather.Alpino@usdoj.gov>; Curtis, Deborah (USADC) <Deborah.Curtis@usdoj.gov>; Rakoczy, Kathryn (USADC) <Kathryn.Rakoczy@usdoj.gov>
**Subject:** RE: Concord sensitive discovery

**EXTERNAL E-MAIL**

Eric,

I understand your concerns. Here is how I would propose to address them:

-With respect to the issue of search terms and the revelation of defense strategy, we could have the searches run through firewall counsel. Alternatively, we the trial team could come up with a set of search terms to run and then you could provide supplemental terms to firewall counsel, so that you would get one set of "docs to show Concord officer" from us and one set of "docs to show Concord officer" from firewall. We intend to use broad search parameters in an effort to capture anything that relates to Concord, to try to minimize the amount of additional search terms that you might want to propose through firewall counsel.

-With respect to the information in the sensitive discovery that is not relevant to the case, we would not object to your giving the Concord officer who comes to the United States to view portions of the sensitive discovery a rough estimate of the amount of irrelevant material that is in the sensitive discovery.  (I say a rough estimate because we would not want the information you convey to reveal information about the size of each of the returns in the sensitive discovery, but I think we could fine tune the details on this.)  This would not of course amount to any kind of concession about what evidence you might want to introduce at trial—this is just a matter of what the Concord officer would see at this stage.

-With respect to the issue of the new discovery set, we believe that this material should be viewed by the Concord officer separately from any database that the defense may have already created.  That is because viewing the material in a database would too easily expose the very information that we are trying to protect here, like where particular documents came from and the size and scope of particular accounts.  We would of course be willing to discuss with you the best format to provide those materials (e.g. stand-alone hard drive containing PDF files, stand-alone hard drive containing stand-alone Eclipse database, clean laptop with files loaded, etc.).  I don't think this would create a technological nightmare because I think we can just give you a stand-alone platform that you can use to show the materials to the Concord officer.

-With respect to your larger point about the alternative of a random selection process to remove portions of each account from review, we think this is just a different way of describing the same proposal we have offered, because we would be using search terms to separate the relevant from the non-relevant documents either way.  Also, because we would be providing you with a stand-alone platform for the Concord officer who comes to the United States to use, we don't see a practical way to "remove portions of each account from review."

Let me know what you think.

Thanks,
Jonathan


Jonathan Kravis
Deputy Chief, Fraud and Public Corruption Section
U.S. Attorney's Office for the District of Columbia
202-252-6886

---

**From:** Dubelier, Eric A. <EDubelier@ReedSmith.com>
**Sent:** Wednesday, March 13, 2019 1:56 PM
**To:** Kravis, Jonathan (USADC) <JKravis1@usa.doj.gov>; Seikaly, Kate J <KSeikaly@ReedSmith.com>
**Cc:** Jeannie Rhee (jsr@usdoj.gov) <jsr@usdoj.gov>; Rush Atkinson (lra@usdoj.gov) <lra@usdoj.gov>; Alpino, Heather (NSD) (JMD) <Heather.Alpino@usdoj.gov>; Curtis, Deborah (USADC) <DCURTIS4@usa.doj.gov>; Rakoczy, Kathryn (USADC) <KRakoczy2@usa.doj.gov>
**Subject:** RE: Concord sensitive discovery

Jonathan:

The additional problems with your search term suggestions are (1) it would require us to reveal defense strategy by giving you search terms, (2) there is a massive amount of exculpatory information in the sensitive discovery for the very reason that it is not relevant to the charges and as such would not be picked up by any search terms, and (3) by loading a new discovery set it would create a technological nightmare of us trying to apply our current work product contained in our sensitive discovery database to this new data set.

