**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**CONCORD MANAGEMENT AND CONSULTING LLC,**<br><br>**Defendant.** | **Crim. No. 18-CR-32-2 (DLF)** |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO SHOW CAUSE

The United States of America respectfully opposes the motion of defendant Concord Management and Consulting LLC for an order to show cause in connection with the public release of a redacted version of the Special Counsel's report to the Attorney General. The section of the public version of the report that discusses the conduct related to this case simply summarizes and restates the allegations set forth in the indictment. And the few sentences cherry-picked by Concord from the report do not create any reasonable likelihood of interfering with a fair trial or otherwise prejudicing the due administration of justice. Accordingly, neither the public release of the redacted version of the Report nor the statements of the Attorney General regarding the report violate Local Criminal Rule 57.7 or the other authorities cited by Concord.

### BACKGROUND

On February 16, 2018, a grand jury returned an eight-count Indictment against thirteen individuals and three corporate defendants, including Concord Management and Consulting LLC. The Indictment arose out of the investigation conducted by Special Counsel Robert S.

1

Mueller, III, who was appointed by the Acting Attorney General in May 2017 to investigate Russian interference with the 2016 presidential election and related matters.

On March 22, 2019, as required by Department regulations, the Special Counsel provided to the Attorney General "a confidential report explaining the prosecution or declination decisions reached by the Special Counsel." 28 C.F.R. § 600.8(c). On April 18, 2019, the Justice Department publicly released a redacted version of the report. Redacted from the public report are: (1) material subject to Federal Rule of Criminal Procedure 6(e) that by law cannot be made public; (2) material identified by the intelligence and law enforcement communities as potentially compromising sensitive sources, methods, or techniques, as well as information that could harm ongoing intelligence or law enforcement activities; (3) material that could affect other ongoing law enforcement matters, including charged cases where court rules and orders bar public disclosure by the parties of case information; and (4) information that would unduly infringe on the personal privacy and reputational interests of peripheral third parties, which includes deliberation about decisions not to recommend prosecution of such parties.

## ARGUMENT

Neither the public release of the redacted version of the Report nor the statements of the Attorney General regarding the report violate Local Criminal Rule 57.7 or the other authorities cited by Concord.

Local Criminal Rule 57.7(b) states that "[i]t is the duty of the lawyer or law firm not to release or authorize the release of information or opinion which a reasonable person would expect to be disseminated by means of public communication, in connection with pending or imminent criminal litigation with which the lawyer or the law firm is associated, if there is a reasonable likelihood that such dissemination will interfere with a fair trial or otherwise

2

prejudice the due administration of justice." Local Criminal Rule 57.7(c) gives the Court the authority to issue a special order governing extrajudicial statements by parties, witnesses, and attorneys in a widely publicized or sensational criminal case, but no such order has been requested or entered in this case.

The public release of the redacted version of the Special Counsel's Report to the Attorney General does not create a "reasonable likelihood" of interfering "with a fair trial" or otherwise prejudicing the "due administration of justice" in this case. The body of the public version of the report mentions this defendant, Concord Management and Consulting LLC, just three times. On page 14, the report states that Concord funded the Internet Research Agency ("IRA") and was controlled by Yevgeniy Viktorovich Prigozhin. On page 16, the report reiterates in a section that is otherwise largely redacted that Concord funded the IRA and was controlled by Prigozhin. And on page 174, the report describes the charge against Concord in this case. These statements about Concord simply track the allegations that appear in the Indictment.

The same is true with respect to the public report's statements about the other defendants in the case. The activities of the IRA are discussed on pages 14-35 of the report. The unredacted information in this section tracks the allegations in the Indictment. Thus, the introduction on pages 14-15 summarizes the allegations in the introduction to the Indictment, which is found in paragraphs 3-7 of the Indictment. The sections on the structure and funding of the IRA are largely redacted. An unredacted paragraph on page 21 summarizes the allegations in paragraph 30 of the Indictment relating to four IRA employees applying for visas and two ultimately traveling to the United States in June 2014. The unredacted portions of the description of the IRA's use of social media accounts on pages 22 through 28 summarize the allegations in paragraphs 32-38, 42-50, and 59-85 of the Indictment. The unredacted portion of the report's

discussion of the IRA's organization of political rallies and contacts with U.S. persons on pages 29-32 summarizes the allegations in paragraphs 51-57 of the Indictment. The unredacted portion of the report's discussion of interactions with the Trump campaign on pages 33-35 summarizes the allegations in paragraphs 76 and 78-79 of the Indictment. Because the unredacted sections of the report concerning this case largely track the allegations in the public Indictment, there is no likelihood that the public report will interfere with a fair trial or prejudice the due administration of justice in this case. That is particularly true in light of the fact that no trial date has been set in this case, and therefore no jury will be impaneled for at least several months from the publication of the redacted report.

   Concord argues (at 2-4) that four sentences in the 448-page report, as well as five lines from the Attorney General's public comments on the report, could be read to suggest that the Russian government was responsible for the activities of the IRA. Concord's contention (at 7) that those few sentences—which are cherry-picked from a lengthy report—will taint the jury pool with the claim that "the Defendants in this case were operating as part of a Russian-government led interference campaign" is without merit. The vast majority of the discussion of the activities of the Russian government appears in another section of the report in which Concord is not mentioned. That section discusses the actions of units of the Russian Federation's Main Intelligence Directorate of the General Staff ("GRU") that form the basis for the charges in *United States v. Netyksho et al.*, No. 18-CR-215 (D.D.C. July 13, 2018). That section of the report does not state or suggest that Concord was involved in the GRU matter. Viewed in this context, the statements identified by Concord are not reasonably likely to interfere with Concord's right to a fair trial or prejudice the due administration of justice.

4

For the same reasons, the public release of the Special Counsel's report and the Attorney General's public statements about the report also do not violate the Justice Manual or the D.C. Rules of Professional Conduct.

                                             Respectfully submitted,

| | |
|---|---|
| JOHN C. DEMERS | JESSIE K. LIU |
| Assistant Attorney General for National Security | United States Attorney |
| | |
| By: /s/ | By: /s/ |
| Heather N. Alpino | Jonathan Kravis |
| U.S. Department of Justice | Deborah Curtis |
| National Security Division | Kathryn Rakoczy |
| 950 Pennsylvania Ave. NW | 555 Fourth Street NW |
| Washington, D.C. 20530 | Washington, D.C. 20530 |
| Telephone: (202) 514-2000 | Telephone: (202) 252-6886 |