# Exhibit B



[redacted] WikiLe
mails on October 7, 2016, less than one hour after a U.S. n
damaging to candidate Trump. Section III of this Report
f the organization also led to a more detailed orga the Russian hacking operations, as well as other efforts b
)(E) [redacted] in Clinton-related emails.

21 380 518

**Jason Leopold** @JasonLeopold

Follow

NEW: Here is DOJ's letter accompanying the release of this version of the Mueller report in response to my/@BuzzFeedNews and @EPICprivacy's #FOIA lawsuit, explaining the information redacted under FOIA.

Washington, DC 20530-0001

*Telephone: (202) 514-3642*

May 6, 2019

Jason Leopold
Senior Investigative Reporter
BuzzFeed News
[redacted]

Re: DOJ-2019-003097
No. 19-cv-957 (D.D.C.)
VRB:JMB:BRB

Dear Jason Leopold:

This responds to your Freedom of Information Act (FOIA) request, dated and received in this Office on March 21, 2019, for a copy of the final report prepared by Special Counsel Robert S. Mueller, III.

The Office of Information Policy (OIP) has completed FOIA processing of the "Report On The Investigation Into Russian Interference In The 2016 Presidential Election" ("the Report"). The FOIA-processed Report has now been made available in OIP's online FOIA Library, at https://www.justice.gov/oip/available-documents-oip (under the "FOIA-Processed Documents" heading). I have determined that the Report is appropriate for release with excisions made pursuant to Exemptions 3, 5, 6, 7(A), 7(B), 7(C), and 7(E) of the FOIA, 5 U.S.C. § 552(b)(3), (b)(5), (b)(6), (b)(7)(A), (b)(7)(B), (b)(7)(C), and (b)(7)(E).

Exemption 3 pertains to information specifically exempted from release by statute other than the FOIA (in this instance, the National Security Act of 1947, 50 U.S.C. § 3024(i)(1), which pertains to intelligence sources and methods, and Rule 6(e) of the Federal Rules of Criminal Procedure, which pertains to the secrecy of grand jury proceedings). Exemption 5 pertains to certain inter- and intra-agency records protected by the deliberative process privilege. Exemption 6 pertains to information the release of which would constitute a clearly unwarranted invasion of personal privacy. Exemption 7(A) pertains to records or information compiled for law enforcement purposes, the release of which could reasonably be expected to interfere with enforcement proceedings. Exemption 7(B) pertains to records or information compiled for law enforcement purposes, the release of which would deprive a person of a right to a fair trial or an impartial adjudication. Exemption 7(C) pertains to records or information compiled for law enforcement purposes, the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. Exemption 7(E) pertains to records or information compiled for law enforcement purposes, the release of which would disclose techniques or procedures for law enforcement investigations or prosecutions.

Additionally, please be advised that some information contained in the Report is also

United States v. Roger J. Stone, Jr., Criminal No. 19-cr-18-ABJ (D.D.C.).

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. *See* 5 U.S.C. § 552(c) (2012 & Supp. V 2017). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

If you have any questions regarding this response, please contact Courtney D. Enlow of the Department's Civil Division, Federal Programs Branch at 202-616-8467.

Sincerely,

Vanessa R. Brinkmann
Senior Counsel

4:50 PM - 6 May 2019

**64** Retweets **125** Likes

5 64 125

**JustChristineGW** @whitegalvin · May 6
Replying to @JasonLeopold @a_cormier_ and 2 others
This is awesome! The link in the letter... does it allow us to connect to your version?

Are you going to make the new version available? Point out the changes, if not so I can compare w/the first redacted version?

What's you plan on this big win?!

1 2

**JustChristineGW** @whitegalvin · May 6
Disregard, I entered the website as printed in your letter.

Got my nerdy hands on it... thanks a ton for fighting for the truth!

1 2

**Jason Leopold** @JasonLeopold · May 6
You're welcome!

**EPIC** @EPICprivacy · May 7
Replying to @JasonLeopold @a_cormier_ @BuzzFeedNews



**U.S. Department of Justice**
Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

May 6, 2019

Jason Leopold
Senior Investigative Reporter
BuzzFeed News



Re:  DOJ-2019-003097
No. 19-cv-957 (D.D.C.)
VRB:JMB:BRB

Dear Jason Leopold:

    This responds to your Freedom of Information Act (FOIA) request, dated and received in this Office on March 21, 2019, for a copy of the final report prepared by Special Counsel Robert S. Mueller, III.

    The Office of Information Policy (OIP) has completed FOIA processing of the "Report On The Investigation Into Russian Interference In The 2016 Presidential Election" ("the Report"). The FOIA-processed Report has now been made available in OIP's online FOIA Library, at https://www.justice.gov/oip/available-documents-oip (under the "FOIA-Processed Documents" heading). I have determined that the Report is appropriate for release with excisions made pursuant to Exemptions 3, 5, 6, 7(A), 7(B), 7(C), and 7(E) of the FOIA, 5 U.S.C. § 552(b)(3), (b)(5), (b)(6), (b)(7)(A), (b)(7)(B), (b)(7)(C), and (b)(7)(E).

    Exemption 3 pertains to information specifically exempted from release by statute other than the FOIA (in this instance, the National Security Act of 1947, 50 U.S.C. § 3024(i)(1), which pertains to intelligence sources and methods, and Rule 6(e) of the Federal Rules of Criminal Procedure, which pertains to the secrecy of grand jury proceedings). Exemption 5 pertains to certain inter- and intra-agency records protected by the deliberative process privilege. Exemption 6 pertains to information the release of which would constitute a clearly unwarranted invasion of personal privacy. Exemption 7(A) pertains to records or information compiled for law enforcement purposes, the release of which could reasonably be expected to interfere with enforcement proceedings. Exemption 7(B) pertains to records or information compiled for law enforcement purposes, the release of which would deprive a person of a right to a fair trial or an impartial adjudication. Exemption 7(C) pertains to records or information compiled for law enforcement purposes, the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. Exemption 7(E) pertains to records or information compiled for law enforcement purposes, the release of which would disclose techniques or procedures for law enforcement investigations or prosecutions.

    Additionally, please be advised that some information contained in the Report is also subject to a court order prohibiting counsel for the parties from making statements to the media

-2-

or in public settings that pose a substantial likelihood of material prejudice to the case. *See* United States v. Roger J. Stone, Jr., Criminal No. 19-cr-18-ABJ (D.D.C.).

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. *See* 5 U.S.C. § 552(c) (2012 & Supp. V 2017). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

If you have any questions regarding this response, please contact Courtney D. Enlow of the Department's Civil Division, Federal Programs Branch at 202-616-8467.

Sincerely,

*/s/ V-R-B*

Vanessa R. Brinkmann
Senior Counsel