UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No.  18-CR-32 (DLF) |
| | ) | |
| | ) | |
| | ) | |
| CONCORD MANAGEMENT AND | ) | |
| CONSULTING, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**GOVERNMENT'S MOTION FOR LEAVE TO FILE AN *EX PARTE*, *IN CAMERA*, CLASSIFIED ADDENDUM TO THE GOVERNMENT'S MOTION REGARDING PROTECTIVE ORDER**

The United States, by and through undersigned counsel, and pursuant to Federal Rule of Criminal Procedure ("Rule") 16(d)(1), respectfully moves for leave to file an *ex parte*, *in camera*, classified addendum to its forthcoming motion regarding the protective order, which will be filed pursuant to the Court's instructions at the last status hearing.  The classified addendum would supplement the Government's motion, providing additional classified details supporting the Government's arguments in its motion and additional unclassified details supporting the Government's arguments that concern sensitive national security interests.  Because much of this additional information is classified for reasons of national security, because the unclassified information has significant implications for national security, and because defense counsel is not otherwise entitled to the information, the Government seeks permission to submit the information *ex parte*, as contemplated by Rule 16(d)(1).[1]  Should the Court grant the instant motion, the

---

[1] The Government is seeking this permission in advance of its filing deadline in order to ensure that the classified information is protected from any unnecessary disclosure and in order to formally obtain the agreement of other government agencies to submit the information *ex parte* and *in camera* to the Court in this proceeding.

Government would submit the *ex parte*, *in camera*, classified addendum through the Court

Information Security Officer at the same time that it files its motion.

## ARGUMENT

1. ***Ex Parte* Submission of Limited Facts Supporting the Government's Arguments Regarding Discovery Protections is Appropriate under Rule 16(d)(1).**

Courts have broad discretion to manage discovery, including discretion to consider *ex parte*

submissions in resolving discovery disputes.  Specifically, Rule 16(d)(1) provides that:

> At any time the court may, for good cause, deny restrict, or defer discovery or inspection, or grant other appropriate relief.  *The court may permit a party to show good cause by a written statement that the court will inspect ex parte.*  If relief is granted, the court must preserve the entire text of the party's statement under seal. (Emphasis added.)

Even though *ex parte* submissions are generally disfavored, there are several reasons they may be

appropriate in the context of discovery disputes.  For example, courts have considered *ex parte*

information regarding the risks to witness security that would result from not restricting discovery

that might otherwise be provided in the normal course.  *See United States v. Napue*, 834 F.2d 1311,

1320-23 (7th Cir. 1987) (approving district court's consideration of *ex parte* information regarding

the defendant's alleged dangerousness, based on prior conduct not charged in the case, as it related

to defendant's request for pretrial discovery of identities of Government witnesses).  Moreover, as

the Federal Rules Advisory Committee has explained, consideration of *ex parte* submissions in the

context of discovery may be especially appropriate where national security is implicated.  *See* Fed.

R. Crim. P. 16 advisory committee's note (1966 amendment) ("In some cases it would defeat the

purpose of the protective order if the government were required to make its showing in open court.

The problem arises in its most extreme form where matters of national security are involved.").

Here, in its motion, the Government intends to present several arguments in an under seal filing accessible to defense counsel relating to the Defendant's desire to share discovery materials with co-defendant Yevgeniy Prigozhin, the Russian national who controls the Defendant but has not personally appeared, and officers and employees of the Defendant.[2]   The Government previously presented arguments regarding the need to shield discovery from these individuals in advance of this Court's issuance of the existing protective order, for reasons of national security. *See* Gov. Mot. For Prot. Order, Dkt. 24.  At that time, the Government submitted supplemental information *ex parte* in support of its argument.  *See* Gov. *Ex Parte* Submission, Dkt. 25 (sealed). The Court relied on the *ex parte* submission by the Government in issuing the current protective order.  *See* June 29, 2018, Mem. Op. & Order, Dkt. 42.  And, at a hearing on the discovery dispute, the Court noted that "the government has outlined in its public motion all of the bases for [its argument], and what was supplied to me ex parte are just the details that back up the assertions in terms of national security investigations, cooperating witnesses, et cetera.  So it's the particulars behind their argument that's fully briefed." June 27, 2018, Tr. 20, Dkt. 41.  Moreover, on January 7, 2019, this Court granted the Government's motion for leave to file an *ex parte*, *in camera*, classified addendum to the Government's opposition to the Defendant's motion to disclose discovery pursuant to the protective order,

That same discovery issue—whether the Defendant should be permitted to share certain discovery with Prigozhin and officers and employees of the Defendant located in the Russian Federation—is again before the Court.  And, as before, the Government seeks to provide certain facts to the Court *ex parte*, for the limited purpose of supplementing arguments that will be fully briefed in the Government's motion that will be accessible to defense counsel.  Thus, as before,

---

[2] The Government intends to file a motion seeking leave of the Court to file its motion under seal.

and as the Court suggested in its comments regarding the first *ex parte* submission, the Defendant

will suffer minimal, if any, prejudice from the *ex parte* nature of the requested classified

submission, because the Defendant will have the opportunity to respond in substance to each of

the Government's arguments.

