IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NUMBER: |
| v. | 1:18-cr-00032-2-DLF |
| CONCORD MANAGEMENT AND CONSULTING LLC | |
| Defendant. | |

**DEFENDANT CONCORD MANAGEMENT AND CONSULTING LLC'S OPPOSITION TO GOVERNMENT'S MOTION FOR LEAVE TO FILE AN *EX PARTE, IN CAMERA*, CLASSIFIED ADDENDUM TO THE GOVERNMENT'S MOTION REGARDING PROTECTIVE ORDER**

Defendant Concord Management and Consulting LLC ("Concord" or "Defendant"), through counsel, submits this opposition to the Government's Motion for Leave to File an *Ex Parte*, *In Camera*, Classified Addendum to the Government's Motion Regarding Protective Order ("Motion" or "Mot.").

Once again, citing no relevant legal precedent, the government seeks to communicate *ex parte* more unspecified classified and non-classified information to the Court in support of its position never before approved by any federal court that a foreign corporate defendant cannot have access to non-classified discovery in its country of incorporation. Also again, the government bizarrely states that it intends to invoke the Classified Information Procedures Act ("CIPA") in this case involving no classified discovery, "should discovery in this case continue." Mot. 4 n.3. So the government ignores what the Court has already stated, that the government has not made the necessary particularized showing to withhold 3.5 million documents of discovery from Defendant's view.

1

The two cases cited by the government are irrelevant to the issue before the Court as explained in Defendant's opposition to the government's previous Motion for Leave to File *Ex Parte, In Camera,* Classified Addendum. *See id.* 2-4, Dec. 27, 2018, ECF No. 81. Briefly, *United States v. Napue*, 834 F.2d 1311 (7th Cir. 1987) involved witness safety, an issue not raised by the government here. And *United States v. Yunis*, 867 F.2d 617 (D.C. Cir. 1989) involved an *ex parte* submission pursuant to CIPA regarding classified discovery, of which none exists in this case.

While the government concedes that *ex parte* submissions "are generally disfavored," Mot. 2, it fails to advise the Court of the case law highly critical of such submissions. The reason that *ex parte* submissions are disfavored is that they conflict with the fundamental basis of our system of justice that a fair hearing requires a reasonable opportunity to understand and rebut the claims of the opposing party. *See United States v. Microsoft*, 56 F.3d 1448, 1464 (D.C. Cir. 1995)*; see also Chekkouri v. Obama*, 158 F. Supp. 3d 4, 5-6 (D.D.C. 2016) (noting that courts permit *ex parte* proceedings only in the rarest of circumstances).

The dangers in proceeding *ex parte* are already apparent in this case. First, the Court has candidly and honestly admitted that it misunderstood the *ex parte* arguments originally proffered by the government to obtain the existing Protective Order, mistakenly believing that the documents themselves were truly sensitive. Sealed Tr. Of Status Conference 50:4-50:9, Apr. 10, 2019. Second, the Court has candidly and honestly admitted that it does not have the expertise to determine whether individual documents raise national security concerns such that they cannot be viewed by Defendant Concord. *Id*. 62:3-62:17. Now the government seeks to further burden the Court with *ex parte* information in the context of the Court having not itself reviewed a single page of the allegedly sensitive discovery; thus forcing the Court to blindly rule without the

benefit of advocacy on behalf of Concord.  *See Dennis v. United States*, 384 U.S. 855, 875 (1966) ("The determination of what may be useful to the defense can properly and effectively be made only by an advocate.")

At a minimum, the Court should deny the government's Motion and require in the first instance that the government make its case for withholding discovery from Concord without secret communications to the Court.  If the government fails, it can re-urge its motion at that time.

For the reasons set forth above, Defendant Concord Management and Consulting LLC respectfully requests that the Court deny the government's Motion.

Dated:  May 20, 2019

Respectfully submitted,

CONCORD MANAGEMENT AND
CONSULTING LLC

By Counsel

/s/*Eric A. Dubelier*
Eric A. Dubelier
Katherine Seikaly
Reed Smith LLP
1301 K Street, N.W.
Suite 1000 – East Tower
Washington, D.C. 20005
202-414-9200 (phone)
202-414-9299 (fax)
edubelier@reedsmith.com
kseikaly@reedsmith.com