**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CONCORD MANAGEMENT AND CONSULTING LLC<br><br>    Defendant. | CRIMINAL NUMBER:<br><br>1:18-cr-00032-2-DLF |

**DEFENDANT CONCORD MANAGEMENT AND CONSULTING LLC'S MOTION TO STRIKE THE GOVERNMENT'S "SUPPLEMENTAL FILING"**

Defendant Concord Management and Consulting LLC ("Concord" or "Defendant"), through counsel, submits this Motion to Strike the Government's "Supplemental Filing" as procedurally improper and an effort to obtain an impermissible advisory opinion.

It is maddening that foreign corporate Defendant Concord stands accused by the government of a make-believe crime where there is not one iota of evidence that Concord was aware of the obscure regulatory rules forming the charge, while at the same time the same government flaunts the rules of this Court and the law of this land.  If the government's so called "supplemental filing" relates to Concord's Motion for a Show Cause Order then it is a sur-reply not provided for in L.Cr.R. 47.  Otherwise, the pleading is an improper and sneaky request for an advisory opinion from the Court.  Either way, the filing is improper and should be stricken.[1]

---

[1] Moreover, in the government's parallel universe where it makes its own rules, it believes a fair trial can be had where evidence withheld from Concord can be shared solely for political purposes with the leak-prone United States Congress.  So Congressional members and staff will have evidence they can use for political warfare that has not been produced to the Defendant in this criminal case.

1

**The "Supplemental Filing" Is An Improper Sur-Reply**

The government's submission—which bears the vague "supplemental filing" moniker—ostensibly responds to Concord's show cause motion, ECF No. 129, and invokes Concord's arguments related to L.Cr.R. 57.7.  Despite this, the government never sought leave of Court to file a further response after Concord filed its reply brief on May 15, 2019.  Put simply, this is nothing more than an attempt to end-run the requirement that the government must seek leave of court to file a sur-reply brief.

There is no automatic right to file a sur-reply contained in either the Federal Rules of Criminal Procedure or in the Local Rules of this Court.  Accordingly, a party seeking to file a sur-reply may do so only by seeking leave of court.  *Flanagan v. Wyndham Int'l Inc.*, 231 F.R.D. 98, 101 (D.D.C. 2005); *see Amobi v. D.C. Dep't of Corr.*, 257 F.R.D. 8, 9 (D.D.C. 2009).  While courts have wide discretion about whether to grant or deny leave to file a sur-reply, they generally do so in situations where a movant raises an argument for the first time in its reply brief.  *United States ex rel. Hockett v. Columbia/HCA Healthcare Corp.*, 498 F. Supp. 2d 25, 35 (D.D.C. 2007); *see also Gebretsadike v. Travelers Home & Marine Ins. Co.*, 103 F. Supp. 3d 78, 86 (D.D.C. 2015) (requiring that a party seeking to file a sur-reply must (1) request the court's permission; and (2) show that the reply raised new arguments not included in the original motion).

While motions to strike are generally disfavored, *Hockett*, 498 F. Supp. 2d at 35, courts in this district have not hesitated to strike submissions that amount to sur-replies, yet are not explicitly styled as such.  *See Spanski Enters. v. Telewizja Polska S.A.*, No. 12-cv-957, 2017 U.S. Dist. LEXIS 20465, at *5 n.2 (D.D.C. Feb. 14, 2017) ("Plaintiff's Motion for Leave to File a Reply is denied as moot and Plaintiff's 'Opposition,' which is in substance a sur-reply, is

stricken"); *Randolph v. ING Life Ins. & Annuity Co.*, 486 F. Supp. 2d 1, 9 n.5 (D.D.C. 2007) (striking portion of a response to supplemental authority that was, in essence, a sur-reply filed without first seeking leave of court).[2] The reason this Court does so is obvious: parties should not be permitted to bypass the leave-to-file requirement merely by changing the caption of a filing.

Here, the substance of the government's submission is essentially a sur-reply to Concord's show cause motion. It invokes Concord's argument related to public disclosure of the Report in violation of L.Cr.R. 57.7. Yet, unlike in the typical situation where a sur-reply is allowed, the government here fails to actually engage with *any argument* Concord made in its reply brief. Under these circumstances—even if the government had followed the procedural requirement of seeking leave—a sur-reply is inappropriate because the "supplemental filing" does not respond to any new arguments in Concord's reply and thus will not aid the Court in deciding Concord's show cause motion. But the government goes even farther here, by not seeking leave at all, and instead simply filing the document and offering a vague title, presumably in an effort to avoid the procedural requirement in the first place.

