UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CONCORD MANAGEMENT AND CONSULTING LLC,<br><br>Defendant. | Crim. No. 18-CR-32-2 (DLF)<br><br>**FILED UNDER SEAL** |

**PARTIES' JOINT FILING REGARDING THE UNSEALING OF HEARING TRANSCRIPTS AND PLEADINGS RELATED TO MODIFYING THE PROTECTIVE ORDER IN THIS CASE**

Pursuant to the discussion during the July 17, 2019 motion hearing, Defendant Concord Management and Consulting, LLC ("Defendant" or "Concord") and the United States (collectively, the "Parties), by and through counsel, submit this joint filing regarding the parties' positions on unsealing certain hearing transcripts and pleadings related to modifying the Protective Order in this case. The parties have reviewed the pleadings and transcripts identified by the Court at the hearing on July 17, 2019, and the parties have also reviewed the docket to see if they could identify any additional filings that would be appropriate for unsealing.

As the Court will see, for the most part, the parties propose unsealing, with limited redactions, the transcripts and pleadings related to this litigation. Where the transcripts and pleadings reference ongoing grand jury investigations, the parties have proposed, pursuant to Rule 6(e) of the Federal Rules of Criminal Procedure, that the Court approve redactions or approve that a pleading remain under seal in its entirety. Where the transcripts and pleadings discuss the contents or handling of sensitive discovery materials, the parties have asked that the Court approve redactions or permit pleadings to remain under seal in their entirety in order to enforce the

1

provisions of the Protective Order that the Court has entered (and is in the process of modifying) in this case. Because such redactions and continued sealing would protect the interests embodied in the Protective Order, the parties submit that permitting these redactions and continued sealing would be an appropriate exercise of the Court's inherent power to seal court filings. *See United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). Finally, there are several instances where the government has proposed redactions of discussions of sensitive law enforcement techniques, and Concord has agreed to these redactions. Publicizing discussions of these sensitive law enforcement techniques would compromise the very law enforcement and national security interests that the Protective Order seeks to protect. Accordingly, the parties submits that permitting these redactions would be an appropriate exercise of the Court's inherent power to seal court filings (and parts of Court filings). *Id.*

The parties will explain below the justification(s) invoked to support redactions or continued sealing each time that is the parties' recommendation. With respect to the following transcripts and pleadings, which are currently under seal, the parties take the following joint positions:

- Dkt. No. 79 (Motion for Leave to File Exhibit Under Seal): The parties have no objection to unsealing and submit that no redactions are required.

- Dkt. No. 79-1 (Text of Proposed Order): The parties have no objection to unsealing and submit that no redactions are required.

- Dkt. No. 79-2 (Exhibit B to Concord's Motion for Approval to Disclose Discovery Pursuant to Protective Order): The parties submit that this pleading should remain under seal in its

entirety as it addresses the handling of sensitive discovery. The parties do not object, however, to the description of this pleading being docketed.

- Dkt. No. 92 (Transcript of Proceedings Held on 1/11/19): The parties have no objection to unsealing but submit that redactions are required. The proposed redactions deal with discussions of the contents and handling of sensitive discovery materials, as well as discussions of sensitive law enforcement techniques. The parties' proposed redactions are enclosed as Exhibit A to this filing.

- Dkt. No. 96 (Motion for Leave to File Partially Under Seal): The parties have no objection to unsealing and submit that no redactions are required.

- Dkt. No. 96-1 (Government's Response to Concord's Proposal for Disclosure of Sensitive Discovery): The parties submit that this pleading should remain under seal in its entirety as it addresses the handling of sensitive discovery (this is a response to Dkt. No. 79-2, discussed above). The parties do not object, however, to the description of this pleading being docketed.

- Dkt. No. 98 (Motion for Leave to File Under Seal): The parties have no objection to unsealing and submit that no redactions are required.

- Dkt. No. 98-1 (Government's Supplement to Amended Opposition to Defendant's Motion for Approval to Disclose Discovery Pursuant to Protective Order): The parties have no objection to unsealing and submit that no redactions are required.

