UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CONCORD MANAGEMENT AND CONSULTING LLC,<br><br>Defendant. | Crim. No. 18-CR-32-2 (DLF) |

### JOINT FILING REGARDING SPEEDY TRIAL ACT CALCULATION

The United States of America and Concord Management and Consulting LLC respectfully submit this joint filing in response to the Court's minute order dated August 8, 2019, requesting the parties' positions on the exclusion of time under the Speedy Trial Act.

On February 16, 2018, the grand jury returned an Indictment charging defendant Concord Management and Consulting LLC and other defendants with conspiracy to defraud the United States in violation of 18 U.S.C. § 371. Doc. 1. On April 11, 2018, Concord appeared in this case through counsel. Doc. 2, 3.

On May 22, 2018, the parties filed a joint motion to exclude the time period from May 22, 2018 to August 28, 2018 for purposes of the Speedy Trial Act calculation pursuant to 18 U.S.C. § 3161(h)(7)(A). Doc. 14. On May 23, 2018, the Court granted the motion. Doc. 16. The Court found that the ends of justice were served by excluding the relevant time period, and that the ends of justice outweighed the best interests of the public and the defendant in a speedy trial. *Id.* (citing 18 U.S.C. § 3161(h)(7)(A)). The Court further found that the case is unusual and complex due to the nature of the prosecution, the possibility of novel questions of fact or law, and the voluminous discovery at issue. *Id.* (citing 18 U.S.C. § 3161(h)(7)(B)(ii)).

Thereafter, Concord began filing pretrial motions. On June 25, 2018, Concord filed a

1

motion to dismiss the Indictment.  Doc. 36.  On July 16, 2018, Concord filed a second motion to dismiss.  Doc. 46.  On August 29, 2018, Concord filed a motion for discovery regarding selective prosecution.  Doc. 61.  The last of these motions was resolved by the Court on November 15, 2018, when the Court denied Concord's second motion to dismiss.  Doc. 73.

On November 27, 2018, the parties filed a joint motion requesting a scheduling order for the briefing of outstanding discovery issues.  Doc. 76.  This motion further requested that the Court exclude time under the Speedy Trial Act from November 15, 2018 to December 21, 2018 under 18 U.S.C. § 3162(h)(7)(A) and (b).  On that same day, the Court granted the motion.  Minute Order, Nov. 27, 2018.[1]

On December 20, 2018, Concord filed a motion to permit disclosure of discovery pursuant to the protective order.  Doc. 77.  That motion was pending until August 7, 2019.  Doc. 161.

## DISCUSSION

The Speedy Trial Act ("STA"), 18 U.S.C. §§ 3161-3174, generally requires a federal criminal trial to begin within 70 days after a defendant is charged or makes an initial appearance.  *Zedner v. United States*, 547 U.S. 489, 492 (2006).  However, Section 3161(h) provides that certain periods of delay are excluded in calculating that 70-day period.  *Id.*  In particular, Section 3161(h)(1)(D) states that the Court "shall…exclude" from the STA calculation any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."

---

[1] On the docket, the Minute Order states that "the time from *November 27, 2018* through December 21, 2018 shall be excluded in computing the date for a speedy trial in this case."  The government submits that the starting date of this exclusion period reflected on the docket, "November 27, 2018," is a clerical error, since the parties' joint motion requested exclusion starting on November 15, 2018, and the Minute Order states that the motion was granted.  In any event, the 12 days between the starting date requested by the motion and the starting date listed on the docket is not dispositive for purposes of the Speedy Trial Act calculation.

In addition, under Section 3161(h)(7)(A), the Court may toll the STA clock if the ends of justice served by tolling outweigh the best interests of the public and the defendant in a speedy trial. This balancing "is entrusted to the district court's sound discretion." *United States v. Rice*, 746 F.3d 1074, 1078 (D.C. Cir. 2014). The factors to be considered in this balancing include "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii).

Here, the Court has already excluded the time periods of May 22, 2018 to August 28, 2018, and November 15, 2018 to December 21, 2018. The intervening time periods of August 29, 2018 to November 14, 2018, and December 22, 2018 to August 7, 2019, should be excluded from the STA calculation because pretrial motions were pending. 18 U.S.C. § 3161(h)(1)(D). Those time periods should be also excluded from the STA calculation for the further reason that, as this Court has previously found, this case is unusual and complex due to the nature of the prosecution, novel questions of fact and law, and the voluminous discovery at issue. *Id.* § 3161(h)(7)(A).

Moving forward, the parties agree that the time period from August 8, 2019 to the date of the next hearing, August 20, 2019, should be excluded from the STA calculation under Section 3161(h)(7)(A). The parties will be prepared to address the STA calculation beyond August 20 at the hearing.

For the foregoing reasons, the parties respectfully request that the Court find that the period from December 22, 2018 to August 20, 2019 is excluded from the Speedy Trial Act calculation pursuant to 18 U.S.C. § 3161(h)(1)(D) and (h)(7)(A).

Respectfully submitted,

| | |
|---|---|
| CONCORD MANAGEMENT AND CONSULTING LLC | JESSIE K. LIU<br>United States Attorney |
| By: /s/ *Eric A. Dubelier*<br>Eric A. Dubelier<br>Katherine Seikaly<br>Reed Smith LLP<br>1301 K Street, NW<br>Suite 1000 – East Tower<br>Washington, D.C. 20005<br>202-414-9200 | By: /s/<br>Jonathan Kravis<br>Deborah Curtis<br>Kathryn Rakoczy<br>Luke Jones<br>555 Fourth Street NW<br>Washington, D.C. 20530<br>Telephone: (202) 252-6886 |
| | JOHN C. DEMERS<br>Assistant Attorney General for National Security |
| | By: /s/<br>Heather N. Alpino<br>U.S. Department of Justice<br>National Security Division<br>950 Pennsylvania Ave. NW<br>Washington, D.C. 20530<br>Telephone: (202) 514-2000 |