## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Crim. No. 18-CR-32-2 (DLF) |
| CONCORD MANAGEMENT AND CONSULTING LLC, | <u>FILED UNDER SEAL</u> |
| Defendant. | |

## GOVERNMENT'S BILL OF PARTICULARS

The United States of America respectfully submits the following bill of particulars in response to the Court's order dated May 24, 2019.

1. **Identify all unindicted co-conspirators that the government intends to establish as co-conspirators at trial.**



2. **Identify all statutory or regulatory disclosure requirements whose administration the defendants allegedly conspired to impair, along with supporting citations to the U.S. Code, Code of Federal Regulations, or comparable authority.**

   - The Federal Election Campaign Act ("FECA") requires persons who make "independent expenditures" of more than $250 in a calendar year to file reports with the Federal Election Commission ("FEC").  52 U.S.C. § 30104(c); 11 C.F.R.

1

- § 109.10; *see* 52 U.S.C. § 30101(17) (defining "independent expenditure"); 11 C.F.R. § 100.22 (regulation interpreting "independent expenditure").

- FECA prohibits a foreign national from making an expenditure or independent expenditure. 52 U.S.C. § 30121; 11 C.F.R. § 110.20; *see Bluman v. Federal Election Commission*, 800 F. Supp. 2d 281, 284 (D.D.C. 2011) (interpreting Section 30121 to bar foreign nationals "from making expenditures to expressly advocate the election or defeat of a political candidate").

- The Foreign Agent Registration Act ("FARA") requires the registration of, and disclosures by, an agent of a foreign principal who, either directly or through another person, within the United States, engages in "political activities" on behalf of a foreign principal or acts within the United States as a public relations counsel, publicity agent, information-service employee, or political consultant for, or in the interests of, such foreign principal, among other enumerated activity. 22 U.S.C. §§ 612(a), 611(b) (defining foreign principal to include non-government individuals and entities abroad, 611(c) (defining "agent of foreign principal"), 614(a); 28 C.F.R. §§ 5.200-5.210. The statute also requires an agent of a foreign principal to file copies with the Attorney General of any "informational materials" transmitted in the United States "for or in the interests of" the foreign principal, and to put a conspicuous identifying statement on such informational materials. 22 U.S.C. § 614(a), (b); 28 C.F.R §§ 5.400, 5.402.

3. **Identify each category of expenditures that the government intends to establish required disclosure to the FEC, along with supporting citations to the U.S. Code, Code of Federal Regulations, or comparable authority.**

    - The indictment alleges, and the evidence at trial will prove, that the conspirators made numerous payments to purchase advertisements that expressly advocated the election or defeat of a particular candidate in the 2016 U.S. presidential election. Doc. 1 ¶¶ 43, 48-50. This conduct triggered the registration requirement set forth in 52 U.S.C. § 30104(c), and 11 C.F.R. § 109.10. This conduct also violated the foreign national expenditure ban set forth in 52 U.S.C. § 30121.

    - The indictment alleges, and the evidence at trial will prove, that the conspirators made payments to promote political rallies in the United States. Doc. 1 ¶¶ 51-57, 59-85. This conduct triggered the registration requirement set forth in 52 U.S.C. § 30104(c). This conduct also violated the foreign national expenditure ban set forth in 52 U.S.C. § 30121.

4. **Identify each category of activities that the government intends to establish triggered a duty to register as a foreign agent under FARA, along with supporting citations to the U.S. Code, Code of Federal Regulations, or comparable authority.**

- The indictment alleges, and the evidence at trial will show, that the conspirators traveled to the United States under false pretenses at the direction and under the control of the conspirators and in order to collect intelligence to further the interference operations of the conspirators.  Doc. 1 ¶¶ 29-31.  This conduct triggered FARA's reporting requirement.  22 U.S.C. § 612(a); *see* 22 U.S.C. §§ 611(c)(1)(ii); *see also* 22 U.S.C. § 611(g), (h), (p).

- The indictment alleges, and the evidence at trial will show, that the conspirators used social media platforms, political advertising, and political rallies to influence public opinion on political matters and to interfere in the 2016 U.S. presidential election.  Doc. 1 ¶¶ 32-57.  This conduct triggered FARA's reporting requirement.  22 U.S.C. § 612(a); *see* 22 U.S.C. § 611(c)(1)(i), (ii), (iv); *see also* 22 U.S.C. § 611(g), (h), (o).

**5. Clarify whether the actions Prigozhin allegedly performed in paragraphs 12 and 13 of the indictment are alleged to have been performed on Concord's behalf.  If they are not, identify the "activities" overseen by Concord and describe the manner in which Concord oversaw them.**

The actions Prigozhin allegedly performed in paragraphs 12 and 13 of the indictment are alleged to have been performed on Concord's behalf.  In particular, the indictment alleges that Prigozhin "approved and supported the ORGANIZATION's operations."  Doc. 1 ¶ 12a.  The indictment further alleges that in or around 2015 and 2016, Prigozhin "frequently communicated with" co-defendant Mikahil Bystrov "about Project Lakhta's overall operations, including through regularly scheduled in-person meetings."  *Id.* ¶ 13b.  These actions are alleged to have been performed on Concord's behalf.

                              Respectfully submitted,

| | |
|---|---|
| JOHN C. DEMERS | JESSIE K. LIU |
| Assistant Attorney General for National Security | United States Attorney |
| | |
| By: /s/_____ | By: /s/_____ |
| Heather N. Alpino | Jonathan Kravis |
| U.S. Department of Justice | Deborah Curtis |
| National Security Division | Kathryn Rakoczy |
| 950 Pennsylvania Ave. NW | 555 Fourth Street NW |
| Washington, D.C. 20530 | Washington, D.C. 20530 |
| Telephone: (202) 514-2000 | Telephone: (202) 252-6886 |