RECEIVED
JUL 10 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CONCORD MANAGEMENT AND CONSULTING LLC,<br><br>Defendant. | Crim. No. 18-CR-32-2 (DLF)<br><br>**FILED UNDER SEAL** |

### GOVERNMENT'S REPLY IN SUPPORT OF
### MOTION TO MODIFY PROTECTIVE ORDER

The issue before the Court is how, not whether, defendant Concord Management and Consulting LLC can access a limited subset of the discovery in this case that implicates particularly weighty law enforcement and national security interests. Contrary to Concord's repeated assertions (*e.g.*, Opp. 2, 4, 6), neither the existing nor the proposed protective order bars Concord from receiving and reviewing all of the discovery in this case. The only question is where and how its officers and employees may review the narrowed subset of discovery that the government has identified as implicating significant law enforcement and national security interests. Concord cannot have it both ways by appearing in this Court, availing itself of the rights afforded by the American legal system, and then declaring that because its officers and employees refuse to leave Russia for reasons unexplained, the government is "withholding discovery" (Opp. 2).

As for what restrictions may be imposed on the dissemination of discovery (rather than receiving discovery at all), it is black letter law that for information implicating national security equities, the Court should balance the relevant interests. Fed. R. Crim. P. 16(d)(1); *United States*

1

*v. Williams Cos., Inc.*, 562 F.3d 387, 395 (D.C. Cir. 2009); *see United States v. Cordova*, 806 F.3d 1085, 1090 (D.C. Cir. 2015); *United States v. Celis*, 608 F.3d 818, 829 (D.C. Cir. 2010). The government has argued (and supplemented through *ex parte* submissions) that certain discovery in this case implicates weighty law enforcement and national security interests. In particular, the government has contended that allowing certain information in the discovery to go to Russia would harm law enforcement and national security interests by allowing a foreign adversary to reverse engineer the investigative methods used in this case and to gather information about sensitive investigative techniques. Mot. 6; Gov't Opp. to Mot. to Modify Protective Order 6-8 (Doc. 99). The government has sought to balance those interests with Concord's need to prepare its defense through a series of proposals (all of which Concord has rejected) that would restrict where certain discovery may be viewed—a type of restriction that is commonly used. *See* Doc. 99, at 12 (collecting cases). The government's motion now asks the Court to strike that balance by allowing the vast majority of the documents that contain substantive information to go to Russia while restricting the dissemination of certain returns outside of the United States that would most seriously harm the government's articulated national security interests. The government's classified *ex parte* filing provides further factual support for the law enforcement and national security interests that the government has previously articulated in support of a restriction on the dissemination of the remaining discovery that would continue to be designated as sensitive. Such a restriction is further justified by the prior use of portions of the non-sensitive discovery in a manner that was inconsistent with the terms of the original protective order.

Concord's responses to this proposal fail at every turn. Initially, contrary to Concord's assertion (Opp. 7-9), the government's proposal does not "contradict" its prior arguments.

Rather, in the interest of moving this case forward, and at the Court's suggestion, the government has offered to accept certain risks to its law enforcement and national security interests for an intermediate category of sensitive discovery. In that spirit, the government will agree to Concord's proposal regarding handling of the intermediate sensitive discovery (Opp. 18-19), so long as the protective order contains limitations on where that discovery may be discussed, which will limit access to people necessary to the defense of this case.[1]

More to the point, nowhere in the granular discussion of these categories of discovery (Opp. 9-16) does Concord seriously argue why this proposal could prevent Concord from preparing its defense or is otherwise unduly burdensome.[2] (Concord would be hard-pressed to make such an argument, as the government's proposal offers to send to Russia precisely the materials that Concord originally told the Court it needed to show its officers and employees to prepare its defense. Def. Mot. for Approval To Disclose Discovery Pursuant to Protective Order (Doc. 77), at 6.) Nor does Concord attempt to balance any such risks against the articulated national security interests, particularly in light of the fact that portions of the discovery authorized to be sent Russia have already been used in a manner inconsistent with the terms of

---

[1] In its motion, the government had intended to propose that the intermediate sensitive discovery be stored at the offices of the defense lawyer representing Concord based in Russia (a proposal inartfully phrased in terms of a Reed Smith office in Russia, as Concord repeatedly observes in its opposition). Concord's alternative proposal that the intermediate sensitive discovery be stored at the offices of its vendor is acceptable to the government. However, the government continues to request the restriction, opposed by Concord, that the intermediate sensitive discovery be discussed only at the location where the materials are stored, in order to prevent dissemination of information about the intermediate sensitive discovery for purposes unrelated to the defense of this case.

[2] Concord makes one passing suggestion (Opp. 13) that it may need to review certain financial documents in Russia. The government can accommodate this interest by identifying particular subpoena returns as sensitive discovery and allowing the remainder to be reviewed in Russia.

this Court's protective order. Indeed, Concord has *never* articulated the interest that would be unduly impaired by requiring its officers and employees to come to this jurisdiction to review certain discovery. Concord instead merely declares that no geographic limitation could be warranted because the government has "failed to provide a particularized showing" to support any such restriction at all. Opp. 9. But the government has already explained why allowing certain information to go to Russia would harm national security interests by, among other things, allowing a foreign adversary to reverse engineer the investigative methods used in this case and to gather information about sensitive investigative techniques. Mot. 6; Gov't Opp. to Mot. to Modify Protective Order 6-8 (Doc. 99). Factual details in support of this position are set forth in the government's classified *ex parte* filing.[3]

Concord has repeatedly backed away from proposals that would balance the weighty interests in this case. Concord's latest response is quick to attack the government but still offers no concrete proposal and fails to engage in the legally-required balancing. This case has been pending for well over a year. The government respectfully suggests that in light of the paramount interest in moving this case to trial, the Court grant the government's motion to modify the protective order so that additional discovery can be reviewed by Concord's officers and employees in Russia, and set a trial date. If Concord is later prepared to explain why its inability to send any particular document or category of documents from the narrowed category

4

of sensitive discovery to Russia is unduly inhibiting its ability to prepare for trial, the parties (through firewall counsel if necessary) can address that issue at that time.

Respectfully submitted,

| | |
|---|---|
| JOHN C. DEMERS<br>Assistant Attorney General for National Security | JESSIE K. LIU<br>United States Attorney |
| By: ____/s/_____<br>Heather N. Alpino<br>U.S. Department of Justice<br>National Security Division<br>950 Pennsylvania Ave. NW<br>Washington, D.C. 20530<br>Telephone: (202) 514-2000 | By: ____/s/_____<br>Jonathan Kravis<br>Deborah Curtis<br>Kathryn Rakoczy<br>555 Fourth Street NW<br>Washington, D.C. 20530<br>Telephone: (202) 252-6886 |

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2019, I caused a copy of the foregoing pleading to be transmitted to Katherine Seikaly and Eric Dubelier, counsel of record for Concord Management and Consulting LLC, via email.

By: ____/s/_____
Kathryn Rakoczy
Assistant United States Attorney
555 Fourth Street NW
Washington D.C. 20530