**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NUMBER: |
| v. | 1:18-cr-00032-2-DLF |
| CONCORD MANAGEMENT AND CONSULTING LLC | |
| Defendant. | |

**DEFENDANT CONCORD MANAGEMENT AND CONSULTING LLC'S UNOPPOSED MOTION TO EXTEND THE DEADLINE FOR FILING MOTIONS TO SUPPRESS EVIDENCE**

Defendant Concord Management and Consulting LLC ("Concord"), through counsel, respectfully moves to extend the August 19, 2019 deadline to file motions to suppress evidence set forth in the Court's July 31, 2019 minute order.

It is Concord's view that the interests of justice are served by extending the August 19, 2019 deadline for filing any motion to suppress evidence and a failure to grant a continuance would deny defense counsel the reasonable time necessary to provide Concord effective assistance of counsel as required by the Sixth Amendment. Moreover, judicial economy counsels in favor of extending the deadline by which to file motions to suppress.

Undersigned counsel has conferred with counsel for the government, who has indicated that the United States does not oppose the relief requested herein.

**RELEVANT STANDARD**

Under Rule 12 of the Federal Rules of Criminal Procedure, "[a]t any time before trial, the court may extend or reset the deadline for pretrial motions." Fed. R. Crim. P. 12(c)(2). The advisory committee note explains that the Rule "anticipates that a district court has broad

1

discretion to extend, reset, or decline to extend or reset, the deadline for pretrial motions," and is designed to "recognize[ ] this discretion explicitly." Fed. R. Crim. P. 12 advisory committee's note.

The Sixth Amendment of the United States Constitution "guarantees criminal defendants effective assistance of counsel. That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) (per curiam) (citations omitted). "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland v. Washington*, 466 U.S. 668, 691 (1984). While objective standards of reasonableness do not require counsel to investigate every conceivable defense, it is well settled that competent counsel can be expected to undertake "a thorough investigation of law and facts relevant to plausible options" for the defense. *Strickland*, 466 U.S. at 690.

## ARGUMENT

While undersigned counsel currently believes that there is a good faith basis upon which to move to suppress at least some of the evidence produced by the government in discovery, given the procedural posture of this case and the limitations on defense counsel's ability to share or even discuss a majority of the discovery produced to date with its foreign client, Concord cannot conceivably file a motion to suppress that is consistent with its Sixth Amendment guarantee to effective assistance of counsel at this time. In order for defense counsel to prepare a constitutionally effective motion to suppress, Concord is entitled to "a thorough investigation of law and facts relevant to plausible options." *Strickland*, 466 U.S. at 690.

As the Court is aware, under the terms of the current Protective Order, defense counsel has not been permitted to discuss with Concord the contents of any materials contained in the discovery the government unilaterally designated as sensitive. That is, defense counsel has not been permitted to conduct *any* investigation, let alone a "thorough investigation of law and facts," *id.*, with respect to the majority of evidence contained in the discovery materials produced by the government to date to determine the identity of the owners of certain evidence seized by the government and the general procedures governing the use of the evidence. For that reason, defense counsel does not have the information needed to make an informed decision as to the basis of any motion to suppress. Moreover, as raised by defense counsel at the July 17, 2019 hearing, central to Concord's ability to make a good faith argument in support of a motion to suppress is the issue of standing. The inability to discuss the discovery with Concord has also limited defense counsel's ability to analyze the standing issue.

There are numerous examples of claims of ineffective assistance of counsel being pursued against defense counsel based on a failure to properly investigate the viability of a motion to suppress. *See, e.g., Dickerson v. United States*, Nos. 7:05-CR-131, 7:07-CV-108, 2008 WL 11363260 (E.D. N.C. Oct. 2, 2008) (claim for ineffective assistance based on counsel's alleged failure to properly investigate case and file motion to suppress); *see also Lloyd v. Director, TDCJ-CID*, No. 5:09–CV–162, 2012 WL 5831122 at *3 (E.D. Tex. Oct. 3, 2012) (claim for ineffective assistance of counsel based on alleged failure to thoroughly investigate and for failure to file a motion to suppress as waived due to petitioner's guilty plea); *Melton v. Crosby*, No. 3:03-cv-618, 2005 WL 3434051 at *1 (M.D. Fla. Dec. 13, 2005) (claim for ineffective assistance of counsel based on alleged failure to adequately investigate the material facts and evidence, which precluded the challenging of inculpatory evidence by the filing of a pretrial motion to suppress).

Finally, judicial economy and the preservation of resources of the parties and the Court counsel in favor of extending the deadline by which to file motions to suppress. In particular, without knowing what types of evidence the government intends to introduce in its case-in-chief, imposing a deadline to file motions to suppress prior to the time the government has disclosed its exhibit list may result in Concord filing motions to suppress evidence that will not be introduced at trial. This would lead to unnecessary briefing and a waste of the parties' time and resources, as well as the time and resources of the Court. The Court and the government have previously discussed the government providing Concord with its exhibit list several months before trial. *See* March 7, 2019 Hr'g Tr. 8-9, 33. Given this anticipated pretrial schedule, there will be sufficient time between the time the government provides its exhibit list and trial for Concord to adequately prepare motions to suppress.

For the reasons set forth above, Defendant Concord Management and Consulting LLC respectfully requests that the Court grant Concord's unopposed motion to extend the deadline to file a motion to suppress to a date to be determined by the Court once a trial date has been set.

Dated: August 16, 2019

Respectfully submitted,

CONCORD MANAGEMENT AND CONSULTING LLC

By Counsel

/s/*Eric A. Dubelier*
Eric A. Dubelier
Katherine Seikaly
Reed Smith LLP
1301 K Street, N.W.
Suite 1000 – East Tower
Washington, D.C. 20005
202-414-9200 (phone)
202-414-9299 (fax)
edubelier@reedsmith.com
kseikaly@reedsmith.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CONCORD MANAGEMENT AND CONSULTING LLC<br><br>Defendant. | CRIMINAL NUMBER:<br><br>1:18-cr-00032-2-DLF |

**PROPOSED ORDER**

With the Court having considered Defendant Concord Management and Consulting LLC's Unopposed Motion to Extend the Deadline for Filing Motions to Suppress Evidence, it is hereby

**ORDERED** that the motion is **GRANTED**. The deadline of August 19, 2019 to file a motion to suppress evidence is vacated. A new deadline will be set once a trial date is set.

Date: _____          _____
                                                                  DABNEY L. FRIEDRICH
                                                                  United States District Judge