# Exhibit A



FEDERAL ELECTION COMMISSION
Washington, DC  20463

March 19, 2015

<u>CERTIFIED MAIL</u>
<u>RETURN RECEIPT REQUESTED</u>

ADVISORY OPINION 2014-20

Sai
Make Your Laws PAC, Inc.
c/o Nick Staddon, Secretary
122 Pinecrest Road
Durham, NC  27705

Dear Sai:

    We are responding to the advisory opinion request that you submitted on behalf of Make Your Laws PAC, Inc. concerning the application of the Federal Election Campaign Act, 52 U.S.C. §§ 30101-30146 (formerly 2 U.S.C. §§ 431-457) (the "Act"), and Commission regulations to volunteer services provided by foreign nationals.  The Commission concludes that the requestor may accept uncompensated services from foreign national volunteers as proposed.

*Background*

    The facts presented in this advisory opinion are based on the requestor's advisory opinion request ("AOR") received on November 24, 2014.

    The requestor is a nonconnected political committee.  The requestor and two other entities (collectively, the "MYL Group") jointly own the rights to the code, design, graphics, trademarks, and trade dress[1] (collectively, "intellectual property") of the requestor's website and brand.  Nearly all of the code is open source[2] and open-source licensed.[3]

---

[1]     The requestor describes "trade dress" as including branding and logos.  AOR at 2.

[2]     The requestor describes "open source" to mean that the code is available online "for anyone to see."  AOR at 2 n.2.

[3]     According to the requestor, "[b]roadly speaking, this [open source license] means a copyright license that permits anyone to re-use software so long as they give credit and publish any derivative works under the same terms."  AOR at 2 n.3; *see also Open Source License*, OPEN SOURCE INITIATIVE, http://opensource.org/licenses (last visited Dec. 14, 2014).

AO 2014-20
Page 2

"To date, all services in creating the [intellectual property] have been provided by unpaid volunteers who are United States citizens."  AOR at 2.  The requestor states that when such services might result in the creation of intellectual property, the MYL Group asks volunteers to sign an intellectual property assignment to transfer all rights and ownership in the intellectual property to the MYL Group.  The volunteers, however, receive a perpetual license from the MYL Group to use their work as they see fit, unless the MYL Group determines that there would be an impact on its trademark or trade dress.

The requestor would like to accept the same kind of volunteer services from foreign nationals as the MYL Group currently receives from United States citizens, and under the same terms.  The volunteer services the requestor proposes to accept from foreign nationals are intended to, and very likely will, result in the creation of website code, logos, and other items.  The requestor states that if it cannot obtain the intellectual property rights in such items, it will be unable to use those items or even to accept the foreign nationals' volunteer services.  AOR at 4.  Because the requestor's website code is open source "and *constantly* available for collaboration," the requestor expects to receive these services on an "*ad hoc*, continuous basis."  *Id.* (emphasis in original).  The requestor asks the Commission to assume that all requirements of 52 U.S.C. § 30101(8)(B) and (9)(B) (formerly 2 U.S.C. § 431(8)(B) and (9)(B)) are met:  "*E.g.* out of pocket costs such as printing, distribution, web hosting, etc. will be paid for by [the requestor]; volunteers will not be 'compensated' by anyone . . . but may use their own equipment (such as a laptop) in providing such services; [the requestor] will not act as an agent of any foreign national nor permit any foreign national to participate in its operations, make decisions regarding contributions or expenditures, etc. . . . ."  AOR at 3 n.6.

### *Question Presented*

*May the requestor accept the assignment of any intellectual property in unpaid volunteer services performed by foreign nationals and provided in accordance with 52 U.S.C. § 30101(8)(B)(i) (formerly 2 U.S.C. § 431(8)(B)(i))?*

### *Legal Analysis and Conclusions*

Yes, the requestor may accept uncompensated volunteer services from foreign nationals as proposed.

The Act prohibits any foreign national from making "a contribution or donation of money or other thing of value" in connection with a federal, state, or local election.[4]  52 U.S.C. § 30121(a)(1)(A) (formerly 2 U.S.C. § 441e(a)(1)(A)); *see also* 11 C.F.R. § 110.20(b).  The Act also prohibits any person from "solicit[ing], accept[ing], or receiv[ing]" such a contribution or donation from a foreign national.  52 U.S.C. § 30121(a)(2) (formerly 2 U.S.C. § 441e(a)(2)); *see also* 11 C.F.R. § 110.20(g).

---

[4]    A "foreign national" is "an individual who is not a citizen of the United States or a national of the United States . . . and who is not lawfully admitted for permanent residence."  52 U.S.C. § 30121(b)(2) (formerly 2 U.S.C. § 441e(b)(2)); *see also* 11 C.F.R. § 110.20(a)(3)(ii).

