Exhibit G

Case 1:18-cr-00032-DLF   Document 181-7   Filed 09/19/19   Page 2 of 6

Home  ›  FEC Record: Regulations

›  Notice of proposed rulemaking on internet communication disclaimers and the definition of "public communication"

**FEC RECORD: REGULATIONS**

# Notice of proposed rulemaking on internet communication disclaimers and the definition of "public communication"

April 5, 2018

On March 26, 2018, the Commission published a Notice of Proposed Rulemaking (NPRM) on internet communication disclaimers and the definition of "public communication" in the Federal Register (83 Fed. Reg. 12864). The NPRM seeks comment on proposed revisions to the disclaimer regulations as applied to public communications over the internet.

## Background

Under the *Federal Election Campaign Act* (the Act) and Commission regulations, a disclaimer must appear on certain communications in order to identify who paid for the communication and, where applicable, whether the communication was authorized by a candidate. With some exceptions, the Act and Commission regulations require disclaimers for public communications that (1) are made by a political committee, or (2) expressly advocate the election or defeat of a clearly identified federal candidate or solicit a contribution.

The term "public communication" does not include internet communications other than communications placed for a fee on another person's website. Communications placed for a fee on another person's website are subject to disclaimer requirements as well.

For those communications requiring disclaimers, each disclaimer "must be presented in a clear and conspicuous manner, to give the reader, observer or, listener adequate notice of the identity" of the communication's sponsor.

On November 2, 2016, the Commission published a notice seeking comment on a number of technology related proposals, including updating the term "Web site" in the definition of "public communication" at 11 CFR 100.26. The Commission proposed to update the definition by adding communications placed for a fee on another person's "internet-enabled device or application" in addition to those on websites.

On October 13, 2011, the Commission published an ANPRM seeking comment on whether and how to revise 11 CFR 110.11 concerning disclaimers on certain paid internet communications.On October 18, 2016, the Commission reopened the comment period on the internet disclaimers ANPRM to consider legal and technological developments since the 2011 notice was published. In October 2017, the Commission reopened the comment period on the disclaimer ANPRM to consider the disclaimer requirements in light of developments since the close of the last comment period.

The Commission's NPRM seeks comment on two alternative proposals to revise its regulations to include disclaimers for paid video, audio, text and graphic advertisements that are distributed over the internet. The Commission is interested in comments on the interaction between the proposed revised definition of "public communication" and the proposed alternative disclaimer rule proposals. Comments are welcome on any aspect of the proposals, including how differences between online platforms, providers, and presentations may affect the application of any of the proposed disclaimer rules. In addition, the Commission welcomes comment on whether the proposed rules allow for flexibility to address future technological developments while honoring the important function of providing disclaimers to voters.

## Proposed rule revisions

### Definition of public communication

The Commission is reopening the definition of "public communication" in 11 CFR 100.26 for the limited purpose of determining whether to revise the current definition to include communications placed for a fee on another person's "internet-enabled device or application" in addition to those placed for a fee on another person's website. The Commission invites comment on whether the additional language would be a clear and technically accurate way to refer to the various media through which paid internet communications are and will be sent and received.

### Disclaimers on public communications distributed over the internet

8/12/2019
Notice of proposed rulemaking on internet communication disclaimers and definition of "public communication" | FEC

Case 1:18-cv-00032-DLF   Document 131-7   Filed 08/13/19   Page 4 of 6

The Commission proposes two alternatives for addressing internet public communications in new paragraph 11 CFR 110.11(c)(5); the second of these alternatives also proposes to add an exception from the disclaimer rules at 11 CFR 110.11(f)(1) for some internet public communications. The Commission proposes adding provisions to clarify the disclaimers required for different forms of internet public communications and to identify when paid internet communications may employ a modified approach to the disclaimer requirements.

