# Exhibit H



**RECEIVED**
By Office of the Commission Secretary at 6:19 pm, Jun 13, 2019



**CHAIR ELLEN L. WEINTRAUB**
**FEDERAL ELECTION COMMISSION**
WASHINGTON, D.C. 20463

AGENDA DOCUMENT NO. 19-26-A
AGENDA ITEM
For the meeting of
June 20, 2019

June 13, 2019

**MEMORANDUM**

TO: Commission Secretary

FROM: Ellen L. Weintraub, Chair

SUBJECT: Internet Ad Disclaimers Rulemaking Proposal

Americans deserve transparency when it comes to internet communications, especially as we face the growing threat of online disinformation campaigns and false political advertising. The FEC needs to do its part to combat these threats and make it harder for foreign adversaries to interfere in our elections with their influence operations. Better rules for internet ads are a small but necessary step. Internet ad disclaimers will enable the public to identify the sources of political advertising on the internet.

The Commission has been trying to address this issue since 2011, while internet political ads proliferated without guidance. We witnessed a 260% increase in digital ads from the 2014 midterm elections to the 2018 midterm elections. Spending on digital political ads has reached roughly $900 million. And interest in the Commission's rulemaking has reached its peak. When the Commission re-opened the comment period for this rulemaking in 2017 and 2018, it received more than 314,000 comments combined. The overwhelming sentiment of the commenters favored updating our disclaimer rules. We held public hearings and information sessions and listened to hours upon hours of testimony. All that good work should yield something useful.

It's long past time to act. I am attaching a proposal that I would support. I hope that my colleagues will engage with me in this effort to bring greater transparency to online political advertising. I request that this memorandum and the attached draft be made public immediately and placed on the Commission's next Open Meeting Agenda, for June 20, 2019.

# INTERNET AD DISCLAIMERS RULE PROPOSAL

# June 20, 2019

### §100.26 Public communication (52 U.S.C. 30101(22)).

*Public communication* means a communication by means of any broadcast, cable, or satellite communication, newspaper, magazine, outdoor advertising facility, mass mailing, or telephone bank to the general public, or any other form of general public political advertising. The term *general public political advertising* shall not include communications over the internet, except for (1) communications produced for a fee and those placed or promoted for a fee on another person's website or digital device, application, service, or platform**,** and (2) such communications included in section (1) that are then shared by or to a website or digital device, application, service, or platform.

### § 110.11 Communications; advertising; disclaimers (52 U.S.C. 30120).

*** * *
(c) * * *
(5) *Specific requirements for internet public communications.*

(i) For purposes of this section, *internet public communication* means any communication transmitted through the internet that is

(A) produced for a fee or is placed or promoted for a fee on another person's website or digital device, application, service, or platform, and

(B) such communications included in section (A) that are then shared by or to a website or digital device, application, service, or platform.

(ii) In addition to the general requirements of paragraphs (b) and (c)(1) of this section, a disclaimer required by paragraph (a) of this section that appears on an internet public communication must comply with all of the following:

(A) An internet public communication with text or graphic components but without any video component must include the full disclaimer required by paragraph (c)(5)(ii)(A) except as provided by paragraph (g) of this section. Such a communication must contain a disclaimer that is of sufficient type size to be clearly readable by the recipient of the communication. A disclaimer under this paragraph that appears in letters at least as large as the majority of the other text in the communication satisfies the size requirement of this paragraph. The disclaimer must be displayed with a reasonable degree of color contrast between the background and the text of the disclaimer. The disclaimer satisfies the color contrast requirement of this paragraph if it is displayed in black text on a white background or if the degree of color contrast between the background and the text of the disclaimer is no less than the color contrast between the background and the largest text used in the communication.

(B) An internet public communication with an audio component but without video, graphic, or text components must include the statement described in paragraphs (c)(3)(i) and (iv) of this section if authorized by a candidate, or the statement described in paragraph (c)(4) of this section if not authorized by a candidate.

(C) An internet public communication with a video component must include the statement described in paragraphs (c)(3)(ii)–(iv) of this section if authorized by a candidate, or the statement described in paragraph (c)(4) of this section if not authorized by a candidate.  If either the video or audio components of the communication require an action by the viewer to be launched or presented, the full disclaimer required by paragraph (c)(5)(ii)(A) must appear on the face of the communication without any action taken by the viewer.

\* \* \*

(f) *Exceptions.*

(1) This paragraph (f) does not apply to internet public communications.

(2) The requirements of paragraphs (a) through (e) of this section do not apply to the following:

(i) Bumper stickers, pins, buttons, pens, and similar small items upon which the disclaimer cannot be conveniently printed;

(ii) Skywriting, water towers, wearing apparel, or other means of displaying an advertisement of such a nature that the inclusion of a disclaimer would be impracticable; or

(iii) Checks, receipts, and similar items of minimal value that are used for purely administrative purposes and do not contain a political message.

*(rename (f)(2) to (f)(3))*

(g) *Specific exceptions for internet public communications.*

(1) <u>Definitions</u>. For purposes of this section,

(i) *Indicator* means any visible or audible element associated with an internet public communication that is presented in a clear and conspicuous manner and gives notice to persons reading, observing, or listening to the internet public communication that they may read, observe, or listen to a disclaimer satisfying the general requirements of paragraphs (b) and (c)(1) of this section through a technological mechanism. An indicator may take any form including, but not limited to, words, images, sounds, symbols, and icons;

(ii) *Technological mechanism* means any use of technology that enables the person reading, observing, or listening to an internet public communication to read, observe, or listen to a disclaimer satisfying the general requirements of paragraphs (b) and (c)(1) of this section after no more than one action by the recipient of the internet public communication. A technological mechanism may take any form including, but not limited to, hover-over mechanisms, pop-up screens, scrolling text, rotating panels, and hyperlinks to a landing page;

(iii) *Abbreviated disclaimer* means a condensed version of the disclaimer described by paragraphs (b) and (c)(1) of this section. An abbreviated disclaimer must clearly state that the internet public communication is paid for and identify the person or persons who paid for the internet public

communication using their full name or a clearly recognized abbreviation or acronym by which the person or persons are commonly known; and

(iv) *Adapted disclaimer* means an abbreviated disclaimer and an indicator together with a technological mechanism. An adapted disclaimer must consist of characters of sufficient size to be clearly readable by a recipient of the internet public communication.

(2) The requirements of paragraph (c)(5) of this section do not apply to internet public communications with text or graphic components but without any video component when it is impracticable to provide a disclaimer described by paragraphs (b) and (c)(1) of this section due to factors inherent to the technology, in which case an adapted disclaimer must be used on the face of the communication.

*(rename (g) to (h))*