# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Crim. No. 18-CR-32-2 (DLF)** |
| **CONCORD MANAGEMENT AND CONSULTING LLC,** | |
| **Defendant.** | |

## PARTIES' JOINT FILING REGARDING PROPOSED REDACTIONS

Pursuant to the Court's Minute Order dated August 20, 2019, the parties have reviewed the transcript of both the sealed and unsealed portions of the August 20 status hearing.  The parties respectfully request that the Court approve the redactions reflected in the attached exhibit, which is being filed under seal.  The two sets of proposed redactions, which are both from the public portion of the hearing, refer to the content of the intermediate sensitive discovery.  If the Court approves these redactions, the parties will file a redacted version of the transcript on the public docket.  The parties do not oppose the unsealing of this motion.

The Court has the inherent power to seal court filings when appropriate.  *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)).  Such sealing is within the discretion of the Court.  *See Nixon*, 435 U.S. at 598 (common-law right to inspect and copy judicial records is not absolute, and the decision whether to permit access is best left to the sound discretion of the trial court in the light of the relevant facts and circumstances of the particular case).

While there is a "strong presumption in favor of public access to judicial proceedings," *Johnson v. Greater SE Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991), that

presumption is not absolute.  In *Hubbard*, the D.C. Circuit identified six factors "that might act to overcome this presumption."  *United States v. Harris*, 204 F. Supp. 3d 10, 16 (D.D.C. 2016). They are:  "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings."  *Id.* (citation omitted).

Here, these factors weigh in favor of sealing the information identified in Exhibit A. With respect to the first factor, the need for public access to the documents, the public need is at its greatest when the information at issue is specifically referenced in a public decision of the Court.  *Id.*  That is not the case here, where the proposed redactions concern statements about the intermediate sensitive discovery, which is subject to restrictions on dissemination set forth in the proposed modified protective order.  Second, the public has not had previous access to this information.  Third, the government objects to the disclosure of information related to the content of the intermediate sensitive discovery.  Fourth, the government has articulated a strong interest in favor of sealing, namely protecting the law enforcement and national security interests implicated by the intermediate sensitive discovery.  Fifth, the possibility of prejudice to the party opposing disclosure, the government, is high.

The parties also do not oppose lifting the redaction to the Court's Memorandum Opinion and Order (Doc. 161) discussed at the hearing.

Respectfully submitted,

JOHN C. DEMERS                                          JESSIE K. LIU
Assistant Attorney General for National Security        United States Attorney

By: /s/_____          By: /s/_____
Heather N. Alpino                  Jonathan Kravis
U.S. Department of Justice         Deborah Curtis
National Security Division         Kathryn Rakoczy
950 Pennsylvania Ave. NW           555 Fourth Street NW
Washington, D.C. 20530             Washington, D.C. 20530
Telephone: (202) 514-2000          Telephone: (202) 252-6886

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2019, I caused a copy of the foregoing filing to be

transmitted to Katherine Seikaly and Eric Dubelier, counsel of record for Concord

Management and Consulting LLC, via email.

By: /s/_____
Jonathan Kravis
Assistant United States Attorney
555 Fourth Street NW
Washington D.C. 20530