**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NUMBER: |
| v. | 1:18-cr-00032-2-DLF |
| CONCORD MANAGEMENT AND CONSULTING LLC | |
| Defendant. | |

**REVISED PROTECTIVE ORDER**

This matter comes before the Court upon the Motion of the United States seeking a Revised Protective Order ("Order") pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, and 18 U.S.C. § 3771(a). The Order seeks to prevent the unauthorized disclosure or dissemination of discovery provided by the government in this case, including information for which unrestricted dissemination could adversely affect national security and law enforcement interests, as well as the privacy of third parties.

The Court finds good cause to institute a protective order to regulate discovery in this case, as provided in Rule 16(d), and HEREBY ORDERS:

1.      All of the materials and information provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this Order and may be used by defense counsel (herein defined as counsel of record and any attorney or other staff employed by Reed Smith LLP who is assisting in the preparation of the defense, an e-discovery vendor engaged by Reed Smith LLP, other counsel previously identified and agreed to by the United States, and any other counsel subsequently approved of by this Court) solely in connection with the defense of this criminal case, and for no other purpose, and in connection with no other proceeding, without further order of this Court. The materials

include all information provided by the United States in connection with discovery, regardless of form, and includes information provided physically, electronically, or orally, but does not include documents or information available in the public domain.

2.      Defense counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than an authorized person as defined in this paragraph and under the circumstances described in this Order. Authorized persons shall be limited to: (a) persons retained by defense counsel to assist in the defense of the criminal case; (b) persons who are interviewed as potential witnesses; (c) counsel for potential witnesses; (d) individual officers and employees of Defendant Concord Management and Consulting LLC ("Concord Management") designated by defense counsel; and (e) other persons to whom the Court may authorize disclosure.

3.      Defense counsel and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defense counsel and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

4.      Defense counsel and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

5.      Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

6.      A copy of this Order shall be kept with printed copies of the materials at all times. An electronic copy of this Order shall be available for review on any database housing the materials.

7.      Upon conclusion of all stages of this case, the materials and all copies made thereof shall be disposed of in one of two ways, unless otherwise ordered by the Court. The materials may be (1) destroyed or (2) returned to the government. The Court may require a certification as to the disposition of any such materials.

8.      To the extent any material is produced by the government to defense counsel by mistake, the government shall have the right to the return of such material and shall request any such return in writing. Within five days of the receipt of a request to return such materials, defense counsel shall return all such material in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored. Defense counsel shall have the right to file an objection with the Court to the return of any such material if such material is discoverable in this case.

9.      The restrictions set forth in this section of the Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses specially identified sensitive information as described below, shall be filed under seal and, if necessary, with other handling caveats, to the extent necessary to protect such information, absent prior permission from this Court.

**Sensitive Materials**

10.     Certain materials in the discovery contain particularly sensitive information, including personal identifying information belonging to one or more individuals, national security and law enforcement sensitive information, and other information requiring special protection. The

government will designate and label these discovery materials as "Sensitive" (hereinafter "Sensitive materials"). The Sensitive materials will include:

      a.      Witness statements provided pursuant to 18 U.S.C. § 3500;

      b.      Information that could lead to the identification of potential witnesses, including civilian, foreign and domestic law enforcement witnesses and cooperating witnesses;

      c.      Information related to ongoing investigations, including information that could identify the targets of such investigations; and

      d.      Information related to sensitive law enforcement or intelligence collection techniques.

11.      In addition, the government will designate a subset of the Sensitive materials as "Sensitive-United States review only" (hereinafter "U.S. Sensitive materials"). The remainder of the Sensitive materials will be designated as "intermediate Sensitive."

12.      In the first instance, disclosure of U.S. Sensitive materials shall be limited to defense counsel, as defined above, provided that defense counsel is a national of the United States. U.S. Sensitive materials may not be disseminated or shown to any individuals, organizations, or other entities, other than United States defense counsel and persons approved by the Court, as set forth below.

13.      At any time, defense counsel may file a motion with the Court for leave to disclose U.S. Sensitive materials to any person.  If defense counsel believes that a particular motion for leave to disclose U.S. Sensitive materials would tend to reveal defense strategy, then defense counsel may file such motion under seal and *ex parte* from the attorneys litigating this case on behalf of the United States ("the prosecution team"), and instead serve the motion on Firewall

Counsel, who has been appointed by a prior Court order.  Firewall Counsel may receive information from the prosecution team but in no instance will Firewall Counsel provide information to the prosecution team regarding the contents of any motion to disclose U.S. Sensitive materials filed by defense counsel.

