**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> CONCORD MANAGEMENT AND CONSULTING LLC <br><br> Defendant. | CRIMINAL NUMBER: <br><br> 1:18-cr-00032-2-DLF |

**DEFENDANT CONCORD MANAGEMENT AND CONSULTING LLC'S REPLY IN SUPPORT OF ITS MOTION FOR A SUPPLEMENTAL BILL OF PARTICULARS**

Defendant Concord Management and Consulting LLC ("Defendant" or "Concord"), by and through undersigned counsel, respectfully submits this reply brief in support of its Motion for a Supplemental Bill of Particulars.

The government has now taken its one-of-its-kind never before brought § 371 defraud prong charge to where no reported case has ever gone before. The government says that Concord can be convicted because certain co-conspirators allegedly assumed false identities on the internet; period. This because those alleged false identities interfered with the theoretical ability of the Department of Justice ("DOJ") and the Federal Election Commission ("FEC") to consider whether or not the activity of unspecified co-conspirators required registration under the Foreign Agents Registration Act ("FARA") or disclosure under the Federal Election Campaign Act ("FECA"), even if DOJ or the FEC would have concluded that no registration or disclosure was required. And according to the government the cherry on this sundae is that while the Indictment alleges violations with respect to FARA and FECA (even though the Court was unable to determine that from the face of the Indictment and had to ask before ruling on the Motion to Dismiss), whether or not the government intends at trial to attempt to prove any such

1

violations should be kept a secret because proof of these alleged violations are not necessary for conviction. Of course this is both novel, and contrary to the government's previous admission to the Court (ignored in the Government's opposition) that it would need to prove a duty to disclose and report. Oct. 15, 2018 Hr'g Tr. 47:23-48.2. It is also contrary to the Court's previous determinations that this § 371 defraud prong conspiracy cannot be proven unless the co-conspirators had a duty to register under FARA or disclose under FECA. *See* Mem. Op. at 15, Nov. 15, 2018, ECF No. 74 ("Nov. 15 Opinion"). Further, how could Concord possibly have known it was impairing the lawful function of the FEC and DOJ, as the Court has said is required for conviction, if its own lawyers cannot even figure that out. *Id.*

On the one hand, the government concedes that it must prove that Concord knew that it was impairing the lawful functions of the FEC and DOJ. *See* Opp. at 7. Any such lawful functions appear in the text of the FECA and FARA. But the government long ago conceded that it has no evidence of any defendants' awareness these statutes. *See* Exhibit A, Apr. 12, 2019 email from J. Kravis. Moreover, the government has not produced any discovery at all connecting any alleged deceit to the lawful functions of the FEC or DOJ. In this utter absence of proof, the government now says that even if no defendant was required to register or file, Concord can still be guilty because IRA defendants alleged use of false identities on the internet interfered with the ability of the FEC and DOJ to confirm that no defendant had a duty to register or file.

There are many problems with the government's argument as to why it wants to keep secret details as to who was obligated to register and file. First, it is not consistent with what is charged in the Indictment, namely that the defendants proactively interfered in the 2016 election, *see* Indictment ¶¶ 3-7, 10; and that the FECA and FARA registration and reporting requirements

applied in this case, *id*. ¶¶ 25-26. Second, it is not consistent with what the Court has already determined ***not to be a crime***, that is, to do something with the goal of making the government's job more difficult. Nov. 15 Opinion at 10. Third, it is not consistent with orders already issued by the Court regarding what the government must prove; and it denied Concord the ability to brief and argue, and the Court to consider, this new theory when litigating the motion to dismiss the indictment. Fourth, it leaves Concord unable to prepare a defense or obtain expert testimony until it actually learns whether the government will argue this or some other theory of liability at trial. *See United States v. Bazezew*, 783 F. Supp. 2d 160, 168 (D.D.C. 2011) (recognizing that without a bill of particulars, "the defendants will not be able to adequately prepare for trial or avoid surprise at trial"); *United States v. Hsia*, 24 F. Supp. 2d 14, 30 (D.D.C. 1998) (providing that courts should order bills of particulars "as necessary to allow the defendant to adequately prepare for and to avoid surprise at trial," and that they "properly include[] clarification of the indictment"); *see also United States v. Hubbard*, 474 F. Supp. 64, 81 (D.D.C. 1979) (recognizing that a bill of particulars outlining the government's theory of the case was appropriate "[d]ue to the complexity of the indictment"); *United States v. Baker*, 262 F. Supp. 657, 674 (D.D.C. 1966) ("A defendant is not entitled to know all the evidence the government intends to produce, but only the theory of the government's case.").

The government attempts to selectively quote, parse and quibble about what the Court meant when it said that the government would have to prove that the co-conspirators had a duty to register under FARA or file under FERA. Opp. at 6-7. But the fact remains that the Court said, "it is difficult to see how the defendants' deception would impair agencies' ability to 'administer' disclosure requirements if those requirements did not apply to the defendants'

conduct." Nov. 15 Opinion at 15. In fact, it is not only difficult to see, but it is impossible as a matter of law.

All of this begs the question of whether the current prosecutors even know which defendants had any such duties, in that they did not draft the Indictment or present the case to the grand jury. But it is critical to sort this out now because without answers to these questions Concord is unable to prepare a defense, determine if expert witnesses are necessary, or propose jury instructions and a verdict form that will insure unanimity as required by law.

The fundamental danger here is that Concord, and the Court, may learn for the first time during trial, that the government's theory of liability fails as a matter of law. *Bazezew*, 783 F. Supp. 2d at, 168; *Hsia*, 24 F. Supp. 2d at 30. The government does not, and has not, cited to any reported case that would support its current theory of liability. Moreover, the government has cited to no harm to it from providing this information; instead, they argue that they just do not want to provide it. *See United States v. Sanford Ltd.*, 841 F. Supp. 2d 309, 316 (D.D.C. 2012) (recognizing that "[a] bill of particulars is . . . designed to limit and **define** the government's case") (internal quotation marks omitted) (emphasis added).

The government spends half of its pleading arguing that the relief sought is procedurally barred by the Court's earlier order regarding the bill of particulars. But the specific relief sought now could not have been previously argued until the government supplied the Bill of Particulars. The government improperly conflates the current request with a request to identify which defendant committed each overt act. But the supposedly alleged duties under FARA and FECA are not overt acts but rather the core of the charge itself without which the Indictment fails.

For the reasons set forth above and in Concord's Motion, Concord respectfully requests that the Court grant the Motion.

Dated:  September 10, 2019

Respectfully submitted,

CONCORD MANAGEMENT AND CONSULTING LLC

By Counsel

/s/*Eric A. Dubelier*
Eric A. Dubelier
Katherine Seikaly
Reed Smith LLP
1301 K Street, N.W.
Suite 1000 – East Tower
Washington, D.C. 20005
202-414-9200 (phone)
202-414-9299 (fax)
edubelier@reedsmith.com
kseikaly@reedsmith.com