UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

CONCORD MANAGEMENT AND
CONSULTING LLC,

Defendant.

Crim. No. 18-CR-32-2 (DLF)

**FILED UNDER SEAL**

**JOINT MOTION REGARDING PROPOSED REDACTIONS**

The United States of America and defendant Concord Management and Consulting, LLC hereby submit proposed redactions to the transcript of the August 26, 2019 sealed telephonic conference. The proposed redactions concern information about investigative techniques implicated by portions of the U.S. Sensitive discovery. This Court has previously ruled that this information implicates significant national security and law enforcement interests. Doc. 161, at 12-17. Those same interests justify the limited proposed redactions attached as Exhibit A.

The Court has the inherent power to seal court filings when appropriate. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). Such sealing is within the discretion of the Court. *See Nixon*, 435 U.S. at 598 (common-law right to inspect and copy judicial records is not absolute, and the decision whether to permit access is best left to the sound discretion of the trial court in the light of the relevant facts and circumstances of the particular case).

While there is a "strong presumption in favor of public access to judicial proceedings," *Johnson v. Greater SE Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991), that presumption is not absolute. In *Hubbard*, the D.C. Circuit identified six factors "that might act

1

to overcome this presumption." *United States v. Harris*, 204 F. Supp. 3d 10, 16 (D.D.C. 2016). They are: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Id.* (citation omitted).

Here, these factors weigh in favor of the parties' proposed redactions.  There is no need for public access to sensitive information about investigative techniques.  The Court has previously sealed transcripts and filings containing this information.  And the government has asserted a strong interest in keeping this information under seal.

Respectfully submitted,

| | |
|---|---|
| JOHN C. DEMERS | JESSIE K. LIU |
| Assistant Attorney General for National Security | United States Attorney |
| | |
| By: /s/ | By: /s/ |
| Heather N. Alpino | Jonathan Kravis |
| U.S. Department of Justice | Luke Jones |
| National Security Division | Kathryn Rakoczy |
| 950 Pennsylvania Ave. NW | 555 Fourth Street NW |
| Washington, D.C. 20530 | Washington, D.C. 20530 |
| Telephone: (202) 514-2000 | Telephone: (202) 252-6886 |

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2019, I caused a copy of the foregoing filing to be transmitted to Katherine Seikaly and Eric Dubelier, counsel of record for Concord Management and Consulting LLC, via email.

By: /s/
Jonathan Kravis
Assistant United States Attorney
555 Fourth Street NW
Washington D.C. 20530