UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CONCORD MANAGEMENT AND CONSULTING LLC,<br><br>Defendant. | Crim. No. 18-CR-32-2 (DLF)<br><br><br>**FILED UNDER SEAL** |

### REVISED JOINT MOTION REGARDING PROPOSED REDACTIONS

The United States of America and defendant Concord Management and Consulting, LLC hereby submit revised proposed redactions to the transcript of the August 26, 2019 sealed telephonic conference.[1]  The proposed redactions concern information about investigative techniques implicated by portions of the U.S. Sensitive discovery.  This Court has previously ruled that this information implicates significant national security and law enforcement interests.  Doc. 161, at 12-17.  Those same interests justify the limited proposed redactions attached as Exhibit A.

The Court has the inherent power to seal court filings when appropriate.  *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)).  Such sealing is within the discretion of the Court.  *See Nixon*, 435 U.S. at 598 (common-law right to inspect and copy judicial records is not absolute, and the

---

[1] The parties submitted a proposed redacted transcript on Monday, September 23, 2019.  On Thursday, September 26, 2019, the Court requested a new proposal with consistent redactions.  The revised proposed redactions attached as Exhibit A now include redaction of one additional word on page 6 and are in all other respects identical to the proposed redactions submitted on September 23.

1

decision whether to permit access is best left to the sound discretion of the trial court in the light of the relevant facts and circumstances of the particular case).

While there is a "strong presumption in favor of public access to judicial proceedings," *Johnson v. Greater SE Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991), that presumption is not absolute.  In *Hubbard*, the D.C. Circuit identified six factors "that might act to overcome this presumption."  *United States v. Harris*, 204 F. Supp. 3d 10, 16 (D.D.C. 2016).  They are:  "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings."  *Id.* (citation omitted).

Here, these factors weigh in favor of the parties' proposed redactions.  There is no need for public access to sensitive information about investigative techniques.  The Court has previously sealed transcripts and filings containing this information.  And the government has asserted a strong interest in keeping this information under seal.

Respectfully submitted,

| | |
|---|---|
| JOHN C. DEMERS<br>Assistant Attorney General for National Security | JESSIE K. LIU<br>United States Attorney |
| By: /s/<br>Heather N. Alpino<br>U.S. Department of Justice<br>National Security Division<br>950 Pennsylvania Ave. NW<br>Washington, D.C. 20530<br>Telephone: (202) 514-2000 | By: /s/<br>Jonathan Kravis<br>Luke Jones<br>Kathryn Rakoczy<br>555 Fourth Street NW<br>Washington, D.C. 20530<br>Telephone: (202) 252-6886 |

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2019, I caused a copy of the foregoing filing to be transmitted to Katherine Seikaly and Eric Dubelier, counsel of record for Concord Management and Consulting LLC, via email.

                                               By: /s/_____
                                               Jonathan Kravis
                                               Assistant United States Attorney
                                               555 Fourth Street NW
                                               Washington D.C. 20530