## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NUMBER: |
| v. | 1:18-cr-00032-2-DLF |
| CONCORD MANAGEMENT AND CONSULTING LLC | |
| Defendant. | |

**DEFENDANT CONCORD MANAGEMENT AND CONSULTING LLC'S OPPOSITION TO THE GOVERNMENT'S MOTION TO CLARIFY OR, IN THE ALTERNATIVE, TO RECONSIDER**

Defendant Concord Management and Consulting LLC ("Defendant" or "Concord"), by and through undersigned counsel, respectfully submits this Opposition to the Government's Motion to Clarify or, In the Alternative, to Reconsider (the government's "Motion" or "Mot.").

### Introduction

This once-in-forever single count § 371 defraud clause Indictment continues its unprecedented path, this time with the Court inviting the government to ask it to reconsider a clear year-old order in a way that would provide it a substantial litigation advantage regarding the key legal issue of intent. Specifically, the government wants to argue at trial that the restrictions on certain expenditures by foreign nationals caused Defendants' failure to report such expenditures to the Federal Election Commission ("FEC"). The government seeks this advantage despite the fact that not one iota of discovery has been produced that any alleged co-conspirator had any knowledge of the FEC at all, let alone the complicated expenditure restrictions on foreign nationals.

The Court set the stage for the government's play on September 16, 2019, when the parties appeared for a previously scheduled status hearing that was converted by the Court to oral argument, requested by neither party, on Concord's pending Motion for a Supplemental Bill of Particulars.[1]  *See* Sept. 12, 2019 Minute Order.  Instead of starting with such argument, the Court raised its concern that the government's Opposition to the Motion for a Supplemental Bill of Particulars referred to a potential theory of liability that was contrary to the Court's November 15, 2018 Order denying Concord's motion to dismiss the indictment.  A colloquy between the Court and the prosecutor, for which the prosecutor seemed both prepared and unsurprised, resulted in the Court inviting the government to file a motion asking the Court to reconsider its ruling of almost one year ago, which held that the plain language of the Indictment alleged impairment of a government function only with respect to disclosure requirements.[2]  The Court also supplied the government with a proposed solution to its problem by suggesting that the Court would allow evidence of the foreign national ban at trial to prove motive despite the Court's more restrictive reading of the Indictment.  Sept. 16, 2019 Hr'g Tr. 17:10-17.  This argument was adopted by the government.  *See* Mot. at 2 (asking for the Court to rule that "the government can argue that a motive for interfering in the administration of disclosure regimes was to avoid enforcement of . . . the foreign expenditures ban").

---

[1] It appeared that the Court had already decided to deny the pending Motion for a Supplemental Bill of Particulars because immediately after the conclusion of discussion about that motion the Court appeared to read into the record an oral order denying the motion. *See* Sept. 16, 2019 Hr'g Tr. 56:9-57:17.

[2] This is not the first time the Court has provided litigation suggestions or assistance to the government. *See* Jan. 11, 2019 Hr'g Tr. 22:16-23:12, 24:13-25:4 (expressing "shock" that the government did not accuse defense counsel of violating the protective order); May 28, 2019 Hr'g Tr. 33:19-35:1 (providing an argument not raised by the government that there were allegations connecting one defendant to the Russian government); and July 17, 2019 Hr'g Tr. 53:17-54:3 (again expressing shock at the government's intended litigating position).  This pattern arguably creates an appearance of bias or prejudice in favor of the government.

The government, apparently so confident of winning every motion, has failed to provide the legal standard the Court must apply in ruling on such a motion, thus making its filing contrary to the requirement contained in LCrR 47(a) that a motion shall contain the specific points of law and authority that support the motion.  And while the Court found, in denying the motion to dismiss the Indictment, that Concord, a Russian company with no presence in the United States, was on fair notice of what Concord is charged with, the Court now concedes for the first time that the Indictment is "difficult to follow in terms of what the objectives are."  Sept. 16, 2019 Hr'g Tr. 6:15-18.  *See also id.* 15:17-18 ("It's a difficult indictment to follow.").

For the following reasons the government's Motion should be denied.

**Legal Standard**

The Federal Rules do not specifically provide for motions for reconsideration in criminal cases.  However, this Court has assumed it can consider such a motion for the purpose of promptly correcting its own alleged errors.  *See United States v. Sunia*, 643 F. Supp. 2d 51, 60 (D.D.C. 2009).  The applicable standard is "as justice requires," requiring that the moving party show actual prejudice if the motion is denied.  *Id.* at 61; *see also United States v. Trabeisi*, Crim. No. 06-98, 2015 WL 5175882, at *2 (D.D.C. Sept. 3, 2015).  And while the Court may reconsider a ruling if there are "'good reasons for doing so,'" *id.* (quoting *Isse v. Am. Univ.*, 544 F. Supp. 2d 25, 29 (D.D.C. 2008)), where the "as justice requires" standard has not been met, the Court must be mindful that, "'where litigants have once battled for the Court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'"  *Id.* (quoting *Lemmons v. Georgetown Univ. Hosp.*, 241 F.R.D. 15, 22 (D.D.C. 2007)).[3]

