**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CONCORD MANAGEMENT AND<br>CONSULTING LLC,<br><br>*Defendant.* | No. 18-cr-0032-2 (DLF) |

**ORDER**

Before the Court is the government's Motion to Clarify or, in the Alternative, to Reconsider, Dkt. 201.  The government argues that the Court erred when it interpreted the indictment to allege a conspiracy to impair the Federal Election Committee's lawful function of administering federal election disclosure requirements but not its related function of enforcing the ban on certain foreign election expenditures.  For the reasons below, the Court will deny the government's motion.

On November 15, 2018, when the Court denied Concord's motion to dismiss count I of the indictment, it considered the threshold question of which lawful government functions the defendants allegedly conspired to impair.  *See* Nov. 15, 2018 Mem. Op. ("Mem. Op.") at 4, Dkt. 58.  Though the parties had not briefed this issue squarely, the Court had to address it before considering Concord's challenges.  *See id.*  Based on the "text and structure of the indictment"— and paragraph nine of the indictment, in particular—the Court concluded that the "government functions targeted by the conspiracy are alleged solely to be the 'administration' of 'federal requirements for disclosure.'"  *Id.* (alterations omitted) (quoting Indictment ¶ 9, Dkt. 1).

Though the Court held that the indictment did not allege that the conspiracy *targeted* the FEC's function in enforcing the foreign expenditure ban, the Court did not discard that function as irrelevant to the alleged conspiracy. To the contrary, the Court recognized the indictment's allegation that Federal Election Campaign Act (FECA) "reporting requirements" facilitate the FEC's role in "enforcing FECA's limits and prohibitions, including the ban on foreign expenditures." *Id.* at 5 (quotations omitted). And the Court explained that the foreign expenditure ban could also "be relevant to establishing the defendants' motive for failing to submit reports as required" by FECA. *Id.* at 12 n.4.

Since that opinion, the government has expressed a contrary view. After the Court ordered the government to identify the statutory or regulatory *disclosure* requirements whose administration the defendants sought to impair, *see* May 29, 2019 Mem. Op. and Order at 16, Dkt. 137, the government identified both FECA's reporting requirements and FECA's ban on certain foreign expenditures, Gov't's Bill of Particulars at 1–2, Dkt. 146-2. Later, the government clearly expressed its view that the indictment alleges a conspiracy to impair not only the FEC's function of administering reporting requirements but also its function in enforcing the foreign ban on expenditures. *See* Gov't Opp. at 18 n.3, Dkt. 194; Sept. 16, 2019 Hr'g Tr. at 9:20–10:1. For this reason, the Court invited the government to brief its position in light of the Court's November 15, 2018 Memorandum Opinion. Sept. 16, 2019 Hr'g Tr. at 47:9–47:13.

Having reviewed the parties' briefs and the indictment, the Court reaffirms its holding that the indictment fails to allege that the defendants conspired to interfere with the FEC's function of enforcing FECA's foreign expenditure ban. The text and structure of the indictment reveal that the FEC's function of administering FECA's disclosure requirements is the only FEC function that the conspiracy sought to disrupt. *See* Mem. Op. at 6. In particular, paragraph

nine—"the heart of the conspiracy charge"—explains that the "defendants conspired to impair

the functions of the FEC, DOJ, and DOS 'in *administering the federal requirements for*

*disclosure* of foreign involvement in certain domestic activities.'"  *Id.* at 5 (emphasis in original)

(quoting Indictment ¶ 9).  And that paragraph is the only one that specifies which lawful

functions the defendants allegedly sought to impair—in all other instances, the indictment

describes a conspiracy to obstruct the government's "lawful functions" without saying *which*

functions the defendants conspired to impair.  *See, e.g.*, Indictment ¶¶ 2, 7, 28.

        In addition, the Court reaffirms that although the indictment does not allege that FEC

enforcement of the foreign expenditure ban is one of the functions that the conspiracy targeted, it

does identify enforcement of the ban as one of the FEC's duties.  *See* Indictment ¶¶ 1, 25; *see*

*also* Mem. Op. at 5–6.  And the indictment alleges also that FECA's disclosure requirements

facilitate the FEC's role in enforcing the foreign expenditure ban.  *See* Indictment ¶ 25; *see also*

Mem. Op. at 5.

        The Court will not decide now whether this connection between the disclosure

requirements and the foreign expenditure ban will be relevant at trial.  The Court will resolve

issues of relevance and issues about what the government must prove at the appropriate time

through jury instructions, motions *in limine*, or other pretrial motions.[1]  For now, the Court

reaffirms that the indictment: fails to allege that the conspiracy targeted the FEC's function of

enforcing FECA's foreign expenditure ban; nonetheless alleges that such enforcement is one of

---

[1] The Court previously held that as a matter of law the government "will not have to prove that
any defendant had a legal duty to file reports with the FEC or to register with the DOJ."  Mem
Op. at 15.  The Court also recognized that the foreign expenditure ban "could be relevant to
establishing the defendants' motive for failing to submit reports as required."  *Id.* at 12 n.4.

the FEC's duties; and alleges that FECA's disclosure requirements facilitate the FEC's role in performing that duty.

For the foregoing reasons, it is

**ORDERED** that the government's Motion to Clarify or, in the Alternative, to Reconsider, Dkt. 201, is denied.

DABNEY L. FRIEDRICH
United States District Judge

October 2, 2019