Exhibit 13 to Memorandum and Points of Authorities in Support of Defendant Concord Management and Consulting LLC's Renewed Motion to Dismiss the Indictment, 18-cr-32-DLF

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**Holding a Criminal Term
Grand Jury Sworn in on May 7, 2012**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.:** |
| | : | |
| v. | : | **GRAND JURY ORIGINAL:** |
| | : | |
| **SHANTIA HASSANSHAHI,** | : | **VIOLATIONS:** |
| aka SHANTIA HASSAN SHAHI, | : | |
| aka SHAHI, | : | **18 U.S.C. § 371** |
| aka SHANTIA HAAS, | : | **(Conspiracy)** |
| aka SEAN HAAS, | : | |
| **HASSTON, INC.** | : | **50 U.S.C. § 1705** |
| | : | **(International Emergency Economic** |
| Defendants. | : | **Powers Act)** |
| | : | |
| | : | **31 C.F.R. Part 560** |
| | : | **(Iranian Transactions and Sanctions** |
| | : | **Regulations)** |

# **I N D I C T M E N T**

The Grand Jury charges that:

## **COUNT ONE**

1. Beginning in or around March 2009, and continuing through in or around January 2013, DEFENDANT SHANTIA HASSANSHAHI and DEFENDANT HASSTON, INC., did willfully combine, conspire, and agree with others known and unknown to the Grand Jury, to: (a) commit offenses against the United States, that is, to export and cause the exportation of goods and technology from Canada to Iran, as well as services related thereto from the United States to Iran, in violation of the prohibitions imposed upon Iran by the United States Government, without having first obtained the required license from the Office of Foreign Assets Control (OFAC), located in the District of Columbia, in violation of Title 50, United States

Code, Section 1705 (IEEPA), and the Iranian Transactions and Sanctions Regulations (ITSR), Title 31, Code of Federal Regulations, Parts 560.203 and 560.204; and (b) defraud the United States Government by interfering with and obstructing a lawful government function, that is, the enforcement of laws and regulations prohibiting the export or supply of goods, technology, and services by a United States person to Iran and other countries without having first obtained the required license from OFAC, by deceit, craft, trickery, and dishonest means, in violation of Title 18, United States Code, Section 371.

2. The conduct alleged in this Indictment occurred within the District of Columbia and elsewhere, and therefore within the venue of the United States District Court for the District of Columbia pursuant to Title 18, United States Code, Section 3237(a). Additionally, the conduct alleged in this Indictment began outside the jurisdiction of any particular state or district of the United States, but within the jurisdiction of the United States and therefore, pursuant to Title 18, United States Code, Section 3238, within the venue of the United States District Court for the District of Columbia.

3. In furtherance of the above-described conspiracy, and in order to carry out the objects thereof, DEFENDANT HASSANSHAHI and DEFENDANT HASSTON and others known and unknown to the Grand Jury committed or caused to be committed, in the District of Columbia and elsewhere, the following overt acts, among others:

    a. On or about May 19, 2009, Co-Conspirator MB, located in Iran, sent an email to DEFENDANT HASSANSHAHI asking DEFENDANT HASSANSHAHI, who was located in the United States, to place an order for the manufacture of a protection relay and related parts and accessories with the company in Canada.

    b. In or around October 2009, DEFENDANT HASSANSHAHI and

DEFENDANT HASSTON caused a company in Canada to export a protection relay and related parts and accessories to Iran, through Armenia.

> (**Conspiracy to Unlawfully Export U.S. Goods and Technology to Iran and to Defraud the United States**, in violation of Title 18, United States Code, Section 371; Title 50, United States Code, Section 1705; and Title 31, Code of Federal Regulations, Part 560)

A TRUE BILL

FOREPERSON

Attorney of the United States in
and for the District of Columbia

3