Exhibit 22 to Memorandum and Points of Authorities in Support of Defendant Concord Management and Consulting LLC's Renewed Motion to Dismiss the Indictment, 18-cr-32-DLF

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn in on November 9, 2012

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal Case No.: |
| | : | |
| v. | : | Mag. No: 1:14-MJ-308 (DAR) |
| | : | |
| SHANDONG SHEENRUN | : | Violations: |
| ELECTRONICS CO. LTD. | : | |
| also known as China SHEENRUN | : | 18 U.S.C. § 371 |
| Optics and Electronics Co. Ltd. | : | (Conspiracy) |
| also known as Jinan SHEENRUN | : | |
| Electronics Company Ltd., | : | 50 U.S.C. § 1705 |
| CHANGXI SHI | : | (International Emergency Economic |
| also known as James Shi | : | Powers Act) |
| also known as Chang Xi Shi | : | |
| also known as James Stone, and | : | 31 C.F.R. Part 560 |
| SHUGUO XIAO | : | (Iranian Transactions and Sanctions |
| also known as Andy XIAO, | : | Regulations) |
| Defendants. | : | |

## INDICTMENT

The Grand Jury charges that:

From in or around August 2009, and continuing through in or around May 2012, within the District of Columbia and elsewhere, the defendants, SHANDONG SHEENRUN ELECTRONICS CO. LTD. ("SHEENRUN"), CHANGXI SHI, and SHUGUO XIAO, did knowingly combine, conspire, confederate, and agree, together and with persons whose identities are known and unknown to the Grand Jury, to: (a) commit an offense against the United States, that is, to export and cause the exportation of goods from the United States to Iran in violation of the prohibitions imposed upon that country by the United States Government, without having first obtained the required licenses from the Office of Foreign Assets Control ("OFAC"), located

in the District of Columbia, in violation of Title 50, United States Code, Section 1705, and Title 31, Code of Federal Regulations, Parts 560.203, 560.204, and 560.205; and (b) defraud the United States Government by interfering with and obstructing a lawful government function, that is, the enforcement of laws and regulations prohibiting the export or supply of goods from the United States to Iran without having first obtained the required licenses from OFAC, by deceit, craft, trickery, and dishonest means, in violation of Title 18, United States Code, Section 371.

In furtherance of the conspiracy, and to effect its objects, the following overt acts, among others, were committed in the District of Columbia and elsewhere:

1. On or about June 15, 2011, defendant CHANGXI SHI, Director of Overseas Sales for SHEENRUN, signed a contract with a company in Tehran, Iran ("Company A"), in which Company A agreed to purchase 15 U.S. origin infrared cameras (9hz) from defendant SHEENRUN for €49,200.

2. On or about June 22, 2011, defendant CHANGXI SHI signed a contract for 30 U.S. origin infrared cameras, as well as an End-User Statement ("EUS") that falsely declared that the end user was defendant SHEENRUN in the People's Republic of China ("PRC").

3. On or about July 20, 2011, a U.S. Optics Company shipped 15 U.S. origin infrared cameras from the United States to defendant SHEENRUN in the PRC via Federal Express.

4. On or about July 29, 2011, Co-Conspirator A, a representative of Company A in China, emailed defendant CHANGXI SHI informing him that for "security reasons," prior to shipping the cameras to Iran referenced in Overt Act 3, he should remove the "US EXPORT CONTROLLED" stickers from the cameras and replace them with

labels indicating that the cameras were "Made in China," as well as represent that the cameras were manufactured by a different (non-U.S.) company. Co-Conspirator B, a representative of Company A in Iran, was copied on the email.

5. On or about August 2, 2011, defendant SHUGUO XIAO, a sales representative for defendant SHEENRUN in China, emailed Co-Conspirator A and provided a tracking number for the shipment to Iran. Defendant CHANGXI SHI and Co-Conspirator B were copied on the email.

6. On or about February 10, 2012, Co-Conspirator B emailed defendant SHUGUO XIAO in reference to another export of U.S. origin cameras and stated that the procedure for transferring money to other countries had become very complicated due to "sanctions" and that the transfer time would be longer.

7. Defendants and other conspirators failed to apply for, receive, and possess, and caused others to fail to apply for, receive, and possess a license from OFAC, located in the District of Columbia, to export any U.S. origin goods described above from the United States to Iran.

(**Conspiracy to Commit Offenses against the United States and to Defraud the United States**, in violation of Title 18, United States Code, Section 371).

A TRUE BILL

FOREPERSON

*Ronald C. Machen Jr. /BM/*
Attorney of the United States in
and for the District of Columbia