Exhibit 5 to Defendant Concord Management and Consulting LLC's Motion for Disclosure of Grand Jury Instructions, 18-cr-32-DLF

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

 * * * * * * * * * * * * * * * * *
In Re:  Application of the Committee  ) Grand Jury
on the Judiciary and the U.S. House   ) 19-48
of Representatives for an Order       )
Authorizing the Release of Certain    )
Grand Jury Materials,                 )
Petitioners:  Committee on the        ) October 8, 2019
Judiciary and U.S. House of           ) 9:59 a.m.
Representatives                       ) Washington, D.C.
Respondent: U.S. Department of Justice.)
                                      )
 * * * * * * * * * * * * * * * * *
```

**TRANSCRIPT OF MOTION HEARING
BEFORE THE HONORABLE BERYL A. HOWELL,
UNITED STATES DISTRICT COURT CHIEF JUDGE**

**APPEARANCES:**

FOR PETITIONERS:     DOUGLAS N. LETTER
                     MEGAN BARBERO
                     JOSEPHINE MORSE
                     ADAM A. GROGG
                     U.S. House of Representatives
                     219 Cannon House Office Building
                     Washington, DC 20515
                     (202) 225-9700
                     Email: Douglas.letter@mail.house.gov


FOR RESPONDENT:      ELIZABETH J. SHAPIRO
                     JAMES BURNHAM
                     CRISTEN HANDLEY
                     STEVEN MEYERS
                     SERENA ORLOFF
                     JAMES GILLIGAN
                     U.S. Department of Justice
                     1100 L Street, NW
                     Washington, DC 20530
                     (202) 514-5302
                     Email: Elizabeth.Shapiro@usdoj.gov

Court Reporter:      Elizabeth Saint-Loth, RPR, FCRR
                     Official Court Reporter

            Proceedings reported by machine shorthand,
       transcript produced by computer-aided transcription.

