**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Crim. No. 18-CR-32-2 (DLF)** |
| **CONCORD MANAGEMENT AND CONSULTING LLC,** | |
| | **FILED EX PARTE AND UNDER SEAL** |
| **Defendant.** | |

## GOVERNMENT'S MOTION TO SEAL AND TO PROCEED EX PARTE

The United States of America, by and through undersigned counsel, respectfully requests that the Court permit the government to file *ex parte* and under seal a notice regarding a superseding indictment as well as this motion. In support of its position, the government states as follows.

The Court has the inherent power to seal court filings when appropriate. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). Such sealing is within the discretion of the Court. *See Nixon*, 435 U.S. at 598 (common-law right to inspect and copy judicial records is not absolute, and the decision whether to permit access is best left to the sound discretion of the trial court in the light of the relevant facts and circumstances of the particular case).

While there is a "strong presumption in favor of public access to judicial proceedings," *Johnson v. Greater SE Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991), that presumption is not absolute. The D.C. Circuit has recognized that "a district court can ensure that [grand jury] secrecy is protected by provisions for sealed, or when necessary *ex parte*, filings." *In re Grand Jury Subpoena, Judith Miller*, 438 F.3d 1141, 1150 (quoting *In re Grand Jury*, 121 F.3d 729, 757 (D.C. Cir. 1997) (alteration in original)). "Indeed, the rule of grand jury

secrecy is so well established that we have noted that '[t]here is a plethora of authority recognizing that the grand jury context presents an unusual setting where privacy and secrecy are the norm.'" *Id.* (quoting *In re Sealed Case*, 199 F.3d 522, 526 (D.C. Cir. 2000)).  Here, the notice discusses the government's intention to open a matter in the grand jury for the purpose of seeking a superseding indictment in this case.  That is a "matter occurring before the grand jury" subject to the secrecy provisions of Federal Rule of Criminal Procedure 6(e).  Accordingly, filing the notice under seal and *ex parte* is appropriate under the authorities cited above.

Respectfully submitted,

JOHN C. DEMERS                                          JESSIE K. LIU
Assistant Attorney General for National Security        United States Attorney

By: /s/_____                             By: /s/_____
Heather N. Alpino                                       Jonathan Kravis
U.S. Department of Justice                              Luke Jones
National Security Division                              Kathryn Rakoczy
950 Pennsylvania Ave. NW                                555 Fourth Street NW
Washington, D.C. 20530                                  Washington, D.C. 20530
Telephone: (202) 514-2000                               Telephone: (202) 252-6886