FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CONCORD MANAGEMENT AND CONSULTING LLC,<br><br>Defendant. | Crim. No. 18-CR-32-2 (DLF)<br><br><br><br>**FILED EX PARTE AND UNDER SEAL** |

## GOVERNMENT'S MOTION TO SEAL

The United States of America, by and through undersigned counsel, respectfully requests that the Court permit the government to file under seal a notice regarding a superseding indictment as well as this motion. In support of its position, the government states as follows.

The Court has the inherent power to seal court filings when appropriate. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). Such sealing is within the discretion of the Court. *See Nixon*, 435 U.S. at 598 (common-law right to inspect and copy judicial records is not absolute, and the decision whether to permit access is best left to the sound discretion of the trial court in the light of the relevant facts and circumstances of the particular case).

While there is a "strong presumption in favor of public access to judicial proceedings," *Johnson v. Greater SE Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991), that presumption is not absolute. In *Hubbard*, the D.C. Circuit identified six factors "that might act to overcome this presumption." *United States v. Harris*, 204 F. Supp. 3d 10, 16 (D.D.C. 2016). They are: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the

1

possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Id.* (citation omitted).

Here, the *Hubbard* factors weigh in favor of sealing the notice and this motion. The notice states that the government is opening a matter in the grand jury for the purpose of seeking a superseding indictment. That information is a "matter occurring before the grand jury" subject to the secrecy provisions of Federal Rule of Criminal Procedure 6(e). For that reason, the *Hubbard* factors weigh in favor of sealing both filings.

Respectfully submitted,

JOHN C. DEMERS
Assistant Attorney General for National Security

By: /s/_____
Heather N. Alpino
U.S. Department of Justice
National Security Division
950 Pennsylvania Ave. NW
Washington, D.C. 20530
Telephone: (202) 514-2000

JESSIE K. LIU
United States Attorney

By: /s/_____
Jonathan Kravis
Luke Jones
Kathryn Rakoczy
555 Fourth Street NW
Washington, D.C. 20530
Telephone: (202) 252-6886