**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NUMBER: |
| v. | 1:18-cr-00032-2-DLF |
| CONCORD MANAGEMENT AND CONSULTING LLC | |
| Defendant. | |

**DEFENDANT CONCORD MANAGEMENT AND CONSULTING LLC'S MOTION TO DISCLOSE ALL *EX PARTE* COMMUNICATIONS BETWEEN THE COURT AND THE GOVERNMENT INCLUDING THE TRANSCRIPT OF SEALED *EX PARTE* HEARING OF OCTOBER 29, 2019, REGARDING THE GOVERNMENT'S INTENTION TO SEEK A SUPERSEDING INDICTMENT**

Defendant Concord Management and Consulting LLC ("Concord" or "Defendant"), through counsel, submits this Motion to Disclose *Ex Parte* Communications Regarding the Government's Intention to Seek a Superseding Indictment. In support, Concord states as follows:

On the afternoon of October 30, 2019, the government informed undersigned counsel that it intends to seek a superseding indictment. In this communication the government referred to having notified the Court of its intention. Since undersigned counsel was not aware of any such notification, he inquired of the government when and how this communication was made. The government responded that it notified the Court of its intention on Friday, October 25, 2019, and that because the filing referenced the grand jury, the filing was made *ex parte* and under seal. In response to undersigned counsel's request the government has provided two pleadings it filed *ex parte* and under seal regarding this issue. These pleading make it clear that the Court engaged in substantive communications without presence of counsel for Concord about details regarding the

1

proposed superseding indictment and the effect the superseding indictment could have on the current schedule and pending motions.

The seed was planted for the government's action by the Court over six weeks ago during a hearing where the Court expressed disagreement with the government about whether the indictment pled a theory of liability based on the restrictions on foreign nationals' election expenditures. And at that time the government stated in open court that it would not supersede the indictment. *See* Sept. 16, 2019 Hrg. Tr. at 15:12-16 ("THE COURT: And what if I do disagree? Is that the end of the matter? Does the government seek to supersede? MR. KRAVIS: Well, I mean, I'm not sure exactly what we could supersede with, because I think the language here is perfectly clear.").[1]

The government's delay of six weeks in notifying Concord of its intent to supersede has caused actual harm. Specifically, during that time Concord expended significant resources to fully brief a Motion for Disclosure of Grand Jury Instructions (ECF 217); a Renewed Motion to Dismiss Count One of the Indictment (ECF 210); and a Motion to Strike Surplusage (ECF 208) that now could become moot or require additional briefing. To assess its potential options and remedies Concord is entitled to disclosure of the entirety of the *ex parte* communications between the government and the Court relating to the issue of superseding the indictment. There was no legal basis for these communications to be sealed, and the government knows that in that they have twice discussed the exact same issue in open court.

As is perfectly clear, "courts routinely express their disfavor with *ex parte* proceedings and permit such proceedings only in the rarest of circumstances." *United States v. Libby*, 429 F. Supp.

---

[1] This was the second time the government stated it would not seek a superseding indictment. *See* Mar. 7, 2019 Hrg. Tr. at 9:25-10:2 ("THE COURT: All right. Does the government anticipate filing a superseding indictment in this case? MR. KRAVIS: No, Your Honor.").

2d 18, 21 (D.D.C. 2006) (citing *United States v. Rezaq*, 899 F. Supp. 697, 707 (D.D.C. 1995)). "*Ex parte* communications between a district court and the prosecution in a criminal case are greatly discouraged, and should only be permitted in the rarest of circumstances." *Rezaq*, 899 F. Supp. at 707. Indeed, "'[e]x parte proceedings, particularly in criminal cases, are contrary to the most basic concepts of American justice and should not be permitted except possibly in the most extraordinary cases involving national security.'" *Id.* (quoting *United States v. Presser*, 828 F.2d 330, 335 (6th Cir. 1987)).

In furtherance of this fundamental principle, the D.C. Circuit has limited the use of *ex parte* proceedings to only three "tightly contained" exceptions—none of which apply here: (1) where a party seeks to prevent use of materials in litigation; (2) when the government has properly invoked a privilege, *e.g.* state secrets; or (3) when a statute expressly provides for such proceedings. *See Abourezk v. Reagan*, 785 F.2d 1043, 1061 (D.C. Cir. 1986). Where an *ex parte* filing by the government fails to meet any of these three requirements, and where the "government's need for confidentiality [does not] outweigh the strong presumption against *ex parte* submissions," this Court may order that the government disclose such filings. *See Chekkouri v. Obama*, 158 F. Supp. 3d 4, 6 (D.D.C. 2016) (granting defendant's motion to disclose *ex parte* submission by the government).

While Fed. R. Crim. P. 6(e) provides for secrecy surrounding "a matter occurring before the grand jury," the D.C. Circuit has recognized that such secrecy is "not unyielding[.]" *In re Grand Jury Subpoena, Judith Miller*, 438 F.3d 1138, 1140 (D.C. Cir. 2006). Such secrecy relates to "the identities of witnesses or jurors, the substance of testimony as well as actual transcripts, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like." *In re Dow Jones & Co., Inc.*, 142 F.3d 496, 500 (D.C. Cir. 1998) (internal quotation marks omitted).

Here, the defect in the original indictment that the government now seeks to correct was litigated in open court, and the government also discussed in open court why it originally thought it would not seek to supersede the indictment. As such there was no basis whatsoever for *ex parte* and under seal communications between the Court and the government.

Even the DOJ's own regulations recognize that there is "a strong presumption against closing proceedings or portions thereof," and that DOJ "foresees very few cases in which closure would be warranted." 28 C.F.R. § 50.9. Pursuant to that "strong presumption" the DOJ regulations instruct government attorneys of their "overriding affirmative duty" to oppose closure whenever possible. *Id.* That instruction—and the "societal interest in open proceedings" on which it is based—applies to all aspects of federal criminal proceedings. *See also* Department of Justice, *Justice Manual* § 9-5.150 (2018) ("Only when a closed proceeding is plainly essential to the interests of justice should a Government attorney seek authorization from the Deputy Attorney General to move for or consent to closure of a judicial proceeding.").

For the reasons set forth above, Defendant Concord Management and Consulting LLC respectfully requests that the Court disclose all *ex parte* communications related to the government's proposed superseding indictment, including the transcript of the sealed *ex parte* hearing of October 29, 2019.

Dated:  October 31, 2019                                   Respectfully submitted,

                                                                      CONCORD MANAGEMENT AND
                                                                       CONSULTING LLC

                                                                       By Counsel

                        /s/*Eric A. Dubelier*
Eric A. Dubelier
Katherine Seikaly
Reed Smith LLP
1301 K Street, N.W.
Suite 1000 – East Tower
Washington, D.C. 20005
202-414-9200 (phone)
202-414-9299 (fax)
edubelier@reedsmith.com
kseikaly@reedsmith.com