**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NUMBER: |
| v. | 1:18-cr-00032-2-DLF |
| CONCORD MANAGEMENT AND CONSULTING LLC, | |
| Defendant. | |

**DEFENDANT CONCORD MANAGEMENT AND CONSULTING LLC'S MOTION TO
COMPEL DISCOVERY**

Pursuant to Fed. R. Crim. P. 16, Defendant Concord Management and Consulting LLC ("Defendant" or "Concord"), by and through undersigned counsel, respectfully submits this Motion to Compel disclosure of the Department of the Treasury, Office of Foreign Assets Control ("OFAC") Designation and Blocking Memoranda, Evidentiary Memoranda, and any exhibits referenced therein related to Concord, Concord Catering, and Yevgeniy Prigozhin (collectively, "Defendants"). Concord first requested these documents from the government on June 5, 2019. The response from the government was unintelligible.

Accordingly, Concord respectfully moves the Court to compel the government to produce these documents.

**I.    BACKGROUND**

The Indictment alleges that Defendants committed fraud on the United States for the purpose of interfering in the 2016 U.S. presidential election. Indictment, ECF No. 1, ¶¶ 3-7.

Prior to the Indictment, on December 20, 2016, OFAC sanctioned co-defendant Mr. Prigozhin pursuant to Executive Order 13661, related to Russia's alleged activity in Ukraine ("the Ukraine Sanctions"). *See* Press Release, Department of the Treasury, Treasury Sanctions Individuals and Entities In Connection with Russia's Occupation of Crimea and the Conflict in

Ukraine (Dec. 20, 2016), https://www.treasury.gov/press-center/press-releases/Pages/jl0688.aspx.
On June 20, 2017, OFAC sanctioned Concord and "Concord Catering"[1] under the same Executive
Order "for being owned and controlled by" Mr. Prigozhin.  *See* Press Release, Department of the
Treasury, Treasury Designates Individuals and Entities Involved in the Ongoing Conflict in
Ukraine        (June        20,        2017),        https://www.treasury.gov/press-center/press-
releases/Pages/sm0114.aspx.

> Following the Indictment, on March 15, 2018, OFAC sanctioned Mr. Prigozhin and
Concord (as well as all of the other defendants in this case) pursuant to Executive Order 13964,
based on the allegations in the Indictment ("the Cyber-related Sanctions").  *See* Press Release,
Department of the Treasury, Treasury Sanctions Russian Cyber Actors for Interference with 2016
U.S.      Elections      and      Malicious      Cyber-Attacks      (Mar.      15,      2018),
https://home.treasury.gov/news/press-releases/sm0312.    The  press  release  announcing  these
sanctions specifically referred to the Indictment and declared as fact that Mr. Prigozhin and
Concord provided material assistance to co-defendant Internet Research Agency.  *Id*.

> Throughout this litigation, the government has repeatedly referred to these sanctions.  First,
in June 2018 the government raised both sets of sanctions in its Motion for a Protective Order.
ECF No. 24 at 8 n.5.  Next, on July 16, 2018, the government again raised the Ukraine Sanctions
in its brief opposing Concord's motion to dismiss.  ECF No. 47 at 8.  On August 15, 2018, the
government referred to the Ukraine Sanctions for yet a third time in its opposition to Concord's
second motion to dismiss.  ECF No. 56 at 2 n.2.  As a result of the government's repeated
references to the sanctions against Defendants, the Court specifically questioned undersigned

---

[1] As undersigned counsel has previously informed the Court, during the time of the allegations in
the Indictment, no legal entity known as "Concord Catering" existed.  *See* May 9, 2018 Hr'g Tr.
4:10-20.  Nevertheless, because the government associates this non-existent entity with Concord
and Mr. Prigozhin, Concord is requesting OFAC documents related to Concord Catering.

counsel about this issue.  *See* June 14, 2019 Hr'g Tr. 33:19-24 ("Let me cite to you, the motion to dismiss had a footnote in this case stating that Prighozin and both Concord entities charged in the indictment were at that time under sanctions by the U.S. Department of Treasury for their involvement in the Russian government's activities in Ukraine.").

