**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NUMBER: |
| v. | 1:18-cr-00032-2-DLF |
| CONCORD MANAGEMENT AND CONSULTING LLC, | |
| Defendant. | |

**REPLY IN SUPPORT OF DEFENDANT CONCORD MANAGEMENT
AND CONSULTING LLC'S MOTION FOR DISCLOSURE OF
GRAND JURY INSTRUCTIONS[1]**

## I.    Preliminary Statement

In its motion seeking disclosure of the legal instructions given to the grand jury, Concord

made a careful, well-supported request staked to the fundamental protections afforded by the

Fifth and Sixth Amendments and on-point precedents.  Its request is driven by the indisputable

fact that the government's charges against Concord have shifted and evolved to the point where

they now encompass allegations that go beyond even the most generous reading of the

Indictment.  Concord's cited cases, in turn, evoke a particularized need for disclosing the grand

jury instructions where there is reason to suspect a disparity between what the grand jury was

told and what a criminal case has become, just as the record reflects here.  Finally, Concord took

pains to note why the timing of its limited request for the legal instructions would not jeopardize

---

[1]    After twice advising the Court that it did not intend to supersede the Indictment, the government waited until after Concord's renewed motion to dismiss was fully briefed and this instant motion was filed to do an about-face and proclaim that it now intends to supersede the indictment before November 15, 2019.  *Infra* at 7 & n.3.  So while massive time and effort may have been wasted, the current Indictment remains the operative indictment until it is actually superseded by the grand jury and dismissed by the government.  As such, Concord files this Reply.

the rationales supporting grand jury secrecy, so the interests of justice called for disclosure in this case.

The government's response?  It does not take any of this seriously.  It does not specifically address the factual or legal support for Concord's motion, does not attempt to defend, expressly or implicitly, the instructions given, and does not explain how it is that the rationales supporting grand jury secrecy would be compromised by disclosure of the instructions. Instead, it asserts that no particularized need has been shown because the government's charges have remained consistent and, even if they have not, Concord can make its arguments against a professed constructive amendment of the charge at trial.  But the first rationale is not true, as Concord's motion shows, and the latter is irrelevant.  The government does not dispute—because it cannot—that if the legal instructions reveal the inconsistencies the record reflects, this prosecution must end, now, for the reasons Concord has advanced.

In the end, Concord's arguments favoring disclosure effectively are unrebutted, the reasons for disclosure here do reach constitutional dimensions, and the need to maintain secrecy is absent or inconsequential.  Disclosure of the legal instructions to the grand jury therefore is compelled "'to avoid a possible injustice'" in this unprecedented criminal proceeding.  *In re Application of the Committee on the Judiciary, U.S. House of Representatives, for an Order Authorizing the Release of Certain Grand Jury Materials*, No. 19-48 (BAH), 2019 WL 5485221, at *33 (D.D.C. Oct. 25, 2019) (Howell, C.J.) (quoting *In re Sealed Case*, 801 F.2d 1379, 1381 (D.C. Cir. 1986) (Scalia, J., joined by Mikva & Bork, JJ.)) (other citation omitted).  The motion should be granted.

## II.     Argument

### A.     The Premises Of Concord's Particularized Showing Of Need For The Grand Jury Instructions Are Unrebutted.

In the face of Concord's particularized showing supporting disclosure of the grand jury instructions, ECF 217 at 13–19, the government offers up deflection.  And it seemingly banks on the long-repudiated notion that "the invocation of grand jury interests is [] 'some talisman that dissolves all constitutional protections'" of criminal defendants.  *Butterworth v. Smith*, 494 U.S. 624, 630–31 (1990) (quoting *United States v. Dionisio*, 410 U.S. 1, 11 (1973)).  But there is no such talisman and secrecy concerns must yield when the interests of justice compel it.  Concord has made that showing without any substantive rebuttal from the government.

For example, the government says nothing about the need for the instructions given the avowed risk that Concord was charged for lawful conduct.  ECF 217 at 13–15.  It also ignores the direct relevance of the instructions in determining whether the prosecution—yet again— acted arbitrarily by belatedly asserting a new theory of culpability (under FARA) that was not presented to the grand jury, *id.* at 16, as well as the prospect that the prosecution's legal instructions—based on its track record—would reinforce just how arbitrary this prosecution is, *id.* at 19.  And with the exception of the *mens rea* cases that form the basis of one of Concord's arguments for disclosure (*Rehaif v. United States*, 139 S. Ct. 2191 (2019) and *United States v. Burden*, 938 F.3d 675 (D.C. Cir. 2019); *see* ECF 217 at 17–19), the government doesn't mention *39 of the 40* cases Concord cited in its motion to support its substantive arguments, much less argue why they don't support Concord's motion.[2]

---

[2]     The one exception is *United States v. Procter & Gamble Co.*, 356 U.S. 677 (1958), which the government (and Concord) cite for the same general principle of grand-jury secrecy and the same general standard for resolving requests for disclosure of grand jury materials.  *See* Gov't Opp. at 1, 6–7; ECF 217 at 11.

