```
 1                   BEFORE THE UNITED STATES DISTRICT COURT

 2                        FOR THE DISTRICT OF COLUMBIA

 3     UNITED STATES OF AMERICA,         .
                                         .  Case Number 18-CR-32
 4              Plaintiff,               .
                                         .
 5        vs.                            .
                                         .  Washington, D.C.
 6     CONCORD MANAGEMENT AND            .  October 25, 2019
       CONSULTING LLC,                   .  9:58 a.m.
 7                                       .
                Defendant.               .
 8     - - - - - - - - - - - - - - - - -

 9                        TRANSCRIPT OF STATUS CONFERENCE
                    BEFORE THE HONORABLE DABNEY L. FRIEDRICH
10                       UNITED STATES DISTRICT JUDGE

11     APPEARANCES:

12     For the Government:              JONATHAN KRAVIS, AUSA
                                        KATHRYN RAKOCZY, AUSA
13                                      LUKE JONES, AUSA
                                        U.S. Attorney's Office
14                                      555 Fourth Street Northwest
                                        Washington, D.C. 20530
15
       For Defendant Concord
16     Management and Consulting LLC:  ERIC DUBELIER, ESQ.
                                        Reed Smith LLP
17                                      1301 K Street Northwest
                                        Suite 1000, East Tower
18                                      Washington, D.C. 20005

19                                      KATHERINE SEIKALY, ESQ.
                                        Reed Smith LLP
20                                      7900 Tysons One Place
                                        Suite 500
21                                      McLean, Virginia 22102

22     Official Court Reporter:        SARA A. WICK, RPR, CRR
                                        333 Constitution Avenue Northwest
23                                      U.S. Courthouse, Room 4704-B
                                        Washington, D.C. 20001
24                                      202-354-3284

25     Proceedings recorded by stenotype shorthand.
       Transcript produced by computer-aided transcription.
```

1                        P R O C E E D I N G S

2              THE COURTROOM DEPUTY:  This is Criminal Case year

3    2018-032, United States of America versus Concord Management and

4    Consulting LLC, defendant number 2.

5         Counsel, please come forward and introduce yourselves for

6    the record, beginning with the government.

7              MR. KRAVIS:  Good morning, Your Honor.  Jonathan

8    Kravis for the United States.

9              THE COURT:  Good morning, Mr. Kravis.

10             MR. KRAVIS:  With me at counsel table are Kathryn

11   Rakoczy and Luke Jones.

12             THE COURT:  Good morning.

13             MR. DUBELIER:  Good morning, Your Honor.  Eric

14   Dubelier and Katherine Seikaly for Defendant Concord Management

15   and Consulting.

16             THE COURT:  Good morning, Mr. Dubelier and

17   Ms. Seikaly.

18        All right.  Since our last status hearing, I entered a

19   scheduling order setting a trial date and schedule for further

20   proceedings.  I also entered a separate order that scheduled

21   status hearings for November 15th and December 12th.  At those

22   status hearings and at any future status hearing, the parties

23   should be prepared to argue any pending motions to dismiss that

24   I haven't ruled on before that date.  All right?

25        And I think before the next status hearing, in addition to

1    the defendant's motion for disclosure of grand jury instructions

2    and the defendant's renewed motion to dismiss, the parties also

3    will have filed proposed jury instructions.  So you all should

4    be prepared to discuss those.

5        Since the last status hearing, the government has

6    supplemented its bill of particulars in a letter to defense

7    counsel.  Mr. Kravis, I have a few questions about the

8    government's bill and supplemental letter.

9            MR. KRAVIS:  Yes, Your Honor.

10            THE COURT:  I just want to make sure we are all on the

11    same page.

12            MR. KRAVIS:  Yes, Your Honor.

13            THE COURT:  So as I understand it, the government

14    intends to prove at trial that certain individuals or entities

15    caused others, whether individuals or entities, to be required

16    to register with the Department of Justice under FARA; is that

17    correct?

18            MR. KRAVIS:  Well, yes, Your Honor.  The charge, as

19    we've discussed, it's not -- the charge is not a FARA charge.

20            THE COURT:  I know.  It's a 371.

21            MR. KRAVIS:  Yes.

22            THE COURT:  But the theory of the government is that

23    there was a causing another who should have filed with DOJ;

24    right?

25            MR. KRAVIS:  Well, had they --

1           THE COURT:  Had they known.

2           MR. KRAVIS:  Yes.

3           THE COURT:  Right.  And so that causing another

4   theory, if you will, does that apply just to DOJ and FARA, or

5   does it also apply to the FEC and those reports or Department of

6   State?  Is it just with respect to the FARA?

7           MR. KRAVIS:  Just with respect to the FARA.

8           THE COURT:  All right.  So to be clear, between the

9   government's original bill and the supplemental letter, those

10  list of individuals, entities, does it include every individual

11  or entity that you intend to establish was required to submit

12  reports to the FEC?

