```
 1                BEFORE THE UNITED STATES DISTRICT COURT

 2                    FOR THE DISTRICT OF COLUMBIA

 3   UNITED STATES OF AMERICA,         .
                                       .  Case Number 18-CR-32
 4             Plaintiff,              .
                                       .
 5       vs.                           .
                                       .  Washington, D.C.
 6   CONCORD MANAGEMENT AND            .  October 29, 2019
     CONSULTING LLC,                   .  3:04 p.m.
 7                                     .
               Defendant.              .
 8   - - - - - - - - - - - - - - - - -

 9

10       PUBLIC TRANSCRIPT OF EX PARTE TELEPHONIC STATUS CONFERENCE
                         (SEALED PORTIONS REDACTED)
11                BEFORE THE HONORABLE DABNEY L. FRIEDRICH
                       UNITED STATES DISTRICT JUDGE
12

13
     APPEARANCES:
14
     For the Government:            KATHRYN RAKOCZY, AUSA
15                                  LUKE JONES, AUSA
                                    U.S. Attorney's Office
16                                  555 Fourth Street Northwest
                                    Washington, D.C. 20530
17
                                    HEATHER ALPINO, AUSA
18                                  U.S. Department of Justice
                                    National Security Division
19                                  950 Pennsylvania Avenue Northwest
                                    Washington, D.C. 20530
20

21
     Official Court Reporter:       SARA A. WICK, RPR, CRR
22                                  333 Constitution Avenue Northwest
                                    U.S. Courthouse, Room 4704-B
23                                  Washington, D.C. 20001
                                    202-354-3284
24

25   Proceedings recorded by stenotype shorthand.
     Transcript produced by computer-aided transcription.
```

Case 1:18-cr-00032-DLF   Document 240   Filed 11/08/19   Page 2 of 10

2

|   |   |
|---|---|
| 1 | P R O C E E D I N G S |
| 2 | THE COURTROOM DEPUTY:  This honorable court is now in session. |
| 3 | Judge Dabney Friedrich presiding. |
| 4 | THE COURT:  Good afternoon.  Who is on the phone for |
| 5 | the government? |
| 6 | MR. JONES:  Good afternoon, Your Honor.  Luke Jones |
| 7 | and Katherine Rakoczy from the U.S. Attorney's Office.  On the |
| 8 | line as well is Heather Alpino from the Department of Justice. |
| 9 | THE COURT:  Thank you. |
| 10 | So we are in a sealed ex parte hearing, and I set this to |
| 11 | discuss the government's ex parte notice of intent to seek a |
| 12 | superseding indictment.  Based on the government's supplemental |
| 13 | notice, I now understand the government intends to seek a |
| 14 | superseding indictment that will allege the defendants conspired |
| 15 | to interfere with two, rather than one, FEC functions.  The |
| 16 | government intends to add the enforcement of the statutory ban |
| 17 | on expenditures by foreign nationals. |
| 18 | If the grand jury returns a superseding indictment, it will |
| 19 | impact at least two of Concord's pending motions, the renewed |
| 20 | motion to dismiss and the motion for disclosure of grand jury |
| 21 | instructions. |
| 22 | I understand that the government filed its notice regarding |
| 23 | a superseding indictment ex parte and under seal because it is |
| 24 | concerned about violating Rule 6(e), but I don't understand why |
| 25 | 6(e) prevents the government from stating publicly or at least |

1    in a letter to Concord's counsel that it intends to seek a
2    superseding indictment adding the foreign expenditure ban to the
3    conspiracy allegations.
4        In the last several months, I've had more than one
5    prosecutor announce in open court that the government intends to
6    seek a superseding indictment to add allegations that the
7    defendant knew he was a prohibited person under 922(g) in light
8    of the Supreme Court's decision in *Rehaif*.  So this seems to me
9    analogous to that situation, and I just want to understand why
10   the government thinks 6(e) precludes it from notifying defense
11   counsel that this is coming.
12       We are on a trial track now.  We have motions hearings set.
13   The motions are being briefed.  I think the lack -- the more
14   surprise there is, the worse this is going to be.
15           MR. JONES:  Understood, Your Honor.  We are not
16   looking to surprise anyone with undue delay in the disclosure.
17   I think we are acting out of an abundance of caution with
18   respect to 6(e).  We do not at this point have any basis or
19   reason for withholding from the defense the government's
20   intention to seek a superseding indictment.
21           THE COURT:  So I understand you are acting in an
22   abundance of caution.  So you have no objection to informing him
23   of this, or do you really think this runs afoul of 6(e)?  I just
24   don't see it.
25       I mean, this issue is well-known.  It's been litigated

