## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

CONCORD MANAGEMENT AND
CONSULTING LLC,

Defendant.

CRIMINAL NUMBER:

1:18-cr-00032-2-DLF

---

## DEFENDANT CONCORD MANAGEMENT AND CONSULTING LLC'S MOTION TO COMPEL COMPLIANCE WITH FED. R. CRIM. P. 16

Pursuant to Fed. R. Crim. P. 16, Defendant Concord Management and Consulting LLC ("Defendant" or "Concord"), by and through undersigned counsel, respectfully submits this Motion to Compel the government's compliance with Federal Rule of Criminal Procedure 16(a)(1)(G).  In support of this motion, Concord states as follows:

### Introduction

Nineteen months after Concord first requested that the government provide notice of any expert testimony the government now says it has no experts at all, but instead fact witnesses who will testify about the internet, social media web sites, and government functions.  That is the sum and substance of the notice the government provided to Concord, which in fact is no notice at all because of its scope and breadth.  When undersigned counsel challenged the lack of fairness in this approach the government's sententious solution was to put off the issue for two more months until the government produces its exhibits which will then, according to it, make ripe the issue of whether the government is complying with its legal obligations under Rule 16.  But the government's preferred approach puts Concord two months closer to trial without any ability whatsoever to prepare to address proposed testimony based on specialized knowledge the

substance of which should be disclosed now.  This is simply one more government tactic of trial by surprise, and the Court should not allow it.

**Facts**

Concord originally requested that the government comply with Fed. R. Crim. P. 16(a)(1)(G) by providing notice of expert testimony on April 11, 2018.  Ex. 1, April 11, 2018 Letter from E. Dubelier to J. Rhee.  Concord raised this issue at the March 7, 2019 hearing, Mar. 7, 2019 Hr'g Tr. 41:20-42:10 and 72:12-16, and followed up with the government via email on March 11, 2019, Ex. 2, March 11, 2019 email from E. Dubelier to J. Kravis.  The government did not respond and undersigned counsel followed up again on April 1, 2019 and April 11, 2019.  Ex. 3, April 2019 email exchange.  On April 12, 2019, the government stated that it intends to introduce evidence related to reports produced in discovery regarding how accounts allegedly controlled by the co-conspirators were identified, but that it had not yet decided whether that evidence would be introduced through an expert witness or through lay witness testimony.  *Id.*

The government finally responded by letter on November 1, 2019.  Ex. 4, Nov. 1, 2019 Letter.  The government states in relevant part that it intends to call witnesses to testify "regarding topics that may be unfamiliar to jurors," including but not limited to, "the Internet, social media websites, and the role of particular government agencies."  *Id.*  The parties held a telephonic meet and confer on November 6, 2019, during which the government continued to maintain that the above topics will be covered by fact witnesses, not expert witness and, as such, the government is not obligated to provide further notice or any disclosure of the substance of the testimony.  The government proposed delay resolution of this issue until after it provides its exhibit list in January 2020.  *See* Ex. 5, November 5, 2019 Email from K. Rakoczy to E. Dubelier.

**Law and Argument**

Rule 16 provides that "[a]t the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. . . . The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(a)(1)(G).

Federal Rule of Evidence 702 governs testimony by expert witnesses and permits a witness who is qualified by knowledge, skill, experience, training, or education to testify "in the form of an opinion *or otherwise* if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. By its very language, Rule 702 is not limited to opinions; rather, it includes any testimony based on "specialized knowledge," and thus applies regardless of "whether [the testimony] is limited to facts or includes the expert's opinion." *United States v. Mosley*, 339 F. App'x 568, 573 (6th Cir. 2009); *see also* Fed. R. Evid. 702, Adv. Comm. Note ("Most of the literature assumes that experts testify only in the form of opinions. The assumption is logically unfounded. The rule accordingly recognizes that an expert on the stand may give a dissertation or exposition of scientific or other principles relevant to the case, leaving the trier of fact to apply them to the facts."). "Where testimony is based on specialized knowledge within the scope of Rule 702, it has to comply with some safeguards of expert testimony, which include a requirement that such testimony be disclosed to the defendant prior to trial." *United States v. Jones*, 739 F.3d 364, 368 (7th Cir. 2014) (citing *United States v. York*, 572 F.3d 415, 421 (7th Cir. 2009)).

