# Exhibit 1

To Defendant Concord Management and Consulting LLC's Motion to Compel Compliance with Fed. R. Crim. P. 16



Reed Smith LLP
7900 Tysons One Place
Suite 500
McLean, VA 22102-5979
Tel +1 703 641 4200
Fax +1 703 641 4340
reedsmith.com

**Eric A. Dubelier**
Direct Phone:  +1 202 414 9291
Email:  edubelier@reedsmith.com

April 11, 2018

**Via Electronic Mail**

Jeannie Sclafani Rhee
United States Department of Justice
Special Counsel's Office
950 Pennsylvania Avenue, NW
Washington, DC  20005

**Re:**   *United States v. Concord Management and Consulting LLC, Case Number 1:18-cr-00032-DLF*

Dear Ms. Rhee:

     This letter constitutes the initial discovery request on behalf of our client Concord Management and Consulting LLC ("Concord").  We intend to supplement this letter as necessary.

     In accordance with the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, Local Criminal Rules, applicable federal statutes, cases and constitutional requirements, we ask the government to furnish or permit discovery, inspection and the right to copy the following materials in the possession, custody or control of the government, and/or the existence of which is known or by the exercise of due diligence may become known to the government.

**A.**   **Rule 16 Requests**

    1.   All written or recorded statements, or copies thereof, made by any owner, officer, agent or employee of Concord.  This request calls for discovery of written or recorded statements as well as recordings of conversations by any means, including stenographically, mechanically, or by an electronic recording device, whether made before or after the indictment, and whether in response to interrogation or not.  The term "statements" encompasses statements in whatever form preserved, including agents' rough notes.

    2.   That portion of all written records containing the substance of any oral statement or utterance made by any owner, officer, agent or employee of Concord, whether before or after indictment, in response to interrogation by any person then known to be a government agent - without regard to whether the prosecution intends to use the statement at trial.

    3.   Any recorded testimony of any owner, officer, agent or employee of Concord that relates to the offenses charged, whether at a deposition before a governmental agency, entity or instrumentality,

ABU DHABI ♦ ATHENS ♦ BEIJING ♦ CENTURY CITY ♦ CHICAGO ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG ♦ HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH
NEW YORK ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

EME_ACTIVE-568985716.1



April 11, 2018
Page 2

    4.    The substance of any other relevant oral statement made by any owner, officer, agent or employee of Concord, whether before or after indictment, in response to interrogation by any person then known by any owner, officer, agent or employee of Concord to be a state or federal government agent if the government intends to use that statement at trial. This requested disclosure covers oral statements as to which there is no written record so long as the prosecution intends to make some use of the statement at trial, even if only for impeachment purposes.

    5.    Any books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, and which are material to the preparation of the defense.

    6.    Any books, papers, documents, photographs, tangible objects, buildings or places, or copies of portions thereof which are within the possession, custody or control of the government, and which are intended for use by the government as evidence in chief at trial.

    7.    Any books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, and which were obtained from or belonged to Concord, or any owner, officer, agent or employee thereof.

    8.    Any books, papers, documents, photographs, tangible objects, buildings, or places or copies thereof, which are within the possession, custody or control of the government, that (a) are referred to in the indictment; (b) relate to any statement of fact in the indictment; (c) relate to any element of the offenses set forth in the indictment; (d) constitute the fruits of or means of perpetrating any of the offenses set forth in the indictment; (e) relate to the involvement of uncharged participants in the alleged conspiracy.

    9.    All results or reports of physical or mental examinations and of scientific tests or experiments, or copies thereof, which are: (a) material to the preparation of the defense; (b) intended for use by the government as evidence in chief at trial; or (c) which were prepared by a witness whom the government intends to call at the trial when the results or reports relate to that witness's testimony.

    10.    A written list of the names, addresses and qualifications of all experts the government intends to call as witnesses at trial, together with all reports made by such experts, or if reports have not been made, a written summary of the opinion and subject matter of the opinion to which each is to testify, and the bases and reasons therefor.

    11.    Please provide reasonable notice in advance of trial of the general nature of any evidence of "other crimes, wrongs, or acts" the prosecution intends to use at trial, under Rule 404(b).



