# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

CONCORD MANAGEMENT AND
CONSULTING LLC,

     Defendant.

CRIMINAL NUMBER:

1:18-cr-00032-2-DLF

## PARTIES' JOINT SUBMISSION REGARDING PROPOSED JURY INSTRUCTIONS

Concord Management and Consulting LLC and the United States of America respectfully file this joint submission regarding proposed jury instructions.  Consistent with the Court's instructions, the parties are jointly submitting as Exhibit 1 hereto their proposals for jury instructions.  Exhibit 1 specifies the instructions on which the parties agree and the instructions on which the parties disagree, including specific objections and supporting legal authority.

The parties request the opportunity to brief the areas of disagreement and suggest setting a briefing schedule during the upcoming November 15, 2019 status conference.

Dated:  November 12, 2019                              Respectfully submitted,

JESSIE K. LIU
United States Attorney

By: /s/
Jonathan Kravis
Luke Jones
Kathryn Rakoczy
555 Fourth Street NW
Washington, D.C. 20530
Telephone: (202) 252-6886

JOHN C. DEEMERS
Assistant Attorney General
for National Security

By: /s/
Heather N. Alpino
U.S. Department of Justice
National Security Division
950 Pennsylvania Ave. NW
Washington, D.C. 20530
Telephone: (202) 514-2000

CONCORD MANAGEMENT AND
CONSULTING LLC

By Counsel

/s/ *Eric A. Dubelier*
Eric A. Dubelier (D.C. Bar No. 419412)
Katherine Seikaly (D.C. Bar No. 498641)
REED SMITH LLP
1301 K Street, N.W.
Suite 1000 – East Tower
Washington, D.C. 20005
202-414-9200 (phone)
202-414-9299 (fax)
edubelier@reedsmith.com
kseikaly@reedsmith.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

v.

CONCORD MANAGEMENT AND
CONSULTING LLC

Defendant.

CRIMINAL NUMBER:

1:18-cr-00032-2-DLF

## PROPOSED JURY INSTRUCTIONS

The United States of America and Defendant Concord Management and Consulting LLC

respectfully propose the following jury instructions.  The parties agree on all instructions unless

otherwise noted in **BOLD**.

**Proposed Instructions from the Standardized Criminal Jury Instructions
for the District of Columbia**

Instruction No. 1.102 Preliminary Instruction Before Trial

Instruction No. 1.103 Definitions

**Government's Proposed Instruction No. 1.105 Notetaking by Jurors**

Instruction No. 1.106 Questions by Jurors

Instruction No. 1.107 Preliminary Instruction Alternate Juror

Instruction No. 1.108  Juror Recognition of Witness

Instruction No. 1.202  Cautionary Instruction on Use of the Internet and Publicity

Instruction No. 2.100  Furnishing the Jury with a Copy of the Instructions

Instruction No. 2.101 Function of the Court

Instruction No. 2.102 Function of the Jury

Instruction No. 2.103  Jury's Recollection Controls

Instruction No. 2.104 Evidence in the Case – Judicial Notice, Stipulations, Depositions

Instruction No. 2.105 Statements of Counsel

Instruction No. 2.106 Indictment Not Evidence

Instruction No. 2.107 Burden of Proof – Presumption of Innocence

**Disputed Proposed Instruction: Corporate Defendant Can Appear Through Counsel**

Instruction No. 2.108 Reasonable Doubt (Version Approved for U.S. District Court)

**Disputed Proposed Instruction: Corporate Responsibility**

Instruction No. 2.109 Direct and Circumstantial Evidence

Instruction No. 2.110 Nature of Charges Not to Be Considered

Instruction No. 2.111  Number of Witnesses

Instruction No. 2.112 Inadmissible and Stricken Evidence

Instruction No. 2.200 Credibility of Witnesses

Instruction No. 2.202 Accomplice's Testimony (if applicable)

Instruction No. 2.203 Witness with a Plea Agreement (if applicable)

Instruction No. 2.204 Testimony of Immunized Witness (if applicable)

Instruction No. 2.205 Informer's Testimony (if applicable)

Instruction No. 2.207 Law Enforcement Officer's Testimony

Instruction No. 2.208 Right of Defendant Not to Testify

Instruction No. 2.215 Specialized Opinion Testimony (if applicable)

Instruction No. 2.216 Evaluation of Prior Inconsistent Statement of a Witness (if applicable)

**Government's Proposed Instruction No. 2.303 Suppression or Fabrication of Evidence**

Instruction No. 2.307 Motive

Instruction No. 2.311 Translation of Foreign Language Document (if applicable)

**Concord's Proposed Instruction: Theory of Defense (To be provided at close of the case)**

**Government's Proposed Instruction No. 2.405 General Unanimity**

**Concord's Proposed Instruction No. 2.406 Special Unanimity**

**Concord's Proposed Instruction No. 2.407 Verdict Form Explanation**

**Concord's Proposed Verdict Form**

Instruction No. 2.500 Redacted Documents and Tapes (if applicable)

Instruction No. 2.501 Exhibits During Deliberations

Instruction No. 2.502 Selection of Foreperson

Instruction No. 2.505 Possible Punishment Not Relevant

Instruction No. 2.508 Cautionary Instruction on Publicity, Communication and Research

