# Exhibit 2

To Defendant Concord Management and Consulting LLC's Motion to Compel Discovery of Materials from the U.S. Department of Justice, Federal Election Commission, and U.S. Department of State

## BEFORE THE FEDERAL ELECTION COMMISSION

COMMON CAUSE
805 Fifteenth Street, NW, Suite 800
Washington, DC 20005
(202) 833-1200

PAUL S. RYAN
805 Fifteenth Street, NW, Suite 800
Washington, DC 20005
(202) 833-1200

    v.                        MUR No. _____

UNKNOWN RESPONDENT(S)

### COMPLAINT

1. This complaint is filed pursuant to 52 U.S.C. § 30109(a)(1) and is based on information and belief that one or more unknown foreign nationals made undisclosed expenditures, independent expenditures or disbursements in connection with the 2016 presidential election in violation of the Federal Election Campaign Act ("FECA"), 52 U.S.C. § 30101, *et seq.* and Commission regulations.

2. Specifically, based on published reports, complainants have reason to believe that one or more foreign nationals made undisclosed expenditures, independent expenditures or disbursements in connection with the 2016 presidential election by purchasing political advertising on Facebook using accounts likely operated out of Russia, in violation of 52 U.S.C. §§ 30121(a)(1)(C) and 30104(c), as well as and 11 C.F.R. § 110.20(f).

3. "If the Commission, upon receiving a complaint . . . has reason to believe that a person has committed, or is about to commit, a violation of [the FECA] . . . [t]he Commission shall make an investigation of such alleged violation . . . ." 52 U.S.C. § 30109(a)(2) (emphasis added); *see also* 11 C.F.R. § 111.4(a).

## FACTS

4. In January 2017, U.S. intelligence agencies published a declassified version of a highly classified assessment of Russian efforts to influence the 2016 U.S. presidential election.[1] The report states national intelligence community's assessment that "Russian President Vladimir Putin ordered an influence campaign in 2016 aimed at the US presidential election," that "Russia's goals were to undermine public faith in the US democratic process, denigrate Secretary Clinton, and harm her electability and potential presidency," and that the intelligence agencies "have high confidence in these judgments."[2] The intelligence assessment concluded that "Moscow's influence campaign followed a Russian messaging strategy that blends covert intelligence operations—such as cyber activity—with overt efforts by Russian Government agencies, state-funded media, third-party intermediaries, and paid social media users or 'trolls.'"[3] The intelligence assessment concluded that the "likely financier" of the Internet troll activity "is a close Putin ally with ties to Russian intelligence."[4]

5. On September 6, 2017, Facebook published a statement authored by the company's Chief Security Officer Alex Stamos explaining that the company had conducted an investigation into whether there was a connection between "Russian interference in the [2016 US] electoral process" and ads purchased on Facebook.[5]

---

[1] Office of the Director of National Intelligence, "Assessing Russian Activities and Intentions in Recent US Elections," NATIONAL INTELLIGENCE COUNCIL, January 6, 2017, *available at* https://www.dni.gov/files/documents/ICA_2017_01.pdf.
[2] *Id.* at ii.
[3] *Id.*
[4] *Id.* at 4.
[5] Alex Stamos, "An Update On Information Operations On Facebook," FACEBOOK NEWSROOM, September 6, 2017, *available at* https://newsroom.fb.com/news/2017/09/information-operations-update/.

> [Facebook] found approximately $100,000 in ad spending from June of 2015 to May of 2017 — associated with roughly 3,000 ads — that was connected to about 470 inauthentic accounts and Pages in violation of our policies. Our analysis suggests these accounts and Pages were affiliated with one another and likely operated out of Russia.[6]

In this internal investigation, Facebook "also looked for ads that might have originated in Russia" including, for instance, "ads bought from accounts with US IP addresses but with the language set to Russian."[7] In this part of its review, Facebook "found approximately $50,000 in potentially politically related ad spending on roughly 2,200 ads."[8]

