# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Crim. No. 18-CR-32-2 (DLF)** |
| **CONCORD MANAGEMENT AND CONSULTING LLC,** | |
| **Defendant.** | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY

The United States of America, by and through undersigned counsel, respectfully opposes the motion of defendant Concord Management and Consulting LLC ("Concord" or "defendant") to compel disclosure of records from the Office of Foreign Assets Control (OFAC) of the U.S. Department of the Treasury. *See* Doc. 229. The motion is without merit and should be denied.

In short, Concord seeks the administrative records of a U.S. government agency, OFAC, regarding economic sanctions that OFAC imposed with respect to Concord and two other defendants, Concord Catering and Yevgeniy Prigozhin. *See* Doc. 229. Concord seeks these records pursuant to Federal Rule of Criminal Procedure ("Rule") 16(a)(1)(E), which requires that, upon the defendant's request, the government disclose documents, among other things, that are "within the government's possession, custody, or control" and that are "material to preparing the defense." Rule 16(a)(1)(E).

As an initial matter, the requested records are not "within the government's possession, custody, or control" for purposes of Rule 16(a)(1)(E), because, in the context of this prosecution, OFAC is not "closely aligned with the prosecution." *United States v. Libby*, 429 F. Supp. 2d 1, 6,

11 (D.D.C. 2006).[1]  Even assuming that the "possession" prong of Rule 16(a)(1)(E) were satisfied,

Concord nonetheless fails to establish, as Rule 16(a)(1)(E) requires, that the requested records are

"material" to its defense and might therefore be discoverable.  *See Libby*, 429 F. Supp. 2d 1, 7

(D.D.C. 2006).  Indeed, OFAC's sanctions are simply not relevant to the criminal charge against

Concord in this case—an alleged conspiracy to defraud the United States in violation of 18 U.S.C.

§ 371—or the factual allegations that support the charge.  Because Concord fails to establish that

it is entitled to the requested OFAC materials under Rule 16(a)(1)(E)—or under any other

authority—the Court should deny Concord's motion.

## BACKGROUND

### I.        The Indictment and Superseding Indictment

On February 16, 2018, a grand jury returned an eight-count indictment against thirteen

individuals, including Yevgeniy Prigozhin, and three corporate defendants, including Concord and

Concord Catering.  Doc. 1.  On November 8, 2019, a grand jury returned a superseding indictment,

which differs in some respects from the initial indictment but nonetheless charges the same

defendants with the same offenses.  Doc. 247.[2]  The superseding indictment ("Indictment") alleges

---

[1]        As noted below, notwithstanding the fact that OFAC records are not subject to Rule 16(a)(1)(E) discovery in this case because they are not in the government's "possession, custody, or control," the government did review the requested records and provided to Concord any records to which it would be entitled, under Rule 16 or otherwise, as if those records were in the possession of the government.  *See* Doc. 229-5 (government's letter to defense).  That effort, which the government undertook in an abundance of caution, does not result in a waiver of the government's argument that OFAC material is not in its "possession, custody, or control."  *See, e.g.*, *United States v. Chalmers*, 410 F. Supp. 2d 278, 290 (S.D.N.Y. 2006) (holding that federal entities do not become part of the prosecution team—thereby triggering the attendant duty to search and discovery—merely because they "made documents available to the prosecution").

[2]        In the government's view, the differences between the original and superseding indictments do not impact the merits of the instant motion.  Accordingly, this filing will identify the charges by reference to the superseding indictment, even though it was returned after the instant motion was filed.

in Count One that the defendants, in violation of 18 U.S.C. § 371, "knowingly and intentionally conspired with each other . . . to defraud the United States by impairing, obstructing, and defeating the lawful functions of the government through fraud and deceit for the purpose of interfering with the U.S. political and electoral processes, including the presidential election of 2016." Doc. 247 ¶ 2, 8-85.

