**Exhibit 22** to Memorandum of Points and Authorities in Support of Defendant Concord Management and Consulting LLC's Motion to Dismiss Count One of the Superseding Indictment, 18-cr-00032-2-DLF

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn in on May 5, 2015

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 15-CR-152 (RMC) |
| | ) | |
| v. | ) | |
| | ) | |
| ANTONIO COOPER, | ) | |
| also known as "Bowleg Father" | ) | Violations: |
| and "Tony," | ) | |
| | ) | 18 U.S.C. § 371 (Conspiracy); |
| CHERYLE MURPHY, | ) | 18 U.S.C. § 641 (Theft of Public Money); |
| | ) | 18 U.S.C. § 1028A(a)(1), (c)(1) |
| TARKARA COOPER, | ) | (Aggravated Identity Theft); |
| also known as "Takara," | ) | 18 U.S.C. § 2 (Aiding and Abetting; |
| | ) | Causing an Act to be Done); |
| TONY BRYANT, and | ) | 18 U.S.C. § 1512(b)(3) (Tampering |
| | ) | with a Witness). |
| BRIAN BRYANT, | ) | |
| | ) | Forfeiture Allegation: |
| Defendants. | ) | 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. |
| | ) | § 853(p), and 28 U.S.C. § 2461(c). |

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

### Introduction

At all times relevant to this Indictment:

1. Defendants ANTONIO COOPER, also known as "Bowleg Father" and "Tony," and TARKARA COOPER, also known as "Takara," resided within the District of Columbia.

2. Defendants CHERYLE MURPHY, TONY BRYANT, and BRIAN BRYANT resided in the State of Maryland. RASHIDA KING and INDIVIDUAL A also resided in the State of Maryland.

3. A "means of identification" was any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including a name, Social Security number, or date of birth.

4. The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for enforcing and administering the tax laws of the United States, and collecting taxes owed to the United States.

5. The Earned Income Tax Credit ("EITC") was a refundable federal income tax credit for low- to moderate-income working individuals and families. When the EITC exceeded the amount of taxes owed, it resulted in a tax refund to those who claimed and qualified for the credit. The amount of an individual's EITC varied depending on, among other things, the individual's earned income and whether the individual had a qualifying dependent or dependents.

## COUNT ONE
### (Conspiracy to Commit Theft of Government Funds and to Defraud the United States)

6. The factual allegations contained in Paragraphs 1 through 5 of this Indictment are re-alleged and incorporated herein as if copied verbatim.

7. From in or about April 2010 and continuing through at least in or about June 2012, the specific dates being unknown to the Grand Jury, within the District of Columbia and elsewhere, defendants

**ANTONIO COOPER
CHERYLE MURPHY,
TARKARA COOPER,
TONY BRYANT,
and BRIAN BRYANT**

(collectively, "Defendants") and others, both known and unknown to the grand jury, unlawfully, voluntarily, intentionally, and knowingly did conspire, combine, confederate, and agree together and with each other to:

    a.    Commit the offense of theft of public money, in violation of Title 18, United States Code, Section 641; and

    b.    Defraud the United States, and an agency thereof, to wit, the IRS of the Department of the Treasury, for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the IRS in the ascertainment, computation, assessment, and collection of federal income taxes, in violation of Title 18, United States Code, Section 371.

## MANNER AND MEANS

8.    To accomplish the objects of this conspiracy, Defendants used the following manners and means, among others:

    a.    Defendant ANTONIO COOPER and others, both known and unknown to the grand jury, would and did obtain and use the means of identification of individuals, including their names and Social Security numbers, for the purpose of filing false federal income tax returns with the IRS and obtaining fraudulent tax refunds to which they were not entitled. The returns falsely claimed, among other items, that the purported taxpayers operated a Schedule C business and had income sufficient to generate a tax refund based on the EITC. The returns also falsely claimed that the purported taxpayers had certain dependents, who were not, in fact, dependents of the purported taxpayers, in order to qualify for a higher refund based on the EITC. The returns claimed fraudulent refunds from the IRS.

    b.    Defendants CHERYLE MURPHY, TARKARA COOPER, and others, both known and unknown to the grand jury, would and did provide defendant ANTONIO

