**Exhibit 24** to Memorandum of Points and Authorities in Support of Defendant Concord Management and Consulting LLC's Motion to Dismiss Count One of the Superseding Indictment, 18-cr-00032-2-DLF

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**Holding a Criminal Term**
**Grand Jury Sworn in on May 7, 2011**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : **CRIMINAL NO.:  13-168 (JDB)** |
| | : |
| **v.** | : **GRAND JURY ORIGINAL:** |
| | : |
| **MICHAEL T. SESTAK,** | : **VIOLATIONS:** |
| **BINH TANG VO,** | : |
| **ANHDAO T. NGUYEN,** | : **18 U.S.C. § 371** |
|    also known as Alice Nguyen, | : **(Conspiracy)** |
|    also known as Anhdao Thuy Vo, | : |
|    also known as Thuy Anh Dao Nguyen | : **18 U.S.C. § 201(b)(2)** |
|    also known as Anhdao Thuy Nguyen, | : **(Bribery)** |
|    also known as Dao Thuy Anh Nguyen, | : |
| **HONG CHAU VO, and** | : **18 U.S.C. § 2** |
| **TRUC THANH HUYNH,** | : **(Aiding and Abetting and Causing an Act** |
| | : **to be Done)** |
|           **Defendants.** | : |
| | : **18 U.S.C. § 1546** |
| | : **(Fraud and Misuse of Visas)** |
| | : |
| | : **18 U.S.C. § 1001** |
| | : **(Material False Statements)** |
| | : |
| | : **CRIMINAL FORFEITURE:** |
| | : |
| | : **18 U.S.C. § 981(a)(1)(C);** |
| | : **18 U.S.C. § 982(a);** |
| |    **28 U.S.C. § 2461(c);** |
| |    **21 U.S.C. § 853(p)** |

## <u>INDICTMENT</u>

The Grand Jury charges that:

## <u>COUNT ONE</u>

At times material to the Indictment:

<u>General Allegations Concerning the Defendants and the Visa Application Process</u>

1.      The United States Consulate in Vietnam was located in Ho Chi Minh City

(hereinafter "the Consulate").

2.      Defendant Michael T. Sestak ("SESTAK") was a United States citizen.  SESTAK

worked as a U.S. Foreign Service Consular Officer for the United States Department of State.

Between August 2010 and September 2012, SESTAK was stationed at the United States

Consulate in Ho Chi Minh City, Vietnam, where he was Chief of the Consulate's Non-Immigrant

Visa  ("NIV") Unit.

3.      Defendant Binh Vo ("BINH VO") was a U.S. citizen and resident of Vietnam.

BINH VO was the General Director of the Vietnam office of an international company.

4.      Defendant Anhdao T. Nguyen, also known as Alice Nguyen, also known as

Anhdao Thuy Vo, also known as Thuy Anh Dao Nguyen, also known as Anhdao Thuy Nguyen,

also known as Dao Thuy Anh Nguyen ("ALICE NGUYEN"), was a citizen and resident of

Vietnam.  ALICE NGUYEN was the wife of BINH VO.

5.      Defendant Hong Chau Vo ("HONG VO") was a United States citizen and resided

in Vietnam.  HONG VO was the sister of BINH VO.

6.      Defendant Truc Thanh Huynh ("TRUC HUYNH") was a resident and citizen of

Vietnam.  HUYNH was the cousin of BINH VO and HONG VO.

7.      All non-immigrant visa applications received at the Consulate were submitted

electronically via the Department of State's Consular Electronic Application Center ("CEAC").

The Internet Protocol ("IP") address from which an applicant accessed the CEAC was captured

and retained both at the time an application was first created, and at the time the application was

submitted.

8.      Defendant HONG VO was the subscriber of a Virtual Private Network ("VPN")

serviced by a company located in California (hereinafter "HONG VO IP Address").

9.      IP address 118.69.37.10 was registered to an Internet Service Provider in

Vietnam.  This IP address was associated with defendant BINH VO's employer in Vietnam

(hereinafter "BINH VO IP Address").

10.     IP address 113.161.71.157 was registered to an Internet Service Provider in

Vietnam.  This IP address was associated with defendant ALICE NGUYEN's family home in

Vietnam (hereinafter "NGUYEN FAMILY HOME IP Address").

