**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NUMBER: |
| v. | 1:18-cr-00032-2-DLF |
| CONCORD MANAGEMENT AND CONSULTING LLC | |
| Defendant. | |

**DEFENDANT CONCORD MANAGEMENT AND CONSULTING LLC'S SECOND
MOTION FOR A SUPPLEMENTAL BILL OF PARTICULARS**

Pursuant to Federal Rule of Criminal Procedure 7(f), Defendant Concord Management and Consulting LLC ("Concord" or "Defendant"), through counsel, respectfully moves for a supplemental Bill of Particulars.  In support of its Motion, Concord states as follows:

## I.      INTRODUCTION

Once again the government has shown its willingness to unnecessarily delay and obstruct Concord's efforts to prepare for trial.  This time the government refuses to respond to a request to identify the "unwitting persons" referred to in one of the new allegations in the Superseding Indictment.  Concord has been unable to locate in discovery any evidence to support the new allegation and asked the government to clarify who the "unwitting persons" are.  Instead of responding to this simple request, the government, in succession: (1) ignored it; (2) promised to respond; (3) provided unhelpful information; and (4) then declined to provide the requested information because it believes it is not obligated to do so.

## II.     BACKGROUND

On November 8, 2019—nearly twenty-one months after originally indicting this case—the government obtained a Superseding Indictment.  Despite representing to the Court of its intention

to seek a superseding indictment that alleges a conspiracy to interfere with more than one unlawful function of the Federal Election Commission ("FEC"), *see* ECF 243 at 1-2, the government also added new, previously undisclosed factual allegations to the Superseding Indictment.  One such allegation is that the defendants and their co-conspirators "caused unwitting persons to produce, purchase, and post advertisements on U.S. social media and other online sites expressly advocating for the election of then-candidate Trump or expressly opposing Clinton" and that these unwitting persons did not "report these expenditures to the Federal Election Commission, or register as foreign agents with the U.S. Department of Justice."  Superseding Indictment ¶ 48, ECF 247.[1]

This new factual allegation came as a surprise to Concord.  First because in granting in part Concord's Motion for a Bill of Particulars, the Court ordered that the government "[i]dentify each category of activities that the government intends to establish triggered a duty to register as a foreign agent under FARA."  ECF 136 at 16.  In its Bill of Particulars, the government explained that the "indictment alleges, and the evidence at trial will show, that the *conspirators* used social media platforms, political advertising, and political rallies to influence public opinion on political matters and to interfere in the 2016 U.S. presidential election."  ECF 176 at 3 (citing, *inter alia*, ¶ 48) (emphasis added).  No mention was made, however, of "caus[ing] unwitting persons" to produce, purchase, or post express advocacy advertisements.  *Id*.

Second, in the course of briefing Concord's Motion for a Supplemental Bill of Particulars, Concord conducted an extensive review and analysis of the social media advertisements produced in discovery, including those that expressly advocate for or against a particular candidate.  *See*

---

[1] The Superseding Indictment added a similar allegation to paragraph 51 relating to "caus[ing] unwitting persons to organize and coordinate political rallies in the United States."  This allegation appears to relate somewhat to factual allegations that were contained in the Original Indictment, *e.g.,* ECF 1 at ¶¶ 53, 54(b), 54(c), and so is not at issue in this Motion.

ECF 181 at 11-12.  Concord did not identify at that time any evidence that the defendants or co-conspirators caused unwitting persons to produce, purchase, or post any such advertisement.  Of course, Concord did not have the benefit of the Superseding Indictment, or any clue that the government intended to make any such allegation.  So upon receiving the Superseding Indictment, Concord reassessed all of the advertisements produced in discovery expressly advocating for the election of then-candidate Trump or expressly opposing Clinton, and did not locate anything that corresponded to the allegation in Paragraph 48.

