UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CONCORD MANAGEMENT AND CONSULTING LLC,<br><br>*Defendant.* | No. 18-cr-0032 (DLF) |

## ORDER

Before the Court is Concord's Motion to Compel Compliance with Federal Rule of Criminal Procedure 16 (Rule 16). Dkt. 241. On November 25, 2019, the Court issued a minute order granting Concord's motion in part and requiring the government to comply with the requirements of Rule 16 with respect to any testimony concerning the defendants' alleged use of VPN technology. The Court also ordered Concord to provide notice of any expert testimony of its own on or before December 20, 2019.

The remaining portions of Concord's motion concern two categories of evidence that the government has proposed to introduce at trial: (1) evidence concerning the roles of certain government agencies and (2) certain evidence obtained from Internet and social media sites. With respect to the first category of testimony, the government intends to introduce testimony "discussing the statutory and regulatory responsibilities and authorities of . . . agencies and how they fulfill these responsibilities." Gov't Opp'n at 3. With respect to the second category of testimony, the government intends to introduce "messages and posts made by indicted and unindicted co-conspirators to and through various Internet and social media sites," *id.* at 4, as

well as "subscriber/user information for these accounts . . . [and] records of the IP addresses from which these accounts were accessed," *id.* at 8.

Concord argues that the government must comply with Rule 16 because this testimony will consist of "scientific, technical, or other specialized knowledge" falling within the requirements of Federal Rule of Civil Procedure 702 (Rule 702).  The Court disagrees.  Witnesses may offer lay opinion testimony pursuant to Federal Rule of Civil Procedure 701 (Rule 701) if the testimony is based not on "experience, training or specialized knowledge within the realm of an expert, but . . . particularized knowledge that the witness has by virtue of his or her position in the business." Fed. R. Evid. 701, Advisory Committee's Note.  The Court finds that the specific types of testimony that the government has described in its opposition would be based on the "particularized knowledge" of lay witnesses.  *Id.*  Accordingly, the government may introduce the testimony described above pursuant to Rule 701 and without complying with Rule 16.

The Court notes, however, that its conclusion is based on the government's representations as to the specific nature of the testimony it plans to introduce.  For instance, the government has represented that its agency witnesses "will not be providing any opinion testimony about whether the alleged conduct of the defendants would have prompted regulation or triggered disclosure requirements, had these agencies known about the alleged conduct." Gov't Opp'n at 4.  And the government has further represented that "[a]side from possibly defining a handful of terms . . . there will be no specialized or technical explanations offered" by the witnesses who testify regarding Internet and social media accounts.  *Id.* at 9.  The Court issues its ruling in reliance on these representations.  If the government plans to elicit any

testimony that would fall within the requirements of Rule 702, it must comply with the disclosure requirements of Rule 16.

## CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Concord's Motion to Compel Compliance with Federal Rule of Criminal Procedure 16, Dkt. 241, is denied.

                                                                                           */s/ Dabney L. Friedrich*
                                                                                           DABNEY L. FRIEDRICH
                                                                                           United States District Judge

December 2, 2019