UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CONCORD MANAGEMENT AND CONSULTING LLC,<br><br>Defendant. | Crim. No. 18-CR-32-2 (DLF) |

## GOVERNMENT'S MOTION FOR EARLY RETURN TRIAL SUBPOENA

The United States of America, by and through undersigned counsel, respectfully requests that the Court approve a subpoena to defendant Concord Management and Consulting LLC requesting the production of certain records on or before January 13, 2020.[1]  A proposed addendum to the subpoena describing the record requests is attached to this motion.  In support of its position, the government states as follows.

Federal Rule of Criminal Procedure 17(c) states that a trial subpoena "may order" the production of "any books, papers, documents, data, or other objects the subpoena designates." The Rule further provides that the Court "may direct" the production of the designated items "in court before trial."  This Rule leaves advance production of a response to a document subpoena "to the court's discretion."  *United States v. Binh Tango Vo*, 78 F. Supp. 3d 171, 178 (D.D.C. 2015) (quoting *United States v. Noriega*, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991)).  A party seeking an early-return trial subpoena must show "(1) relevancy; (2) admissibility; [and] (3) specificity."  *Id.* (quoting *United States v. Nixon*, 418 U.S. 683, 700 (1974)).

---

[1] The government's exhibit list is due on January 6, 2020.  If the Court grants this motion, the government will supplement its exhibit list with any documents from the subpoena production that the government intends to use at trial on or before January 27, 2020.

1

The first prong of this test, relevancy, "requires the Court to assess whether the documents sought have 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *United States v. Libby*, 432 F. Supp. 2d 26, 31 (D.D.C. 2006) (quoting Fed. R. Evid. 401). The second prong of the test, admissibility, "is largely governed by the Federal Rules of Evidence." *Id.* Because "it will often be difficult at the pretrial stage to determine with precision the admissibility of certain documents," the first two prongs of the test are satisfied so long as the documents sought are "arguably relevant and admissible under the Rules of Evidence." *Id.*

The documents sought by the proposed trial subpoena to Concord are relevant. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401; *see also Old Chief v. United States*, 519 U.S. 172, 178-79 (1997) (evidence is relevant if it is "a step on one evidentiary route" to establishing an element of an offense). The requested documents concern the corporate structure of Concord, payments from Concord to co-defendant Internet Research Agency and subsidiary organizations, and communications between Concord employees and Internet Research Agency employees. These categories directly relate to the allegations in the Superseding Indictment. Moreover, the documents would be admissible at trial, as they would constitute admissions of a party opponent and co-conspirator statements in furtherance of the conspiracy.

The third prong of the test, specificity, is satisfied "if there is a 'sufficient likelihood,' demonstrated through rational inferences, that the documents being sought contain relevant and admissible evidence." *Id.* The Rule does not require "exquisite specificity," *United States v. Poindexter*, 727 F. Supp. 1501, 1510 (D.D.C. 1989); rather, the moving party must merely

"reasonably specify the information contained or believed to be contained in the documents sought," *Libby*, 432 F. Supp. 2d at 31 (quoting *Noriega*, 764 F. Supp. at 1493). The specificity requirement ensures that a trial subpoena "will not be used as a 'fishing expedition to see what may turn up.'" *Id.* at 32 (citation omitted). In addition, the specificity requirement is intended to provide the subpoenaed party "with enough knowledge about what documents are being requested so as to lodge any objections on relevancy or admissibility." *Id.* (quoting *United States v. Anderson*, 31 F. Supp. 2d 933, 945 (D. Kan. 1998)).

