# Exhibit 3 to Reply in Support of Defendant Concord Management and Consulting LLC's Motion to Dismiss Count One of the Superseding Indictment, 18-cr-00032-2-DLF

| | |
|---|---|
| **From:** | Jones, Luke (USADC) <Luke.Jones@usdoj.gov> |
| **Sent:** | Thursday, December 5, 2019 5:41 PM |
| **To:** | Seikaly, Kate J; Dubelier, Eric A. |
| **Cc:** | Kravis, Jonathan (USADC); Rakoczy, Kathryn (USADC); Alpino, Heather (NSD) |
| **Subject:** | Follow-up to phone call re Bill of Particulars |

Hi Kate / Eric,

Following up to memorialize what I conveyed on our phone call with Kate a few minutes ago regarding the bill of particulars. As we discussed, you had asked us by email on Nov. 14 to identify the "unwitting persons" referenced in paragraph 48 of the superseding indictment, which states that "From at least April 2016 through November 2016, Defendants and their co-conspirators . . . caused unwitting persons to produce, purchase, and post advertisements on U.S. social media and other online sites expressly advocating for the election of then-candidate Trump or expressly opposing Clinton. Defendants and their coconspirators did not report these expenditures to the [FEC], or register as foreign agents with the U.S. Department of Justice, nor did any of the unwitting persons they caused to engage in such activities." In my Nov. 22 email, I had referred you to the list of persons in our October 4 letter, which provided a list of individuals and organizations and stated that the government intends to argue at trial that the defendants conspired to cause some or all of those individuals "to act as agents of a foreign principal while concealing from those individuals or organizations the fact that they were acting as agents of a foreign principal and therefore either the individuals or organizations or the conspirators (or both) would have had a legal duty to register under the Foreign Agents Registration Act." I said that the Oct. 4 list contained the identities of the "unwitting" persons in paragraph 48. I realize now that we had read your request as relating to "unwitting persons" in the United States who may have had an obligation to register under FARA. In your response, you helpfully clarified that you were asking about the "produce, purchase, and post advertisements" language. Notwithstanding that clarification, we responded simply by stating that we had given you the list of individuals and did not believe we were obligated to do more. That email was also based on my initial misunderstanding. Although we did not believe (and still don't believe) we were obligated to provide the type of information you were requesting (which we view as information regarding the government's intended proof at trial), I simply didn't appreciate at the time your distinction between "unwitting persons" related to the "produce, purchase, and post" language in paragraph 48 and the "unwitting persons" identified in the October 4 letter (which are also the subject of paragraph 51 of the superseding indictment). Your Nov. 22 email was clear, and it was my error that I failed to process it. I also realize that, in conferring with colleagues, I likely misstated your follow-up request, which would have compounded the problem and prevented us from providing you a correct answer despite my personal misunderstanding. Having reviewed your motion, I recognize that my error led to a substantial amount of work on your end. I sincerely apologize for that.

As to your request, and as I said on the phone, we can tell you right now that, based on our understanding of the current state of the evidence, we do not intend to present evidence that the defendants and co-conspirators caused "unwitting persons" *in the United States* "to produce, purchase, and post advertisements . . . ." The language in paragraph 48 does not describe the conduct (posting ads, etc.) as occurring in the United States—in contrast to the language in paragraph 51 (rallies, etc.), which describes conduct in the United States. Accordingly, the language in paragraph 48 is broader and, while it would cover conduct (e.g., posting ads) by unwitting persons in the United States, it would also cover conduct by an innocent person in Russia whom the defendants and co-conspirators caused to act (e.g., by posting ads). The language was meant to clarify that, even if the person who actually purchased or posted an ad was not a

defendant or co-conspirator, the ad would be relevant if a defendant or co-conspirator had *caused* the person to purchase or post the ad.

In any event, I hope that our answer now—that is, we do not intend to present evidence that the defendants and co-conspirators caused "unwitting persons" in the United States to produce, purchase, and post advertisements, etc.—is sufficient to satisfy your request and address the issues raised in your motion.  Please let us know.

Best regards,

Luke



*Luke Jones*
*Assistant U.S. Attorney*
*District of Columbia*
*202-252-7066 (office)*