**Exhibit 4** to Reply in Support of Defendant Concord Management and Consulting LLC's Motion to Dismiss Count One of the Superseding Indictment, 18-cr-00032-2-DLF

| | |
|---|---|
| **From:** | Jones, Luke (USADC) <Luke.Jones@usdoj.gov> |
| **Sent:** | Tuesday, December 10, 2019 8:41 AM |
| **To:** | Seikaly, Kate J; Dubelier, Eric A. |
| **Cc:** | Kravis, Jonathan (USADC); Rakoczy, Kathryn (USADC); Alpino, Heather (NSD) |
| **Subject:** | Follow-up re Bill of Particulars |

Hi Kate and Eric,

Following up on our discussion with Kate on Friday, we write to address your follow-up questions regarding the allegations in paragraph 48 of the Superseding Indictment—in particular the references to "unwitting persons." As we explained, we do not intend to present evidence that the defendants or co-conspirators caused unwitting *Americans* "to produce, purchase and post advertisements . . . ." We realize the use of "unwitting persons" in paragraph 48 led to some confusion on that point and hope we have resolved that by now.

As we also explained, the government believes that the evidence at trial will show that some of the Facebook accounts that were used to produce, purchase, or post the advertisements described in paragraph 48 can be linked back to members of the conspiracy identified in the indictment and the bill of particulars. In some instances, the Facebook accounts that were used to produce, purchase, or post an advertisement can be linked back to the Internet Research Agency, but not to a particular person that the government can identify by name or can demonstrate was a member of the conspiracy. Paragraph 48 alleges that both sets of advertisements—those that can be connected to a particular member of the conspiracy and those that can only be connected to the IRA generally—were part of the conspiracy to defraud the United States by interfering with the lawful government functions of the FEC and the DOJ FARA Unit.

You asked if we could confirm the following:

1. You are not taking the position that any of the unwitting persons referred to in paragraph 48 would have been required to register with DOJ or file reports with the FEC had they known whatever facts you assert were concealed from them to cause them to be "unwitting."
2. The Indictment, Bill of Particulars, and your October 4 letter identifies any person who you contend was required to register with DOJ or file reports with the FEC based on the advertisements expressly advocating for Trump or expressly opposing Clinton that were purchased, produced, or posted by unwitting persons as alleged in paragraph 48.

On your first point, we do not believe we can confirm that statement as written. We do not intend paragraph 48 to serve as a categorical statement about whether certain persons had (or would have had) an obligation to register/file. But we are open to discussing this further. As noted above, we do not intend to present evidence that conspirators caused unwitting Americans to produce, purchase, or post ads. And, as noted below, we've identified the persons about whom we do intend to present evidence. If you have further questions on this point, please let us know.

On your second point, we can confirm that the indictment and bill of particulars identifies all of individuals whom we've identified by name and whom we contend were required to register/file. Consistent with the above, we do not intend to present evidence that *Americans* identified in the October 4 letter were involved in producing, purchasing, or posting advertisements. And, as noted above, there may be other persons we cannot identify by name who had registration/filing obligations based on the advertisements.

Please let us know if this satisfies your request for information and/or if you have further questions.

Best,

Luke

*Luke Jones*
*Assistant U.S. Attorney*
*District of Columbia*
*202-252-7066 (office)*

2