# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

CONCORD MANAGEMENT AND
CONSULTING LLC,

*Defendant.*

No. 18-cr-0032-2 (DLF)

# ORDER

Before the Court is the government's Motion for Early Return Trial Subpoena, Dkt. 267. Based on the parties' briefing and argument at the hearing of December 12, 2019, and for the reasons stated at that hearing, the Court will grant the government's Motion with respect to document categories one, two, and three only. *See* Gov't's Mot. Attach. A, Dkt. 267-1. As the Court explained, these categories satisfy Federal Rule of Criminal Procedure 17(c)'s relevancy, admissibility, and specificity requirements. *See United States v. Nixon*, 418 U.S. 684, 700 (1974). But the government's remaining categories do not satisfy the specificity requirement. A court "will not approve a subpoena for documents based upon requests for disclosure from broad categories of documents," as these categories are. *United States v. Libby*, 432 F. Supp. 2d 26, 31 (D.D.C. 2006). It appears that the government "merely hopes something useful will turn up," which "is a sure sign that the subpoena is being misused." *Id.*

Concord has not persuaded the Court that this trial subpoena would subject Concord to legal peril under Russian law and thus be "unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). Concord, "as the party who 'relies on foreign law,'" has "'the burden of showing that such law prevents'" compliance. *In re Grand Jury Subpoena*, 912 F.3d 623, 633 (D.C. Cir.

2019) (per curiam) (quoting *In re Sealed Case*, 825 F.2d 494, 498 (D.C. Cir. 1987) (per curiam)). Concord's surface-level discussion of Russian law, which lacks any detailed textual argument and no English translation of Russian law, does not satisfy this burden.

And even if Concord could establish actual, dueling obligations between complying with this subpoena and complying with Russian law, Concord is incorrect that this conflict alone would render the subpoena unreasonable or oppressive. The D.C. Circuit has recognized that the next "question is whether the factual circumstances of the case at hand counsel against applying American law." *In re Sealed Case*, 932 F.3d 915, 931 (D.C. Cir. 2019) (internal quotation omitted). Courts apply a "constellation of factors" to answer this question. *Id.* Those factors include: "the importance to the litigation of the documents requested, the degree of specificity of the request, whether the information originated in the United States, the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located, . . . whether alternative means of securing the information exist," whether "compliance would impose hardship on the party targeted by the subpoena and whether that party has acted in good faith." *Id.* at 931–32 (internal quotation marks omitted) (internal citations omitted) (alterations adopted). These comity factors raise important issues that Concord has not addressed.

The Court also concludes, based on the limited briefing and argument before the Court, that Concord cannot validly resist service of this subpoena to its defense counsel. This issue appears one of first impression that would benefit from further briefing, and neither party has identified a case directly on point. The closest case either party identifies is *Kelberine v. Societe Internationale*, 363 F.2d 989, 993 (D.C. Cir. 1966), in which a foreign corporation filed a civil

action in the United States but later attempted to quash service of a summons based on its status as a foreign corporation and the attempt to serve the subpoena upon the corporation's attorney. The D.C. Circuit held that the district court had jurisdiction over the corporation and service upon the attorney was valid. *Id.*

Here, as in *Kelberine*, Concord has "voluntarily subjected itself to the jurisdiction of the court." *Id.* at 993. When Concord first appeared in this case, defense counsel represented that Concord had authorized defense counsel to subject Concord to this Court's jurisdiction and had agreed to comply with the Federal Rules of Criminal Procedure, this Court's rules, and this Court's orders. May 9, 2018 Hr'g Tr. 4–5, Dkt. 9.

In addition, *Kelberine* suggests that service upon Concord's defense counsel would be valid. When "a foreign corporation [is] present in the District," the corporation's agent "may be served with process [on the corporation's] behalf in an action reasonably within the ambit of" those "tasks for which [the agent] is present" in the District. *Kelberine*, 363 F.2d at 993. Concord's defense counsel has been authorized to conduct the tasks associated with defending this case. And accepting service of a court-issued early-return trial subpoena seems to be "reasonably within the ambit of" those tasks. As the D.C. Circuit recognized, a foreign corporation that "comes into the District of Columbia" for a certain purpose "cannot, by restricting the authority of its resident agent, immunize suit in that same court involving that same" purpose. *Id.* at 993–94.

The Court recognizes that there are differences between this case and *Kelberine* and that the Circuit expressly limited its holding to the case's facts. *Kelberine* was a civil case, while this case is a criminal one. The target of the subpoena in *Kelberine* brought the action, while the target here is responding to a criminal prosecution that the U.S. government brought. And the

3

corporation's attorney in *Kelberine* "was authorized to accept service of all notices and process on its behalf" for the proceedings at issue, while here, defense counsel claims to lack authority to accept service of this subpoena.  *Id.* at 993.

But despite these differences, *Kelberine*'s animating principle—that when a foreign corporation avails itself of our court system, it cannot lightly immunize itself from process by restricting its agent's authority only to its benefit—seems to apply here.  A foreign defendant that voluntarily reaps our criminal justice system's benefits—including its procedural protections, rights to discovery, and constitutional safeguards—also assumes its burdens, which include the obligations to comply with court orders and to accept service of court-issued subpoenas.

The Court emphasizes that this ruling is close and based on limited briefing and scant case law.  These issues could benefit from further briefing and more developed argument.  Concord may address them in a motion to quash or a motion to reconsider.

For all these reasons, the Court grants in part the government's Motion for Early Return Trial Subpoena.

Accordingly, it is

**ORDERED** that the government's Motion for Early Return Trial Subpoena, Dkt. 267, is granted as to categories one, two, and three, as specified in Attachment A to the Motion.  It is further

**ORDERED** that the government shall file any renewed motion for early-return trial subpoena that significantly narrows categories four through nine, as specified in Attachment A to the Motion, on or before December 30, 2019.  If the government files such a motion, the Court will promptly enter a briefing schedule that combines Concord's opposition to the government's motion and any motion to quash.  It is further

**ORDERED** that Concord shall file any motion to reconsider this ruling or motion to quash this subpoena on or before December 20, 2019; the government shall respond to any such motion on or before December 30, 2019; and Concord shall reply on or before January 3, 2020.

_____
DABNEY L. FRIEDRICH
United States District Judge

December 12, 2019