**Exhibit 1** to Defendant Concord Management and Consulting LLC's Brief In Support of Proposed Jury Instructions, 18-cr-00032-2-DLF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

DAVID MIDDENDORF and
JEFFREY WADA,

Defendants.

18-CR-36 (JPO)

**JURY CHARGE**

Court
exhibit 1

3/8/19

**Table of Contents**

INTRODUCTORY INSTRUCTIONS ............................................................................ 4
A.   Introductory Remarks and Role of the Court ................................................. 4
B.   Role of the Jury ................................................................................................ 5
C.   Role of Counsel ................................................................................................ 5
D.   All Persons Are Equal before the Law ........................................................... 6
E.   Presumption of Innocence ............................................................................... 6
F.   Proof Beyond a Reasonable Doubt ................................................................. 7
G.   Do Not Be Swayed by Sympathy or Prejudice .............................................. 8
H.   What Is and Is Not Evidence .......................................................................... 9
   1.      Stricken or Excluded Testimony Is Not Evidence ............................... 9
   2.      Exhibits Not Received into Evidence Are Not Evidence ................... 10
   3.      Arguments by Lawyers Are Not Evidence ......................................... 10
   4.      Statements of the Court Are Not Evidence ......................................... 10
I.   Direct and Circumstantial Evidence ............................................................ 10
J.   Stipulations .................................................................................................... 12
K.   Summary Charts – Admitted as Evidence .................................................... 12
L.   Rulings on Evidence and Objections ............................................................ 12
M.   Witness Credibility ........................................................................................ 13
N.   Defendant's Testimony .................................................................................. 15
O.   Cooperating Witness Testimony ................................................................... 15
P.   Expert Witnesses ........................................................................................... 17
Q.   Character Testimony ...................................................................................... 18
R.   Bias of Witnesses .......................................................................................... 18
S.   Persons Not on Trial ...................................................................................... 19
T.   Preparation of Witnesses .............................................................................. 19
U.   Uncalled Witnesses – Equally Available ..................................................... 20
V.      Particular Investigative Techniques Not Required ....................................... 20
SUBSTANTIVE INSTRUCTIONS ............................................................................... 21
A.   Meaning of the Indictment ............................................................................ 21
B.   Conspiracy and Substantive Counts ............................................................. 23
C.   Counts Three Through Five: Wire Fraud – The Nature of the Offense Charged ........ 24
D.   Counts Three Through Five: Wire Fraud – The Statute Defining the Offenses ......... 25
E.   Counts Three Through Five: Wire Fraud – Elements of the Offense .................. 25
F.   Counts Three Through Five: Wire Fraud – First Element ............................ 25
G.   Counts Three Through Five: Wire Fraud – Second Element (Knowledge, Willfulness, Intent to Defraud) ................................................................................................................. 28
H.   Counts Three Through Five: Wire Fraud – Third Element (Interstate Nexus) ......... 30
I.   Aiding and Abetting ....................................................................................... 31

J.   Count Two: Conspiracy to Commit Wire Fraud – The Nature of the Offense Charged ...... 33

K.  Count Two: Conspiracy to Commit Wire Fraud – Elements of Conspiracy......................... 34

L.   Count Two: Conspiracy to Commit Wire Fraud – Object of the Conspiracy ..................... 34

M.  Count Two: Conspiracy to Commit Wire Fraud – First Element ......................................... 34

N.  Count Two: Conspiracy to Commit Wire Fraud – Second Element (Membership) ............. 36

O.  Count One: Conspiracy to Defraud the United States -- Nature of the Offense Charged ..... 38

P.   Count One: Conspiracy to Defraud the United States – Elements....................................... 39

Q.  Count One: Conspiracy to Defraud the United States – Object of the Conspiracy............... 42

R.  Good Faith ........................................................................................................................ 44

S.   Defense ............................................................................................................................. 45

T.   Venue ................................................................................................................................ 46

U.  Variance in Dates and Times.............................................................................................. 46

FINAL INSTRUCTIONS ................................................................................................................ 47

A.  Duty to Deliberate and Reach a Unanimous Verdict .......................................................... 47

B.  Right to See Exhibits and Hear Testimony; Communications with Court............................ 48

C.  Notes ................................................................................................................................. 49

D.  Verdict Form ..................................................................................................................... 49

E.  Duties of Foreperson ........................................................................................................ 49

F.   Return of Verdict............................................................................................................... 50

G.  Jury Oath .......................................................................................................................... 50

H.  Exceptions ........................................................................................................................ 50

CONCLUSION............................................................................................................................... 50

INTRODUCTORY INSTRUCTIONS

**A. Introductory Remarks and Role of the Court**

Members of the jury, you have now heard all of the evidence in the case as well as the final arguments of the parties. We have reached the point where you are about to undertake your final function as jurors. You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

My duty at this point is to instruct you as to the law. There are three parts to these instructions. First, I'm going to give you some general instructions about your role and about how you are to decide the facts of the case. These instructions really would apply to just about any trial. Second, I'll give you some specific instructions about the legal rules applicable to this particular case. Third, I'll give you some final instructions about procedure.

It is your duty to accept these instructions of law and to apply them to the facts as you determine them. With respect to legal matters, you must take the law as I give it to you. If any attorney or witness has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You must not substitute your own notions or opinions of what the law is or ought to be.

Listening to these instructions may not be easy. It is important, however, that you listen carefully and concentrate. I ask you for patient cooperation and attention. You'll notice that I'm reading these instructions from a prepared text. It would be more lively, no doubt, if I just improvised. But it's important that I not do that. The law is made up of words, and those words are very carefully chosen. So it's critical that I use exactly the right words.

You'll have copies of what I'm reading in the jury room to consult, so don't worry if you miss a word or two. But for now, listen carefully and try to concentrate on what I'm saying.

4

Remember, you are to consider these instructions together as a whole; you are not to isolate or give undue weight to any single instruction.

## B.  Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts.  You pass on the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Do not conclude from any of my questions or any of my rulings on objections or anything else that I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.  Any opinion I might have regarding the facts is of absolutely no consequence.  It is *your* sworn duty, and you have taken the oath as jurors, to determine the facts.

## C.  Role of Counsel

Just as I have my duties as a judge and you have your duties as jurors, it has been the duty of each attorney in this case to object when the other side offered testimony or other evidence that the attorney believed is not properly admissible.  It has been my job to rule on those objections.  Therefore, why an objection was made or how I ruled on it is not your business.  You should draw no inference from the bare fact that an attorney objects to any evidence.  Nor should you draw any inference from the fact that I might have sustained or overruled an objection.

From time to time, the lawyers and I had conferences outside of your hearing.  These conferences involved procedural and other matters, and none of the events relating to these conferences should enter into your deliberations at all.

5

To be clear, the personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed reactions of any kind to any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those reactions should not enter into your deliberations.

## D. All Persons Are Equal before the Law

In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States. The fact that the Government is a party and the prosecution is brought in the name of the United States does not entitle the Government or its witnesses to any greater consideration than that accorded to any other party. By the same token, you must give it no less deference. The Government and the Defendants stand on equal footing before you.

It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the Defendants' race, religion, national origin, gender, sexual orientation, or age. All persons are entitled to the same presumption of innocence and the Government has the same burden of proof with respect to all persons. Similarly, it would be improper for you to consider any personal feelings you have about the race, religion, national origin, gender, sexual orientation, or age of any other witness or anyone else involved in this case. The Defendants are entitled to a trial free from prejudice, and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

## E. Presumption of Innocence

Now I will instruct you on the presumption of innocence. The law presumes the Defendants to be innocent of all charges against them. In this case, the Defendants before you have pleaded not guilty. In so doing, they have denied the charges in the Indictment. Thus, the

6

Government has the burden of proving the Defendants' guilt beyond a reasonable doubt.

