FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**CONCORD MANAGEMENT AND CONSULTING LLC,**<br><br>Defendant. | Crim. No. 18-CR-32-2 (DLF)<br><br><br>**FILED UNDER SEAL** |

**GOVERNMENT'S MOTION TO SEAL**

The United States of America, by and through undersigned counsel, respectfully requests that the Court permit the government to file under seal its renewed motion for an early-return trial subpoena to Concord Management and Consulting LLC. In support of its position, the government states as follows.

The Court has the inherent power to seal court filings when appropriate. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). Such sealing is within the discretion of the Court. *See Nixon*, 435 U.S. at 598 (common-law right to inspect and copy judicial records is not absolute, and the decision whether to permit access is best left to the sound discretion of the trial court in the light of the relevant facts and circumstances of the particular case).

While there is a "strong presumption in favor of public access to judicial proceedings," *Johnson v. Greater SE Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991), that presumption is not absolute. The D.C. Circuit has recognized that "a district court can ensure that [grand jury] secrecy is protected by provisions for sealed, or when necessary *ex parte*, filings." *In re Grand Jury Subpoena, Judith Miller*, 438 F.3d 1141, 1150 (quoting *In re Grand Jury*, 121 F.3d 729, 757 (D.C. Cir. 1997) (alteration in original)). "Indeed, the rule of grand jury

secrecy is so well established that we have noted that '[t]here is a plethora of authority recognizing that the grand jury context presents an unusual setting where privacy and secrecy are the norm.'" *Id.* (quoting *In re Sealed Case*, 199 F.3d 522, 526 (D.C. Cir. 2000)). Here, the government's motion discusses documents that have been produced to the defense as "U.S. sensitive materials." Pursuant to the protective order, the motion is being filed in hard copy under seal with the Clerk's office. Doc. 189 ¶ 21. Should the Court grant this motion, the government will file a redacted version of the renewed motion for an early-return trial subpoena on the public docket.

Respectfully submitted,

| | |
|---|---|
| JOHN C. DEMERS<br>Assistant Attorney General for National Security | JESSIE K. LIU<br>United States Attorney |
| By: /s/ _____<br>Heather N. Alpino<br>U.S. Department of Justice<br>National Security Division<br>950 Pennsylvania Ave. NW<br>Washington, D.C. 20530<br>Telephone: (202) 514-2000 | By: /s/ _____<br>Jonathan Kravis<br>Luke Jones<br>Kathryn Rakoczy<br>555 Fourth Street NW<br>Washington, D.C. 20530<br>Telephone: (202) 252-6886 |