# Exhibit 6 to Concord Management and Consulting LLC's Motion to Quash Unserved Early Return Trial Subpoena and Opposition to the Government's Renewed Motion for Early Return Trial Subpoena, 18-cr-00032-2-DLF

**TRANSLATION FROM RUSSIAN**

CRIMINAL PROCEDURAL CODE OF THE RUSSIAN FEDERATION

**Article 457. Execution of an Inquiry on Legal Assistance in the Russian Federation**
1. The court, the public prosecutor or the investigator shall execute inquiries on the performance of procedural actions handed over to them in the prescribed manner, which have been received from the relevant competent bodies and officers of foreign states in accordance with the international treaties of the Russian Federation and the international agreements, or on the basis of the principle of reciprocity. The principle of reciprocity shall be confirmed by a written statement of the foreign state on rendering legal assistance to the Russian Federation in the performance of certain procedural actions, received by the Supreme Court of the Russian Federation, by the Investigative Committee of the Russian Federation, by the Ministry of Foreign Affairs of the Russian Federation, by the Ministry of Justice of the Russian Federation, by the Ministry of Internal Affairs of the Russian Federation, by the Federal Security Service of the Russian Federation or by the Office of the Prosecutor General of the Russian Federation. (as amended by Federal Laws No.86-FZ dd. 06/30/2003, No.58-FZ dd. 06/29/2004, No.404-FZ dd. 12/28/2010, No.329-FZ dd. 07/03/2016)
2. In execution of the inquiry the norms of this Code shall apply, but the procedural norms of the legislation of the foreign state may also be applied in accordance with the international treaties of the Russian Federation, with the international agreements or on the basis of the principle of reciprocity, unless this contradicts the legislation and the international obligations of the Russian Federation.
3. In execution of the inquiry the representatives of the foreign state may be present, if such is stipulated by the international treaties of the Russian Federation or by a written obligation on interaction based on the principle of reciprocity.
4. If the inquiry cannot be executed, the received documents shall be returned specifying the reasons which prevented it from being executed, through the body that received it or via diplomatic channels, to the competent body of the foreign state from which the inquiry was directed. The inquiry shall be returned without execution if it contradicts the legislation of the Russian Federation, or if its execution may inflict damage upon its sovereignty or security.

**Article 459. Execution of Inquiries on Criminal Prosecution or on Instituting a Criminal Case on the Territory of the Russian Federation**
1. An inquiry from the competent body of a foreign state on carrying out criminal prosecution with respect to a citizen of the Russian Federation who has committed a crime on the territory of the foreign state and has returned to the Russian Federation, shall be considered by the Office of the Prosecutor General of the Russian Federation. A preliminary inquisition and judicial proceedings shall be conducted in such cases in accordance with the procedure established by this Code.
2. If a crime is committed on the territory of a foreign state by a person who is a citizen of Russia and who has returned to the Russian Federation before criminal prosecution was instituted against them at the place of the crime, a criminal case may be instituted and investigated based on the materials supplied by the corresponding competent body of the foreign state to the Office of the Prosecutor General of the Russian Federation in accordance with this Code subject to there being grounds stipulated by Article 12 of the Criminal Code of the Russian Federation.

**Article 462. Execution of an Inquiry on Extradition of a Person from the Territory of the Russian Federation**

1. The Russian Federation, in accordance with an international treaty of the Russian Federation or on the basis of the principle of reciprocity, may extradite to a foreign state a foreign citizen or a stateless person from the territory of the Russian Federation, for criminal prosecution or for executing the sentence for acts criminally punishable pursuant to the criminal law of the Russian Federation and the laws of the foreign state which sent an inquiry for the extradition of the person.

2. The extradition of a person on the basis of the principle of reciprocity shall mean that in accordance with the assurances of the foreign state that has forwarded an inquiry for the extradition, it may be expected that in a similar situation extradition would be effected on an inquiry of the Russian Federation.

3. A person may be extradited in the following cases:

1) if criminal law provides punishment for these acts in the form of incarceration for a term of over one year, or a more severe punishment, when the person is extradited for criminal prosecution;

2) if the person with respect to whom an inquiry for extradition is directed is sentenced to incarceration for a term of no less than six months or to a harsher punishment;

3) if the foreign state which forwarded the inquiry can guarantee that the person with respect to whom an inquiry for extradition is directed will be prosecuted only for the crime indicated in the inquiry, and that after completing the judicial proceedings and serving the sentence they will be able to leave the territory of the given state without obstruction, and will not be sent away, handed over or extradited to a third state without the consent of the Russian Federation.

