**Exhibit 7** to Concord Management and Consulting LLC's Motion to Quash Unserved Early Return Trial Subpoena and Opposition to the Government's Renewed Motion for Early Return Trial Subpoena, 18-cr-00032-2-DLF

**TRANSLATION FROM RUSSIAN**

## Exemption from Criminal Responsibility for Crimes against External Security of Country

Konstantin Alekseevich Rodionov, master's degree student
Institute of State and Law of the State University of Tyumen

Exemption from criminal responsibility is leaving criminal responsibility without its implementation, i. e. artificial interruption of a criminal matter. Exemption from criminal responsibility is the government's refusal to express censure to the persons who have committed a crime. It is expressed in termination of criminal cases before a conviction. Exemption from criminal responsibility is regulated by chapter 11 of the General Part of the Criminal Code of Russia. This chapter provides for, in particular, such grounds for exemption as effective regret (Article 75 of the Criminal Code of Russia), settlement with the injured person (Article 76 of the Criminal Code of Russia), transfer of monetary compensation to the federal budget (Article 76.1 of the Criminal Code of Russia), imposition of a court fine (Article 76.2 of the Criminal Code of Russia), expiry of a period of limitation (Article 78 of the Criminal Code of Russia).

A ground for such exemption is the pointlessness of prosecution of the person who, after committing a crime, has largely ceased to pose a danger to the public or, due to the special circumstances that have caused this crime, poses a minor danger.

Since such crimes as state treason and espionage are classified as the most serious crimes, the grounds for exemption from punishment provided for by part 1 of Article 75, Articles 76, 76.1, 76.2, and 90 of the Criminal Code of Russia do not apply to them. Also, there are no known issues of amnesty acts which would exempt the persons who have committed such crimes from criminal responsibility.

At the same time, in accordance with part 2 of Article 75 of the Criminal Code of Russia, a person who has committed a crime of a different category (serious or the most serious one) is exempted from criminal responsibility in the cases specifically provided for by the relevant articles of the Special Part of the Criminal Code of Russia.

The special kinds of exemption from criminal responsibility provided for by the law are generally aimed at motivating the persons who have committed crimes to terminate the criminal activities or to take active actions aimed at prevention, removal, or neutralization of the adverse social consequences of the crimes committed, and in many cases they are associated with additional conditions for exemption. [1. P. 78]

A specific incentive provision providing for a specific ground for exemption from criminal responsibility is contained in a note to Article 275 of the Criminal Code of Russia. [2. P. 148] It determines that the person who has committed the crimes provided for by Articles 275, 276, and 278 of the Criminal Code of Russia is exempted from criminal responsibility provided that, through a voluntary and timely report to the authorities or otherwise, he or she has contributed to prevention of further damage to the interests of the Russian Federation and that his or her actions do not contain other elements of a crime.

This statutory incentive is supposed to show a person who has committed the relevant crimes a path to a release from criminal liability provided that he fulfills the conditions specified in the law.

The note to Article 275 of the Russian Criminal Code relates to a completed crime, i.e., when a voluntary renunciation of the crime is no longer possible.. This note also involves prevention of further damage to the interests of the Russian Federation, so it is necessary to be

Original Text Available at https://moluch.ru/archive/132/pdf/807/

aware that the damage has already been caused. As a condition for exemption from criminal responsibility, a combination of the following two circumstances is required:

1) Voluntary basis of the guilty person's acts;
2) Timeliness of such acts.

The legislator does not associate a voluntary report of the crime committed to the authorities with either the motives of the person's behavior or the circumstances that have preceded this behavior and influenced a decision made by the individual. Such report may be made to any state or municipal authority.

The voluntary basis of the report contemplates:
— No coercion on the individual from anyone else;
— The authorities are aware neither of the completed crime nor of the person that committed it;
— Real opportunity of a subject of the crime to continue his or her criminal activities. [2. P. 78]

A recommendation to acknowledge reports to the authorities as voluntary if the individual "…has become aware of the investigative or operative actions… or the report has been made after consulting with any official, closed one, attorney, etc." appears to be one-way. [4. P. 148] There is objectification of the conclusions on the voluntary basis of a report. For the criminal's knowledge that a criminal case is brought against him or her or counterintelligence is working on them, may result not in voluntary but in forced refusal as the conclusion of the subject of the crime that it is impossible to continue the criminal act under the current conditions. [5. P. 152] This recommendation provides grounds to present forced refusals as voluntary and to terminate the crime, which generally consists of a series of espionage acts, with impunity.

Within the meaning of the note to Article 275 of the Criminal Code of Russia, it is not expected that a voluntary report of the crime committed will necessarily have such attributes of effective regret known to the law as compensation of damage or contribution to the crime solution. These actions may take place, but their absence does not preclude any other circumstances required to apply the note under analysis.

Timeliness of the report implies that it has been made in due time, which is sufficient to enable the competent authorities to take measures to prevent the damage to the interests of Russia. Based on the text of the law, timeliness of the report does not depend on a stage in the commission of a crime, so it may appear both at the stage of attempt and after completion of the crime.

In the language and within the meaning of the law, timeliness of voluntary reports by persons means that this has contributed to prevent further damage to the Russian state. The emphasis is on "further prevention", but not on the damage already caused by the spy who has committed illegal actions.

