**Exhibit 8** to Concord Management and Consulting LLC's Motion to Quash Unserved Early Return Trial Subpoena and Opposition to the Government's Renewed Motion for Early Return Trial Subpoena, 18-cr-00032-2-DLF

TRANSLATION FROM RUSSIA

**Case No. not determined**

Criminal case No. _ (date)

SENTENCE

IN THE NAME OF THE RUSSIAN FEDERATION

MM.DD.YYYY Makhachkala

Sh. Ya. Abdurakhmanov, Judge of the Leninskiy District Court of Makhachkala,

with participation of Public Prosecutor, Senior Prosecutor Assistant of Leninskiy District of Makhachkala — Full Name 16,

accused person — Full Name 1,

defense attorney — Full Name 13, who presented certificate No. _ issued by the Main Directorate of the Ministry of Justice of Russia for the Republic of Dagestan on MM.DD.YYYY and warrant of attorney No. _ dated MM.DD.YYYY,

injured persons Full Name 6 and Full Name 8,

in the presence of Secretary Full Name 5,

having considered in the open court session the files of the criminal case with regard to:

Full Name 1, born on MM.DD.YYYY at <address>, Republic of Dagestan, residing at <address>, <address>-1 Village, <address>, Russian citizen, having a higher educational institution degree, not married, temporarily unemployed, bound to military service, and not previously convicted,

being accused of the crimes provided for by part 2 of Article 183 and part 1 of Article 272 of the Criminal Code of Russia,

**found:**

Having expertise in computer equipment, software, and network technologies, Full Name 1 committed crimes under the following circumstances during the period from July 2010 to September 2010, when being on probation at <address> as a technical support specialist, whose duties included answering subscribers' calls and consulting in resolution of operating failures of clients. Deliberately, being motivated by greed, in order to illegally access a computerized information protected by law, collect and disclose the information constituting a trade secret, using his official position, having sufficient knowledge in using computer equipment, he illegally copied the information protected by law — access details/usernames and passwords of <address>'s users — to his Kingston-2GB memory stick. Subsequently, he copied all information on the users to his Asus laptop, thereby violating the trade secret of <address>.

Original Text Available at http://www.gcourts.ru/case/8709035

Thus, the actions of Full Name 1 are classified under part 2 of Article 183 of the Criminal Code of Russia as illegal collection of the information constituting a trade secret without a consent of the information's owner by the person who became aware of such information in a professional capacity.

During the period from MM.DD.YYYY to MM.DD.YYYY, having expertise in computer equipment and software obtained during the training at <address>, having at his disposal Asus laptop and access to the Internet installed in the apartment at his place of residence at <address> by the Internet service provider, which, based on the agreement, was <address>, he illegally connected to the Internet and used the computerized information owned by <address> under other users' accounts; thereby, he blocked the authorized users from the access to the Internet for the said period and deprived them of the opportunity to use the Internet. By his illegal actions, he caused users: Full Name 15 /password and username <data seized>/ damage in the amount of 400 Russian rubles; Full Name 7 /password and username <data seized>/ damage in the amount of 500 Russian rubles; Full Name 14 /password and username <data seized>/ damage in the amount of 300 Russian rubles; and Full Name 8 /password and username <data seized>/ damage in the amount of 400 Russian rubles.

Thus, the actions of Full Name 1 are classified under part 1 of Article 272 of the Criminal Code of Russia as unauthorized access to the computerized information protected by law resulting in the information blocking and the disruption of the computer network

Accused person Full Name 1 interviewed in the court session did not plead guilty to the crime provided for by part 2 of Article 183 of the Criminal Code of Russia, having explained that he did not know that the information he had downloaded from the Internet to his memory stick being the database of all clients of <address> was a trade secret and he had not signed any documents for trade secret non-disclosure either. He pleaded guilty to the crime provided for by part 1 of Article 272 of the Criminal Code of Russia and testified that, from July to September XXXX, he worked as a technical support specialist at <address>, and the said company was engaged in providing the Internet connection. Working at the said company, he downloaded the database of all clients of <address> from the Internet to his memory stick. Then he uploaded the information from his memory stick to his Asus laptop. Approximately in June 2011, he began to use the usernames and passwords of the client database of <address>. Currently, he is regretful of committing the wrongful acts.

Despite the fact that Full Name 1 does not plead guilty in the criminal conduct, his guilt in the crimes provided for by part 2 of Article 183 and part 1 of Article 272 of the Criminal Code of Russia is established by the evidence obtained both at the preliminary investigation and in court.

