**Exhibit 10** to Concord Management and Consulting LLC's Motion to Quash Unserved Early Return Trial Subpoena and Opposition to the Government's Renewed Motion for Early Return Trial Subpoena, 18-cr-00032-2-DLF

**TRANSLATION FROM RUSSIAN**

**Federal Law No.98-FZ "On commercial secret" dated July 29, 2004**
(edition of April 18, 2018)
[excerpts]

### Article 3. General definitions used in this Federal Law

For the purpose of this Federal Law, the following definitions are used:

1) a trade secret shall mean a regime for confidentiality of information allowing its holder in existing or possible circumstances to increase revenues, to avoid unjustified expenses, to maintain [its] position on the market of goods, works, services or to receive commercial benefits;

2) information constituting a commercial secret is information of any nature (industrial, technical, economic, organizational and other), including as the result of intellectual activity in the field of science and technology, as well as information about the means of carrying out professional activity, which has an actual or potential commercial value by virtue of its being unknown to third parties, and to which third parties lack free, lawful access, and in relation to which the owner of such information has imposed a regime of commercial secrecy;

3) Repealed on January 1, 2008. - Federal Law No.231-FZ dated 12.18.2006;

4) a holder of information constituting a trade secret shall mean an entity which legally possesses information constituting a trade secret, has restricted access to such information and has implemented a trade secret regime in respect to it;

5) access to information constituting a trade secret shall mean familiarization of certain entities with information constituting a trade secret with its holder's consent or on any other legal basis, provided that such information shall be kept confidential;

6) transmission of information constituting a trade secret shall mean transmission of information constituting a trade secret and recorded on tangible media by its holder to a contracting agent on the basis of a contract in the scope and on the terms and conditions provided for by the contract, including the condition that the contracting agent shall take measures to protect its confidentiality prescribed by the contract;

7) a contracting agent shall mean a party to a civil law contract to which the holder of information constituting a trade secret transmitted such information;

8) provision of information constituting a trade secret shall mean transfer of information constituting a trade secret and recorded on a tangible medium by its holder to government authorities, other state authorities, local government authorities for purposes of performing their functions;

9) disclosure of information constituting a trade secret shall mean an act or omission, as a result of which information constituting a trade secret in any form whatsoever (oral, written, other form, including via technical means) becomes known to third parties without the consent of the holder of such information or in violation of a labor or civil law contract.

Original Text Available at http://ips.pravo.gov.ru:8080/document/603/

TRANSLATION FROM RUSSIAN

**Article 4. Right to classify information as information constituting a trade secret, and methods for obtaining such information**

1. The right to classify information as information constituting a commercial secret, and to determine the list and content of such information, belongs to the owner of such information subject to the provisions of this Federal Law.

2. Repealed on January 1, 2008. – Federal Law No.231-FZ dated 12.18.2006.

3. Information constituting a trade secret received from its holder on the basis of an agreement or other legal basis shall be deemed obtained legally.

4. Information constituting a trade secret held by another person shall be deemed obtained illegally if it was received with intentional overcoming of the measures taken by the holder of the information constituting a trade secret to protect its confidentiality, as well as if the person receiving this information knew or had reasonable grounds to believe that such information constitutes a trade secret held by another person and that the person transmitting such information could not transmit such information legally.