**Exhibit 13** to Concord Management and Consulting LLC's Motion to Quash Unserved Early Return Trial Subpoena and Opposition to the Government's Renewed Motion for Early Return Trial Subpoena, 18-cr-00032-2-DLF

TRANSLATION FROM RUSSIAN

## NINTH COMMERCIAL COURT OF APPEAL

### RESOLUTION
### dated August 2, 2016 No. 09AP-30590/2016

Case No. A40-32030/16

The operative part of the resolution was announced on July 25, 2016.

The resolution was fully executed on August 2, 2016.

The Ninth Commercial Court of Appeal consisting of:

Presiding Judge M. V. Kocheshkova,

Judges S. M. Mukhin and P. V. Rumyantsev, the minutes being kept by Court Session Secretary P. V. Ryasina, having considered in the open court session the appeal of Scartel LLC against the decision of the Commercial Court of Moscow dated April 26, 2016 on case No. A40-32030/2016 (145-275) rendered by Judge D. G. Vigdorchik upon the statement of claim filed by Scartel LLC against the Directorate of the Federal Service for Supervision of Communications, Information Technology, and Mass Media for the Central Federal District for invalidation and cancellation of the directive, with the participation of:

on behalf of the claimant: M. A. Yusupova under the power of attorney dated December 21, 2015;

on behalf of the interested party: D. G. Ovramenko under the power of attorney dated October 20, 2016, D. A. Polyakov under the power of attorney dated December 30, 2015, and V. A. Solomonenko under the power of attorney dated December 30, 2015;

has found:

Scartel Limited Liability Company (hereinafter referred to as "Scartel LLC", the "Company", or the "Claimant") has filed a statement of claim with the Commercial Court of Moscow against the Directorate of the Federal Service for Supervision of Communications, Information Technology, and Mass Media for the Central Federal District (hereinafter referred to as "Roskomnadzor" or the "Interested Party") for invalidation and cancellation of directive No. P-77/07/1148-nd dated November 24, 2015.

By the decision of the Commercial Court of Moscow dated April 26, 2016, the claims of Scartel LLC have been dismissed.

Scartel LLC has filed an appeal, in which it requests to reverse the court decision. In the Claimant's opinion, when rendering the decision being appealed against, the court of first instance has incorrectly applied the provisions of substantive law and the court's conclusions do not correspond to the facts of the case.

In the court session, the Company's representative has supported the arguments of the appeal and petitioned to reverse the decision of the court of first instance.

In the court session, the Interested Party's representative has disagreed with the arguments of the appeal for the grounds given in the statement of defence to the appeal and petitioned to uphold the decision of the court of first instance.

Having considered the case according to the procedure under Articles 266 and 268 of the Commercial Procedure Code of the Russian Federation, having examined the files of the case, and having heard the representatives of the parties to the case, the court of appeal finds no grounds to satisfy the appeal and to reverse or change the decision of the commercial court taken in accordance with the current legislation of the Russian Federation.

Pursuant to part 1 of Article 198 of the Commercial Procedure Code of Russia, individuals, entities, and any other persons may file a statement of claim with a commercial

court for invalidation of non-regulatory legal acts, decisions, and actions (omissions) of state authorities if they believe that the challenged non-regulatory legal act, decision, or action (omission) does not correspond to the law or any other regulatory legal act and infringes their rights and legitimate interests in their entrepreneurial and other economic activities, illegally imposes any duties on them, or creates any other obstacles to carry out entrepreneurial and other economic activities.

In accordance with part 4 of Article 200 of the Commercial Procedure Code of Russia, when considering cases on challenging non-regulatory legal acts, decisions, and actions (omissions) of state authorities, local authorities, other authorities, and officials, the commercial court shall, in the course of court session, check the challenged act or certain provisions thereof, challenged decisions and actions (omissions), shall find whether they comply with the law or any other regulatory legal act, whether the authority or person, which/who has adopted the challenged act or decision or performed the challenged actions (omissions), has the relevant powers, and shall find whether the challenged act, decision, or action (omission) infringes the claimant's rights and legitimate interests in entrepreneurial and other economic activities.

