**Exhibit 14** to Concord Management and Consulting LLC's Motion to Quash Unserved Early Return Trial Subpoena and Opposition to the Government's Renewed Motion for Early Return Trial Subpoena, 18-cr-00032-2-DLF

TRANSLATION FROM RUSSIAN

# MINISTRY OF COMMUNICATIONS AND MASS MEDIA OF THE RUSSIAN FEDERATION

**LETTER**
dated July 7, 2017 No. П11-15054-ОГ

**ON CLARIFICATION OF PROVISIONS OF THE FEDERAL LEGISLATION**

The Ministry of Communications and Mass Media of the Russian Federation (hereinafter the "Ministry of Communications of Russia") considered within its competence a request to clarify provisions of Federal Law on Personal Data No. 152-FZ dated July 27, 2006 (hereinafter the "Law on Personal Data") and Federal Law on Communications No. 126-FZ dated July 07, 2003 (hereinafter the "Law on Communications") in the context of adopted Federal Law No. 290-FZ dated July 03, 2016 on amendments to Federal Law on Application of Cash Register Equipment when Making Cash Settlements and (or) Settlements Using Payment Cards and to Certain Legislative Acts of the Russian Federation and hereby informs as follows.

Pursuant to clause 1 of Article 3 of the Federal Law On Personal Data, personal data shall mean "any information related to an individual directly or indirectly identified or identifiable (a personal data subject)".

Thus, a subscriber's number or e-mail address may be recognized as personal data in the cases when such information relates to an individual directly or indirectly identified or identifiable. For example, a subscriber's number owned by a legal entity may not be treated as personal data.

According to clause 3 of Article 3 of the Law on Personal Data, "processing of personal data means any action (operation) or a set of actions (operations) realized by means of automation facilities or without such facilities as involving personal data, including collecting, recording, systematizing, accumulating, storing, updating (renewing and altering), retrieving, using, transmitting (disseminating, providing and accessing), depersonalizing, blocking, deleting and destroying personal data".

Clause 1 of part 1 of Article 6 of the Law on Personal Data stipulates that personal data shall be processed upon a consent of a personal data subject to processing of his/her personal data. At the same time, clauses 2 to 11 of part 1 of Article 6 of the Law on Personal Data provides for the cases when it is allowed to process personal data without a consent of a personal data subject to their processing.

Such cases include, in particular, processing of personal data which is "necessary for the purpose of attaining the objectives envisaged by an international treaty of the Russian Federation or a law, for realization and execution of the functions, powers and duties vested in the operator by the legislation of the Russian Federation" (clause 2 of part 1 of Article 6 of the Law on Personal Data).

Subject to definitions of concepts "controlled-issue form", "cash register receipt", "user", "settlements" set forth by Article 1.1 of Federal Law on Application of Cash Register Equipment when Making Cash Settlements and (or) Settlements Using Payment Cards No. 54-FZ dated May 22, 2003 (hereinafter the "Law on CRE"), a user's duty, stipulated by part 2 of Article 1.2 of the Law on CRE, when making settlements in case of submission by a buyer (client) to the user before the moment of settlement making of a subscriber's number or e-mail

Original Text Available at http://www.consultant.ru/document/cons_doc_LAW_220762/

address to send a cash register receipt or a controlled-issue form in electronic form to a buyer (client) to a subscriber's number or e-mail address submitted by him/her (if it is technically feasible to transfer information to a buyer (client) in electronic form to his/her e-mail) means performance of functions, powers and duties, imposed by the legislation of the Russian Federation on a personal data controller (a "user" for the purposes of the Law on CRE), in accordance with clause 2 of part 1 of Article 6 of the Law on Personal Data.

Pursuant to clause 1 of Article 53 of Law on Communications "information about subscribers and communication services provided to them which became known to communication providers by virtue of performance of communication services agreement shall be restricted information and shall be protected according to the legislation of the Russian Federation.

Information about a subscriber includes surname, name, patronymic or alias name of a subscriber being an individual, name (trade name) of a subscriber being a legal entity, surname, name, patronymic of a director and employees of such legal entity as well as an address of this subscriber or address of installation of end equipment, subscriber's numbers and other data allowing identification of a subscriber or his/her/its end equipment, information from databases of systems of settlements for provided communication services, including about connections, traffic and payments of a subscriber.

Information about subscribers being individuals may be provided to any third parties only subject to a consent of such subscribers, excluding the cases stipulated by this Federal Law and other federal laws.

A duty to prove obtaining of a consent from a subscriber, being an individual, to provision of information about him/her to third parties is imposed on the communications provider.

In accordance with part 3 of Article 6 of Federal Law on Personal Data No. 152-FZ dated July 27, 2006, a communications provider may entrust third parties with processing of personal data of its subscriber being an individual.

If the communications provider assigns processing of personal data of a subscriber being an individual to a third party for the purposes of conclusion and (or) performance of communication services agreement, a party to which a subscriber being an individual is, and (or) for the purposes of exercising rights and legitimate interests of the communications provider or subscriber being a citizen, a consent from a subscriber being an individual to such assignment, including to transfer of his/her personal data to such third party, and processing of personal data by such third party in accordance with the communications provider's assignment is not required".

At the same time, we inform you that in accordance with part 1 of Article 24 of the Law on Personal Data any persons being guilty of a violation of requirements of the Law on Personal Data shall be held liable as prescribed by the legislation of the Russian Federation, including liability stipulated by Article 13.11 of the Administrative Offences Code of the Russian Federation.

Please note that according to the right of Ministry of Communications of Russia "to provide to state authorities, local authorities, legal entities and individuals clarifications on the issues referred to the scope of jurisdiction of the Ministry" established by clause 6.6 of the Regulation on Ministry of Communications and Mass Media of the Russian Federation, which is approved by decree of the Government of the Russian Federation No. 418 dated June 02,

**TRANSLATION FROM RUSSIAN**

2008, this letter does not contain any legal provisions or general rules detailing regulatory prescriptions and is not a regulation. This letter provides information and explanations on issues of application of the legislation of the Russian Federation on personal data.

Director of the High Technologies Development Department of the Ministry of Communications and Mass Media of Russia
S. D. MIGRANOV

Original Text Available at http://www.consultant.ru/document/cons_doc_LAW_220762/