**Exhibit 16** to Concord Management and Consulting LLC's Motion to Quash Unserved Early Return Trial Subpoena and Opposition to the Government's Renewed Motion for Early Return Trial Subpoena, 18-cr-00032-2-DLF

TRANSLATIONS FROM RUSSIAN

**Question:** On Submitting by a Customer of a Request to Procurement Participants to Provide Personal Data.

**Answer:**

**MINISTRY FOR ECONOMIC DEVELOPMENT OF THE RUSSIAN FEDERATION**

**LETTER**
**dated October 2, 2015 No. ОГ-Д28-12951**

The Contract System Development Department of the Ministry for Economic Development of the Russian Federation has considered an application concerning clarification of the provisions of Federal Law No. 223-FZ dated July 18, 2011 On Procurements of Goods, Works, or Services by Certain Types of Legal Entities (hereinafter "Law No. 223-FZ) and informs as follows.

According to part 1 of Article 2 of Law No. 223-FZ, when procure goods, works, services customers shall be guided by the Constitution of the Russian Federation, Civil Code of the Russian Federation, Law No. 223-FZ, other federal laws and other regulations of the Russian Federation as well as the regulations regulating procurement rules (hereinafter the "procurement regulation") adopted in accordance therewith and approved subject to provisions of part 3 of Article 2 of Law No. 223-Federal Law.

Pursuant to part 2 of Article 2 of Law No. 223-FZ, the procurement regulation is a document which regulates procurement activities of the customer and which shall specify requirements for procurement, including a procedure for preparation and holding procurement procedures (including procurement methods) and conditions for their application, procedure for conclusion and performance of agreements as well as other provisions related to procurement.

In order to ensure an equal access of interested parties to customer's procurement, it is appropriate to set forth in the procurement documents (in accordance with the procurement regulation) an exhaustive list of requirements for procurement participants as well as for documents and information to be provided within a bid.

According to clause 1 of Article 3 of Federal Law On Personal Data No. 152-FZ dated July 27, 2006 (hereinafter referred to as "Law No. 152-FZ"), personal data shall include any information related to an individual directly or indirectly identified or identifiable.

As the aforementioned rule does not detail exactly what kind of information about an employee relates to his/her personal data, it follows from the definition above that personal data, apart from individual ones (surname, name, patronymic, date and place of birth, address, marital status), may be also deemed information about education, profession, position held, length of employment.

According to clause 6 of Article 3 of Law No. 152-FZ, provision of personal data means actions aimed at disclosing personal data to a certain person or a certain group of persons. The rules for transfer of personal data of an employee are regulated by Article 88 of the Labor Code of the Russian Federation.

If follows from provisions of the said regulations that the legislation does not prohibit

Original Text Available at www.consultant.ru/cons/cgi/online.cgi?req=doc&base=QSBO&n=11625

transfer of personal data of individuals (in particular, employees), only restrictions are set.

According to clause 1 of part 1 of Article 6 and Article 7 of Law No. 152-FZ, as a general rule, an employer is prohibited to disclose to any third parties personal data of employees without their consent. At the same time, a duty to prove an employee's consent to transfer of his/her personal data is imposed on the employer.

Thus, in order to determine compliance of procurement participants with the requirements for performance of works, provision of services, supply of goods, the customer may request necessary personal data of a procurement participant, if such requirements are established in the procurement regulation and procurement documents, taking into account restrictions established in Article 88 of the Labor Code of the Russian Federation.

We note in addition that Article 13.11 of the Administrative Offences Code of the Russian Federation provides for liability for violation of the statutory procedure for collection, storage, use or distribution of information about citizens (personal data).

At the same time, the Contract System Development Department of the Ministry for Economic Development of Russia points out that clarifications from a state authority have legal effect only if such authority is vested (according to the legislation of the Russian Federation) with special competence to issue clarifications on application of regulations' provisions. The Ministry of Digital Development, Communications and Mass Media of Russia is a federal executive authority which is not competent according to the existing regulations of the Russian Federation, including the Regulation on the Ministry approved by Resolution of the Government of the Russian Federation No. 437 dated June 5, 2008, to clarify the legislation of the Russian Federation.

Director of the Contract System Development Department<br>M. V. CHEMERISOV

October 02, 2015

Original Text Available at www.consultant.ru/cons/cgi/online.cgi?req=doc&base=QSBO&n=11625