**Exhibit 17** to Concord Management and Consulting LLC's Motion to Quash Unserved Early Return Trial Subpoena and Opposition to the Government's Renewed Motion for Early Return Trial Subpoena, 18-cr-00032-2-DLF

# MOSCOW CITY COURT

## APPELLATE RULING
### dated June 4, 2018 on case No. 33a-3957

Judge: N. V. Rubtsova

Judicial Chamber on Administrative Cases of the Moscow City Court consisting of Presiding Judge V. V. Stavich,

Judges R. B. Mikhailova and V. V. Lukyanchenko,

In the presence of Secretary P.

Having considered in the open court session, based on the report by judge R. B. Mikhailova, the administrative case under the appeal filed by lawyer O. I. Ulymov, representative of administrative claimant McDonalds LLC, against the decision of the Zamoskvoretskiy District Court of Moscow dated December 06, 2017 and resolving:

To dismiss the claims filed by McDonald's LLC against the Zamoskvoretskiy Interdistrict Prosecutor of Moscow for invalidation and cancellation of the petition,

has found:

McDonald's LLC has filed an administrative statement of claim with a court, where it has requested to invalidate petition of the Zamoskvoretskiy Interdistrict Prosecutor of Moscow No. 07-04-2016 dated August 04, 2016 pointing out that it had not violated the requirements of the legislation on personal data protection.

The court has taken the above decision, which reversal as illegal according to the arguments of the appeal is requested by lawyer O. I. Ulymov, representative of the administrative claimant, asserting that the court's conclusions do not correspond to the facts of the case and that the court has violated the provisions of procedural law.

Having examined the files of the case, having discussed the arguments of the appeal, having heard the explanations of the representatives of administrative claimant M. and lawyer O. I. Ulymov, who have supported the arguments of the appeal, the representative of administrative defendant B., who has considered the court decision to be legal and grounded, and having checked the decision, the judicial chamber comes to the conclusion that there are no grounds provided for by Article 310 of the Administrative Procedure Code of Russia to reverse or change the court resolution on appeal.

Thus, within the meaning of part 1 of Article 218, part 2 of Article 227 of the Administrative Procedure Code of Russia, the required condition to satisfy an administrative claim being considered under Article 22 of the Administrative Procedure Code of Russia shall be a set of facts evidencing non-compliance of the challenged decision or actions (omissions) of the administrative defendant with the requirements of the current legislation and infringement, in this regard, of the rights of the administrative claimant (at the same time, the latter is imposed by the procedural law with a duty to prove the facts evidencing an infringement of its rights) and evidencing meeting the deadline for turning to a court to protect the infringed right, the administrative defendant shall prove that his/her/its decision or actions

(omissions) comply with the law (parts 9 and 11 of Article 226, Article 62 of the Administrative Procedure Code of Russia).

When considering the administrative case, the court has found that, during the period from May 04 to June 01, 2016, the Directorate of the Federal Service for Supervision of Communications, Information Technology, and Mass Media (Roskomnadzor) for the Central Federal District conducted an audit of compliance by McDonald's LLC with the requirements of the legislation on personal data protection.

On June 01, 2016, the Directorate of Roskomnadzor for the Central Federal District issued directive No. P-77/07/285-nd/1/105 to McDonald's LLC to rectify the violations of the legislation with regard to personal data processing and transfer:

- Violation of part 7 of Article 22 of Federal Law dated July 27, 2006 No. 152-FZ On Personal Data (hereinafter referred to as the "Law") in terms of submission to the authorized body of a notice of personal data processing, which contains incomplete and/or inaccurate information.

