UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CONCORD MANAGEMENT AND CONSULTING LLC,<br><br>Defendant. | Crim. No. 18-CR-32-2 (DLF)<br><br>**FILED UNDER SEAL** |

**GOVERNMENT'S RENEWED MOTION FOR EARLY RETURN TRIAL SUBPOENA**

The United States of America, by and through undersigned counsel, respectfully renews its request for an early-return trial subpoena to defendant Concord Management and Consulting LLC. In support of its renewed motion, the government states as follows.

On December 3, 2019, the government filed a motion requesting the Court's permission to issue an early-return trial subpoena to Concord under Federal Rule of Criminal Procedure 17(c). Doc. 267; *see* Doc. 273 (Concord opposition); Doc. 278 (government reply). The proposed subpoena requested nine categories of documents:

    1. All corporate registration documents for Concord Management and Consulting LLC.

    2. Documents sufficient to identify the corporate officers of Concord Management and Consulting LLC from January 1, 2014 to February 1, 2018.

    3. Documents sufficient to identify any Internet Protocol address used by Concord Management and Consulting LLC from January 1, 2014 to February 1, 2018.

    4. For the time period from January 1, 2014 to February 1, 2018, records reflecting any payments from Concord Management and Consulting LLC to any of the following entities, either directly or via an intermediary or subsidiary organization: Internet Research Agency LLC, Neva News LLC, Commercial News Agency LLC, Internet Research LLC, Federal News Agency LLC, MediaSintez LLC, Glavset LLC, MixInfo LLC, Azimuth LLC, Novinfo LLC, Nation News LLC, Economy Today LLC.

1

5. For the time period from January 1, 2014 to February 1, 2018, records reflecting any payments made by Concord Management and Consulting LLC for goods or services provided to Internet Research Agency LLC, Neva News LLC, Commercial News Agency LLC, Internet Research LLC, Federal News Agency LLC, MediaSintez LLC, Glavset LLC, MixInfo LLC, Azimuth LLC, Novinfo LLC, Nation News LLC, Economy Today LLC.

6. Documents reflecting or relating to any meetings between any individual affiliated with the Internet Research Agency, including but not limited to Mikhail Burchik, and any individual affiliated with Concord Management and Consulting LLC, including but not limited to Yevgeniy Prigozhin.

7. All communications between any individual affiliated with the Internet Research Agency and any individual affiliated with Concord Management and Consulting LLC.

8. All communications between any individual affiliated with Concord Management and Consulting LLC and any of the following individuals: Mikhail Bystrov, Mikhail Burchik, Aleksandra Krylova, Anna Bogacheva, Sergey Polozov, Maria Bovda, Robert Bovda, Dzheykhun Aslanov, Vadim Podkopaev, Gleb Vasilchenko, Irina Kaverzina, Vladimir Venkov, and Elena Khusyaynova.

9. Calendar entries for Yevgeniy Prigozhin for the time period January 1, 2014 to February 1, 2018.

On December 12, 2019, this Court granted the government's motion in part, authorizing the government to issue an early-return trial subpoena for the first three categories. Doc. 279. With respect to categories four through nine, the Court held that the document requests as written failed "the specificity requirement" of Rule 17(c). *Id.* at 1. The Court invited the government to file a renewed motion narrowing those categories.

The revised proposed subpoena attachment, Exhibit 1 to this motion, significantly narrows the categories of documents requested and meets the specificity requirement of Rule 17(c). *See United States v. Binh Tango Vo*, 78 F. Supp. 3d 171, 178 (D.D.C. 2015) (noting that a party seeking an early-return trial subpoena must show relevancy, admissibility, and specificity).

A trial subpoena is sufficiently specific "if there is a 'sufficient likelihood,' demonstrated through rational inferences, that the documents being sought contain relevant and admissible evidence." *Id.* The Rule does not require "exquisite specificity," *United States v. Poindexter*, 727 F. Supp. 1501, 1510 (D.D.C. 1989); rather, the moving party must merely "reasonably specify the information contained or believed to be contained in the documents sought," *United States v. Libby*, 432 F. Supp. 2d 26, 31 (D.D.C. May 26, 2006) (quoting *Noriega*, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991)). The specificity requirement ensures that a trial subpoena "will not be used as a 'fishing expedition to see what may turn up.'" *Libby*, 432 F. Supp. 2d at 32 (citation omitted). In addition, the specificity requirement is intended to provide the subpoenaed party "with enough knowledge about what documents are being requested so as to lodge any objections on relevancy or admissibility." *Id.* (quoting *United States v. Anderson*, 31 F. Supp. 2d 933, 945 (D. Kan. 1998)).

The narrowed categories of documents requested in the revised proposed trial subpoena to Concord meet this requirement, for the following reasons.

The category of requested financial documents has been narrowed to seek only documents concerning financial transactions that are directly relevant to the allegations set forth in the Superseding Indictment. Rather than requesting "records reflecting any payments" from Concord to twelve different entities, the revised subpoena now requests only payments from Concord to fund the activities of the Internet Research Agency. This request is likely to yield admissible evidence, as the Superseding Indictment alleges that Concord's participation in the conspiracy consisted of funding the operations of the Internet Research Agency. Doc. 247 ¶ 11. Moreover, evidence gathered in the course of the investigation allows the government to "reasonably specify the information…believed to be contained in the documents sought" with this request. *Libby*, 432 F. Supp. 2d at 31 (quoting *Noriega*, 764 F. Supp. at 1493). The government has obtained emails

3

between an accountant for the Internet Research Agency and employees of Concord attaching budgets that appear to show payments from Concord funding the activities of the Agency. This category of requested documents is likely to contain records showing the financial transactions reflected in these budget spreadsheets and is not merely a "fishing expedition to see what may turn up."

