**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NUMBER: |
| v. | 1:18-cr-00032-2-DLF |
| CONCORD MANAGEMENT AND CONSULTING LLC | |
| Defendant. | |

**DEFENDANT CONCORD MANAGEMENT AND CONSULTING LLC'S RESPONSE
TO THE GOVERNMENT'S DISCUSSION OF THE DIFFERENCES BETWEEN THE
PARTIES' PROPOSED JURY INSTRUCTIONS**

Defendant Concord Management and Consulting LLC ("Defendant" or "Concord"), by and through undersigned counsel, respectfully submits this response to the Government's Discussion of Differences between the Parties' Proposed Jury Instructions, ECF 281.

**Notetaking By Jurors**

The government's response regarding notetaking by jurors makes several assertions about the claimed value of taking notes, but supports none of those assertions with any factual or legal basis for why notes should be permitted. Instead, the government merely states that "[s]ome people find that notetaking helps them pay attention, serves as a . . . memory aid, and is a useful resource if later trying to locate particular exhibits." ECF 281 at 2. Concord, by contrast, has identified several cases in which courts have recognized that notetaking "'is not a favored procedure.'" *See* ECF 280 at 2 (quoting *United States v. Darden*, 70 F.3d 1507, 1536-37 (8th Cir. 1995)). The reasons for this are myriad. For example, a focus on taking notes may distract from the jurors' job, which is to pay attention and to judge the credibility and believability of the witnesses. The government makes no effort to counter this argument, nor does it address the

concern that the jurors will instinctively defer to those jurors who take the best notes—further undermining the jury's ability to effectively carry out its charge.

The government also suggests that notes are necessary because it might present evidence on topics that are unfamiliar to the jurors.  Again, courts have rejected this complexity argument.  ECF 281 at 2.  Moreover, the government's own statements undercut its argument by suggesting that its case-in-chief may only last one week.  *Id.*  This strips much of the complexity and memory-related problems from the government's argument.  The jurors should not be permitted to take notes.

<u>**Corporate Defendant Can Appear Through Counsel**</u>

The government opposes Concord's proposal that an instruction regarding a corporate defendant appearing through counsel makes clear that "[a] corporate defendant may appear in court through its counsel who is present," because, according to the government, it is "unnecessary and poses some risk of misstating the applicable law."  ECF 281 at 2-3.

But this argument distorts Concord's proposed instruction.  Contrary to the government's assertion, the proposed language does not suggest that "defendants have a categorical right to appear though counsel," *id*. at 3, because the proposed instruction specifically states that a "corporate defendant ***may*** appear through counsel," not that a corporate defendant ***has a right to*** appear through counsel.  Moreover, Concord's proposed language correctly states the law because it is taken directly from the Federal Rules of Criminal Procedure.  *See* Fed. R. Crim. P. 43(b)(1) (providing that a defendant need not be present when "[t]he defendant is an organization represented by counsel who is present").  The inclusion of this language is to explain to the jury the basis for the instruction on which both sides agree—that the jury must not consider in any way in its deliberations the fact that Concord has elected to appear through counsel and that no other corporate representative is present.

2

The government cites to *United States v. Gonzales-Flores*, 701 F.3d 112 (4th Cir. 2012) in support of its objection, but that case and its reference to "traditional trial-management functions" have nothing to do with the present issue.  In fact it is ridiculous for the government to cite to this case.  As an initial matter, *Gonzales-Flores* involved an individual defendant, not a corporation. *Id*. at 114.  That defendant challenged his conviction because he was not present at a pretrial hearing regarding a motion in limine involving a discovery dispute.  *Id*.  Thus, the Court's analysis was under  Rule 43(b)(3), which provides that a defendant need not be present where the proceeding involves only a conference or hearing on a question of law, not the organizational defendant subsection in Rule 43(b)(1), as is relevant here.  *Id*. at 116; Fed. R. Crim. P. 43(b)(1), (3).  Further making clear that the *Gonzales-Flores* decision does not involve Rule 43(b)(1), the court describes Rule 43(b) as "exempt[ing] specific kinds of proceedings from [the] requirement" that a defendant must be present at certain stages of a proceeding.  701 F.3d at 116.  But Rule 43(b)(1) does not relate to "specific kinds of proceedings" at all, only to when the defendant is an organization.  Finally, *Gonzales-Flores* has nothing at all to do with jury instructions.

