**Duty to Disclose**

If you conclude that a duty to disclose is relevant to your decision about whether Concord conspired to defraud the United States, there are two duties to disclose that are at issue in this case.

1. First, the Federal Election Campaign Act requires anyone who makes "independent expenditures" of more than $250 in a calendar year must file reports with the Federal Election Commission containing information about the expenditure, including who made it and its purpose. An "independent expenditure" is any purchase, payment, distribution, loan, advance, deposit, or gift of money or anything of value, made by any person for the purpose of influencing any election for Federal office, that expressly advocates the election or defeat of a clearly identified candidate.

Expressly advocating means either

(a) phrases such as "vote for the President," "re-elect your Congressman," "support the Democratic nominee," "cast your ballot for the Republican challenger for U.S. Senate in Georgia," "Smith for Congress," "Bill McKay in '94," "vote Pro-Life" or "vote Pro-Choice" accompanied by a listing of clearly identified candidates described as Pro-Life or Pro-Choice, "vote against Old Hickory," "defeat" accompanied by a picture of one or more candidate(s), "reject the incumbent," or communications of campaign slogan(s) or individual word(s), which in context can have no other reasonable meaning than to urge the election or defeat of one or more clearly identified candidate(s), such as posters, bumper stickers, advertisements, etc. which say "Nixon's the One," "Carter '76," "Reagan/Bush" or "Mondale!"; or

(b) When taken as a whole and with limited reference to external events, such as the proximity to the election, could only be interpreted by a reasonable person as containing

advocacy of the election or defeat of one or more clearly identified candidate(s) because - (a) The electoral portion of the communication is unmistakable, unambiguous, and suggestive of only one meaning; and (b) Reasonable minds could not differ as to whether it encourages actions to elect or defeat one or more clearly identified candidate(s) or encourages some other kind of action.

2. Second, the Foreign Agents Registration Act (FARA) promotes transparency with respect to foreign influence within the United States by ensuring that the United States government and the public know the source of certain information from foreign agents intended to influence American public opinion, policy, and laws, thereby facilitating informed evaluation of that information. FARA fosters transparency by requiring that persons who engage in specified activities within the United States on behalf of a foreign principal, either directly or through any other person, register with and disclose those activities to the Department of Justice. It is an important tool to identify foreign influence in the United States and address threats to national security.

Under FARA, anyone who acts as an agent of a foreign principal must register with the Department of Justice and disclose who they work for and what they're doing. A foreign principal includes an entity organized under foreign law or based in another country, and a person or entity located outside of the United States who is not a U.S. citizen who lives in the United States or U.S.-based entity. An "agent of a foreign principal" is anyone who acts as an agent, representative, employee, or servant, or any person who acts in any other capacity at the order, request, or under the direction or control, of a foreign principal or of a person any of whose activities are directly or indirectly supervised, directed, controlled, financed, or subsidized in whole or in major part by a

foreign principal, and who directly or through any other person engages in certain acts in the United States for or in the interests of the foreign principal.

As relevant here, three categories of acts can render someone an agent under FARA:

(i) "Political activities." The term "political activities" means any activity that the person engaging in believes will, or that the person intends to, in any way influence any agency or official of the Government of the United States or any section of the public within the United States with reference to formulating, adopting, or changing the domestic or foreign policies of the United States or with reference to the political or public interests, policies, or relations of a government of a foreign country or a foreign political party;

(ii) Various public-relations conduct and political consulting. This includes acting as a public relations counsel; engaging directly or indirectly in the publication or dissemination of oral, visual, graphic, written, or pictorial information or matter of any kind, including publication by means of advertising, books, periodicals, newspapers, lectures, broadcasts, motion pictures, or otherwise; and informing or advising any other person with reference to the domestic or foreign policies of the United States or the political or public interest, policies, or relations of a foreign country or of a foreign political party.

(iii) soliciting, collecting, disbursing, or dispensing contributions, loans, money, or other things of value

52 U.S.C. § 30104(c) (FECA); 11 C.F.R. § 109.10 (FEC regulation); *see* 52 U.S.C. § 30101(17) (defining "independent expenditure"); 11 C.F.R. § 100.22 (regulation interpreting "independent expenditure"). 22 U.S.C. §§ 611(a), (b), (c)(1)(i)-(iii), (g), (h), (o), (p), 612(a) (FARA).

Case 1:18-cr-00032-DLF   Document 292-1   Filed 01/06/20   Page 4 of 4