UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CONCORD MANAGEMENT<br>AND CONSULTING LLC,<br><br>                    **Defendant.** | Criminal No. 18-CR-32-2 |

**GOVERNMENT'S MOTION IN LIMINE
TO PRECLUDE IMPROPER ARGUMENT AND EVIDENCE**

The United States of America respectfully moves to preclude defendant Concord Management and Consulting LLC from making arguments or submitting evidence to the jury regarding assertions of government misconduct, including claims of selective or arbitrary prosecution. Such matters are irrelevant to this case and would create a substantial danger of unfair prejudice, confusion, and delay.

**DISCUSSION**

In its filings, Concord has made numerous allegations of misconduct related to the investigation and prosecution of this case. Among other things, Concord has argued that it was the victim of selective prosecution (Doc. 61; Doc. 93); that public statements by government officials warranted criminal contempt proceedings (*e.g.*, Doc. 129); that this prosecution is unconstitutionally arbitrary or otherwise unlawful because the Indictment was obtained by the Special Counsel (Doc. 36; Doc. 256, at 29); and that this prosecution is legally flawed because it is inconsistent with Justice Department policy and practice (Doc. 256).[1] In addition, Concord has

---

[1] The Court has rejected all of these arguments. *E.g.*, Doc. 58 (memorandum opinion denying Concord's motion to dismiss based on authority of Special Counsel); Doc. 66 (order denying Concord's motion for discovery on a claim of selective prosecution); Doc. 102 (order

attacked the subjective motivations of the individuals who brought the case against it. *See* Doc. 256, at 1 (contending that Concord's prosecution was "borne of a desire to blame private Russian companies and individuals for the defeat of Hillary Clinton in 2016"); Doc. 61, at 2 (arguing that the Indictment arose out of "massive political and public pressure on the Special Counsel to confirm a narrative generated by the Clinton campaign that the Russians had ensured the election of President Trump"); Doc. 77, at 1-2 (suggesting that the government's position regarding the protective order was driven by "the short-term political value of a conviction"). And Concord has repeatedly referred to Count One as a "make-believe crime," even well after the Court denied Concord's motion to dismiss. *E.g.,* Doc. 77 at 1. Any evidence or argument on these issues should be excluded from trial because it is irrelevant to the charge in this case and also presents a serious risk of jury confusion, prejudice, and delay.

Only relevant evidence is admissible at trial. Fed. R. Evid. 402. The definition of relevance is inclusive, *see* Fed. R. Evid. 401(a), but it depends on the possibility of establishing a fact that "is of consequence in determining the action," Fed. R. Evid. 401(b). Evidence is therefore relevant only if it logically relates to matters that are at issue in the case. *E.g.*, *United States v. O'Neal*, 844 F.3d 271, 278 (D.C. Cir. 2016); *see Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 387 (2008). The party seeking to introduce evidence bears the burden of establishing relevancy. *Dowling v. United States*, 493 U.S. 342, 351 n.3 (1990). In this case, Concord is charged with conspiracy to defraud the United States. To adjudicate these charges, the jury will have to decide (1) whether an agreement existed to impede the relevant lawful government functions by deceptive

---

denying Concord's renewed motion for discovery on a claim of selective prosecution); Doc. 148 (memorandum opinion denying Concord's motion to show cause); Hr'g Tr. 13-25, Dec. 12, 2019 (denying Concord's renewed motion to dismiss based on purported due process violation for arbitrary prosecution).

means, (2) whether Concord intentionally joined in that agreement, and (3) whether one of the conspirators performed an overt act in furtherance of the conspiracy.

Concord's allegations of misconduct, improper motivations, and "make-believe" crimes are wholly irrelevant to the crime charged in Count One of the Superseding Indictment and the matters that the jury will have to decide. *See, e.g.*, *United States v. Regan*, 103 F.3d 1072, 1082 (2d Cir. 1997) (claims of government misconduct are "ultimately separate from the issue of [a defendant's] factual guilt"); *United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983) (similar). Evidence and argument concerning these issues should therefore be excluded. *See* Fed. R. Evid. 402; *see*, *e.g.*, *O'Neal*, 844 F,3d at 278. The only reason to advance these categories of evidence or argument—other than generating public attention—would be to confuse jurors or to encourage jury nullification. Those purposes do not justify admitting otherwise irrelevant evidence at trial. *See United States v. Gorham*, 523 F.2d 1088, 1097-1098 (D.C. Cir. 1975) (upholding trial court's decision to preclude evidence relevant only to jury nullification); *see also United States v. Rushin*, 844 F.3d 933, 942 (11th Cir. 2016) (same); *United States v. Castro*, 411 Fed. App'x 415, 420 (2d Cir. 2011) (same); *United States v. Funches*, 135 F.3d 1405, 1408-1409 (11th Cir. 1998) (same).

