**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NUMBER: |
| v. | 1:18-cr-00032-2-DLF |
| CONCORD MANAGEMENT AND CONSULTING LLC | |
| Defendant. | |

**DEFENDANT CONCORD MANAGEMENT AND CONSULTING LLC'S OPPOSITION
TO THE GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE
IMPROPER ARGUMENT AND EVIDENCE**

Defendant Concord Management and Consulting LLC ("Defendant" or "Concord"), by and through undersigned counsel, respectfully submits its opposition to the Government's Motion In Limine to Preclude Improper Argument and Evidence, ECF 298 ("Mot." or "Motion").  In support, Concord states as follows:

**INTRODUCTION**

Concord has no intention at trial of arguing that as a matter of law it should be acquitted because of selective prosecution.  However, here the government has failed to rebut (because it cannot) that discovery in this case contains not one iota of evidence that Concord or any other defendant had any knowledge whatsoever of the existence of the Federal Election Commission ("FEC") or the FARA Unit of the Department of Justice ("DOJ-FARA"), let alone any knowledge of the responsibilities of those offices or the government's current novel application and interpretation of regulations administered by those offices.  The facts that (1) no person or entity has ever before been prosecuted on the theory of liability utilized here, (2) the government has not previously, in any case, ever, interpreted or applied statutory and regulatory provisions as it has done here, and (3) the government has not, previous to the alleged conduct in this case, provided

1

any guidance consistent with its novel applications of relevant statutes and regulations here, are critically relevant to whether Concord and the other defendants would have had any ability to know that the alleged conduct here would be viewed by the government as a violation of any law, let alone the defraud clause prong of 18 U.S.C. § 371.

Moreover, the government considerably over-plays what has previously transpired. Just because the Court denied Concord's motion to dismiss the indictment does not mean as a matter of law at trial that this case is not about a make-believe crime. Further, the government does not cite to a single case that holds that all facts relating to the government's actions in bringing an indictment are inadmissible at trial.

## LAW AND ARGUMENT

### A.     Concord must be permitted to advance its theory of the case

Courts unequivocally recognize that a criminal defendant has the right to present its theory of the defense without interference by the government. *See United States v. Clarke*, 767 F. Supp. 2d 12, 71 (D.D.C. 2011) (recognizing the "basic principle that the right to present a defense is a fundamental element of due process of law, and preclusion of all inquiry by the defense on a particular aspect of the case violates that right" (internal quotation marks omitted)). Indeed, at least one case the government cites puts a finer point on this principle as it relates to the type of evidence that will likely be at issue in the instant case. *See, e.g., United States v. Abboud*, 438 F.3d 554, 580 (6th Cir. 2006) (recognizing that "cross-examination plays a vital role in the adversarial system in our country, and the ability to show bias, motive, or prejudice on the part of a witness is an integral part of cross-examination").

The same is true of a defendant's right to undermine the propriety of the government's investigation—including by raising the possibility that investigators suffered from tunnel vision and bias against the defendant. Here the government went ***ready, shoot, aim***. Accordingly,

2

Concord is fully within its rights to argue that the government acted with "tunnel vision" when investigating and prosecuting this case. *See, e.g.*, *Drawn v. Nueschid*, No. 19-cv-02150, 2019 WL 5191017, at *6 (N.D. Cal. Oct. 15, 2019) (introducing evidence for the purpose of explaining the conduct of the police because defense counsel made the following opening statement: "This is a case where the police focus their investigation immediately on Mr. Drawn and ignored evidence of other possibilities. *The police had tunnel vision.* They had a theory about who did the shooting, and they did everything they could to support that theory.") (internal quotation marks omitted) (emphasis added); *Lovell v. United States*, Nos. 15-cv-764, 12-cr-26, 2018 WL 4743654, at *15 (M.D. Fla. Oct. 2, 2018) (in the context of an ineffective assistance of counsel claim, the court found that trial counsel was effective because he challenged, not bolstered, the government agent's credibility by alleging bias because the agent "examined evidence with a 'tunnel vision' and thus did not conduct a full, fair investigation"); *United States v. Feliciano*, Nos. CV-12-01650, CR-08-00932, 2013 WL 1882402, at *7 (D. Az. Mar. 29, 2013) (in the context of an ineffective assistance of counsel claim, the court found that trial counsel was effective because counsel argued that, because of movant's known participation in one robbery, "the government failed to investigate other viable leads for the remaining robberies and prosecuted Movant with 'tunnel vision' and speculation, rather than with evidentiary support").[1]

Finally, the government's argument glosses over the aspect of Concord's defense that will "be *the primary issue* at trial"—namely whether it had the requisite specific intent to commit the crime charged. *United States v. Ali*, 870 F. Supp. 2d 10, 17 (D.D.C. 2012) (emphasis in original) (internal quotation marks omitted). To that end, courts recognize that "[d]efendants who think that

