[National emblem of the Russian Federation]

In the name
of the Russian Federation

**RESOLUTION**

**OF THE CONSTITUTIONAL COURT OF THE RUSSIAN FEDERATION**

providing interpretation of certain provisions of Articles 125, 126, and 127 of the Constitution of the Russian Federation

The city of Moscow                                                                                                  June 16, 1998

The Constitutional Court of the Russian Federation […]

[…]

has established as follows:

[…]

3. Articles 125, 126, and 127 of the Constitution of the Russian Federation consistently elaborate on the logic of its Article 118, whereby the judiciary power shall be exercised through constitutional, civil, administrative, and criminal proceedings. This is precisely because, under Article 125, the constitutional proceedings shall be administered by the Constitutional Court of the Russian Federation, that Articles 126 and 127 establish that the jurisdiction of other courts shall include legal proceedings in civil, criminal, and administrative cases and in resolving economic disputes.

The list of powers of the courts of general jurisdiction and arbitrazh courts is not exhaustive since Articles 126 and 127 also allow these courts to examine other categories of cases not mentioned in these constitutional rules, which is related to the ability to introduce (on the basis of Article 128 of the Constitution of the Russian Federation) new judicial procedures that have not been enshrined in the Constitution of the Russian Federation currently in effect. However, in no event does it imply that the courts of general jurisdiction or arbitrazh courts may proceed with constitutionality review of the normative acts listed in Article 125 of the Constitution of the Russian Federation, since the Article in question expressly assigns this function to the Constitutional Court of the Russian Federation.

4. The jurisdiction to review constitutionality of the aforesaid normative acts is conferred on the Constitutional Court of the Russian Federation alone and shall be exercised by the Constitutional Court in a special judicial procedure: the constitutional proceedings. This is due to the fact that the decisions of the Constitutional Court of the Russian Federation that result in the cessation of the legal force of unconstitutional normative acts shall have the same scope of application in time and space and the same scope of personal jurisdiction as the decisions of the rule-making body and, therefore, the same general meaning (which is not resident in the acts of the courts of general jurisdiction and arbitrazh courts that deal, by virtue of their nature, with application of law) as the relevant normative acts.

At the same time, as it renders a decision on a case, the Constitutional Court of the Russian Federation shall also weigh up the meaning attached to the normative act under consideration by the existing judicial practice. In this way, it expresses its attitude both to the position of the legislator or any other rule-making body and to the interpretation of such position by the entity applying the law, while providing its interpretation of the provisions of the Constitution of the Russian Federation

whereby, within the meaning of Article 125 (parts 5 and 6), only the Constitutional Court of the Russian Federation shall render official decisions of a universally binding nature. Hence, the decisions of the Court shall be final, may not be revised by any other bodies or overridden by re-enacting a rejected unconstitutional act, and shall compel all entities applying the law, including other courts, to act in compliance with the legal positions of the Constitutional Court of the Russian Federation.

No decision of a court of general jurisdiction or an arbitrazh court shall have the legal force of this kind. Such decisions shall not be binding on other courts in any other cases, since courts shall construe applicable rules independently, while following the Constitution of the Russian Federation and federal laws (Article 120, part 1 of the Constitution of the Russian Federation). Any decision of a court of general jurisdiction or an arbitrazh court may be challenged in such procedural form as may be established by a federal law. In addition, no official publication of such decisions is required, which, by virtue of Article 15 (part 3) of the Constitution of the Russian Federation, whereby only officially published acts shall be applicable, also makes it unnecessary for other entities applying laws to comply with such decisions in the process of resolution of other cases. Publishing certain judicial decisions or any part thereof does not serve as a sufficient guarantee for purposes of implementation of the constitutional rule in question.

In view of the foregoing, according to the Constitution of the Russian Federation, no decision of a court of general jurisdiction or an arbitrazh court shall be regarded as an adequate way of depriving the normative acts referred to in its Article 125 (paragraphs (a) and (b) of part 2 and part 4) of their legal force due to their unconstitutionality.

5. The fact that the courts of general jurisdiction and arbitrazh courts have no jurisdiction to hold the said normative acts inconsistent with the Constitution of the Russian Federation and hence inoperative, also arises directly from part 2 of Article 125 of the Constitution of the Russian Federation which describes the Supreme Court of the Russian Federation and the High Arbitrazh Court of the Russian Federation as entitled to file requests with the Constitutional Court of the Russian Federation seeking to review constitutionality (regardless of a specific case, i.e., as a matter of an abstract consistency review) of the normative acts listed in paragraphs (a) and (b) of part 2 of the Article in question. In addition, under part 4 of Article 125, the Constitutional Court of the Russian Federation shall, following a court's request, review the constitutionality of a law either applied or applicable in a specific court case.

