# EXPLANATORY NOTE

## to the draft federal law on amending to the Criminal Code of the Russian Federation and article 151 of the Criminal Procedure Code of the Russian Federation

This draft federal law is prepared on the basis of an analysis of the federal security service's analysis of the detection, suppression and investigation of crimes, for which the responsibility is provided by Articles 275, 276 and 283 of the Criminal Code of the Russian Federation (the Russian Criminal Code), and is aimed at perfecting criminal legislation to protect state secrets from criminal encroachments and improve the effectiveness of ensuring the security of the Russian Federation The Federation.

The analysis of article 275 of the Criminal Code of Russia and the practice of its application shows that espionage and the issuance of state secrets have come to be considered not as a form of treason, but as a form of assistance to a foreign recipient, which has led to an ambiguous interpretation of the subject of proof, in particular, in the cases of espionage in relation to Articles 275 and 276 of the Criminal Code of Russia. This circumstance necessitated the introduction of appropriate editorial changes in the disposition of Article 275 of the Criminal Code of Russia.

It should be noted that such a form of treason as "assisting a foreign addressee in carrying out hostile activities at the expense of the external security of the Russian Federation" needs to be adjusted. The uncertainty of the signs of this form of high treason, giving grounds for its contradictory and arbitrary interpretation by the law enforcer, was indicated by the judges of the Constitutional Court of the Russian Federation (see the separate opinions of Vitruk N.V. and Kononov A.L. in Resolution 17-P of the Constitutional Court of the Russian Federation of December 20, 1995 "In the case of the constitutionality of a number of provisions of article 64 of the Criminal Code of the Russian Federation in connection with the complaint of citizen V.A. Smirnov").

This form of treason in the current editorial office is extremely difficult to prove, as references to the lack of evidence of the presence of "hostile" activities in the actions of the person are used by the defense as the main argument for the release of defendants and defendants from criminal responsibility and punishment.

The active use of foreign special services in the course of intelligence and other activities aimed at damaging the security of the Russian Federation, the capabilities of international and non-governmental organizations dictates the need to include international organizations and their representatives in Article 275 of the Criminal Code of Russia as recipients of assistance in carrying out activities at the expense of the security of the Russian Federation. The current version of article 275 of the Russian Criminal Code does not allow the term "foreign organization" to be included as a recipient of assistance in carrying out activities aimed at harming the security of the Russian Federation, an organization whose membership and jurisdiction is not limited to the territory of one state, but has a wide supranational international character. In this case, we are talking not only about organizations created by two or more states, but also organizations founded by individuals to carry out activities in the territories of several states.

As full subjects of international legal relations, when receiving information that constitutes state secrets in relation to the Russian Federation, individual international organizations may act

both in their own interests and in the interests of special services of certain foreign countries. However, the methods for obtaining such information may be different. For example, in accordance with the Law of the Russian Federation On State Secrets, information constituting a state secret is transferred to international organizations on the basis of a decision of the Government of the Russian Federation.

At the same time, several international organizations have repeatedly made attempts to obtain information constituting a state secret by illegal means. In this regard, the proposed changes are aimed at establishing the legal basis for prosecuting persons who have issued information constituting a state secret to an international organization in violation of the procedure established by law.

Amendments to the disposition of Article 275 of the Criminal Code of Russia in order to specify the objective and subjective parties to the corpus delicti in relation to the three traditional forms of high treason, as well as the subject of such a high treason, as the issuance of state secrets, will allow, on the one hand, to exclude the very possibility of arbitrariness and abuse on the part of law enforcement authorities in case of prosecution under this article and, on the other hand, to fully realize the purpose of criminal proceedings, which consists in protecting the victims from criminal encroachments, and protecting the person from unlawful and unjustified accusation, conviction, restrictions on his rights and freedoms.
.
In connection with the fact that the concept of espionage as a form of treason is revealed through the disposition of Article 276 of the Criminal Code of Russia, the amendment of Article 275 of the Criminal Code of Russia entails the need to make amendments to Article 276 of the Criminal Code of Russia aimed at forming a uniform approach to determining the objective side of espionage, first of all from the point of view of the subject of proof.

As the law enforcement practice of the federal security services shows, there are cases when a foreign citizen, by virtue of the duties assigned to him, becomes the owner of information constituting a state secret on legal grounds. Moreover, an analysis of Article 283 of the Criminal Code of Russia, which provides for liability for the disclosure of state secrets, shows that only a citizen of the Russian Federation can be the subject of this act. Thus, the disclosure by a foreign citizen admitted to information constituting a state secret of this information is currently not considered to be a criminal offense. This circumstance indicates the need for the proposed changes to the disposition of the first part of Article 283 of the Criminal Code of Russia.

One of the serious problems that the federal security services had to deal with was the dissemination of state secrets along the so-called "chain". In this regard, the issue of establishing liability of persons who, while not being special entities specified in article 283 of the Criminal Code of Russia, criminally seized information constituting a state secret, has become an acute issue. The results of the analysis of the materials of criminal cases in the production of the investigative units of the federal security service showed that the information constituting a state secret is not protected from deliberate actions of persons to whom it was not trusted and did not become known from the service or work, attempting their illegal receipt and use in the absence of signs of treason and espionage in their actions. Moreover, such people, often associated with criminal structures, are primarily interested in information in the field of operational-search activity (about the methods of work of law enforcement agencies, about persons providing assistance on a confidential basis, etc.). An increased interest is also shown in information constituting a state secret in the field of geology, geodesy, cartography, topography, and economic activity (mainly from representatives of commercial organizations) in order to generate additional income when using it.

Exhibit 10

3

The introduction of a norm in the Criminal Code of Russia that establishes liability for the illegal receipt of information constituting a state secret by a person to whom she was not entrusted or did not become known in the service or work, in the absence of signs of treason or espionage, will ensure systematic protection of various types of information of limited access (for example, commercial, banking and state secrets) and will help to increase the effectiveness of protecting state secrets from socially dangerous encroachments with by persons who are not their legal holders.

In this regard, it is worth noting the experience of foreign countries, such as Kazakhstan, Great Britain and others, whose legislation provides for responsibility for the commission of similar acts.

The proposed addition to the Code of Criminal Procedure of the Russian Federation is due to the need to determine the jurisdiction of a crime, the responsibility for the commission of which is proposed to be established in article 283.1 of the Criminal Code of Russia. It is proposed that this act be attributed to the direct jurisdiction of investigators of the federal security service.

Exhibit 10