# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CONCORD MANAGEMENT AND CONSULTING LLC,<br><br>Defendant. | CRIMINAL NUMBER:<br><br>1:18-cr-00032-2-DLF |

## PARTIES' JOINT MOTION FOR AN ORDER SETTING PROCEDURES FOR JURY SELECTION AND INDIVIDUAL VOIR DIRE

Concord Management and Consulting LLC and the United States of America jointly move for the entry of an order setting forth the procedure for jury selection.

The parties respectfully propose the following procedure for jury selection:

(1) the Court summon the prospective jurors to the courthouse to complete the jury questionnaire with counsel present;

(2) the Court provide the parties with copies of the completed questionnaires;

(3) the parties will file under seal any motions to strike prospective jurors for cause, based on the completed questionnaires;

(4) after the Court rules on those motions, the remaining prospective jurors would then be required to appear for in-person *voir dire* with the parties;

(6) during the in-person *voir dire*, the parties will submit further motions to strike prospective jurors for cause; and

(7) once a sufficient number of jurors are qualified to serve, the parties would then exercise peremptory strikes.

The parties also propose that the in-person *voir dire* be conducted on an individual basis. The parties propose that the courtroom remain open during the *voir dire* process, but that each

juror be questioned by the Court individually for *voir dire* while the remaining prospective jurors wait in a separate room. The parties also propose that, consistent with the standard practice, a "husher" be used for personal questions, such as those related to a juror's medical history or the criminal history of family members. Given the circumstances of this case, the parties believe that this proposal will make the jury selection process more effective and efficient, and also protect the venire from potential bias of other prospective jurors.

The Court's authority to fashion such an order is expressly provided in the Local Rules. Pursuant to Local Criminal Rule 57.7(c), "[i]n a widely publicized or sensational criminal case, the Court . . . may issue a special order governing such matters as . . . the management and sequestration of jurors and witnesses, and any other matters which the Court may deem appropriate for inclusion in such an order." The parties are in agreement that the nature of the instant case warrants a special order governing the *voir dire* process as outlined above.

While the parties recognize that the constitutional right to a public trial extends to the *voir dire* of prospective jurors, *see Presley v. Georgia*, 558 U.S. 209, 213 (2010), constitutional concerns are not implicated here because the parties do not seek the outright closure of the courtroom. Rather, the parties propose merely that prospective jurors be questioned outside the presence of other prospective jurors, while the jury selection process as a whole would remain open to the public. Individual *voir dire* is a commonly accepted practice within this district and in federal courtrooms around the country. *See, e.g.*, *United States v. Abu Khatallah*, 313 F. Supp. 3d 176, 194 (D.D.C. 2018) (in prosecution related to attack on United States diplomatic compound in Benghazi, court administered "lengthy questionnaire and individualized *voir dire*" "to ensure that the defendant received a trial as free as possible of nationalistic and cultural biases"); *Application of Washington Post*, No. CRIM. 91-0521 (RCL), 1992 WL 233354, at *1 (D.D.C. July 23, 1992) (noting that *voir dire* in this case "involved a two-stage process": first, issuing a jury questionnaire;

and second, conducting "individual *voir dire*" which involved calling each prospective juror "into open court one at a time in a random order for individual questioning"); *United States v. Vaghari*, 500 Fed. Appx. 139, 150 (3d Cir. 2012) (noting that while district court conducted "certain portions of the individual voir dire behind 'closed doors,' doing so was the functional equivalent of a sidebar discussion and no more improper than that commonly accepted practice").

In *United States v. Aguiar*, after reciting *voir dire* questions to the jury pool, the court "proceeded to individual *voir dire* which was conducted on the record with the defendants, their counsel, prosecutors, and the Court present *in the jury room*." 82 F. Supp. 3d 70, 82 (D.D.C. 2015), aff'd in part, rev'd in part, 894 F.3d 351 (D.C. Cir. 2018) (emphasis added).  The parties' proposal here guarantees more public access than the practice that was employed—and deemed acceptable—in *Aguiar*.  The parties' proposal would allow the jury selection process to be conducted in open court, with only personal questions made private through the use of a "husher."

Based on the foregoing, the parties respectfully request that the Court issue an order outlining the jury selection process described above.

 Dated: January 21, 2020                                     Respectfully submitted,

| | |
|---|---|
| JESSIE K. LIU<br>United States Attorney | CONCORD MANAGEMENT<br>AND CONSULTING LLC |
| By: /s/<br>Jonathan Kravis<br>Luke Jones<br>Peter Lallas<br>555 Fourth Street NW<br>Washington, D.C. 20530<br>Telephone: (202) 252-6886 | By Counsel<br><br>/s/ *Eric A. Dubelier*<br>Eric A. Dubelier (D.C. Bar No. 419412)<br>Katherine Seikaly (D.C. Bar No. 498641)<br>REED SMITH LLP<br>1301 K Street, N.W.<br>Suite 1000 – East Tower<br>Washington, D.C. 20005<br>202-414-9200 (phone)<br>202-414-9299 (fax)<br>edubelier@reedsmith.com<br>kseikaly@reedsmith.com |
| JOHN C. DEEMERS<br>Assistant Attorney General<br>for National Security | |
| By: /s/<br>Heather N. Alpino<br>U.S. Department of Justice<br>National Security Division<br>950 Pennsylvania Ave. NW<br>Washington, D.C. 20530<br>Telephone: (202) 514-2000 | |