**Exhibit 2** to Concord Management and Consulting LLC's Reply in Support of its Motion to Quash Unserved Early Return Trial Subpoena and Opposition to the Government's Renewed Motion for Early Return Trial Subpoena, 18-cr-00032-2-DLF

TRANSLATION FROM RUSSIAN

# EXPLANATORY NOTE

## to the Draft Federal Law On Amending Certain Legislative Acts of the Russian Federation

The draft federal law On Amending Certain Legislative Acts of the Russian Federation (hereinafter the "draft law") was developed in pursuance of sub-clauses "s" and "t" of clause 2 of Decree of the President of the Russian Federation No. 601 dated May 7, 2012 On Main Directions of Improvement of the Public Administration System and instruction of the Deputy Chairman of the Government of the Russian Federation — Chief of Staff of the Government of the Russian Federation No. VS-P4-622 dated February 4, 2013.

The draft law is aimed at improving the system for placing court decisions using the Internet (hereinafter the "Internet") and ensuring access to these decisions as well as at improving the legal regulation of broadcasting court sessions using the Internet.

Currently, it is necessary to resolve an issue on the correspondence between the provisions of the legislation on personal data and of the legislation on ensuring access to information on courts' activity in the Russian Federation.

So, for example, in accordance with clause 5 of part 2 of Article 1 of Federal Law No. 152-FZ dated July 27, 2006 On Personal Data (hereinafter the "Federal Law On Personal Data"), it shall not apply to the relations arising from provision by the competent authorities of the information on courts' activities in the Russian Federation in accordance with Federal Law No. 262-FZ dated December 22, 2008 On Ensuring Access to Information on Courts' Activities in the Russian Federation.

At the same time, part 3 of Article 15 of the Federal Law On Ensuring Access to Information on Courts' Activities in the Russian Federation proceeds from the general principle of inadmissibility of disclosure of personal data of parties to legal proceedings and the necessity to exclude it from texts of court decisions when publishing the same and when disseminating information on courts' activities in any other forms.

In view of the foregoing, it appears advisable to legally determine the conditions for application of these federal laws in public justice.

Clause 3 of part 1 of Article 6 of the Federal Law on Personal Data sets forth that personal data processing shall be allowed without a consent of a subject of this personal data if it is necessary for administering public justice or enforcing a judicial act. The similar provisions are contained in clause 6 of part 2 of Article 10 and part 2 of Article 11 of the Federal Law on Personal Data.

However, the concept "administering public justice" is not explained in the said Federal Law.

In this regard, it is proposed to clarify by the draft law that personal data processing shall be allowed without a consent of the personal data subject in case the person is a party to constitutional, criminal, administrative, or civil proceedings, or to legal proceedings in commercial courts.

It is proposed to amend Article 15 of Federal Law No. 262-FZ dated December 22, 2008 On Ensuring Access to Information on Courts' Activities in the Russian Federation (hereinafter "Federal Law No. 262-FZ") by Article 5 of the draft law, which amendments are aimed at setting forth a uniform procedure for posting all judicial acts on the Internet.

In addition, it is proposed to supplement the said Federal Law with Article 15$^1$ "Specific Features of Broadcasting Court Sessions on Radio, Television, and the Internet".

These specific features include: broadcasting upon an authorization or on the initiative of a court, compliance with the requirements of the procedural legislation, ensuring the interests of public justice and the safety of parties to legal proceedings, and preventing confidential information disclosure.

Court sessions may be broadcast in the Internet live, with a delay, or partially. The broadcasting type shall be determined by a court subject to the interests of public justice, the safety of parties to legal proceedings, and prevention of disclosure of the information classified as the information constituting a state or other secret protected by law according to the procedure set forth by the federal law.

For example, use of a delayed or partial broadcasting of a court session will make it possible to exclude any possibility of access for unexamined witnesses to view an open court session on the Internet (Article 163 of the Civil Procedure Code of the Russian Federation, clause 6 of part two of Article 153 of the Commercial Procedure Code of the Russian Federation).

Closed court sessions and court sessions related to consideration of the cases, on which a decision cannot be posted on the court's official website, shall not be broadcast on the Internet.

The procedure for organizing broadcasting of and broadcasting court sessions on the Internet shall be determined, within their powers, by the Constitutional Court of the Russian Federation, the Supreme Court of the Russian Federation, and the Judicial Department at the Supreme Court of the Russian Federation.

In addition, it is proposed to amend by the draft law the Civil Procedure Code of the Russian Federation, the Commercial Procedure Code of the Russian Federation, the Administrative Offences Code of the Russian Federation, and the Administrative Court Procedure Code of the Russian Federation, which amendments are aimed at setting forth uniform principles for broadcasting court sessions on the Internet.

In particular, it is proposed to set forth that court proceedings shall be conducted in the conditions ensuring good order in a court session and the safety of parties to proceedings. The actions of the persons present in the court room and engaged with photo and film shooting, video recording, or broadcasting of a court session on radio, television, and the Internet should not interfere with the order in such court session. These actions may be time-limited by a court and shall be performed at the places in the court room designated by the court, taking into account an opinion of the parties to the case.

When broadcasting court sessions on radio, television, or the Internet, the court session minutes shall specify the name of the mass media or website on the Internet, using which it has been broadcast.

At the same time, the draft law provisions are of a discretionary nature and stipulate that broadcasting of a court session may be organized by the court if it is technically feasible for this court to do so.

The procedure for posting judicial acts on the Internet and period for storing judicial acts in the court's information system shall be determined, within their powers, by the Constitutional Court of the

**TRANSLATION FROM RUSSIAN**

Russian Federation, the Supreme Court of the Russian Federation, and the Judicial Department at the Supreme Court of the Russian Federation.

The financial support for expenditure commitments related to implementation of the draft law will be carried out within the set number of staff of the judicial authorities and will not result in additional appropriations from the federal budget.

The draft law complies with the provisions of the Treaty on the Eurasian Economic Union and the provisions of other international treaties of the Russian Federation.