IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CONCORD MANAGEMENT AND CONSULTING LLC,<br><br>Defendant. | CRIMINAL NUMBER:<br><br>1:18-cr-00032-2-DLF |

**DEFENDANT CONCORD MANAGEMENT AND CONSULTING LLC'S MOTION FOR RELIEF FROM THE COURT'S SCHEDULING ORDER**

Defendant Concord Management and Consulting LLC ("Concord" or "Defendant"), through counsel, submits this Motion for Relief From the Court's Scheduling Order. In particular, Concord seeks relief from the requirement that it provide the government with a witness list, exhibit list, and copies of exhibits on or before February 10, 2020, ECF 214 at ¶ 8, and provide electronic and paper copies of any exhibits to the Court on or before February 12, 2020, Jan. 24, 2020 Scheduling Order. In support of this request, Concord states as follows:

The government carries the burden of proving the defendant guilty beyond a reasonable doubt, and the law does not require the defendant to provide any evidence to prove its innocence. *See United States v. Spinner*, 152 F.3d 950, 956 (D.C. Cir. 1998) ("Indeed, the Due Process Clause of the Fifth Amendment 'protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.'") (internal citation omitted); DC Instruction 1.102 Preliminary Instruction Before Trial ("The burden is on the government to prove the defendant guilty beyond a reasonable doubt, and that burden of proof never shifts throughout the trial. The law does not require a defendant to prove his/her innocence or to produce any evidence.").

1

As such, Concord will not be in a position to determine whether it will present a case-in-chief or to identify defense witnesses until after the government presents its case-in-chief to the jury. Similarly, Concord will not be in a position to identify exhibits to be used in cross-examination until after the witness testifies on direct examination.

Other defendants in this circuit have taken an analogous position. *See, e.g., United States v. Manafort, Jr.*, 1:17-cr-00201-ABJ (D.D.C. filed Oct. 27, 2017); *United States v. Meadows*, 1:14-cr-00073-ABJ (D.D.C. filed Mar. 27, 2014); *United States v. Machado-Erazo*, 1:10-cr-00256-RCL (D.D.C. filed Sept. 16, 2010); and *United States v. Miller*, 1:06-cr-00207-JDB-GMH (D.D.C. filed July 11, 2006). In each of these cases, the Court issued a scheduling order that was similar to Court's Scheduling Orders here, requiring exhibit lists and binders or disks of exhibits to be delivered to the Court as part of the parties' joint pretrial statement. *See* Scheduling Order at 3, *Manafort,* 1:17-cr-00201-ABJ (Mar. 2, 2018), ECF 217; Criminal Scheduling Order at 2, *Meadows*, 1:14-cr-00073-ABJ (Oct. 3, 2014), ECF 14; Order for Joint Pretrial Statement at 3, *Machado-Erazo*, 1:10-cr-00256-RCL (Apr. 23, 2013), ECF 322 at 3; and Pretrial Order at 2, *Miller*, 1:06-cr-00207-JDB-GMH (Oct. 20, 2006), ECF 15. Each defendant's pretrial submission indicated that they were not in a position to disclose their trial exhibits pretrial. *See* Joint Pretrial Statement at 7, *Manafort,* 1:17-cr-00201-ABJ (Aug. 28, 2018), ECF 389 ("The defense has not yet identified exhibits that may be used in cross-examination and will not be able to identify exhibits that may be used in any defense case-in-chief until after the government presents its case-in-chief."); Joint Pretrial Statement at 20, *Meadows*, 1:14-cr-00073-ABJ (Dec. 1, 2014) ECF 19 ("The defense has not yet identified or pre-marked exhibits that may be used in cross-examination and will not be able to identify exhibits that may be used in its case-in-chief until after the government presents its case-in-chief."); Joint Pretrial Statement at 116, *Machado-Erazo*, 1:10-cr-

00256-RCL (May 21, 2013), ECF 339 ("The defendants have not submitted an exhibit list."); Joint Submission of Pretrial Materials, and Witness and Exhibit Lists, *Miller*, 1:06-cr-00207-JDB-GMH (Dec. 14, 2006), ECF 20 ("At this juncture the defense is not in a position to provide an exhibit list"; "At this juncture, the defense is not in a position to provide a witness list."). Despite this, the defendants were still able to introduce exhibits at trial. *See, e.g.*, Counsel's Acknowledgements Concerning Trial Exhibits at 4-6, *Meadows* (Dec. 22, 2015), ECF 37 (identifying exhibits introduced by the defendant); Exhibit List at 10, *Machado-Erazo* (Aug. 6, 2013), ECF 404 (identifying exhibits introduced by the defendant).[1]

Should Concord decide to present a defense—which it is not required to do—the earliest it can provide a witness or exhibit list is after presentation of the government's case-in-chief. This is because any defense would rely upon, among other things, the theory proffered by the government's case-in-chief. With respect to potential cross-examination of the government's witnesses, the earliest Concord will be able to determine whether it will use any exhibits will be at the conclusion of each witness's testimony because that decision will be driven exclusively by the testimony provided. Accordingly, Concord respectfully requests relief from the Scheduling Order to provide its witness and exhibit lists to the government before the government presents its case-in-chief.

Undersigned counsel has conferred with the government which has indicated that it generally objects to the relief sought herein except as to exhibits used to impeach government witnesses.

Dated:  January 30, 2020                                             Respectfully submitted,

---

[1] Manafort pleaded guilty on September 14, 2018. *See Manafort, Jr.*, ECF 422 at 1-17.

CONCORD MANAGEMENT AND
CONSULTING LLC

By Counsel

/s/ *Eric A. Dubelier*
Eric A. Dubelier (D.C. Bar No. 419412)
Katherine Seikaly (D.C. Bar No. 498641)
Reed Smith LLP
1301 K Street, N.W.
Suite 1000 – East Tower
Washington, D.C. 20005
202-414-9200 (phone)
202-414-9299 (fax)
edubelier@reedsmith.com
kseikaly@reedsmith.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CONCORD MANAGEMENT AND<br>CONSULTING LLC,<br><br>Defendant. | CRIMINAL NUMBER:<br><br>1:18-cr-00032-2-DLF |

**PROPOSED ORDER**

Upon consideration of Defendant Concord Management and Consulting LLC's Motion for Relief From the Court's Scheduling Order, it is hereby

**ORDERED** that the motion is **GRANTED**.

**SO ORDERED.**

Dated: _____          _____
                                                                                    Dabney L. Friedrich
                                                                                    United States District Judge