# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Crim. No. 18-CR-32-2 (DLF)** |
| **CONCORD MANAGEMENT AND CONSULTING LLC,** | |
| **Defendant.** | |

## GOVERNMENT'S RENEWED MOTION FOR EARLY RETURN TRIAL SUBPOENA

The United States of America, by and through undersigned counsel, respectfully opposes the motion of Concord Management and Consulting LLC requesting "relief from the Court's scheduling order." Doc. 323. Concord agreed months ago to a scheduling order that required it to provide the government with a witness list, exhibit list, and copies of exhibits on or before February 10, 2010. Concord's motion, filed less than two weeks before the deadline, provides no legitimate justification to depart from that schedule. Nor does Concord's motion explain how its position is consistent with its obligations under Federal Rule of Criminal Procedure 16(b)(1).

Concord is charged by indictment with one count of conspiracy to defraud the United States by interfering with the lawful government functions of the Federal Election Commission, the Justice Department's Foreign Agents Registration Act Unit, and the State Department. Trial is scheduled to begin on April 6, 2020. On August 20, 2019, the Court ordered the parties to file a joint proposed scheduling order. 8/20/19 Min. Order. On August 30, 2019, the parties jointly filed a proposed scheduling order requiring the defense to provide the government with a witness list, an exhibit list, and copies of exhibits by February 10, 2020. Doc. 191-1, at 2. On October 11, 2019, the parties filed a revised proposed scheduling order modifying other deadlines but keeping

the February 10 deadline for defense exhibits intact, Doc. 213, which the Court entered the same day, Doc. 214.

In the five months since the parties first jointly proposed the February 10 deadline for defense exhibits, Concord has not once suggested that it could not or would not meet this deadline. Indeed, the parties and the Court have crafted the pretrial schedule in reliance on this deadline. *See, e.g.*, 1/24/20 Min. Order (modifying the motions *in limine* deadline "given that Concord is not required to provide its exhibits and witnesses to the government until February 10, 2020"); 1/24/20 Scheduling Order (directing the parties to file a joint pretrial statement on or before March 2, 2020, and noting that "[e]xhibits will be presumed authentic unless an objection to their authenticity is noted on the Joint Pretrial Statement").

This schedule makes eminent sense.  Pretrial disclosure of defense exhibits allows the government to raise timely objections to the authenticity or admissibility of exhibits and allows the Court to resolve any such objections through pretrial motions practice rather than during trial. Such considerations are at their height in a case such as this one, where the evidence is document intensive and where a substantial number of the documents at issue require translation.

This schedule also comports with the defendant's obligations under Federal Rule of Criminal Procedure 16(b)(1)(A).  Under that rule, "[i]f a defendant requests disclosure under Rule 16(a)(1)(E) and the government complies, then the defendant must permit the government, upon request, to inspect and to copy…documents...if the defendant intends to use the item in in the defendant's case-in-chief at trial."[1]  The Advisory Committee notes explain that this provision was

---

[1] "A defendant's request for discovery under Rule 16(a)(1) may be formal or informal," *United States v. Crinel*, 2016 WL 5779778, at *1 (E.D. La. Oct. 4, 2016), and the courts have recognized that requests from defense counsel for materials covered by Rule 16(a)(1) trigger reciprocal discovery obligations, even when the defense has not "utilize[ed] formal written requests and court orders," *United States v. Thuna*, 103 F.R.D. 182, 183-84 (D.P.R. Oct. 15,

added to Rule 16 because "an independent right of discovery for both the defendant and the government is likely to contribute to both effective and fair administration."  As the Court has recognized, Rule 16's reciprocal discovery obligation "avoid[s] unfair surprise and unwarranted delay by providing both the government and the defense with a broad, reciprocal, right to discovery."  *United States v. Crowder*, 325 F. Supp. 3d 131, 136 (D.D.C. 2018).

In particular, once the government has "specifically identified the exhibits, documents, and other evidence it intends to use in its 'case-in-chief' at trial," Rule 16(b)(1)(A) imposes a "reciprocal discovery obligation" that "parallel[s] the government's initial obligation under Rule 16(a)(1)(E)."  *United States v. Crowder*, 325 F. Supp. 3d 131, 135 (D.D.C. 2018); *see also United States v. Napout*, 2017 WL 6375729, at *7 (E.D.N.Y. Dec. 12, 2017 ("Rule 16 requires Defendants to identify all non-impeachment exhibits they intend to use in their defense at trial, whether the exhibits will be introduced through a government witness or a witness called by a Defendant."). The Court's pretrial scheduling order requiring Concord to provide the government with a witness list, an exhibit list, and copies of exhibits is consistent with this provision of Rule 16.

