**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CONCORD MANAGEMENT AND<br>CONSULTING LLC,<br><br>*Defendant.* | No. 18-cr-0032-2 (DLF) |

**ORDER**

Before the Court is Concord's Motion for Relief from the Court's Scheduling Order requiring Concord to provide the government with its exhibit list, copies of its exhibits, and a witness list on or before February 10, 2020.[1]  Dkt. 323.  On October 11, 2019, the parties agreed to a pretrial schedule that required the government to provide Concord with its exhibit list and copies of its exhibits three months before trial and its witness list nine weeks before trial.  *See* Joint Motion for Scheduling Order, Dkt. 213.  This agreement also required Concord to provide the government with an exhibit list, copies of its exhibits, and a witness list eight weeks before trial.  *Id*.  The Court approved this agreement.  *See* October 11, 2019 Scheduling Order, Dkt. 214.  Despite Concord's October 11, 2019 agreement to disclose its exhibits and witnesses well in advance of trial, Concord now seeks to withhold potential exhibits and witnesses until after the government presents its case-in-chief.  *See* Def.'s Mot. at 2.  Concord also asserts that it will not be in a position to identify exhibits to be used in cross-examination until after witnesses testify

---

[1] Although Concord seeks relief from the Court's January 24, 2020 Scheduling Order, that Order merely restated the exhibit and witness disclosure deadlines that the Court set months earlier based on the parties' agreement.  *See* October 11, 2019 Scheduling Order (adopting the parties' Proposed Scheduling Order); Joint Motion for Scheduling Order, Dkt. 191.

on direct examination. *Id*. Concord provides no good cause for its request for relief from this Court's scheduling orders. It merely asserts that a criminal defendant need not put on a defense at all and that any defense it may decide to present could change based on evidence the government introduces during trial. *See* Def.'s Mot. at 1–2.

Although a criminal defendant need not decide before the close of the government's case-in-chief whether to present a defense at trial, the government also need not provide a criminal defendant with its exhibits and witnesses months before trial. In this case, Concord negotiated an unusually early disclosure of government exhibits and witnesses, and in return, Concord agreed to disclose its potential exhibits and witnesses on February 10, 2020. Since then, the government has fulfilled its side of the parties' agreement. On January 6, 2020, the government disclosed its exhibit list and copies of its exhibits, and today, February 3, 2020, the government will disclose its witness list and *Jencks* and *Giglio* materials for those witnesses.

Consistent with the parties' October 11, 2019 agreement, the Court's Scheduling Orders of October 11, 2019 and January 24, 2020, and Concord's reciprocal discovery obligations under Federal Rule of Criminal Procedure 16(b)(1), Concord must now satisfy its end of the bargain. Accordingly, on or before February 10, 2020, Concord shall provide the government with an exhibit list and copies of any exhibits it may use at trial, as well as a list of any witnesses it may call at trial, should Concord ultimately decide to present a defense. If new evidence comes to light that Concord could not have known about on February 10, 2020, or if the Court permits the government to supplement its exhibit or witness lists at a later date, Concord may seek leave to supplement its exhibit list and witness list at that time.

For the foregoing reasons, it is

**ORDERED** that Concord's Motion for Relief from the Court's Scheduling Order, Dkt. 323, is denied.

February 3, 2020

DABNEY L. FRIEDRICH
United States District Judge