UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CONCORD MANAGEMENT AND CONSULTING LLC,<br><br>    *Defendant.* | No. 18-cr-0032-2 (DLF) |

## ORDER

Before the Court is the government's Renewed Motion for Early Return Trial Subpoena, Dkt. 325. For the following reasons, and with one modification to the government's subpoena request, the Court will grant the motion.

On December 26, 2020, the government filed a Motion for Early Return Trial Subpoena seeking from Concord six categories of records. Dkt. 285. On January 3, 2020, Concord moved to quash the subpoena. Dkt. 287. The motion to quash became ripe on January 22, 2020. *See* Dkt. 311. And on January 24, 2020, the Court granted in part and denied in part both motions. *See* Bench Ruling of January 24, 2020.

In so ruling, the Court first held that it has the power to issue trial subpoenas to Concord and that service of the subpoenas on Concord's defense counsel is adequate. The Court next determined that purported conflicts between Russian law and compliance with subpoena requests three, four, five, and six did not justify quashing the subpoena. And the Court ruled that the government had satisfied Rule 17(c)'s admissibility, relevancy, and specificity requirements for subpoena requests one, two, and three and granted the government's request to subpoena those categories of records.

But the Court also ruled that the government had not cleared the specificity threshold for requests four, five, and six—*i.e.*, the government had not established a "'sufficient likelihood,' demonstrated through rational inferences, that the documents being sought" in categories four through six "contain relevant and admissible evidence." *United States v. Libby*, 432 F. Supp. 2d 26, 31 (D.D.C. 2006) (quoting *United States v. Nixon*, 418 U.S. 683, 700 (1974)). The Court gave the government five days (until January 29, 2020) to renew its motion with (a) stronger support for those requests through more detailed evidence or a more fulsome account of the rational inferences supporting those requests; (b) further narrowed requests; or (c) both.

The government filed its Renewed Motion for Early Return Trial Subpoena on January 29, 2020. Dkt. 325. The motion followed path (c): It provides additional support (through stronger evidence and express rational inferences) that categories four, five, and six[1] satisfy *Nixon*'s specificity requirement, and it offers narrower, alternative formulations for each category.

Based on this additional evidence coupled with well-articulated rational inferences, the government has established a "sufficient likelihood" that "the documents being sought" in categories four through six—with one exception discussed below—"contain relevant and admissible evidence." *Libby*, 432 F. Supp. 2d at 31 (internal quotation omitted).

*Calendar entries*. The government supports its request for certain calendar entries with evidence showing that Yevgeniy Prigozhin, Concord's controlling officer, met regularly with employees of alleged coconspirator Internet Research Agency ("IRA") to discuss IRA activities and strategies, and several calendar entries reflect these meetings. This link between Prigozhin

---

[1] In the government's latest motion, these categories are numbered 1(a), 2(a), and 3(a), respectively.

and IRA is likely to be relevant, and this category is specific enough to ensure a sufficient likelihood that it will contain relevant and admissible evidence.

*Payment records*.  The government supports its request for certain payment records with emails between Concord and IRA that concern budgets, invoice activity, and bank account information.  These emails suggest that Concord approved and funded IRA's efforts and kept records documenting this approval and funding.  Concord's financial oversight of IRA is likely to be relevant, and this category is specific enough to ensure a sufficient likelihood that it will contain relevant and admissible evidence.

*Communications*.  The government supports its request for certain communications between Concord and an individual at IRA with actual emails between Concord and that individual concerning IRA's budgets, invoice activities, and related bank account information.  As explained, these communications are probative of Concord's funding and oversight of IRA's efforts—an issue likely to be relevant at trial.  This category is specific enough to ensure a sufficient likelihood that it will contain relevant and admissible evidence, with one exception: The Court will replace "electronic mail" with "communications" because the government has not established that other forms of communications exist or that, even if they do exist, they are sufficiently likely to contain relevant and admissible information.

Accordingly, it is

**ORDERED** that the government's Renewed Motion for Early Return Trial Subpoena is **GRANTED**.  It is further

**ORDERED** that the government may subpoena from Concord the following three categories of records:

>1. For the time period from January 1, 2014 to February 1, 2018, calendar entries reflecting meetings between Yevgeniy Prigozhin

and Jay Aslanov, Michael Burchik, Michael Bystrov and/or an individual identified as "Misha Lakhta."

2. For the time period from January 1, 2014 to February 1, 2018, records reflecting any payments from Concord Management and Consulting LLC to fund the activities of the Internet Research Agency, made directly or through another organization.

3. For the time period from January 1, 2014 to February 1, 2018, electronic mail (i.e. email) between Concord Management and Consulting LLC and Elena Khusyaynova concerning the activities of the Internet Research Agency.

February 7, 2020

_____
DABNEY L. FRIEDRICH
United States District Judge