Eric

**Eric A. Dubelier**
202-414-9291
[edubelier@reedsmith.com](mailto:edubelier@reedsmith.com)

Reed Smith LLP

1301 K Street, N.W.
Suite 1100 - East Tower
Washington, D.C. 20005
202-414-9200
Fax 202-414-9299

---

**From:** Dubelier, Eric A.
**Sent:** Wednesday, March 13, 2019 1:46 PM
**To:** 'Kravis, Jonathan (USADC)' <Jonathan.Kravis3@usdoj.gov>; Seikaly, Kate J <KSeikaly@ReedSmith.com>
**Cc:** Jeannie Rhee (jsr@usdoj.gov) <jsr@usdoj.gov>; Rush Atkinson (lra@usdoj.gov) <lra@usdoj.gov>; Alpino, Heather (NSD) (JMD) <Heather.Alpino@usdoj.gov>; Curtis, Deborah (USADC) <Deborah.Curtis@usdoj.gov>; Rakoczy, Kathryn (USADC) <Kathryn.Rakoczy@usdoj.gov>
**Subject:** RE: Concord sensitive discovery

Jonathan:

You conceded three times at the hearing that the government agreed that if Concord officers or employees viewed the sensitive discovery in the U.S. they would then be free to return to Russia and discuss what they had seen with Concord in Russia.  *See Trans*. 30:21-30:23; 47:23-48:15; 58:2-58:10.  You also stated that the Protective Order always contemplated that Concord could move to share information in Russia.  *See Trans*. 25:24-26:3.  Further, you stated that the alleged national security concerns could be dealt with as long as the actual documents stayed in the U.S.  *See Trans.* 57:4-58:10.  So here all we are asking is that we (the lawyers who already have seen the sensitive discovery) be able to do now, so as not to waste trial preparation time, exactly what you say will happen when Concord officers and employees view the sensitive discovery in the future.  That is, that we can discuss with our client what we have seen.  Moreover, we have conceded we will not discuss the substance of any of the areas about which you have raised concerns such as the search warrants and other evidence gathering techniques.  So what could be the possible objection now with us discussing with our client content of the accounts that are relevant to the allegations in the indictment?

Further, you stated at least eight times that the national security issue with the accounts was viewing a single account in its totality and/or a series of accounts in their totality.  While I believe you believe this, I am highly skeptical.  Regardless, that problem will not be addressed by key word searches.  Instead, we believed you would propose using some type of random selection process to remove portions of each account from review (while insuring that this process would not omit data relevant to the charges).  Key words searches of account information will not address the main concern that you argued repeatedly at the hearing because it will not result in removal of portions of specific accounts.   We have already conceded for now that at this point we do not need to argue about sharing search warrant affidavits, etc.

Your argument at the hearing was not consistent with the government's previous pleadings and statements on these issues.  I now feel like you are walking back what you said at the hearing.  We are still interested in trying to work this out.  But we are also interested in now wasting more time than necessary.  As always we are happy to discuss by phone or in a meeting.  I am not sure the judge will view us as having made an real effort here when the sum and substance of what occurred was that you sent us a proposal and essentially said take or leave it.

Thanks, Eric

**Eric A. Dubelier**
202-414-9291
edubelier@reedsmith.com

Reed Smith LLP
1301 K Street, N.W.
Suite 1100 - East Tower
Washington, D.C. 20005
202-414-9200
Fax 202-414-9299

---

**From:** Kravis, Jonathan (USADC) <Jonathan.Kravis3@usdoj.gov>
**Sent:** Wednesday, March 13, 2019 1:07 PM
**To:** Dubelier, Eric A. <EDubelier@ReedSmith.com>; Seikaly, Kate J <KSeikaly@ReedSmith.com>
**Cc:** Jeannie Rhee (jsr@usdoj.gov) <jsr@usdoj.gov>; Rush Atkinson (lra@usdoj.gov) <lra@usdoj.gov>; Alpino, Heather (NSD) (JMD) <Heather.Alpino@usdoj.gov>; Curtis, Deborah (USADC) <Deborah.Curtis@usdoj.gov>; Rakoczy, Kathryn (USADC) <Kathryn.Rakoczy@usdoj.gov>
**Subject:** RE: Concord sensitive discovery

**EXTERNAL E-MAIL**

Eric,

I think we are talking about two separate things here. One is the task that the Court gave us at the end of the hearing last week, which is to try to come up with a process that would allow an officer or employee of Concord to view significant portions of the sensitive discovery in the United States while accommodating the government's national security interests as articulated at the hearing. The second is your desire to talk about the contents of the sensitive discovery with people in Russia.