### 2. The Defendant is Not Otherwise Entitled to the Classified or Unclassified Information to Be Submitted to the Court.

An *ex parte* submission of the information in this instance is also appropriate because

defense counsel is not *otherwise* entitled to the information to be provided to the Court.

Specifically, a certain portion of the classified information that the Government intends to

submit—for the limited purpose of resolving the discovery dispute—is simply not relevant to the

merits of the prosecution, and thus there would be no reason for its disclosure to defense counsel

under Rule 16 or other authority.  Similarly, the unclassified information that the Government

intends to submit is not relevant to the merits of the prosecution, and thus there would be no reason

for its disclosure to defense counsel under Rule 16 or other authority.  And, to the extent certain

portions of the classified information to be submitted are relevant to the merits of the prosecution,

the Government anticipates that such information would be withheld from discovery in this case

under Section 4 of the Classified Information Procedure Act ("CIPA"), 18 U.S.C. App. 3 § 4,

because it is not "helpful" to the defense. *See United States v. Yunis*, 867 F.2d 617, 623 (D.C. Cir.

1989).[3]

In other words, defense counsel is not entitled to the classified or unclassified information

as a result of the charges in this case.  And, as explained above, disclosure of this information to

the defense is hardly necessary to permit the defense to argue in support of its discovery motion,

---

[3] As previously explained to the Court, should discovery in this case continue, the Government anticipates seeking an order under Section 4 of  CIPA to withhold certain classified information that is not "relevant and helpful" to the defense.

including to argue that it ought to be allowed to share discovery materials with Prigozhin and officers and employees of the Defendant in the Russian Federation.  Given that Rule 16(d)(1) permits the Court to receive information *ex parte* in that context, the circumstances in this instance weigh strongly in favor of permitting the *ex parte* submission.

3.   **The Potential Harm to National Security Outweighs Any Interest of the Defendant in the Information.**

Here, an *ex parte* submission is even more critical than it was with respect to the earlier litigation regarding the protective order, because the disclosure of the additional information to be submitted would create even greater risks to the national security.  The undersigned have confirmed that some of the information to be submitted *ex parte* is classified within the United States Intelligence Community at the Top Secret // Sensitive Compartmented Information ("TS//SCI") level, and disclosure of such information could cause exceptionally grave damage to the national security.  This national security concern necessitates *ex parte* submission of the information, and, in the limited circumstances of the pending discovery dispute, an *ex parte* submission is certainly appropriate under Rule 16(d)(1).

**CONCLUSION**

For these reasons, the Government asks the Court to grant the instant motion and permit

the Government to submit an *ex parte*, *in camera*, classified addendum to its forthcoming motion

regarding the protective order, containing only additional facts in support of the Government's

arguments to which defense counsel will have the opportunity to respond.


Respectfully submitted,


JOHN C. DEMERS                                    JESSIE K. LIU
Assistant Attorney General for National Security    United States Attorney

By: /s/                                            By: /s/
Heather N. Alpino                                  Jonathan Kravis
U.S. Department of Justice                         Deborah Curtis
National Security Division                         Kathryn Rakoczy
950 Pennsylvania Ave. NW                           555 Fourth Street NW
Washington, D.C. 20530                             Washington, D.C. 20530
Telephone: (202) 514-2000                          Telephone: (202) 252-6886

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA          )
                                  )
                                  )
        v.                        )          Criminal No.  18-CR-32 (DLF)
                                  )
                                  )
                                  )
CONCORD MANAGEMENT AND            )
CONSULTING, LLC, et al.,          )
                                  )
        Defendants.               )

**ORDER**

This matter comes before the Court upon the motion of the United States seeking leave to

file an *ex parte*, *in camera*, classified addendum to the Government's Motion Regarding Protective

Order.  Pursuant to Federal Rule of Criminal Procedure 16(d)(1), and for good cause shown, the

Government's motion is **GRANTED** and it is hereby

**ORDERED** that the Government may file an *ex parte*, *in camera*, classified addendum to

its forthcoming Motion Regarding Protective Order, containing additional facts in support of the

Government's arguments.


_____            _____
Date                                        HON. DABNEY L. FRIEDRICH
                                            UNITED STATES DISTRICT JUDGE