**The Government Seeks an Impermissible Advisory Opinion**

Even worse, the government's submission lays out an intended course of action related to the further disclosure of the Mueller Report and essentially asks this Court to place its imprimatur on that action—without regard for the case or controversy requirement of Article III of the Constitution of the United States.

---

[2] It is difficult to find criminal cases in this district addressing the appropriateness of sur-reply briefs. However, consistent with the civil cases cited above, there are criminal cases from other districts striking sur-reply briefs filed without leave of court. *See, e.g., United States v. Scott*, No. 2:04-CR-80, 2005 WL 8156721, at *1 (N.D. Ind. Oct. 24, 2005) (striking sur-reply filed by the government without leave of court).

It is well-settled that federal courts lack power to "decide abstract, hypothetical or contingent questions." *Nat'l Conf. of Catholic Bishops v. Smith*, 653 F.2d 535, 539 (D.C. Cir. 1981). Indeed, Article III limits federal courts' exercise of judicial power to "Cases" and "Controversies." U.S. Const. art. III, § 2; *Flast v. Cohen*, 392 U.S. 83, 94-95 (1968). "[I]t is quite clear that the oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions." *Flast*, 392 U.S. at 96 (internal quotation marks omitted). This Court has recognized that requests for advisory opinions that arise in the context of a broader litigation may still be rejected on that basis. *See United States v. Microsoft Corp.*, No. 98-1232, 2002 U.S. Dist. LEXIS 9914, at *6 (D.D.C. Feb. 22, 2002) (recognizing that a request by the government "attempt[ing] to invoke the federal judicial power, in advance of any action by the government, to obtain authorization for a particular form of executive action …" sought an advisory opinion, and noting that its conclusion does not imply that the government's ultimate action is not subject to judicial review, but rather that there can be no review *in advance* of government action).

Here, too, the government has outlined a particular course of action that it has not yet taken. Specifically, it asserts that the Department of Justice intends to make available a "minimally redacted" version of the Mueller Report to the HPSCI and the SSCI, along with the staff members of those committees. Supplemental Filing 1-2. While the government insists that its intended course of action does not violate L.Cr.R. 57.7, "in an abundance of caution and in the interests of transparency," the government has outlined this prospective course of action in what is plainly an effort to obtain Court approval—*i.e.* "further guidance from the Court." Supplemental Filing 3. This is the textbook "hypothetical" question that falls outside the case and controversy limits imposed by Article III. *Smith*, 653 F.2d at 539. Moreover, it places the

Court in the impossible position that if it does not substantively respond to the government's non-motion, the government can later argue that the Court's silence constituted approval of the government's proposed course of action. This Court cannot pass upon whether the government *will* violate Local Criminal Rule 57.7 by releasing the unredacted Mueller Report to Congress—it can only pass upon whether the government's actions *have* violated it, as Concord's show cause motion asks.

In this highly unusual once-in-history case, the government must be required to follow the rules.

WHEREFORE, Concord respectfully requests that this Court strike the government's "supplemental filing" as procedurally improper or, in the alternative, as seeking an improper advisory opinion.

Dated: May 23, 2019

Respectfully submitted,

CONCORD MANAGEMENT AND
CONSULTING LLC

By Counsel

/s/ *Eric A. Dubelier*
Eric A. Dubelier
Katherine Seikaly
Reed Smith LLP
1301 K Street, N.W.
Suite 1000 – East Tower
Washington, D.C. 20005
202-414-9200 (phone)
202-414-9299 (fax)
edubelier@reedsmith.com
kseikaly@reedsmith.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CONCORD MANAGEMENT AND CONSULTING LLC<br><br>Defendant. | CRIMINAL NUMBER:<br><br>1:18-cr-00032-2-DLF |

**PROPOSED ORDER**

With the Court having considered Defendant Concord Management and Consulting LLC's Strike the Government's "Supplemental Filing," it is hereby

**ORDERED** that the motion is **GRANTED**. The Government's Supplemental Filing Regarding Defendant's Motion to Show Cause is stricken from the docket.

Date: _____     _____
                                                                                    DABNEY L. FRIEDRICH
                                                                                    United States District Judge

1