- Dkt. No. 105 (Motion for Leave to File Partially Under Seal): The parties have no objection to unsealing and submit that no redactions are required.

- Dkt. 105-1 (Text of Proposed Order): The parties have no objection to unsealing and submit that no redactions are required.

- Dkt. 105-2 (Reply in Support of Motion for Approval to Disclose Discovery Pursuant to Protective Order (unredacted)): The parties propose that this pleading remain under seal. A redacted version has already been filed on public docket (Dkt. No. 103). The parties do not object, however, to the description of this pleading being docketed.

- Dkt. 105-3 (Exhibit B to Reply in Support of Motion for Approval to Disclose Discovery Pursuant to Protective Order): The parties submit that this pleading should remain under seal in its entirety as it relates to an ongoing investigation.

- Dkt. 105-4 (Exhibit C to Reply in Support of Motion for Approval to Disclose Discovery Pursuant to Protective Order): The parties submit that this pleading should remain under seal, as it addresses the handling of sensitive discovery.

- Dkt. No. 107 (Motion for Partial Unsealing of Transcript of Proceedings on March 7, 2019): The parties have no objection to unsealing and submit that no redactions are required.

- Dkt. No. 107-1 (Exhibit – Proposed Redactions to Transcript of Proceedings on March 7, 2019): As this filing reveals the text that the Court ultimately approved redacting from this transcript, the parties submit that this pleading should remain under seal in its entirety. To the extent that it appears that a redacted version of Dkt. 107-1 has not been publicly docketed, despite the Court's Minute Order dated March 12, 2019, the parties are happy to file a redacted version of Dkt. 107-1 along with the other unsealed/redacted pleadings and transcripts discussed in this filing.

- Dkt. No. 113 (Motion for Leave to File Under Seal): The parties have no objection to unsealing and submit that no redactions are required.

- Dkt. No. 113-1 (Government's Motion for Status Hearing): The parties have no objection to unsealing and submit that no redactions are required.

- Dkt. No. 113-2 (Text of Proposed Order): The parties have no objection to unsealing and submit that no redactions are required.

- Dkt. No. 114 (Government's Opposition Regarding Motion for Bill of Particulars): The parties have no objection to unsealing but submit that redactions are required. The proposed redactions deal with discussions of the contents of sensitive discovery materials. The parties' proposed redactions are enclosed as Exhibit B to this filing.

- Dkt. 116 (Motion for Leave to File Under Seal): The parties have no objection to unsealing and submit that no redactions are required.

- Dkt. 116-1 (Text of Proposed Order): The parties have no objection to unsealing and submit that no redactions are required.

- Dkt. 116-2 (Response to Government's Motion for Status Hearing): The parties have no objection to unsealing and submit that no redactions are required.

- Dkt. 120 (Motion for Leave to File Under Seal): The parties have no objection to unsealing and submit that no redactions are required.

- Dkt. 120-1 (Text of Proposed Order): The parties have no objection to unsealing and submit that no redactions are required.

- Dkt. 120-2 (Government's Reply in Support of Motion for Status Hearing): The parties have no objection to unsealing and submit that no redactions are required.

- Dkt. 120-3 (Exhibit A): The parties have no objection to unsealing and submit that no redactions are required.

- Dkt. 123 (Motion for Leave to File Partially Under Seal): The parties have no objection to unsealing and submit that no redactions are required.

- Dkt. 123-1 (Text of Proposed Order): The parties have no objection to unsealing and submit that no redactions are required.

- Dkt. 123-2 (Reply in Support of Motion for Bill of Particulars (unredacted)): The parties propose that this pleading remain under seal. A redacted version has already been filed on public docket (Dkt. No. 122). The parties do not object, however, to the description of this pleading being docketed.

- Dkt. 128 (Transcript of Proceedings Held on 4/10/19): The parties have no objection to unsealing but submit that redactions are required. The proposed redactions deal with discussions of the contents and handling of sensitive discovery materials, as well as discussions of sensitive law enforcement techniques. The parties' proposed redactions are enclosed as Exhibit C to this filing.