AO 2014-20
Page 3

      The Act and Commission regulations also provide that the term "contribution" does not include "the value of services provided without compensation by any individual who volunteers on behalf of a candidate or political committee." 52 U.S.C. § 30101(8)(B)(i) (formerly 2 U.S.C. § 431(8)(B)(i)); *see also* 11 C.F.R. § 100.74. Applying this "volunteer services exception" in the context of foreign nationals, the Commission has concluded that a foreign national entertainer who performed without compensation at a candidate's fundraiser did not provide a contribution to that candidate. *See* Factual & Legal Analysis at 6, MURs 5987, 5995, and 6015 (Hillary Clinton For President) (Feb. 30, 2009), http://eqs.fec.gov/eqsdocsMUR/29044230266.pdf. Similarly, in Advisory Opinion 2004-26 (Weller), the Commission found that a foreign national would not provide a contribution to a candidate by participating without compensation in certain of the candidate's campaign-related activities, including the solicitation of contributions, attendance at political events, and meeting with the candidate and his campaign committee. Because the services would not be contributions, they would not be subject to the prohibition on contributions from foreign nationals. Advisory Opinion 2004-26 (Weller) at 2; *see also* Advisory Opinion 2007-22 (Hurysz) at 3 ("[T]he value of volunteer services provided to your campaign by Canadian nationals would not constitute a prohibited in-kind contribution to your campaign."); Advisory Opinion 1987-25 (Otaola) at 1 (concluding that foreign national's "work as a volunteer without compensation would not . . . result in a contribution to a candidate because the value of uncompensated volunteer services is specifically exempted from the definition of contribution under the Act").[5]

      For the same reasons, to the extent that a foreign national volunteers his or her uncompensated personal services to the requestor to help design the requestor's website code, logos, "trademarks," and "trade dress," the value of those services would not constitute an unlawful foreign national contribution or donation because they are exempt from the definition of "contribution" under the volunteer services exemption.[6]

---

[5]    *But see* Advisory Opinion 1981-51 (Metzenbaum) (concluding that foreign national artist would be prohibited from donating uncompensated volunteer services to committee to create original work of art for committee's fundraising). The Commission hereby expressly supersedes Advisory Opinion 1981-51 (Metzenbaum). A statute must be interpreted "as a symmetrical and coherent regulatory scheme." *Food & Drug Admin. v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000) (internal citations and quotations omitted). In Advisory Opinion 1981-51 (Metzenbaum), however, the Commission did not construe the Act's foreign national contribution ban and volunteer services exception in conjunction with each other. Furthermore, to the extent that MURs 5987, 5996, and 6015 (Hillary Clinton For President) sought to distinguish Advisory Opinion 1981-51 (Metzenbaum) by making a distinction between the provision of volunteer services by a foreign national and the creation and donation of a tangible good, the Commission does not adopt that reasoning.

[6]    For purposes of the foreign national prohibition, and consistent with congressional intent, the Commission interprets the definition of "donation" in 11 C.F.R. § 110.20 as essentially equivalent to the definition of "contribution." *See, e.g.*, Contribution Limitations and Prohibitions, 67 Fed. Reg. 69,928, 69,944 (Nov. 19, 2002). While the Commission has noted that certain exemptions from the definition of "contribution" cannot necessarily be applied to donations because of differences among states' laws, *see* Prohibited and Excessive Contributions: Non-Federal Funds or Soft Money, 67 Fed. Reg. 49,064, 49,085 (Jul. 29, 2002), the foreign national prohibition is a nationwide provision that does not vary among the states. Thus, the regulatory exemption for volunteer services applies uniformly to federal contributions and state and local donations by foreign nationals. The Commission here does not consider how the terms "contribution" and "donation" may be interpreted elsewhere within the Act or Commission regulations.

AO 2014-20
Page 4

The fact that the requestor may obtain rights to intellectual property resulting from the foreign nationals' volunteer services does not change the result. As discussed above, the Commission has consistently interpreted the Act and Commission regulations as permitting foreign nationals to provide volunteer services to political committees. *See* Advisory Opinion 2004-26 (Weller) at 2 (finding that foreign nationals' uncompensated participation in campaign-related activities are not contributions); Advisory Opinion 2007-22 (Hurysz) at 3 (same); Advisory Opinion 1987-25 (Otaola) at 2 ("[A]ny individual, including a foreign national, may volunteer his or her uncompensated services to a candidate without making a contribution to that candidate."); Factual & Legal Analysis at 2-6, MURs 5987, 5995, and 6015 (Hillary Clinton For President).

As noted, the volunteer services the requestor proposes to accept from foreign nationals are intended to, and likely will, result in the creation of website code, logos, and other items. The requestor cautions that if it may not obtain the intellectual property rights in such items, it will not be able to use those items, or even accept the foreign nationals' volunteer services. AOR at 4. But, as explained, the Commission's prior interpretations of the Act and Commission regulations have permitted foreign nationals to provide volunteer services, consistent with the Act's volunteer services exception. Because the requestor here proposes to receive only benefits that result directly and exclusively from the provision of volunteer services by foreign nationals, the Commission concludes that the proposal would not result in a prohibited contribution.

This response constitutes an advisory opinion concerning the application of the Act and Commission regulations to the specific transaction or activity set forth in your request. *See* 52 U.S.C. § 30108 (formerly 2 U.S.C. § 437f). The Commission emphasizes that, if there is a change in any of the facts or assumptions presented, and such facts or assumptions are material to a conclusion presented in this advisory opinion, then the requestor may not rely on that conclusion as support for its proposed activity. Any person involved in any specific transaction or activity that is indistinguishable in all its material aspects from the transaction or activity with respect to which this advisory opinion is rendered may rely on this advisory opinion. *See* 52 U.S.C. § 30108(c)(1)(B) (formerly 2 U.S.C. § 437f(c)(1)(B)). Please note that the analysis or conclusions in this advisory opinion may be affected by subsequent developments in the law including, but not limited to, statutes, regulations, advisory opinions, and case law. Any advisory opinions and enforcement materials cited herein are available on the Commission's website.

On behalf of the Commission,


(signed)
Ann M. Ravel
Chair