## Internet communications with audio and video components

Alternative A would apply the specific disclaimer requirements that now apply to radio and television communications to public communications distributed over the internet that contain audio or video components. Thus, for example, paid internet communications with a video component would be required to satisfy the "stand by your ad" authorization statements under 11 CFR 110.11(c)(3) and (c)(4), in addition to the general requirements that apply to all public communications requiring disclaimers. Alternative B would require disclaimers on internet communications with audio and video components to meet the same general requirements that apply to all public communications requiring disclaimers, without imposing the additional "stand by your ad" disclaimer requirements.

## Internet communications with text and graphic components

Alternative A proposes to adapt the specific disclaimer requirements that now apply to printed public communications to apply to text and graphic public communications distributed over the internet in addition to the general requirements that apply to all public communications requiring disclaimers. Alternative B proposes to treat graphic, text, audio and video communications on the internet equally for disclaimer purposes. As a result, Alternative B would require disclaimers on internet communications with text or graphic components to meet the same general requirements that apply to all public communications requiring disclaimers, without imposing additional specific disclaimer requirements that may apply to "printed" communications.

## Adapted disclaimers for text and graphic communications over the internet

Alternatives A and B both propose that some public communications distributed over the internet may satisfy the disclaimer requirements by an "adapted disclaimer," or abbreviated disclaimer on the face of the communication in conjunction with a technological mechanism that leads to a full disclaimer, rather than providing a full disclaimer on the face of the communication itself. Alternative A would allow adapted disclaimers for certain small text or graphic public communications distributed over the internet. Alternative B would allow adapted disclaimers for certain audio and video internet public communications as well. Alternative A allows the use of an adapted disclaimer when a full disclaimer

cannot fit on the face or text of a graphic internet communication due to technological constraints. Alternative B allows the use of an adapted disclaimer when a full disclaimer would occupy more than a certain percentage (10%) of any internet public communication's available time or space. Both proposals would require that any technological mechanism used to provide access to a full disclaimer must do so within one step from the adapted disclaimer. Both proposals provide a list of examples of technological mechanisms for adapted disclaimers.

## Exceptions to disclaimer rules for internet public communications

Finally, Alternative B proposes to exempt from the disclaimer requirement any internet public communication that can provide neither a disclaimer in the communication itself nor an adapted disclaimer. This exception is intended to replace the existing small items and impracticable exceptions for internet public communications.

# Public comments

All comments must be in writing. Commenters are encouraged to submit comments electronically via the Commission's website at sers.fec.gov/fosers/rulemaking.htm?pid=74739. Alternatively, commenters may submit comments in paper form, addressed to the Federal Election Commission, Attn: Neven F. Stipanovic, Acting Assistant General Counsel, 1050 First Street NE, Washington, DC 20463. All comments must include the full name, city, and state of each commenter or they will not be considered. The Commission will post all comments to its website and in the FEC's Public Records Office at the conclusion of the comment period.

### Citations

**Statute:**

52 U.S.C. § 30120(a)
*Identification of funding and authorizing sources*

52 U.S.C. § 30101(22)
*Definition of public communication*

**Regulations:**

11 CFR 100.26
*Definition of public communication*

Case 1:18-cv-00032-DLF   Document 181-7   Filed 08/19/19   Page 6 of 6

11 CFR 110.11

*Communications; advertising; disclaimers*

### Resources

- Reopening of comment period: Federal Register notice (October 10, 2017) [PDF]

- Reopening of comment period and notice of hearing: Federal Register notice (October 18, 2016) [PDF]

- Advance Notice of Proposed Rulemaking: Federal Register notice (October 13, 2011) [PDF]

- Notice of Proposed Rulemaking on technological modernization: Federal Register notice (November 2, 2016) [PDF]

**AUTHOR**

Zainab Smith

Communications Specialist

### Read next:

**Petition for rulemaking on use of campaign funds by former candidates and officeholders**

### Related:

**Explore legal resources »**

---

This information is not intended to replace the law or to change its meaning, nor does this information create or confer any rights for or on any person or bind the Federal Election Commission or the public.

The reader is encouraged also to consult the Federal Election Campaign Act of 1971, as amended (52 U.S.C. 30101 et seq.), Commission regulations (Title 11 of the Code of Federal Regulations), Commission advisory opinions and applicable court decisions.