14.     Any such motion shall identify the individual(s) to whom the defense intends to show the U.S. Sensitive materials, and describe the item(s) of U.S. Sensitive materials that the defense intends to disclose to or discuss with the individual(s) and the manner in which defense counsel intends to disclose or discuss the U.S. Sensitive materials.  Firewall Counsel shall then be provided an opportunity to respond in writing to the motion within seven days of service.  To the extent Firewall Counsel's response is an objection to the disclosure or the proposed manner of disclosure, the response to the Court must contain a particularized showing with respect to the specific items identified in the motion as to why the disclosure will harm the government's law enforcement and national security interests.  If, after considering the response from Firewall Counsel, the Court agrees with the objection to disclosure, the Court will inform defense counsel who then has seven days to supplement the motion with an explanation as to why the disclosure of the item(s) is critical to the defense.  All such filings by the parties shall be filed with the Clerk's office under seal on the miscellaneous docket that the Court previously opened for this purpose (the "Miscellaneous Docket") in hard copy, along with an electronic pdf copy on an encrypted disk or hard drive, and served by hand to chambers and to either Firewall Counsel or defense counsel. Because of the possibility that the Court's ruling on any such motion may describe or refer to U.S. Sensitive materials, the Court will issue any such order or related communications via sealed orders filed on the Miscellaneous Docket through the Clerk's office.  The Clerk's office is

permitted to upload the filings to the Court's electronic case management system but shall keep the filings under seal at all times.

15.     U.S. Sensitive materials may under no circumstances be disclosed, transported, or transmitted outside the United States unless so ordered by the Court.

16.     Neither defense counsel nor any person authorized by this Court is permitted at any time to inspect, review, or discuss U.S. Sensitive materials outside of the U.S. offices of Reed Smith LLP, without prior permission from this Court. Defense counsel or a designated and identified employee of Reed Smith LLP must accompany any person at all times while he or she is reviewing U.S. Sensitive materials at the U.S. offices of Reed Smith LLP, unless otherwise authorized by this Court.

17.     Any person authorized by this Court to review U.S. Sensitive materials must (a) be provided with a copy of this Order; and (b) certify that he or she has read, understands, and agrees to the terms of this Order and has manifested his or her assent to be bound thereby, by signing a copy of the attached Memorandum of Understanding of the Protective Order. Copies of any signed Memorandum of Understanding shall be maintained by defense counsel and be made available to the Court for review if requested.

18.     Defense counsel shall not copy or reproduce U.S. Sensitive materials except in order to provide copies of the materials for use by defense counsel in connection with this criminal case. Copies and reproductions shall be treated in the same manner as the original U.S. Sensitive materials, as described herein. Authorized persons may not copy or reproduce U.S. Sensitive materials and may not retain any copies of U.S. Sensitive materials.

19.     Defense counsel shall not disclose any notes or records of any kind that they make in relation to the contents of U.S. Sensitive materials, other than to authorized persons and only in

the manner described herein. All such notes or records are to be treated in the same manner as the original materials.

20.     U.S. Sensitive materials shall be maintained in a locked room at Reed Smith's offices within the United States, when they are not in the actual possession of defense counsel or an authorized person.  U.S. Sensitive materials shall not be viewed or stored on any device that is connected to or accessible from the Internet.  This provision is not intended to prevent direct oral or electronic communications in the United States regarding factual content of any U.S. Sensitive materials among defense counsel so long as those communications do not contain any explanation or description of the techniques used to collect the U.S. Sensitive materials.

21.     Absent prior permission from the Court, U.S. Sensitive materials and the content of U.S. Sensitive materials shall not be included in any public filing with the Court, and instead shall be submitted under seal.  Any such filings shall be filed with the Clerk's office under seal in hard copy, along with an electronic pdf copy on an encrypted disk or hard drive, and served by hand to chambers.  The Clerk's office is permitted to upload the filings to the Court's electronic case management system but shall keep the filings under seal at all times.

22.     The remaining Sensitive materials ("intermediate Sensitive materials") may be viewed by authorized persons as defined in paragraph 2 at the Russia offices of a vendor engaged by Reed Smith ("the Vendor") or the Russia offices of the law firm engaged by Reed Smith ("the Russian Law Firm") as set forth herein.  No person described in this paragraph shall have access to the intermediate Sensitive materials in Russia until he or she has (a) been provided with a copy of this Order; and (b) certified that he or she has read, understands, and agrees to the terms of this Order and has manifested his or her assent to be bound thereby, by signing a copy of the attached Memorandum of Understanding of the Protective Order.  Copies of any signed Memorandum of

Understanding shall be maintained by defense counsel and be made available to the Court for review if requested.