---

[3] Motions to clarify are also not provided for in the Federal Rules, *see United States v. Philip Morris USA Inc.*, 793 F. Supp. 2d 164, 168 (D.D.C. 2011); but logic would dictate that the Court could later clarify an earlier order only if that order was unclear to begin with. *See Kirwa v.*

**Litigation of Concord's Motion to Dismiss the Indictment**

On July 16, 2018, Concord moved to dismiss the Indictment. ECF No. 46.   While Concord recognized that the Indictment contained a reference to the restriction on certain expenditures by foreign nationals, Concord argued that neither it nor any other defendant was alleged to have made an unlawful expenditure.  *Id*. at 6-7.  In opposition, the government argued that the indictment alleged that the Federal Election Campaign Act ("FECA") prohibited foreign nationals from making certain expenditures.  ECF 56 at 6.  At oral argument the government stated that the actions of the Defendants interfered with a lawful function of the FEC regarding restrictions on certain expenditures by foreign nationals.  Oct. 15, 2018 Hr'g Tr. at 29:19-30:4. The Court stated, and later confirmed in its written order, that with respect to the FEC, Department of Justice ("DOJ") and Department of State ("DOS") functions, the government would have to prove at trial that the Defendants had a legal duty to report information.  *Id*. at 31:13-14.  The government disagreed with this conclusion of the Court.  *Id.* at 31:15-21.

**The Court's November 15, 2018 Memorandum Opinion**

On November 15, 2018, the Court denied Concord's Motion to Dismiss the Indictment. The Court's Memorandum Opinion analyzed the text of the Indictment to identify the lawful functions that the Defendants allegedly conspired to impair.  Mem. Op. at 4-6, Nov. 15, 2018 ECF No. 74 ("Nov. 15 Opinion").  The Court explicitly considered whether the Indictment alleged impairment of a FEC function related to the prohibition on certain expenditures by foreign nationals as argued by the government, and concluded that it did not so allege.[4]

---

*United States Dep't of Def.*, 315 F. Supp. 3d 266, 267 (D.D.C. 2018) ("The Court denies plaintiff's motion to 'clarify' because, first of all, the motion does not actually indicate that there was anything unclear about the Order.") (internal quotation marks omitted).

[4] The Court and the government have repeatedly referred to the restriction as a foreign national "ban," which it is not. As Concord explained in the Motion for a Supplemental Bill of

Specifically, the Court rejected this broader reading of the Indictment and concluded that while the Indictment "mention[ed] FECA's ban on foreign expenditures," that mention could not be read as alleging anything other than impairment of disclosure requirements as opposed to the foreign national ban. *Id*. at 6; *see also id*. at 5 ("Although [¶ 25 of the Indictment] also mentions FECA's ban on foreign expenditures, it focuses on FEC's administration of FECA's 'reporting requirements . . .'").

### The Government's Footnote

In opposing Concord's Motion for a Supplemental Bill of Particulars, the government argued again—contrary to the Court's November 15, 2018 Opinion—that the Indictment alleged impairment of the FEC in administering both the FECA disclosure requirements and the FEC's alleged function of enforcing FECA's restriction on certain foreign national expenditures. *See* Government's Opposition to Defendant's Second Motion for Bill of Particulars at 18 n.3.  The government did not take issue with the Court's previous Order; instead, the government simply ignored it.

### The September 16, 2019 Hearing

Despite the fact, as noted by the Court, that almost a year has passed since the Court interpreted the Indictment in a manner more limited than what the government is now arguing, the Court invited the government to ask it to reconsider its previous ruling.  Sept. 16, 2019 Hr'g Tr. 10:21-23, 57:20-22.  But the Court also stated, "my ruling on the motion to dismiss clearly

---

Particulars, as the statute relates to this case, foreign nationals are prohibited from making only a very narrow category of expenditures.  *See* Concord's Mot. for a Supp. Bill of Particulars 9-10 (explaining that *Bluman v. F.E.C.*, 800 F. Supp. 2d 281, 284 (D.D.C. 2011) limited application of 52 U.S.C. § 30121(a)(1)(C) to expenditures and independent expenditures that expressly advocate the election or defeat of a specific candidate and that expenditures and independent expenditures by foreign nationals for issue advocacy are not prohibited).  The government has acknowledged this point in the Bill of Particulars itself.  *See* Bill of Particulars 2 (citing *Bluman*).

held that the sole functions allegedly targeted by the conspiracy were the administration of federal requirements by disclosure." *Id*. 6:20-23.