```
 1                    P R O C E E D I N G S
 2              THE DEPUTY:  Matter before the Court, Grand Jury
 3    Matter 19-48, In Regards to an Application of the Committee
 4    on the Judiciary and the U.S. House of Representatives for
 5    an Order Authorizing the Release of Certain Grand Jury
 6    Materials.  Petitioners:  Committee on the Judiciary and
 7    U.S. House of Representatives; Respondent:  U.S. Department
 8    of Justice.
 9              Counsel, please come forward and state your names
10    for the record.
11              MR. LETTER:  Douglas Letter, the General Counsel,
12    the U.S. House of Representatives.  And if I may just for a
13    moment, Your Honor, with me I've got --
14              THE COURT:  Yes, I would like that.
15              MR. LETTER:  -- Associate Counsel Megan Barbero
16    and Jodi Morse and Assistant Counsel Adam Grogg, and members
17    of the House Judiciary Committee.
18              THE COURT:  Okay.  What fun.  Touting from the
19    Hill.
20              MS. SHAPIRO:  Good morning, Your Honor.
21    Elizabeth Shapiro from the Department of Justice.
22              THE COURT:  Yes.  Good morning, Ms. Shapiro.
23              Who is with you at counsel table?
24              MS. SHAPIRO:  Good morning.
25              Yes.  At counsel's table with me -- on this side
```

1   is James Burnham, Cristen Handley, Steven Meyers,
2   Serena Orloff, and James Gilligan, all colleagues from the
3   Department of Justice.
4           THE COURT:  Okay.  Well, thank you.
5           Mr. Letter, this is your petition so I will start
6   with you.
7           MR. LETTER:  Thank you, Your Honor.  And may it
8   please the Court.
9           As you know, we are here because the House is
10  seeking access to grand jury material that was redacted from
11  *The Mueller Report* or certain subjects that we have defined
12  for you is in the material that the Special Counsel,
13  Mr. Mueller, developed.
14          THE COURT:  Why don't we just begin so I can make
15  sure we're totally all clear about the scope of what the
16  House is seeking production of.
17          MR. LETTER:  Sure.
18          THE COURT:  Certainly, grand jury material is not
19  the only material redacted from *The Mueller Report*.  Also
20  redacted were -- was information that, in the Department's
21  view, could compromise sensitive sources and methods,
22  ongoing investigations, and the privacy and reputation of
23  third parties.
24          So the committee is not seeking production of any
25  of those three other categories of material; is that

1    correct?

2           MR. LETTER:  Not here, Your Honor.

3           We had -- we had worked out arrangements --

4    Attorney General Barr authorized disclosures to certain

5    members of Congress, the Speaker of the House, for example;

6    the judiciary committee had access to Volume II of the

7    report; the intelligence committee Volume I.  I had access

8    to both volumes.  So we have seen that redacted material.

9           The only thing that General Barr did not authorize

10   us to see was the grand jury material and that, therefore,

11   is within your authority.

12          THE COURT:  Okay.  And so it's fair to say that

13   the House Judiciary Committee if not as a whole, but certain

14   members of it, as well as HPSCI, have seen a lot more

15   information from *The Mueller Report* than the public has

16   seen, for example?

17          MR. LETTER:  That is correct, Your Honor, yes.

18   Again, the Attorney General determined to give a significant

19   percentage of Congress that access.

20          THE COURT:  All right. And the House Judiciary

21   Committee has raised no question as to the accuracy of any

22   of the redactions made for grand jury secrecy; is that

23   correct?

24          MR. LETTER:  That is correct.

25          I am just going to check that to make absolutely

1   the particularized need to say -- for them to see the grand
2   jury material to evaluate whether or not when that witness
3   was under oath in front of a grand jury with tough
4   prosecutors, that witness might have given them a more
5   accurate story, a more consistent story with the truth.
6             MS. SHAPIRO:  But they haven't pointed to --
7             THE COURT:  And so why isn't that generalized need
8   to avoid being misled enough of a particularized need here
9   for me to have to go no further?
10            MS. SHAPIRO:  Because I think the Supreme Court
11  has told us that a generalized need is not sufficiently
12  particularized.  They need to point to why they think that a
13  witness has lied or why they think they need a particular
14  person's testimony.  It can't just be that, We have had a
15  lot of people come before us and we want to double-check to
16  make sure they were all telling the truth -- which is
17  essentially the argument.
18            It needs to be particularized.  And they don't get
19  a pass on that because they're talking about impeachment
20  because they want to put themselves within the normal rubric
21  of a judicial proceeding.
22            THE COURT:  All right.
23            MS. SHAPIRO:  I also --
24            THE COURT:  Yes.
25            MS. SHAPIRO:  I just wanted to address, also, on

1    the particularized need point, the sort of secrecy protocol
2    that the House is touting as reassuring us; but it doesn't
3    because, as we have pointed out, there are ongoing matters.
4    This grand jury only recently concluded their work.  There
5    are spin-off matters, investigations, law enforcement
6    matters, and --
7              THE COURT:  Well, perhaps you can clarify because
8    *The Mueller Report* redactions for both 6(e) secrecy reasons,
9    as well as for ongoing investigations, I had, in some ways,
10   assumed that the -- if a redaction was for both 6(e) and
11   ongoing criminal investigations, there were no redactions
12   that had two reasons given.  For example, they just had one;
13   and that the ongoing criminal investigations sort of
14   prevailed.  And so -- is that right?
15             MS. SHAPIRO:  Well, I think that you are right in
16   that there was one justification --
17             THE COURT:  So let me put it another way.
18             All of the 6(e) redactions are redactions that but
19   for 6(e) would be disclosed, are not subject to the other
20   three categories of redacted information --
21             MS. SHAPIRO:  I can't say definitively.  Maybe --
22             THE COURT:  Can you check with somebody at your
23   table?
24             MS. SHAPIRO:  I don't think so.
25             THE COURT:  They were not involved in the

1     This is the position of the House.
2             I think -- you said you are going to issue an
3     order because I had a couple of questions --
4             THE COURT:  Yes.  I have made different requests
5     from the different parties -- and my very reliable law clerk
6     is collecting all of the different things that I have asked
7     for --
8             MR. LETTER:  Thank you.
9             THE COURT:  -- so we will be issuing a minute
10    order shortly that will lay out for all of you what I have
11    requested.
12            MR. LETTER:  And just one more moment.
13            (Whereupon, Mr. Little consults with colleagues.)
14            MR. LETTER:  Thank you for your patience, Your
15    Honor.
16            THE COURT:  Okay.  Thank you.  You are all
17    excused.
18            (Whereupon, the proceedings conclude, 12:17 p.m.)
19                       * * * * *
                         **CERTIFICATE**
20
21        I, ELIZABETH SAINT-LOTH, RPR, FCRR, do hereby
      certify that the foregoing constitutes a true and accurate
      transcript of my stenographic notes, and is a full, true,
22    and complete transcript of the proceedings to the best of my
      ability.
23
24       Dated this 9th day of October, 2019.

25       /s/ Elizabeth Saint-Loth, RPR, FCRR
         Official Court Reporter