On June 5, 2019, Concord requested all documents that would support OFAC's designation of Defendants as Specially Designated Nationals ("SDNs"), including "any and all Designation and Blocking Memoranda, Evidentiary Memoranda, and related materials, including exhibits referenced therein, prepared by [OFAC] related to [Concord], Concord Catering, and Yevgeniy Prigozhin in connection with their designation under any Executive Order as [SDNs]."  Ex. 1, June 5, 2019 Letter.[2]

The requested documents are typically prepared to support the designation of an individual or entity as an SDN, and include an evidentiary memorandum that explains the reasons for the designation.  Similar documents for other individuals have been disclosed and publicly filed in other litigation.  *See, e.g., Deripaska v. Mnuchin*, 19-cv-727-APM (D.D.C. May 28, 2019), ECF No. 6 (in civil action challenging individual's designation under the Ukraine Sanctions, Department of Justice filed administrative record, including Designation and Blocking Memoranda, Evidentiary Memoranda, and related documents); *Joumaa v. Mnuchin*, 17-cv-2780-TJK (D.D.C. Dec. 27, 2017), ECF No. 6 (in civil action challenging individual's designation under sanctions related to international narcotics trafficking, Department of Justice provided in discovery administrative record including redacted evidentiary memorandum and exhibits thereto);

---

[2]  On June 3, 2019, Reed Smith submitted a Freedom of Information Act ("FOIA") Request to OFAC concerning all documents related to the agency's designation of Defendants as SDNs under both sanction programs.  To date, Reed Smith has not received any documents pursuant to this FOIA request and, as of October 31, 2019, OFAC informed Reed Smith that there are 192 open cases pending in front of Reed Smith's request.

*Chichakli v. Szubin*, 06-cv-1546 (N.D. Tex. Dec. 8, 2006), ECF No. 14 (same for sanctions related to importation of certain goods from Liberia).[3]   Concord is seeking only the Designation and Blocking Memoranda, Evidentiary Memoranda, and any exhibits referenced therein. *See United States v. Tajideen*, 17-cr-46-RBW (D.D.C. Jan. 19, 2018), ECF No. 63 at 4-5 (in criminal case charging violation of International Emergency Economic Powers Act, money laundering, and related 371 conspiracy, the government acknowledged providing in discovery unclassified, non-privileged portions of OFAC files supporting the defendant's sanctions designation but not the entire administrative record for the purpose of undermining an administrative determination).

On June 17, 2019, the government responded via email that it received Concord's June 5 letter and would inquire with the Treasury Department about these materials and respond. Ex. 2, June 17, 2019 Email.

On August 26, 2019, undersigned counsel sent another discovery request to the government, and as part of that request inquired about the status of the production of documents requested in the June 5 letter. Ex. 3, Aug. 26, 2019 Email.  The government never responded to the August 26 request, but on August 30, 2019, it filed a notice regarding the status of discovery, representing to the Court that it would respond to Concord's pending discovery requests "promptly."  *See* ECF 193-2 at 1-2 (filed under seal).  Undersigned counsel followed up again on September 17, 2019.  Ex. 4, Sept. 17, 2019 Email.

Finally, on September 19, 2019, the government sent a letter to undersigned counsel  stating that it had "reviewed materials in the possession of [OFAC] related to [Defendants]" and that "[c]onsistent with its discovery obligations, the trial team is producing all discoverable materials

---

[3] The documents released in these civil cases contain redactions, presumably to protect classified or other information.  To the extent there is classified information contained in the requested documents, at this stage Concord is seeking only unclassified information and assumes that classified information will be addressed the government's CIPA filing, due on January 10, 2020.

of which it is aware to the defense." Ex. 5, Sept. 19, 2019 Letter.  Because the government did

not make a production or reference any forthcoming production, undersigned counsel requested

clarification as to whether and when the requested documents would be produced.  Ex. 6, Sept. 20,

2019 Email.  The government responded by stating that "[t]here is no separate production coming

to you in response to your letter.  Rather, by the discovery deadline, the trial team will provide you

with all discoverable materials of which it is aware, including discoverable materials from the

sources referenced in your letter, if there are any such materials." *Id.*   On October 18, 2019,

discovery closed and the government did not produce any documents related to Defendants'

designation as SDNs.  The government has not provided any explanation as to why it apparently

believes the requested documents are not discoverable in this case.

## II.   LAW  &  ARGUMENT

Fed. R. Crim. P. 16 requires the government to disclose upon the defendant's request

documents and objects that are (1) "within the government's possession, custody, or control" and

(2) "material to preparing the defense."  *See* Fed. R. Crim. P. 16(a)(1)(E)(i).   "The language and

the spirit of the Rule are designed to provide to a criminal defendant, in the interest of fairness, the

widest possible opportunity to inspect and receive such materials in the possession of the

government as may aid him in presenting his side of the case."  *United States v. Libby*, 429 F.