The pattern of evasiveness continues with the government's new FARA theory—one of the focal points of Concord's motion.  ECF 217 at 2–3, 6–10, 13–17.  The theory is, in fact, brand new and the government points to not a scintilla of support for it anywhere in the record or the Indictment.  Rather, the government appears to blame the Court's order on Concord's supplemental motion for a bill of particulars for the government's having to concoct and divulge its new FARA theory.  Gov't Opp. (ECF 224) at 5–6.  In any case, the facts are uncontroverted— the government's FARA theory is new and it has no basis in the Indictment.

The avoidance strategy continues with the government's insistence that its new FARA theory provides no grounds for revealing the grand jury instructions because the instructions are not necessary to support dismissal of the Indictment on the ground that the new theory has no basis in the indictment.  Gov't Opp. at 8–9.  But this misses the point.  Plainly, the instructions could substantiate the grand jury's affirmative refusal to charge the government's new FARA theory or the prosecution's failure to disclose or some inconsistency relative to what the prosecution said the law might be.  ECF 217 at 13–19.  The government concedes as much but dismisses the concerns as not showing a particularized need.  But how is that so?  Any of these alternatives is material to Concord's assertions of arbitrary prosecution.  *Id.* at 16, 19.  The instructions thus could be crucial to a dismissal motion given the new FARA theory—and they are, at a minimum, "'needed to avoid a *possible injustice* in'" this case, which is all the law of this Circuit requires.  *In re Application of the Committee on the Judiciary*, 2019 WL 5485221, at *33 (citations omitted) (emphasis added).

The avoidance strategy culminates with the government's bare (and repetitious) claim that Concord's additional arguments have been litigated, or are being litigated, in connection with other motions, and that the government has responded to them in those contexts.  Gov't

Opp. at 6, 8 & n.2, 10, 11. The suggestion that the government has actually responded to these arguments in its oppositions to those other motions is defensible, however, only if one equates evasion, misdirection, and unelaborated conclusory statements with "responding." *See generally* ECF 221 (Reply in Sppt. of Concord's Renewed Mot. to Dismiss). The government's opposition briefs do nothing more than what the government's does here: make conclusory claims, over and over, that Concord's arguments are "meritless" and just old arguments "dressed up" in different "garb." *Id.* But repetition is not equatable with merit. Concord has established the requisite "need[] to avoid a possible injustice" and the government fails to show otherwise.

**B.    The Government Concedes That There Are No Countervailing Secrecy Considerations That Would Prevent Disclosure.**

As for the equally relevant consideration in the sliding-scale analysis—the interest in maintaining the secrecy of the grand jury instructions—Concord explained, with record support and citation to controlling authorities, why the balance tipped conclusively in favor of disclosure. ECF 217 at 19–21. The government's answer? More avoidance. Here, the government offers only the conclusory statement (in a footnote) that it "disagrees" with Concord's showing that secrecy interests "are diminished in this case." Gov't Opp. at 10 n.4. It never says why it disagrees or what secrecy interests undercut Concord's request. This omission is inexplicable given the legal task at hand and the constitutional dimensions of the issues involved.

This Court "*must* 'weigh carefully the competing interests in light of the relevant circumstances and standards[,]'" including secrecy considerations, in resolving requests for disclosure of grand jury materials. *In re Sealed Case*, 801 F.2d at 1381–82 (quoting *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 443 (1983) (internal citation and quotation marks omitted) (emphasis added)). This analysis, in turn, requires a "balanc[e]" that focuses as much on the validity of ongoing secrecy considerations as any other factor, and "'as the considerations

justifying secrecy become less relevant, a party asserting a need for grand jury [material] will have a lesser burden.'" *In re Application of the Committee on the Judiciary*, 2019 WL 5485221, at *33 (quoting *Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 223 (1979)); *see also* ECF 217 at 12–13, 20–21.

Yet while the government's non-response is inexplicable, it is enormously consequential. As Chief Judge Howell recently concluded—in a decision implicating the same underlying Special Counsel investigation at issue here, but which the government (again) outright ignores— "[a]ny 'considerations justifying' continued grand jury 'secrecy bec[a]me less relevant' once the Special Counsel's investigation, and attendant grand jury work, concluded." *Id.* at *36 (quoting *Douglas Oil*, 441 U.S. at 223). "Once a grand jury has ended, interests in preventing flight by those who might be indicted and in protecting sitting jurors and witnesses disappear, or lessen considerably." *Id.* (quoting *Douglas Oil*, 441 U.S. at 222); *see also Butterworth*, 494 U.S. at 632–33 ("When an investigation ends, there is no longer a need to keep information from the targeted individual in order to prevent his escape—that individual presumably will have been exonerated, on the one hand, or arrested or otherwise informed of the charges against him, on the other."). Nor, in this circumstance, is there any "longer a need to prevent the importuning of grand jurors since their deliberations will be over." *Butterworth*, 494 U.S. at 633; *see also* ECF 217 at 20–21. Concord thus has shown—and the government effectively has conceded—that any secrecy concerns here do not stand in the way of Concord's request for disclosure.