13          MR. KRAVIS:  Reports to the FEC, yes.

14          THE COURT:  All right.  Does it also include every

15  individual or entity that you intend to establish was required

16  to register with the DOJ as an agent of a foreign principal?

17          MR. KRAVIS:  Well, again, would have been required to

18  register.

19          THE COURT:  Would have been had they known.

20          MR. KRAVIS:  Yes.

21          THE COURT:  It also includes every individual or

22  entity that you intend to establish caused another to be

23  required to register with the DOJ under FARA?

24          MR. KRAVIS:  Yes.

25          THE COURT:  All right.  It also includes every

1    individual or entity that you intend to establish was the

2    foreign principal on whose behalf these foreign agents acted?

3    Is the foreign principal in there as well?

4                  MR. KRAVIS:  Yes.

5                  THE COURT:  It includes every individual or entity

6    that you intend to establish was required to submit truthful

7    information to the State Department?

8                  MR. KRAVIS:  Yes.

9                  THE COURT:  Okay.  All right.  I just wanted to make

10   sure we are all on the same page.

11                 MR. KRAVIS:  Yes.

12                 THE COURT:  I also want to confirm that last Friday,

13   on the 18th, that the government provided its final discovery

14   and provided any *Brady* notice to the defense at that time?

15                 MR. KRAVIS:  Yes, Your Honor.  The defense has made

16   some additional separate discovery requests by letter and e-mail

17   to us, and we are working on responding to those.

18       In addition, there is the matter in another jurisdiction

19   that we have discussed previously where we're receiving

20   information on a rolling basis.

21       With those caveats, discovery is complete.

22                 THE COURT:  And is this information the government

23   will seek to admit at trial?

24                 MR. KRAVIS:  No.

25                 THE COURT:  All right.  So this is just additional

1    information that, to the extent it contains *Brady*, you're

2    turning it over, and in an abundance of caution?

3              MR. KRAVIS:  Or anything relevant, in an abundance of

4    caution.  We do not believe there's any exculpatory material in

5    there, but to the extent that there is anything relevant, in an

6    abundance of caution, we are providing all of it to the defense.

7              THE COURT:  All right.  But again, that's not

8    information that you seek to introduce in your case-in-chief?

9              MR. KRAVIS:  Correct.

10             THE COURT:  All right.  Let me ask you a couple of

11   questions about Concord's motion to strike surplusage.

12             MR. KRAVIS:  Your Honor, I'm sorry.  Mr. Jones is

13   prepared to address that motion for the United States.

14             THE COURT:  Very well.

15             MR. KRAVIS:  Thank you.

16             THE COURT:  Good morning, Mr. Jones.

17             MR. JONES:  Good morning, Your Honor.

18             THE COURT:  All right.  Let me ask you, with respect

19   to the allegations in the indictment about Concord's government

20   contracts, you argue in your opposition that this evidence shows

21   a relationship between the corporate defendants, and you also

22   argue it shows a motive for interfering with the 2016

23   presidential election; correct?

24             MR. JONES:  That is correct, Your Honor.

25             THE COURT:  And the U.S. political process in general?

1        MR. JONES:  That's correct, Your Honor, as relevant to

2   motive, intent, knowledge, all of those factors.

3        THE COURT:  All right.  Can you give me some sense,

4   how many government contracts are we talking about?  What are we

5   talking about?

6        MR. JONES:  It's a -- I can't give you a number.

7        THE COURT:  Are these all catering contracts, as

8   Concord argues in their motion and reply?

9        MR. JONES:  There's certainly a substantial amount of

10  them are catering contracts.  Whether or not we would be seeking

11  to introduce evidence regarding the contracts -- additional

12  contracts, I'm not prepared to say, but --

13       THE COURT:  Okay.  So at one point -- and I don't know

14  that you were even here then, so I'm not going to hold you to

15  this.  But at one point I asked Mr. Kravis whether the

16  government intended to seek to introduce additional evidence

17  tying Russia to the defendant.

18     And has the government made any determinations as to

19  whether it's going to do that?

20       MR. JONES:  On that point let me consult with

21  Mr. Kravis.

22       THE COURT:  All right.

23     (Government counsel conferred.)

24       MR. JONES:  I think the distinction, Your Honor, is

25  between whether the government intends to introduce evidence or

1    argue to the jury that the Russian government was behind the

2    conspiracy that is charged in the case.  That's a separate

3    question -- and the answer to that is no.