1      vigorously.  There's no secret that the government intended to
2      allege that the foreign ban, expenditure ban was a part of the
3      allegations.  I found otherwise.  It seems to me stating in
4      general terms that you intend to seek an indictment, that that's
5      your strategy, that you intend to seek an indictment adding the
6      foreign expenditure ban and that you intend to do so promptly, I
7      just don't see what secret information about the grand jury is
8      being disclosed by revealing that.
9            MR. JONES:  Again, Your Honor, we are acting out of an
10     abundance of caution.  Given that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
11     we see it as a question we need to take seriously.
12        If the Court is directing us to make the disclosure, we are
13     certainly comfortable doing that with the Court's permission.
14            THE COURT:  All right. Well, I am.  And again, I just
15     don't see any distinction between this situation or very little
16     distinction between this situation and what has happened in my
17     courtroom repeatedly over the last two months in light of the
18     Supreme Court ruling.
19        So in light of my ruling, you all want to fix the
20     indictment, and it seems very much analogous.
21        So I am going to order you -- I don't have a strong view at
22     this point whether you do it in a letter to defense counsel or
23     you do it on the docket.  You do have this opposition coming in
24     tomorrow.  And I'm wondering what the point is on that if, in
25     fact, there are going to be -- if there is a superseding

```
 1    indictment.
 2         How quickly -- can you share with me how quickly you intend
 3    to do this?  Because right now, we've got a motions hearing on
 4    November 15th.  It seems like now there will be nothing that's
 5    ripe for resolution on that date.  We have another one on
 6    December 12th.
 7         If you were to return this indictment tomorrow, that's 35
 8    days from December 5th, which is the day by which I would love
 9    to have all those motions ripe because I do want to resolve all
10    of these pretrial motions by the end of the year.  I want to
11    stay on trial track, and I think in order to do that, I need to
12    rule on these pretrial motions.
13         If it's much -- how quickly are you moving to get this
14    done?
15              MR. JONES:  Well, we hope by the 15th, Your Honor.  I
16    mean, we plan to re-present the evidence to the grand jury,
17    present the indictment, and there are, obviously, some steps
18    between now and the end of that process.
19         Our goal is to stay on the track indicated by the Court's
20    schedule.  Whether some particular dates with respect to the
21    grand jury instruction motion need to move or not --
22              THE COURT:  Mr. Jones, can you speak up a little bit?
23    I'm having a hard time hearing you.
24              MR. JONES:  Sorry, Your Honor.  We intend to return it
25    by the 15th.  Our goal there was to do so in a way that would
```

1   allow us to stay on the same track.

2           THE COURT:  But if you return it on the 15th and I
3   give them 14 days to file his renewed motions, we are looking at
4   November 29th, and I'm going to shorten your time in light --
5   you know well what's coming.  So I don't think you need 14 days
6   to respond to his motions.  But even if I give you seven and him
7   seven, the motions aren't even ripe until December 13th.

8           MR. JONES:  Well, Your Honor, I think we are trying to
9   build in enough time to make sure we can accomplish this.  I
10  think substantively, the motions -- the renewed motion to
11  dismiss as an event filed is not, frankly, going to change --

12          THE COURT:  I don't know that.  I think he may well
13  challenge this foreign expenditure ban, and he may insert a new
14  ground.  And at this point I don't think I have any basis to not
15  allow him to specifically challenge that.  So I suspect the same
16  motion with more in it, and he will ask for time.

17      And, you know, given -- all of this is based on an opinion
18  I wrote a year ago, and I'm taking the government at face value
19  and good faith that the government missed what I said back then.
20  But the fact is, we are where we are now because of government
21  delay, not defense, not the Court.  And we are where we are now.

22      I ruled three weeks ago or some -- at least two weeks ago
23  that I wasn't reconsidering your motion, and you waited until
24  two days ago to let me know you are seeking a superseding
25  indictment.