Rule 701, by contrast, limits lay opinion testimony to situations which are "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue, and (c) *not based* on scientific, technical, or other *specialized knowledge* within the scope of Rule 702."  Fed. R. Evid. 701 (emphasis added).  Put another way, Rule 701 makes sure that litigants do not try to "proffer[] an expert in lay witness[] clothing and thereby avoid the disclosure and other requirements for expert opinion testimony under FRE 702." *United States v. Williams*, 827 F.3d 1134, 1156 (D.C. Cir. 2016); *see also* Fed. R. Evid. 701 Adv. Comm. Notes (recognizing that the 2000 amendment was an attempt "to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing"); *United States v. Philip Morris USA, Inc.*, No. 99-2496 (GK), 2004 WL 5916877, at *1 (D.D.C. Aug. 17, 2004) (excluding, in part, lay witness testimony that was, in fact, expert testimony under Rule 702).

The dividing line between true expert testimony under Rule 702 and lay testimony under Rule 701 is based "'on the reasoning process by which a witness reached his proffered opinion.  If the opinion rests in any way upon scientific, technical, or other specialized knowledge, its admissibility must be determined by reference to Rule 702, not Rule 701.'"  *Williams*, 827 F.3d at 1160 (quoting *United States v. Garcia*, 413 F.3d 201, 215 (2d Cir. 2005)).  "[A]ny part of a witness' testimony that is based upon scientific, technical, or other specialized knowledge within the scope of Rule 702 is governed by the standards of Rule 702 and the corresponding disclosure requirements of the Civil and Criminal Rules."  Fed R. Evid. 701 Adv. Comm. Notes.  The failure to enforce this boundary on lay-opinion testimony can be the basis for reversible error.  *See United States v. Hampton*, 718 F.3d 978, 983 (D.C. Cir. 2013) (recognizing that allowing a government agent to testify as a lay opinion witness runs the risk of "induc[ing] the jury to trust the

Government's judgment rather than its own view of the evidence") (internal quotation marks omitted).

Courts have required government witnesses who testify about technology that is beyond the common understanding of the jury to meet the heightened standard in Rule 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). *See SEC v. Johnson*, 525 F. Supp. 2d 66, 69-70 (D.D.C. 2007) (testimony about internet marketing and e-commerce met Rule 702 requirements); *see also United States v. Machado-Erazo*, 950 F. Supp. 2d 49, 51 (D.D.C. 2013) (testimony about cellular tower location analysis met Rule 702 requirements); *United States v. Bradbury*, No. 14 CR 71 PPS, 2015 WL 4627018, at *1 (N.D. Ind. July 31, 2015) (testimony about the general behavior of social media users met Rule 702 requirements).

Similarly, proffered testimony about the role of government agencies and how they interact with those subject to regulation have similarly been qualified as expert witnesses. *See Adams v. United States*, No. CV-03-49-E-BLW, 2009 WL 1085481, at *3 (D. Idaho Apr. 20, 2009) ("Applying these principles [to the proffered experts], the Court finds proper their testimony . . . about the general roles of the EPA, the registrant, and the state in the registration process for pesticides; [and] the general regulatory framework set up by FIFRA . . . "); *see also United States v. Carrillo-Morones*, 564 F. Supp. 2d 707, 711-12 (W.D. Tex. 2008) ("Testimony regarding law enforcement protocols and evidence gathering is the product of specialized knowledge and thus, constitutes expert testimony under Rule 702.").