April 11, 2018
Page 3

### B. Rule 12 Requests

As a predicate to motions pursuant to Federal Rule of Criminal Procedure 12, the government is requested to turn over to defense counsel and to disclose:

1. From 1945 to present, each and every instance where any officer, employee and/or agent of the United States Government engaged in operations to interfere with elections and political processes in any foreign country; including but not limited to information relating to whether any such activity utilized propaganda in any format, including but not limited to the use of social media. This disclosure should include any and all information regarding the use of computer infrastructure inside and outside of the United States, false foreign identities, goals to sow discord in a foreign political system, assistance to a foreign elected official or candidate, attacks on a foreign elected official or candidate, assassination or conspiracy to assassinate a foreign elected official or candidate, buying political advertisements, posing as foreign persons and/or failure to honestly identify to foreign voters the involvement of any officer, employee or agent of the United States Government.

2. From 1945 to present, each and every instance where any United States or foreign person has been charged by the government with violating 18 U.S.C. 371, for allegedly impairing, obstructing and defeating lawful governmental functions of the United States by dishonest means in order to interfere with the United States' political and electoral processes.

3. Any documents reflecting or relating to any wire communications or oral communications intercepted by state or federal law enforcement authorities, to which any owner, officer, agent or employee of Concord was a party, or during which any such owner, officer, employee or agent was present.

4. Whether any evidence or information in the government's possession, custody, or control was obtained by search and seizure, electronic surveillance, a beeper or other tracking device, a pen register or a mail cover from the defendant or its premises, together with a description of such evidence, all applications and affidavits submitted in support thereof, all court orders in connection therewith, and all inventory orders, inventories and reports of service thereof.

### C. Jencks Material

For the purpose of meeting the government's obligation to produce certain "statements" under 18 U.S.C. § 3500 (Jencks Act), Federal Rule of Criminal Procedure 26.2, and Brady v. Maryland, 373 U.S. 83 (1963), we request that any and all handwritten or informal notes of witness interviews be preserved. In order to move this case as expeditiously as possible, it is requested that required "statements" be provided as far in advance of trial as possible.



April 11, 2018
Page 4

      **D.**     **Brady Requests**

Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, including United States v. Agurs, 427 U.S. 97 (1976), and Giglio v. United States, 405 U.S. 150 (1972), defendants request disclosure of all exculpatory or impeaching material in the government's possession, custody, or control or otherwise known to the government, including, without limitation:

      1.     The identity of any informant who was a participant in any transaction related to the subject of the indictment, and any and all records or other information related to applications by, promises made to, and payment or other things of value provided to any such informant/cooperating source, including any such records or information contained in the files of any law enforcement agency, or other federal agency.

      2.     Any and all records and information revealing prior criminal convictions of each witness the government intends to call at trial.

      3.     Any and all records and information revealing prior or subsequent misconduct, criminal acts or bad acts of any witness the prosecutor intends to call at trial.

      4.     Any and all considerations or promises of consideration given or suggested during the course of the investigation and preparation of this matter by any law enforcement officials, including prosecutors or agents, police, or informers, to or on behalf of any witness the government intends to call at trial, or any such consideration or promises solicited, expected or hoped for by any such witness at any future time.  Such "considerations" refer to anything which arguably could be of value or use to a witness, including but not limited to all promises, understandings or agreements - formal or informal - for leniency, favorable treatment or recommendations, or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, administrative, regulatory, or other matter involving the state or federal government, any other authority, or other parties; civil, criminal, or tax immunity grants; relief from forfeiture; payments of money, rewards or fees, witness fees and special witness fees; provisions of food, clothing, transportation, legal services or other benefits; placement in a "witness protection" program; informer status of the witness; letters to anyone informing the recipient of the witness's cooperation; recommendations concerning federal aid or benefits; recommendations concerning licensing, certification or registration; recommendations concerning ingress to and egress from the United States; promises to take affirmative action to help the status of the witness in a profession, business or employment or promises not to jeopardize such status; aid or efforts in securing or maintaining the business or employment of a witness; aid or efforts on behalf of the witness's family; and anything else which arguably could reveal an interest, motive or bias in the witness in favor of the prosecution or against any defendant or act as an inducement to testify or to color his testimony.

      5.     Any written or oral statements, whether or not reduced to writing, made by any person which in any way reasonably or conceivably contradicts or is inconsistent with or different from the testimony or expected testimony of such person or any other person the government intends to call as a



April 11, 2018
Page 5

witness at trial, or which otherwise reflect upon the credibility, competency, bias or motive of any prosecution witness.

    We are available to confer with you with a view to completing the discovery aspect of this case in an efficient and expeditious manner.

Very truly yours,

Eric A. Dubelier