Instruction No. 2.509 Communications Between Court and Jury During Deliberations

Instruction No. 2.510 Attitude and Conduct of Jurors in Deliberations

Instruction No. 2.511 Excusing Alternate Jurors

Instruction No. 2.600 Court Interaction with Jury During Deliberations – Note

**Government's Proposed Instruction No. 3.101 Proof of State of Mind**

Instruction No. 3.102 Willfully Causing an Act to be Done

**Concord's Proposed Instruction: Good Faith**

Instruction No. 3.103 Proof of "on or about"

**Disputed Instruction: Conspiracy Charge**

Instruction No. 7.103 Co-conspirator Liability

Parties' Proposed Instruction: Delivering the Verdict

**Government's Proposed Instruction: 1.105 Notetaking By Jurors**

The government proposes reading Red Book Instruction 1.105A (at the outset of the trial) and Red Book Instruction 1.105B (at the conclusion of trial) to the Jury. It is within the discretion of the trial court to decide whether to allow jurors to take notes, *Goodloe v. United States*, 168 F.2d 621, 621-22 (D.C. Cir. 1950), and because of the anticipated length and complexity of this trial, the government submits that it would be a sound exercise of the Court's discretion to permit those jurors who would like to take notes to do so.

**Concord's Position Regarding Notetaking by Jurors**

Concord's position is that the jurors should not be permitted to take notes and that this instruction is unnecessary. *See Goodloe v. United States*, 168 F.2d 621, 621-22 (D.C. Cir. 1950) (noting that whether to allow jurors to take notes is within the sound discretion of the trial court); D.C. Jury Instruction 1.105, Instruction When Notetaking is Not Permitted (noting reasons for not permitting jurors to take notes). Even when a trial will be lengthy and complex, courts have properly exercised their discretion to prohibit juror notetaking. *See United States v. Baker*, 10 F.3d 1374, 1403 (9th Cir. 1993) (observing that the district court properly articulated several reasons for prohibiting notetaking, including distraction, selective recording of evidence, and reliance on inaccurate notes), *overruled on other grounds*, *United States v. Nordby*, 225 F.3d 1053 (9th Cir. 2000); *United States v. Darden*, 70 F.3d 1507, 1536-37 (8th Cir. 1995) ("Note taking by jurors is not a favored procedure. As we have stated, trial courts are properly concerned that the juror with the most detailed notes, whether accurate or not, may dominate jury deliberations. . . . The length and complexity of this trial does not diminish that concern. Indeed, in a long and complex trial the juror with the better notes may more easily dominate deliberations."); *Cavanagh v. LaManna*, No. 05-cv-2842, 2007 WL 895473, at *3 (D.S.C. Mar. 21, 2007) (outlining arguments against allowing juror notetaking, including the potential that a juror will "concentrate on their own notes

rather than the demeanor or manner of the witness," and that "the jurors who take the notes take a more important position in the minds of the jurors who didn't take notes and they tend to rely on those jurors rather than their own observation").

**Concord's Proposed Instruction: Corporate Defendant Can Appear Through Counsel**

Defendant Concord Management and Consulting LLC ("Concord") is a Russian corporation with no legal presence in the United States.  **A corporate defendant may appear in court through its counsel who is present.**  You must not consider in any way in your deliberations the fact that Concord has elected to lawfully appear through counsel and that no other corporate representative is present.

*See Fed. R. Cr. P.* 43(b)(1)


**Government's Proposed Instruction: Corporate Defendant**

Defendant Concord Management and Consulting LLC ("Concord") is a Russian corporation with no legal presence in the United States.  You must not consider in any way in your deliberations the fact that Concord has elected to lawfully appear through counsel and that no other corporate representative is present.

**Concord's Proposed Instruction: Corporate Responsibility**

Defendant Concord Management and Consulting LLC ("Concord") is a corporation in Russia. A corporation may be found guilty of a criminal offense. A corporation can act only through its agents – that is, its directors, officers, employees, and other persons authorized to act for it.

To find a corporate defendant guilty, you must find beyond a reasonable doubt that:

1. The government has proven beyond a reasonable doubt each element of the crime charged.

2. For the second element of the crime charged, which requires that defendant Concord intentionally joined in the agreement, the government must prove beyond a reasonable doubt that this act of intentionally joining in the agreement was committed by one or more of defendant Concord's agents; and

3. In committing this act, the agent or agents intended, at least in part, to benefit the corporation; and

4. This act was within the scope of employment of the agent who committed it.

For an act to be within the scope of an agent's employment, **it must relate directly to the performance of the agent's general duties for the corporation**. It is not necessary that the act itself have been authorized by the corporation.

If an agent was acting within the scope of his employment, the fact that the agent's act was illegal, contrary to his employer's instruction or against the corporation's policies will not relieve the corporation of responsibility for it.

*See United States v. Burden*, No. 14-CR-69, 2016 WL 5800423, Instruction 9 (D.D.C. Sept. 29, 2016).

**Government's Proposed Instruction: Corporate Responsibility**

Defendant Concord Management and Consulting LLC ("Concord") is a corporation in Russia.  A corporation may be found guilty of a criminal offense.  A corporation can act only through its agents – that is, its directors, officers, employees, and other persons authorized to act for it.