6. On September 6, 2017, the *Washington Post* reported that Facebook on the same date told congressional investigators that the company "sold ads during the U.S. presidential campaign to a shadowy Russian company seeking to target voters" and that some of the ads "directly named Republican nominee Donald Trump and Democrat Hillary Clinton."[9] According to the *Washington Post*, "Facebook discovered the Russian connection as part of an investigation that began this spring looking at purchasers of politically motivated ads, according to people familiar with the inquiry. It found that 3,300 ads had digital footprints that led to the Russian company."[10]

---

[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] Carol D. Leonnig, Tom Hamburger and Rosalind S. Helderman, "Russian firm tied to pro-Kremlin propaganda advertised on Facebook during election," THE WASHINGTON POST, September 6, 2017, *available at* https://www.washingtonpost.com/politics/facebook-says-it-sold-political-ads-to-russian-company-during-2016-election/2017/09/06/32f01fd2-931e-11e7-89fa-bb822a46da5b_story.html?hpid=hp_rhp-top-table-main_russianads-410pm%3Ahomepage%2Fstory&utm_term=.018b2fe30844.
[10] *Id.*

3

7. On September 6, 2017, the *New York Times* likewise reported Facebook's disclosure, noting that "some of the ads specifically mentioned the two candidates"—*i.e.*, Donald Trump and Hillary Clinton.[11]

## SUMMARY OF THE LAW

8. FECA prohibits a foreign national from directly or indirectly making "an expenditure, independent expenditure, or disbursement for an electioneering communication." 52 U.S.C. § 30121(a)(1)(C).

9. The Commission regulation implementing the statutory foreign national expenditure ban provides that a "foreign national shall not, directly or indirectly, make any expenditure, independent expenditure, or disbursement in connection with any Federal, State, or local election." 11 C.F.R. § 110.20(f).

10. FECA defines "foreign national" as a "foreign principal" or "an individual who is not a citizen of the United States or a national of the United States." 52 U.S.C. § 30121(b).

11. FECA defines "expenditure" to include "any purchase, payment, distribution, loan, advance, deposit, or gift of money or anything of value, made by any person for the purpose of influencing any election[.]" 52 U.S.C. § 30101(9)(A)(i).

12. FECA defines "independent expenditure" to mean an expenditure by a person "expressly advocating the election or defeat of a clearly identified candidate; and . . . that is not made in concert or cooperation with or at the request or suggestion" of a candidate or party committee. 52 U.S.C. § 30101(17).

---

[11] Scott Shane and Vindu Goel, "Fake Russian Facebook Accounts Bought $100,000 in Political Ads," THE NEW YORK TIMES, September 6, 2017, *available at* https://www.nytimes.com/2017/09/06/technology/facebook-russian-political-ads.html?hp&action=click&pgtype=Homepage&clickSource=story-heading&module=first-column-region&region=top-news&WT.nav=top-news.

13. Commission regulation defines "expressly advocating" to include any communication that uses phrases such as "support the Democratic nominee," "Smith for Congress," "defeat" accompanied by a picture of a candidate, or communications that "in context can have no other reasonable meaning than to urge the election or defeat of one or more clearly identified candidate(s), such as posters, bumper stickers, advertisements, etc. which say 'Nixon's the One,' 'Carter '76,' 'Reagan/Bush' or 'Mondale!'" 11 C.F.R. § 100.22(a). Commission regulation further defines "expressly advocating" to include any communication when:

> [T]aken as a whole and with limited reference to external events, such as the proximity to the election, could only be interpreted by a reasonable person as containing advocacy of the election or defeat of one or more clearly identified candidate(s) because . . . [t]he electoral portion of the communication is unmistakable, unambiguous, and suggestive of only one meaning; and . . . [r]easonable minds could not differ as to whether it encourages actions to elect or defeat one or more clearly identified candidate(s) or encourages some other kind of action.

*Id.* at § 100.22(b).

14. Commission regulation defines "disbursement" to include "any purchase or payment" made by any person that is subject to FECA. 11 C.F.R. § 300.2(d).

15. FECA defines "person" to include an "individual, partnership, committee, association, corporation, labor organization, or any other organization or group of persons[.]" 52 U.S.C. § 30101(11).