According to the Indictment, the conspiracy included a Russian organization, defendant Internet Research Agency LLC (the "IRA"), which conducted what it called "information warfare" against the United States to spread "distrust towards the candidates" in the 2016 election and "the political system in general" and to favor one candidate for President. *Id.* ¶¶ 3, 6, 10. Defendant Prigozhin is alleged to have approved, supported, and funded the IRA's operations through other Russian entities that he directly controlled, particularly defendants Concord and Concord Catering. *Id.* ¶¶ 3, 11-12.

As this Court explained in denying one of Concord's earlier motions to dismiss, there are four elements of the offense charged in Count One—that is, a conspiracy to defraud the United States in violation of 18 U.S.C. § 371. *See* Doc. 74 at 6-7 (Mem. Op. Nov. 15, 2018). The government must prove that "'(1) [the defendants] entered into an agreement, (2) to obstruct a lawful function of the government or an agency of the government, (3) by deceitful or dishonest means, and (4) at least one overt act was taken in furtherance of that conspiracy.'" *Id.* (quoting *United States v. Kanchanalak*, 41 F. Supp. 2d 1, 9 (D.D.C. 1999), *rev'd on other grounds*, 192 F.3d 1037 (D.C. Cir. 1999)).

Describing the lawful government functions relevant to Count One, the Indictment explains that the United States, "through its departments and agencies, regulates the activities of foreign individuals and entities in and affecting the United States in order to prevent, disclose, and

counteract improper foreign influence on U.S. elections and on the U.S. political system." Doc. 247 ¶ 1. The Indictment also identifies certain U.S. government agencies—the Federal Election Commission, the Department of Justice, and the Department of State—that are charged with enforcing laws and regulations concerning such activities. *Id.* None of the allegations in the Indictment reference or relate to OFAC or any sanctions imposed on any of the defendants.

## II.    OFAC Sanctions

Pursuant to executive orders and other authorities, OFAC administers and enforces economic and trade sanctions based on U.S. foreign policy and national security goals. Persons and entities whose property and assets are blocked by OFAC sanctions are listed as "Specially Designated Nationals" ("SDNs"). SDNs may seek "administrative reconsideration" of their designation and thus "seek to have the designation rescinded pursuant to [certain] administrative procedures." 31 C.F.R. § 501.807. They may also challenge an OFAC designation in federal district court in a civil action under the Administrative Procedure Act (APA), 5 U.S.C. § 7 *et seq. See, e.g.*, *Zevallos v. Obama*, 793 F.3d 106, 112 (D.C. Cir. 2015).

On December 20, 2016, OFAC designated Prigozhin as an SDN pursuant to Executive Order 13661, 79 Fed. Reg. 15535 (March 16, 2014) ("Blocking Property of Additional Persons Contributing to the Situation in Ukraine"). *See* Press Release, "Treasury Sanctions Individuals and Entities In Connection with Russia's Occupation of Crimea and the Conflict in Ukraine," https://www.treasury.gov/press-center/press-releases/Pages/jl0688.aspx.[3]                  OFAC's

---

[3]      In E.O. 13661, issued on March 16 2014, the President "expand[ed] the scope of the national emergency declared in Executive Order 13660 of March 6, 2014, finding that the actions and policies of the Government of the Russian Federation with respect to Ukraine—including the recent deployment of Russian Federation military forces in the Crimea region of Ukraine— undermine democratic processes and institutions in Ukraine; threaten its peace, security, stability, sovereignty, and territorial integrity; and contribute to the misappropriation of its assets, and

announcement stated that "Prigozhin has extensive business dealings with the Russian Federation Ministry of Defense, and a company with significant ties to him holds a contract to build a military base near the Russian Federation border with Ukraine." *Id.* On June 20, 2017, OFAC designated Concord and Concord Catering under the same executive order "for being owned or controlled" by Prigozhin. *See* Press Release, "Treasury Designates Individuals and Entities Involved in the Ongoing Conflict in Ukraine," https://www.treasury.gov/press-center/pressreleases/Pages/sm0114.aspx.