COOPER with residential addresses in the District of Columbia and elsewhere that were used to receive fraudulent tax refunds generated from the filing of false income tax returns.

   c. Defendant ANTONIO COOPER and others, both known and unknown to the grand jury, would and did use the residential addresses and means of identification to cause to be prepared and filed with the IRS false federal income tax returns which directed the tax refunds to be delivered via the United States Postal Service to residential addresses controlled by defendants ANTONIO COOPER, CHERYLE MURPHY, TARKARA COOPER, and others, both known and unknown to the grand jury. Defendant ANTONIO COOPER and others would and did file with the IRS over 1400 federal income tax returns that claimed over $3.8 million in tax refunds to be delivered to residential addresses controlled by defendants ANTONIO COOPER, CHERYLE MURPHY, TARKARA COOPER, and others.

   d. Defendants ANTONIO COOPER, CHERYLE MURPHY, TARKARA COOPER, and others, both known and unknown to the grand jury, would and did obtain fraudulent U.S. Treasury federal income tax refund checks which were delivered via the U.S. Mail.

   e. Defendants ANTONIO COOPER, TONY BRYANT, and BRIAN BRYANT, and RASHIDA KING and others, both known and unknown to the grand jury, would and did cause fraudulently obtained U.S. Treasury federal income tax refund checks to be deposited into bank accounts controlled by defendants ANTONIO COOPER, TONY BRYANT, and BRIAN BRYANT, and RASHIDA KING and others, both known and unknown to the grand jury. These bank accounts received deposits of over $1.7 million in fraudulently obtained tax refunds.

-4-

    f.  Defendant ANTONIO COOPER and others, both known and unknown to the grand jury, withdrew funds and caused funds to be withdrawn from the bank accounts into which the fraudulently obtained tax refunds were deposited, and caused some of those withdrawn funds to be deposited into bank accounts controlled by defendant CHERYLE MURPHY and others.

    g.  The defendants would and did attempt to conceal the proceeds of the conspiracy.

### OVERT ACTS

  9.  In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts, among others, were committed by or caused to be committed by one or more members of the conspiracy, in the District of Columbia and elsewhere:

    a.  In or about August 2010, defendant CHERYLE MURPHY gave permission to defendant ANTONIO COOPER for her residential address in Suitland, Maryland, to be used for the receipt of fraudulently generated U.S. Treasury federal income tax refund checks.

    b.  On or about October 13, 2010, defendant ANTONIO COOPER possessed means of identification of C.J. without C.J.'s authorization. The means of identification included C.J.'s name and Social Security number.

    c.  On or about October 13, 2010, defendant ANTONIO COOPER and others, both known and unknown to the grand jury, prepared, mailed, and filed with the IRS a false 2007 Form 1040, U.S. Individual Income Tax Return ("Form 1040"), with an attached false Schedule C, in the name of purported taxpayer C.J., using the name and Social Security number of C.J. without C.J.'s knowledge or consent and using the Suitland, Maryland address of

defendant CHERYLE MURPHY as the purported taxpayer address. The Schedule C falsely reported that C.J. operated a business as a sole proprietorship, specifically Classic Kutz Barbers, which had gross receipts of $10,200.00. The Form 1040 also falsely reported that C.J. had two dependents, when, in fact, C.J. had none.

    d. On or about January 10, 2011, RASHIDA KING deposited or caused to be deposited into her bank account at USAA Federal Savings Bank ("FSB"), account number ending in 7344, a U.S. Treasury check in the amount of $2,349.00, which was a fraudulently generated income tax refund issued from the U.S. Treasury on November 26, 2010, to C.J. and mailed to the Suitland, Maryland address of defendant CHERYLE MURPHY, based upon the false 2007 Form 1040 filed with the IRS in the name of purported taxpayer C.J.

    e. On or about January 24, 2011, defendant TONY BRYANT deposited or caused to be deposited into his bank account at Bank of America, account number ending in 0727, a U.S. Treasury check in the amount of $2,849.00, which was a fraudulently generated income tax refund issued from the U.S. Treasury on December 24, 2010, to J.G. and mailed to the District of Columbia address of defendant TARKARA COOPER, based upon the false 2008 income tax return filed with the IRS in the name of purported taxpayer J.G. on or about November 22, 2010.