<u>The Conspiracy</u>

11.     From at least in or around February 2012, continuing through at least in or around

December 2012, in the extraterritorial jurisdiction of the United States and within the District of

Columbia and elsewhere, and pursuant to Title 18, United States Code, Sections 3237 and 3238,

within the venue of the United States District Court for the District of Columbia, the defendants

SESTAK, BINH VO, ALICE NGUYEN, HONG VO, and TRUC HUYNH, a joint offender who

was arrested in the District of Columbia, did knowingly combine, conspire, confederate, and

agree, together and with persons whose identities are known and unknown to the Grand Jury, to

commit offenses against the United States, that is, bribery of a public official, in violation of 18

U.S.C. Section 201(b)(2), and visa fraud, in violation of  18 U.S.C. Section 1546(a), and to

defraud the United States Government by interfering with and obstructing a lawful government

function, that is, the unbiased and disinterested issuance of visas by the Department of State to

non-United States citizens, by deceit, craft, trickery, and dishonest means, in violation of Title 18, United States Code, Section 371.

Object of the Conspiracy

12.     The objects of the conspiracy were to obtain money in exchange for facilitating the approval of non-immigrant visas from Vietnam to the United States through the U.S. Consulate in Ho Chi Minh City, and to conceal the existence and source of the proceeds of the conspiracy.

Manner and Means Used to Accomplish the Objects of the Conspiracy

A.     Defendant SESTAK and defendant BINH VO agreed to obtain fees from foreign nationals in Vietnam in exchange for facilitating the approval of non-immigrant visas to the United States through the Consulate, where SESTAK was Chief of the Consulate's NIV Unit.

B.     Defendant BINH VO, defendant HONG VO, and other conspirators known and unknown to the Grand Jury, referred to the visa bribery scheme as the "David Visa business," the "DV business," the "DV biz," or "DV."

C.     Defendant BINH VO informed defendant SESTAK of the identity of each foreign national who had agreed to pay money in exchange for obtaining a visa, before the foreign national appeared at the Consulate for a visa interview.

D.     Defendant SESTAK attempted to review the visa application and conduct the personal interview of each foreign national who had agreed to pay money in exchange for obtaining a visa.

E.     Defendant SESTAK attempted to issue a visa to each foreign national who had agreed to pay for obtaining a visa, and he did so irrespective of whether he knew the information

4

presented by the foreign national in the visa application and during the visa interview was true, and irrespective of whether he knew the foreign national was, in fact, entitled under United States law to be issued a visa.

F.      Defendants BINH VO and TRUC HUYNH, and other conspirators known and unknown to the Grand Jury, collected the visa applicants' payments, which were made in Vietnam and the United States.

G.      Between February 2012 and September 2012, defendants BINH VO and HONG VO, and other conspirators known and unknown to the Grand Jury, created or submitted approximately 425 visa applications for approximately 419 applicants, from the HONG VO IP Address and the BINH VO IP Address.  Defendant SESTAK caused visas to be approved for approximately 410 of those visa applicants.

H.      Between February 2012 and September 2012, defendants BINH VO and ALICE NGUYEN, and other conspirators known and unknown to the Grand Jury, submitted approximately 80 visa applications from the NGUYEN FAMILY HOME IP Address, and caused approximately 79 of those visa applicants to receive visas.

I.      Defendants BINH VO, ALICE NGUYEN, and HONG VO, and other conspirators known and unknown to the Grand Jury, advertised the visa scheme by creating a website, www.visa-my.com, to attract visa customers, and by spreading word through emails and phone calls that advertised the visa scheme.

J.      Defendants BINH VO, ALICE NGUYEN, HONG VO, and TRUC HUYNH received biographical information and photographs for visa customers by email and other means and used the information to prepare electronic visa applications.

K.      Defendants SESTAK, BINH VO, HONG VO, and TRUC HUYNH, and other conspirators known and unknown to the Grand Jury, used secret email accounts and code names to conduct the business of the visa scheme and to conceal their identities.

L.      Defendants SESTAK, BINH VO, and ALICE NGUYEN concealed the source of the proceeds and the existence of the scheme by transferring the money out of Vietnam into bank accounts in the United States and Thailand, and real property in Thailand.