Next, Concord ran targeted searches in all of the discovery for the twenty-six names of the individuals and entities listed in the government's Court-ordered October 4, 2019 Letter supplementing its Bill of Particulars, in which the government was required to disclose any individual or entity that it will argue at trial acted as a foreign agent.  *See* Sept. 16, 2019 Hr'g Tr. 49:6-52:1.  The government has assured the Court that the October 4, 2019 Letter identifies every individual or entity that the government intends to establish was required to register with the DOJ as an agent of a foreign principal "had they known."  *See* Oct. 25, 2019 Hr'g Tr. 4:3-20.[2]  But those searches, too, turned up nothing.  Concord cannot find even one advertisement produced in discovery that expressly advocates for the election of then-candidate Trump or expressly opposing Clinton that was produced, purchased, or posted by any of the individuals listed in the October 4, 2019 Letter.

As a result, on November 14, 2019—less than a week after receiving the Superseding Indictment—undersigned counsel requested that the government identify the unwitting persons referenced in paragraph 48 of the Superseding Indictment.  **Ex. 1**, Nov. 14-26, 2019 Email

---

[2] Shortly before this colloquy, the government assured the Court that the "causing another" theory applies only to allegations under FARA, and not to failing to report expenditures to the FEC.  Oct. 25, 2019 Hr'g Tr. 3:13-4:7.

Exchange.  Consistent with the government's past practice of ignoring Concord's requests for information, for five days, the government did not respond or even acknowledge this email request. On November 19, 2019, undersigned counsel repeated it.  *See id*.  Finally, the government at least acknowledged the request and ensured a response no later than the following day, November 20, 2019.  Rather than complying with its own deadline, however, the government allowed another two days to pass before responding.   On November 22, 2019, the government responded by referring Concord to the October 4, 2019 Letter, stating that it "contains the identities of 'unwitting persons referenced in paragraph 48." *Id*.

The same day, undersigned counsel explained that they searched the discovery for the names in the October 4 Letter but were unable to identify any discovery materials that support this allegation and asked whether the government was willing to identify which individuals listed in the October 4 Letter produced, purchased, or posted advertisements expressly advocating Trump or expressly opposing Clinton. *Id.*  This time the government took another four days to respond. On November 26, 2019, the government asserted that it does not "believe [it is] obligated at this stage to spell out who did what with respect to each allegation in the indictment." *Id*.[3]  But this is not what Concord requested—it requested only which individuals or entities are alleged to have engaged in *one* allegation in the Superseding Indictment, precisely because defense counsel could not find any evidence of this in discovery.

Concord is not seeking a tactical advantage or anything to which it is not entitled.  Trial of this action is now just four months away.  The Superseding Indictment added new factual allegations after defense counsel has spent over seventeen months reviewing the government's

---

[3] Also on November 26, 2019, undersigned counsel requested that the government provide current contact information for each of the unwitting persons identified in the government's October 4 Letter.  The government has not responded to this request.

discovery productions for evidence relating to the allegations in the original Indictment. After a diligent search, Concord cannot locate a single piece of evidence in discovery relating to that particular factual allegation. Thus, Concord is simply asking the government to clarify which of the twenty-six individuals listed in the October 4 Letter purchased, produced, or posted advertisements as alleged in paragraph 48 of the Superseding Indictment.

## II.     LAW & ARGUMENT

A bill of particulars "can be used to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges [and] prepare a defense," *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987), and is appropriate "to furnish to the defendant further information respecting the charge stated in the indictment when necessary to the preparation of his defense, and to avoid prejudicial surprise at the trial," *United States v. U.S. Gypsum Co.*, 37 F. Supp. 398, 402 (D.D.C. 1941). While "a bill of particulars is not a discovery tool or a device for allowing the defense to preview the government's evidence," *United States v. Brodie*, 326 F. Supp. 2d 83, 91 (D.D.C. 2004), it may be appropriate in certain circumstances "even if what it seeks is 'an identification, within reasonable limits, of information already in the possession of the accused,' or 'information' that is 'evidentiary in nature.'" Mem. Op. and Order, ECF 136, at 3 ("May 24 Opinion") (quoting *U.S. Gypsum*, 37 F. Supp. at 402-03) (alterations omitted). The determination of whether a bill of particulars is necessary rests within the sound discretion of the trial court. *See United States v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006).