The proposed trial subpoena is sufficiently specific. For each of the categories of information set forth in the subpoena attachment, the government can "reasonably specify the information…believed to be contained in the documents sought" based on information gathered during the course of the investigation. *Libby*, 432 F. Supp. 2d at 31 (quoting *Noriega*, 764 F. Supp. at 1493). Thus, documents gathered in the course of the investigation show that Concord made payments to the Internet Research Agency or subsidiary organizations to fund the activities described in the Superseding Indictment. Similarly, documents gathered in the investigation show that Concord employees communicated by email with Internet Research Agency employees and held scheduled meetings with Internet Research Agency employees. Accordingly, the proposed trial subpoena is not a "fishing expedition," *id.* at 32, but rather is tailored to request specific categories of documents that are believed to exist based on information gathered through other investigative means. *Compare United States v. McCollom*, 651 F. Supp. 1217, 1224 (N.D. Ill.) (upholding trial subpoena to defendant requesting relevant financial records), *aff'd*, 815 F.2d 1087 (7th Cir. 1987).

Moreover, even though it is a defendant, Concord cannot avoid responding to a trial subpoena requesting the production of records under the Fifth Amendment because corporations have no privilege against self-incrimination. *Braswell v. United States*, 487 U.S. 99, 102 (1988).

Finally, a trial subpoena with an early return date will facilitate the orderly progress of trial by allowing the parties to litigate any issues of admissibility arising from the document production before trial begins. *See Bowman Dairy Co. v. United States*, 314 U.S. 214, 219-20 (1951) (nothing that an early-return trial subpoena serves the function of expediting trial by allowing for examination of the subpoenaed materials before trial begins).

Respectfully submitted,

| | |
|---|---|
| JOHN C. DEMERS<br>Assistant Attorney General for National Security | JESSIE K. LIU<br>United States Attorney |
| By: /s/<br>Heather N. Alpino<br>U.S. Department of Justice<br>National Security Division<br>950 Pennsylvania Ave. NW<br>Washington, D.C. 20530<br>Telephone: (202) 514-2000 | By: /s/<br>Luke Jones<br>Kathryn Rakoczy<br>Jonathan Kravis<br>555 Fourth Street NW<br>Washington, D.C. 20530<br>Telephone: (202) 252-6886 |

# TRIAL SUBPOENA TO CONCORD MANAGEMENT AND CONSULTING LLC
# ATTACHMENT A

1. All corporate registration documents for Concord Management and Consulting LLC.
2. Documents sufficient to identify the corporate officers of Concord Management and Consulting LLC from January 1, 2014 to February 1, 2018.
3. Documents sufficient to identify any Internet Protocol address used by Concord Management and Consulting LLC from January 1, 2014 to February 1, 2018.
4. For the time period from January 1, 2014 to February 1, 2018, records reflecting any payments from Concord Management and Consulting LLC to any of the following entities, either directly or via an intermediary or subsidiary organization:  Internet Research Agency LLC, Neva News LLC, Commercial News Agency LLC, Internet Research LLC, Federal News Agency LLC, MediaSintez LLC, Glavset LLC, MixInfo LLC, Azimuth LLC, Novinfo LLC, Nation News LLC, Economy Today LLC.
5. For the time period from January 1, 2014 to February 1, 2018, records reflecting any payments made by Concord Management and Consulting LLC for goods or services provided to Internet Research Agency LLC, Neva News LLC, Commercial News Agency LLC, Internet Research LLC, Federal News Agency LLC, MediaSintez LLC, Glavset LLC, MixInfo LLC, Azimuth LLC, Novinfo LLC, Nation News LLC, Economy Today LLC.
6. Documents reflecting or relating to any meetings between any individual affiliated with the Internet Research Agency, including but not limited to Mikhail Burchik, and any individual affiliated with Concord Management and Consulting LLC, including but not limited to Yevgeniy Prigozhin.
7. All communications between any individual affiliated with the Internet Research Agency and any individual affiliated with Concord Management and Consulting LLC.
8. All communications between any individual affiliated with Concord Management and Consulting LLC and any of the following individuals:  Mikhail Bystrov, Mikhail Burchik, Aleksandra Krylova, Anna Bogacheva, Sergey Polozov, Maria Bovda, Robert Bovda, Dzheykhun Aslanov, Vadim Podkopaev, Gleb Vasilchenko, Irina Kaverzina, Vladimir Venkov, and Elena Khusyaynova.
9. Calendar entries for Yevgeniy Prigozhin for the time period January 1, 2014 to February 1, 2018.