This burden never shifts to the Defendants. In other words, the Defendants do not have to prove their innocence. They are presumed to be innocent of the charges contained in the Indictment. The Defendants thus began the trial here with a clean slate. The presumption of innocence was in their favor when the trial began, continued in their favor throughout the entire trial, remains with them even as I speak to you now, and persists in their favor during the course of your deliberations in the jury room.

This presumption of innocence alone requires you to acquit the Defendants unless you as jurors are unanimously convinced beyond a reasonable doubt of their guilt, after a careful and impartial consideration of all the evidence in this case. It is removed if and only if, as members of the jury, you are satisfied that the prosecution has sustained its burden of proving the Defendants guilty beyond a reasonable doubt.

## F.   Proof Beyond a Reasonable Doubt

Now, the question naturally arises: what, exactly, is a reasonable doubt? The words almost define themselves. A reasonable doubt is a doubt that a reasonable person has after carefully weighing all the evidence. It is a doubt founded in reason and arising out of the evidence in the case—or the lack of evidence. Reasonable doubt is a doubt that appeals to your reason, your judgment, your experience, your common sense. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

I must emphasize that beyond a *reasonable* doubt does not mean beyond all *possible* doubt. It is practically impossible for a person to be absolutely and completely convinced of any disputed fact that, by its very nature, cannot be proved with mathematical certainty. In the

criminal law, guilt must be established beyond a *reasonable* doubt, not all *possible* doubt.

Further, the Government is not required to prove each element of the offense by any particular number of witnesses. The testimony of a single witness may be enough to convince you beyond a reasonable doubt of the existence of the elements of the charged offense—if you believe that the witness has testified truthfully and accurately related what he has told you.

That all said, if, after a fair and impartial consideration of all the evidence (or the lack of evidence), you have an abiding belief of the Defendants' guilt beyond a reasonable doubt—a belief that you would be willing to act upon without hesitation in important matters in the personal affairs of your own life—then it is your sworn duty to convict the Defendants.

On the other hand, if after a fair and impartial consideration of all the evidence (and the lack of evidence), you are not satisfied of the guilt of the Defendants with respect to the charges in the Indictment; if you do not have an abiding conviction of the Defendants' guilt; in sum, if you have such a doubt as would cause you, as prudent persons, to hesitate before acting in matters of importance to yourselves—then you have a reasonable doubt, and in that circumstance it is your sworn duty to return a verdict of not guilty.

## G.  Do Not Be Swayed by Sympathy or Prejudice

In reaching that determination, your oath as jurors commands that you are not to be swayed by sympathy or prejudice. You are to be guided solely by the evidence in this case and you are to apply the law as I instruct you. As you sift through the evidence, you must ask yourselves whether the prosecution has proven the Defendants' guilt. Once you let fear or prejudice, or bias or sympathy, interfere with your thinking, there is a risk that you will not arrive at a true and just verdict. Thus, if you have a reasonable doubt as to the Defendants' guilt, then you must render a verdict of not guilty. But if you should find that the prosecution has met its

burden of proving the Defendants' guilt beyond a reasonable doubt, then you should not hesitate because of sympathy, or for any other reason, to render a verdict of guilty.

The question of possible punishment of the Defendants is of no concern to the jury and should not enter into or influence your deliberations. The duty of imposing sentence in the event of a conviction rests exclusively upon the Court. Your function is to weigh the evidence or the lack of evidence in the case and to determine whether or not the Defendants are guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow any consideration of the punishment that may be imposed upon the Defendants, if they are convicted, to influence your verdict.

Similarly, it would be improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process. Your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

## H. What Is and Is Not Evidence

Now, I have repeatedly referred to the evidence in this case. This raises an important question: what is evidence? I instruct you that evidence consists of the sworn testimony of the witnesses, the exhibits received in evidence, and the stipulations of the parties. In determining the facts, you must rely upon your own recollection of the evidence.

What, then, is *not* evidence? I instruct you that the following does not count as evidence:

### 1. Stricken or Excluded Testimony Is Not Evidence

*First*, testimony that I have stricken or excluded is not evidence. You may not use it in rendering your verdict. If certain testimony was received for a limited purpose, you must follow the limiting instructions I have given, and use the evidence only for the limited purpose I indicated.

### 2. Exhibits Not Received into Evidence Are Not Evidence

*Second*, any exhibit that was not received into evidence is not evidence.  Thus, exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness's recollection.

### 3. Arguments by Lawyers Are Not Evidence

*Third*, arguments by the lawyers are not evidence.  The reason is simple: advocates are not witnesses.  The opening and closing arguments of both sides explain how each side wants you to analyze the evidence, which consists of the testimony of witnesses, the documents and other exhibits that were entered into evidence, and the stipulations of the parties.  What the lawyers have said to you is intended to help you understand the evidence—or the lack of evidence—as you deliberate to reach your verdict.  However, if your recollection of the facts differs from the lawyers' opening statements, questions to witnesses, or summations, it is *your* recollection that controls, not theirs.  For the same reasons, you are not to consider a lawyer's or a party's questions as evidence.  Only the witnesses' answers are to be considered evidence, not the questions.

### 4. Statements of the Court Are Not Evidence

*Finally*, any statements that I may have made do not constitute evidence.  It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

I will now discuss at slightly greater length some important matters related to evidence.

## I.  Direct and Circumstantial Evidence

There are two types of evidence that you may properly consider in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is testimony by a witness about something he knows by virtue of his own senses – something he has seen, felt, touched, or heard. For example, if a witness testified that when he left his house this morning, it was raining, that would be direct evidence about the weather.

The second type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove a disputed fact indirectly, by proof of other facts. There is a simple example of circumstantial evidence that is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day outdoors. Assume that the courtroom shades were drawn and that you could not look outside. Assume further that as you were sitting here, someone walked in with an umbrella that was dripping wet and then, a few moments later, somebody else walked in with a raincoat that was dripping wet.

Now, because you could not look outside the courtroom and you could not see whether it was raining, you would have no direct evidence of that fact. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

That is all there is to circumstantial evidence. You infer on the basis of your reason, experience, and common sense from one fact that's established the existence or the nonexistence of some other fact.

As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a logical, factual conclusion that you might reasonably draw from other facts that have been proven.

11

Many material facts, such as someone's state of mind, are rarely easily proven by direct evidence. Usually such facts are established by circumstantial evidence and the reasonable inferences that you draw. Circumstantial evidence may be given as much weight as direct evidence. The law makes no distinction between direct and circumstantial evidence, but simply requires that, before convicting a defendant, the jury must be satisfied that the Government has proven the defendant's guilt beyond a reasonable doubt, based on all of the evidence in the case.

There are times when different inferences may be drawn from the evidence. The Government asks you to draw one set of inferences. The Defendants ask you to draw another. It is for you, and for you alone, to decide what inferences you will draw.

## J.  Stipulations

You have heard evidence in the form of stipulations. A stipulation of testimony is an agreement between the parties that, if called, a witness would have given certain testimony. You must accept as true the fact that the witness would have given the testimony. However, it is for you to decide what effect that testimony should be given.

You also heard evidence in the form of stipulations that contain facts that were agreed to be true. In such cases, you must accept those facts as true. However, it is for you to decide what weight, if any, to give to those facts.

## K.  Summary Charts – Admitted as Evidence

Now, some of the exhibits that were admitted into evidence were in the form of charts and summaries. You should consider them as you would any other evidence.

## L.  Rulings on Evidence and Objections

As I have already explained, you should draw no inference or conclusion for or against

12

any party by reason of lawyers making objections or my rulings on such objections.

By the same token, nothing I say is evidence. If I commented on the evidence at any time, do not accept my statements in place of your recollection or your interpretation. It is your recollection and interpretation that govern.

Further, do not concern yourself with what was said at side-bar conferences or during my discussions with counsel. Those discussions related to rulings of law.