4. The decision on extradition of a foreign citizen or of stateless person from the territory of the Russian Federation accused of committing a crime or convicted by the court of a foreign state shall be adopted by the Prosecutor General of the Russian Federation or by his Deputy.

5. The Prosecutor General of the Russian Federation or his deputy shall notify of an adopted decision in writing the person in respect to whom it is adopted, and shall explain his right to appeal this decision in court in compliance with Article 463 of this Code.

6. A decision on extradition shall take legal effect 10 days after the person in respect of whom it is adopted is notified. In the event the decision is appealed, the extradition shall not be effected until the court decision takes legal effect.

7. If inquiries for extradition of the same person are received from several foreign states, the decision on which of these inquiries shall be satisfied shall be taken by the Prosecutor General of the Russian Federation or by his Deputy. The Prosecutor General of the Russian Federation or his Deputy shall inform about the adopted decision the person with respect to whom it is adopted, in writing within 24 hours.

**Article 473$^1$. Recognition and enforcement of a verdict, foreign court order with regard to confiscation of proceeds of crime on the territory of the Russian Federation**

1. The verdict, foreign court order with regard to confiscation of the proceeds of crime on the territory of the Russian Federation shall be recognized and enforced in the Russian Federation if such is stipulated by an international treaty of the Russian Federation. In the absence of a relevant international treaty, the issue of recognition of the verdict, foreign court order can be resolved on the basis of the principle of reciprocity, confirmed by a written obligation of the foreign state and received by the Ministry of Justice of the Russian Federation in accordance with Part 1 Article 457 of this Code.

2. The basis of enforcement of the verdict, foreign court order with regard to confiscation of the proceeds of crime on the territory of the Russian Federation shall be a court order of the

Russian Federation on the recognition and enforcement of the verdict, foreign court order, issued in accordance with an international treaty of the Russian Federation or on the basis of the principle of reciprocity upon consideration of request sent in the prescribed manner to the competent authority of the foreign state and the relevant verdict, foreign court order.

3. For the purposes of this Chapter, proceeds of a crime shall mean property specified in Article $104^1$ of the Criminal Code of the Russian Federation.

**Article $473^2$. Content of the request for recognition and enforcement of a verdict, foreign court order with regard to confiscation of proceeds of a crime on the territory of the Russian Federation**

1. Request of the competent authority of the foreign state for recognition and enforcement of the verdict, foreign court order with regard to confiscation of proceeds of a crime on the territory of the Russian Federation shall contain:

1) the name of the competent authority of the foreign state which sent the request;

2) the name of the criminal case and information on the foreign court which delivered the verdict or the order;

3) information on the property located on the territory of the Russian Federation and is subject to confiscation as proceeds of a crime, as well as information on the owner, holder of the property, including date and place of birth, citizenship, occupation, place of residence or location, and for legal entities – name and location;

4) request of the competent authority of the foreign state on recognition of the verdict, foreign court order with regard to confiscation of the proceeds of a crime and enforcement of the decision with regard to confiscation of the proceeds of a crime in accordance with such verdict or the order.

2. The request of the competent authority of the foreign state can specify other information, including phone numbers, fax numbers, email addresses, if they are necessary for the proper and timely consideration of the case.

3. The request of the competent authority of the foreign state shall be accompanied by documents provided for by an international treaty of the Russian Federation, and if such is not stipulated by an international treaty of the Russian Federation, the following documents shall be attached:

1) copy of the verdict, foreign court order certified by the foreign court, which provides for the confiscation of the proceeds of crime on the territory of the Russian Federation;

2) document confirming that the verdict, foreign court order entered into legal force;

3) document on execution of the verdict, foreign court order if they had been previously executed on the territory of the respective foreign state;

4) document confirming that the property subject to confiscation is located on the territory of the Russian Federation;

5) document from which it follows that the person against whom the judgment on confiscation of proceeds of a crime on the territory of the Russian Federation was made in their absence, did not participate in the proceedings, despite the fact that they were timely and duly notified of the place, date and time of the hearing of the case;

6) certified translation of the documents referred to in paragraphs 1-5 of this Part into the Russian language.