However, may an attribute of timeliness be at all applied to the crimes aimed against the external security of the country? Any act of espionage or disclosure of the information containing a state secret causes significant damage to the country. After the first criminal act, the purpose of the crime may be considered as achieved and, therefore, the decision to suppress by the subject of anti-state activities may not be fully acknowledged as voluntary. This standpoint forms a basis for the position, pursuant to which the report made at the beginning of the criminal activities, i. e. when the interests of the Russian Federation and its external security have not suffered significant damage, is considered as timely. If voluntary surrender happens after long-time cooperation between the subject and foreign intelligence services,

when Russia has already suffered significant damage, then clause "i" of part 1 of Article 61 of the Criminal Code (i. e. a circumstance mitigating punishment), but not the note to Article 275 of the Criminal Code of Russia, becomes effective.

However, the legislator considers such reasoning as unacceptable to such elements of the crime, since it expressly indicates that a person will be exempted from criminal responsibility if he or she contributes to prevent further damage to the interests of the Russian Federation. Therefore, regardless of whether the purpose of the crime is achieved by one or several acts of espionage or state treason, the note on exemption from criminal responsibility should apply when the person who has committed it voluntarily declares his or her activities.

In this regard, the note to Article 275 of the Criminal Code of Russia compares favorably with the note to Article 64 of the Criminal Code of the Russian Soviet Federative Socialist Republic of 1960, which provided for that the recruited persons could be exempted from criminal responsibility if they have not performed any actions and have voluntarily declared their acts of state treason. [5. P. 23]

Pursuant to another standpoint, exemption from criminal responsibility due to a voluntary report of the crime committed should be allowed if the seriousness of the further damage to the country prevented by the voluntary report is greater than the damage already caused". [7. P. 22] Here the well-known attributes of the extreme necessity concept are already being introduced. At the same time, there is still the same issue: the said conditions are not reflected in the very text of the law and, therefore, the interpretation of the law is largely determined by the doctrinal position. However, the issue may be solved comprehensively only in a legal way: this is an amendment to the content of the law itself. When there is no contradiction between is and ought, then the law will effectively protect the interests of the country, the individual, and the society.

"Other" contribution to prevent damage to the interests and to Russia as an alternative basis for exemption from responsibility for state treason generally happens after reporting the crime committed. Such contribution may be expressed either in exposure of accomplices or disclosure of communication channels with foreign intelligence services or conversion of their agents, etc.

So, the issue, when the report of treason or espionage should be considered as voluntary and timely, is interpreted differently in the criminal doctrine, and therefore it needs a clear-cut solution by legislative action.

List of References:

1. Antonov, A. G. (2009). Spetsialnye osnovaniya osvobozhdeniya ot ugolovnoy otvetstvennosti za gosudarstvennuyu izmenu, shpionazh, nasilstvennyy zakhvat ili uderzhanie vlasti [Special Grounds for Exemption from Criminal Responsibility for State Treason, Espionage, Seizure or Retention of Power]. *Ugolovnoe pravo*, 3, p. 9.
2. Antonov, A. G. (2011). Gosudarstvennaya izmena i shpionazh: voprosy osvobozhdeniya ot ugolovnoy otvetstvennosti [State Treason and Espionage: Issues of Exemption from Criminal Responsibility]. *Vestnik instituta. Nauchno-prakticheskiy zhurnal Vologodskogo instituta prava i ekonomiki FSIN. Prestuplenie. Nakazanie. Ispravlenie*, 4 (16), p. 78.
3. Leontyevskiy, V. A. (2003). K voprosu i konstruirovanii primechaniy k statyam Osobennoy chasti UK RF, soderzhashchikh normy ob osvobozhdenii ot ugolovnoy

otvetstvennosti [Regarding the Issue and Formation of Notes to Articles of the Special Part of the Criminal Code of Russia Containing Provisions on Exemption from Criminal Responsibility]. *Vestnik Volgogradskogo gosudarstvennogo universiteta*, series 5: Jurisprudence, 6, p. 148.

4. Dyakov, S., Samoylenko, P. (1984). Izmeneniya i dopolneniya Zakona Ob ugolovnoy otvetstvennosti za gosudarstvennye prestupleniya ot 25 dekabrya 1958 g. [Amendments to the Law On Criminal Responsibility for Crimes against State Dated December 25, 1958]. *Sotsialisticheskaya zakonnost*, 11, p. 23.
5. Dyakov, S. V. (2012). *Prestupleniya protiv osnov konstitutsionnogo stroya i bezopasnosti gosudarstva: ugolovno-pravovoe i kriminologicheskoe issledovanie* [Crimes against Foundations of the Constitutional System and Security of the Country: Criminal, Legal, and Criminological Research]. Saint Petersburg: Press Legal Centre, 152 p.
6. Potapova, D. (2013). K voprosu o novovvedeniyakh v sostave gosudarstvennoy izmeny [Regarding the Novelties in the Elements of State Treason]. *Aktualnye problemy pravotvorchestva i pravoprimenitelnoy deyatelnosti v Rossiyskoy Federatsii*, Irkutsk, p. 148.
7. Emelyanov, V. (2002). Terroristicheskiy akt i akt terrorizma: ponyatie, sootnoshenie i razgranichenie [Terrorist Act and Act of Terrorism: Definition, Correspondence, and Differentiation]. *Zakonnost.*, 7, p. 22.