For example, Full Name 6 interviewed as an injured person testified that, since 2004 to the present day, he had been working as a Director of <address>. The company is incorporated to perform works in providing access to the Internet in accordance with the current legislation. <address> is operated so as to make automated settlements with clients for the services provided to them, depending on the usage time. For this purpose, there is information in the Internet service provider's network on assigning a "unique name" and "password" to a user, which is a trade secret and is communicated only to the user upon entry into an agreement with him/her, in order to grant him/her a possibility to access the Internet. When third parties deal with such information, there is a computer malfunction, which results in registering of the distorted information on the user, time and duration of his/her session in the records and

statistical data of the network, and funds are debited. In addition, when using other person's name and password, a third party blocks the Internet access for an authorized user for the said period, thereby depriving him/her of the opportunity to use the Internet. The information on the users of services of <address> is a trade secret. On MM.DD.YYYY, one of the subscribers of <address>, Full Name 7, filed a complaint to this firm that the Internet could not be accessed. Pursuant to the request, he checked the connection status of <data seized> username, which was given to Full Name 7 for connecting to the Internet access server. Pursuant to the billing system's reports, it turned out that, under that account, from MM.DD.YYYY, the subscriber having computer's IP address: No. _ accessed the Internet, although subscriber Full Name 7 was assigned IP address No. _ in the database, using which he attempted to access the Internet. IP address No. _ was not given to anyone. The law breaker, i. e. Full Name 1, installed it by himself. By checking the table of correspondence of IP addresses to MAC addresses on their equipment, the physical (mac) address of the computer having used IP address No. _ was found. It was found out that the computer connected to the 15th port of the switch installed on the house at <address> accessed the network under the given mac-address. It was also found that, on MM.DD.YYYY, the subscriber having mac-address No. _ replaced his computer's IP address with No. _ again and, using then that IP address, connected to the Internet through the accounts of other users, after which they turned to K Department of the Ministry of Internal Affairs for the Republic of Dagestan requesting to take measures against the person who illegally connected to their network. As it was later found, Full Name 1, former employee of <address>, who was on probation at the company from July to September 2010 as a technical support specialist, connected to the network. He was dismissed as he did not pass the probationary period. The subscriber database is a trade secret of <address>; by his illegal actions, Full Name 1 caused a malfunction of the equipment, since the equipment of <address> is designed for a certain number of users and does not take into account the unauthorized number of users. The increased load of equipment results in overloads or errors in data transmission and, as a consequence, unreasonable delays in operation. The information is also blocked, i. e. an authorized user cannot use the Internet-based services.

Full Name 8 interviewed as an injured person testified that, in May 2010, he entered into an agreement with <address>, which is the Internet service provider, to provide him with the Internet access services for the funds deposited on his personal account. He accessed the Internet using his <data seized> username and password. Since approximately the end of June to the beginning of July 2011, he had issues when accessing the Internet. During the said period, 400 Russian rubles were debited from his personal account. However, he did not use the Internet-based services during the said period. He does not know who could use his password and username. He has no claims against the accused person and he requested the court not to impose Full Name 1 a sentence related to imprisonment.

The testimonies of injured persons Full Name 7, Full Name 14, and Full Name 15, which were given at the preliminary investigation, were announced in the court session upon the consent of the parties; these testimonies are similar to the testimony of injured person Full Name 8

Full Name 9 interviewed as a witness, during the court session, testified that, since XXXX, he had been working as a Senior Field Agent of K Department of the Bureau for Special Technical Measures of the Ministry of Internal Affairs for the Republic of Dagestan. On MM.DD.YYYY, Director of <address> Full Name 6 filed a written statement with K Department of the Bureau for Special Technical Measures of the Ministry of Internal Affairs

for the Republic of Dagestan that, using the account details of their subscribers, an unidentified person unlawfully connected to the Internet, for which his company was the Internet service provider. During the investigative operations, the employees of K Department of the Bureau for Special Technical Measures of the Ministry of Internal Affairs for the Republic of Dagestan obtained the information that citizen Full Name 1 residing at <address>, during the period from MM.DD.YYYY to MM.DD.YYYY, when at home, had an unauthorized access to the computerized information — he connected to the Internet, using usernames and passwords of the subscribers of <address>'s network. In this regard, in order to verify the information on the crime, based on the resolution of I. M. Mamaev, Deputy Chairman of the Supreme Court of the Republic of Dagestan, dated MM.DD.YYYY, the dwelling belonging to Full Name 1 and located at <address> was inspected; during the inspection at Full Name 1's, in the presence of attesting witnesses, the following computer equipment was found and seized: Asus laptop, Kingston-2GB removable data storage device, and 35 CDs. During the forensic processing, it was found that the memory of the seized Asus laptop contained the client database of <address>, which constituted a trade secret.