Thus, the range of facts to be found during consideration of cases on challenging non-regulatory acts, actions (omissions) of state authorities includes a check whether the challenged act complies with the law or other regulatory legal act, a check whether the challenged act or action (omission) actually infringes the claimant's rights and legitimate interests, and meeting the deadline for filing a statement of claim with a court.

Having examined the files of the case, the court of appeal concludes that, when adopting the challenged decision, the court of first instance has legally and reasonably proceeded from the evidence available in the case, the disputed relations have been adequately evaluated from a legal perspective, and the provisions of substantive law have been applied correctly.

At the same time, pursuant to part 5 of Article 200 of the Commercial Procedure Code of Russia subject to part 1 of Article 65 of the Commercial Procedure Code of Russia, the duty to prove compliance of the challenged non-regulatory legal act with the law or any other regulatory legal act, legality of adoption of the challenged decision or performance of the challenged actions (omissions), possessing by an authority or person of the appropriate powers to adopt the challenged act or decision or to perform the challenged actions (omissions) as well as the facts serving as a ground to adopt the challenged act or decision or to perform the challenged actions (omissions) shall be imposed on the authority or person that has adopted the act or decision or performed the action (omission).

By virtue of the said provisions and Article 13 of the Civil Code of Russia, the range of facts to be found during consideration of cases on challenging non-regulatory acts, actions (omissions) of state authorities includes a check whether the challenged act or action (omission) complies with the law or other regulatory legal act, whether the challenged act or action (omission) actually infringes the claimant's rights and legitimate interests, and meeting the deadline for turning to a court with a statement of claim.

When adopting the challenged decision, the court of first instance, in spite of the arguments of the appeal, has fully and comprehensively examined the facts relevant to correct consideration of the case, applied and interpreted the provisions of substantive law to be applied, and, on their basis, made a reasoned conclusion that there have been no required conditions to satisfy the stated claims.

The board of appeal supports this conclusion of the court of first instance, based on the following.

The court of first instance has found that, during the period from October 02, 2015 to November 24, 2015, based on Order No. 1148-nd dated September 09, 2015, the employees of Roskomnadzor conducted a scheduled field audit of Scartel LLC.

During the audit, the Directorate has found that Scartel LLC and Iron Mountain CIS LLC have entered into Agreement No. 11-1005 dated July 01, 2011, the subject matter of which is provision of services with regard to document storage, archiving, and destruction. No telecommunication networks are used as part of performance of this agreement.

In accordance with clause 1 of Annex No. 1 to the agreement, Iron Mountain CIS LLC will provide the client with the services for storage of documents in archive cases and of data storage media as well as with any other services specified in the Price List. The Price List specifies, in particular, the following services: storage of documents; dismantling of registrar folders, packing of documents into an archive folder, drawing up of a list of documents; Archive Case search, file search, document search, standard delivery, electronic delivery (fax, e-mail), - copying of the stored documents from files binding copies; printing of documents from the electronic archive and binding; certified destruction; sealing of an archive case; destruction of unnecessary data; scanning (for subsequent placement of electronic document copies in the archive); storage of electronic document copies and other files of the customer in the archive; provision of an access to the archive of electronic document copies; data media storage (search in the storage facility, return to the storage facility); archive processing of documents (comprehensive examination of the condition and availability of documents of the entity's fund, expert examination of scientific and practical effect viewing and selecting documents from files per sheet, generation of files, documenting of files, etc.); binding, filing of documents, document systematization, packing into archive cases, provision of processed documents and materials to the customer's courier.

Thus, during provision of the services under the agreement, Iron Mountain CIS LLC may obtain an access to the personal data of subscribers of Scartel LLC.