- Violation of part 1 of Article 6 of the Law in terms of personal data processing in the cases not provided for by the Law;

- Violation of part 3 of Article 6 of the Law in terms of assignment of personal data processing to another person without a consent of a personal data subject;

- Violation of clause 7 of Decree of the Government of the Russian Federation dated September 15, 2008 No. 687 On Approval of the Regulation on Specific Features of Personal Data Processing without the Use of Automated Facilities, in terms of non-correspondence of the standard forms of documents, the nature of information in which implies or allows inclusion of personal data therein, to the requirements of the legislation of the Russian Federation;

- Violation of part 4 of Article 21 of the Law in terms of non-compliance with the requirements set forth for personal data processing once the processing purposes are achieved;

- Violation of part 1 of Article 18.1 of the Law in terms of failure to take measures that are necessary and sufficient to perform the duties provided for by the Law and the regulatory legal acts adopted in accordance therewith;

- Violation of clause 1 of part 4 of Article 12 of the Law in terms of cross-border transfer of personal data to a foreign country without a consent of a personal data subject in writing;

- Violation of part 4 of Article 9 of the Law in terms of non-correspondence of the content of the personal data subject's written consent to personal data processing to the requirements of the legislation of the Russian Federation.

These violations were to be rectified by September 14, 2016.

A case on administrative offence under Article 13.11 of the Administrative Offences Code of Russia (violation of the statutory procedure for collection, storage, use, or distribution of the information on individuals (personal data)) has been initiated against the Company.

On August 24, 2016, the magistrate judge of court circuit No. 399 of Zamoskvorechye District of Moscow, acting as a magistrate judge of court circuit No. 398 of Zamoskvorechye District of Moscow, rendered a resolution, by which the proceedings on administrative offence

case against the administrative claimant have been discontinued because there was no set of elements of an administrative offence.

By the decision of the Zamoskvoretskiy District Court of Moscow dated January 26, 2017, the resolution of the magistrate judge has been upheld.

By the final and binding decision of the Simonovskiy District Court of Moscow dated April 20, 2017, directive dated June 1, 2016 No. P-77/07 of the Directorate of Roskomnadzor for the Central Federal District has been invalidated and cancelled.

Along with this, it has been found that, upon a request of the Directorate of Roskomnadzor for the Central Federal District, during the period from July 20 to August 04, 2016, an audit of compliance by McDonald's LLC with the requirements of the legislation on personal data protection was conducted by the Zamoskvoretskiy Interdistrict Prosecutor's Office of Moscow as well.

On August 04, 2016, the Zamoskvoretskiy Interdistrict Prosecutor's Office of Moscow filed Petition to Rectify Violations of the Legislation on Personal Data No. 07-04-2016 (hereinafter referred to as the "Petition") against McDonald's LLC.

The grounds for such petition were as follows:

1. As to the data entered in the Notice: the following personal data categories are not specified: citizenship, which does not comply with clause 3 of part 3 of Article 22 of the Federal Law On Personal Data (hereinafter also referred to as the "Law"); the operator has not specified the e-mail address of the individual responsible for arranging for personal data processing and the postal address is not specified as well, which does not comply with clause 7.1 of part 3 of Article 22 of the Law; the operator has not specified a complete list of countries, in particular, Ireland, to which cross-border transfer of personal data is performed; the operator has not specified the information on the location of the database of mcdbirthdays.ru website;

2. There is no consent of dismissed employees to cross-border transfer of their personal data to Ireland and the United Kingdom and no cross-border transfer of data is specified in the agreement with Moscow-McDonald's CJSC;

3. Questionnaires that applicants can fill out directly in a restaurant to fill a vacancy do not comply with clause 7 of the Regulation on Specific Features of Personal Data Processing without Using Automated Facilities approved by Decree of the Russian Government dated September 15, 2008 No. 687 in terms of the lack of information on the processing purpose, deadlines for personal data processing, a list of actions that will be performed during its processing, and general description of the methods used by the Operator for personal data processing;

4. In the personal record of the employee of the restaurant controlled by McDonald's LLC, a CV and consent to applicant's personal data processing have been found and, during the audit activities, when analysing the minor employee's personal record, the CV for McDonald's printed from the website has been found, which is a violation of part 4 of Article 21 of the Law;

5. Violation of the requirements of Article 18.1 and clause 1 of part 1 of Article 6 of the Law expressed in the fact that McDonald's LLC has no internal local acts governing personal data processing, when including employees and dismissed employees in the employees pool,

and no individual written consents of the applicants who have decided to join the employees pool;

6. In the restaurant employee's personal record (dated May 15, 2016), unified form T-2 of the restaurant contains a handwritten phone number of the employee's parent; however, there is no consent of the employee's close relative to his/her personal data processing, which is a violation of the requirements of clause 1 of part 1 of Article 6 of the Law;