Similarly, the category of communications requested has also been narrowed. Rather than request all communications between any member of the Internet Research Agency and any employee of Concord, the proposed trial subpoena now requests only communications between individuals affiliated with Concord and specific individuals associated with the Internet Research Agency (namely, the indicted defendants and the Internet Research Agency accountant, who has been charged by criminal complaint in another jurisdiction). This category of requested documents has been further narrowed by topic, to cover only communications concerning the activities of the Internet Research Agency. Here again, the government can "reasonably specify" the information believed to be contained in the documents sought. As noted above, the government has recovered some communications between the Internet Research Agency accountant and employees of Concord. ███████████████

███████████████████████████████████████████████████████████████████████████████████

Finally, the government has narrowed the request covering Prigozhin's calendar entries. Rather than request all of Prigozhin's calendar entries over a four-year period, the government requests only calendar entries reflecting meetings with Mikhail Burchik (the alleged executive director of the Agency), "Burchik, M.," "Misha Lakhta," the other indicted defendants, or the

4

accountant. This request is likely to yield relevant and admissible evidence. In the course of the investigation, the government has obtained some photographs of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ This document request is likely to yield ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (rather than just the photographs), as well as other similar ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ not photographed.

Thus, for each of the requested categories of documents, the government has described the requested materials with reasonable specificity, and has explained the basis for the government's assertion that the requested documents will yield relevant, admissible evidence. Other courts have upheld similarly-worded trial subpoenas—including trial subpoenas to defendants. *See, e.g.*, *United States v. Nosal*, 291 F.R.D. 403, 409 (N.D. Cal. 2013) (upholding in part trial subpoena issued by defendant to third party requesting "any and all…documents" related to particular allegations in indictment); *United States v. Rajaratnam*, 2011 U.S. Dist. LEXIS 10176, at *8-*9 (S.D.N.Y. Feb. 2, 2011) (granting government's application for trial subpoena to corporation seeking certain trading records, corporate documents, and "any and all e-mails sent or receiving by" the defendant regarding certain subjects on the ground that the subpoena requested categories of documents "in furtherance of the alleged conspiracies"); *Libby*, 432 F. Supp. 2d at 35-36 (upholding trial subpoena requesting "all documents" referencing certain individuals or discussing certain topics); *United States v. McCollom*, 651 F. Supp. 1217, 1219-25 (N.D. Ill. 1987) (denying in relevant part motion to quash trial subpoena requesting "any and all original checks, check registers, or withdrawal slips, or other information reflecting withdrawals of funds or the drawing on funds from accounts" owned by defendant and ruling that "[d]esignation of kinds of documents with reasonable particularity will suffice"); *United States v. Gel Spice Co.*, 601 F. Supp. 1214,

1220 (E.D.N.Y. 1985) (denying motion to quash trial subpoena issued to corporate defendant requesting "records regarding the shipment and importation of certain foods" and concluding that Rule 17(c) "provides for the subpoena of corporate records").

Respectfully submitted,

| | |
|---|---|
| JOHN C. DEMERS<br>Assistant Attorney General for National Security | JESSIE K. LIU<br>United States Attorney |
| By: /s/<br>Heather N. Alpino<br>U.S. Department of Justice<br>National Security Division<br>950 Pennsylvania Ave. NW<br>Washington, D.C. 20530<br>Telephone: (202) 514-2000 | By: /s/<br>Luke Jones<br>Kathryn Rakoczy<br>Jonathan Kravis<br>555 Fourth Street NW<br>Washington, D.C. 20530<br>Telephone: (202) 252-6886 |

# TRIAL SUBPOENA TO CONCORD MANAGEMENT AND CONSULTING LLC
# ATTACHMENT A

1. All corporate registration documents for Concord Management and Consulting LLC.

2. Documents sufficient to identify the corporate officers of Concord Management and Consulting LLC from January 1, 2014 to February 1, 2018.

3. Documents sufficient to identify any Internet Protocol address used by Concord Management and Consulting LLC from January 1, 2014 to February 1, 2018.

4. For the time period from January 1, 2014 to February 1, 2018, records reflecting any payments from Concord Management and Consulting LLC to fund the activities of the Internet Research Agency, made directly or through another organization.

5. For the time period from January 1, 2014 to February 1, 2018, all communications between any individual affiliated with Concord Management and Consulting LLC or Concord Catering and any of the following individuals concerning the activities of the Internet Research Agency: Mikhail Bystrov, Mikhail Burchik, Aleksandra Krylova, Anna Bogacheva, Sergey Polozov, Maria Bovda, Robert Bovda, Dzheykhun Aslanov, Vadim Podkopaev, Gleb Vasilchenko, Irina Kaverzina, Vladimir Venkov, and Elena Khusyaynova.

6. Calendar entries for Yevgeniy Prigozhin for the time period from January 1, 2014 to February 1, 2018 reflecting any meeting(s) with Mikhail Burchik, "Burchik M.," "Misha Lakhta," or any of the following individuals: Mikhail Bystrov, Aleksandra Krylova, Anna Bogacheva, Sergey Polozov, Maria Bovda, Robert Bovda, Dzheykhun Aslanov, Vadim Podkopaev, Gleb Vasilchenko, Irina Kaverzina, Vladimir Venkov, and Elena Khusyaynova.