Because the language in Concord's proposed instruction recites the Federal Rules of Criminal Procedure the Court should include Concord's proposed language that "[a] corporate defendant may appear in court through its counsel who is present" in this instruction.

### Corporate Responsibility

As both parties note, the sole area of disagreement with respect to the corporate responsibility instruction is the description of when a corporate agent's acts were "within the scope of employment."  *See* ECF 2801 at 6; ECF 281 at 3.  Concord's position is that the instruction should state that for an act to be within the scope of an agent's employment, "it must relate directly to the performance of the agent's general duties for the corporation," while the government maintains that the instruction should state that "it must concern a matter that the corporation

generally entrusted to the agent." ECF 248 at 7-8. The government's briefing on this disagreement all but confirms that Concord's requested instruction is the correct statement of the law and should therefore be issued.

To start, the government concedes that its proposed instruction is drawn solely from the Seventh Circuit's Pattern Jury Instructions. Rather than cite to any authority that supports the use of that instruction, the government instead cites to generalized descriptions of the scope of employment test—descriptions that Concord does not necessarily disagree with. *See, e.g., United States v. Agosto-Vega*, 617 F.3d 541, 552–53 (1st Cir. 2010) (agent must be "performing *acts of the kind* which he is authorized to perform"); *United States v. Inv. Enters., Inc.*, 10 F.3d 263, 266 (5th Cir. 1993) (agent's authority can be actual or implied). Indeed, the government selectively quotes from *Agosto-Vega* by omitting the critical next phrase: "and those acts are motivated—at least in part—by an intent to benefit the corporation." 617 F.3d at 552-53 (internal quotation marks omitted). Accordingly, these authorities do not support the notion that the scope of employment test is satisfied by an act that merely *concerns a matter* that is generally entrusted to the agent. In other words, apart from the Seventh Circuit's Pattern Jury Instructions, the government does not cite to any authority that suggests its proposed instruction is proper.

By contrast, Concord relies on authority from within this Circuit, and the Second, Third, Sixth, and Eighth Circuits that have invoked the "relate directly" language in their corporate responsibility jury instructions or in describing the scope of employment test. *See* ECF 280 at 5-7(citing *United States v. Burden*, No. 14-CR-69, 2016 WL 5800423, Instruction 9 (D.D.C. Sept. 29, 2016); *United States v. Koppers Co.*, 652 F.2d 290, 298 (2d Cir. 1981); S1 Modern Federal Jury Instructions-Criminal 7.06 (2019) (3rd Circuit); *Cont'l Baking Co. v. United States*, 281 F.2d 137, 149 (6th Cir. 1960); S2 Modern Federal Jury Instructions-Criminal 5.03 (2019) (8th Circuit)).

These authorities demonstrate that the Seventh Circuit instruction upon which the government relies is an outlier.  The clear weight of authority militates in favor of the instruction proposed by Concord.

Next, the government attempts to argue—without any legal support—that Concord's proposed instruction is too narrow.  The government protests that Concord's instruction "may incorrectly suggest that the act itself had to have been authorized by corporate officers or a broader corporate body" and that it "excludes circumstances where an employee has apparent, even if not actual, authority to take the act."  ECF 281 at 4.  This is nonsense.  The disputed sentence itself makes clear that the act must relate directly to the agents "*general duties* for the corporation," and the very next line of Concord's proposed instruction states that "[i]t is not necessary that the act itself have been authorized by the corporation."  ECF 248-1 at 7.  This language completely disposes of the government's stated concerns regarding Concord's proposed instruction.

In sum, the government is unable to provide any support—apart from a Seventh Circuit pattern instruction which is shown to be an outlier—for its proposed instruction, and its supposed concerns regarding the narrowness of the "relate directly" language are expressly addressed in Concord's proposed instruction.  For these reasons, the Court should adopt the instruction proposed by Concord.