Concord's allegations of selective prosecution have no bearing on its guilt or innocence on Count One. A "selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *United States v. Armstrong*, 517 U.S. 456, 463 (1996). Claims of selective prosecution are thus "entirely independent of the ultimate issue of whether the defendant actually committed the crimes for which []he was charged." *Washington*, 705 F.2d at 495 (D.C. Cir.); *see, e.g.*, *Regan*, 103 F.3d at 1082 (selective prosecution is "ultimately separate from the issue of [a

defendant's] factual guilt"); *see also United States v. Young*, 20 F.3d 758, 765 (7th Cir. 1994) (whether another person was charged did "not make the facts relating to [defendant's] knowledge and participation . . . more or less probable"). For that reason, court after court has held evidence and argument about prosecutorial motivations are irrelevant and should be excluded. *See, e.g.*, *United States v. Clay*, 618 F.3d 946, 955-956 (8th Cir. 2010); *United States v. Abboud*, 438 F.3d 554, 579-580 (6th Cir. 2006); *United States v. Berrigan*, 482 F.2d 171, 174-176 (3d Cir. 1973).[2] Concord's allegations of other misconduct are similarly irrelevant and should be excluded. *See, e.g.*, *United States v. Wylie*, 625 F.2d 1371, 1378 (9th Cir. 1980) (asserted "outrageous involvement by the government agents" is not a matter for the jury); *United States v. Abrams*, No. 14-cr-69, 2016 WL 107945, at *3 (D. Nev. Jan. 8, 2016) (excluding "[e]vidence related to decisions of prosecutorial discretion," "[a]ssertions of outrageous government conduct," and "[a]ssertions of vindictive or selective prosecution").

Concord's allegations should also be excluded because they pose significant risks of unfair prejudice, confusing or misleading the jury, and undue delay. *See* Fed. R. Evid. 403. Even if evidence related to Concord's allegations had "marginal relevance" to this case (which it does not), the "likely (and presumably intended) effect" would be "to shift the focus away from the relevant evidence of [Concord's] wrongdoing" to matters that are, at most, "tangentially related." *United States v. Malpeso*, 115 F.3d 155, 163 (2d Cir. 1997) (upholding exclusion of evidence of alleged misconduct by FBI agent). This would "risk[] needlessly delaying the trial" and "create[] the very

---

[2] *See also, e.g.*, *United States v. Farrar*, 338 F. Supp. 3d 1186, 1190-1191 (D. Haw. 2018); *United States v. Kosinski*, No. 16-cr-148, 2017 WL 4953902, at *3 (D. Conn. Oct. 31, 2017); *United States v. Crinel*, No. 15-cr-61, 2016 WL 6441249, at *14-*15 (E.D. La. Nov. 1, 2016); *United States v. Rodella*, 59 F. Supp. 3d 1331, 1361 (D. N.M. 2014); *United States v. Avery*, No. 11-cr-405, 2011 WL 13136810, at *2 (C.D. Cal. Dec. 15, 2011); *United States v. Fontenot*, No. 10-cr-65, 2010 WL 4056194, at *1 (M.D. La. Oct. 14, 2010); *United States v. Safavian*, No. 05-cr-370, 2008 WL 5255534, at *1 (D.D.C. Dec. 12, 2008).

real possibility that the jury would improperly discredit the government's case." *Id.* Courts regularly exclude such evidence when it would waste time during trial and would risk confusing or misleading the jury. *See, e.g.*, *United States v. Reed*, 641 F.3d 992, 993 (8th Cir. 2011) (collecting cases about exclusion of evidence of prior charging decisions); *United States v. Blowers*, 268 F. App'x 504, 506 (9th Cir. 2008) (upholding exclusion of cross-examination on issues of selective prosecution, because "it would be needlessly time-consuming and confusing"); *United States v. Cleveland*, No. 96-cr-207, 1997 WL 253124, at *3 (E.D. La. May 14, 1997) ("any probative value" of "evidence concerning the motivation of the prosecution" is "substantially outweighed by its potential for unfair prejudice and for misleading the jury."). Courts similarly exclude evidence on those bases when it is far more likely to invite jury nullification than to elucidate an issue that is properly for the jury to decide. *See United States v. Perez*, 459 F. App'x 191, 198 (3d Cir. 2012); *Castro*, 411 F. App'x at 420; *United States v. Cropp*, 127 F.3d 354, 358-359 (4th Cir. 1997).

## CONCLUSION

For the foregoing reasons, Concord should not be permitted to introduce evidence or to argue to the jury that its prosecution is selective or arbitrary or otherwise improperly motivated.

Respectfully submitted,

JOHN C. DEMERS  
Assistant Attorney General for National Security

By: /s/  
Heather N. Alpino  
U.S. Department of Justice  
National Security Division  
950 Pennsylvania Ave. NW  
Washington, D.C. 20530  
Telephone: (202) 514-2000

JESSIE K. LIU  
United States Attorney

By: /s/  
Luke Jones  
Kathryn Rakoczy  
Jonathan Kravis  
555 Fourth Street NW  
Washington, D.C. 20530  
Telephone: (202) 252-6886