---

[1] The government repeatedly raises the possibility of jury nullification, Mot. 3, 5, but fails to elaborate exactly *how* Concord would make such an argument or what evidence it would present to encourage such a result. *See infra* at 8.

the government went 'too far' may . . . say that they lack the *mens rea* required of the offense." *United States v. Miller*, 891 F.2d 1265, 1271 (7th Cir. 1989) (Easterbrook, J., concurring); *see also United States v. Lovelien*, No. 16-cr-00046-GMN-PAL, 2017 WL 486263, at *3 (D. Nev. Feb. 6, 2017) (denying government's request to exclude all reference to "perceived government misconduct" because "at least some of the subject matter pertaining to 'perceived government misconduct' [was] relevant" to defendants' state of mind); *United States v. Ferrell*, No. 09-CR-249, 2010 WL 3239293, at *2-3 (E.D. Wis. Aug. 13, 2010) (permitting evidence that provided context for officers' encounter with the defendant over government objection, thus allowing the defendant to "present his version of how events unfolded"); *United States v. Hurn*, 368 F.3d 1359, 1363 (11th Cir. 2004) ("Finally, a defendant must generally be permitted to introduce evidence that, while not directly or indirectly relevant to any of the elements of the charged events, nevertheless tends to place the story presented by the prosecution in a significantly different light, such that a reasonable jury might receive it differently.").

Here, there are a number of relevant facts—including the fact that this case is the first of its kind to have ever been brought—that Concord may rely upon in an effort to demonstrate its lack of intent.  Such facts are both relevant and admissible, as the government itself has acknowledged.  *See* Gov. Reply Br., *United States v. Boyce*, No. 10 CR 533, 2011 WL 7898682 (N.D. Ill. Apr. 18, 2011) ("In limited circumstances not relevant here, such as to . . . say that they lack the mens rea required of the offense, however, evidence of government misconduct may be admissible.") (internal quotation marks omitted).

**B.      The government offers no legal authority to support its broad request**

In addition to misconstruing what Concord (indeed, any criminal defendant) can argue when presenting its defense at trial, the Motion lacks binding or apposite legal authority to justify its request.  To the extent that the government cites cases suggesting that efforts to undermine the

government's evidence or the propriety of its investigation are irrelevant or improper, those cases uniformly miss the mark.

As an initial matter, the government's reliance on approximately two dozen cases ignores the larger point that evidentiary questions are a uniquely fact-specific determination that depend on the unique facts and posture of each case. *See, e.g.*, *United States v. Smith*, 459 F.3d 1276, 1299 (11th Cir. 2006) ("Evidentiary rulings . . . are often quite case- and fact-specific and it is therefore unlikely that a defendant would be able to point to a court decision or evidentiary rule making the admission of the evidence obviously erroneous."); *see also Bilenky v. Ryobi Ltd.*, No. 13cv345, 2014 WL 12591940, at *4 (E.D. Va. Oct. 22, 2014) ("As with all evidentiary rulings, the issue of whether to admit evidence at trial requires a fact-specific, case-by-case inquiry."). And, to that point, the Motion is completely devoid of any analysis beyond citing cases and quoting various documents Concord has submitted to the Court. The government fails to disaggregate its argument from its general desire that no evidence is admitted that reflects badly on it and makes no effort to connect the cases it cites to the types of statements Concord has made in its filings. A close review of the cases cited demonstrates why.

The cases the government cites on the issue of relevance ostensibly stand for the proposition that the jury need only find facts related to guilt or innocence. *See* Mot. at 2-3. But this is too narrow a view of what is relevant in a criminal prosecution, as the cited cases demonstrate. Specifically, none of those cases deal explicitly with the type of evidence and argument at issue here, and thus are factually inapposite. In *United States v. Regan*, 103 F.3d 1072 (2d Cir. 1997), the district court prevented the defendant from introducing evidence at trial that the grand jury investigation was illegitimate. *Id.* at 1081. On appeal, the defendant argued that to prove a violation of perjury under 18 U.S.C § 1623, the government needed to establish, and thus

the jury was required to find, that the defendant made a false statement that was material to a *legitimate* grand jury investigation. *Id.* The appellate court found that the law did "not require an additional finding that the investigation be 'legitimate'" and, therefore, affirmed the trial court's ruling properly excluding such evidence as irrelevant. *Id.* at 1081-82. In *United States v. Washington*, 705 F.2d 489 (D.C. Cir. 1983), the court, in *dictum*, acknowledged without context that "a ruling on selective prosecution is similar to a ruling on whether outrageous government involvement in a criminal enterprise precludes prosecution of those private citizens involved in the crime." *Id.* at 495. Concord does not intend to argue—explicitly or implicitly—that the government was involved in the conspiracy charged here. Finally, in *United States v. O'Neal*, 844 F.3d 271 (D.C. Cir. 2016), the court rejected a defendant's argument that the district court improperly excluded "impeachment by contradiction" evidence. *Id.* at 278. Yet, the government makes no effort to explain why it believes Concord would attempt to introduce such evidence in this case.