Thus, the Constitution establishes that conclusions made by other courts as to unconstitutionality of a law cannot as such serve as a ground for the law to be officially declared inconsistent with the Constitution of the Russian Federation and to cease to be in force. In terms of interactions between courts of various jurisdiction and delimitation of their competence to identify unconstitutional laws, the exclusion of the latter from the statutes currently in effect constitutes a cumulative result of the exercise, on the one hand, of the duty of the courts of general jurisdiction to raise the question of constitutionality of a law before the Constitutional Court of the Russian Federation and, on the other, of the duty of the latter to resolve this matter conclusively.

Requests filed by other courts with the Constitutional Court of the Russian Federation, as provided for by Article 125 (part 4) of the Constitution of the Russian Federation, to review constitutionality of a law applied or applicable in a specific case (if the court finds the law inconsistent with the Constitution of the Russian Federation) cannot be regarded only as the right of such court, as the court must file its request to make sure that the act inconsistent with the Constitution of the Russian Federation ceases to be in force (part 6 of Article 125) in a constitutionally established manner, so as to rule out its further application. This duty of the courts arises from the constitutional power, bestowed on them as independent judicial bodies, to ensure judicial protection of human rights and freedoms, including equality before the law and courts (Articles 18, 19, and 46), while abiding by the Constitution of the Russian Federation and federal laws (Article 120).

Non-application, in a specific case, of a law found unconstitutional by a court without recourse to the Constitutional Court of the Russian Federation in this connection would also be inconsistent with the constitutional provisions whereby laws shall operate uniformly throughout the entire territory of the Russian Federation (Articles 4, 15, and 76) and, at the same time, would cast doubt on the supremacy of the Constitution of the Russian Federation, as such supremacy could not

be realized if various courts were allowed to construe constitutional norms in a conflicting manner. It is for this reason that recourse to the Constitutional Court of the Russian Federation is also mandatory in instances where, in a specific case, a court finds unconstitutional a law that has been enacted prior to the entry into force of the Constitution of the Russian Federation and that must not be applied under paragraph 2 of its Final and Transitional Provisions.

The duty of the courts to apply to the Constitutional Court of the Russian Federation for official confirmation of unconstitutionality of a law, if they find such law unconstitutional, does not restrict any direct application of the Constitution of the Russian Federation by them to the extent that such application seeks to ensure the implementation of the constitutional norms, primarily when they are not concretized through legal provisions. If a court believes that the law that must be applied in a specific case is inconsistent with the Constitution of the Russian Federation and, as such, hinders its implementation, then, in order to secure the direct effect of the Constitution of the Russian Federation, in all instances, including the instances where the matter has been resolved by the court on the basis of a specific constitutional norm, such law must be deprived of its legal force in accordance with the constitutional proceedings envisaged by Article 125 of the Constitution of the Russian Federation.

The striking out of an unconstitutional law from the system of normative acts cannot be achieved either by resolving a matter in accordance with civil, administrative, or criminal proceedings or by way of clarification of judicial practice which is to be given, according to Articles 126 and 127 of the Constitution of the Russian Federation, by the Plenums of the Supreme Court of the Russian Federation and the High Arbitrazh Court of the Russian Federation. The latter are not entitled to determine any procedure for ensuring direct application of the Constitution of the Russian Federation in deciding specific cases other than those provided for by the Constitution or by a federal constitutional law.

[…]

In view of the foregoing and pursuant to Articles 72, 74, and 75 of the Federal Constitutional Law "On the Constitutional Court of the Russian Federation," the Constitutional Court of the Russian Federation has resolved as follows:

1. The power provided for by Article 125 of the Constitution of the Russian Federation to resolve matters related to the consistency with the Constitution of the Russian Federation of federal laws, normative acts of the President of the Russian Federation, the Federation Council, the State Duma, the Government of the Russian Federation, the constitutions of the republics, the charters, and the laws and other normative acts of the constituent entities of the Russian Federation enacted with respect to matters falling under the jurisdiction of the State bodies of the Russian Federation and the joint jurisdiction of the State bodies of the Russian Federation and the State bodies of the constituent entities of the Russian Federation, shall fall within the jurisdiction of the Constitutional Court of the Russian Federation only. Within the meaning of Articles 125, 126, and 127 of the Constitution of the Russian Federation, no courts of general jurisdiction or arbitrazh courts may declare the acts referred to in Article 125 (paragraphs (a) and (b) of part 2 and part 4) of the Constitution as inconsistent with the Constitution of the Russian Federation and hence deprived of legal force.

2. A court of general jurisdiction or an arbitrazh court, having found that a federal law or a law of a constituent entity of the Russian Federation is inconsistent with the Constitution of the Russian Federation, shall not be entitled to apply such law to a specific case and shall file a request with the Constitutional Court of the Russian Federation seeking to review the constitutionality of such law. The duty to file such request with the Constitutional Court of the Russian Federation, within the meaning of parts 2 and 4 of Article 125 of the Constitution of the Russian Federation, in conjunction with Articles 2, 15, 18, 19, 47, 118, and 120 of the Constitution, shall exist regardless of whether or not the case has been resolved by a court, which declined to apply a law it believed unconstitutional, on the basis of the provisions of the Constitution of the Russian Federation that operate directly.

[…]

No. 19-P