Concord's arguments for relief from the exhibit deadline it once proposed are not persuasive.  First, Concord suggests that a pretrial defense exhibit deadline violates the Due Process Clause of the Fifth Amendment because the government bears the burden of proof at trial. Doc. 323, at 1.  The courts have uniformly rejected this argument.  *See, e.g.*, *United States v. Zidar*, 2002 WL 35651505, at *1 (W.D. Wa. May 2, 2002) (denying defendant's "motion seeking relief

---

1984).  In this case, the defense has made discovery requests through both formal and informal means.  For example, on November 11, 2019, Concord filed a motion to compel "the government's compliance with Federal Rule of Criminal Procedure 16(a)(1)(G)."  Doc. 241, at 1. In addition, Concord has sent the government numerous informal discovery requests over the last several months.  Concord's motion does not argue that it should be excused from the requirements of Rule 16(b)(1)(A) because it has not made a discovery request of the government.

from reciprocal discovery" and rejecting objection to reciprocal discovery on Fifth Amendment grounds, noting that "[t]he defendant does not cite, and the court was unable to identify, authority for the proposition that Fed. R. Crim. P. 16(b)(1)(A)'s reciprocal discovery provision presents a violation of a defendant's Fifth Amendment rights"); *see also United States v. Seldon*, 2008 WL 11384195, at *2 (D. Nev. Oct. 20, 2008) ("[T]he privilege against self-incrimination does not exempt defendants from their reciprocal discovery obligations."); *United States v. Palafox*, 2018 WL 10016686, at *2 (D. Nev. Dec. 12, 2018) (granting government's motion to compel reciprocal discovery and ordering the defendants to disclose items they intend to use at trial "promptly after the government has identified its witnesses for trial").

Next, Concord says that it cannot determine pretrial whether it will introduce evidence in its defense "because any defense would rely upon, among other things, the theory proffered by the government's case-in-chief."  Doc. 323, at 3.  This argument is without merit.  The government has provided Concord with a substantial amount of information about the "theory" of the government's case-in-chief, including a detailed Superseding Indictment, a bill of particulars, letters supplementing the bill of particulars, and an exhibit list that specifically identifies the social media accounts, the conspirators' communications, and the other documents the government intends to introduce into evidence at trial.  Indeed, the government's recent filings have explained some of the inferences that the government will ask the jury to draw from those documents.  And on February 7, 2020, the government will file a motion *in limine* explaining the relevance of each category of documents.  Given all this information, it is specious for Concord to say that it cannot provide exhibits pretrial because it will not understand the "theory" of the government's case-in-chief until trial.

The same is true of documents that Concord may use to cross-examine government witnesses. As the courts have recognized, Rule 16(b)(1)(A) does not extend to impeachment material, but it does encompass "any substantive evidence" that the defendant "intends to introduce for non-impeachment purposes" whether that evidence is offered in the defense case or on cross-examination of witnesses in the government's case. *Crowder*, 325 F. Supp. 3d at 136.

To be sure, both parties likely will add a few exhibits in the lead-up to trial and perhaps even during trial itself as the parties learn more about the other side's evidence and arguments. That is the nature of trials. But the fact that Concord may wish to add a few exhibits further down the road does not excuse Concord from complying with a pretrial deadline for the disclosure of the exhibits that it currently intends to present at trial.

Finally, Concord cites to docket entries from four cases in this jurisdiction over the past 13 years in which defendants appear not to have complied with pretrial defense exhibit disclosure deadlines. Notably, the docket entries cited by Concord do not say that the Court sanctioned or approved this conduct. At most, these docket entries appear to suggest that, in the three cases that went to trial, the Court chose not to impose the discretionary sanction set forth in Rule 16. *See* Fed. R. Crim. P. 16(d)(2)(C) (stating that "[i]f a party fails to comply with" Rule 16, the court "may prohibit that party from introducing the undisclosed evidence"). This is hardly persuasive legal authority for ignoring an obligation that is clearly set forth in the Federal Rules of Criminal Procedure.

Both the pretrial defense exhibit disclosure deadline in the scheduling order and the provision of Rule 16 on which it is based serve important purposes. They avoid delay during trial by allowing for the resolution of authenticity, relevance, admissibility, and translation disputes before the trial begins. They avoid unfair surprise. And they promote fundamental fairness in

criminal litigation.   Concord's motion offers no persuasive reason and no legal authority to abandon this course.   And Concord decision to wait until the week before its exhibits were due to seek relief from a deadline that it jointly proposed to the Court over five months ago further weighs against its position.   Accordingly, Concord's motion should be denied.

Respectfully submitted,

JOHN C. DEMERS                                                    TIMOTHY J. SHEA
Assistant Attorney General for National Security                 United States Attorney

By: /s/                                                          By: /s/
Heather N. Alpino                                                Luke Jones
U.S. Department of Justice                                       Peter Lallas
National Security Division                                       Jonathan Kravis
950 Pennsylvania Ave. NW                                         Adam C. Jed
Washington, D.C. 20530                                           555 Fourth Street NW
Telephone: (202) 514-2000                                        Washington, D.C. 20530
                                                                 Telephone: (202) 252-6886