On the first thing, the email I sent you yesterday reflects our efforts to that end. Our idea was that by using broad search terms to define the scope of the sensitive discovery that could be viewed in the United States by an officer or employee of Concord, we would take steps toward giving the Concord officer or employee the opportunity to view documents so as to assist in the preparation of the defense without revealing information about the entirety of the accounts collected, which would implicate national security interests. If you have a different idea about how to accomplish the task set by the Court, please let us know. If you don't have a different idea, but you're not willing to accept our idea, then I agree we should go back to the Court now because I'm not sure what we will accomplish between now and May.

On the second thing, we never discussed at the hearing the possibility that you would communicate with individuals in Russia about the content of the sensitive discovery, and I don't think the Court said anything to endorse such an approach at this stage. My suggestion is that we try to make progress on the task the Court gave us, which is to come up with a way for an officer or employee of Concord to view portions of the sensitive discovery in the United States while accommodating the government's national security interests. If we can get that process going, then we can present to the Court our ideas about what should happen next at the status hearing in May. If you're not willing to work on that process without our agreement about communicating with individuals in Russia about the content of the sensitive discovery, then once again I agree that we should go back to the Court now.

I think there is progress to be made on the task set for us by the Court at the hearing last week. I think we should work on that task for the next 60 days while setting aside for the moment other areas in which we disagree. Let me know what you think.

Thanks,
Jonathan

Jonathan Kravis
Deputy Chief, Fraud and Public Corruption Section
U.S. Attorney's Office for the District of Columbia
202-252-6886

---

**From:** Dubelier, Eric A. <EDubelier@ReedSmith.com>
**Sent:** Wednesday, March 13, 2019 9:53 AM
**To:** Kravis, Jonathan (USADC) <JKravis1@usa.doj.gov>; Seikaly, Kate J <KSeikaly@ReedSmith.com>
**Cc:** Jeannie Rhee (jsr@usdoj.gov) <jsr@usdoj.gov>; Rush Atkinson (lra@usdoj.gov) <lra@usdoj.gov>; Alpino, Heather (NSD) (JMD) <Heather.Alpino@usdoj.gov>; Curtis, Deborah (USADC) <DCURTIS4@usa.doj.gov>; Rakoczy, Kathryn (USADC) <KRakoczy2@usa.doj.gov>
**Subject:** RE: Concord sensitive discovery

Jonathan:

We will not agree to this process.  First, I can't imagine how a key word search is going to identify information that is national security related in this data set.  Moreover, we were willing to agree to hold on certain documents such as search warrants if that was part of a negotiated resolution only, not the government unilaterally dictating your preferred solution.  Second, you are gaming the issue regarding our client in Russia.  Just because we have a process for review here in the US, we were not and are never going to agree that we cannot discuss the sensitive discovery with our client and our Russian lawyers in Russia.  So unless you are willing to agree that regardless of the process we use for the actual documents that we can discuss those documents with our client and our Russian lawyers in Russia there is nothing more to talk about and we might as well go back to court now.  That is up to you.  Let us know.