- Dkt. 141 (Motion to File Under Seal): The parties have no objection to unsealing and submit that no redactions are required.

- Dkt. 141-1 (Text of Proposed Order): The parties have no objection to unsealing and submit that no redactions are required.

- Dkt. 141-2 (Government's Motion Regarding Protective Order): The parties have no objection to unsealing but submit that redactions are required. The proposed redactions deal with discussions of the contents and handling of sensitive discovery materials, as well as discussions of sensitive law enforcement techniques. The parties' proposed redactions are enclosed as Exhibit D to this filing.

- Dkt. 141-3 (Government's Proposed Protective Order): The parties have no objection to unsealing and submit that no redactions are required.

- Dkt. 145 (Motion for Leave to File Under Seal): The parties have no objection to unsealing and submit that no redactions are required.

- Dkt. 145-1 (Text of Proposed Order): The parties have no objection to unsealing and submit that no redactions are required.

- Dkt. 145-2 (Response to Motion Regarding Protective Order): The parties have no objection to unsealing but submit that redactions are required. The proposed redactions deal with discussions of the contents and handling of sensitive discovery materials, as well as discussions of sensitive law enforcement techniques. The parties' proposed redactions are enclosed as Exhibit E to this filing.

- Dkt. 146 (Motion for Leave to File Under Seal): The parties have no objection to unsealing and submit that no redactions are required.

- Dkt. 146-1 (Text of Proposed Order): The parties have no objection to unsealing and submit that no redactions are required.

- Dkt. 146-2 (Government's Bill of Particulars): The parties have no objection to unsealing but submit that redactions are required. For the reasons discussed at the hearing on July 17, 2019, the government has proposed redacting the names of unindicted co-conspirators, and Concord agrees to these proposed redactions. The parties' proposed redactions are enclosed as Exhibit F to this filing.

- Dkt. 152 (Motion for Leave to File Under Seal): The parties have no objection to unsealing and submit that no redactions are required.

- Dkt. 152-1 (Text of Proposed Order): The parties have no objection to unsealing and submit that no redactions are required.

- Dkt. 152-2 (Government's Reply in Support of Motion to Modify Protective Order): The parties have no objection to unsealing but submit that redactions are required. The proposed redactions deal with discussions of the contents and handling of sensitive discovery materials, as well as discussions of sensitive law enforcement techniques. The parties' proposed redactions are enclosed as Exhibit G to this filing.

- Transcript of Proceedings Held on 7-17-2019: The parties have no objection to unsealing but submit that redactions are required. The proposed redactions deal with discussions of the contents and handling of sensitive discovery materials, as well as discussions of sensitive law enforcement techniques. The parties' proposed redactions are enclosed as Exhibit H to this filing.

WHEREFORE, the parties ask that the Court unseal the pleadings and transcripts discussed in this filing in a manner consistent with the parties' proposals. Should the Court agree with the parties' proposed redactions, the parties ask that the Court give the parties leave to make the proposed redactions and file those redactions publicly on the docket.

Respectfully submitted,

JOHN C. DEMERS
Assistant Attorney General for National Security

By: ____/s/____
Heather N. Alpino
U.S. Department of Justice
National Security Division
950 Pennsylvania Ave. NW
Washington, D.C. 20530
Telephone: (202) 514-2000

JESSIE K. LIU
United States Attorney

By: ____/s/____
Jonathan Kravis
Deborah Curtis
Kathryn Rakoczy
555 Fourth Street NW
Washington, D.C. 20530
Telephone: (202) 252-6886

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2019, I caused a copy of the foregoing motion to seal to be transmitted to Katherine Seikaly and Eric Dubelier, counsel of record for Concord Management and Consulting LLC, via email.

By: \_\_\_\_/s/_____
Jonathan I. Kravis
Assistant United States Attorney
555 Fourth Street NW
Washington D.C. 20530