23.     Neither defense counsel nor any person authorized by this Court is permitted at any time to inspect or review the intermediate Sensitive materials outside of the (1) U.S. offices of Reed Smith, (2) Russia offices of the Vendor, or (3) the Russia offices of the Russian Law Firm as set forth herein, without prior permission from this Court.  Defense counsel, a designated and identified employee of Reed Smith, or a designated and identified employee of the Vendor or the Russian Law Firm must accompany any person at all times while he or she is reviewing the intermediate Sensitive materials at the U.S. offices of Reed Smith, the Russia offices of the Vendor, or the Russia offices of the Russian Law Firm, unless otherwise authorized by this Court. Discussions between defense counsel, including persons retained by defense counsel to assist in the defense of the criminal case and authorized persons as defined in paragraph 2, regarding the intermediate Sensitive materials may take place in (1) the U.S. offices of Reed Smith, (2) a designated location within the Russia offices of the Vendor, or (3) a designated location within the Russia offices of the Russian Law Firm.  Defense counsel shall provide the Court *in camera* with a description of the designated locations within the Russia offices of the Vendor and the Russia offices of the law firm engaged by Reed Smith, as well as the name of the designated employee(s) of the Vendor and the Russian Law Firm responsible for accompanying authorized persons reviewing the intermediate Sensitive materials at the Russia offices of the Vendor or the Russian Law Firm.  Additionally, written communications between defense counsel and lawyers with the Russian Law Firm may take place using the mechanism previously agreed to between counsel for the government and defense counsel.  Nothing in this paragraph should be construed to prohibit defense counsel, including lawyers with the Russian Law Firm, from having discussions among

themselves, with the Defendant Concord, or with potential witnesses about factual issues in locations not identified above.  However, those discussions may not include (1) any explanation or description of the techniques used to collect information contained in the intermediate or U.S. Sensitive materials, or (2) any description of any particular document contained in the intermediate or U.S. Sensitive materials, or (3) any explanation of specifically where a particular fact was referenced in the intermediate or U.S. Sensitive materials.

24.     Defense counsel shall not copy or reproduce the intermediate Sensitive materials except in order to provide copies of the materials for use by defense counsel, including lawyers with the Russian Law Firm, in connection with this criminal case.  Copies and reproductions shall be treated in the same manner as the original intermediate Sensitive materials, as described herein. Authorized persons may not copy or reproduce the intermediate Sensitive materials and may not retain any copies of the intermediate Sensitive materials, except as provided in Paragraphs 22, 23 and 25.  Defense counsel shall not disclose any notes or records of any kind that they make in relation to the contents of intermediate Sensitive materials, other than to authorized persons and only in the manner described herein. All such notes or records are to be treated in the same manner as the original materials.

25.     Once the government has designated which Sensitive materials are to be treated as U.S. Sensitive materials and which are to be treated as intermediate Sensitive materials, the government shall inform defense counsel of these designations in writing.  The defense may create its own set of intermediate Sensitive materials from the discovery that has already been produced in this case for review by authorized persons.  Defense counsel shall advise the government and the Court on the means by which the defense intends to transmit the intermediate Sensitive materials to Russia for review.  Intermediate Sensitive materials shall be maintained in a locked

room at Reed Smith's offices within the United States or the Russia offices of the Vendor when they are not in the actual possession of defense counsel or an authorized person.  Paper copies of key documents can be maintained in a safe at the office of the Russian Law Firm.  Reed Smith shall insure that a log is maintained and updated identifying all paper copies of intermediate Sensitive materials that are maintained at the Russian Law Firm.  That log shall be made available to the Court for review if requested

26.     Intermediate Sensitive materials shall not be viewed or stored on any device that is connected to or accessible from the Internet, except as otherwise provided herein.

27.     Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

August 27, 2019

HON. DABNEY L. FRIEDRICH
UNITED STATES DISTRICT JUDGE

## MEMORANDUM OF UNDERSTANDING

1.      I, _____, understand that I may be the recipient of documents or shown documents that contain information that the government has designated to be Sensitive.

2.      I agree that I shall never divulge, publish, or reveal, either by word, conduct, or other means, such Sensitive information and documents unless specifically authorized in writing to do so by an authorized representative of the United States government, or as otherwise ordered by the Court.

3.      I understand this agreement will remain binding upon me after the conclusion of the proceedings in *United States v. Concord Management and Consulting, LLC* (case no. 1:18-cr-0032 2) and any subsequent related proceedings.

4.      I have received, read, and understood the Protective Order entered by the United States District Court for the District of Columbia in the above case, and I agree to comply with the provisions thereof.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: _____

Place: _____          _____
                                     Authorized Person



The above-named individual has received a copy of the Revised Protective Order in the case *United States v. Concord Management and Consulting, LLC* (case no. 1:18-cr-32-2).


                                     _____
                                     Counsel for Defendant