## <u>Argument</u>

The government's Motion contains no relevant legal authority, and instead reargues its opposition to the motion to dismiss and asks the Court to reverse its year-old analysis and interpretation of the Indictment. The Court has stated its belief that its previous Opinion "clearly held" that the Indictment alleged impairment of government functions related only to disclosure requirements. As such, there is no reason for the Court to clarify or reconsider what was already clear. Moreover, this issue is not new, or confusing. As set forth above, the parties' disagreement about whether the Indictment alleged interference related to the expenditure restrictions on foreign nationals was clear from pleadings and oral argument, and the Court already ruled against the government.

The Court should recognize that what the government is attempting to do here is insidious. Concord has repeatedly advised the Court—and the government has both admitted and failed to dispute—that the discovery contains no evidence that any Defendant had any knowledge whatsoever about the alleged government functions mentioned in the Indictment. *See, e.g.,* Concord's Motion for Show Cause Order 7 n.4 and Ex. H; Concord's Reply in Support of Motion for Supplemental Bill of Particulars Ex. A. The government has conceded its intent to argue to the jury that since the Defendants allegedly used false identities on the internet their intent must have been, at least in part, to defraud three U.S. government agencies. *See, e.g.,* Oct. 15, 2018 Hr'g Tr. 41:10-13 (government arguing that "the defendant's knowledge of the lawful government functions here can be inferred from the nature of the deceptive conduct that they were engaged in"); *id*. 35:20-36:17 (similar); *id* 46:17-23 (government responding affirmatively

to Court's question that it will prove knowledge of the government function by "acts of deception, circumstantial evidence, no direct evidence").  Now the government wants the Court to zig zag so that it can also argue at trial that the Defendants' motive for acting deceptively was the existence of restrictions on certain expenditures by foreign nationals, regardless of whether those restrictions actually applied.  *See* Mot. 10 ("the government believes that this potential illegality is relevant to establishing the defendant's motive for other deceptive conduct as well"). Applying perfectly circular reasoning, the government wants to use deceptive acts to imply knowledge of the law while simultaneously citing the existence of the law as motive for deceptive acts.

It is critical to note that in the absence of any evidence of knowledge, the government is asking to be permitted to "argue" as opposed to asking whether particular evidence is admissible. Mot. at 9.  But the discovery does not contain a single document indicating or suggesting that any Defendant was even aware of these restrictions.  And had the Indictment made any such allegation it would have required the government to prove that the Defendants had actual knowledge of the prohibition on foreign nationals making certain expenditures.  *See Bluman*, 800 F. Supp. 2d at 292 (noting that "[w]e caution the government that seeking criminal penalties for violations of this provision [prohibiting foreign national expenditures]—which requires that the defendant act 'willfully,' . . .—will require proof of the defendant's knowledge of the law") (citations omitted).

Further, the government is grossly exaggerating the lawful functions of the FEC.  It is important to note that the FEC has no authority to enforce or investigate anything absent the agreement of four members that there is probable cause to believe that a violation of FECA has or is about to occur.  *See* 52 U.S.C. § 30109(a)(1) and (2).  *See also Federal Election*

*Commission v. Machinists Non-Partisan Political League,* 655 F.2d 380, 387-8 (D.C. Cir. 1981) (noting that contrary to the FTC and the SEC, the FEC can only investigate after an individual files a complaint.).  The government also ignores the fact that the FEC *did* receive a complaint from Common Cause in 2017 alleging FECA violations relating to some of the conduct later alleged in the Indictment, and by all appearances decided no action was warranted.  *See* Concord's Mot. for Supp. Bill of Particulars 12.

The government's attempted reliance on *United States v. Kanchanalak*, 41 F.Supp.2d 1 (D.D.C. 1999), is dishonest.  There, the indictment alleged a § 371 conspiracy to both defraud the FEC and to make false statements to the FEC.  Further, the indictment contained multiple substantive FECA counts where it was alleged that the defendants willfully caused prohibited contributions to be made.  Here, the government explicitly pled around the willfulness requirement of any relevant substantive charge.

Justice does not require, and there is no good reason that the Court should reverse itself on this issue that was previously litigated.  Furthermore, to the extent that the government seeks to make an argument at trial that the Defendants interfered with the FEC with respect to certain expenditure restrictions on foreign nationals, that issue can be dealt with in a motion in limine.

For the foregoing reasons the government's Motion should be denied.

Dated:  September 27, 2019                              Respectfully submitted,

CONCORD MANAGEMENT AND
CONSULTING LLC

By Counsel

/s/*Eric A. Dubelier*
Eric A. Dubelier
Katherine Seikaly
Reed Smith LLP
1301 K Street, N.W.
Suite 1000 – East Tower
Washington, D.C. 20005
202-414-9200 (phone)
202-414-9299 (fax)
edubelier@reedsmith.com
kseikaly@reedsmith.com