Supp. 2d 1, 5 (D.D.C. 2006) (quoting *United States v. Poindexter*, 727 F. Supp. 1470, 1473 (D.D.C.

1989)).

As to the first prong of the test, courts have been primarily concerned with the fairness to

the defendant and the government's ease of access to the documents sought rather than with

whether the documents are actually within the physical possession of the prosecutor.  *Id.* at 5-6.

When determining whether the government has possession, custody, and control of documents,

the District of Columbia Circuit has found that documents maintained by other components of the

government which are "closely aligned with the prosecution" must be produced. *Id.* at 6 (quoting *United States v. Brooks*, 966 F.2d 1500, 1503 (D.C. Cir. 1993)).   As noted in *Brooks*, the "bureaucratic boundary [between agencies is] too weak to limit the duty" to disclose. *Id.*

With respect to the second prong, a court must determine whether the requested documents are "material to preparing the defense."   In the context of Rule 16, the defendant's "defense" means "the defendant's response to the Government's case in chief," and requires courts to refer to the indictment when determining what is material, "as the indictment delineates the evidence to which the defendant's case must respond."   *Id.* (internal citations omitted).   Courts have found that "evidence is material 'as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal.'"   *United States v. Slough*, 22 F. Supp. 3d 1, 4 (D.D.C. 2014) (quoting *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1983)).   It does not matter whether such evidence is inculpatory or exculpatory so as to ensure that the defendant is aware of both the "potential pitfalls" and the strengths of his defense strategy. *Libby*, 429 F. Supp. 2d at 8 (quoting *United States v. Marshall*, 132 F.3d 63, 67 (D.C. Cir. 2998)).   Although materiality "is not a heavy burden," the evidence must bear "more than 'some abstract logical relationship to the issues in the case.'"   *Slough*, 22 F. Supp. 3d at 4 (internal citations omitted).

Given that the government referenced Defendants' designation as SDNs under the Ukraine Sanctions three separate times, and that the Cyber-related Sanctions are based entirely on the allegations in the Indictment, Concord sought the documents that OFAC compiled to support Defendants' designation as SDNs.   Based on the reasons that follow, the Court should grant Defendants' motion to compel because these documents are within the government's possession, custody, or control and are material to the defense.

### A. The Documents from OFAC are in the Government's Possession, Custody, or Control

There is no real dispute that the documents from OFAC related to Defendants' designation as SDNs are in the government's possession, custody, or control.  In its September 19, 2019 letter, the government acknowledged that the trial team reviewed the requested materials.

### B. The Documents from OFAC are Material to Concord's Defense

The requested documents from OFAC related to Defendants' designation as SDNs are material to Concord's defense.  The designation under the Cyber-related Sanctions is predicated on the conduct alleged in the Indictment and the press release announcing that designation specifically refers to the Indictment.  As to the Ukraine Sanctions, the government has referred to these designations on three separate occasions and the Court even questioned undersigned counsel about them.  Clearly the government itself believes that the Ukraine Sanctions are somehow relevant to the underlying criminal charge.  As such, the requested documents satisfy the materiality standard and represent more than just an "abstract logical relationship to the issues in the case."  *See Slough*, 22 F. Supp. 3d at 4.

### III.    CONCLUSION

Under Fed. R. Crim. P. 16, the government is required to produce documents from OFAC related to Defendants' designation as SDNs to Concord because they are (1) within the possession, custody, or control of the government and (2) are material to Concord's defense.  Accordingly, Concord respectfully requests that the Court should compel the government to produce those documents within seven days.

Dated:  November 5, 2019

Respectfully submitted,

CONCORD MANAGEMENT AND
CONSULTING LLC

By Counsel

/s/*Eric A. Dubelier*
Eric A. Dubelier (D.C. Bar No. 419412)
Katherine Seikaly (D.C. Bar No. 498641)
Reed Smith LLP
1301 K Street, N.W.
Suite 1000 – East Tower
Washington, D.C. 20005
202-414-9200 (phone)
202-414-9299 (fax)
edubelier@reedsmith.com
kseikaly@reedsmith.com