### C.   The Instructions Should Be Disclosed Now.

A common thread running through the government's opposition—and its recently divulged supplemental notice to the Court that it intends to seek a superseding indictment—is that Concord's request for the grand jury instructions is premature, or that events may overtake the need to see them. Gov't Opp. at 8 & n.2, 10 & n.4; Oct. 29, 2019 Supplemental Notice

Regarding Superseding Indictment at 2. This is just more deflection and avoidance and it does not get the government any further than before. The record shows that the instructions may support multiple arguments for dismissal of the Indictment right now. *See generally* ECF 217. If, for example, the government instructed the grand jury on its new FARA theory—which the grand jury did not charge—and now is trying to smuggle it into this case through letters and briefs, that is evidence of unconstitutional arbitrariness right here, right now. Nothing that may happen later in this proceeding—short of dismissal of the Indictment with prejudice—can change or remedy that.

While the government is content to try to finesse the issue[3], the potential for a superseding indictment, which the government recently revealed, does not change the calculus in any respect. As background, on October 30, 2019, hours before the filing of the government's opposition to Concord's grand jury disclosure motion, the government revealed that it disclosed to the Court its intention to seek a superseding indictment to add a new allegation of a conspiracy to interfere with the FEC's enforcement of the statutory ban on certain election-related expenditures by foreign nationals. ECF 225 at 1. This development was contrary to prior government representations that it would *not* seek a superseding indictment. *Id.* at 2 & n.1. And, as noted, it further underscores the arbitrariness of this prosecution.

In any event, what the potential superseding indictment—which no one has yet seen—*cannot* do is negate or lessen Concord's need to review the prior instructions given to the grand jury. Whatever new instructions the government may give changes nothing about whatever

---

[3] In its opaque October 29, 2019 *ex parte* "Supplemental Notice" in response to the Court's question "how" the superseding indictment would impact Concord's motion here, the government simply stated that it "might impact" that motion because "the government would need to re-instruct the Grand Jury before seeking a superseding indictment. . . ." Supplemental Notice at 2. The government offered no further explanation.

instructions it previously gave—or whether those prior instructions support dismissal on the varied grounds on which Concord's pending renewed motion to dismiss seeks it, or otherwise. The government has offered no reason to believe the new instructions will extend beyond the purported new allegation that Concord and the Defendants "conspired to interfere with the related FEC function of enforcing the statutory ban on certain expenditures by foreign nationals"—indeed, it has represented they won't.  Supplemental Notice at 2.  And if that is true, the prior instructions will remain the definitive source of the bulk of the prosecution's charges and allegations here—including those pinpointed in Concord's disclosure motion.

Given what has transpired up to now, there is every reason to think that the new instructions the government provides the grand jury may very well deviate materially from the prior ones, misstate the governing law, result in new allegations, lead to an expansion of the original charge—or all of the above.  In this instance, there will be no way for Concord or the Court to know what the new instructions said, and whether the grand jury returned a particular new superseding indictment because of what the government told it, without actually seeing the new instructions.  Thus, in addition to the prior instructions, Concord should be able to see whatever new instructions the government provides in seeking a superseding indictment.

## III.   Conclusion

Disclosure of the grand jury instructions—both the previous ones and the anticipated new ones—manifestly is "need[ed] to avoid a possible injustice" to Concord, *In re Application of the Committee on the Judiciary*, 2019 WL 5485221, at *33, and there are no countervailing secrecy reasons for keeping them under lock and key.  The Court should therefore grant Concord's motion seeking the instructions and rule accordingly.

Dated: November 6, 2019

Respectfully submitted,

CONCORD MANAGEMENT
AND CONSULTING LLC


By:  */s/ Eric A. Dubelier*

Eric A. Dubelier (D.C. Bar No. 419412)
Katherine J. Seikaly (D.C. Bar No. 498641)
REED SMITH LLP
1301 K Street, N.W.
Suite 1000 – East Tower
Washington, D.C. 20005-3373
202.414.9200 (phone)
202.414.9299 (fax)
edubelier@reedsmith.com
kseikaly@reedsmith.com

James C. Martin[*]
Colin E. Wrabley[*]
REED SMITH LLP
225 Fifth Avenue
Pittsburgh, PA 15222-2716
412.288.3131 (phone)
412.288.3063 (fax)
jcmartin@reedsmith.com
cwrabley@reedsmith.com
[*]*Admitted Pro Hac Vice*