4         The separate question is whether or not it's relevant to

5    the defendant's motive or intent or knowledge or identity that

6    the entity has contracts with the Russian government.

7              THE COURT:  No, I understand the contract argument

8    you're making.  But I'm just wondering, is there going to be, do

9    you anticipate additional evidence beyond these government

10   contracts tying Concord to Russia?

11        Or maybe you haven't decided.  I'm not trying to pin you

12   down right now, but we are getting close to the point where I

13   would think you would know.

14             MR. JONES:  Right.  I don't want to say that we're not

15   going to do anything because there may be additional ones.  None

16   come to mind, though.

17             THE COURT:  All right.  Has the government decided yet

18   whether it intends to provide notice of evidence it seeks to

19   introduce under Rule 404(b)?

20        Concord suggests that with respect to the document

21   destruction and identity theft and other things that are alleged

22   in the indictment, they seem to imply that you're required to

23   give 404(b) notice on that, despite the fact it's in the

24   indictment.  I'm not talking about that.  I'm talking about

25   beyond.  I know by November 1, you need to disclose that.

1          Are you able to tell me now whether you will seek to

2     introduce 404(b) beyond what's alleged in the indictment?

3          MR. JONES:  I can't say for certain now.  We're

4     certainly aware of the deadline and intend to respond at that

5     time.  I think at this point, big picture with respect to this

6     motion, the government position is it's -- there's no basis, the

7     defendant hasn't met its high burden.

8          But more fundamentally, it's a bit premature to be

9     addressing these types of issues, given that I'm certain it's

10    going to be coming up in motions in limine with respect to

11    evidence and argument, and there are going to be more sequelae

12    presented then.

13         So especially because in short this type of motion really

14    depends on whether or not the indictment is going to the jury or

15    not --

16         THE COURT:  No, I know, and I haven't made that

17    decision yet.  So I hear on you that.

18         Let me ask you one other question.  Can you just address --

19    and I do agree with you this will be the subject of motions in

20    limine, I'm sure, but Concord's argument about the destruction

21    of evidence.  Concord argues that this destruction occurred

22    after the investigation was already started.

23         Can you -- so to what extent does it show knowledge or

24    intent or anything with respect to the charged conspiracy?

25         MR. JONES:  Well, I think the point of what Concord is

1    saying is that it's not terribly probative, in their view, given

2    the timing of the destruction of the evidence.  I think it's --

3    it's not a controversial statement that evidence of destruction

4    of evidence is relevant to consciousness of guilt and is

5    introduced all the time in any number of criminal cases.  And so

6    it certainly would be relevant, and even a fortiori, it's not

7    clearly irrelevant, let alone clearly irrelevant and clearly

8    inflammatory.

9            THE COURT:  Okay.  All right.  Thank you.  That's all

10   I have.

11       Mr. Dubelier?

12            MR. DUBELIER:  Yes, Your Honor.

13            THE COURT:  All right.  Maybe you don't think it's

14   very strong evidence, but don't the government contracts show

15   some evidence of motive or intent?

16            MR. DUBELIER:  Absolutely not, Your Honor, and it's

17   highly prejudicial as well.  They could have, if they wanted to,

18   come in here and alleged that the Russian government was behind

19   this.  They don't have any evidence to prove that.  So they want

20   to blow a dog whistle at the jury and say we have catering

21   contracts.

22       They have absolutely nothing to do -- remember, Concord is

23   not alleged to have engaged in any of the conduct.  They're

24   alleged to have funded it.  If they don't have evidence that the

25   Russian government was behind this but they're allowed to go

1    before the jury and say we have contracts with some Russian

2    government agency, contracts that they don't have copies of,

3    they're going to use newspaper articles that claim these

4    contracts exist, it's absolutely prejudicial, because it's going

5    to suggest to the jury that that has something to do with

6    whether or not the Russian government was behind this.

7        If that's what they want to prove, let them come out and

8    say it, and let them come up with the evidence.

9            THE COURT:  Okay.  On your 404(b) point, are you

10   really -- did I read your motion correctly or your reply -- I

11   don't remember which -- to suggest that the government needs to

12   give you notice of 404(b) that's actually alleged in the

13   indictment, or did I just misread that?

14           MR. DUBELIER:  I'm not sure, Your Honor.  I would have

15   to go back and look at exactly what we said.

16           THE COURT:  All right.

17           MR. DUBELIER:  I don't remember off the top of my

18   head.

19           THE COURT:  Well, by November 1, they have to file

20   their notice.  And it seems to me if it's alleged in the

21   indictment, that that's -- you certainly can move to exclude it,

22   but that's not a separate notice, and maybe I misread what you

23   were saying.