1        So you've created this situation, and I don't know how
2   much -- I'm just curious.  There's ▓▓▓ grand juries running at
3   any given time in this court, and all you have to do is go in
4   and present and point in the transcripts to the evidence of the
5   foreign expenditure ban being violated and summarize it for the
6   grand jury.  I don't understand why it's going to take another
7   two weeks for you all to do that.
8        This is a technical fix.  I mean, it seems to me, based on
9   your briefing, that that is the case you put before the grand
10  jury initially, and I read the indictment differently.
11       But why does it take you, you know, two weeks from now to
12  return an indictment making this fix that you say was always in
13  the indictment?  I don't get it.
14            MR. JONES:  Well, I think our schedule, the schedule
15  we've laid out is based on our expectations with respect to re-
16  presenting all the evidence that went into the initial
17  indictment and allowing for scheduling challenges within the
18  grand jury, which are typical, and arranging for witness
19  schedules to supplement the evidence as potentially necessary.
20            THE COURT:  All right.  Well, I'm not going to tell
21  you how to present your case before the grand jury, but I do
22  think that there's a way to do this in an expedited fashion, and
23  I do think you could get in any one of these grand juries any
24  day you say, given the nature of this case and the time
25  sensitivity.

1           And if you wait to return it and nobody has the indictment,
2   the defense doesn't have the indictment until the 15th, we are
3   looking at two weeks for him to file his motions, the 29th.  I
4   will give you a week, until the 6th at the most.  And he will
5   have the 13th.  So, you know, that's putting us in a motions
6   hearing on December 20th that I don't know that he's even
7   available for.
8           So I'm boxed in here, and I'm frustrated because I think
9   this was avoidable even if the government didn't pick up on what
10  I said a year ago.  You've now known for some time, and it seems
11  like the government could be making contingency plans, if I
12  denied your motion for reconsideration, to go before the grand
13  jury, and why you waited until after that and then another
14  couple weeks, I can't fathom.
15          But you've heard me.  This is on a trial track.  The April
16  trial date is not slipping.  And I'm going to resolve these
17  motions before the end of the year.  So we will figure out a way
18  to get it done.  But your time will be shortened on the
19  opposition end.  I'm just telling you upfront.  So the longer
20  you take to return it, that's less time you're going to have.
21  And we will have a hearing on December 20th, if we have to, and
22  if Concord's counsel is not available, we'll do it earlier in
23  that week.  But I'm going to resolve these motions before
24  year-end, and I would prefer if I'm able to do it from the bench
25  to do it.

1       So I would appreciate if you all would take steps to move
2  as expeditiously as possible in light of the time constraints.
3  I know you've got another attorney on another matter, but you
4  have all known about that for some time. And I hope -- I hope
5  you move faster. If you do move faster than November 15th, then
6  I would ask you to -- will this just appear on the docket, or
7  will you not file it until the 15th?
8       MR. JONES: I think whatever day we get it returned,
9  it will either appear directly on the docket, or we would
10 certainly notify chambers and defense counsel. It would be an
11 indictment that we would be seeking to seal.
12      THE COURT: All right. Wait. When the indictment's
13 returned, it won't be sealed; correct?
14      MR. JONES: That's correct, Your Honor.
15      THE COURT: Okay. So it will be public. So just
16 understand, as soon as it appears on the docket, I will enter a
17 new briefing schedule that will give Concord 14 days to file to
18 renew his motions, and then I will work from there to see how
19 much time each side gets. But my hope would be to resolve this
20 on December 12th, and if we can't do it then, then I will be
21 asking you and defense counsel to propose dates for the
22 following week. All right?
23      MR. JONES: Understood, Your Honor. We will move as
24 expeditiously as we can.
25      THE COURT: All right. I appreciate it very much.

1  Thank you.
2          MR. JONES:  Thank you, Your Honor.
3      (Proceedings adjourned at 3:16 p.m.)
4
5  - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
6
7              CERTIFICATE OF OFFICIAL COURT REPORTER
8
9          I, Sara A. Wick, certify that the foregoing is a
10 correct transcript from the record of proceedings in the
11 above-entitled matter.
12
13
14
15 /s/ Sara A. Wick                    November 11, 2019
16 SIGNATURE OF COURT REPORTER          DATE