While the government's letter contains no details that would allow Concord to prepare to respond to this testimony or exhibits, the government conceded that the testimony it intends to introduce will be outside the scope of knowledge of the jury. *See* Ex. 4. If the government had looked at the case law instead of just seeking an improper tactical advantage it would have seen that testimony as it relates to the internet and social media is sufficiently "technical" that it falls

within the scope of Rule 702. *See, e.g., Johnson*, 525 F. Supp. 2d at 69-70. The same is true of testimony regarding the regulatory function of government agencies. *See, e.g. Adams*, 2009 WL 1085481, at *3. Put simply, this is specialized knowledge that must be presented to the jury through a qualified expert witness. *See* Fed. R. Evid. 702. And, to the extent the government intends to use these purported witnesses to explain, for example, how people use the internet or social media to interfere with government functions, that too involves "specialized knowledge" that is subject to Rule 702. *See United States v. Shepard*, 188 F.R.D. 605, 607-08 (D. Kan. 1999) (discussing how law enforcement testimony about the nature of criminal conduct "calls upon specialized knowledge and does not relate to matters common enough to qualify as lay opinion testimony" (internal quotation marks omitted)).

In sum, the government is seeking to circumvent its obligations under Rule 16(a)(1)(G) by simply characterizing its witnesses as fact witnesses, when doing so is contrary to law, and is nothing more than an effort to "proffer[] an expert in lay witness clothing." Fed. R. Evid. 701 Adv. Comm. Note. Nor can it avoid its Rule 16 obligations by stating that the witnesses will not offer an "opinion," because "Rule 702 is not so limited and is intended to cover so-called skilled witnesses," which is exactly the type of evidence identified in its letter. *See United States v. Bidloff*, 82 F. Supp. 2d 78, 82 (W.D.N.Y. 1999), *report and recommendation adopted*, 82 F. Supp. 2d 86 (W.D.N.Y. 2000) (internal quotation marks omitted). The government should be compelled to provide the names and written summaries required under Rule 16 for any testimony that it intends to use during its case-in-chief that is based on scientific, technical, or other specialized knowledge about any topic that may be unfamiliar to jurors, including but not limited to testimony regarding the internet, social media websites, and the role of particular government agencies.

Dated:  November 11, 2019

Respectfully submitted,

CONCORD MANAGEMENT AND
CONSULTING LLC

By Counsel

/s/*Eric A. Dubelier*
Eric A. Dubelier (D.C. Bar No. 419412)
Katherine Seikaly (D.C. Bar No. 498641)
REED SMITH LLP
1301 K Street, N.W.
Suite 1000 – East Tower
Washington, D.C. 20005
202-414-9200 (phone)
202-414-9299 (fax)
edubelier@reedsmith.com
kseikaly@reedsmith.com

# Exhibit 1

To Defendant Concord Management and
Consulting LLC's Motion to Compel Compliance
with Fed. R. Crim. P. 16



**Eric A. Dubelier**
Direct Phone:  +1 202 414 9291
Email:  edubelier@reedsmith.com

Reed Smith LLP
7900 Tysons One Place
Suite 500
McLean, VA 22102-5979
Tel +1 703 641 4200
Fax +1 703 641 4340
reedsmith.com

April 11, 2018

**Via Electronic Mail**

Jeannie Sclafani Rhee
United States Department of Justice
Special Counsel's Office
950 Pennsylvania Avenue, NW
Washington, DC  20005

**Re:**   *United States v. Concord Management and Consulting LLC, Case Number 1:18-cr-00032-DLF*

Dear Ms. Rhee:

This letter constitutes the initial discovery request on behalf of our client Concord Management and Consulting LLC ("Concord").  We intend to supplement this letter as necessary.

In accordance with the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, Local Criminal Rules, applicable federal statutes, cases and constitutional requirements, we ask the government to furnish or permit discovery, inspection and the right to copy the following materials in the possession, custody or control of the government, and/or the existence of which is known or by the exercise of due diligence may become known to the government.

A.   **Rule 16 Requests**

1.   All written or recorded statements, or copies thereof, made by any owner, officer, agent or employee of Concord.  This request calls for discovery of written or recorded statements as well as recordings of conversations by any means, including stenographically, mechanically, or by an electronic recording device, whether made before or after the indictment, and whether in response to interrogation or not.  The term "statements" encompasses statements in whatever form preserved, including agents' rough notes.

2.   That portion of all written records containing the substance of any oral statement or utterance made by any owner, officer, agent or employee of Concord, whether before or after indictment, in response to interrogation by any person then known to be a government agent - without regard to whether the prosecution intends to use the statement at trial.