To find a corporate defendant guilty, you must find beyond a reasonable doubt that:

1.  The government has proven beyond a reasonable doubt each element of the crime charged.

2.  For the second element of the crime charged, which requires that defendant Concord intentionally joined in the agreement, the government must prove beyond a reasonable doubt that this act of intentionally joining in the agreement was committed by one or more of defendant Concord's agents; and

3.  In committing this act, the agent or agents intended, at least in part, to benefit the corporation; and

4.  This act was within the scope of employment of the agent who committed it.

For an act to be within the scope of an agent's employment, **it must concern a matter that the corporation generally entrusted to the agent**.  It is not necessary that the act itself have been authorized by the corporation.

If an agent was acting within the scope of his employment, the fact that the agent's act was illegal, contrary to his employer's instruction or against the corporation's policies will not relieve the corporation of responsibility for it.

*See United States v. Burden*, No. 14-CR-69, 2016 WL 5800423, Instruction 9 (D.D.C. Sept. 29, 2016); 7th Circuit Pattern Jury Instruction 5.03 (Entity Responsibility).

**Parties' Proposed Instruction: Reasonable Doubt**

The government has the burden of proving the defendant guilty beyond a reasonable doubt as to each count or charge against it.  Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not, which we call the preponderance of evidence.   In criminal cases, the government's proof must be more powerful than that.  It must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.  There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.  If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find the defendant guilty.  If, on the other hand, you think there is a real possibility that a defendant is not guilty, you must give the defendant the benefit of the doubt and find the defendant not guilty.

*See* Template instruction for U.S. District Court, 2.108 Reasonable Doubt.

**Government's Proposed Instruction 2.303 Suppression or Fabrication of Evidence by Defendant**

You have heard evidence that the defendants and their co-conspirators deleted and destroyed data, including emails, social media accounts, and other evidence of their activities.  It is up to you to decide if the defendants and their co-conspirators took these actions and if they did so with the intent to suppress evidence.  If you do find that they did so, you may consider this evidence as tending to show feelings of guilt, which you may, in turn, consider as tending to show actual guilt.  On the other hand, you may also consider that the defendants and their co-conspirators may have taken these actions for reasons fully consistent with innocence in this case.

If you find that the defendants and their co-conspirators suppressed evidence, you should give the evidence as much weight as in your judgment it deserves.

**Concord's Position Regarding Instruction 2.303 Suppression or Fabrication of Evidence by Defendant**

Concord's position is that there is no basis on which to include this instruction and that this instruction should be included only if the evidence at trial merits it.[1]  If the evidence at trial does merit this instruction, Concord's position is that the instruction should refer only to "certain defendants and certain co-conspirators" or to the specific defendants and co-conspirators by name, rather than generally to all "the defendants and their co-conspirators" as proposed by the government.

---

[1] As Concord's counsel has previously raised with the Court, the only allegation in the Indictment regarding destruction of evidence is based on a single inadmissible email from one named defendant to her mother after the appointment of the Special Counsel and worldwide reporting on the allegations of election interference.  *See* Oct. 25, 2019 Hr'g Tr. 12:3-15; Indictment ¶ 58(d). Not only is the email inadmissible, but the defendant's email account was collected as part of the government's investigation, as evidenced by the fact that the government has the email referenced in the Indictment, meaning that the email account was not deleted.

**Government's Proposed Instruction 2.405 General Unanimity Instruction**

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict.  In other words, your verdict must be unanimous.

**Concord's Proposed Instruction 2.406: Unanimity – Special**

Defendant Concord Management and Consulting LLC ("Concord") has been charged with one count of conspiring to defraud the United States.  You have heard evidence of more than one act or incident related to this count.  Concord is charged with intentionally entering into a conspiracy with the intent to impair, obstruct, or defeat a lawful function of a department of the government, specifically the Federal Election Commission, the Department of Justice's Foreign Agent Registration Act Unit and the Department of State's visa function.  You may find Concord guilty on this count if the government proves beyond a reasonable doubt that Concord committed any of these acts.  However, in order to return a guilty verdict on this count, you must all agree that Concord conspired to defraud the Federal Election Commission or you must all agree that Concord conspired to defraud the Department of Justice's Foreign Agent Registration Act Unit or you must all agree that Concord conspired to defraud the Department of State's visa function. Unless you are unanimous in finding beyond a reasonable doubt that Concord intentionally entered into a conspiracy with specific intent to defraud a specific lawful function of a specific department of the government, you must disregard that act in deciding whether Concord is guilty or not guilty of conspiracy.  It is not sufficient that some of the jurors find that Concord defrauded the Federal Election Commission and some of the jurors find that Concord defrauded the Department of Justice's Foreign Agent Registration Act Unit. Your verdict must be unanimous as to Concord's specific intent and the governmental department to which its conduct is directed.

*See United States v. Bikundi*, No. 14-030 (BAH), 2016 WL 912169, at *37-38 (D.D.C. Mar. 7, 2016); *see also United States v. Mangieri*, 694 F.2d 1270, 1279-81 (D.C. Cir. 1982).