16. FECA requires "[e]very person (other than a political committee) who makes independent expenditures in an aggregate amount or value in excess of $250 during a calendar year [to] file a statement" including information regarding "all contributions received by such person," as well as information "indicating whether the independent expenditure is in support of, or in opposition to, the candidate involved" and "a

certification whether or not such independent expenditure is made in cooperation, consultation, or concert, with, or at the request or suggestion of, any candidate or any authorized committee or agent of such candidate." 52 U.S.C. § 30104(c).

### CAUSES OF ACTION

### COUNT I:
### ONE OR MORE UNKNOWN FOREIGN NATIONALS MADE EXPENDITURES, INDEPENDENT EXPENDITURES OR DISBURSEMENTS IN CONNECTION WITH THE 2016 PRESIDENTIAL ELECTION IN VIOLATION OF THE FEDERAL ELECTION CAMPAIGN ACT

17. Federal law prohibits any foreign national from directly or indirectly making any expenditure, independent expenditure, or disbursement in connection with any election. 52 U.S.C. § 30121(a)(1)(C), 11 C.F.R. § 110.20(f).

18. Based on published reports, there is reason to believe that one or more unknown Russian foreign nationals made expenditures, independent expenditures or disbursements by purchasing from Facebook in 2015 and/or 2016 political advertising directly naming 2016 presidential candidates Hillary Clinton and Donald Trump in violation of 52 U.S.C. § 30121(a)(1)(C) and 11 C.F.R. § 110.20(f).

### COUNT II:
### ONE OR MORE UNKNOWN FOREIGN NATIONALS FAILED TO FILE DISCLOSURE REPORTS FOR EXPENDITURES, INDEPENDENT EXPENDITURES OR DISBURSEMENTS IN CONNECTION WITH THE 2016 PRESIDENTIAL ELECTION IN VIOLATION OF THE FEDERAL ELECTION CAMPAIGN ACT

19. Federal law requires every person who makes independent expenditures in an aggregate amount or value in excess of $250 during a calendar year to file a disclosure statement with the Commission including information regarding contributions received by such person, information indicating whether the independent expenditure is in support of, or in opposition to, the candidate involved and a certification whether such independent expenditure is made in cooperation, consultation, or concert, with, or at the request or

suggestion of, any candidate or any authorized committee or agent of such candidate. 52 U.S.C. § 30104(c).

20. Based on published reports, there is reason to believe that one or more unknown Russian foreign nationals made expenditures, independent expenditures or disbursements by purchasing from Facebook in 2015 and/or 2016 political advertising directly naming 2016 presidential candidates Hillary Clinton and Donald Trump and did not file required disclosure statements for such expenditures, independent expenditures or disbursements in violation of 52 U.S.C. § 30104(c).

## PRAYER FOR RELIEF

21. Wherefore, the Commission should find reason to believe that one or more unknown foreign nationals violated 52 U.S.C. § 30101, *et seq.*, including 52 U.S.C. §§ 30121 and 30104, and conduct an immediate investigation under 52 U.S.C. § 30109(a)(2). Further, the Commission should determine and impose appropriate sanctions for any and all violations, should enjoin respondent(s) from any and all violations in the future, and should impose such additional remedies as are necessary and appropriate to ensure compliance with the FECA.

September 7, 2017

Respectfully submitted,

*/s/ Paul S. Ryan*

Common Cause, by
Paul S. Ryan
805 Fifteenth Street, NW, Suite 800
Washington, DC 20005
(202) 833-1200

*/s/ Paul S. Ryan*

Paul S. Ryan
805 Fifteenth Street, NW, Suite 800
Washington, DC 20005
(202) 833-1200

## VERIFICATION

The complainants listed below hereby verify that the statements made in the attached Complaint are, upon their information and belief, true. Sworn pursuant to 18 U.S.C. § 1001.

**For Complainants Common Cause and Paul S. Ryan**

_____
Paul S. Ryan

Sworn to and subscribed before me this 7th day of September 2017.

_____
Notary Public