On March 15, 2018—shortly after the initial indictment in this case—OFAC designated all of the defendants in this case under Executive Order 13694, 80 Fed. Reg. 18077 (April 1, 2015), as amended. *See* Press Release, "Treasury Sanctions Russian Cyber Actors for Interference with 2016 U.S. Elections and Malicious Cyber-Attacks," https://home.treasury.gov/news/press-releases/sm0312.[4] OFAC's announcement referred to the initial indictment in this case. *Id.*

Although not referenced by Concord in the instant motion, OFAC imposed additional sanctions with respect to Prigozhin on September 30, 2019, pursuant to Executive Order 13848, 83 Fed. Reg. 46843 (Sept. 12, 2018). *See* Press Release, "Treasury Targets Assets of Russian

---

thereby constitute an unusual and extraordinary threat to the national security and foreign policy of the United States." 79 Fed. Reg. 15535.

[4] In E.O. 13694, issued on April 1, 2015, the President found that "the increasing prevalence and severity of malicious cyber-enabled activities originating from, or directed by persons located, in whole or in substantial part, outside the United States constitute an unusual and extraordinary threat to the national security, foreign policy, and economy of the United States." 80 Fed. Reg. 18077. E.O. 13694 was amended on December 29, 2016, by E.O. 13757, 82 Fed Reg. 1, to also allow for the imposition of sanctions on "individuals and entities determined to be responsible for tampering, altering, or causing the misappropriation of information with the purpose or effect of interfering with or undermining election processes or institutions."

Financier who Attempted to Influence 2018 U.S. Elections,"
https://home.treasury.gov/news/press-releases/sm787.[5]

### III.     Defendant's Discovery Request and the Government's Response

By letter on June 5, 2019, the defendant requested that the government produce "any and all Designation and Blocking Memoranda, Evidentiary Memoranda, and related materials, including exhibits referenced therein, prepared by [OFAC] related to Concord Management and Consulting LLC, Concord Catering, and Yevgeniy Prigozhin in connection with their designation under any Executive Order as Specially Designated Nationals."  Doc. 229-1 (discovery request), 229-7 (proposed order).  On June 17, 2019, the government responded that it would "inquire with the Treasury Department about these materials" and respond to Concord.  Doc. 229-2 (email).

By letter on September 19, 2019, the government informed Concord that "[t]he trial team ha[d] reviewed materials in the possession of [OFAC] related to Concord Management and Consulting LLC, Concord Catering, and Yevgeniy Prigozhin," and, "[c]onsistent with its discovery obligations, the trial team is producing all discoverable materials of which it is aware to the defense."  Doc. 229-5.  Responding to defendant's request for clarification, the government explained that it was not providing a "separate production" in response to Concord's letter.  Doc. 229-6.  The government clarified that, "by the discovery deadline, the trial team will provide [Concord] with all discoverable materials of which it is aware, including discoverable materials from the sources referenced in [Concord's] letter [regarding OFAC materials], if there are any

---

[5]     In E.O. 13848, issued on September 12, 2018, the President found that "the ability of persons located, in whole or in substantial part, outside the United States to interfere in or undermine public confidence in United States elections, including through the unauthorized accessing of election and campaign infrastructure or the covert distribution of propaganda and disinformation, constitutes an unusual and extraordinary threat to the national security and foreign policy of the United States."  83 Fed. Reg. 63843.

such materials." *Id.*  And, in fact, notwithstanding that OFAC records are not subject to Rule 16(a)(1)(E) discovery, the government has provided to Concord any OFAC records to which it would be entitled, under Rule 16 or otherwise, as if those records were subject to Rule 16(a)(1)(E) discovery.

## LEGAL PRINCIPLES

Rule 16(a)(1)(E) requires that, upon the defendant's request, the government must disclose documents, among other things, that are "within the government's possession, custody, or control" and that are "material to preparing the defense."  Rule 16(a)(1)(E); *see United States v. Libby*, 429 F. Supp. 2d 1, 7 (D.D.C. 2006).