    f. On or about January 27, 2011, defendant BRIAN BRYANT deposited or caused to be deposited into his bank account at Bank of America, account number ending in 4931, a U.S. Treasury check in the amount of $2,849.00, which was a fraudulently generated income tax refund issued from the U.S. Treasury on November 26, 2010, to G.F. and mailed to the District of Columbia address of defendant TARKARA COOPER, based upon the false 2008

income tax return filed with the IRS in the name of purported taxpayer G.F. on or about October 26, 2010.

      g.    On or about January 27, 2011, defendant TONY BRYANT deposited or caused to be deposited into his bank account at Bank of America, account number ending in 1064, a U.S. Treasury check in the amount of $2,349.00, which was a fraudulently generated income tax refund issued from the U.S. Treasury on December 10, 2010, to H.Y. and mailed to the District of Columbia address of defendant TARKARA COOPER, based upon the false 2007 income tax return filed with the IRS in the name of purported taxpayer H.Y. on or about October 29, 2010.

      h.    On or about May 31, 2011, defendant BRIAN BRYANT deposited or caused to be deposited into his bank account at Capital One Bank, account number ending in 9278, a U.S. Treasury check in the amount of $919.47, which was a fraudulently generated income tax refund issued from the U.S. Treasury on May 6, 2011, to V.S. and mailed to the District of Columbia address of defendant TARKARA COOPER, based upon the false 2007 income tax return filed with the IRS in the name of purported taxpayer V.S. on or about October 26, 2010.

      i.    On or about January 31, 2012, defendant TONY BRYANT deposited or caused to be deposited into his bank account at Capital One Bank, account number ending in 7458, a U.S. Treasury check in the amount of $5,976.02, which was a fraudulently generated income tax refund issued from the U.S. Treasury on January 27, 2012, to G.F. and mailed to a District of Columbia address, based upon the false 2009 income tax return filed with the IRS in the name of purported taxpayer G.F. on or about December 3, 2011.

    j.  On or about March 28, 2012, defendant TONY BRYANT deposited or caused to be deposited into his bank account at Capital One Bank, account number ending in 7458, a U.S. Treasury check in the amount of $2,349.00, which was a fraudulently generated income tax refund issued from the U.S. Treasury on February 17, 2012, to G.F. and mailed to a District of Columbia address, based upon the false 2007 income tax return filed with the IRS in the name of purported taxpayer G.F. on or about October 26, 2010.

    k.  On or about June 1, 2012, defendant BRIAN BRYANT deposited or caused to be deposited into a bank account in the name of INDIVIDUAL A at Capital One Bank, account number ending in 6429, a U.S. Treasury check in the amount of $1,589.02, which was a fraudulently generated income tax refund issued from the U.S. Treasury on March 23, 2012, to R.R. and mailed to a District of Columbia address, based upon the false 2010 income tax return filed with the IRS in the name of purported taxpayer R.R. on or about January 30, 2012.

    l.  On or about June 13, 2012, defendant TONY BRYANT deposited or caused to be deposited into his bank account at Capital One Bank, account number ending in 7458, a U.S. Treasury check in the amount of $3,029.02, which was a fraudulently generated income tax refund issued from the U.S. Treasury on June 4, 2012, to F.L. and mailed to the District of Columbia address of defendant TARKARA COOPER, based upon the false 2008 income tax return filed with the IRS in the name of purported taxpayer F.L. on or about April 6, 2010.

**(Conspiracy to Commit Theft of Government Funds and to Defraud the United States, in violation of Title 18, United States Code, Section 371)**

## COUNT TWO
### (Theft of Public Money)

10. The factual allegations contained in Paragraphs 1 through 5 and 8 through 9 of this Indictment are re-alleged and incorporated herein as if copied verbatim.