<u>Overt Acts</u>

In furtherance of the above-described conspiracy, and in order to carry out the objects thereof, defendants SESTAK, BINH VO, ALICE NGUYEN, HONG VO, and TRUC HUYNH, and others known and unknown to the Grand Jury committed or caused to be committed, in the District of Columbia and elsewhere, at least one of the following overt acts, among others:

(1)     On or about February 6, 2012, a co-conspirator known to the Grand Jury registered the domain name www.visa-my.com.

(2)     On or about March 12, 2012, during an electronic chat, defendants BINH VO and ALICE NGUYEN had the following exchange:

> BINH VO: J said that lady should've been 20Gs.....
> ALICE NGUYEN: then should we require the lady in Long Thanh?
> ALICE NGUYEN: 'cause she's been denied before too
> BINH VO: deny scenario is different from going over there a few times already and then come back here and then got denied
> ALICE NGUYEN: As long as J is ok with it
> BINH VO: yeah, he's just sharing the degree of difficulties for different cases … Basically, we don't care, as long as he's willing to do them at whatever rates he indicate[s].

(3)     On or about April 9, 2012, during an electronic chat, defendant BINH VO asked defendant HONG VO for her bank account information, and stated, "just in case I need people to

6

transfer money into your account so that you can keep the cash there for me";  HONG VO

provided her bank account information to BINH VO.

(4)      On or about April 9, 2012, during an electronic chat, defendant BINH VO stated

to a person known to the Grand Jury, "will you transfer the cash from my bank to yours?  I might

have someone who would like to pay in the US, and if so, I will have that person transfer money

to your bank account."  BINH VO also stated, "you should open a USD account at Vietcombank

to be safe as HSBC can be checked by US gov't."

(5)      On or about May 28, 2012, defendant SESTAK opened a bank account at the

Siam Commercial Bank PLC located in Bangkok, Thailand.

(6)      On or about May 29, 2012, during an electronic chat, defendant HONG VO was

asked by a person known to the Grand Jury, "has binh asked you to start filling out immigration

forms for him," to which HONG VO responded, "I did some last week."  The person responded,

"yeah, I told him to ask you since you are good at it now."

(7)      On or about June 2, 2012, defendant SESTAK sent an email from his email

account, mtsestak@aol.com, to the email account of a person with whom he was corresponding

about purchasing property in Thailand, that stated "We are still having trouble finding a way to

transfer my money out of Vietnam. . . .  There is another option, but we would have to pay a 25%

corporate earnings tax to transfer, which is too high.  Do you have any suggestions?  It is

frustrating to not be able to transfer my money . . . I feel trapped in Vietnam!"

(8)      On or about June 28, 2012, during an electronic chat, defendant BINH VO told a

person known to the Grand Jury that defendant HUYNH was his "runner now and deals w/ all

the agents, etc., and I specifically told her not to tell ANYONE.  I got her a US visa also

already."  During the same electronic chat, BINH VO instructed the person to have any contacts

"call Truc and say who refer.  Her name is Thanh.  Truc = Thanh.  We all have different names,"

and BINH VO further stated, "Price is 50-70 depending on the case. . . they can pay either in the

USA or VN."

        (9)     On or about July 2, 2012, an email that contained as an attachment a scan of a

biographical page from a passport, which included a "head shot" photograph, was sent from an

unknown person's email account to an email account of defendant ALICE NGUYEN,

dao.ta.nguyen@gmail.com.

        (10)    On or about July 25, 2012, defendant SESTAK approved a visa application for

D.T.Q.N. that was submitted to the Consulate on or about July 24, 2012 from the HONG VO IP

Address, and which included the same "head shot" photograph which was sent to defendant

ALICE NGUYEN's email account, dao.ta.nguyen@gmail.com, on or about July 2, 2012.