Concord seeks additional clarity in light of the new allegation in the Superseding Indictment that purports to tie the "unwitting persons" in paragraph 48 to potential violations of FARA by "produc[ing], purchas[ing], and post[ing] advertisements," because the discovery

provided to Concord does not support the allegation with respect to the individuals or entities identified in the October 4 Letter.  Thus, this is not a situation where Concord could avoid prejudicial surprise "by reasonable investigation in light of the information contained in the indictment, or otherwise furnished by the prosecution." *U.S. Gypsum*, 37 F. Supp. at 404.  Concord already has conducted that reasonable investigation of the discovery and cannot find a single advertisement that corresponds to or supports the government's new allegation.  Concord cannot possibly adequately prepare a defense if it cannot even identify who participated in the alleged production, purchase, and posting of political advertisements, what those advertisements are, and who allegedly caused these unwitting persons to engage in such conduct.

Concord acknowledges that in connection with its first Motion for a Bill of Particulars, the Court previously ruled that the government need not identify who specifically did what as alleged in the Indictment.  May 24 Opinion at 7-9.  But things have changed dramatically in the six months since that ruling and this is a much more narrow request.  First, trial is now just four months away. *See United States v. Williams*, No. 14-cr-70, 2015 WL 4662706, at *4 (M.D. Pa. Aug. 6, 2015) (denying bill of particulars, but recognizing "[o]f course, as the trial date nears, the Government's duty to disclose increases with the Defendants' entitlement to information").

Second, Concord is not seeking the identity of each individual who committed each act alleged in the Indictment (as the government inaccurately suggested in its November 26 email). Rather, Concord is asking the government to identify which of the twenty-six individuals listed in the October 4 Letter committed the acts alleged in one paragraph of the Superseding Indictment.

Third, Concord's review of the discovery has identified no evidence supporting this allegation.  Accordingly, Concord is not seeking evidence or the theory of the government's case. To the contrary, it is seeking clarity based on the apparent *lack of evidence* that will allow it to

defend itself against this allegation at trial.  By refusing to provide a simple answer to Concord's request, the government has continued its pattern of obstruction and delay that has caused the Court consternation in the past.  *See* October 29, 2019 *Ex Parte* Hr'g Tr., 6:17-25 and 8:8-14 (expressing frustration at the government's delay in seeking a superseding indictment ostensibly to address a ruling made by the court a year earlier and for which the Court denied a motion for reconsideration three weeks prior, noting "we are where we are now because of government delay, not defense, not the court").

## III.    CONCLUSION

One would think that with a list of only twenty-six names of the "unwitting persons" the government intends to establish at trial to support its allegations in the Superseding Indictment, Concord would be able to locate easily at least one instance of one of these individuals producing, purchasing, or posting an advertisement expressly advocating for the election of then-candidate Trump or expressly opposing Clinton.  But after conducting a reasonable investigation of the discovery produced by the government to date, Concord has found nothing.  Not one such advertisement, much less one that the defendants or co-conspirators "caused" someone to purchase, produce, or post.  Given the timing of the Superseding Indictment and the defense's inability to identify any evidence in discovery supporting the allegation, Concord respectfully requests that the Court order the government to identify which of the individuals and entities identified in the government's October 4 Letter purchased, produced, or posted such advertisements.

Dated:   December 2, 2019

Respectfully submitted,

CONCORD MANAGEMENT AND
CONSULTING LLC

By Counsel

 /s/ *Eric A. Dubelier*
Eric A. Dubelier (D.C. Bar No. 419412)
Katherine Seikaly (D.C. Bar No. 498641)
Reed Smith LLP
1301 K Street, N.W.
Suite 1000 – East Tower
Washington, D.C. 20005
202-414-9200 (phone)
202-414-9299 (fax)
edubelier@reedsmith.com
kseikaly@reedsmith.com

# Exhibit 1

To Defendant Concord Management and Consulting
LLC's Second Motion for a Supplemental Bill of
Particulars, 18-cr-00032-2-DLF

| | |
|---|---|
| **From:** | Seikaly, Kate J |
| **Sent:** | Tuesday, November 26, 2019 4:21 PM |
| **To:** | 'Jones, Luke (USADC)'; Dubelier, Eric A. |
| **Cc:** | Alpino, Heather (NSD); Kravis, Jonathan (USADC); Rakoczy, Kathryn (USADC); Atkinson, Lawrence (CRM); Dickey, Ryan (CRM) |
| **Subject:** | RE: 18-CR-032 Superseding Indictment |

Luke,

Please provide us with current contact information for each of the unwitting persons identified in the government's October 4 letter.