At times I may have admonished a witness or directed a witness to be responsive to questions or to keep his or her voice up. At times I asked a question myself. Any questions that I asked, or instructions that I gave, were intended only to clarify the presentation of evidence and to bring out something that I thought might be unclear. You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by reason of any comment, question, or instruction of mine. Nor should you infer that I have any views as to the credibility of any witness, as to the weight of the evidence, or as to how you should decide any issue that is before you. That is entirely your role.

## M. Witness Credibility

You have had the opportunity to observe the witnesses. It will now be your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

To that end, I am going to give you a few general instructions on how you may determine whether witnesses are credible and reliable, whether witnesses told the truth at this trial, and whether they knew what they were talking about. It is really just a matter of using your common sense, your good judgment, and your experience.

First, consider how well the witness was able to observe or hear what he or she testified

13

about.  The witness may be honest, but mistaken.  How did the witness's testimony impress you?

Did the witness appear to be testifying honestly and/or candidly?  Were the witness's answers

direct or were they evasive?  Consider the witness's intelligence, demeanor, manner of testifying,

and the strength and accuracy of the witness's recollection.  Consider whether any outside

factors might have affected a witness's ability to perceive events.

Consider the substance of the testimony.  How does the witness's testimony compare

with other proof in the case?  Is it corroborated or is it contradicted by other evidence?  If there is

a conflict, does any version appear reliable, and if so, which version seems more reliable?

You may consider whether a witness had any possible bias or relationship with a party or

any possible interest in the outcome of the case.  Such a bias or relationship does not necessarily

make the witness unworthy of belief, but it can.  These are simply factors that you may consider.

In passing upon the credibility of a witness, you may also take into account any

inconsistencies or contradictions as to material matters in his or her testimony.

In summary, you should carefully scrutinize all of the testimony of each witness, the

circumstances under which each witness testified, the impression the witness made when

testifying, the relationship of the witness to the controversy and the parties, the witness's bias or

impartiality, the reasonableness of the witness's statement, the strength or weakness of the

witness's recollection viewed in the light of all the other testimony, and any other matter in

evidence that may help you decide the truth and the importance of each witness's testimony.

If you find that a witness has testified falsely as to any material fact or if you find that a

witness has been previously untruthful when testifying under oath or otherwise, you may reject

that witness's testimony in its entirety or you may accept only those parts that you believe to be

truthful or that are corroborated by other independent evidence in the case.

14

It is for you, the jury, and you alone—not the lawyers, not the witnesses, and not me as the judge—to decide the credibility of witnesses who testified and the weight that their testimony deserves.  The ultimate question for you to decide in passing upon credibility is: Did the witness tell the truth before you?

### N.   Defendant's Testimony

In a criminal case, the defendant cannot be required to testify, but, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf.  In this case, Mr. Middendorf decided to testify.  You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case.  However, the burden of proof remains on the Government at all times, and the defendant is presumed innocent.

Mr. Wada did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to the defendant.  A defendant is never required to prove that he or she is innocent.

You may not attach any significance to the fact that Mr. Wada did not testify.  No adverse inference against him may be drawn because he did not take the witness stand.  You may not consider this against Mr. Wada in any way in your deliberations in the jury room.

### O.  Cooperating Witness Testimony

You have also heard from two witnesses, Brian Sweet and Thomas Whittle, who testified that they pled guilty to criminal charges.  You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendants on trial from the fact that prosecution witnesses have pled guilty to criminal charges.  A witness's decision to plead guilty is a personal

15

decision about his or her own guilt. It may not be used by you in any way as evidence against or unfavorable to the defendants on trial here.

Mr. Sweet and Mr. Whittle each testified pursuant to an agreement to cooperate with the Government. The law allows the use of accomplice testimony. Indeed, it is the law in federal courts that the testimony of an accomplice may be enough in itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt. It is also the case, however, that accomplice testimony is of such a nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.

I have given you some general considerations on credibility and I will not repeat them all here. Nor will I repeat all of the arguments made on both sides. Nevertheless, let me say a few things that you might want to consider during your deliberations on the subject of accomplices. You should ask yourself whether Mr. Sweet and Mr. Whittle would benefit more by lying or by telling the truth. Was either witness's testimony made up in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely? Or did he believe that his interests would be best served by testifying truthfully? If you believe that the witness you are considering was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth? Did this motivation color his testimony? In sum, you should look at all of the evidence in deciding what credence and what weight, if any, to give to an accomplice witness.

Keep in mind that it does not follow that, simply because a person has admitted to participating in one or more crimes, that he is incapable of giving a truthful version of what happened. Like the testimony of any other witness, the testimony of someone who has participated in a crime should be given such weight as it deserves in light of the facts and

16

circumstances before you, taking into account the witness's demeanor, candor, the strength and accuracy of a witness's recollection, his background, and the extent to which his testimony is or is not corroborated by other evidence in the case.

One final note in this regard. It is no concern of yours why the Government made agreements with witnesses. Your sole concern is to decide whether the witness was giving truthful testimony in this case before you. In sum, you should look at all the evidence in deciding what credence and what weight, if any, you will give to a witness's testimony.


**P. Expert Witnesses**

You have heard testimony from what we call expert witnesses. An expert is a witness who by education or experience has acquired learning or experience in a specialized area of knowledge. Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be an expert and give their reasons for their opinions. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Now, your role in judging credibility applies to experts as well as other witnesses. You should consider the expert opinions that were received in evidence in this case and give them as much or as little weight as you think they deserve. If you should decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data,

17

education and experience, and the other evidence does not give you reason to doubt his conclusions, you would be justified in placing reliance on his testimony.

## Q.  Character Testimony

During the trial, you heard testimony bearing on the character of defendant David Middendorf/.  Character testimony should be considered together with all the other evidence in the case in determining the guilt or innocence of the defendant.  Evidence of good character may in itself create a reasonable doubt where, without such evidence, no reasonable doubt would have existed.

But if, on considering all the evidence, including the character evidence, you are satisfied beyond a reasonable doubt that the defendant is guilty, a showing that he previously enjoyed a reputation of good character does not justify or excuse the offense and you should not acquit  Mr. Middendorf merely because you believe he is a person of good reputation.

The testimony of a character witness is not to be taken by you as the witness's opinion as to the guilt or innocence of a defendant.  The guilt or innocence of a defendant is for you alone to determine and that should be based on all the evidence you have heard in the case.

## R.  Bias of Witnesses

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witnesses may have towards one of the parties.  Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.  You should also take into account any evidence of any benefit that a witness may receive from the outcome of the case.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony.  In short, if you find that a witness is biased, you should view his or

18

her testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

Of course, the mere fact that a witness is interested in the outcome of the case does not mean he or she has not told the truth.  It is for you to decide from your observations and by applying your common sense and experience and all the other considerations mentioned whether the possible interest of any witness has intentionally or otherwise colored or distorted his or her testimony.  You are not required to disbelieve an interested witness; you may accept as much of his or her testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

## S.  Persons Not on Trial

During the trial, you heard the names of several other individuals mentioned in connection with this case.  Some of those other individuals have been mentioned in connection with what the Government alleges was illegal activity.

I instruct you that you may not draw any inference, favorable or unfavorable, towards the Government or the Defendants from the fact that any other person is not on trial here.  Further, you may not speculate as to the reasons why those other people are not on trial, or what became of them in the legal system.  Those matters are wholly outside your concern and have no bearing on your duties as jurors in this case.

## T.    Preparation of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned

19

about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

## U. Uncalled Witnesses – Equally Available

There are several people whose names you have heard during the course of the trial but who did not appear here to testify. I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence. The burden remains with the Government to prove the guilt of the Defendants beyond a reasonable doubt.