**Article $473^3$. Court considering the request on recognition and enforcement of the verdict, foreign court order with regard to confiscation of proceeds of a crime on the territory of the Russian Federation**

The request of the competent authority of the foreign state on recognition and enforcement of the verdict, foreign court order with regard to confiscation of proceeds of a crime on the

territory of the Russian Federation, addressed in the prescribed manner, shall be sent by the Ministry of Justice of the Russian Federation for the consideration to the republic court, regional court, court of the city with federal status, court of the autonomous region or court of the autonomous district at the place of residence or location in the Russian Federation of the person in respect of whose property, by the verdict, foreign court order, the decision on confiscation was made, and in the event such person has no place of residence or location in Russian Federation or their location is unknown – at the location in the Russian Federation of their property subject to confiscation.

**Article 473$^4$. Procedure for considering a request for recognition and enforcement of a verdict, foreign court order with regard to confiscation of proceeds of a crime on the territory of the Russian Federation**

1. A request of a competent authority of a foreign state for recognition and enforcement of a verdict, foreign court order with regard to confiscation of proceeds of a crime on the territory of the Russian Federation shall be considered by a single judge in open court with a notice about the place, date and time of request consideration to the person in respect of whose property, by the verdict, foreign court order, the decision on confiscation was made, other interested parties who own, possess, use or have disposition over the property subject to confiscation, and/or their representatives, the competent authority of the foreign state and the prosecutor.

2. Persons referred to in paragraph 1 of this Article, living or staying on the territory of the Russian Federation, shall be notified of the place, date and time of the hearing no later than 30 days prior to the day of the hearing. Notice to persons living or staying outside the Russian Federation and the competent authority of the foreign state shall be sent in the prescribed manner, according to Part 3 of Article 453 of this Code, no later than 6 months prior to the day of hearing.

3. The person in respect of whose property, by the verdict, foreign court order, the decision on confiscation was made, who is held in custody and has declared their desire to participate in the consideration of the request from the competent authority of the foreign state, shall be given by the court the right to participate in the hearing directly or via video conference, as well as the right to inform the court of their position with the help of their representative on their behalf or in writing.

4. Other interested parties who own, possess, use or have disposition over the property subject to confiscation and/or their representatives may also participate in the hearing.

5. The failure to appear in the court of persons timely notified of the place, date and time of the hearing, except persons whose participation in the hearing is recognized by the court as compulsory, shall not preclude the consideration of the request of from the competent authority of the foreign state.

6. The consideration of a request from the competent authority of a foreign country shall start with the hearing of explanations of the person, in respect of whose property, by the verdict, foreign court order, the decision on confiscation was made, the representative of the competent authority of the foreign state, interested parties, if they participate in the hearing, as well as conclusions of the prosecutor. Upon the consideration of the request, the court shall decide on recognition and enforcement of the verdict, foreign court order with regard to confiscation of the proceeds of crime on the territory of the Russian Federation, on denial to do so or recognition and partial enforcement of the verdict, foreign court order.

7. If the court has any doubts in connection with the incompleteness or absence of required information, the judge may request in the prescribed manner the competent authority of the foreign state submitting the said request, as well as other persons participating in the consideration of the request, for additional clarifications, additional information and materials.

**Article 473$^5$. Grounds for refusing recognition and enforcement of a verdict, foreign court order with regard to confiscation of proceeds of a crime on the territory of the Russian Federation**

Recognition and enforcement of the verdict, foreign court order with regard to confiscation of proceeds of a crime on the territory of the Russian Federation shall not be allowed if:

1) execution of the verdict, foreign court order with regard to confiscation of the property contradicts to the Constitution of the Russian Federation, generally recognized principles and norms of international law, international treaties of the Russian Federation, the legislation of the Russian Federation;

2) execution of the verdict, foreign court order with regard to confiscation of the property may cause damage to the sovereignty or security or other essential interests of the Russian Federation;

3) the verdict, foreign court order, providing for the confiscation of the property, did not enter into legal force;

4) property subject to confiscation is located on the territory that is not under the jurisdiction of the Russian Federation;

5) the act in respect of which the verdict, foreign court order provides for the confiscation of the property was committed on the territory of the Russian Federation and/or the act is not recognized by the legislation of the Russian Federation as a crime;