It follows from the statement filed by Director of <address> Full Name 6 that, using the account details of other subscribers, an unidentified person unlawfully connected to the network of <address> to access the Internet.

It follows from the statement filed by Full Name 7 addressed to the Director of <address> that, on MM.DD.YYYY, he lost an access to the Internet, although the balance of his personal account was positive. When attempting to connect to the server of <address> using his username and password, there was always error No _. He was unable to use the Internet-based services for five days.

It appears from the report of Full Name 11, Senior Field Agent of K Department of the Bureau for Special Technical Measures of the Ministry of Internal Affairs for the Republic of Dagestan, Police Major, that, during the operative activities, on MM.DD.YYYY, actual unauthorized access to the computerized information and illegal receipt of the information constituting a trade secret of <address> by citizen Full Name 1 residing at <address> were detected

REPORT of check of the connection status of <data seized> username / photo table/, from which it follows that an unidentified person using the computer connected to the 15th port of the switch installed on the house at <address> connected to the Internet using the account details of other persons.

Report of the premises inspection dated MM.DD.YYYY and the seizure report, from which it follows that, during the inspection of <address>, where accused person Full Name 1 resided, the Asus laptop connected to the Internet, Kingston- 2GB memory stick, and 35 CDs were found and seized.

Statement of inspection No. _ dated MM.DD.YYYY, from which it follows that the Microsoft Windows operating system was installed on the Asus laptop. There was a database of <data seized>, which contained a list of the services agreements entered into for connecting to the network of Internet service provider <address>

Resolution on disclosure of the results of the investigative operations dated MM.DD.YYYY

Expert's opinion under No. _ dated MM.DD.YYYY, from which it follows that the Microsoft Windows operating system was installed on the Asus laptop; Mac-address of the laptop's network card was 00-22-15-70-A7-5E.

Thus, the cumulative evidence collected on the case, fully and thoroughly checked at the court session, fully proves the guilt of Full Name 1 in the crimes provided for by part 2 of Article 183 and part 1 of Article 272 of the Criminal Code of Russia and his actions are correctly classified.

When imposing a sentence, the court takes into account the nature and degree of a danger of a crime to the public, a personality of the guilty person, including the circumstances mitigating or aggravating the sentence, and an effect of the imposed sentenced on reformation of the convicted person.

No circumstances aggravating the sentence of the guilty person were found on the case.

The court takes into account that Full Name 1 partially pleaded guilty, acknowledged his criminal conduct, got a positive letter of recommendation at the place he worked, and was not previously convicted; his first crime is minor, and injured person Full Name 8 has no claims against him.

In view of the above facts, the personality of Full Name 1 and the nature and degree of the danger of the crime to the public, the **Court concludes** that it is necessary to impose on the guilty person a sentence not related to social isolation, applying Article 46 of the Criminal Code of Russia.

Based on the foregoing and being guided by Articles 303–304 and 307–308 of the Criminal Procedure Code of Russia, the court

**sentenced**:

To convict Full Name 1 of the crimes provided for by part 2 of Article 183 and part 1 of Article 272 of the Criminal Code of Russia and impose a sentence:

- Under part 2 of Article 183 of the Criminal Code of Russia in the form of a fine in the amount of five thousand (5,000) Russian rubles;

- Under part 1 of Article 272 of the Criminal Code of Russia in the form of a fine in the amount of five thousand (5,000) Russian rubles.

To determine a fine in the amount of ten thousand (10,000) Russian rubles by adding, by virtue of Article 69 of the Criminal Code of Russia, the sentences;

To discontinue the preventive measure being recognizance not to leave and to be of good behavior upon entry of the sentence into force.

To return the physical evidence being Asus laptop, Kingston-2GB removable data storage device (memory stick), 35 CDs, black computer mouse and Asus adapter, power supply with a cord, all being stored in the files of the criminal case, to their owner Full Name 1.

Original Text Available at http://www.gcourts.ru/case/8709035

**TRANSLATION FROM RUSSIA**

The sentence may be appealed to the Supreme Court of the Republic of Dagestan under the cassation procedure within 10 days from its announcement date, subject to the requirements of Article 317 of the Criminal Procedure Code of Russia. If a cassation appeal is filed, the convicted person may petition for his involvement in consideration of the criminal case by the court of cassation.

Presiding Judge: Sh. Ya. Abdurakhmanov

Original document

Original Text Available at http://www.gcourts.ru/case/8709035