Upon the end of the audit, the administrative authority has drawn up Audit Report No. A-77/11/1148-nd dated November 24, 2015 and issued Directive No. P-77/07/1148-nd dated November 24, 2015 to rectify the violation detected.

In accordance with the Directive, the Company is directed to rectify the following violations:

1) Through the Applicant's Form for the Sales and Service Specialist vacancy posted and available at http:www.yota.ru/corporate/jobs/-/vacancy/4412/#questionary on the Internet, Scartel LLC collects personal data without a consent, which violates the requirements of part 1 of Article 6 of Federal Law dated July 27, 2006 No. 152-FZ On Personal Data.

In order to rectify the detected violation, Scartel LLC should stop processing personal data on the website without a consent and implement the functions to obtain prior consent of an applicant by making the appropriate mark in the consent field before the applicant's form is sent to Scartel LLC.

2) Scartel LLC has not ensured destruction of personal data of applicants for the vacancies contained in the CV in the e-mails of the employees of Scartel LLC within the period not exceeding thirty days from the date of decision to employ or refuse to employ, which violates the requirements of part 4 of Article 21 of Federal Law dated July 27, 2006 No. 152-FZ On Personal Data.

In order to rectify the detected violation, Scartel LLC should ensure destruction of personal data of applicants for vacancies contained in the CV in the e-mails of the employees of Scartel LLC within the period not exceeding thirty days from the date of decision to employ or refuse to employ.

3) Scartel LLC receives applicants' CVs to the e-mails of its employees and discloses the personal data contained therein to third parties without a consent of the applicants, which violates the requirements of Article 7 of Federal Law dated July 27, 2006 No. 152-FZ On Personal Data.

In order to rectify the detected violation, Scartel LLC should stop disclosing the personal

**TRANSLATION FROM RUSSIAN**

data of the applicants to third parties without their consent.

4) When transferring the employees' personal data to third parties, Scartel LLC uses a standard written form of a consent to employee's personal data processing providing for several purposes of personal data processing, which violates the requirements of clause 4 of part 4 of Article 9 of Federal Law dated July 27, 2006 No. 152-FZ On Personal Data.

In order to rectify the detected violation, Scartel LLC should prepare and use a standard written form of a consent to employee's personal data processing providing for only one purpose of personal data processing in case of transfer of the employees' personal data to third parties.

5) When transferring the employees' personal data to third parties, Scartel LLC uses a standard written form of a consent to employee's personal data processing not providing for indication of a name of the legal person processing personal data as assigned by Scartel LLC as part of employees' personal data processing within personnel record keeping and accounting, which violates the requirements of clause 6 of part 4 of Article 9 of Federal Law dated July 27, 2006 No. 152-FZ On Personal Data.

In order to rectify the detected violation, Scartel LLC should prepare and use a standard written form of a consent to employee's personal data processing providing for indication of a name of the legal person processing personal data as assigned by Scartel LLC.

6) Scartel LLC includes the employees' personal data in publicly available Yammer without employees' written consent, which violates the requirements of part 1 of Article 8 of Federal Law dated July 27, 2006 No. 152-FZ On Personal Data.

In order to rectify the detected violation, Scartel LLC should prepare and use a standard form of a written consent of a personal data subject to inclusion of his/her personal data in Yammer.

7) An operator performs cross-border transfer of the employees' personal data to the USA without employees' written consent to cross-border transfer of their personal data, which violates the provisions of clause 1 of part 4 of Article 12 of Federal Law dated July 27, 2006 No. 152-FZ On Personal Data.

In order to rectify the detected violation, Scartel LLC should prepare and use a standard form of a written consent of a personal data subject to cross-border transfer of his/her personal data to the USA.

8) Scartel LLC assigns Iron Mountain CIS LLC to store subscribers' personal data without their consent, which violates the requirements of part 3 of Article 6 of Federal Law dated July 27, 2006 No. 152-FZ On Personal Data.

In order to rectify the detected violation, Scartel LLC should ensure obtainment of consents from subscribers to assignment to Iron Mountain CIS LLC of their personal data's storage.