7. During the visual analysis of Oracle HR Information System of Personal Data, it has been found that Moscow-McDonald's CJSC processes personal data of the dismissed employees after achieving the purpose of processing of personal data of the employees dismissed more than 5 years before the audit, which is a violation committed by McDonald's LLC of part 4 of Article 21 of the Law;

8. Cross-border transfer of the employees' personal data to a foreign country that does not provide adequate protection for the rights of personal data subjects (USA), based on the employee's consent in writing not compliant with the requirements of the Law, which is a violation of the requirements of part 4 of Article 9 and clause 1 of part 4 of Article 12 of the Law (case file sheets 30–35).

The Company shall report within one month the results of the petition consideration and the measures taken to the prosecutor's office.

In response to the Petition to Rectify Violations of the Federal Legislation, the Company has provided a reply dated August 29, 2016 with objections, with which the administrative defendant has agreed; no other measures of the prosecutor's response have been taken by the Zamoskvoretskiy Interdistrict Prosecutor's Office of Moscow with regard to McDonald's LLC in connection with the challenged petition, the prosecutor's office has not filed a claim to compel the Company to rectify the violations of the legislation on personal data; no administrative offence case under Article 17.7 of the Administrative Offences Code of Russia against the administrative claimant has been initiated.

When resolving the dispute, having evaluated the evidence gathered on the case in its entirety under the rules of Article 84 of the Administrative Procedure Code of Russia and having analysed the arguments of the administrative claim in relation to the requirements of the legislation governing the legal relations under consideration, the court has concluded to dismiss the stated claims and, while doing so, proceeded from the fact that, when filing the Petition, the administrative defendant has acted within the powers and competencies granted to him/her by the Federal Law On Prosecutor's Office of the Russian Federation without infringing the rights and legitimate interests of the administrative claimant; the prosecutor's office is satisfied with the objections submitted by the Company and dated August 29, 2016 and considers them as a duty imposed on the claimant to consider the petition and report the measures taken within a month.

The judicial chamber finds the court's conclusions lawful and does not see any ground to disagree with them, believing that they correspond to the facts of the case and the law governing the legal relations under consideration and are supported by evidence.

So, by virtue of part 1 of Article 129 of the Constitution of the Russian Federation, the powers, arrangement and procedure for the activities of the prosecutor's office of the Russian Federation are determined by a federal law.

In accordance with Federal Law dated January 17, 1992 No. 2202-1 On Prosecutor's Office of the Russian Federation, a prosecutor shall supervise observance of the human and civil rights and freedoms; the subject of supervision pursuant to Article 26 of the said Law shall be observance of the human and civil rights and freedoms by the management bodies and managers of profit and non-profit entities; by virtue of Article 22 of the same Law, the prosecutor's powers shall include filing a petition to rectify violations of the law.

Pursuant to the Federal Law On Prosecutor's Office of the Russian Federation, the prosecutor's claims arising from his/her powers listed in Article 22 of this Law shall be unconditionally satisfied within the set period (clause 1 of Article 6); a petition to rectify violations of the law shall be filed by the prosecutor or his/her deputy if the actual violation of the law by the authorities and officials specified in clause 1 of Article 21 of this Federal Law (clause 3 of Article 22) has been found; the petition to rectify violations of the law shall be filed by the prosecutor or his/her deputy to the authority or official that is authorized to rectify the violations and shall be subject to immediate consideration; specific measures shall be taken to rectify the violations of the law, their causes and conditions conductive to them, within a month from the rendering date of the petition; the results of the measures taken shall be reported to the prosecutor in writing (clause 1 of Article 24).

Within the meaning of the above interrelated provisions of the law and taking into account that, when supervising obeyance of laws, prosecution authorities do not substitute any other state authorities (clause 2 of Article 21), the prosecutor's petition itself is not absolute and does not have an effect of enforcement, it is aimed to compel the authorities and officials specified in clause 1 of Article 21 of the said Law to rectify the committed violations of the law, primarily, on a voluntary basis. The claim to unconditionally fulfil the prosecutor's petition shall be implemented through special procedures — by rendering by the prosecutor of a resolution to initiate administrative offence proceedings or by turning to a court.