## Suppression Or Fabrication Of Evidence By Defendant

The government acknowledges and that if the Court excludes the government's proposed evidence regarding alleged suppression of evidence, no such instruction would be warranted.  This is precisely what Concord proposed.  *See* ECF 248-1 at 10 (Concord acknowledging that "this instruction should be included only if the evidence at trial merits it").  The government entirely fails to address Concord's position that such instruction should refer generally to "certain defendants" and/or "certain co-conspirators."  As Concord stated in its initial brief (which the

government does not challenge), this will properly focus the jury only on those defendants/co-conspirators whose obstructive conduct the jury finds is supported by evidence, and will further prevent jurors from improperly imputing such conduct to other defendants when deciding issues such as guilty knowledge or intent.

### Unanimity – Special and Verdict Form With Special Interrogatories

The government has taken conflicting positions with respect to its argument that a general unanimity instruction is sufficient.  Despite the fact that it conceded well over a year ago "that the jury would have to be unanimous as to the lawful government function that's interfered with," Oct. 15, 2018 Hr'g Tr. 29:7-9, it now asserts that it is not necessary because the government functions at issue are merely the means of the conspiracy, ECF 281 at 6.  But the supposed broader objective of "election interference" by itself is not an unlawful act; thus, the government readily acknowledges that "Concord is not charged with interfering in the 2016 presidential election and political system."  ECF 281 at 17.  This is precisely why the government has structured its indictment to allege that Concord interfered with the lawful government functions of three separate agencies—the FEC, DOJ, and DOS.  Because "election interference" is not in itself a crime, the only unlawful act upon which the government could obtain a conviction is the interference with the functions of at least one of these agencies.  Without a special unanimity instruction, the government would have the latitude to present "election inference" as a crime unto itself, or to convince the jury to convict "on a composite theory of guilt" where the jury unanimously finds that Concord is guilty *of something*, but cannot unanimously agree on which unlawful act supports the guilty verdict.  *See United States v. Beros*, 833 F.2d 455, 462 (3d Cir. 1987).  By arguing that the "single object" of the conspiracy was to impair the government's ability to regulate Defendants' "influence activities," the government implicitly suggests that this is exactly what it intends to do.  This is all the more reason that a special unanimity instruction should be issued.

Furthermore, such an instruction does not prejudice the government assuming it can prove beyond a reasonable doubt the allegations in the indictment.

Although the foregoing should end the inquiry, the government's inability to cite any case law in support of its position is also revealing.  The government cites *United States v. Treadwell*, 760 F.2d 327, 335 (D.C. Cir. 1985) for the proposition that the government "'need not show that the conspirators agreed on the details of their criminal scheme' but rather the 'essential nature of the plan.'"  ECF 281 at 6.  *Treadwell* is easily distinguishable, however, because there, the "essential nature of the plan" was itself unlawful—i.e., "to unjustly and illegally enrich themselves . . . [by] misappropriate[ing], misapply[ing], divert[ing] and steal[ing] monies and assets . . . ."  *Treadwell*, *supra*, 760 F.2d at 335.  Here, what the government suggests is the "essential nature of the plan"—*i.e.*, interfering in the 2016 election—is not itself unlawful.  Furthermore, the defendant in *Treadwell* does not appear to have requested a special unanimity instruction, making that case entirely inapplicable.

*United States v. Kayode*, 254 F.3d 204 (D.C. Cir. 2001) and *United States v. Harris*, 959 F.2d 246 (D.C. Cir. 1992), are similarly unavailing.  *Kayode* involved a statute that made it illegal for a person to possess five or more false documents, so the court found that the jury did not have to agree on the identity of the false documents as long as it agreed that the numerical threshold was met.  *Kayode*, *supra*, 254 F.3d at 214.  Similarly in *Harris*, which involved a statute that required the participation of five or more members of a criminal enterprise, the court found that the jury did not have to disclose which five persons defendant acted in concert with as long as it agreed that defendant had indeed acted in concert with five or more persons.  *Harris*, *supra*, 959 F.2d at 255.  Here, of course, numerical thresholds are not an element of the government's conspiracy charge, making the reasoning of these cases inapt.