The government also cites several cases in support of its contention that "Concord's allegations of selective prosecution have no bearing on its guilt or innocence on Count One." Mot. 3. Concord does not necessarily disagree, and does not intend to re-litigate the elements of its selective prosecution claim. To that end, such cases are inapposite because they turn on the unremarkable proposition that a defendant cannot present selective prosecution as an affirmative legal defense at trial. *See United States v. Armstrong*, 517 U.S. 456, 463 (1996) ("A selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution."); *Washington*, 705 F.2d at 495 ("Appellant also argues that the issue of selective prosecution should have gone to the jury and not have been decided by the trial court. On the contrary, the issue of

selective prosecution is one to be determined by the court . . . as it relates to an issue of law entirely independent of the ultimate issue of whether the defendant actually committed the crimes for which she was charged." (citations omitted)); *Regan*, 103 F.3d at 1082 (same); *United States v. Clay*, 618 F.3d 946, 956 (8th Cir. 2010) (same); *Abboud*, 438 F.3d at 579-80 (same); *United states v. Berrigan*, 482 F.2d 171, 174 (3d Cir. 1973) (same); *United States v. Cleveland*, No. 96-cr-207, 1997 WL 253124, at *2-3 (E.D. La. May 14, 1997) (same); *United States v. Blowers*, 268 F. App'x 504, 506 (9th Cir. 2008) (affirming decision to prevent cross-examination on selective prosecution because issue had already been litigated).  Put simply, the government paints with too broad a brush by presuming that Concord intends to re-litigate its selective prosecution claim, which the government has no basis to argue by simply relying on Concord's arguments in pretrial filings regarding legal issues.

Moreover, the types of evidence identified in the cases the government cites related to "prosecutorial motivations" and "government misconduct" are wholly inapposite and should not be relied upon to grant the government's Motion—primarily because they provide absolutely no roadmap for how the Court can craft an order limiting what Concord *may* present at trial.  *See United States v. Young*, 20 F.3d 758, 765 (7th Cir. 1994) (excluding evidence that another individual was arrested along with defendant but ultimately was never charged); *United States v. Wylie*, 625 F.2d 1371, 1377 (9th Cir. 1980) (excluding evidence of outrageous government involvement that bordered on entrapment); *United States v. Malpeso*, 115 F.3d 155, 162-63 (2d Cir. 1997) (excluding evidence that an FBI agent had improperly leaked confidential information); *United States v. Reed*, 641 F.3d 992, 993 (8th Cir. 2011) (affirming exclusion of evidence related to dropped charges).  Put simply, the government fails to tie its requested evidentiary limitation to the specific facts of any case it cites.  This should not be a basis for pretrial exclusion of evidence.

As a final matter, the government argues that some combination of "Concord's allegations" pose a risk of "unfair prejudice, confusing or misleading the jury, and undue delay." Mot. 4-5. But because the government does not identify any specific lines of inquiry, potential witnesses, or other specific evidence or argument that falls within this category of "allegations," it is impossible for this Court to assess whether it will be prejudicial, confusing, misleading, or if it will cause delay—particularly where there is a possibility that the government may open the door to such evidence being admitted at trial. *See, e.g., United States v. Paredes*, 176 F. Supp. 2d 172, 175 (S.D.N.Y. 2001) ("Indeed, courts considering a motion *in limine* may reserve judgment until trial, so that the motion is placed in the appropriate factual context.") (internal citations omitted). In any event, however, Concord has a valid basis for presenting such argument and evidence (within the confines acknowledged above), and this Court should not impose a *per se* limitation on how Concord must present its defense in a vacuum and based on the government's assurances that any evidence, no matter how minimal, will be improper under Rule 403. *See Ferrell*, 2010 WL 3239293, at *3 (recognizing that the evidence in question would not "take much time, confuse the issues, or mislead the jury").

## CONCLUSION

For these reasons, the Court should deny the government's motion *in limine*.

Dated: January 17, 2020

Respectfully submitted,

CONCORD MANAGEMENT
AND CONSULTING LLC

By:  /s/ *Eric A. Dubelier*
Eric A. Dubelier (D.C. Bar No. 419412)
Katherine J. Seikaly (D.C. Bar No. 498641)
REED SMITH LLP
1301 K Street, N.W.
Suite 1000 – East Tower
Washington, D.C. 20005-3373

202.414.9200 (phone)
202.414.9299 (fax)
edubelier@reedsmith.com
kseikaly@reedsmith.com

9