Thanks, Eric


**Eric A. Dubelier**
202-414-9291
edubelier@reedsmith.com

Reed Smith LLP
1301 K Street, N.W.
Suite 1100 - East Tower
Washington, D.C. 20005
202-414-9200
Fax 202-414-9299

---

**From:** Kravis, Jonathan (USADC) <Jonathan.Kravis3@usdoj.gov>
**Sent:** Tuesday, March 12, 2019 8:08 PM
**To:** Dubelier, Eric A. <EDubelier@ReedSmith.com>; Seikaly, Kate J <KSeikaly@ReedSmith.com>
**Cc:** Jeannie Rhee (jsr@usdoj.gov) <jsr@usdoj.gov>; Rush Atkinson (lra@usdoj.gov) <lra@usdoj.gov>; Alpino, Heather (NSD) (JMD) <Heather.Alpino@usdoj.gov>; Curtis, Deborah (USADC) <Deborah.Curtis@usdoj.gov>; Rakoczy, Kathryn (USADC) <Kathryn.Rakoczy@usdoj.gov>
**Subject:** Concord sensitive discovery

**EXTERNAL E-MAIL**

Dear Eric and Kate,

At the hearing last week, the Court ordered the parties to "work out an agreement where two or three Concord officers or employees can come here and look at the documents."  Tr. 69:6-8.  The Court found "compelling" the government's argument that "if they see every single document they can piece this together and that maybe" the government would therefore "need to withhold" some of the sensitive discovery from review by Concord officers and employees.  Tr. 69:

7

23-25. The Court suggested that the parties "work it out" so that Concord officers and employees were "able to see the documents you want to see in that batch" while "protect[ing] enough that it doesn't reveal the sources and methods." Tr. 70:4-6.

In light of that directive from the Court, we propose to proceed as follows. The government will prepare a list of search terms to run through the sensitive discovery. We will show you the list of search terms that we intend to use, and you can let us know if you have terms to add to the list. We will put the hits from those search terms on a stand-alone hard drive along with any of the sensitive hot docs that did not come up in the search. The hard drive will contain only the results of the search plus any remaining hot docs, and will not include affidavits, warrants, applications, orders, or production cover letters. You would be responsible for identifying to the government for vetting purposes the officers or employees of Concord who would conduct this review, either through the investigative team or firewall counsel. Once the vetting process is complete, we will then file a joint motion with the Court for an order allowing one or more officers or employees of Concord to review the contents of that hard drive pursuant to the terms of the protective order.

We believe that this proposal fulfills the Court's instructions by allowing Concord officers or employees to review a subset of the sensitive discovery to participate in the company's defense while protecting the "legitimate national security interest in not giving access to everything…to anyone." Tr. 70:15-18.

To be clear, and because this appeared to be a point of confusion at the hearing, e.g. Tr. 38:17-24, Tr. 69:1-8, we are not proposing that the results of the search we conduct will be redesignated as non-sensitive discovery. The search results plus the remaining hot docs would still be sensitive discovery, and the restrictions on the dissemination of sensitive discovery in the protective order would still apply to those documents. What we are proposing is a joint motion pursuant to paragraph 13 of the protective order to allow Concord officers or employees identified by you to view these materials pursuant to the terms of the protective order.

With respect to your email of March 11, we will object to any motion to discuss the content of the sensitive discovery with Concord and with the Russian law firm. That was not the proposal that the Court endorsed at the hearing. Tr. 54:18-21 ("COURT:  And my preference, too, would be to have this evidence reviewed at the offices of Reed Smith. That certainly is, I think, reasonable if there is someone who can adequately defend the company and come here and not be arrested."); Tr. 67:1-5 ("[T]his seems like there is a workable solution here, that **you can bring these people into the United States, into your offices to review this evidence,** and this makes the whole process much easier for you, for them, for everyone, and your client can better defend itself."); Tr. 69:6-9 ("I'm saying, I hope you all get together and work out an agreement where two or three Concord officers or employees can come here and look at the documents."). What the Court suggested we work on—and what we are proposing now—is a method by which officers or employees of Concord can come to the United States to review some of the sensitive discovery, and not the transmission of information about the sensitive discovery to Russia.

We will provide you with our proposed search terms by Monday, March 18.

Thanks,
Jonathan


Jonathan Kravis
Deputy Chief, Fraud and Public Corruption Section
U.S. Attorney's Office for the District of Columbia
202-252-6886

* * *

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01