# Exhibit 1

To Defendant Concord Management
and Consulting LLC's Motion to
Compel Discovery



**Eric A. Dubelier**
Direct Phone:  +1 202 414 9291
Email:  edubelier@reedsmith.com

Reed Smith LLP
7900 Tysons One Place
Suite 500
McLean, VA 22102-5979
Tel +1 703 641 4200
Fax +1 703 641 4340
reedsmith.com

June 5, 2019

**Via Electronic Mail**

Jonathan Kravis
United States Attorney's Office
555 Fourth Street NW
Washington, DC  20530

**Re:**   _**United States v. Concord Management and Consulting LLC, 1:18-cr-00032-DLF**_

Dear Mr. Kravis:

This letter constitutes a supplemental discovery request on behalf of our client Concord Management and Consulting LLC ("Concord").

Please produce any and all Designation and Blocking Memoranda, Evidentiary Memoranda, and related materials, including exhibits referenced therein, prepared by the Department of the Treasury, Office of Foreign Assets Control related to Concord Management and Consulting LLC, Concord Catering, and Yevgeniy Prigozhin in connection with their designation under any Executive Order as Specially Designated Nationals.

As you are aware, the government repeatedly has noted the Defendants' designations in its filings in this matter.  _See, e.g.,_ Government's Motion for a Protective Order (ECF No. 24) at 8 n.5; Government's Opposition to Defendant's Motion to Dismiss (ECF No. 47) at 8; Government's Opposition to Defendant's Motion to Dismiss (ECF No. 56) at 2.  These types of documents have been disclosed in other litigation.  _See, e.g., Deripaska v. Mnuchin,_ 19-cv-272 (D.D.C. May 28,2019), ECF No. 6 (filing administrative record including Designation and Blocking Memoranda, Evidentiary Memoranda, and related documents); _Chichakli v. Szubin,_ 06-cv-1546 (N.D. Tex. Dec. 8, 2006), ECF No. 14 (same).  Further, these documents are subject to disclosure pursuant to FOIA.  _See_ 5 U.S.C. § 552(a)(2)(A).

We ask that you produce the requested information on or before Wednesday, June 19, 2019, if we do not hear from you by that date, we intend to file a motion to compel these materials.

Very truly yours,

Eric A. Dubelier

ABU DHABI ♦ ATHENS ♦ BEIJING ♦ CENTURY CITY ♦ CHICAGO ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG ♦ HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH
NEW YORK ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

EME_ACTIVE-572340444.1

# Exhibit 2

To Defendant Concord Management
and Consulting LLC's Motion to
Compel Discovery

| | |
|---|---|
| **From:** | Kravis, Jonathan (USADC) <Jonathan.Kravis3@usdoj.gov> |
| **Sent:** | Monday, June 17, 2019 8:42 AM |
| **To:** | Seikaly, Kate J; Curtis, Deborah (USADC); Rakoczy, Kathryn (USADC); Alpino, Heather (NSD) (JMD) |
| **Cc:** | Dubelier, Eric A. |
| **Subject:** | RE: Concord Discovery Request |

<mark>EXTERNAL E-MAIL</mark>

Kate,

We received your letter. We will inquire with the Treasury Department about these materials and get back to you.

Thanks,
Jonathan

Jonathan Kravis
Deputy Chief, Fraud and Public Corruption Section
U.S. Attorney's Office for the District of Columbia
202-252-6886

---

**From:** Seikaly, Kate J
**Sent:** Wednesday, June 5, 2019 4:56 PM
**To:** Kravis, Jonathan (USADC) ; Curtis, Deborah (USADC) ; Rakoczy, Kathryn (USADC) ; Alpino, Heather (NSD) (JMD)
**Cc:** Dubelier, Eric A.
**Subject:** Concord Discovery Request

Counsel,

Please see the attached letter.

Thank you,
Kate

**Kate Seikaly**
703.641.4231
kseikaly@reedsmith.com

Reed Smith LLP
7900 Tysons One Place
Suite 500
McLean, VA 22102-5979
+1 703 641 4200
Fax +1 703 641 4340

* * *

1

# Exhibit 3

To Defendant Concord Management
and Consulting LLC's Motion to
Compel Discovery

| | |
|---|---|
| **From:** | Seikaly, Kate J |
| **Sent:** | Monday, August 26, 2019 4:13 PM |
| **To:** | Kravis, Jonathan (USADC); Curtis, Deborah (USADC); Rakoczy, Kathryn (USADC); Alpino, Heather (NSD) (JMD) |
| **Cc:** | Dubelier, Eric A. |
| **Subject:** | RE: Concord Discovery Request |
| **Attachments:** | August 26 Discovery Request.PDF |

Hi Jonathan,

Please see the attached discovery request. Also, can you please let me know the status of your response to our June 5 discovery request?