24           MR. DUBELIER:  I will go back and look at that, Your

25   Honor.

1           THE COURT:  All right.  And what is your response to

2    the government's argument about the destruction of evidence?

3           MR. DUBELIER:  You know, this is a silly argument in

4    that the sole evidence alleged to support this theory that

5    Concord or the co-conspirators were involved in some destruction

6    of evidence is an e-mail from a woman who allegedly worked at

7    IRA to her mom saying something about the FBI is onto us or

8    something like that.  That's the whole evidence.

9       I don't even know how they get that in evidence unless they

10   have this woman as a witness who is going to testify.  If they

11   do, I'm not aware of that.  But they've got this e-mail.  I

12   don't know how they're going to authenticate that and get it

13   into evidence.

14      And that's it.  There is nothing else.  That allegation is

15   based on that single e-mail.

16           THE COURT:  All right.  Any other points you want to

17   make?

18      I mean, you do make the point that if I decide not to send

19   this back -- I don't need to address this motion.  These issues

20   are definitely going to be litigated extensively.  I'm inclined

21   to defer ruling on this at this point because I don't think it

22   makes sense.

23           MR. DUBELIER:  Your Honor, I struggled with that

24   because I didn't want to create any unnecessary work, and I have

25   no problem with you deferring ruling, because I agree with

1    Mr. Jones, we're going to deal with this in motions in limine.

2         THE COURT:  Right; right.  And you all got my

3    scheduling order.  I want to break down the motions in limine.

4    Those that depend on witnesses and evidence, I understand they

5    need to be delayed, but the ones -- there are many of these, all

6    through here, you all can file in January or whenever I said in

7    the order.  I don't want to have 50 motions in limine come in in

8    February or March.

9         MR. DUBELIER:  Yes, I understand.  We will certainly

10   confer with Mr. Kravis on this, because part of this is going to

11   be, you know, which party is going to file the motion in limine.

12   Are they going to file it because they want to get it in, or are

13   we going to file it because it's got to stay out, and we need to

14   just get a firm understanding with the government of what the

15   documents are that are going to come in.  Then I think we can

16   easily work that out with the government as to who is going to

17   file originally and then who will oppose.

18        THE COURT:  All right.  That would be helpful.  I

19   don't want you each to just say because the other didn't do it,

20   we don't have to address it, because it will cause delays.

21        MR. DUBELIER:  I agree.

22        THE COURT:  All right.  Speedy trial, we excluded time

23   up until today.  Have you all continued to talk and confer with

24   your client, Mr. Dubelier?  Are you prepared to consent to

25   excluding time going forward?

1          MR. DUBELIER:  Yes, we are.

2          THE COURT:  Okay.  Until the next status?

3          MR. DUBELIER:  Until trial, Your Honor.

4          THE COURT:  Until trial?

5          MR. DUBELIER:  Yes.

6          THE COURT:  Well, I will revisit it each time in the

7    event you want to change your mind, but I do think for all the

8    reasons I've said, the complexity of the case, the voluminous

9    discovery, the ongoing motions, I think it's in the interest of

10   justice to exclude time.  So I will exclude time from now -- why

11   don't we do until the end of the year because we know we have

12   motions coming in, and we will address it again in the new year.

13   All right?

14          MR. DUBELIER:  Sure.

15          THE COURT:  So we will address -- what's the date of

16   my -- December 12th, I think, we are coming back.  So I will

17   exclude time from today through December 12th.

18      Is there anything else, Mr. Dubelier, you want to raise

19   today?

20          MR. DUBELIER:  No, Your Honor.

21          THE COURT:  Nothing?

22          MR. DUBELIER:  No.

23          THE COURT:  Mr. Kravis?

24          MR. KRAVIS:  No.  Thank you, Your Honor.

25          THE COURT:  Okay.  My courtroom deputy just pointed

1    out, the pretrial hearing on March 9th, I haven't set a time.

2    Do you all want to do that now?

3         I figured we would address that in the future when it gets

4    closer.  I expect we're going to set many more dates in the new

5    year, but I'm happy to set a time now.

6              MR. DUBELIER:  I think we can wait on the time, Your

7    Honor.

8              THE COURT:  Okay.  All right.  Nothing else?

9              MR. KRAVIS:  No.  Thank you, Your Honor.

10             THE COURT:  All right.  Thank you all.

11        (Proceedings adjourned at 10:16 a.m.)

12

13   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

14

15             CERTIFICATE OF OFFICIAL COURT REPORTER

16

17        I, Sara A. Wick, certify that the foregoing is a

18   correct transcript from the record of proceedings in the

19   above-entitled matter.

20

21

22

23   /s/ Sara A. Wick                    October 25, 2019

24   SIGNATURE OF COURT REPORTER         DATE

25