3.   Any recorded testimony of any owner, officer, agent or employee of Concord that relates to the offenses charged, whether at a deposition before a governmental agency, entity or instrumentality,



April 11, 2018
Page 2


4.      The substance of any other relevant oral statement made by any owner, officer, agent or employee of Concord, whether before or after indictment, in response to interrogation by any person then known by any owner, officer, agent or employee of Concord to be a state or federal government agent if the government intends to use that statement at trial.  This requested disclosure covers oral statements as to which there is no written record so long as the prosecution intends to make some use of the statement at trial, even if only for impeachment purposes.

5.      Any books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, and which are material to the preparation of the defense.

6.      Any books, papers, documents, photographs, tangible objects, buildings or places, or copies of portions thereof which are within the possession, custody or control of the government, and which are intended for use by the government as evidence in chief at trial.

7.      Any books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, and which were obtained from or belonged to Concord, or any owner, officer, agent or employee thereof.

8.      Any books, papers, documents, photographs, tangible objects, buildings, or places or copies thereof, which are within the possession, custody or control of the government, that (a) are referred to in the indictment; (b) relate to any statement of fact in the indictment; (c) relate to any element of the offenses set forth in the indictment; (d) constitute the fruits of or means of perpetrating any of the offenses set forth in the indictment; (e) relate to the involvement of uncharged participants in the alleged conspiracy.

9.      All results or reports of physical or mental examinations and of scientific tests or experiments, or copies thereof, which are: (a) material to the preparation of the defense; (b) intended for use by the government as evidence in chief at trial; or (c) which were prepared by a witness whom the government intends to call at the trial when the results or reports relate to that witness's testimony.

10.     A written list of the names, addresses and qualifications of all experts the government intends to call as witnesses at trial, together with all reports made by such experts, or if reports have not been made, a written summary of the opinion and subject matter of the opinion to which each is to testify, and the bases and reasons therefor.

11.     Please provide reasonable notice in advance of trial of the general nature of any evidence of "other crimes, wrongs, or acts" the prosecution intends to use at trial, under Rule 404(b).



April 11, 2018
Page 3

**B.     Rule 12 Requests**

As a predicate to motions pursuant to Federal Rule of Criminal Procedure 12, the government is requested to turn over to defense counsel and to disclose:

1.     From 1945 to present, each and every instance where any officer, employee and/or agent of the United States Government engaged in operations to interfere with elections and political processes in any foreign country; including but not limited to information relating to whether any such activity utilized propaganda in any format, including but not limited to the use of social media.  This disclosure should include any and all information regarding the use of  computer infrastructure inside and outside of the United States, false foreign identities, goals to sow discord in a foreign political system, assistance to a foreign elected official or candidate, attacks on a foreign elected official or candidate, assassination or conspiracy to assassinate a foreign elected official or candidate, buying political advertisements, posing as foreign persons and/or failure to honestly identify to foreign voters the involvement of any officer, employee or agent of the United States Government.

2.     From 1945 to present, each and every instance where any United States or foreign person has been charged by the government with violating 18 U.S.C. 371, for allegedly impairing, obstructing and defeating lawful governmental functions of the United States by dishonest means in order to interfere with the United States' political and electoral processes.

3.     Any documents reflecting or relating to any wire communications or oral communications intercepted by state or federal law enforcement authorities, to which any owner, officer, agent or employee of Concord was a party, or during which any such owner, officer, employee or agent was present.

4.     Whether any evidence or information in the government's possession, custody, or control was obtained by search and seizure, electronic surveillance, a beeper or other tracking device, a pen register or a mail cover from the defendant or its premises, together with a description of such evidence, all applications and affidavits submitted in support thereof, all court orders in connection therewith, and all inventory orders, inventories and reports of service thereof.

**C.     Jencks Material**

For the purpose of meeting the government's obligation to produce certain "statements" under 18 U.S.C. § 3500 (Jencks Act), Federal Rule of Criminal Procedure 26.2, and Brady v. Maryland, 373 U.S. 83 (1963), we request that any and all handwritten or informal notes of witness interviews be preserved. In order to move this case as expeditiously as possible, it is requested that required "statements" be provided as far in advance of trial as possible.