### Concord's Proposed Instruction 2.407: Verdict Form Explanation

You will be provided with a Verdict Form for use when you have concluded your deliberations.  The from is not evidence in this case, and nothing in it should be taken to suggest or convey an opinion by me as to what the verdict should be.  Nothing in the form replaces the instructions of law that I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt.  The form is meant only to assist you in recording your verdict.

### Concord's Proposed Verdict Form with Special Interrogatories[2]

Count 1, Conspiracy to Defraud the United States

As to Count 1 of the indictment, charging defendant Concord Management and Consulting LLC with conspiracy to defraud the United States by impairing, obstructing, and defrauding the functions of the Federal Election Commission, the U.S. Department of Justice Foreign Agents Registration Act Unit, and the Department of State, we, the members of the jury, unanimously find Concord:

Guilty _____          Not Guilty _____

We find the defendant GUILTY of conspiracy to defraud the United States because we unanimously agree that (*check one or more; for any selection checked, complete the corresponding question*):

---

[2] As indicated below, the government is not proposing a verdict form with special interrogatories at this time.  Concord's position is that the government should propose its verdict form with special interrogatories in this filing and that its failure to do so constitutes a waiver.  There is not time in the Court's Scheduling Order for the parties to brief the issue of special unanimity, wait for the Court to rule, and then allow the parties to separately brief and argue the verdict form.

_____ Concord intentionally entered into a conspiracy with the specific intent to defraud the United States by impairing, obstructing, and defrauding the functions of the Federal Election Commission in administering federal requirements for disclosure of certain campaign expenditures.

Identify the expenditure(s) that resulted in the duty to disclose _____

_____

_____

_____ Concord intentionally entered into a conspiracy with the specific intent to defraud the United States by impairing, obstructing, and defrauding the functions of the Department of Justice's Foreign Agents Registration Act Unit in administering federal requirements for registration of foreign agents.

Identify the conduct that resulted in the duty to register _____

_____

_____

_____ Concord intentionally entered into a conspiracy with the specific intent to defraud the United States by impairing, obstructing, and defrauding the functions of the Department of State in administering federal requirements for disclosure relating to the visa application process.

Identify the visa application and the information determined to be false or omitted _____

_____

_____

**Government's Position on a Proposed Verdict Form with Special Interrogatories**

The government does not concur that a special unanimity instruction will be required in this case.  Should the Court disagree, the government would ask for leave to propose an alternative to Concord's Proposed Verdict Form with Special Interrogatories.

### Government's Proposed Instruction No. 3.101 Proof of State of Mind

Someone's intent and knowledge ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent and knowledge from the surrounding circumstances. You may consider any statement made or acts done or omitted by the alleged conspirators, and all other facts and circumstances received in evidence which indicate their intent and knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts s/he intentionally did or intentionally did not do.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that Concord acted with the necessary state of mind.

### Concord's Position Regarding Instruction 3.101 Proof of State of Mind

Concord objects to this instruction because it allows for liability based on the collective knowledge of a corporation that is not accepted within this Circuit.  *See United States v. Philip Morris USA Inc.*, 556 F.3d 1095, 1122 (D.C. Cir. 2009).

**Concord's Proposed Instruction: Good Faith[3]**

In considering the various charges alleged in this case, you must consider whether Concord acted in good faith.  Concord maintains that it acted in good faith at all times.  Good faith is a complete and absolute defense to the charges in this case.

If Concord believed in good faith that it was acting properly, even if it was mistaken in this belief and even if someone was injured as a result of his conduct, there is no crime.  An honest mistake of judgment or negligence is not unlawful intent, and a defendant who acts on such basis can still be acting in good faith.

The burden of establishing lack of good faith and criminal intent rests on the government.  A defendant is under no burden to prove his good faith.  Rather, the government must prove beyond a reasonable doubt that a defendant acted in bad faith, *i.e.*, knowingly, willfully, and with the unlawful intent to defraud the Federal Election Commission, the U.S. Department of Justice's Foreign Agents Registration Act Unit, or the Department of State.  If the evidence in this case leaves you with a reasonable doubt as to whether Concord acted in bad faith, you must find it not guilty.

*See United States v. Middendorf*, 18-cr-36 (JPO) (S.D.N.Y.), Jury Charge.

**Government's Position Regarding Good Faith Instruction**

The government suggests that this instruction should only be included if the evidence at trial merits it.

---

[3] The government suggests that this instruction should be included only if the evidence at trial merits it.  Concord disagrees.  Because the charge requires specific intent to defraud, the government has a burden to prove beyond a reasonable doubt the lack of good faith.  As such, Concord's position is that this instruction should be included regardless of whether Concord presents evidence at trial.

## Concord's Proposed Instruction: Conspiracy

Concord Management and Consulting LLC ("Concord") is charged with conspiring to defraud the United States, specifically, the Federal Election Commission, the Department of Justice's Foreign Agent Registration Act Unit and the Department of State's visa function.  It is against the law to agree with someone to commit the crime of defrauding the United States.  To "defraud the United States" in this sense means to impair, obstruct, or defeat the lawful function of any department of the government by deceit, craft, trickery, or dishonest means.  The government is not required to prove that the objective was achieved.