The "possession, custody, or control" inquiry is fact-intensive and must be resolved on a case-by-case basis.  *Libby*, 429 F. Supp. 2d at 9.  As a general matter, however, documents maintained by other components of the government are only discoverable if those components are "closely aligned with the prosecution."  *Id.* at 6 (quoting *United States v. Brooks*, 966 F.2d 1500, 1503 (D.C.Cir.1992)); *see also id.* at 10 n.15 (noting that this analysis is "identical" to "the possession, custody, or control analysis under *Brady*").  Courts have declined to define the prosecution team so broadly so as to adopt "a monolithic view of government that would condemn the prosecution of criminal cases to a state of paralysis." *United States v. Avellino*, 136 F.3d 249, 255 (2d Cir. 1998); *see also Libby*, 429 F. Supp. 2d at 6 ("to require the government to search the files of every agency in the Executive Branch would not only wreak havoc, but would give the defense access to information not readily available to the prosecution") (internal quotation marks and citation omitted).  And "the government is not under an obligation to obtain and disclose all information in the possession of other arms of the government that are not involved in the particular prosecution." *United States v. Pelullo*, 299 F.3d 197, 217 (3d Cir. 2005) (in *Brady* context).

In assessing whether requested records are "material to preparing the defense," "defense" means "the defendant's response to the Government's case in chief." *Libby*, 429 F. Supp. 2d at 7 (quoting *United States v. Armstrong*, 517 U.S. 456, 462 (1996)); *see also United States v. Apodaca*, 287 F. Supp. 3d 21, 38-39 (D.D.C. 2017). "Accordingly, a court must first start with the indictment when determining what is material, as the indictment delineates the evidence to which the defendant's case must respond." *Libby*, 429 F. Supp. 2d at 7 (citation omitted). Furthermore, it is well established in this circuit that "evidence is material to preparing the defense as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *Id.* (quoting *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993)); *see also United States v. Slough*, 22 F. Supp. 3d 1, 4 (D.D.C. 2014) (same). As the *Libby* court further explained, "although the materiality burden is not onerous, the evidence must not simply bear some abstract relationship to the issues in the case . . . and the government must disclose Rule 16 evidence *only* if such evidence enables the defendant significantly to alter the quantum of proof in his favor." *Libby*, 429 F. Supp. 2d at 7 (emphasis added) (quotation marks and citations omitted).

Apart from Rule 16, *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny require the disclosure of exculpatory evidence that is material to a defense or punishment. Moreover, *Giglio v. United States*, 405 U.S. 150 (1972), extends *Brady* by requiring the disclosure of material impeachment evidence.

## ARGUMENT

### I. The Records Sought by Concord are Not in the Government's Possession, Custody, or Control for Purposes of Rule 16(a)(1)(E).

Concord asserts (at 7) that "[t]here is no real dispute that the documents from OFAC related to Defendants' designation as SDNs are in the government's possession, custody, or control." On

the contrary, any OFAC records are not in the government's possession, custody, or control for purposes of Rule 16(a)(1)(E), because OFAC was not part of the "prosecution team" that investigated this case.  That is to say, OFAC was not "closely aligned with the prosecution," as is necessary to trigger the government's discovery obligations.  *Libby*, 429 F. Supp. 2d at 6, 11; *see, e.g.*, *Pelullo*, 399 F.3d at 216-19 (ruling that a civil component of U.S. Department of Labor (DOL) was not part of the "prosecution team," even though DOL criminal agents investigated the case, because there was "no indication that the prosecution and [the civil component] engaged in a joint investigation or otherwise shared labor and resources" and no "indication that the prosecution had any sort of control over [the civil component]"); *United States v. Morris*, 80 F.3d 1151, 1169-70 (7th Cir. 1996) (in *Brady* context, IRS and other federal agencies excluded because not "part of the team that investigated this case or participated in its prosecution").