11. On or about the date listed below, within the District of Columbia and elsewhere, in a continuing course of conduct, defendants ANTONIO COOPER and CHERYLE MURPHY did steal, purloin, and knowingly convert to their own use and the use of another, and did receive and retain with intent to convert to their own use and gain, knowing it to have been stolen, purloined, and converted, money of the United States, namely, funds administered by the Department of the Treasury in the form of a federal tax refund in the amount and in the name of the individual whose initials are listed below which was deposited by RASHIDA KING into the identified account:

| Count | On or about Date of Deposit | Individual | Amount | Financial Institution | Account Number |
|---|---|---|---|---|---|
| 2 | 01/10/2011 | C.J. | $2,349.00 | USAA FSB | -7344 |

(Theft of Public Money, and Aiding and Abetting and Causing an Act to be Done, in violation of Title 18, United States Code, Sections 641 and 2)

## COUNTS THREE THROUGH FIVE
### (Theft of Public Money)

12. The factual allegations contained in Paragraphs 1 through 5 and 8 through 9 of this Indictment are re-alleged and incorporated herein as if copied verbatim.

13. On or about the date listed below, within the District of Columbia and elsewhere, in a continuing course of conduct, defendants ANTONIO COOPER, TARKARA COOPER, and TONY BRYANT did steal, purloin, and knowingly convert to their own use and the use of another, and did receive and retain with intent to convert to their own use and gain, knowing it to

-9-

have been stolen, purloined, and converted, money of the United States, namely, funds administered by the Department of the Treasury in the form of a federal tax refund in the amount and in the name of the individual whose initials are listed below which was mailed to an address in the District of Columbia and deposited into the identified account:

| Count | On or about Date of Deposit | Individual | Amount | Financial Institution | Account Number |
|---|---|---|---|---|---|
| 3 | 01/24/2011 | J.G. | $2,849.00 | Bank of America | -0727 |
| 4 | 01/27/2011 | H.Y. | $2,349.00 | Bank of America | -1064 |
| 5 | 06/13/2012 | F.L. | $3,029.02 | Capital One | -7458 |

**(Theft of Public Money, and Aiding and Abetting and Causing an Act to be Done, in violation of Title 18, United States Code, Sections 641 and 2)**

## COUNTS SIX AND SEVEN
### (Theft of Public Money)

14. The factual allegations contained in Paragraphs 1 through 5 and 8 through 9 of this Indictment are re-alleged and incorporated herein as if copied verbatim.

15. On or about the date listed below, within the District of Columbia and elsewhere, in a continuing course of conduct, defendants ANTONIO COOPER, TARKARA COOPER, and BRIAN BRYANT did steal, purloin, and knowingly convert to their own use and the use of another, and did receive and retain with intent to convert to their own use and gain, knowing it to have been stolen, purloined, and converted, money of the United States, namely, funds administered by the Department of the Treasury in the form of a federal tax refund in the amount and in the name of the individual whose initials are listed below which was mailed to an address in the District of Columbia and deposited into the identified account:

| Count | On or about Date of Deposit | Individual | Amount | Financial Institution | Account Number |
|---|---|---|---|---|---|
| 6 | 01/27/2011 | G.F. | $2,849.00 | Bank of America | -4931 |
| 7 | 05/31/2011 | V.S. | $919.47 | Capital One | -9278 |

(Theft of Public Money, and Aiding and Abetting and Causing an Act to be Done, in violation of Title 18, United States Code, Sections 641 and 2)

## COUNTS EIGHT AND NINE
### (Theft of Public Money)

16. The factual allegations contained in Paragraphs 1 through 5 and 8 through 9 of this Indictment are re-alleged and incorporated herein as if copied verbatim.

17. On or about the date listed below, within the District of Columbia and elsewhere, in a continuing course of conduct, defendant TONY BRYANT did steal, purloin, and knowingly convert to his own use and the use of another, and did receive and retain with intent to convert to his own use and gain, knowing it to have been stolen, purloined, and converted, money of the United States, namely, funds administered by the Department of the Treasury in the form of a federal tax refund in the amount and in the name of the individual whose initials are listed below which was mailed to an address in the District of Columbia and deposited into the identified account:

| Count | On or about Date of Deposit | Individual | Amount | Financial Institution | Account Number |
|---|---|---|---|---|---|
| 8 | 01/31/2012 | G.F. | $5,976.02 | Capital One | -7458 |
| 9 | 03/28/2012 | G.F. | $2,349.00 | Capital One | -7458 |

(Theft of Public Money, and Aiding and Abetting and Causing an Act to be Done, in violation of Title 18, United States Code, Sections 641 and 2)

## COUNT TEN
### (Theft of Public Money)

18.     The factual allegations contained in Paragraphs 1 through 5 and 8 through 9 of this Indictment are re-alleged and incorporated herein as if copied verbatim.