        (11)    On or about July 7, 2012, during an electronic chat, defendant HONG VO

engaged in the following exchange with an acquaintance:

> [HONG VO]: did you get my email?
> [HONG VO]: the people who have no chance in going to the US…or have been
> rejected… is the target
> [Acquaintance]: i have not check[ed] it out yet.
> [HONG VO]: $50k is the base.
> [HONG VO]: can't go any lower
> [Acquaintance]: i give 10 poeple [sic] your cell #
> [HONG VO]: okay
> [HONG VO]: next tiem [sic] you collect their numbers
> [Acquaintance]: so they should be calling u
> [HONG VO]: and give it to me okay?
> [Acquaintance]: i started yesterday
> [HONG VO]: bc I can't be directly involved… scared.
> [HONG VO]: lol okay. next time collect their nu[m]bers and names
> [HONG VO]: and send to me
> [HONG VO]: and i will have someone else call and talk to them

. . .
[HONG VO]: but this has to be kept downlow
[HONG VO]: can't have everyone talking about it
[HONG VO]: so make sure the people ur talking to… they have to be careful

(12)    On or about August 1, 2012, during an electronic chat, defendant BINH VO stated

to defendant ALICE NGUYEN, "we need to spread out the cash to many banks and locations to

be safe."  ALICE NGUYEN then stated, "let me check with them to see if it's ok to have it under

just your name," to which BINH VO responded, "no . . . no . . . no . . . I don't want to open a

western bank account w/ my name."

(13)    On or about August 6, 2012, defendant TRUC HUYNH sent an email from her

email account, ThanhNguyen896@gmail.com, to an unknown person's email account.  The

email contained as an attachment a document that included the following sample visa interview

questions and answers, written in Vietnamese:

> Question:  Have you ever traveled to a foreign country before?
> Answer: I have
> Question: What country have you traveled to?
> Answer:  I have been to Australia
> Question: Why is it not on your passport?
> Answer: Because my passport had expired, I changed to a new passport therefore I did
> not bring it with me.
> Question: What year did you travel?
> Answer: I went in 2011

(14)    On or about August 29, 2012, a co-conspirator known to the Grand Jury sent an

email from the email account titi_8667@yahoo.com.vn, to defendant ALICE NGUYEN's email

account, dao.ta.nguyen@gmail.com, containing three PDF attachments of bank transfer

statements reflecting money transfers of $360,000 dollars, $400,000 dollars, and $500,000

dollars to defendant SESTAK at the Siam Commercial Bank in Thailand, all of which funds

represented proceeds of the visa fraud scheme.

9

(15)    On or about August 31, 2012, an international money transfer from China of approximately $499,000, representing proceeds from the visa fraud scheme, was made to a Wells Fargo account opened by defendant ALICE NGUYEN ("ALICE NGUYEN's Wells Fargo Account").

(16)    On or about September 24, 2012, defendant SESTAK submitted responses to a "Questionnaire for National Security Positions (SF86 Format)" along with signature pages bearing his signature, in which he falsely stated that he had no foreign financial interests, and that he did not own, anticipate owning, or plan to purchase real estate in a foreign country.

(17)    On or about October 19, 2012, defendant SESTAK was interviewed by two Diplomatic Security Service Special Agents at a Department of State office in the District of Columbia.  During the interview, SESTAK was asked, in sum and substance, whether he was aware of any American Department of State officials who had unexpectedly come into a lot of money, not in line with their regular salary, when he was in Vietnam.  In order to conceal the existence of the visa fraud scheme and the source of the proceeds generated by the scheme, SESTAK falsely replied, in sum and substance, that he could not think of anyone who had. When he was asked, in sum and substance, whether he was aware of any American Department of State officials adjudicating the visa applications of their personal associates, in order to conceal the existence of the visa fraud scheme, SESTAK falsely replied, in sum and substance, that he was not aware of anyone who had, because he and most of his Department of State colleagues in Vietnam did not have any real contacts with the Vietnamese community outside of the local staffs.

(18)    On or about October 25, 2012, defendant SESTAK sent an email from one of his

email accounts, miskowazjii@gmail.com, in which he referred to defendant BINH VO as his "business partner."

(19)   On or about November 1, 2012, defendant ALICE NGUYEN transferred $100,000 from her Wells Fargo account to her Scottrade account, and $100,000 from her Wells Fargo account to defendant BINH VO's Scottrade account, as part of an effort to conceal the source of the proceeds and existence of the visa fraud scheme.

(20)   On or about December 11, 2012, defendant SESTAK made a payment by check from his Thailand bank account for approximately $234,000 towards the purchase of a condominium in Thailand, as part of an effort to conceal the source of the proceeds and existence of the visa fraud scheme.

<u>Transactions Related to A.T.H.D. and Q.T.N.T.</u>

(21)   On or about March 11, 2012, a visa application was submitted to the Consulate for A.T.H.D. from the BINH VO IP Address and listed Person 1 as the U.S. point of contact and an address in Harrisburg, Pennsylvania, as the U.S. destination.

(22)   On or about March 12, 2012, defendant SESTAK issued a visa to A.T.H.D.

(23)   On or about March 14, 2012, a $26,000 money transfer was made from the Fulton Bank account of Person 2, the sibling of Person 1, to defendant BINH VO's J.P. Morgan Chase bank account.

(24)   On or about March 21, 2012, a visa application was submitted to the Consulate for Q.T.N.T. from the BINH VO IP Address and listed Person 1 as the U.S. point of contact and an address in Harrisburg, Pennsylvania, as the U.S. destination.

(25)   On or about March 22, 2012, defendant SESTAK issued a visa to Q.T.N.T.

Transaction Related to T.T.V.

(26)     On or about April 16, 2012, a visa application was submitted to the Consulate for T.T.V. from the BINH VO IP Address.

(27)     On or about April 22, 2012, the Consulate sent an electronic confirmation of an expedited visa appointment for T.T.V. to the email account Lieu.Singer@yahoo.com, an email account whose address and apparent password were stored in an email account of defendant BINH VO, Binh.T.Vo@gmail.com.

(28)     On or about April 23, 2012, defendant SESTAK issued a visa to T.T.V.

Transactions Related to T.T.M.L. and N.T.M.L.

(29)     On or about May 21, 2012, a $35,000 money transfer was made from the Sun Trust Bank account of Person 3 to defendant ALICE NGUYEN's Wells Fargo account.

(30)     On or about May 21, 2012, a visa application was submitted to the Consulate for T.T.M.L and listed Person 3 as T.T.M.L.'s U.S. point of contact and Person 3's work address as the U.S. destination.

(31)     On or about May 22, 2012, defendant SESTAK issued a visa to T.T.M.L.

(32)     On or about May 22, 2012, a visa application was submitted to the Consulate for N.T.M.L. from the HONG VO IP Address and listed Person 3 as N.T.M.L.'s U.S. point of contact and Person 3's work address as the U.S. destination.

(33)     On or about May 23, 2012, defendant SESTAK issued a visa to N.T.M.L.

Transactions Related to K.M.T. and T.T.N.

(34)     On or about May 21, 2012, a visa application was submitted to the Consulate for K.M.T. from the HONG VO IP Address and listed an address in Hawaii as the destination

12

address (hereinafter "Hawaii Address"); Person 4, Person 5, and Person 6 were all associated with the Hawaii Address or with residents of the Hawaii Address.

(35)   On or about May 21, 2012, Person 4, who lived at the Hawaii Address, transferred $45,000 from a Bank of Hawaii account to defendant ALICE NGUYEN's Wells Fargo account.

(36)   On or about May 22, 2012, Person 5 transferred $20,000 from a Bank of Hawaii account to defendant ALICE NGUYEN's Wells Fargo account.

(37)   On or about May 22, 2012, Person 6 transferred $15,000 from a Wells Fargo account to defendant ALICE NGUYEN's Wells Fargo account.

(38)   On or about May 22, 2012, defendant SESTAK issued a visa to K.M.T.

(39)   On or about May 23, 2012, a visa application was submitted to the Consulate for T.T.N. and listed the destination address as the Hawaii Address.

(40)   On or about May 23, 2012, defendant SESTAK issued a visa to T.T.N.

Transaction Related to T.V.P.

(41)    On or about May 22, 2012, a $20,000 money transfer was made from Person 7's Bank of Hawaii account to defendant ALICE NGUYEN's Wells Fargo account.

(42)   On or about May 30, 2012, a visa application was submitted to the Consulate for T.V.P. from the BINH VO IP Address and listed Person 7 as the U.S. point of contact.

(43)   On or about May 31, 2012, defendant SESTAK issued a visa to T.V.P.

Transaction Related to T.T.K.H.

(44)   On or about June 23, 2012,  defendant TRUC HUYNH sent two emails from her email account, ThanhNguyen896@gmail.com, to an email account of defendant BINH VO, Tinale83@yahoo.com, containing a "head shot" photograph attachment and biographical

information for T.T.K.H., an individual who had submitted five prior NIV applications to the Consulate in 2010, all of which were denied.

(45)    On or about June 24, 2012, a visa application was submitted to the Consulate for T.T.K.H. from the HONG VO IP Address, which included the same photograph and biographical information that were sent from the email account of defendant TRUC HUYNH to the email account of defendant BINH VO on or about June 23, 2012.

(46)    On or about June 26, 2012, defendant SESTAK issued a visa to T.T.K.H.

<u>Transaction Related to N.T.X.P.</u>

(47)    On or about July 7, 2012, and July 11, 2012, defendant TRUC HUYNH sent two emails from her email account, ThanhNguyen896@gmail.com, to an email account of defendant BINH VO, Tinale83@yahoo.com, containing "head shot" photograph attachments and biographical information for N.T.X.P., an individual who submitted three prior NIV applications to the Consulate in 2008, all of which were denied.

(48)    On or about July 12, 2012, a visa application was submitted to the Consulate for N.T.X.P. from the HONG VO IP Address, which included the same photograph and biographical information that were sent from the email account of defendant TRUC HUYNH to the email account of defendant BINH VO on or about July 7, 2012.

(49)    On or about July 13, 2012, defendant SESTAK issued a visa to N.T.X.P.

<u>Transaction Related to T.T.T.</u>

(50)    On or about August 16, 2012, defendant TRUC HUYNH sent two emails from her email account, ThanhNguyen896@gmail.com, to the email account of defendant BINH VO, Tinale83@yahoo.com, containing "head shot" photograph attachments and biographical

14

information for T.T.T., an individual who submitted six prior NIV applications to the Consulate

from 2008 through 2011, all of which were denied.

(51)     On or about August 16, 2012, a visa application was submitted to the Consulate

for T.T.T. from the BINH VO IP Address, which included the same photograph and biographical

information that were sent from the email account of defendant TRUC HUYNH to the email

account of defendant BINH VO on or about August 16, 2012.

(52)     On or about August 17, 2012, defendant SESTAK issued a visa to T.T.T.

<u>Transaction Related to C.T.K.N.</u>

(53)     On or about August 24, 2012, defendant TRUC HUYNH sent an email from her

email account, ThanhNguyen896@gmail.com, to the email account of defendant BINH VO,

Tinale83@yahoo.com, containing  a "head shot" photograph and biographical information for

C.T.K.N., an individual whose prior NIV application was denied in 2007 on the basis of a

finding of fraud.

(54)     On or about August 26, 2012, a visa application was submitted to the Consulate

for C.T.K.N. from the HONG VO IP Address, which included the same photograph and

biographical information that were sent from the email account of defendant TRUC HUYNH to

the email account of defendant BINH VO on or about August 24, 2012.

(55)     On or about August 28, 2012, defendant SESTAK interviewed and issued a visa

to C.T.K.N.; in the case notes field of a Consular database, SESTAK did not mention that a "hit"

had appeared in the system to alert him to the prior fraud for C.T.K.N.

<u>Transaction Related to Q.V.</u>

(56)     On or about September 3, 2012, a visa application was submitted from the HONG

15

VO IP Address to the Consulate for Q.V., an individual who had previously submitted a NIV

application to the Consulate on or about August 28, 2012, which application was denied on or

about August 29, 2012.

(57)     Six days later, on or about September 4, 2012, defendant SESTAK interviewed

and issued a visa to Q.V.; in the case notes field of a Consular database, SESTAK failed to

mention Q.V.'s recent prior NIV refusal.

(**Conspiracy to Commit Offenses Against the United States and to Defraud the United
States**, in violation of Title 18, United States Code, Section 371).


## COUNTS TWO THROUGH FOURTEEN

### (Bribery)

1.      The Grand Jury realleges and incorporates by reference as if fully stated herein

paragraphs 1 through 10 of Count One of this Indictment.

2.      On or about the following dates, and with respect to the following visa applicants,

in Vietnam, in the extraterritorial jurisdiction of the United States and, pursuant to Title 18,

United States Code, Section 3238, within the venue of the United States District Court for the

District of Columbia, defendant MICHAEL T. SESTAK, being a public official, and defendants

BINH TANG VO, ANHDAO T. NGUYEN, also known as Alice Nguyen, also known as

Anhdao Thuy Vo, also known as Thuy Anh Dao Nguyen, also known as Anhdao Thuy Nguyen,

also known as Dao Thuy Anh Nguyen, HONG CHAU VO, and TRUC THANH HUYNH, a joint

offender who was arrested in the District of Columbia, and others known and unknown to the

Grand Jury, did directly and indirectly, corruptly demand, seek, receive, accept, and agree to

receive and accept, things of value – that is, cash – in return for:  (a) being influenced in the

performance of an official act; (b) being influenced to commit and aid in committing, and

colluding in and allowing, a fraud, and make opportunity for the commission of a fraud, on the

United States; and (c) being induced to do and omit to do an act in violation of defendant

SESTAK's official duty; such official act and official duty being the issuance of United States

nonimmigrant visas, and such influence, fraud, and violation being the issuance of fraudulently-

obtained visas to visa applicants in exchange for cash:

| COUNT | APPLICANT | DATE |
|---|---|---|
| 2 | A.T.H.D. | March 12, 2012 |
| 3 | Q.T.N.T. | March 22, 2012 |
| 4 | T.T.V. | April 23, 2012 |
| 5 | T.T.M.L. | May 22, 2012 |
| 6 | N.T.M.L. | May 23, 2012 |
| 7 | K.M.T. | May 22, 2012 |
| 8 | T.T.N. | May 23, 2012 |
| 9 | T.V.P. | May 31, 2012 |
| 10 | T.T.K.H. | June 26, 2012 |
| 11 | N.T.X.P. | July 13, 2012 |
| 12 | T.T.T. | August 17, 2012 |
| 13 | C.T.K.N. | August 28, 2012 |
| 14 | Q.V. | September 4, 2012 |

(**Bribery**, in violation of Title 18, United States Code, Section 201(b)(2), and **Aiding and Abetting**, in violation of Title 18, United States Code, Section 2)

17

## COUNTS FIFTEEN THROUGH TWENTY-SEVEN

### (Visa Fraud)

1.      The Grand Jury realleges and incorporates by reference as if fully stated herein paragraphs 1 through 10 of Count One of this Indictment.

2.      On or about the following dates, and with respect to the following visa applicants, in Vietnam, in the extraterritorial jurisdiction of the United States and, pursuant to Title 18, United States Code, Section 3238, within the venue of the United States District Court for the District of Columbia, defendants MICHAEL T. SESTAK, BINH TANG VO, ANHDAO T. NGUYEN, also known as Alice Nguyen, also known as Anhdao Thuy Vo, also known as Thuy Anh Dao Nguyen, also known as Anhdao Thuy Nguyen, also known as Dao Thuy Anh Nguyen, HONG CHAU VO, and TRUC THANH HUYNH, a joint offender who was arrested in the District of Columbia, and others known and unknown to the Grand Jury, did knowingly utter, use, attempt to use, possess, obtain, accept, and receive a United States nonimmigrant visa, knowing it to have been procured by means of a false claim or statement and to have been otherwise procured by fraud and unlawfully obtained:

| COUNT | APPLICANT | DATE |
|-------|-----------|------|
| 15 | A.T.H.D. | March 12, 2012 |
| 16 | Q.T.N.T. | March 22, 2012 |
| 17 | T.T.V. | April 23, 2012 |
| 18 | T.T.M.L. | May 22, 2012 |
| 19 | N.T.M.L. | May 23, 2012 |
| 20 | K.M.T. | May 22, 2012 |

18

| 21 | T.T.N. | May 23, 2012 |
| 22 | T.V.P. | May 31, 2012 |
| 23 | T.T.K.H. | June 26, 2012 |
| 24 | N.T.X.P. | July 13, 2012 |
| 25 | T.T.T. | August 17, 2012 |
| 26 | C.T.K.N. | August 28, 2012 |
| 27 | Q.V. | September 4, 2012 |

(**Fraud and Misuse of Visas, Permits, and Other Documents**, in violation of Title 18, United States Code, Section 1546, and **Aiding and Abetting**, in violation of Title 18, United States Code, Section 2)

## COUNT TWENTY-EIGHT

### (Material False Statements)

1.      The Grand Jury realleges and incorporates by reference as if fully stated herein paragraphs 1 through 10 of Count One of this Indictment.

2.      On or about October 19, 2012, defendant MICHAEL T. SESTAK, within the District of Columbia and, pursuant to Title 18, United States Code, Section 3232, within the venue of the United States District Court for the District of Columbia, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the United States Department of State, a department within the executive branch of the United States, in that the defendant, during an interview with two Special Agents of the Department of State's Diplomatic Security Service, stated 1) that he was not aware of any American Department of State officials who had unexpectedly come into a lot of money, not in line with their regular salary, when he was in Vietnam; and 2) that he was not aware of

19

any American Department of State officials adjudicating the visa applications of their personal

associates, because he and most of his Department of State colleagues in Vietnam did not have

any real contacts with the Vietnamese community outside of the local staffs; when in truth and

fact the defendant knew at the time that these statements were false.

(**Material False Statements**, in violation of Title 18, United States Code, Section 1001)


### FORFEITURE ALLEGATIONS

1.        Upon conviction of the offense alleged in Count One of this Indictment,

defendants MICHAEL T. SESTAK, BINH TANG VO, ANHDAO T. NGUYEN, also known as

Alice Nguyen, also known as Anhdao Thuy Vo, also known as Thuy Anh Dao Nguyen, also

known as Anhdao Thuy Nguyen, also known as Dao Thuy Anh Nguyen, HONG CHAU VO, and

TRUC THANH HUYNH, shall forfeit to the United States any property, real or personal, which

constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from

the commission of the offense, and any property, real or personal, which was used to facilitate

the commission of the offense, or was intended to be used to facilitate the offense, pursuant to 18

U.S.C. Section 982(a)(6), and any property, real or personal, which constitutes or is derived from

proceeds traceable to the offense, pursuant to 18 U.S.C. Section 981(a)(1)(C) and 28 U.S.C.

Section 2461(c).  The property subject to forfeiture includes:

> Any and all funds and securities seized from Scottrade account #58490015, held in the
>
> name of ANHDAO THUY NGUYEN.

The United States will seek a forfeiture money judgment against the defendants in the amount of

at least $9,780,000.

2.      Upon conviction of any of the offenses alleged in Count Two through Count Fourteen of this Indictment, defendants MICHAEL T. SESTAK, BINH TANG VO, ANHDAO T. NGUYEN, also known as Alice Nguyen, also known as Anhdao Thuy Vo, also known as Thuy Anh Dao Nguyen, also known as Anhdao Thuy Nguyen, also known as Dao Thuy Anh Nguyen, HONG CHAU VO, and TRUC THANH HUYNH, shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, pursuant to 18 U.S.C. Section 981(a)(1)(C) and 28 U.S.C. Section 2461(c).  The United States will seek a forfeiture money judgment against the defendants equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to this offense.

3.      Upon conviction of any of the offenses alleged in Count Fifteen through Count Twenty-Seven of this Indictment, defendants MICHAEL T. SESTAK, BINH TANG VO, ANHDAO T. NGUYEN, also known as Alice Nguyen, also known as Anhdao Thuy Vo, also known as Thuy Anh Dao Nguyen, also known as Anhdao Thuy Nguyen, also known as Dao Thuy Anh Nguyen, HONG CHAU VO, and TRUC THANH HUYNH, shall forfeit to the United States  any property, real or personal, which constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense, and any property, real or personal, which was used to facilitate the commission of the offense, or was intended to be used to facilitate the offense, pursuant to 18 U.S.C. Section 982(a)(6).  The United States will seek a forfeiture money judgment against the defendants equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to this offense.

4.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

21

    a.      cannot be located upon the exercise of due diligence;

    b.      has been transferred or sold to, or deposited with, a third party;

    c.      has been placed beyond the jurisdiction of the Court;

    d.      has been substantially diminished in value; or

    e.      has been commingled with other property that cannot be divided without

             difficulty;

the defendants shall forfeit to the United States any other property of the defendants, up to the

value of the property described above, pursuant to 21 U.S.C. Section 853(p).

(**Criminal Forfeiture,** pursuant to Title 18, United States Code, Sections 982(a)(6), 982(a)(1)(c), Title 21, United States Code, Section 853(p), Title 28, United States Code, Section 2461(c))

                           A TRUE BILL

                           FOREPERSON

Attorney of the United States in
and for the District of Columbia