Thanks,
Kate

**From:** Jones, Luke (USADC) <Luke.Jones@usdoj.gov>
**Sent:** Tuesday, November 26, 2019 11:41 AM
**To:** Seikaly, Kate J <KSeikaly@ReedSmith.com>; Dubelier, Eric A. <EDubelier@ReedSmith.com>
**Cc:** Alpino, Heather (NSD) <Heather.Alpino@usdoj.gov>; Kravis, Jonathan (USADC) <Jonathan.Kravis3@usdoj.gov>; Rakoczy, Kathryn (USADC) <Kathryn.Rakoczy@usdoj.gov>; Atkinson, Lawrence (CRM) <Lawrence.Atkinson2@usdoj.gov>; Dickey, Ryan (CRM)
**Subject:** RE: 18-CR-032 Superseding Indictment

<mark>EXTERNAL E-MAIL</mark>

Hi Kate,

Thanks for your email.  We've identified the "unwitting persons."  We don't believe we're obligated at this stage to spell out who did what with respect to each allegation in the indictment.

Thanks,

Luke

**From:** Seikaly, Kate J <KSeikaly@ReedSmith.com>
**Sent:** Friday, November 22, 2019 3:01 PM
**To:** Jones, Luke (USADC)                          ; Dubelier, Eric A. <EDubelier@ReedSmith.com>
**Cc:** Alpino, Heather (NSD) <halpino@jmd.usdoj.gov>; Kravis, Jonathan (USADC)                          ; Rakoczy, Kathryn (USADC)                          ; Atkinson, Lawrence (CRM)                          Dickey, Ryan (CRM]
**Subject:** RE: 18-CR-032 Superseding Indictment

Luke,

I am very familiar with government's October 4, 2019 letter supplementing the bill of particulars and listing the individuals and entities you intend to argue were "unwitting persons."  However, we have searched the discovery for any evidence that any of those individuals or entities "produce[d], purchase[d], and post[ed] advertisements on U.S. social media and

other online sites expressly advocating for the election of then-candidate Trump or expressly opposing Clinton," as alleged in Paragraph 48 of the Superseding Indictment, but have found nothing.  That is why I asked the question last week.

Are you willing to identify for us which individuals listed in the October 4 letter you believe produced, purchased, and posted advertisements expressly advocating for the election of Trump or expressly opposing Clinton?

Thanks,
Kate

**From:** Jones, Luke (USADC) <[Luke.Jones@usdoj.gov](mailto:Luke.Jones@usdoj.gov)>
**Sent:** Friday, November 22, 2019 1:38 PM
**To:** Seikaly, Kate J <[KSeikaly@ReedSmith.com](mailto:KSeikaly@ReedSmith.com)>; Dubelier, Eric A. <[EDubelier@ReedSmith.com](mailto:EDubelier@ReedSmith.com)>
**Cc:** Alpino, Heather (NSD) <[Heather.Alpino@usdoj.gov](mailto:Heather.Alpino@usdoj.gov)>; Kravis, Jonathan (USADC) <[Jonathan.Kravis3@usdoj.gov](mailto:Jonathan.Kravis3@usdoj.gov)>;
Rakoczy, Kathryn (USADC) <[Kathryn.Rakoczy@usdoj.gov](mailto:Kathryn.Rakoczy@usdoj.gov)>; Atkinson, Lawrence (CRM) <[Lawrence.Atkinson2@usdoj.gov](mailto:Lawrence.Atkinson2@usdoj.gov)>;
Dickey, Ryan (CRM)
**Subject:** RE: 18-CR-032 Superseding Indictment

<mark>EXTERNAL E-MAIL</mark>

Hi Kate,

On the first question, we would refer you to the government's October 4, 2019, letter (copy attached), which supplemented the government's initial bill of particulars.  That list contains the identities of "unwitting" persons referenced in paragraph 48 of the Superseding Indictment.

On the second question, we would refer you to the list of defendants (in the Indictment) and the list of unindicted co-conspirators that we identified in our initial bill of particulars (copy attached).  Those are the names of persons or entities that might be considered foreign principals in the context of the allegations relating to unwitting persons.

Let me know if you have any questions.

Have a good weekend,

Luke

**From:** Seikaly, Kate J <[KSeikaly@ReedSmith.com](mailto:KSeikaly@ReedSmith.com)>
**Sent:** Thursday, November 14, 2019 1:58 PM
**To:** Jones, Luke (USADC)                          >; Dubelier, Eric A. <[EDubelier@ReedSmith.com](mailto:EDubelier@ReedSmith.com)>
**Cc:** Alpino, Heather (NSD) <[halpino@jmd.usdoj.gov](mailto:halpino@jmd.usdoj.gov)>; Kravis, Jonathan (USADC) <[JKravis1@usa.doj.gov](mailto:JKravis1@usa.doj.gov)>; Rakoczy,
Kathryn (USADC)                          Atkinson, Lawrence (CRM) <[Lawrence.Atkinson@crm.usdoj.gov](mailto:Lawrence.Atkinson@crm.usdoj.gov)>; Dickey,
Ryan (CRM) <
**Subject:** RE: 18-CR-032 Superseding Indictment

Luke,

Will you please identify for us the unwitting persons referenced in paragraph 48 of the Superseding Indictment?

Also, will you please identify for us who is the foreign principal for the allegations relating to unwitting agents?

Thanks,
Kate

**From:** Jones, Luke (USADC) <Luke.Jones@usdoj.gov>
*Sent:* Friday, November 8, 2019 5:56 PM
**To:**                                                   ; Courtney Lesley                                          Dubelier, Eric A.
<EDubelier@ReedSmith.com>; Seikaly, Kate J <KSeikaly@ReedSmith.com>
**Cc:** Alpino, Heather (NSD) <Heather.Alpino@usdoj.gov>; Kravis, Jonathan (USADC) <Jonathan.Kravis3@usdoj.gov>;
Rakoczy, Kathryn (USADC) <Kathryn.Rakoczy@usdoj.gov>; Atkinson, Lawrence (CRM) <Lawrence.Atkinson2@usdoj.gov>;
Dickey, Ryan (CRM)
**Subject:** 18-CR-032 Superseding Indictment

<mark>EXTERNAL E-MAIL</mark>

Chambers and counsel,

This afternoon the grand jury returned the attached, unsealed superseding indictment in *U.S. v. Internet Research Agency et al.*  It has been filed with the clerk's office.  We are sending this copy by email because the clerk's office indicated that it may not be on the docket until Tuesday.

Best regards,

Luke Jones


*Luke Jones*
*Assistant U.S. Attorney*
*District of Columbia*
*202-252-7066 (office)*


* * *

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NUMBER: |
| v. | 1:18-cr-00032-2-DLF |
| CONCORD MANAGEMENT AND CONSULTING LLC | |
| Defendant. | |

## PROPOSED ORDER

Upon consideration of Defendant Concord Management and Consulting LLC's Second Motion for a Supplemental Bill of Particulars, and any opposition or reply thereto, it is hereby

**ORDERED** that the motion is **GRANTED**, and

**IT IS FURTHER ORDERED** that the government shall disclose to defense counsel the individuals or entities listed in the October 4 Letter that the government alleges were the unwitting persons who defendants and their co-conspirators caused to produce, purchase, or post advertisements expressly advocating for the election of then-candidate Trump or expressly opposing Clinton, as alleged in paragraph 48 of the Superseding Indictment.

_____          _____
Date                                                              DABNEY L. FRIEDRICH
                                                                       United States District Judge