## V. Particular Investigative Techniques Not Required

You have heard reference, in the arguments and cross-examination of defense counsel in this case, to the fact that certain investigative techniques were or were not used by the Government. There is no legal requirement, however, that the Government prove its case through any particular means. While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques. The Government is not on trial. Law enforcement techniques are not your concern. However, you are free to consider a lack of evidence in your determination of

whether the government proved the charged crimes beyond a reasonable doubt.  Your concern is to determine whether, on the evidence or lack of evidence, the Government has proven the defendant's guilt beyond a reasonable doubt.

## W. Consider Each Defendant Separately

Defendants David Middendorf and Jeffrey Wada are on trial together.  In reaching a verdict, however, you must bear in mind that innocence or guilt is individual.  Your verdict must be determined separately with respect to each Defendant, solely on the evidence, or lack of evidence, presented against him, without regard to the guilt or innocence of anyone else.

In this regard, you must be careful not to find any defendant guilty merely by reason of relationship or association with other persons.  The fact that one person may be guilty of an offense does not mean that his or her friends, relatives, or associates were also involved in the crime.  You may, of course, consider those associations as part of the evidence in the case, and may draw whatever inferences are reasonable from the fact of the associations taken together with all of the other evidence in the case.  But you may not draw the inference of guilt merely because of such associations.  In short, for each defendant, the question of guilt or innocence as to each count of the indictment must be individually considered and individually answered, and you may not find any defendant guilty unless the evidence proves his or her guilt beyond a reasonable doubt.

Now I am going to turn to the substantive instructions.

## SUBSTANTIVE INSTRUCTIONS

## A.  Meaning of the Indictment

Let us first turn to the charges against the Defendants as contained in the Indictment.  The

Indictment is not evidence. It is an accusation, a statement of the charges made against the Defendants. It gives the Defendants notice of the charges against them. It informs the Court and the public of the nature of the accusation.

A defendant begins trial with an absolutely clean slate and without any evidence against him. Remember that the charges in the Indictment are merely accusations. What matters is the evidence or lack of evidence that you heard and saw in the trial.

The Indictment in this case consists of five counts, or charges. I will, at times, refer to each count by the number assigned to it in the Indictment. You should know that there is no significance to the order of these numbers or the specific number of counts charged, and indeed my instructions will follow a different order than the order in which the various counts appear in the Indictment.

Each count is a separate offense or crime. Each count must therefore be considered separately by you, as to each Defendant named in that count, and you must return a separate verdict of guilty or not guilty on each count, as to each Defendant. Whether you find a Defendant guilty or not guilty as to one count should not affect your verdict as to any other count charged.

In Count One of the Indictment, the Defendants are charged with conspiracy to defraud the Securities and Exchange Commission, commonly referred to as the "SEC," which is an agency of the United States. In Count Two, the Defendants are charged with conspiracy to commit wire fraud against the Public Company Accounting Oversight Board, commonly referred to as the "PCAOB." In Count Three, Mr. Middendorf is charged with wire fraud itself, which is sometimes called a substantive count. Mr. Wada is not charged in Count Three of the Indictment.

In Counts Four and Five, both defendants are charged with substantive counts of wire fraud.

In a moment, I will instruct you on each of these charges in more detail. At the outset, however, let me instruct you that you must consider each individual charge separately, and each Defendant separately, and evaluate each on the proof or lack of proof that relates to that charge with respect to each Defendant.

## B.  Conspiracy and Substantive Counts

As I have just described, there are certain counts in the Indictment that are conspiracy counts, while others are what are referred to as substantive counts. Unlike the conspiracy charges, which allege agreements to commit certain offenses, the substantive counts are based on the actual commission of offenses, or aiding others to actually commit offenses.

A conspiracy to commit a crime is an entirely separate and different offense from the substantive crime which may be the object of the conspiracy. Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the object of the conspiracy is not achieved. The essence of the crime of conspiracy is an agreement or understanding to violate other laws. Thus, if a conspiracy exists, even if it fails, it is still punishable as a crime. Consequently, in a conspiracy charge there is no need to prove that the crime that was the objective of the conspiracy was actually committed.

By contrast, the substantive counts require proof that the crime charged was actually committed, but do not require proof of an agreement. Of course, if a defendant both participates in a conspiracy to commit a crime and then actually commits that crime, that defendant may be guilty of both the conspiracy and the substantive crime, as I will instruct you shortly.

We will turn first to the substantive charges in the Indictment, which are more convenient to consider before the conspiracy charges.

23

## C.  Counts Three Through Five: Wire Fraud – The Nature of the Offense Charged

Let us turn first to the three substantive counts, which are listed as Counts Three through Five in the Indictment.  I will turn later to Counts One and Two.

Counts Three, Four, and Five each charge certain defendants with a substantive count of the crime of wire fraud.  Specifically:

Count Three charges that, from at least in or about April 2015 through at least in or about May 2015, Mr. Middendorf participated in a scheme to defraud the PCAOB by misappropriating, embezzling, obtaining, sharing, and using the PCAOB's property in the form of valuable confidential information and documents concerning planned PCAOB inspections in 2015, and by transmitting such information by email, all in breach of duties of confidentiality owed to the PCAOB by former and current PCAOB employees.  Mr. Wada is not charged in Count Three.

Count Four charges that, from at least in or about March 2016 through at least in or about May 2016, Mr. Middendorf and Mr. Wada each participated in a scheme to defraud the PCAOB by misappropriating, embezzling, obtaining, sharing, and using the PCAOB's property in the form of valuable confidential information and documents concerning planned PCAOB inspections in 2016, and by transmitting such information by email and telephone, all in breach of duties of confidentiality owed to the PCAOB by former and current PCAOB employees.

Count Five charges that, from at least in or about January 2017 through at least in or about February 2017, Mr. Middendorf and Mr. Wada each participated in a scheme to defraud the PCAOB by misappropriating, embezzling, obtaining, sharing, and using the PCAOB's property in the form of valuable confidential information and documents concerning planned PCAOB inspections in 2017, and by transmitting such information by email and telephone, all in breach of duties of confidentiality owed to the PCAOB by former and current PCAOB

24

employees.

### D. Counts Three Through Five: Wire Fraud – The Statute Defining the Offenses

Counts Three through Five of the Indictment charge violation of Title 18, United States Code, Section 1343, which provides, in relevant part:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be [guilty of a crime].

### E. Counts Three Through Five: Wire Fraud – Elements of the Offense

Turning to the elements of Counts Three through Five, in order to meet its burden of proof, the Government must establish beyond a reasonable doubt the following elements of the crime of wire fraud:

*First*: That there was a scheme or artifice to defraud or to obtain money or property by false or fraudulent pretenses, representations, or promises.

*Second*: That the defendant you are considering knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud.

*Third*: That in execution of that scheme, the defendant you are considering used or caused the use of interstate wires.

I will discuss each in turn.

### F. Counts Three Through Five: Wire Fraud – First Element

As to the first element, a "scheme or artifice" is merely a plan for the accomplishment of an object.

A scheme to defraud is any plan, device, or course of action to obtain money or property by means of false or fraudulent pretenses, representations, or promises reasonably calculated to deceive persons of average prudence.

"Fraud" is a general term that embraces all the various means that human ingenuity can devise and that are resorted to by an individual to gain an advantage over another by false representations, suggestions, or suppression of the truth, or deliberate disregard for the truth. Thus, a "scheme to defraud" is a plan to deprive another of money or property by trick, deceit, deception or swindle.

The Government alleges that there was a scheme to misappropriate, embezzle, obtain, share, and use the PCAOB's confidential information concerning inspections. The words "misappropriate" and "embezzle" are synonyms for these purposes and mean the fraudulent appropriation of property by a person to whom such property has been entrusted. A person commits "embezzlement" when he, with the intent to defraud, converts to his own use property belonging to another where the property initially lawfully came within his possession or control.

In the context of a criminal scheme to defraud, the words "obtain, share, and use" likewise mean to do those things fraudulently, that is, willfully and with the intent to defraud, which I will define for you in a moment.

A "scheme to defraud" must have money or property as its object. You are instructed that the definition of property for purposes of the wire fraud statute includes an organization's or entity's confidential information that is of value to that organization or entity. In this case, the Indictment alleges that certain PCAOB information and documents concerning planned PCAOB inspections constituted such property.

Information is "confidential" if, at the time it was subject to a scheme to defraud, the information was both considered and treated by an entity in a way that maintained the entity's exclusive right to the information.  The entity must both consider the information to be confidential and take affirmative steps to treat the information as confidential and maintain exclusivity.  Factors you may consider in determining whether the PCAOB treated the information at issue as confidential include, but are not limited to: written policies, employee training, measures taken to guard the information's secrecy, the extent to which the information is known outside the organization, and the ways in which employees may access and use the information.

Now I will say a little more about what it means for a person to "embezzle" confidential information.  A person is entrusted with confidential information when he is expected to keep the information confidential, or at least that the relationship between the person and the owner of the information implied such a duty.   The person entrusted with the information embezzles information from the owner only if he deceives the owner about his intent to violate his duty of trust and confidentiality by not disclosing to the owner that he intends to use the confidential information for his own personal gain.

Although whether or not the scheme actually succeeded is really not the question, you may consider whether it succeeded in determining whether the scheme existed.  A scheme to defraud need not be shown by direct evidence, but may be established by all the circumstances and facts in the case.

There is one more thing I must tell you about schemes to defraud.  If you find that a scheme to defraud the PCAOB existed, it is irrelevant whether the PCAOB inspection process was onerous or whether the PCAOB was a difficult regulator.  However, the actions of the

27

PCAOB—as well as Defendants' opinions of this organization—may be relevant to the respective Defendants' states of mind and intent, which the Court now turns to.

### G. Counts Three Through Five: Wire Fraud – Second Element (Knowledge, Willfulness, Intent to Defraud)

As to the second element of wire fraud, the Government must establish beyond a reasonable doubt that the Defendants devised or participated in the fraudulent scheme knowingly, willfully, and with the specific intent to defraud.

To "devise" a scheme to defraud is to concoct or plan it. To "participate" in a scheme to defraud means to associate oneself with the scheme, while it is ongoing, with a view and intent toward making it succeed. While a mere onlooker is not a participant in a scheme to defraud, it is not necessary that a participant be someone who personally and visibly executes the scheme to defraud.

In order to satisfy this element, it is not necessary for the Government to establish that the Defendant you are considering originated the scheme to defraud. It is sufficient if you find that a scheme to defraud existed, even if originated by another, and that the Defendant, while aware of the scheme's existence, knowingly participated in it.

It is also not required that the Defendant you are considering participated in or had knowledge of all of the operations of the scheme. The guilt of the Defendant is not governed by the extent of his participation.

It also is not necessary that the Defendant you are considering participated in the alleged scheme from the beginning. A person who comes in at a later point with knowledge of the scheme's general operation, although not necessarily all of its details, and intentionally acts in a way to further the unlawful goals, becomes a member of the scheme and is legally responsible

for all that may have been done in the past in furtherance of the criminal objective and all that is done thereafter.

Even if the Defendant participated in the scheme to a lesser degree than others, he is nevertheless equally guilty, so long as that defendant became a member of the scheme to defraud with knowledge of its general scope and purpose. As I have previously noted, before the Defendant may be convicted of the fraud charged here, he must also be shown to have acted knowingly and willfully and with a specific intent to defraud.

A person acts "knowingly" when he acts voluntarily and deliberately, and not because of ignorance, mistake, accident, or carelessness.

To act "willfully" means to act voluntarily and with a wrongful purpose.

"Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to another.

The question of whether a person acted knowingly, willfully, and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

Circumstantial evidence, if believed, is of no less value than direct evidence. In either

29

case, the essential elements of the crime charged must be established beyond a reasonable doubt.

Now, evidence has been admitted relating to PCAOB by-laws and ethics rules governing the conduct of PCAOB employees. Whether a PCAOB employee complied with the PCAOB's by-laws and ethics rules is not determinative of the innocence or guilt of any defendant in this case. Nor does a purposeful violation of a workplace rule, standing alone, mean that a defendant acted with the requisite criminal intent.

As a practical matter, then, in order to sustain the charges against the Defendant you are considering, the Government must establish beyond a reasonable doubt that he knew that his conduct as a participant in the scheme was calculated to deceive—as opposed to merely transgressing ethical standards or workplace rules—and, nonetheless, he associated himself with the alleged fraudulent scheme.

## H. Counts Three Through Five: Wire Fraud – Third Element (Interstate Nexus)

The third and final element that the Government must establish beyond a reasonable doubt is the use of an interstate wire communication in furtherance of the scheme to defraud. Wire communications include telephone calls, emails, and text messages. The wire communication must pass between two or more states as, for example, a telephone call or email between two states.

The use of the wires need not itself be a fraudulent representation. It must, however, further or assist in the carrying out of the scheme to defraud. It is not necessary for the defendant you are considering to be directly or personally involved in the wire communication, as long as the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which that defendant is accused of participating.

30

In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant you are considering caused the wires to be used by others. This does not mean that that defendant must specifically have authorized others to, for example, make a call or send an email. When one does an act with knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires can reasonably be foreseen, even though not actually intended, then he causes the wires to be used.

The jury must unanimously agree that at least one such wire communication in furtherance of a scheme to defraud was proven by the Government beyond a reasonable doubt.

## I.   Aiding and Abetting

With respect to these substantive counts – that is, Counts Three through Five – each of these counts also charges the respective Defendants with violating 18 U.S.C. § 2, the "aiding and abetting" statute. That is, each Defendant is charged not only as a principal who committed the crime, but also as an aider and abettor.

"Aiding and abetting" is set forth in Section 2(a) of the statute. That section reads, in part, as follows: "Whoever commits an offense against the United States or aids or abets or counsels, commands or induces, or procures its commission, is punishable as a principal."

Under the aiding and abetting statute, it is not necessary for the Government to show that a defendant himself physically committed the crime with which he is charged in order for you to find the Defendant guilty. Thus, even if you do not find beyond a reasonable doubt that the Defendant you are considering himself committed the crime charged, you may, under certain circumstances, still find the Defendant guilty of that crime as an aider or abettor.

A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself. Accordingly, you may find a defendant guilty of the substantive

31

crime if you find beyond a reasonable doubt that the Government has proved that another person actually committed the crime, and that the Defendant aided and abetted that person in the commission of the crime.

As you can see, the first requirement is that another person has committed the crime charged. Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person in the first place. But if you do find that a crime was committed, then you must consider whether the Defendant aided or abetted the commission of the crime.

In order to aid or abet another to commit a crime, it is necessary that a defendant act willfully, knowingly, and with the intent to defraud, to associate himself in some way with the crime and seek by some act to help make the crime succeed.

Participation in a crime is willful if action is taken voluntarily and intentionally, or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done; that is to say, with an improper purpose.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by a defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting. An aider and abettor must have some interest in the criminal venture.

Furthermore, a person cannot be found guilty of aiding and abetting a crime that has already been committed. In order to be an aider and abettor, a person must knowingly, willfully and with the intent to defraud, associate with the scheme to defraud while the scheme was ongoing. If the wire fraud scheme you are considering for a particular count was already

32

complete by the time the defendant you are considering was made aware of it, you cannot find that defendant guilty as an aider and abettor.

To determine whether a defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

- Did he participate in the crime charged as something he wished to bring about?

- Did he associate himself with the criminal venture knowingly and willfully?

- Did he seek by his actions to make the criminal venture succeed?

If he did, then the Defendant you are considering is an aider and abettor, and is therefore guilty of the offense. If he did not, then the Defendant is not an aider and abettor, and is not guilty as an aider and abettor of that offense.

## J.  Count Two: Conspiracy to Commit Wire Fraud – The Nature of the Offense Charged

Now that we have discussed the three substantive Counts in the Indictment, let us turn to the Conspiracy counts. Count Two of the Indictment charges that Defendants David Middendorf and Jeffrey Wada conspired and agreed with others to commit wire fraud between in or about April 2015 to in or about February 2017.

A conspiracy is a kind of criminal partnership. It is an agreement of two or more persons to join together to accomplish some unlawful purpose.

As I explained earlier, the crime of conspiracy — or agreement — to violate a federal law is an independent offense. It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."

Indeed, you may find the respective Defendants guilty of the crime of conspiracy even if you find that the substantive crimes that were the objects or goals of the charged conspiracy were never actually committed.

33

### K. Count Two: Conspiracy to Commit Wire Fraud – Elements of Conspiracy

To sustain its burden of proof with respect to Count Two of the Indictment, the Government must prove beyond a reasonable doubt the following two elements:

*First*, the existence of the conspiracy charged in Count Two of the Indictment; that is, the existence of any agreement or understanding to commit the unlawful object of the charged conspiracy.

*Second*, that the Defendant you are considering knowingly and willfully became a member of that alleged conspiracy during the applicable time period.

### L. Count Two: Conspiracy to Commit Wire Fraud – Object of the Conspiracy

The object of a conspiracy is the illegal goal that the co-conspirators seek to achieve. The object of the conspiracy charged in Count Two is to commit wire fraud. I have previously explained to you the elements of the substantive offense of wire fraud.

### M. Count Two: Conspiracy to Commit Wire Fraud – First Element

Now let us consider the first element of the conspiracy charge. The first element which the Government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered into the unlawful agreement charged in Count Two of the Indictment. That Count alleges that Defendants David Middendorf and Jeffrey Wada conspired with others to commit wire fraud.

In order for the Government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. What the Government must prove is that there was

34

a mutual understanding, either spoken or unspoken, between two or more persons to cooperate with each other to accomplish an unlawful act.

You may, of course, find that the existence of an agreement to disobey or disregard the law, as charged in Count Two of the Indictment, has been established by direct proof. However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved.

In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words. In this regard, you may, in determining whether an unlawful agreement existed here, consider the actions and statements of all of those you find to be participants as proof that a common design existed on the part of the persons charged to act together to accomplish an unlawful purpose.

You will recall that I have admitted into evidence against the Defendants the acts and statements of others because these acts and statements were committed by persons who, the Government charges, were also co-conspirators of the Defendants on trial.

The reason for allowing this evidence to be received against the Defendants has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements, and omissions.

35

If you find, beyond a reasonable doubt, that the respective Defendants were members of the conspiracy charged in the Indictment, then, any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy, may be considered against that Defendant. This is so even if such acts were done and statements were made in the Defendant's absence and without his knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of a Defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme. If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy or if they were not done or said in furtherance of the conspiracy, they may be considered by you as evidence only against the member who did or said them.

### N. Count Two: Conspiracy to Commit Wire Fraud – Second Element (Membership)

If you find that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count Two of the Indictment existed, then you must consider the second element of the crime. The second element the Government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the respective Defendants knowingly, willfully, and voluntarily became a member of the alleged conspiracy.

I have already instructed you on the definitions of "knowingly" and "willfully," and you should apply those definitions here.

In deciding whether the Defendant you are considering was, in fact, a member of the conspiracy, you must consider whether the Defendant knowingly and willfully joined the conspiracy, intending to advance or achieve its goals. Did he participate in the conspiracy with knowledge of its unlawful purpose and with the specific intention of furthering its objective?

It is important for you to note that the respective Defendants' participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators and the reasonable inferences which may be drawn from them.

A defendant's knowledge is a matter of inference from the facts proved. In that connection, I instruct you that to become a member of the conspiracy, the defendant you are considering need not have known the identities of each and every other member, nor need he have been apprised of all of their activities. Moreover, the defendant you are considering need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part. The defendant must, however, have agreed to participate in the conspiracy charged with knowledge of its object.

The extent of a defendant's participation has no bearing on the issue of a defendant's guilt. A conspirator's liability is not measured by the extent or duration of his participation. Indeed, each member may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw a defendant within the ambit of the conspiracy.

I want to caution you, however, that a defendant's mere presence at the scene of the alleged crime does not, by itself, make him a member of the alleged conspiracy. Similarly, mere association with one or more members of the alleged conspiracy does not automatically make any defendant a member. A person may know, supervise, work for or with, or be friendly with a member of a conspiracy, without being a conspirator himself. Mere similarity of conduct or the fact that individuals may have worked together and discussed common aims and interests does

37

not make them members of a conspiracy.

I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan does not make a defendant a member of the conspiracy. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of a conspiracy does not make him a member of the conspiracy. More is required under the law. What is necessary is that the Defendant must have participated with knowledge of the purpose or objective of the conspiracy and with the specific intention of aiding in the accomplishment of that unlawful end. The Government is not required to prove that the members of the alleged conspiracy were successful in achieving the object of the conspiracy.

## O. Count One: Conspiracy to Defraud the United States – Nature of the Offense Charged

We turn now to the final count in the Indictment. Count One charges Mr. Middendorf and Mr. Wada with conspiracy to defraud the United States or an agency thereof.

The relevant statute covering this charge is Section 371 of Title 18 of the United States Code. That section provides as follows:

> If two or more persons conspire . . . to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each [ is guilty of a crime].

Count One charges the Defendants with participating in a conspiracy with the following object: to defraud an agency of the United States, the SEC.

The Indictment alleges that from in or about April 2015 to in or about February 2017, the Defendants and other individuals conspired and agreed together to defraud the United States and the SEC. The Indictment charges Defendants and their alleged coconspirators with employing deceit, craft, trickery, and dishonest means to impede, impair, defeat, and obstruct a lawful

function of the SEC.  The Indictment also alleges in Count One several overt acts that are alleged to have been committed in furtherance of the conspiracy, which I will describe for you later.

As I instructed you earlier, conspiracy is a kind of criminal partnership—an agreement of two or more persons to join together to accomplish some unlawful purpose.  The crime of conspiracy—or agreement—to defraud the United States, as charged in this Indictment, is an independent offense.

## P.  Count One: Conspiracy to Defraud the United States – Elements

In order to sustain its burden of proof with respect to the conspiracy charged in Count One, the Government must prove beyond a reasonable doubt each of the following three elements:

First, the Government must prove beyond a reasonable doubt the existence of the conspiracy charged in Count One; that is, an agreement or understanding between two or more people to defraud the SEC.  Therefore, the first question for you on Count One is:  Did the conspiracy alleged in Count One exist?

Second, the Government must prove beyond a reasonable doubt that the Defendant you are considering knowingly and willfully became a member of the conspiracy; that is, that he knowingly associated himself with and participated in the alleged conspiracy with intent to further its unlawful objectives.

Third, the Government must prove beyond a reasonable doubt that at least one of the members of the conspiracy committed at least one overt act in furtherance of the conspiracy.

I have already instructed you on the first two elements, and you should apply those instructions here.

39

As to the third element, the Government must prove beyond a reasonable doubt that some member of the conspiracy knowingly and willfully committed at least one overt act in furtherance of the objective of the conspiracy, and that this overt act was performed during the existence or life of the conspiracy, and was done to somehow further the goal of the conspiracy or agreement.

The term "overt act" means some type of outward, objective action performed by one of the members of a conspiracy that furthers the objectives of the conspiracy. An overt act may itself be a lawful act; however, the act must be a step in achieving the conspiratorial objectives.

The Indictment alleges the following overt acts:

a. In or about May 2015, Thomas Whittle sent an email from KPMG's Manhattan office, soliciting confidential PCAOB information concerning which of KPMG's engagements would be subject to inspection by the PCAOB in 2015.

b. In or about June 2015, David Britt sent an email from KPMG's Manhattan office, soliciting confidential PCAOB information concerning which of KPMG's engagements would be subject to inspection by the PCAOB in 2015.

c. In or about March 2016, Jeffrey Wada called Cynthia Holder and provided confidential PCAOB information concerning the identity of certain of KPMG's engagements that would be subject to inspection by the PCAOB in 2016.

d. On or about March 28, 2016, during the Documentation Period for most of the engagements at issue, David Middendorf, Thomas Whittle, David Britt, and others, participated in a conference call in KPMG's Manhattan office during which they discussed the utilization of valuable confidential PCAOB information concerning the identity of certain of KPMG's engagements that would be inspected by the PCAOB in 2016.

40

e. On or about March 28, 2016, David Britt sent an email from KPMG's Manhattan office directing that access be given to various audit files in order to allow secret re-reviews to occur.

f. In or about January 2017, Jeffrey Wada and Cynthia Holder spoke on the telephone, during which conversation Mr. Wada shared valuable confidential PCAOB information concerning the identity of KPMG's engagements that would likely be subject to inspection by the PCAOB in 2017.

g. In or about February 2017, Jeffrey Wada and Cynthia Holder spoke on the telephone, during which conversation Mr. Wada shared valuable confidential PCAOB information concerning the identity of certain of KPMG's engagements that would be subject to inspection by the PCAOB in 2017.

h. In or about February 2017, David Middendorf, Thomas Whittle, and others participated in a conference call in KPMG's Manhattan office during which they acquired and discussed the utilization of valuable confidential PCAOB information concerning the identity of certain of KPMG's engagements that would be subject to inspection by the PCAOB in 2017.

In order for the Government to satisfy this element, it is not required that all of the overt acts alleged in the Indictment or even any of the overt acts contained in the Indictment be proven, however you must unanimously agree that the same overt act was committed.

Similarly, you need not find that Mr. Middendorf or Mr. Wada committed the overt act. It is sufficient for the Government to show that one of the alleged conspirators—other than the Defendant you are considering—knowingly committed an overt act in furtherance of the conspiracy, since such an act becomes, in the eyes of the law, the act of all of the members of the conspiracy.

You are further instructed that the overt act need not have been committed at precisely the time alleged in the Indictment.  It is sufficient if you are convinced beyond a reasonable doubt that it occurred at or about the time and place stated.

Now I will instruct you on the object of the charged conspiracy in Count One.

## Q. Count One: Conspiracy to Defraud the United States – Object of the Conspiracy

The objects of a conspiracy are the illegal goals the co-conspirators agree or hope to achieve.  The Indictment here charges that the conspiracy alleged in Count One had one object: defrauding the SEC.  You must find beyond a reasonable doubt that that this object was proven.

Specifically, the Indictment charges that the Defendants, and others known and unknown, willfully and knowingly, using deceit, craft, trickery and dishonest means, impeded, impaired, defeated, and obstructed a lawful function of the SEC.

A conspiracy to defraud the United States need not necessarily involve cheating the government out of money or property.  The statute also includes conspiracies to interfere with or obstruct any lawful government function by fraud, deceit, or any dishonest means.  I instruct you that the SEC is an agency of the United States government.  The term "conspiracy to defraud the United States" in this Indictment therefore means that the Defendants and their alleged coconspirators are accused of conspiring to impede, impair, obstruct, or defeat, by fraudulent or dishonest means, the lawful regulatory and enforcement functions of the SEC.

Dishonestly obstructing the lawful function of a government agency must be a purpose of the conspiracy, not merely a foreseeable consequence of it.  However, defrauding the SEC need not be the Defendant's sole or even primary purpose, so long as it is a purpose of the scheme.  The intent to defraud the SEC may be incidental to another primary motivation or purpose.  All

42

that is required is that an object of the conspiracy was to interfere with or obstruct one of the SEC's lawful governmental functions by deceit, craft or trickery, or by means that are dishonest.

Count One does not require proof that the Defendants intended to directly commit the fraud themselves. Proof that the Defendant intended to use a third party as a go-between may be sufficient. But the Government must prove that the United States or one of its agencies or departments was the ultimate target of the conspiracy that the Defendants intended to defraud.

I have instructed you that the SEC is an agency of the United States. But I instruct now that the PCAOB is not an agency of the United States or part of the United States government. With respect to Count One, the Government must prove that the Defendants intended to defraud the SEC as the ultimate target of the conspiracy. Fraudulent conduct directed solely at a third party—here, the PCAOB—is not a fraud against the United States. Therefore, if you conclude that the Government has proven that the only target of the conspiracy was the PCAOB, and not also the SEC, then you must find the Defendants not guilty as to Count One.

In addition, only conduct that both is intended to impede the lawful functions of a government agency and is fraudulent or dishonest will support a charge of conspiracy to defraud a government agency. A conspiracy to impede the functions of a government agency by fraudulent or dishonest means may include such things as altering documents after they have been demanded by the government agency, creating false documents, destroying records, making false statements, attempting to induce others to make false statements, or engaging in any other fraudulent or deceptive conduct that would have the effect of impairing the ability of the government agency to determine material aspects of a transaction. By citing these examples, I certainly do not mean to suggest that these are the only actions that could impede the SEC by

43

fraudulent or dishonest means, nor do I express any view as to whether conduct similar to these examples took place here.

Not all conduct that impedes the lawful functions of a government agency is illegal—to be unlawful such conduct must entail fraud, deceit, or other dishonest means.  Thus, it is not illegal simply to make the SEC's job harder.  Only an agreement to engage in conduct that t impedes the SEC, and also involves fraudulent, deceitful, or dishonest means, constitutes an illegal agreement to defraud the United States.

It is not necessary that the government or the SEC actually suffer a financial loss from a scheme, or that the scheme violated any separate law.  A conspiracy to defraud exists when there is an agreement to impede, impair, obstruct, or defeat, in any fraudulent or dishonest manner, the lawful functions of the SEC.

Where, however, there is an agreement to impede, impair, obstruct, or defeat the lawful functions of the SEC by fraudulent, deceptive, or dishonest means, the first element is satisfied regardless of whether the means of doing so in that particular instance are or are not unlawful in and of themselves.

In sum, if you find the Government proved, beyond a reasonable doubt, that the charged conspiracy to defraud the SEC existed, that the Defendant you are considering joined it, and that, with respect to Count One only, at least one overt act was committed in furtherance of the conspiracy, then you should find the Defendant you are considering guilty.  On the other hand, if you find that the Government has not proved, beyond a reasonable doubt, any of those essential elements, then you must find the Defendant you are considering not guilty.

**R.  Good Faith**

In considering the various charges alleged in this case, you must consider whether Mr.

Middendorf and Mr. Wada acted in good faith.  The Defendants maintain that they acted in good faith at all times.  Good faith is a complete and absolute defense to each of the charges in this case.

If the Defendant you are considering believed in good faith that he was acting properly, even if he was mistaken in his belief and even if someone was injured as a result of his conduct, there is no crime.  An honest mistake of judgment or negligence is not unlawful intent, and a defendant who acts on such a basis can still be acting in good faith.

The burden of establishing lack of good faith and criminal intent rests on the Government.  A defendant is under no burden to prove his good faith.  Rather, the Government must prove beyond a reasonable doubt that a Defendant acted in bad faith, *i.e.*, knowingly, willfully, and with the unlawful intent for the charge you are considering.  If the evidence in this case leaves you with a reasonable doubt as to whether Mr. Middendorf or Mr. Wada acted in bad faith, you must find him not guilty.

## S.  Defense

Mr. Middendorf and Mr. Wada deny the Government's allegations.  Mr. Middendorf maintains that he acted in good faith at all times and without the intent alleged in each count of the Indictment.

Mr. Wada contends that the Government has failed to prove beyond a reasonable doubt that he was the source of the inspection list information obtained by Brian Sweet in 2015, March 2016, January 2017, or February 2017.  Mr. Wada further contends that he was not a member of any agreement to embezzle and misuse confidential PCAOB information to improve KPMG's inspection results, that there was no such scheme to defraud, and that he did not participate in any such scheme to defraud.  As to Count One, Mr. Wada further contends that the Government

45

has failed to prove any purpose on his part directed at impairing or impeding the United States in any way.

That concludes the substantive instructions.  I just have a few general instructions now.

**T.  Venue**

Now, in addition to dealing with the elements of each of the offenses, you must also consider the issue of venue as to each offense, namely, whether any act in furtherance of the unlawful activity occurred within the Southern District of New York.  The Southern District of New York includes Manhattan, the Bronx, as well as Westchester, Rockland, Putnam, Dutchess, Orange and Sullivan Counties.

For the conspiracy counts—Counts One and Two—it is sufficient to satisfy the venue requirement if any act by anyone in furtherance of the crime charged occurred within the Southern District of New York.  The act itself need not be a criminal act.  And the act need not have been taken by the defendant you are considering, so long as the act was part of the crime that you find the defendant you are considering committed.  For the wire fraud counts, it is sufficient if an interstate wire transmission in furtherance of the scheme originated or terminated in this District.

To satisfy this venue requirement only, the Government need not meet the burden of proof beyond a reasonable doubt.  The Government meets its burden of proof for venue if it establishes by a preponderance of the evidence that an act in furtherance of the crime occurred within the Southern District of New York.  A preponderance of the evidence means that something is more likely than not.

**U.  Variance in Dates and Times**

46

As we have proceeded through the Indictment, you have noticed that it refers to various dates or times. It does not matter if the Indictment provides that specific conduct is alleged to have occurred on or about a certain date, month, or time and the evidence indicates that in fact it was on a different date, month, or time. As I mentioned earlier, the law only requires a substantial similarity between the dates alleged in the Indictment and the date established by testimony and exhibits.

FINAL INSTRUCTIONS

A.      Duty to Deliberate and Reach a Unanimous Verdict

You will now retire to decide the case. Your function is to weigh the evidence in this case and to determine the guilt or lack of guilt of the Defendants with respect to the charges in the Indictment. You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

Your verdict must be unanimous. This means that each and every one of you must agree upon your verdict. Each juror is entitled to his or her opinion, but you are required to exchange views with your fellow jurors. This is the very essence of jury deliberation. It is your duty to consult with one another and to deliberate with a view to reaching an agreement. If you start with one point of view, but after reasoning with other jurors it appears that your own judgment is open to question, then of course you should not hesitate in yielding your original point of view if you are convinced that the opposite point of view is one that truly satisfies your judgment and conscience. But you are not to surrender a view of the case that you conscientiously believe, merely because you are outnumbered or because other jurors appear firmly committed to their views. You should vote with the others only if you are convinced on the evidence, the facts, and

47

the law that it is the correct way to decide the case.

In sum, you, the jury, must deliberate as a body, but each of you, as an individual juror, must discuss and weigh your opinions dispassionately, and adopt that conclusion which in your good conscience appears to be in accordance with the truth. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

I instruct you that you are not to discuss the case unless all jurors are present. Four or five or ten jurors together are only a gathering of individuals. Only when all jurors are present do you constitute a jury and only then may you deliberate.

Remember at all times, you are not partisans. You are judges – judges of the facts. Your sole interest is impartially to assess the evidence to determine whether the Government has met its burden of proving guilt beyond a reasonable doubt as to each of the charges.

If you are divided, do not report how the vote stands. Simply state that you are divided. If you have reached a verdict, do not report what it is until you are asked in open court. Simply inform me that you have reached a verdict.

## B.    Right to See Exhibits and Hear Testimony; Communications with Court

You are about to go into the jury room and begin your deliberations. The exhibits that were received into evidence will be provided to you in the jury room. In addition to paper copies of many exhibits, you will be provided with a laptop that contains certain exhibits that could not be presented in hard copy. You will be given an exhibit list that will explain which exhibits can be accessed on the laptop.

If you want any of the testimony to review, you may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting portions of the testimony. If you want any further explanation of the law as I have

explained it to you, you may also request that.

Your requests for testimony – in fact any communications with the Court – should be made to me in writing, signed by your foreperson, and given to the Marshal or the deputy clerk. In any event, do not tell me or anyone else how the jury stands on any issue until there is a unanimous verdict.

### C.      Notes

If you took notes during the trial, those notes are only an aid to recollection – they are not evidence, nor are they a substitute for your recollection of the evidence in the case.  Your notes are not entitled to any greater weight than your actual recollection or the impression of each juror as to what the evidence actually is.  I emphasize that if you took notes, you should not show your notes to any other juror during your deliberations, they are only for yourself.

If you did not take notes during the trial, you should not be influenced by the notes of another juror, but instead you should rely upon your own recollection of the evidence.  The fact that a particular juror has taken notes does not entitle that juror's views to any greater weight.

### D.      Verdict Form

I have prepared a verdict form for you to use in recording your decision.  Please use that form to report your verdict.  The verdict form does not represent either evidence or instructions on the law.

### E.      Duties of Foreperson

At the beginning of deliberations, you must choose a foreperson.  The foreperson does not have any more power or authority than any other juror, and his or her vote or opinion does not count for any more than any other juror's vote or opinion.  The foreperson is merely your

spokesperson to the Court.  He or she will send out any notes, and when the jury has reached a

verdict, he or she will notify the Marshal that the jury has reached a verdict, and you will come

into open court and give the verdict.

**F.     Return of Verdict**

After you have reached a unanimous verdict, your foreperson will fill in the form that has

been given to you, sign and date it, and advise the marshal outside your door that you are ready

to return to the courtroom.

I will stress that each of you must be in agreement with the verdict that is announced in

Court.  Once your verdict is announced in open court and officially recorded, it cannot ordinarily

be revoked.

**G.     Jury Oath**

You are reminded that you took an oath to render judgment impartially and fairly,

without prejudice or sympathy, solely upon the evidence in the case and the applicable law.

I am sure that if you follow your oath, listen to the views of your fellow jurors, and apply

your own common sense, you will reach a fair verdict here.  Remember that your verdict must be

rendered without fear, without favor, and without prejudice or sympathy.

**H.     Exceptions**

Members of the jury, this concludes my instructions to you.  I will ask you to remain

seated while I confer with the attorneys to see if there are any additional instructions that they

would like to have me give to you or anything I may not have covered in my previous statement.

**CONCLUSION**

Before you retire into the jury room I must inform you that the law provides for a jury of

50

twelve people in this case.  Therefore, three people—jurors number 13, 14, and 15—are alternates.  You will be allowed to leave the courthouse during deliberations, but you are not yet excused as jurors in the case.  In the event that one of the non-alternate jurors can no longer deliberate, you will be recalled to continue your service, so I am releasing you for now but I am not excusing you from jury service yet.  For now, though, you may leave.  You have been very attentive and very patient.  I am sorry that you will in all likelihood miss the experience of deliberating with the jury but the law provides for a jury of twelve people in this case.  Before the rest of the jury retires to the jury room, if you have any clothing or objects there you are asked to pick them up and to withdraw before any deliberations start.

Please do not discuss the case with anyone over the next few days.  If you would like to be advised of the outcome of the trial, please make sure that Mr. Hampton has a phone number at which you can be reached.

(Alternates released)

Members of the jury, you may now retire.

(Marshal sworn)

51