6) the legislation of the Russian Federation does not provide for confiscation of property for an act similar to the act in respect of which the verdict, foreign court order decided on confiscation;

7) with regard to the person referred to in the request of the competent authority of the foreign state, a court of the Russian Federation has ruled a legally effective verdict in respect of the same act, criminal proceedings were terminated, as well as if there is an uncancelled decision on the termination of a preliminary investigation on termination of the criminal case or refusal of initiation of a criminal case;

8) the verdict, foreign court order providing for the confiscation of the property, cannot be enforced due to lapse of the statute of limitations period or other grounds stipulated by the Constitution of the Russian Federation, international treaties of the Russian Federation, the legislation of the Russian Federation;

9) the request of the competent authority of the foreign state and the accompanying verdict, foreign court order providing for confiscation of property contain no evidence that the property subject to the confiscation is the proceeds of the crime or is the income was obtained from criminal activities or was used to commit the crime;

10) in the Russian Federation, there is criminal prosecution for the same act of the person regarding whose property the request on confiscation is sent by the competent authority of the foreign state;

11) the property the confiscation of which was requested by the competent authority of the foreign state was charged by the verdict or decision of a court of the Russian Federation in criminal, civil or administrative proceedings;

12) the property specified in the verdict, foreign court order is not subject to confiscation in accordance with the legislation of the Russian Federation.

**Article 473$^6$. Court decision upon the consideration of the request from a competent authority of a foreign state on recognition and enforcement of a verdict, foreign court order with regard to confiscation of proceeds of a crime on the territory of the Russian Federation**

1. If when considering the request from a competent authority of a foreign state on recognition and enforcement of a verdict, foreign court order with regard to confiscation of proceeds of a crime on the territory of the Russian Federation, the court concludes on the presence of grounds under Article $473^5$ of this Code for the refusal of recognition and enforcement of the verdict, foreign court order with regard to confiscation of proceeds of a crime on the territory of the Russian Federation, it shall rule on the refusal of recognition of the verdict, foreign court order and their enforcement.

2. In all other cases, the court shall decide on recognition of the verdict, foreign court order with regard to confiscation of proceeds of a crime and their enforcement fully or partially, with the relevant order, which shall specify:

1) name of the foreign court, place and date of the verdict, foreign court order;

2) information on the last place of residence, place of work and occupation in the Russian Federation of the person convicted by the foreign court;

3) description of the crime for which the convicted person was found guilty, and the criminal law of the foreign state under which they were convicted and the decision on confiscation of the property was made;

4) article of the Criminal Code of the Russian Federation providing liability for the crime committed by the convicted person and the application of confiscation of the property;

5) information on the property located on the territory of the Russian Federation and subject to confiscation;

6) appeal procedure established by Chapters $45^1$, $47^1$ and $48^1$ of this Code.

3. If the confiscation of a specific item included in the property subject to confiscation at the time of the court's decision on recognition of the verdict, foreign court order with regard to confiscation of the proceeds of crime and their enforcement fully or partially, is impossible due to its use, sale or other reason, the court in accordance with Article $104^2$ of the Criminal Code of the Russian Federation shall determine the amount subject to confiscation that equals the value of this item, or shall determine other property the value of which corresponds to the value of the item subject to confiscation or comparable to its cost.

4. Copies of the order within 3 days from the date of the verdict shall be sent by the court to the competent authority of the foreign state, the person in respect of whose property the decision on confiscation was made by the verdict, foreign court order, the prosecutor, as well as other interested parties who own, possess, use or have disposition over the property subject to confiscation.

**Article $473^7$. Issue of the writ of execution and its enforcement**

1. On the basis of the effective court decision on recognition and enforcement of the verdict, foreign court order with regard to who own, possess, use or have disposition over the property subject to confiscation of the proceeds of crime on the territory of the Russian Federation, the court shall issue a writ which shall contain the operative part of the verdict, foreign court order, as well as the operative part of the court decision on recognition of the verdict, foreign court order and their enforcement fully or partially.

2. The writ with copies of the verdict, foreign court order and the copy of the court decision on recognition and enforcement of the verdict, foreign court order shall be sent to a bailiff for execution in accordance with the legislation of the Russian Federation on enforcement proceedings.