9) Scartel LLC discloses the clients' personal data contained in the Applications for Transfer of a Subscriber Number to Iron Mountain CIS LLC without their consent, which violates the requirements of Article 7 of Federal Law dated July 27, 2006 No. 152-FZ On Personal Data.

In order to rectify the detected violation, Scartel LLC should stop disclosing the clients' personal data, contained in the Applications for Transfer of a Subscriber Number, to Iron Mountain CIS LLC without the clients' consent.

Having disagreed with the said Directive, the Claimant has filed a statement of claim with a commercial court.

When dismissing the statement of claim of Scartel LLC, the court of first instance has reasonably proceeded from the following.

In accordance with the Regulation on the Federal Service for Supervision of Communications, Information Technology, and Mass Media approved by Decree of the

**TRANSLATION FROM RUSSIAN**

Russian Government dated March 16, 2009 No. 228, the Federal Service for Supervision of Communications, Information Technology, and Mass Media (Roskomnadzor) is a federal executive authority performing control and supervision functions in mass information, including electronic and mass communications, information technologies and communications, functions in control and supervision over compliance of personal data processing with the legal requirements of the Russian Federation on personal data, and functions in arrangement for activities of a radio frequency service.

The Federal Service for Supervision of Communications, Information Technology, and Mass Media is an authorized federal executive authority for protection of personal data subjects' rights.

In accordance with clause 6.1 of the Administrative Regulation on Performance by the Federal Service for Supervision of Communications, Information Technology, and Mass Media of a Public Function in Exercising State Control (Supervision) over Compliance of Personal Data Processing with the Legal Requirements of the Russian Federation on Personal Data approved by Order of the Ministry of Communications and Mass Media of Russia dated November 14, 2011 No. 312, when conducting audits, the officers of the Service or its territorial body may issue within the limits of their competence binding directives to rectify the detected violations with regard to personal data.

The violations detected during the audit are governed by Federal Law dated July 27, 2006 No. 152-FZ On Personal Data (hereinafter referred to as "Law No. 152-FZ" or the "Law on Personal Data"). This Federal Law governs the relations associated with personal data processing by federal state authorities, state authorities of constituent entities of the Russian Federation and other state authorities (hereinafter referred to as the "state authorities"), local authorities and other municipal authorities (hereinafter referred to as the "municipal authorities"), legal entities and individuals by means of automation facilities, including in information-telecommunication networks, or without such facilities, if personal data processing without using such facilities corresponds to the nature of the actions (operations) as involving personal data by means of automation facilities, i. e. allows to search — according to a set algorithm — for the personal data recorded on a material data storage media and contained in card files or other systematized corpuses of personal data and/or access to such personal data.

By virtue of Article 6 of Law No. 152-FZ, personal data shall be processed complying with the principles and rules provided for by this Federal Law.

Upon a consent of the personal data subject, the operator may assign personal data processing to another person, except as otherwise provided for by a federal law, under an agreement to be entered into with such person, including a state or municipal contract or by adopting the relevant act by a state or municipal authority (hereinafter referred to as the "operator's assignment"). The person processing personal data under the operator's assignment shall comply with the principles and rules governing the personal data processing as provided for by this Federal Law. The operator's assignment shall determine a list of actions (operations) with regard to personal data which are to be performed by the person processing personal data, and the purposes of the processing as well as that person's duty to observe the confidentiality of personal data and ensure the security of personal data when they are being processed and shall also specify the requirements for protection of personal data being processed in accordance with Article 19 of this Federal Law.

By virtue of Article 7 of Law No. 152-FZ, the operators and other persons granted an access to personal data shall not disclose or distribute personal data to any third parties without a consent of a personal data subject, unless otherwise is provided for by the federal law.

In accordance with the provisions of Article 9 of Law No. 152-FZ, a personal data subject shall take a decision on provision of his/her personal data and shall give his/her consent to their

**TRANSLATION FROM RUSSIAN**

processing without duress, by his/her own will, and in his/her own interest. The consent to personal data processing shall be specific, well-informed, and deliberate.

In the cases provided for by the federal law, personal data shall be processed only subject to a written consent of a personal data subject. The written consent of a personal data subject to his/her personal data processing shall, in particular, include a purpose of personal data processing (clause 4 of part 4 of Article 9 of the Law).

By virtue of clause 1 of part 4 of Article 12 of Law No. 152-FZ, a cross-border transfer of personal data to the territories of the foreign countries that do not provide adequate protection for the rights of personal data subjects may take place if there is a written consent of a personal data subject to cross-border transfer of his/her personal data.

By virtue of part 4 of Article 21 of Law No. 152-FZ, once the purpose of personal data processing has been achieved, the operator shall stop processing the personal data or make sure it is stopped (if the personal data is processed by another person acting on the operator's assignment) and destroy the personal data or make sure it is destroyed (if the personal data is processed by another person acting on the operator's assignment) within thirty days after the date of achievement of the purpose of personal data processing, except as otherwise provided by an agreement, under which the personal data subject is a party, beneficiary or surety, another agreement between the operator and the personal data subject or, if the operator is not entitled to process the personal data without the consent of the personal data subject, on the grounds provided for by this Federal Law or other federal laws.

As it follows from the files of the case, having examined audit report dated November 24, 2015 No. A-77/11/1148-nd and directive to rectify the detected violation dated November 24, 2015 No. P-77/07/1148-nd, Scartel LLC has sent letter dated December 09, 2015 No. 09122015/1 to the Directorate under ref. No. 35554/77 dated December 17, 2015, where it has reported that a number of violations specified in the directive being appealed against (under numbers 1 to 3, 7) are acknowledged by the Company; the Company has stated that the violations will be resolved on or before May 24, 2016.

In the statement of claim filed with the court, the Company points out that the violations specified by clauses 1 to 3, 7 of the Directive being appealed against have been actually rectified.

At the same time, the court of first instance has correctly pointed out that rectifying the detected violations after their detection may not be a ground for reversal of the judicial act being appealed against.

As to the Claimant's argument on clause 4 of the Directive that there are no grounds for obtaining several consents to personal data processing, the court takes into account the following.

In accordance with part 4 of Article 9 of Law No. 152-FZ, in the cases provided for by a federal law, personal data shall be processed only subject to a written consent of the personal data subject. A consent as an electronic document signed in accordance with a federal law by means of an electronic signature shall be equivalent to a consent on paper containing the autograph signature of the personal data subject. The written consent of a personal data subject to his/her personal data processing shall include, in particular: name, patronymic, surname, address of the personal data subject, number of the main identity document, information on the date of issue of the said document and the issuing authority; name, patronymic, surname, address of the representative of the personal data subject, number of the main identity document, information on the date of issue of the said document and the issuing authority, details of a power of attorney or any other document confirming the authority of this representative (upon receipt of a consent from the representative of the personal data subject); name or name, patronymic, surname and address of the operator receiving the consent of the personal data subject; purpose of personal data processing; a list of personal data, for which

**TRANSLATION FROM RUSSIAN**

processing the consent of the personal data subject is provided; name or name, patronymic, surname and address of the person processing the personal data as assigned by the operator, if processing is assigned to such person; a list of actions with regard to personal data, for which the consent is provided; general description of the methods used by the operator for personal data processing; period, during which the consent of the personal data subject is valid, and the method of its revocation, unless otherwise is provided by the federal law; signature of the personal data subject.

It follows from the files of the case that, in its activities, the Company uses the written consent of the Company's employee: "Consent to the Employee's Personal Data Processing".

By virtue of the provisions of Article 88 of the Labour Code of Russia, when transferring the employee's personal data, an employer shall comply with the following requirements: not disclose the employee's personal data to a third party without the employee's written consent, except as it is necessary to prevent a threat to the employee's health and life and except for the other cases provided for in this Code or other federal laws; not disclose the employee's personal data for commercial purposes without his/her written consent;

Thus, if the purposes of personal data processing go beyond the scope of the Labour Code of Russia, it is necessary to obtain an individual written consent of the employee for each transfer of the employees' personal data to third parties.

The court of first instance has taken into account that, during provision of the services under agreement No. 11-005 dated July 01, 2011, Iron Mountain CIS LLC may obtain an access to the personal data of subscribers of Scartel LLC. The information on the subscriber transferred to Iron Mountain CIS LLC for storage, archiving, processing, and destruction is irrelevant to the subject matter of the communications services agreement.

The information obtained by Iron Mountain CIS LLC from the communications service provider makes it possible to directly (or indirectly) identify the user as a certain individual (the "personal data subject").

Thus, when transferring the information on subscribers to Iron Mountain CIS LLC, the communications service provider being Scartel LLC should obtain consents from its subscribers in writing.

During the unscheduled field audit, no subscribers' written consents to transfer of the information on them and to other processing of their personal data by Iron Mountain CIS LLC have been presented by Scartel LLC to the Directorate.

Due to the foregoing, the court concludes that the claimant's arguments (the Company's Arguments) that clause 5 of the Directive is not grounded because the Standard Form prepared by the company complies with the requirements of the current legislation shall be also rejected.

The court takes into account that transfer of the employees' personal data is a special case provided for by Article 88 of the Labour Code of Russia, where personal data is processed only upon a consent of the personal data subject in writing. In accordance with clause 6 of part 4 of Article 9 of Law No. 152-FZ, the written consent of the personal data subject to his/her personal data processing shall, in particular, include name or name, patronymic, surname and address of the person processing the personal data as assigned by the operator if processing is assigned to such person.

Thus, the arguments of Scartel LLC that the Company has prepared a certain list of contracting parties that may be assigned with personal data processing is ungrounded and does not comply with the requirements of Article 9 of the Law on Personal Data.

The arguments that clause 6 of the Directive is ungrounded because there are no violations of the provisions of part 1 of Article 8 of Law No. 152-FZ in the company's activities have been lawfully rejected by the court of first instance due to the following grounds.

By virtue of part 1 of Article 8 of Law No. 152-FZ, publicly available sources of personal data (including reference books, address books) may be created for informational support

**TRANSLATION FROM RUSSIAN**

purposes. Publicly available sources of personal data may, upon a written consent thereto of the personal data subject, comprise his or her family name, first name, patronymic, year and place of birth, address, subscriber's number, data on the profession and other personal data communicated by the personal data subject.

During the audit, Scartel LLC has provided the information on arranging by the company for processing the employees' personal data for informational support through use of a publicly available source of the employees' personal data — Yammer.

In accordance with the Company's explanations, it performs cross-border transfer of personal data of its employees to the Netherlands as part of use of Microsoft's Office 365 cloud service, including the Yammer corporate social network.

Thus, it is the Company that arranged for use of Yammer corporate social network for its employees, thereby arranging for the employees' personal data processing in Yammer, which is confirmed by receipt by the Company of the written consents from its employees.

The publicly available source of personal data — Yammer — is created (deployed in the cloud service) by the Company for informational support. For this reason, by virtue of part 1 of Article 8 of the Law, the Company should receive a written consent of a personal data subject to inclusion of his/her personal data in Yammer.

At the same time, the Company's reference to the fact that there is a written consent is unlawful, since this consent does not comply with the requirements of part 4 of Article 9 of the Law on Personal Data as is indicated above.

As to the violations set out in clause 8 of the Directive, the court of first instance has found the following.

The claimant has pointed out that Scartel LLC has transferred the personal data to Iron Mountain CIS LLC in accordance with Federal Law dated October 22, 2004 No. 125-FZ On Archive Keeping of the Russian Federation, for which reason the Law on Personal Data does not apply to the said relations.

In accordance with part 2 of Article 1 of the Law on Personal Data, the said law shall not cover the relations arising when arranging for storage, building-up, record keeping, and use of the documents of the Archives Fund of the Russian Federation containing personal data and other archive documents in accordance with the legislation on archive keeping in the Russian Federation.

At the same time, the relations that have developed between Scartel LLC and Iron Mountain CIS LLC are not governed by the legislation on arranging for storage, building-up, record keeping, and use of the documents of the Archives Fund of the Russian Federation and other archive documents, since the documents (including subscription agreements), for which the file is not archived, are transferred for storage.

Iron Mountain CIS LLC provides services with regard to storage of all documents, not only those that were performed (expired, terminated, etc.). Scartel LLC transfers to Iron Mountain CIS LLC communications services agreements (and other documents) not after their expiration, but after entry into them and during their performance.

Before archiving the performed document and transferring it for archive storage, the relations in transfer of this document shall be subject to the legislation on protection of the rights of personal data subjects if it contains the information subject to protection in accordance with the requirements of the legislation on personal data and the legislation on communications in terms of observance of secrecy of communication and the procedure for provision of information on subscribers to third parties.

Thus, all documents, including subscription agreements, before archiving the relevant file (before expiration of the agreement) shall be transferred, in particular, in accordance with the requirements of the legislation on personal data and the legislation on communications.

The said facts are confirmed by the terms and conditions of Agreement No. 11-1005 dated

**TRANSLATION FROM RUSSIAN**

July 01, 2011 and entered into by and between Scartel LLC and Iron Mountain CIS LLC, in accordance with which the subject matter of the Agreement is the services with regard to document storage, archiving, and destruction.

Within this agreement, Scartel LLC transfers the documents relating to the entity's activities, including communications services agreements entered into with the subscribers being individuals.

In accordance with Article 53 of Federal Law dated July 07, 2003 No. 126-FZ On Communications (the "Law on Communications"), the information on subscribers and communications services being provided to them, which has become known to communications service providers by virtue of performance of the communications services agreement, shall be restricted information and shall be subject to protection in accordance with the legislation of the Russian Federation. In this case, the said relations are governed by the Law On Personal Data.

The Claimant's arguments that there are no violations of the provisions of Article 7 of Law No. 152-FZ as set out in clause 9 of the Directive have been rejected by the court of first instance due to the following grounds.

The Claimant points out that the Company and Iron Mountain CIS LLC also have a confidentiality agreement in effect, in accordance with which the latter has assumed an obligation to keep all data received from the Claimant confidential.

However, the said agreement may not be a ground for the company's exemption from the provisions and rules set forth by Law No. 152-FZ.

So, when entering into the Agreement (Rules for Provision of Communications Services of the Communications Service Provider), the Communications Service Provider provides for a possibility to transfer a subscriber number.

During the audit of the Company, the administrative authority has obtained a copy of the Application for Transfer of a Subscriber Number dated October 14, 2015 and signed by the client. Following the results of analysis of the submitted Application for Transfer of a Subscriber Number, the administrative authority has found the following.

Through the application, the Communications Service Provider collects the following personal data: full name, passport details (series, number, issuing authority), registration address, contact telephone, e-mail.

By signing the application, the client provides to the Communications Service Provider his/her consent to processing of his/her personal data specified in the application, including its transfer to third parties and processing by third parties, when transferring the subscriber number.

The Communications Service Provider transfers the signed application to Iron Mountain CIS LLC for storage under agreement dated July 01, 2011 No. 11-1005.

Transfer of personal data for storage is provided for by clause 4.7 of the Regulation on Personal Data Processing and Protection (Annex No. 1 to Order No. 17-Sc-P09-02/15 dated September 02, 2015), pursuant to which storage of personal data being processed without the use of automated facilities is assigned to third parties under the agreements and the Flowchart of Collection and Subsequent Transfer of Personal Data of the Company's Subscribers as submitted by the Communications Service Provider during the audit.

The personal data collected by Scartel LLC through the Application for Transfer of a Subscriber Number relates, in accordance with part 1 of Article 53 of the Law on Communications, to the information on a subscriber, for which reason the communications service provider may assign its processing to a third party without the subscriber's consent only to enter into and/or perform the communications services agreement, to which the subscriber being an individual is a party.

At the same time, data storage and archiving assignment is not a case specified in part 1

**TRANSLATION FROM RUSSIAN**

of Article 53 of the Law on Communications providing for transfer of the subscriber's data to third parties to enter into and/or perform the communications services agreement.

In this regard, by virtue of the provisions of part 1 of Article 53 of the Law on Communications, the communications service provider shall provide evidence of obtaining the consent of a subscriber being an individual to provision of the information on him/her to third parties.

Following the results of analysis of clauses 2 and 2.5. of the Application for Transfer of a Subscriber Number, the administrative authority has found the following.

So, for example, it follows from clause 2.2.: "I do hereby provide my consent to processing of my personal data specified in this Application by the communications service provider being Scartel LLC, including its transfer to and processing by third parties, when transferring my subscriber number.

Thus, it has been found that Scartel LLC has no subscriber's consent to process his/her personal data using such processing method as storage at Iron Mountain CIS LLC.

Therefore, in the absence of the subscriber's consent, Scartel LLC has assigned storage of his/her personal data to another person (Iron Mountain CIS LLC), thereby it has disclosed the personal data of its subscribers when transferring it for storage, which provides for scanning and formation of an electronic archive at Iron Mountain CIS LLC (agreement No. 11-1005).

In accordance with part 2 of Article 5 of Law No. 152-FZ, personal data shall be processed within the scope of specific pre-set and lawful purposes. No personal data processing incompatible with the purposes of personal data collection shall be allowed.

Thus, the court of first instance has lawfully supported the conclusions of the administrative authority that there have been violations of the requirements of part 3 of Article 6 of Law No. 152-FZ in the Company's actions in terms of assignment of storage of the clients' personal data to another person without their consent and of the requirements of Article 7 of the Law in terms of disclosure of the clients' personal data to third parties without their consent.

There have been no violations committed by the Interested Party when commissioning and conducting the audit. Federal Law dated December 26, 2008 No. 294-FZ On Protection of Rights of Legal Entities and Individual Entrepreneurs When Exercising State Control (Supervision) and Municipal Control setting forth the procedure for arranging for and conducting audits shall not apply when exercising control and supervision over personal data processing.

Taking into account the facts set out, the court of first instance has come to the correct conclusion that Directive No. P-77/07/1148-nd dated November 24, 2015, which is being challenged by the Claimant, is legal and grounded.

The court of appeal has considered all arguments of the appeal, but they do not refute the court's conclusions that form a basis of the decision and may not be a ground for reversing the decision and satisfying the appeal.

The facts of the case have been fully and correctly found by the court of first instance and have been adequately evaluated from a legal perspective.

There have been no violations of the provisions of procedural law committed by the court of first instance, which have resulted in adoption of an incorrect decision. There are no grounds to reverse the court decision.

Being guided by Articles 266, 268, 269, and 271 of the Commercial Procedure Code of the Russian Federation, the court

has resolved:

To uphold the decision of the Commercial Court of Moscow dated April 26, 2016 on case No. A40-32030/2016 and to dismiss the appeal.

Original Text Available at
http://www.consultant.ru/cons/cgi/online.cgi?req=doc&base=MARB&n=1066376

**TRANSLATION FROM RUSSIAN**

The resolution shall come into legal force from the date of its adoption and may be appealed to the Commercial Court of Moscow Circuit within two months from the date of its execution in full.

Presiding Judge
M. V. KOCHESHKOVA

Judges
S. M. MUKHIN
P. V. RUMYANTSEV

---