Therefore, the provisions of Article 24 of the Federal Law On Prosecutor's Office of the Russian Federation, which grant the prosecutor (his/her deputy) with the right to file a petition, which is subject to immediate consideration, to rectify violations of the law to the authority or official that is authorized to rectify the violations, given that the interested parties are provided with a possibility to appeal against the prosecutor's decisions, by themselves cannot be considered as infringing the rights and freedoms.

By their nature, administrative proceedings are also aimed not at the actual invalidation of any decisions or actions (omissions) of the state authority, judicial defence is exactly aimed at redressing the infringed right of the administrative claimant (Articles 3 and 4 of the Administrative Procedure Code of Russia, Article 46 of the Constitution of the Russian Federation).

Challenging the petition, the administrative claimant has asserted that there have been no violations of the requirements of the Federal Law on Personal Data in its actions, referred to the judicial acts enforced against McDonald's LLC, however, it has not challenged that, in connection with the petition, no other prosecutor's response measures have been taken to the Company, including up to the present moment. At the same time, the judicial acts themselves do not evidence that the petition is illegal; within the limits of the powers granted, the prosecutor independently determines whether it is necessary to take any prosecutor's response measures.

Based on the foregoing, the judicial chamber finds the court decision (being appealed

against) to dismiss the stated claims as legal and grounded, considers that it has been adopted in accordance with Article 227 of the Administrative Procedure Code of Russia; the legally relevant facts on the case are determined correctly based on the requirements of part 9 of Article 226 of the Administrative Procedure Code of Russia; the burden of proving is legally distributed between the parties (Article 62, part 11 of Article 226 of the Administrative Procedure Code of Russia); the evidence gathered on the case is sufficient to adopt a correct decision; the evidence is evaluated according to the rules of Article 84 of the Administrative Procedure Code of Russia; all facts of the case are thoroughly examined and proven; the conclusions of the court of first instance set out in the court decision correspond to the facts of the administrative case, are based on the correct application of the provisions of substantive law governing the legal relations under consideration, and made without violating the provisions of procedural law; the arguments of the parties and the evidence presented by them are adequately evaluated in the decision from a legal perspective to the effect that the challenged petition does not infringe the rights and legitimate interests of the administrative claimant.

The arguments of the appeal duplicate the administrative claimant's position in the court of first instance, have been the subject matter of consideration by the court, are adequately evaluated, and the court of appeal has no grounds to disagree with such evaluation, they are aimed at challenging the groundedness of the court's conclusions on the findings or interpreting the provisions of law differently, and are not the grounds provided for by Article 310 of the Administrative Procedure Code of Russia for reversal of the judicial act enforced on the case.

The arguments of the appeal do not contain any facts that would not be checked and taken into account by the court of first instance, when considering the case, would have a legal effect for rendering a judicial act on its merits, would affect the groundedness and legality of the court decision or refute the court conclusions, so they cannot be a ground to reverse the decision.

Despite the statements in the appeal, the court has correctly determined the facts relevant to the administrative case, while the administrative claimant's arguments to the contrary are based on the incorrect interpretation of the provisions of the current legislation.

When considering the case, the court has correctly applied the provisions of substantive law; there have been no violations of such kind committed by the court; the court conclusions correspond to the facts of the case.

There have been no violations of the provisions of procedural law committed by the court that result in reversal of the decision, either, and the reference to it in the appeal is groundless.

There are no grounds on the case as provided for by Article 310 of the Administrative Procedure Code of Russia for reversal or change of the court decision on appeal.

Based on the foregoing and being guided by Articles 309 to 311, 177 of the Administrative Procedure Code of Russia, the judicial chamber

has ruled:

To uphold the decision of the Zamoskvoretskiy District Court of Moscow dated December 06, 2017 and dismiss the appeal of lawyer O. I. Ulymov, representative of the administrative claimant being McDonald's LLC.

Original Text Available at
www.consultant.ru/cons/cgi/online.cgi?req=doc&base=SOCN&n=1167688