*United States v. Tham*, 960 F.2d 1391 (9th Cir. 1991) is similarly off point.  In *Tham,* the defendant was tried and convicted under § 371 for both a conspiracy to commit an offense and conspiracy to defraud the United States and the issue was whether the district court erred when it sentenced the defendant for two separate conspiracies.  The issue of special unanimity is not addressed at all in *Tham.*

Finally, the government citation to *Schad v. Arizona*, 501 U.S. 624 (1991) for the proposition that "'there is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict'" does not impact the analysis.  ECF 281 at 6 (quoting *Schad*, 501 U.S. at 632).  This statement, too, is taken out of context, because *Schad* involved a state first-degree murder conviction which, by statute, had two alternative bases for conviction: premeditation or death in the course of a felony.  *Schad*, 501 U.S. at 628.  The Court found no problem with the state's decision to define alternative means of committing one crime: first-degree murder.  *Id.* at 632.  But it did, however, acknowledge the due process concerns associated with vagueness, and the problem that arises when "differences between means become so important that they may not reasonably be viewed as alternatives to a common end, but must be treated as differentiating what the Constitution requires to be treated as separate offenses." *Id.* at 633.  That is the problem here.  The government's proposed instruction attempts to gloss over the readily-apparent differences between the three different conspiracy offenses set forth in the Superseding Indictment, and thus the "preliminary factual issues" from *Schad* are irrelevant here.

In contrast, Concord has cited numerous cases from within this Circuit that strongly approve of the use of special unanimity instructions in complicated cases such as this.  *See, e.g., United States v. Mangieri*, 694 F.2d 1270, 1281 (D.C. Cir. 1982); *United States v. Hubbard*, 889 F.2d 277, 278 (D.C. Cir. 1989).  Contrary to the government's assertions, the "interrelated and

overlapping deceptive conduct aimed at impairing a cluster of interrelated and overlapping functions of the United States government" is precisely why a special unanimity instruction is necessary here.   ECF 281 at 7; *see also id.* at 9 (noting "the complexity of the charged conspiracy" but arguing against a special verdict form).   As the D.C. Circuit has instructed, where "several factual predicates support a guilty verdict, a defendant is entitled to unanimous agreement among the jury as to which of those 'alternative factual predicates' provided a basis for conviction." *United States v. North*, 910 F.2d 843, 876 (D.C. Cir.), opinion withdrawn and superseded in part on reh'g, 920 F.2d 940 (D.C. Cir. 1990).

In arguing that a special verdict form is unnecessary even if the Court finds that a special unanimity instruction is warranted, the government once again contradicts itself.   ECF 281 at 9. In its proposed jury instructions, the government specifically "ask[ed] for leave to propose an alternative to Concord's Proposed Verdict Form" in the event that the Court disagreed with its position that a special unanimity instruction was unnecessary, thereby conceding that a special unanimity instruction and special verdict form go hand-in-hand.   ECF 248-1 at 15.   On substance,[1] the government objects to the use of the terms "entered" (rather than "joined") and "specific intent"; and the requirement that the jury identify:   (i) the expenditure that resulted in the duty to disclose, (ii) the conduct that resulted in the duty to register, and (iii) the visa application and the information determined to be false or omitted.   These objections go directly to the elements of the conspiracy charge.   Accordingly, Concord's position is that to the extent that the Court adopts its

---

[1] Concord's position is that by electing not to propose a verdict form with special interrogatories when initially ordered by the Court, the government has waived any objections to Concord's proposed verdict form and the Court should adopt the same without modification.

proposed instructions on the conspiracy charge, Concord's proposed verdict form should be adopted without modification.

For these reasons, the Court should give a special unanimity instruction and require the jury to complete the special verdict form proposed by Concord.

### Proof of State Of Mind

The government improperly downplays Concord's objection to its proposed state of mind instruction as it relates to a corporate defendant. While Concord does not disagree that state of mind of an individual may be inferred based on the totality of the circumstances, this should not give the jury carte blanche generally to infer state of mind of a corporation, without tying it to a specific employee or employees—as the law requires. Accordingly, the government's proposed instruction is too broad because it improperly allows the jury to aggregate the state of mind of multiple individuals to find the requisite state of mind for Concord. Such an instruction is impermissible. *See* ECF 280 at 15-16 (citing cases for the proposition that intent depends on the state of mind of specific employees).

The Court has stated, and the government concedes, that "§ 371 requires the specific intent to carry out . . . the obstruction of lawful government functions." ECF 74 at p. 24 (citing the government's concession at ECF 56 at 16); *see also* Oct. 15, 2018 Hr'g Tr. 27:13-17. "One who acts with specific intent is aware that what he does is precisely that which the statute forbids." *United States v. Ehrlichman*, 546 F.2d 910, 920 (D.C. Cir. 1976).[2]  *See also United States v. Dale*, 991 F.2d 819, 851 (D.C. Cir. 1993) ("The trial court's instructions made it clear that a conspiracy to defraud the United States required willful action with specific intent to deceive or cheat.")

---

[2] It is irrelevant that *Ehrlichman* involved a statute that contained the word "willfully," because the D.C. Circuit did not limit its discussion of what is required to prove specific intent to such a statute.

When determining whether a corporation acted with specific intent, courts refer to the state of mind of the specific corporate officers and employees who were involved in the charged conduct.  ECF No. 280 at 15 (citing *United States v. Phillip Morris, USA, Inc.*, 566 F.3d 1095, 1118-22 (D.C. Cir. 2009)).  The government's proposed instruction fails to tailor the standardized instruction for proof of state of mind of a corporation, and instead offers general platitudes about intent—that is, that "a person intends the natural and probable consequences of acts s/he intentionally did or intentionally did not do."  ECF 248-1 at 16.  This is not, as the government suggests, a "standard instruction" when it comes to **corporate** state of mind, because it does not require the jury to find that the Concord was ". . . under no necessity of guessing whether the statute appli[ed] to [it]."  *Ehrlichman*, 546 F.2d at 920.

Accordingly, to accurately reflect the law, Concord proposes the following instruction:

> Corporations may be held liable for specific intent offenses based on the "knowledge and intent" of their employees.  Because a corporation only acts and wills by virtue of its employees, corporate intent depends on the wrongful intent of specific employees.  Specific intent means that Concord was under no necessity of guessing whether the conspiracy statute applied to it.  That is, the government must prove beyond a reasonable doubt that Concord was aware that what it did was precisely that which the statute forbids.

## Good Faith

The government asserts three arguments regarding Concord's proposed good faith instruction.  The first states the obvious:  because the conspiracy charge Concord faces contains a scienter element, then "[i]f the government cannot prove that element beyond a reasonable doubt, then of course the jury cannot convict."  ECF 281 at 12.  Concord agrees, and the jury should be instructed accordingly.  *See* ECF 280 at 17.  To the extent that the government tries to improperly shift the burden to Concord by stating that "[i]f Concord's theory of the case is that Concord or other relevant conspirators acted in good faith in such a way that negates the elements of the crime, then Concord can present that argument to the jury," ECF 281 at 12, that is not the law.  *See United*

*States v. Bowser*, 318 F. Supp. 3d 154, 176 (D.D.C. 2018) (recognizing that "[a] defendant is under no burden to prove his good faith; rather, the government must prove bad faith or knowledge of falsity beyond a reasonable doubt").

Second, the government accuses Concord (without citation to a single authority) of misstating the law and inserting a willfulness requirement.  But for the reasons addressed elsewhere, *supra* p. 10-11 and *infra* p. 13, this is a correct statement of the law and the jury should be instructed as such.

Third, the government maintains that a good faith instruction is premature.  As Concord has noted, however, the government bears the burden with respect to good faith, and courts have found reversible error where trial courts failed to give such an instruction.  ECF 280 at 17-18.  The Court should give the requested good faith instruction regardless of the evidence adduced at trial.

## Conspiracy

With respect to the jury instruction for conspiracy, the government offers the Court one and a half pages of argument defending its proposed instruction, based primarily on pattern jury instructions, and then nitpicks at Concord's proposal, arguing it "vastly departs" from standard and model jury instructions for conspiracy.  But as all sides, including the Court, have acknowledged time and again, this is a one-of-a-kind case.  As a result, template jury instructions simply will not work.  So while the government wants to treat this as a garden variety § 371 defraud case, and to rely almost exclusively on pattern jury instructions, Concord's proposed instruction reflects the unique nature of the allegations, the prior rulings of the Court, and the government's concessions made throughout this litigation.

Further, in its arguments objecting to Concord's proposed instruction, the government does not cite to any legal authority (except for a single reference to the Court's opinion denying Concord's original motion to dismiss the indictment) or case law specific to a § 371 defraud

conspiracy involving FECA and FARA.  And, while the government attacks Concord's instruction for departing from controlling law, Concord took express account of the legal principles that apply to a conspiracy under the allegations in this Superseding Indictment, the recognized need to describe the specific duties breached, and the unquestioned risk that innocent conduct could be punished given the way the government wants to try this case.

First, the government dismisses Concord's proposal as just a recycled "willfulness" argument that the Court has rejected.  ECF No. 281 at 14.  But Concord's proposed instructions on the elements of the conspiracy request a *mens rea* of "knowing[] and intentional[]" conduct, as the government alleged in the Superseding Indictment, ¶¶ 2, 9, not willfulness.[3]  The government fails entirely to respond to this proposal, ECF No. 281 at 14, and this *mens rea* appears nowhere in the government's proposed instruction.

Second, the government objects to Concord's proposal that the conspiracy instruction refer to "specific intent" to impair, obstruct or defeat the lawful functions of the FEC, DOJ, and/or the DOS.  ECF No. 281 at 14-15.  In particular, the government agrees that defrauding the United States must be a "subject of the agreement," but argues that "it is unclear what Concord means by 'specific intent' and 'specifically agreed.'"  ECF 281 14-15.  This is a bizarre position for several reasons—not the least of which is because Concord's proposed instruction is perfectly clear as to what "specific intent" means: "A person who intends to cause the required result is said to have acted with specific intent."  ECF No. 248-1 at 19.  *See United States v. Carr*, 314 F. Supp. 3d 272 (D.D.C. 2018) ("Specific intent . . . requires that it be the offender's 'conscious object' to bring about a particular result . . . mere awareness that the result is almost certain to occur is

---

[3]  As Concord's proposal and its brief in support make clear, the willfulness request was made for preservation purposes.  ECF No. 248-1 at 18 n.4; ECF No. 208 at 22 n.6.

insufficient.") (internal citations omitted) (citing *United States v. Bailey,* 444 U.S. 394, 405 (1980), for proposition that "the Model Penal Code term 'purpose corresponds loosely with the common-law concept of specific intent; while 'knowledge' corresponds loosely with the concept of general intent").

In any event, the government's position should be rejected because the Court has already ruled that the government is "going to have to show that Concord and others conspired and had the *specific intent* to defraud the FEC, the DOJ, and the State Department." Oct. 15, 2018 Hr'g Tr. 27:14-16 (emphasis added); *see also* Nov. 15, 2018 Mem. Op., ECF No. 74, at 24 (noting that the "government concedes that § 371 requires the *specific intent* to carry out the unlawful object of the agreement—in this case, the obstruction of lawful government functions") (citing ECF No. 56 at 16) (emphasis added); Dec. 12, 2019 Hr'g Tr. 21:20-24 ("Concord will have further opportunities with jury instructions . . . to ensure that the government proves enough knowledge to support a *specific intent* to thwart at least one of the government functions alleged in the indictment.") (emphasis added).   Perhaps most importantly, this Circuit has approved jury instructions that make clear that "a conspiracy to defraud the United States required willful action with specific intent to deceive or cheat." *United States v. Dale*, 991 F.2d 819, 851 (D.C. Cir. 1993).

Third, the government takes issue with Concord's proposed instruction containing an element that Concord and the co-conspirators must have had an affirmative duty to disclose specific information to the FEC, DOJ, and/or DOS that was not provided. ECF 281 at 15.[4]  But as

---

[4] To the extent that the government further takes issue with the "require[ment] that such a duty [falls] on the conspirators themselves," it offers no legal authority in support of the notion that "causing someone who is not a member of the conspiracy to conceal information that they would have been required to disclose would itself be a deceptive act."  ECF 281 at 15.  But in any event, this statement supports Concord's point—that in order for the jury to fully understand the nature

set forth in Concord's brief supporting this instruction, ECF 280 at 31-32, the Court has acknowledged that as a practical matter, it will be difficult for the government to tie the alleged acts of deception to the alleged government functions without these duties, Nov. 15, 2018 Mem. Op. at 15-16.  As noted, this is a prime example of how the government's unprecedented charging decision requires a deviation from the standard instructions for a § 371 defraud conspiracy.

Fourth, the government criticizes Concord's proposal that the jury be instructed that Concord specifically knew about the duties to disclose or register.  ECF 281 at 15.  But for the reasons set forth in Concord's brief in support of its proposed instructions, the circumstances of this Superseding Indictment, this Court's prior rulings and the decisional law—including, specifically, *Rehaif*, *Burden*, *Bluman* and *Trie*—call for instructions requiring Concord to know about the specific statutes creating the duties it allegedly breached and to act knowingly and intentionally to violate those duties.  ECF 280 at 21-31.  This is entirely consistent with specific intent generally.  *See Erlichman*, 546 F.2d at 920 (D.C. Cir. 1976) (recognizing that "[o]ne who [acts] with such specific intent is aware that what he does is precisely that which the statute forbids. He is under no necessity of guessing whether the statute applies to him . . .") (internal quotation marks omitted).  In short, Concord's proposed instruction calls for a knowledge and intent requirement consistent with what the law allows, and avoids punishing innocent conduct; yet the government objects.

Beyond that, the Court has already decided this issue, finding that "Concord is correct— and the government does not dispute—that the government 'must, at a minimum, show that Concord knew what 'lawful government functions' it was allegedly impeding or obstructing" and

---

of what is being alleged—that is, deceptive conduct related to the failure to disclose—the jury should be instructed about that duty.

that, under the original Indictment, this meant that "the government must show that Concord knew that it was impairing the 'lawful functions' of the FEC, DOJ, or DOS 'in administering the federal requirements for disclosure of foreign involvement in certain domestic activities.'" *See* Nov. 15, 2018 Mem. Op. at 24-25 (citing Orig. Ind. ¶ 9 for "administering federal requirements for disclosure"). While the Superseding Indictment (which undersigned counsel received just three days prior to submitting the proposed jury instructions), added language regarding the alleged lawful functions that the conspirators are alleged to have "knowingly and intentionally conspired to defraud the United States by impairing, obstructing, and defeating," those functions still include the enforcement of federal requirements for disclosing certain information to the FEC and registering with the DOJ. *See* Superseding Indictment ¶ 9 (alleging that the lawful government functions include "the enforcement of the statutory requirements for filing reports in connection with certain election-related expenses" and "the enforcement of the statutory requirements for registration as an agent of a foreign principal").

It is simply not possible for the Court to charge the jury as to whether "Concord knew that it was impairing the 'lawful functions'" of the FEC and DOJ in enforcing these statutory requirements, as the Court has previously held it must, Nov. 15, 2018 Mem. Op. at 24-25, without also instructing the jury that the government must prove that Concord knew about these functions, as Concord proposes. Significantly, the Court specifically noted that Concord would have further opportunities, including through jury instructions, "to ensure that the government proves enough knowledge to support a specific intent to thwart at least one of the three government functions alleged in the indictment." *Id.* at 25; *see also* Dec. 12, 2019 Hr'g Tr. 21:19-24 (same).

What the government is attempting to do should be clear to the Court by now. In the absolute absence of any evidence that Concord was aware of the existence, let alone the lawful

functions, of the FEC or DOJ FARA Unit, the government wants to convict based solely on the theory that the alleged deception itself proves that Concord knew that what is was doing was unlawful. But the government cannot point to a single case that would allow a conviction on this novel and unlawful theory of liability.

Fifth, the government opposes Concord's construction of the "object" of the conspiracy, but for the reasons set forth above with respect to specific unanimity, the only way to ensure that the jury is "unanimous as to the lawful government function that's interfered with," as the government long ago conceded it must, Oct. 15, 2018 Hr'g Tr. 29:7-9, is to formulate the conspiracy instruction in this way. Instead of acknowledging this, the government reverts to its typical vague and obscure language, regarding "interrelated and overlapping government functions." ECF 281 at 15. This is not consistent with the position taken by the government in an effort to survive Concord's motion to dismiss, and such shading should be prohibited. Moreover, it would unlawfully allow a conviction where the jurors were not unanimous as to any single government agency that was allegedly defrauded.

Sixth, the government takes issue with Concord's proposal that the jury be instructed that "only conduct that is both intended to impede the lawful functions of a government agency and is fraudulent or dishonest will support a charge of conspiracy to defraud a government agency," arguing that this is a misstatement of law and likely to confuse the jury. ECF 281 at 16. But this portion of the instruction simply explains the point that the Court has previously made, that "Section 371 does not 'make it a federal crime to do *anything* . . . with the goal of making the government's job more difficult. It covers only agreements to obstruct government functions by 'deceit, craft or trickery, or . . . means that are dishonest." Nov. 15, 2018 Mem. Op. at 10. The government argues that "[t]here is no legal requirement that the overt act itself be 'fraudulent or

dishonest'" or "that every act in furtherance of the conspiracy must be fraudulent or dishonest to support a charge." ECF 281 at 16. But Concord's proposed instruction neither states nor suggests this. This language is not tied to the overt acts in any way. Again, here the government seeks a conviction by tossing against the wall a large amount of completely lawful conduct to mask the fact that the conduct that violated an alleged duty was miniscule and contrary to the broad allegations in the Superseding Indictment.

Seventh, the government's disagrees with Concord's proposed conspiracy instruction is for describing the relevant functions of the FEC, DOJ, and DOS. The government concedes that the Court will need to instruct the jury on the statutes that create the duties to disclose or register that the government asserts the conspirators failed to comply with, but that it is premature to address this now. ECF 281 at 16. The government has previously argued that the "Court will instruct the jury as to any legal obligations—under FECA, FARA, or otherwise—that are relevant to the jury's consideration of the evidence," ECF 262 at 10, and the Court agreed, Dec. 12, 2019 Hr'g Tr. 41:14-17. That is precisely what Concord's proposal does. And while the government argues that it is premature to address this issue now, it does not explain why the briefs regarding jury instructions are not the proper time to address this portion of the instruction, nor when it believes the appropriate time would be.

The government also argues that the nature of the government functions will be provided as evidence, not through jury instructions, and that the functions are "broader than a description of the statutes being administered." ECF 281 at 16. This is directly contrary to what the government previously represented to the Court that "with respect to testimony and evidence about the lawful functions of certain government agencies, this evidence will largely derive from certain statutory and regulatory provisions laying out the lawful functions of the three agencies . . . ." Gov't Opp.

to Mot. to Compel Compliance with Fed. R. Crim. P. 16 at 7, ECF 254.   And so, here, the government shows its true intent.   First it argued that this proposed testimony was not expert in nature, *id*. 7-8, but now concedes that the proposed testimony will serve as a substitute for the Court's instruction of the law to the jury.   So the government now proposes that its witnesses' testimony, the substance of which will remain secret until it is actually given at trial, will serve as the instruction on the law to the jury.   There is no case ever that says the government can do this. Further, neither of the government's arguments counsels against Concord's proposed instruction. Concord's proposed instruction explains the requirements for disclosure or registration that exist under FECA and FARA—precisely what the Court and government both agree must be explained to the jury.   If the government wants to provide evidence regarding the broader nature of the functions of the agencies at issue, the proposed jury instructions do not prevent that.

Finally, the government takes issue with Concord's proposal that the jury be instructed that "[i]nterfering with the U.S. political and electoral processes of the United States, alone, is not a crime."   ECF 281 at 17.   This is a true statement of the law, as the Court has previously acknowledged.   *See* May 24, 2019 Mem. Op. & Order at 1, ECF 136 (noting that the goal of sowing discord among U.S. voters through divisive social media posts and political rallies, as alleged in the indictment, "by itself, was not illegal").

Dated: January 6, 2020

Respectfully submitted,

CONCORD MANAGEMENT
AND CONSULTING LLC

By: /s/ *Eric A. Dubelier*

Eric A. Dubelier (D.C. Bar No. 419412)
Katherine J. Seikaly (D.C. Bar No. 498641)
REED SMITH LLP
1301 K Street, N.W.
Suite 1000 – East Tower
Washington, D.C. 20005-3373

202.414.9200 (phone)
202.414.9299 (fax)
edubelier@reedsmith.com
kseikaly@reedsmith.com