Thanks,
Kate

**From:** Kravis, Jonathan (USADC)
**Sent:** Monday, June 17, 2019 8:42 AM
**To:** Seikaly, Kate J ; Curtis, Deborah (USADC) ; Rakoczy, Kathryn (USADC) ; Alpino, Heather (NSD) (JMD)
**Cc:** Dubelier, Eric A.
**Subject:** RE: Concord Discovery Request

<mark>EXTERNAL E-MAIL</mark>

Kate,

We received your letter. We will inquire with the Treasury Department about these materials and get back to you.

Thanks,
Jonathan

Jonathan Kravis
Deputy Chief, Fraud and Public Corruption Section
U.S. Attorney's Office for the District of Columbia
202-252-6886

**From:** Seikaly, Kate J <KSeikaly@ReedSmith.com>
**Sent:** Wednesday, June 5, 2019 4:56 PM
**To:** Kravis, Jonathan (USADC) <JKravis1@usa.doj.gov>; Curtis, Deborah (USADC) <DCURTIS4@usa.doj.gov>; Rakoczy, Kathryn (USADC) <KRakoczy2@usa.doj.gov>; Alpino, Heather (NSD) (JMD) <Heather.Alpino@usdoj.gov>
**Cc:** Dubelier, Eric A. <EDubelier@ReedSmith.com>
**Subject:** Concord Discovery Request

Counsel,

Please see the attached letter.

Thank you,
Kate

**Kate Seikaly**
703.641.4231
kseikaly@reedsmith.com

Reed Smith LLP
7900 Tysons One Place
Suite 500
McLean, VA 22102-5979
+1 703 641 4200
Fax +1 703 641 4340

* * *

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01

# Exhibit 4

To Defendant Concord Management
and Consulting LLC's Motion to
Compel Discovery

| | |
|---|---|
| **From:** | Seikaly, Kate J |
| **Sent:** | Tuesday, September 17, 2019 11:29 AM |
| **To:** | Kravis, Jonathan (USADC) (Jonathan.Kravis3@usdoj.gov); Rakoczy, Kathryn (USADC); Curtis, Deborah (USADC); Kravis, Jonathan (USADC) (Jonathan.Kravis3@usdoj.gov); Alpino, Heather (NSD) |
| **Cc:** | Dubelier, Eric A. |
| **Subject:** | Concord Request |
| **Attachments:** | Concord Brady Request Sept. 17, 2019.PDF |
| | |
| **Follow Up Flag:** | Follow up |
| **Due By:** | Friday, September 27, 2019 2:30 PM |
| **Flag Status:** | Flagged |

Counsel,

Please see the attached letter.

Also, please let me know when we can expect to receive a response to our June 5, 2019 and August 26, 2019 discovery requests.  In your August 30, 2019 court filing you stated that you would be responding to those requests "promptly."

Thanks,
Kate


**Kate Seikaly**
703.641.4231
kseikaly@reedsmith.com

Reed Smith LLP
7900 Tysons One Place
Suite 500
McLean, VA  22102-5979
+1 703 641 4200
Fax +1 703 641 4340

# Exhibit 5

To Defendant Concord Management
and Consulting LLC's Motion to
Compel Discovery



U.S. Department of Justice

Jessie K. Liu
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C.  20530*

September 19, 2019

Eric Dubelier, Esq.
Katherine Seikaly, Esq.
Counsel for Concord Management and Consulting, LLC

> Re:   *United States v. Concord Management and Consulting, LLC*, No. 18-CR-32-2

Dear Counsel:

We write to respond to your letter dated June 5, 2019.

The trial team has reviewed materials in the possession of the Treasury Department's Office of Foreign Assets Control related to Concord Management and Consulting LLC, Concord Catering, and Yevgeniy Prigozhin.  Consistent with its discovery obligations, the trial team is producing all discoverable materials of which it is aware to the defense.

Please do not hesitate to contact us if you have any questions about this information.

Sincerely,

/s/ Jonathan Kravis
Jonathan Kravis
Katherine Rakoczy
Luke Jones
Assistant United States Attorneys
U.S. Attorney's Office for the District of Columbia

Heather Alpino
Trial Attorney
National Security Division
U.S. Department of Justice

1

# Exhibit 6

To Defendant Concord Management
and Consulting LLC's Motion to
Compel Discovery

| | |
|---|---|
| **From:** | Kravis, Jonathan (USADC) <Jonathan.Kravis3@usdoj.gov> |
| **Sent:** | Friday, September 20, 2019 9:38 AM |
| **To:** | Dubelier, Eric A.; Seikaly, Kate J; Curtis, Deborah (USADC); Rakoczy, Kathryn (USADC); Alpino, Heather (NSD) |
| **Subject:** | RE: Concord Discovery Request |

<mark>EXTERNAL E-MAIL</mark>

There is no separate production coming to you in response to your letter.  Rather, by the discovery deadline, the trial team will provide you with all discoverable materials of which it is aware, including discoverable materials from the sources referenced in your letter, if there are any such materials.

Thanks,
Jonathan

Jonathan Kravis
Deputy Chief, Fraud and Public Corruption Section
U.S. Attorney's Office for the District of Columbia
202-252-6886

---

**From:** Dubelier, Eric A. <EDubelier@ReedSmith.com>
**Sent:** Friday, September 20, 2019 9:00 AM
**To:** Kravis, Jonathan (USADC) <JKravis1@usa.doj.gov>; Seikaly, Kate J <KSeikaly@ReedSmith.com>; Curtis, Deborah (USADC) <DCURTIS4@usa.doj.gov>; Rakoczy, Kathryn (USADC) <KRakoczy2@usa.doj.gov>; Alpino, Heather (NSD) <halpino@jmd.usdoj.gov>
**Subject:** RE: Concord Discovery Request

Jonathan:

What does this mean?  There are no enclosures and no reference to a subsequent production?  Thanks

**Eric A. Dubelier**
202-414-9291
edubelier@reedsmith.com

Reed Smith LLP

1301 K Street, N.W.
Suite 1100 - East Tower
Washington, D.C. 20005
202-414-9200
Fax 202-414-9299

---

**From:** Kravis, Jonathan (USADC) <Jonathan.Kravis3@usdoj.gov>
**Sent:** Thursday, September 19, 2019 5:00 PM
**To:** Seikaly, Kate J <KSeikaly@ReedSmith.com>; Curtis, Deborah (USADC) <Deborah.Curtis@usdoj.gov>; Rakoczy, Kathryn (USADC) <Kathryn.Rakoczy@usdoj.gov>; Alpino, Heather (NSD) <Heather.Alpino@usdoj.gov>
**Cc:** Dubelier, Eric A. <EDubelier@ReedSmith.com>
**Subject:** RE: Concord Discovery Request

<mark>EXTERNAL E-MAIL</mark>

Dear counsel:

Please see attached.

Thanks,
Jonathan

Jonathan Kravis
Deputy Chief, Fraud and Public Corruption Section
U.S. Attorney's Office for the District of Columbia
202-252-6886

---

**From:** Seikaly, Kate J <KSeikaly@ReedSmith.com>
**Sent:** Wednesday, June 5, 2019 4:56 PM
**To:** Kravis, Jonathan (USADC) <JKravis1@usa.doj.gov>; Curtis, Deborah (USADC) <DCURTIS4@usa.doj.gov>; Rakoczy, Kathryn (USADC) <KRakoczy2@usa.doj.gov>; Alpino, Heather (NSD) (JMD) <Heather.Alpino@usdoj.gov>
**Cc:** Dubelier, Eric A. <EDubelier@ReedSmith.com>
**Subject:** Concord Discovery Request

Counsel,

Please see the attached letter.

Thank you,
Kate


**Kate Seikaly**
703.641.4231
kseikaly@reedsmith.com

Reed Smith LLP
7900 Tysons One Place
Suite 500
McLean, VA  22102-5979
+1 703 641 4200
Fax +1 703 641 4340


* * *

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NUMBER: |
| Plaintiff, | 1:18-cr-00032-2-DLF |
| v. | |
| CONCORD MANAGEMENT AND CONSULTING LLC, | |
| Defendant. | |

## PROPOSED ORDER

Upon consideration of Defendant Concord Management and Consulting LLC's Motion to Compel Discovery, it is hereby **ORDERED** that the motion is **GRANTED**.  The government shall produce the requested documents to defense counsel within seven days.

SO ORDERED.


Dated: _____          _____

Dabney L. Friedrich
United States District Judge