April 11, 2018
Page 4


D.    **Brady Requests**

Pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny, including <u>United States v. Agurs</u>, 427 U.S. 97 (1976), and <u>Giglio v. United States</u>, 405 U.S. 150 (1972), defendants request disclosure of all exculpatory or impeaching material in the government's possession, custody, or control or otherwise known to the government, including, without limitation:

1.    The identity of any informant who was a participant in any transaction related to the subject of the indictment, and any and all records or other information related to applications by, promises made to, and payment or other things of value provided to any such informant/cooperating source, including any such records or information contained in the files of any law enforcement agency, or other federal agency.

2.    Any and all records and information revealing prior criminal convictions of each witness the government intends to call at trial.

3.    Any and all records and information revealing prior or subsequent misconduct, criminal acts or bad acts of any witness the prosecutor intends to call at trial.

4.    Any and all considerations or promises of consideration given or suggested during the course of the investigation and preparation of this matter by any law enforcement officials, including prosecutors or agents, police, or informers, to or on behalf of any witness the government intends to call at trial, or any such consideration or promises solicited, expected or hoped for by any such witness at any future time.  Such "considerations" refer to anything which arguably could be of value or use to a witness, including but not limited to all promises, understandings or agreements - formal or informal - for leniency, favorable treatment or recommendations, or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, administrative, regulatory, or other matter involving the state or federal government, any other authority, or other parties; civil, criminal, or tax immunity grants; relief from forfeiture; payments of money, rewards or fees, witness fees and special witness fees; provisions of food, clothing, transportation, legal services or other benefits; placement in a "witness protection" program; informer status of the witness; letters to anyone informing the recipient of the witness's cooperation; recommendations concerning federal aid or benefits; recommendations concerning licensing, certification or registration; recommendations concerning ingress to and egress from the United States; promises to take affirmative action to help the status of the witness in a profession, business or employment or promises not to jeopardize such status; aid or efforts in securing or maintaining the business or employment of a witness; aid or efforts on behalf of the witness's family; and anything else which arguably could reveal an interest, motive or bias in the witness in favor of the prosecution or against any defendant or act as an inducement to testify or to color his testimony.

5.    Any written or oral statements, whether or not reduced to writing, made by any person which in any way reasonably or conceivably contradicts or is inconsistent with or different from the testimony or expected testimony of such person or any other person the government intends to call as a



April 11, 2018
Page 5

witness at trial, or which otherwise reflect upon the credibility, competency, bias or motive of any prosecution witness.

We are available to confer with you with a view to completing the discovery aspect of this case in an efficient and expeditious manner.

Very truly yours,

Eric A. Dubelier

# Exhibit 2

To Defendant Concord Management and
Consulting LLC's Motion to Compel Compliance
with Fed. R. Crim. P. 16

| | |
|---|---|
| **From:** | Dubelier, Eric A. |
| **Sent:** | Monday, March 11, 2019 8:52 AM |
| **To:** | Kravis, Jonathan (USADC); Seikaly, Kate J |
| **Cc:** | Rakoczy, Kathryn (USADC); Curtis, Deborah (USADC); Jones, Luke (USADC); Jeannie Rhee              ); Rush Atkinson              ) |
| **Subject:** | Concord / Rule 16 (a)(1)(G) |

Jonathan:

Prior to the USAO and DOJ joining the case we requested in writing that the SCO provide testimony summaries pursuant to Rule 16(a)(1)(G).  As with every request we have made to the SCO we received no written reply.  As I mentioned in the hearing last week the discovery contains technical reports regarding how certain companies identified suspect accounts allegedly operated by IRA.  Can you please let us know if the government intends to provide testimony summaries regarding these reports, or in the alternative whether you (1) do not intend to use any such evidence at trial, and/or (2) you maintain that any such evidence does not fall within the provisions of Rule 16(a)(1)(G).

Thanks, Eric

**Eric A. Dubelier**
202-414-9291
edubelier@reedsmith.com

Reed Smith LLP
1301 K Street, N.W.
Suite 1100 - East Tower
Washington, D.C. 20005
202-414-9200
Fax 202-414-9299

# Exhibit 3

To Defendant Concord Management and
Consulting LLC's Motion to Compel Compliance
with Fed. R. Crim. P. 16

| From: | Kravis, Jonathan (USADC) <Jonathan.Kravis3@usdoj.gov> |
| --- | --- |
| Sent: | Friday, April 12, 2019 9:56 AM |
| To: | Seikaly, Kate J |
| Cc: | Dubelier, Eric A.; jsr@usdoj.gov; Curtis, Deborah (USADC); Rakoczy, Kathryn (USADC); Alpino, Heather (NSD) (JMD); Atkinson, Lawrence (CRM); Jones, Luke (USADC) |
| Subject: | RE: Concord |

==EXTERNAL E-MAIL==

My apologies for not getting back to you on this sooner.  I had been tied up the last few weeks trying to work out the details of the now-abandoned Concord employee review of sensitive discovery in the United States.  Here are our responses to your inquiries:

With respect to the materials identified in Eric's March 11, 2019 email, the government does intend to introduce evidence related to the reports about how the IRA accounts were identified.  We have not yet decided whether that evidence will be introduced through an expert witness or through lay witness testimony.  We will certainly comply with any deadline for expert notice set by the Court as part of a pretrial scheduling order.

With respect to your email dated March 12, 2019, the government is not aware of any exculpatory evidence.  As Concord has noted in its filings, including its motion to dismiss for failure to state an offense under 18 USC 371, the absence of certain information from the target accounts (such as information reflecting an awareness of the requirements of the Federal Election Campaign Act or the Foreign Agents Registration Act) could be viewed as exculpatory.

Thanks,
Jonathan

Jonathan Kravis
Deputy Chief, Fraud and Public Corruption Section
U.S. Attorney's Office for the District of Columbia
202-252-6886

From: Seikaly, Kate J <KSeikaly@ReedSmith.com>
Sent: Thursday, April 11, 2019 2:31 PM
To: Kravis, Jonathan (USADC) <JKravis1@usa.doj.gov>
Cc: Dubelier, Eric A. <EDubelier@ReedSmith.com>; jsr@usdoj.gov; lra@usdoj.gov; Curtis, Deborah (USADC) <DCURTIS4@usa.doj.gov>; Rakoczy, Kathryn (USADC) <KRakoczy2@usa.doj.gov>
Subject: RE: Concord

Jonathan,

Can you please provide us with a date certain within the next week that we will have a response from you on the questions below?

Thanks,
Kate

From: Kravis, Jonathan (USADC) <Jonathan.Kravis3@usdoj.gov>
Sent: Tuesday, April 2, 2019 8:33 AM

**To:** Seikaly, Kate J <KSeikaly@ReedSmith.com>
**Cc:** Dubelier, Eric A. <EDubelier@ReedSmith.com>; jsr@usdoj.gov; lra@usdoj.gov; Curtis, Deborah (USADC) <Deborah.Curtis@usdoj.gov>; Rakoczy, Kathryn (USADC) <Kathryn.Rakoczy@usdoj.gov>
**Subject:** RE: Concord

==**EXTERNAL E-MAIL**==

I'll get back to you on these.

Jonathan Kravis
Deputy Chief, Fraud and Public Corruption Section
U.S. Attorney's Office for the District of Columbia
202-252-6886

---

**From:** Seikaly, Kate J <KSeikaly@ReedSmith.com>
**Sent:** Monday, April 1, 2019 3:37 PM
**To:** Kravis, Jonathan (USADC) <JKravis1@usa.doj.gov>
**Cc:** Dubelier, Eric A. <EDubelier@ReedSmith.com>; jsr@usdoj.gov; lra@usdoj.gov; Curtis, Deborah (USADC) <DCURTIS4@usa.doj.gov>; Rakoczy, Kathryn (USADC) <KRakoczy2@usa.doj.gov>
**Subject:** Concord

Jonathan,

On March 11, Eric sent an email requesting that you let us know whether the government intends to provide testimony summaries pursuant to Rule 16(a)(1)(G) relating to technical reports contained in the discovery materials.  On March 12, I sent an email requesting clarification of the government's position regarding exculpatory information.  We have not yet received responses to either of these requests.  Will you please respond to both?

Thanks,
Kate


**Kate Seikaly**
703.641.4231
kseikaly@reedsmith.com

Reed Smith LLP
7900 Tysons One Place
Suite 500
McLean, VA  22102-5979
+1 703 641 4200
Fax +1 703 641 4340


* * *

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01

# Exhibit 4

To Defendant Concord Management and
Consulting LLC's Motion to Compel Compliance
with Fed. R. Crim. P. 16



U.S. Department of Justice

Jessie K. Liu
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

November 1, 2019

Eric Dubelier, Esq.
Katherine Seikaly, Esq.

   Re:   <u>*U.S. v. Concord Management and Consulting, LLC*</u>*, Case No. 18-CR-32-2 (DLF)*

Dear Counsel:

   At the trial of the above-captioned matter, the United States does not intend to introduce expert testimony pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G), nor does it intend to introduce evidence pursuant to Rule 404(b) of the Federal Rules of Evidence.

   To be clear, the government does anticipate calling witnesses to testify regarding topics that may be unfamiliar to jurors.  Examples of such topics include, but are not limited to:  the Internet, social media websites, and the role of particular government agencies.  It is the government's position that such testimony will be admissible through fact witnesses.  In addition, as you are aware, the government has obtained evidence in this case pursuant to legal process served on various electronic communications services providers and remote computing services providers.  The government anticipates that a number of exhibits at trial will be derived from this evidence.  It is the government position that such evidence will be admissible through the testimony of custodians of records and other fact witnesses.  The government will provide its exhibit list on or before January 6, 2020, per the Court's Scheduling Order [ECF No. 214].

   Please do not hesitate to contact us if you have any questions about this information.

Sincerely,

/s/_____                    /s/_____
Heather Alpino                                Jonathan Kravis
Trial Attorney                                Kathryn Rakoczy
National Security Division                    Luke Jones
                                              Assistant U.S. Attorneys

1

# Exhibit 5

To Defendant Concord Management and
Consulting LLC's Motion to Compel Compliance
with Fed. R. Crim. P. 16

| From: | Rakoczy, Kathryn (USADC) <Kathryn.Rakoczy@usdoj.gov> |
|-------|------|
| Sent: | Tuesday, November 5, 2019 11:28 AM |
| To: | Dubelier, Eric A.; Seikaly, Kate J |
| Cc: | Kravis, Jonathan (USADC); Jones, Luke (USADC); Alpino, Heather (NSD); Atkinson, Lawrence (CRM); Atkinson, Lawrence (CRM); Dickey, Ryan (CRM) |
| Subject: | RE: U.S. v. Concord - Expert Testimony & 404(b) Notice Deadline |
| | |
| FilingDate: | 11/5/2019 11:45:00 AM |

==**EXTERNAL E-MAIL**==

Hi Eric,

Thank you for taking the time to talk earlier.  As we discussed, we do not expect to elicit testimony (opinion or otherwise) that would trigger an obligation to provide notice under Rule 16(a)(1)(G), and we flagged the additional information in our letter (regarding anticipated fact testimony), because we thought it would be helpful context for you and the Court in advance of trial, but we believe conversations and litigation about the admissibility of this evidence would be much more productive after the parties' exchange of exhibit lists at the beginning of January 2020.  As I mentioned on the call, we are open to proposing to the Court amendments to the Scheduling Order to ensure that the defense has the opportunity to file any pleadings challenging the admissibility of this evidence and/or to modify its own expert notice if you think it is appropriate after reviewing our exhibit list.  I understand from our call that you do not feel that such an option would be sufficient, and that you may soon file a motion to compel, but if you would like to discuss this matter further, please let us know.

Thanks,
Kate


**Kathryn L. Rakoczy**
Assistant United States Attorney
United States Attorney's Office
555 Fourth Street, N.W., Room 5239
Washington, D.C. 20530
(202) 252-6928 (office phone)
(202) 740-3245 (cell phone)
Kathryn.Rakoczy@usdoj.gov

---

**From:** Dubelier, Eric A. <EDubelier@ReedSmith.com>
**Sent:** Monday, November 4, 2019 2:43 PM
**To:** Rakoczy, Kathryn (USADC) <KRakoczy2@usa.doj.gov>; Seikaly, Kate J <KSeikaly@ReedSmith.com>
**Cc:** Kravis, Jonathan (USADC) <JKravis1@usa.doj.gov>; Jones, Luke (USADC) <LJones2@usa.doj.gov>; Alpino, Heather (NSD) <halpino@jmd.usdoj.gov>; Atkinson, Lawrence (CRM) <Lawrence.Atkinson@crm.usdoj.gov>; Atkinson, Lawrence (CRM) <Lawrence.Atkinson@crm.usdoj.gov>; Dickey, Ryan (CRM) <Ryan.Dickey@CRM.USDOJ.GOV>
**Subject:** RE: U.S. v. Concord - Expert Testimony & 404(b) Notice Deadline


Kate:

Your letter does not provide sufficient information for us to determine if you will be "proffering an expert witness in lay witness's clothing and thereby avoid[ing] the disclosure and other requirements . . ." applicable to expert testimony.  *See U.S. v. Williams*, 827 F.3d 1134, 1156 (D.C. Cir. 2016).  Your admission that you intend to call witnesses to testify about topics that may be unfamiliar to jurors indicates to us that this testimony will be based on specialized knowledge.  It is impossible for us to prepare for trial and determine what witnesses we may call to rebut this testimony without knowing the substance of the testimony well in advance of trial.  That is the precise reason why F.R.Cr.P. 16(a)(1)(G) requites such notice and report.  If your letter is your final word on this issue then will we take it up with the court.  But I figured it was worth one more communication with you to see if you will provide any further details of this proposed testimony.

Thanks, Eric

**Eric A. Dubelier**
202-414-9291
edubelier@reedsmith.com

Reed Smith LLP

1301 K Street, N.W.
Suite 1100 - East Tower
Washington, D.C. 20005
202-414-9200
Fax 202-414-9299

---

**From:** Rakoczy, Kathryn (USADC) <Kathryn.Rakoczy@usdoj.gov>
**Sent:** Friday, November 1, 2019 6:55 PM
**To:** Dubelier, Eric A. <EDubelier@ReedSmith.com>; Seikaly, Kate J <KSeikaly@ReedSmith.com>
**Cc:** Kravis, Jonathan (USADC) <Jonathan.Kravis3@usdoj.gov>; Jones, Luke (USADC) <Luke.Jones@usdoj.gov>; Alpino, Heather (NSD) <Heather.Alpino@usdoj.gov>; Atkinson, Lawrence (CRM) <Lawrence.Atkinson2@usdoj.gov>; Atkinson, Lawrence (CRM) <Lawrence.Atkinson2@usdoj.gov>; Dickey, Ryan (CRM) <Ryan.Dickey@usdoj.gov>
**Subject:** U.S. v. Concord - Expert Testimony & 404(b) Notice Deadline

==EXTERNAL E-MAIL==

Dear Counsel,

Please see the attached letter regarding expert and 404(b) notice.

Have a good weekend,
Kate Rakoczy

**Kathryn L. Rakoczy**
Assistant United States Attorney
United States Attorney's Office
555 Fourth Street, N.W., Room 5239
Washington, D.C. 20530
(202) 252-6928 (office phone)
(202) 740-3245 (cell phone)
Kathryn.Rakoczy@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

CONCORD MANAGEMENT AND
CONSULTING LLC,

     Defendant.

CRIMINAL NUMBER:

1:18-cr-00032-2-DLF

## PROPOSED ORDER

Upon consideration of Defendant Concord Management and Consulting LLC's Motion to Compel Compliance with Fed. R. Crim. P. 16, and any opposition thereto, it is hereby **ORDERED** that the motion is **GRANTED**.

The government shall provide Defendant with the names of witnesses and written summaries required by Rule 16 for any testimony that the government intends to use during its case-in-chief that is based on scientific, technical, or other specialized knowledge about any topic that may be unfamiliar to jurors, including but not limited to testimony regarding the internet, social media websites, and the role of particular government agencies.

**SO ORDERED.**

Dated: _____

_____
Dabney L. Friedrich
United States District Judge