The four elements of conspiracy, each of which the government must prove beyond a reasonable doubt, are:

First: From in or around 2014 until November 8, 2016, an agreement existed between two or more people to **[willfully]**[4] knowingly and intentionally commit the crime of defrauding the United States, specifically, the Federal Election Commission ("FEC"), the Department of Justice ("DOJ") and the Department of State ("DOS").  The government must prove beyond a reasonable doubt that Concord had the specific intent to impair, obstruct or defeat the lawful functions of the

---

[4] To preserve Concord's objection to the Court's denial of the Motion to Dismiss, Concord proposes that "willfully" be inserted here and that the following definition be provided to the jury:

First Option (preferred): "'Willfully,' as used here means that the defendant had actual knowledge of the law that prohibited the conduct."  *See Bluman v. Fed. Election Comm'n*, 800 F.Supp. 2d 281, 292 (D.D.C. 2011); *Cheek v. United States*, 498 U.S. 192, 199-200 (1991); *Ratzlaf v. United States*, 510 U.S. 135, 149 (1994).

Second Option (if first option denied): "'Willfully' as used here, can be described as the following: an act is done willfully if it is committed with the knowledge that it was prohibited by law or was done in disregard of a known legal obligation.  The government must prove that a defendant acted with knowledge that the conduct was unlawful."  *See DOJ Criminal Resource Manual* § 923 ("The defraud part of section 371 criminalizes any willful impairment of a legitimate function of government . . . .").  *See also United States v. Flynn*, No. 16-347, 2019 WL 135701 at *7 (D. Minn. Jan. 8, 2019).

FEC, DOJ and/or the FEC.[5]  A person who intends to cause the required result is said to have acted with specific intent.[6]

For Concord to have acted knowingly and intentionally the government must prove beyond a reasonable doubt both (1) that Concord specifically agreed to defraud the FEC, DOJ and/or DOS, and (2) there was a legal duty on the co-conspirators to provide certain specific information to the FEC, DOJ and DOS that was not provided, (3) that Concord knew that the co-conspirators' status as foreign persons and foreign entities created a duty to disclose certain specific expenditures to the FEC, to possibly register at the DOJ FARA Unit and to provide certain specific information on visa applications to the DOS, and (4) that Concord knew that it or the co-conspirators failed to disclose information that they had a duty to disclose.[7]  So, the first thing that must be shown is the existence of an agreement.

Second: That Concord and the co-conspirators had an affirmative duty to disclose specific information to the FEC, DOJ, and/or DOS.

Third: Concord knowingly and willfully joined in that agreement.  It is not necessary to find Concord agreed to all the details of the crime, or that it knew the identity of all the other people the government has claimed were participating in the agreement.  A person may become a member of a conspiracy even if that person agrees to play only a minor part, as long as that person understands the unlawful nature of the plan and voluntarily and intentionally joins in it with the intent to advance or further the unlawful object of the conspiracy.  But mere presence at the scene of the agreement or of the crime, or merely being with the other participants, does not show that

---

[5] Hr'g Tr. Oct. 15, 2018 at p. 27:13-17.

[6] Criminal Jury Instructions for DC Instruction 3.100 (recommending providing the precise mental state applicable as an element of the office as opposed to using a separate instruction).

[7] *See Rehaif v. United States*, 139 S.Ct. 2191, 2198-2200 (2019).

Concord knowingly joined in the agreement.  Also, unknowingly acting in a way that helps the participants, or merely knowing about the agreement itself, without more, does not make the defendant part of the conspiracy. So the second thing that must be shown is that Concord was part of the conspiracy.  This does not have to be a formal agreement or plan, in which everyone involved sat down together and worked out the details.   On the other hand, merely because people get together and talk about common interests, or do similar things, does not necessarily show that an agreement exists to defraud the United States.  It is enough that the government proves beyond a reasonable doubt that there was a common understanding among those who were involved to commit the crime of defrauding the United States.  But before determining that Concord has become a member of a conspiracy, the evidence must prove beyond a reasonable doubt that the defendant knowingly participated in the unlawful plan with the specific intent to advance or further the objective or purpose of the conspiracy.  The government must prove beyond a reasonable doubt that Concord was aware of the common purpose, had knowledge that the conspiracy existed, and was a willing participant with the intent to advance the purposes of the conspiracy.[8]

Fourth: One of the people involved in the conspiracy did something for the purpose of carrying out the conspiracy.  This is referred to as an overt act.  The charged overt acts will be provided to you separately.

The government need not prove that all of these overt acts were taken, but in order to find the defendant guilty, you must all agree on at least one overt act that was done.  In other words, it is not sufficient for you to agree that some overt act was committed without agreeing on which overt act was committed.[9]

---

[8] *United States v. Bostick*, 791 F.3d 127, 144 (D.C. Cir. 2015).

[9] *See United States v. Baylor*, Case No. 16-cr-00180-ESH (D.D.C.), Final Jury Instructions (ECF 97 at p. 37).

The objects of a conspiracy are the illegal goals the co-conspirators agree or hope to achieve.  The Indictment here charges the that the conspiracy had three objects: (1) defrauding the Federal Election Commission (FEC); (2) defrauding the Department of Justice's Foreign Agents Registration Act Unit; and (3) defrauding the Department of State.  Dishonestly obstructing the lawful function of a government agency must be a purpose of the conspiracy, not merely a foreseeable consequence of it.  You must find beyond a reasonable doubt that this object was proven.[10]

In order to find the defendant guilty you must also unanimously agree that Concord conspired to defraud the specific functions alleged of FEC, DOJ and/or DOS; and not some other government agency or government employee.  You cannot find Concord guilty if you find only that it conspired to defraud some other agency or department or the general public.  That is not a crime.

While the government must prove beyond a reasonable doubt that Concord knew with specificity how the relevant laws described the functions of the FEC and DOJ as they relate to the administration of requirements of disclosure and the DOS visa regulations, it is not necessary for the government to show that a defendant was aware of the specific law, rule, or regulation that the conduct may have violated.[11]  However, you cannot find Concord guilty unless you unanimously

---

[10] *See United States v. Middendorf*, 18-cr-36 (JPO) (S.D.N.Y.), Jury Charge.

[11] *See United States v. Burden*, 934 F.3d 675, 690 (D.D.C. 2019).  *See also United States v. Burden*, No. 14-CR-69, 2016 WL 5800423, Instruction 36 (D.D.C. Sept. 29, 2016).

To preserve Concord's objection, its preserved instruction here is, "It is necessary for the government to prove beyond a reasonable doubt that Concord was aware of FECA, FARA, and the DOS visa regulations.  *See Cheek v. United States*, 498 U.S. 192, 199-200 (1991); *Ratzlaf v. United States*, 510 U.S. 135, 136, 144 (1994).

find that Concord was specifically aware of the specific functions of the FEC, DOJ and/or DOS that the indictment alleges Concord impeded, obstructed, or interfered with.[12]

In addition, only conduct that is both intended to impede the lawful functions of a government agency and is fraudulent or dishonest will support a charge of conspiracy to defraud a government agency. Not all conduct that impedes the lawful functions of a government agency is illegal—to be unlawful such conduct must entail fraud, deceit, or other dishonest means. Thus, it is not illegal simply to make a government agency's job harder. A failure to disclose information to the FEC, DOJ or DOS can only be deceptive if there was a legal duty to disclose the information in the first place.[13]

The FEC administers the Federal Election Campaign Act ("FECA"). FECA requires that individuals who make certain expenditures during an election campaign that expressly advocate the election or defeat of a specific candidate report those expenditures to the FEC. A person who makes such an expenditure is only required to file a report if the aggregate amount of the value of the expenditure is in excess of $250 in a calendar year. Only expenditures that expressly advocate the election or defeat of a clearly identified candidate must be reported. "Clearly identified" means that the candidate's name or photograph appears or the identity is apparent by unambiguous reference. "Expressly advocating" means that certain key words such as "vote for," "re-elect," "vote against," appear, and/or when taken as a whole, the words could only be interpreted by a reasonable person as containing advocacy for or against a clearly identified candidate.

The DOJ administers the Foreign Agents Registration Act ("FARA") which requires certain agents or foreign principals acting in the United States on behalf of that principal register

---

[12] *See United States v. Concord*, 347 F. Supp. 3d 38, 56-57 (D.D.C. 2018)

[13] *Id.* at 48.

with the DOJ.  FARA defines "agent" as a person who "acts within the United States as a public relations counsel, publicity agent, information-service employee or political consultant for a foreign principal."  FARA defines a "public-relations counsel" as a person "who engages directly or indirectly in informing, advising, or in any way representing a principal in any public relations matter pertaining to political or public interests, policies, or relations of such principal."  FARA defines a "publicity agent" as a person who engages directly or indirectly in the publication or dissemination of oral, visual, graphic, written, or pictorial information or matter of any kind, including publication by means of advertising, books, periodicals, newspapers, lectures, broadcasts, motion pictures, or otherwise."  FARA defines a "political consultant" as a person "who engages in informing or advising any other person with reference to the domestic or foreign policies of the United States or the political or public interest, policies, or relations of a foreign country or of a foreign political party."  The DOJ provides guidance on whether FARA registration is required.  Prior to November 2016, any guidance provided by DOJ was confidential and not available for review by the public.  In June 2018, DOJ began making guidance documents available to the public.[14]

The DOS is responsible for the issuance of non-immigrant visas for foreign individuals who want to enter the United States.  Foreign individuals seeking a visa must provide truthful information on their visa application.

A conspiracy can be proved indirectly, by facts and circumstances that lead to a conclusion that a conspiracy existed. The government must prove that such facts and circumstances existed and that they lead to the conclusion that a conspiracy existed.

---

[14] Press Release, Department of Justice, Department of Justice Posts Advisory Opinions on FARA.Gov Website (June 8, 2018), https://www.justice.gov/opa/pr/department-justice-posts-advisory-opinions-faragov-website.

In determining whether a conspiracy between two or more persons existed and whether Concord was one of its members, you may consider the acts and the statements of any other member[s] of the conspiracy as evidence against Concord whether done in or out of Concord's presence while the conspiracy existed.  When persons enter into an agreement to commit a crime, they become agents for each other so that everything which is said or done by one of them in furtherance of that purpose is deemed to be the statement of all who have joined in that conspiracy and is evidence against all of the conspirators.  However, statements of any conspirator which are made before its existence or after its termination may be considered as evidence only against the person making such statements.

In summary, a conspiracy is a kind of partnership in crime. For any defendant to be convicted of the crime of conspiracy, the government must prove four things beyond a reasonable doubt:

First, that from in or about 2014 to November 8, 2016, there was an agreement to impair, obstruct, and defeat by dishonest means the functions of (1) the Federal Election Commission in administering requirements federal requirements for disclosure of certain campaign expenditures under the Federal Election Campaign Act; (2) the Department of Justice's Foreign Agents Registration Act Unit in administering requirements for registration of foreign agents; or (3) the Department of State in administering federal requirements for disclosure relating to the visa application process;

Second, that Concord and the co-conspirators had an affirmative duty to disclose specific information to the FEC, DOJ, and/or DOS;

Third, that Concord knowingly and willfully joined in that agreement with the specific intent to defraud the Federal Election Commission, Department of Justice and/or the Department of State;[15] and

Fourth, that one of the people involved in the conspiracy knowingly and willfully committed one of the overt acts charged.

Interfering with the U.S. political and electoral processes of the United States, alone, is not a crime.  For Concord to be found guilty of conspiracy you must find that Concord acted with the specific intent to defraud the specific functions alleged and not some other functions of the Federal Election Commission, the Department of Justice and/or the Department of State.[16]  You cannot convict Concord unless you are unanimous in your decision regarding one or more of these government departments or agency.

---

[15] *See United States v. Bostick,* 791 F.3d 127, 144 (D.C. Cir. 2015); *United States v. Middendorf*, 18-cr-36 (JPO), 2018 WL 3443117 at *4 (S.D.N.Y. July 17, 2018) (quoting *United States v. Gurary*, 860 F.2d 521, 523 (2d Cir. 1988) and citing *Tanner v. United States*, 483 U.S. 107, 130 (1987)).

[16] *See United States v. Childress*, 58 F.3d 693, 708 (D.C. Cir. 1995).

**Government's Proposed Instructions on the Elements of the Charged Offense**

**Overview of Conspiracy to Defraud the United States**

Concord is charged with conspiring to defraud the United States. It is against the law to agree with someone to defraud the United States. "Defraud the United States" means to cheat the United States government or any of its agencies out of money or property or to obstruct or interfere with one of the United States government's lawful functions, by deceit, craft, trickery, or dishonest means. The government is not required to prove that the objective was achieved.

*See 1 Criminal Jury Instructions for DC Instruction 7.102*; *Mod. Crim. Jury Instr. 3rd Cir. 6.18.371B (2018)*

**Essential Elements of Conspiracy to Defraud the United States**

The elements of the charged conspiracy, each of which the government must prove beyond a reasonable doubt, are that:

1.  First, between in and around 2014 and February 28, 2018, an agreement existed between two or more people to defraud the United States. This does not have to be a formal agreement or plan, in which everyone involved sat down together and worked out the details. On the other hand, merely because people get together and talk about common interests, or do similar things does not necessarily show that an agreement exists to defraud the United States. It is enough that the government proves beyond a reasonable doubt that there was a common understanding among those who were involved to defraud the United States. So, the first thing that must be shown is the existence of an agreement.

2.  Second, Concord intentionally joined in that agreement. It is not necessary to find Concord agreed to all the details of the crime, or that Concord knew the identity of all the other people the government has claimed were participating in the agreement. A person may become a member of a conspiracy even if that person agrees to play only a minor part,

as long as that person understands the unlawful nature of the plan and voluntarily and intentionally joins in it with the intent to advance or further the unlawful object of the conspiracy. Even if Concord was not part of the agreement at the very start, Concord can become a member of a conspiracy later if the government proves that s/he intentionally joined the agreement. Different people may become part of the conspiracy at different times.  But mere presence at the scene of the agreement or of the crime, or merely being with the other participants, does not show that Concord knowingly joined in the agreement. Also, unknowingly acting in a way that helps the participants, or merely knowing about the agreement itself, without more, does not make the defendant part of the conspiracy. So the second thing that must be shown is that Concord was part of the conspiracy.

3.   Third, one of the people involved in the conspiracy did something for the purpose of carrying out the conspiracy.  This something is referred to as an overt act. You will be provided with a list of the overt acts alleged in the indictment. The government need not prove that all of these overt acts were taken, but in order to find the defendant guilty, you must all agree on at least one overt act that was done.  Similarly, you need not find that the defendant in this case committed the overt act. It is sufficient for the government to show that one of the conspirators knowingly committed an overt act in furtherance of the conspiracy, since such an act becomes, in the eyes of the law, the act of all of the members of the conspiracy.  An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy.

A conspiracy can be proved indirectly, by facts and circumstances that lead to a conclusion that a conspiracy existed. The government must prove that such facts and circumstances existed and that they lead to the conclusion that a conspiracy existed.

In determining whether a conspiracy between two or more persons existed and whether Concord was one of its members, you may consider the acts and the statements of any other member[s] of the conspiracy as evidence against Concord whether done in or out of Concord's presence while the conspiracy existed. When persons enter into an agreement to commit a crime, they become agents for each other so that everything which is said or done by one of them in furtherance of that purpose is deemed to be the statement of all who have joined in that conspiracy and is evidence against all of the conspirators. However, statements of any conspirator which are made before its existence or after its termination may be considered as evidence only against the person making such statements.

In summary, a conspiracy is a kind of partnership in crime. For any defendant to be convicted of the crime of conspiracy, the government must prove three things beyond a reasonable doubt: first, that during the charged time period there was an agreement to defraud the United States; second, that Concord intentionally joined in that agreement; and third, that one of the people involved in the conspiracy did one of the overt acts charged.

*See 1 Criminal Jury Instructions for DC Instruction 7.102 (tweaked for defraud clause)*; Sand, 1 Modern Federal Jury Instructions-Criminal ¶ 19.02; 9th Circuit Pattern Jury Instruction 8.21 (Conspiracy to Defraud the United States).

## <u>Object of Conspiracy to Defraud the United States</u>

In considering whether any conspiracy had an object of defrauding the United States, as I explained, the term "defraud the United States" means not only to cheat the United States

government or any of its agencies out of money or property but also, as alleged in this case, to obstruct or interfere with one of the United States government's lawful functions, by deceit, craft, trickery, or dishonest means.  In order for the alleged form of conspiracy to defraud the United States to exist, an objective must be to impede the alleged government functions – collection of information on visa forms and issuing visas; enforcing the disclosure requirements of the Federal Election Campaign Act; and enforcing the disclosure requirements of the Foreign Agents Registration Act.  This need not be the sole or even a major objective of the conspiracy.  And impeding these functions need not be an objective that is sought as an end in itself: an intent to conceal an underlying crime is enough.[17]

This crime does not require proof that the defendants intended to directly commit the fraud themselves. Proof that they intended to use a third party as a go-between may be sufficient. But the government must prove that the United States or one of its agencies or departments was the ultimate target of the conspiracy, and that the defendants intended to defraud.[18]

## **Means of Deception**

As I have explained, it is against the law to agree with someone to defraud the United States.  The government is not required to prove that the objective was achieved.  The crime is the agreement itself.  But you may consider the acts taken by alleged conspirators when deciding whether they entered a conspiracy and whether defrauding the United States was an objective of that conspiracy.  In considering such conduct, the object of obstructing or interfering with one of the United States government's lawful functions, by deceit, craft, trickery, or dishonest means, can

---

[17] *See* Sand, 1 Modern Federal Jury Instructions-Criminal ¶ 19.02; *United States v. Gricco*, 277 F.3d 339, 348 (3d Cir. 2002) (Alito, J.).

[18] *See* Sand, 2 Modern Federal Jury Instructions-Criminal 3.01B.

occur in either of two ways: (1) through acts of deceit, craft, trickery, or dishonest means, or (2) through the failure to provide information to the government that is legally required.

You can find that the defendants conspired to use deceptive or deceitful means to prevent government agencies from performing their lawful functions, even if there was no duty to disclose information to those agencies.  For the mere failure to submit information to the government to constitute deception, however, there must have been a legal duty to disclose that information.[19]

## Duty to Disclose

If you conclude that a duty to disclose is relevant to your decision about whether Concord conspired to defraud the United States, there are two duties to disclose that are at issue in this case.

[**Note:**  The government anticipates that the evidence at trial will establish that there were two legal duties to disclose information that were triggered by the actions of the co-conspirators and their unwitting accomplices: (1) the duty under the Federal Election Campaign Act that anyone who makes "independent expenditures" of more than $250 in a calendar year must file reports with the Federal Election Commission containing information about the expenditure, including who made it and its purpose; and (2) the duty under the Foreign Agents Registration Act (FARA) that anyone who acts as an agent of a foreign principal must register with the Department of Justice and disclose who they work for and what they are doing.  The government submits that this is a mixed question of fact and law which may require some additional instruction to the jury about the nature of these duties through citations to statutory language; however, because of the complexity of these statutory schemes, it would be more prudent to decide the language regarding this aspect of the jury instructions at a time closer to trial, after the parties have exchanged exhibit lists.]

---

[19] *See United States v. Gricco*, 277 F.3d 339, 348 (3d Cir. 2002) (Alito, J.); *United States v. Bilzerian*, 926 F.2d 1285, 1302 (2d Cir. 1991); *United States v. Kanchanalak*, 41 F. Supp. 2d 1, 10 (D.D.C. 1999), rev'd on other grounds, 192 F.3d 1037 (D.C. Cir. 1999).

**Parties' Proposed Instruction: Delivering the Verdict**

When you have reached your verdict, just send me a note informing me of this fact, and have your foreperson sign the note.  Do not tell me what your verdict is.  The foreperson should fill out and sign the verdict form that will be provided.  I will then call you into the courtroom and ask your foreperson to read your verdict in open court.

*See* Final Jury Instructions, *United States v. Al-Imam*, No. 17-cr-00213-CRC (D.D.C. filed June 4, 2019).