Concord presents no additional argument on this point, except to cite the government's September 19, 2019, letter, in which the government informed Concord that "[t]he trial team ha[d] reviewed materials in the possession of [OFAC] related to Concord Management and Consulting LLC, Concord Catering, and Yevgeniy Prigozhin," and, "[c]onsistent with its discovery obligations, the trial team is producing all discoverable materials of which it is aware to the defense."  Doc. 229-5.  The government took these steps in an abundance of caution; they do not alter the Rule 16(a)(1)(E) analysis with respect to "possession, custody, or control."  *See United States v. Ferguson*, 478 F. Supp. 2d 220, 239-40 (D. Conn. 2007) ("The mere fact that the Government may have requested and received documents from [another agency] in the course of its investigation does not convert the investigation into a joint one" (citation omitted)); *Chalmers*, 410 F. Supp. 2d at 290 (holding that federal entities do not become part of the prosecution team—

thereby triggering the attendant duty to search and discovery—merely because they "made documents available to the prosecution").

## II.     Concord Has Failed to Establish that the Requested OFAC Records are Material to Its Defense.

Despite Concord's assertion (at 7) that "the requested [OFAC] documents satisfy the materiality standard" under Rule 16, Concord's motion fails to support that claim.  OFAC's designations of Concord and other defendants as SDNs play no role whatsoever in the Indictment, including Count One, which charges Concord and the other defendants with a conspiracy to defraud the United States in violation of 18 U.S.C. § 371.  Concord has not put forth any indication, let alone the requisite "strong indication," that the requested records "will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal."  *Libby*, 429 F. Supp. 2d at 7.

With respect to OFAC's designation of Prigozhin, Concord, and Concord Catering under E.O. 13694 ("Cyber-related Sanctions"), Concord states (at 7) that the designation was "predicated on the conduct alleged in the Indictment and the press release announcing that designation specifically refers to the Indictment."  Notwithstanding the connection between the initial indictment and the subsequent OFAC sanctions, it does not follow that OFAC's administrative records regarding those sanctions are material to Concord's defense in this case.  *See Libby*, 429 F. Supp. 2d at 7 ("[A]lthough the materiality burden is not onerous, the evidence must not simply bear some abstract relationship to the issues in the case . . . and the government must disclose Rule 16 evidence only if such evidence enables the defendant significantly to alter the quantum of proof in his favor.")  Indeed, beyond identifying the fact of the designations, Concord provides no explanation as to why it is therefore entitled to "any and all Designation and Blocking Memoranda, Evidentiary Memoranda, and related materials, including exhibits referenced therein, prepared by

[OFAC] related to [Concord], Concord Catering, and . . . Prigozhin in connection with their designation."

With respect to OFAC's designation of Prigozhin, Concord, and Concord Catering under E.O. 13661 ("Ukraine Sanctions"), Concord likewise presents no reason to conclude that internal OFAC records regarding the designations satisfy the standard of materiality under Rule 16(a)(1)(E).  Instead, Concord (at 2-3, 6-7) points to four instances in which the sanctions have been referenced during litigation in this case and concludes (at 7) that, "[c]learly the government itself believes that the Ukraine Sanctions are somehow relevant to the underlying criminal charge." Not so.  The sanctions are entirely irrelevant to the underlying charge.

The four references to sanctions identified by Concord all occurred with respect to matters unrelated to the allegations in the Indictment or any potential defense that Concord might present. First, in litigating the protective order, the government cited the sanctions in connection with its "particularized concerns about discovery in this case being disclosed to Russian intelligence services."  Doc. 24 at 8 n.5.  Second, the government cited the sanctions in connection with its argument, in response to a motion to dismiss, that the initial indictment fell within the scope of the Special Counsel's appointment.  Doc. 47 at 8, 8 n.3, and 46.  Third, the government, in responding to a different motion to dismiss, referenced the sanctions in a footnote in the introductory section of its brief, but the sanctions were not otherwise mentioned, nor were they relevant to the merits of the brief.  Doc. 56 at 2 n.2.  Fourth, in a colloquy with defense counsel during the May 28, 2019, hearing (regarding Concord's motion alleging a violation of Local Rule 57.7), the Court noted that the government had referenced the sanctions in a footnote in an earlier brief.  Doc. 144 at 34.  At issue in that colloquy, however, was whether Concord was prejudiced by public reporting and government statements regarding connections between Prigozhin and the Russian government;

and the Court, in citing the government's footnote, explained that it was "just making the point that the government ha[d] previously in this case drawn connections between Prigozhin and the Russian government" *Id.*   These instances do not reflect any connection between the Ukraine sanctions—or any sanctions—and the allegations in Count One of the Indictment.   Nor do they establish, as Rule 16(a)(1)(E) requires, that the OFAC records sought by Concord are "material" to its defense and therefore discoverable.

### III.   The Cases Cited by Concord do not Support its Motion.

In support of its motion, Concord asserts (at 3) that "[t]he requested documents are typically prepared to support the designation of an individual or entity as an SDN," and that "[s]imilar documents for other individuals have been disclosed and publicly filed in other litigation."   As Concord's own motion makes clear, however, the "other litigation" to which Concord refers includes civil actions brought by SDNs pursuant to the APA, in which those SDNs challenged their designation as unlawful.   *See* Doc. 229 at 3-4 (citing three civil actions).   It is not surprising that OFAC's administrative records regarding designations would be produced in civil discovery in such cases, but that has no bearing on whether Concord is entitled to similar materials in this criminal case.

Concord's motion is likewise unsupported by its reference (at 4) to the government's filing in *United States v. Tajideen*, 17-cr-46 (RBW) (D.D.C. Jan. 19, 2018), Doc. 63 at 4-5.   As indicated in that filing, before defendant Tajideen was criminally charged, Tajideen had petitioned OFAC to reconsider his designation as an SDN, and OFAC had provided Tajideen with certain internal records as part of its administrative review of his petition.   *Id.*   In the criminal case, the government produced to Tajideen the same records previously provided by OFAC, "even though it [was] not required to do so."   *Id.* at 5 n.5. The purpose of that disclosure was "to ensure consistency between

OFAC's position with respect to discovery in the administrative appeal and the government's position on the parameters of discovery in the instant criminal case . . . ."  *Id.*  These particular circumstances in *Tajideen* are not present here, as there is no indication that Concord has petitioned OFAC to reconsider any designation, let alone that OFAC has provided records to Concord as a result.

Indeed, the government's arguments in *Tajideen* and the court's discovery rulings in that case are entirely consistent with the government's argument here that Concord's motion should be denied.  When Tajideen sought additional OFAC materials regarding his OFAC designation, the government argued that, "because the materials . . . [were] not relevant to the charges against [Tajideen] and [were] not likely to lead to admissible evidence, the materials [were] not discoverable."  *Tajideen*, 17-cr-46, Doc. 63 at 3.  As it has done in this case, the government in *Tajideen* confirmed that it had reviewed the OFAC material and provided "all materials [Tajideen] [was] entitled to receive which may reside in [OFAC's] holdings."  *Id.* at 6.  Ultimately, the court ruled in the government's favor, denying Tajideen's motion to compel the OFAC materials.  *See Tajideen*, 17-cr-46 (D.D.C. Feb. 2, 2018), Doc. 79 (order noting that "the government has an ongoing obligation to produce to the defendant any exculpatory or otherwise discoverable information pursuant to *Brady*, regardless of the source in which that information is found," and otherwise denying Tajideen's motion to compel disclosure of OFAC material).

**CONCLUSION**

For the foregoing reasons, the Court should deny Concord's motion.

Respectfully submitted,


JOHN C. DEMERS                                              JESSIE K. LIU
Assistant Attorney General for National Security           United States Attorney


By: /s/_____                                    By: /s/_____
Heather N. Alpino                                          Jonathan Kravis
U.S. Department of Justice                                 Luke Jones
National Security Division                                 Kathryn Rakoczy
950 Pennsylvania Ave. NW                                   555 Fourth Street NW
Washington, D.C. 20530                                     Washington, D.C. 20530
Telephone: (202) 514-2000                                  Telephone: (202) 252-6886