19.     On or about the date listed below, within the District of Columbia and elsewhere, in a continuing course of conduct, defendant BRIAN BRYANT did steal, purloin, and knowingly convert to his own use and the use of another, and did receive and retain with intent to convert to his own use and gain, knowing it to have been stolen, purloined, and converted, money of the United States, namely, funds administered by the Department of the Treasury in the form of a federal tax refund in the amount and in the name of the individual whose initials are listed below which was mailed to an address in the District of Columbia and deposited into the identified account belonging to INDIVIDUAL A:

| Count | On or about Date of Deposit | Individual | Amount | Financial Institution | Account Number |
|---|---|---|---|---|---|
| 10 | 06/01/2012 | R.R. | $1,589.02 | Capital One | -6429 |

**(Theft of Public Money, and Aiding and Abetting and Causing an Act to be Done, in violation of Title 18, United States Code, Sections 641 and 2)**

## COUNTS ELEVEN THROUGH EIGHTEEN
### (Aggravated Identity Theft)

20.     The factual allegations contained in Paragraphs 1 through 5 and 8 through 9 of this Indictment are re-alleged and incorporated herein as if copied verbatim.

21.     On or about the date listed below, within the District of Columbia and elsewhere, the defendants listed below did knowingly transfer, possess, and use the means of identification of another person without lawful authority during and in relation to the offense in this Indictment

described as a Related Count, that is, they knowingly transferred, possessed, and used the name and Social Security number of an actual person known to the grand jury, listed by their initials below, to commit theft of public money in violation of 18 U.S.C. § 641 by obtaining a fraudulent federal income tax refund in the stated amount:

| Count | Defendants | On or about Date of Offense | Related Count | Individual | Refund Amount |
|---|---|---|---|---|---|
| 11 | ANTONIO COOPER | 01/10/2011 | 2 | C.J. | $2,349.00 |
| 12 | ANTONIO COOPER, TONY BRYANT | 01/24/2011 | 3 | J.G. | $2,849.00 |
| 13 | ANTONIO COOPER, TONY BRYANT | 01/27/2011 | 4 | H.Y. | $2,349.00 |
| 14 | ANTONIO COOPER, TONY BRYANT | 06/13/2012 | 5 | F.L. | $3,029.02 |
| 15 | ANTONIO COOPER, BRIAN BRYANT | 01/27/2011 | 6 | G.F. | $2,849.00 |
| 16 | TONY BRYANT | 01/30/2012 | 8 | G.F. | $5,976.02 |
| 17 | TONY BRYANT | 03/28/2012 | 9 | G.F. | $2,349.00 |
| 18 | BRIAN BRYANT | 06/01/2012 | 10 | R.R. | $1,589.02 |

**(Aggravated Identity Theft, and Aiding and Abetting and Causing an Act to be Done, in violation of Title 18, United States Code, Sections 1028A(a)(1), (c)(1) and 2)**

## COUNT NINETEEN
**(Tampering with a Witness)**

22. The factual allegations contained in Paragraphs 1 through 5 and 8 through 9 of this Indictment are re-alleged and incorporated herein as if copied verbatim.

23. On or about January 30, 2014, within the District of Columbia and elsewhere, defendant ANTONIO COOPER did knowingly and corruptly persuade D.D., with the intent to

-13-

cause and induce D.D. to withhold information and communicate false information to law enforcement relating to the commission of a federal offense, to wit, Theft of Government Funds.

**(Tampering with a Witness, in violation of Title 18, United States Code, Section 1512(b)(3))**

## FORFEITURE ALLEGATION

1. Upon conviction of the offenses alleged in Count One through Count Ten, the defendants shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will also seek a forfeiture money judgment against the defendants equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property that cannot be divided without difficulty;

the defendants shall forfeit to the United States any other property of the defendants, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United Sates Code, Section 2461(c), and Title 21, United States Code, Section 853(p))**

A TRUE BILL

FOREPERSON

ATTORNEY FOR THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA