IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CONCORD MANAGEMENT AND CONSULTING LLC<br><br>Defendant. | CRIMINAL NUMBER:<br><br>1:18-cr-00032-2-DLF |

**DEFENDANT CONCORD MANAGEMENT AND CONSULTING LLC'S RESPONSE TO GOVERNMENT'S SUPPLEMENTAL NOTICE REGARDING PROPOSED JURY INSTRUCTIONS**

Defendant Concord Management and Consulting LLC ("Defendant" or "Concord"), by and through undersigned counsel, respectfully submits this Response to the Government's Supplemental Notice Regarding Proposed Jury Instructions, ECF 346.

What is this that the government filed without leave of the court?

Is it a motion?  No.

Is it an opposition to a motion?  No.

Is it a reply to an opposition to a motion?  No.

Is it the government cheating to get in the last word?  Yes it is.

The government's procedurally improper "supplemental notice" continues the government's desire to eliminate its *mens rea* burden of proof in this conspiracy case.  Not content with its proposed jury instructions—which largely omit any *mens rea* tied to the specific conspiracy the government has alleged—the government now seeks to jettison the entrenched requirement from binding D.C. Circuit precedents mandating that the government prove Concord acted with "specific intent."  This heightened *mens rea* follows from the nature of conspiracies

1

generally, and § 371 defraud conspiracies specifically, which are inherently susceptible to expansive applications by prosecutors and risk punishing innocent conduct.

Given the settled Circuit precedents—which have been part of the briefing in this case from its inception—one might expect the government to explain why the specific intent requirement must be abandoned. No explanation is offered. Nor does it try to square its position now with its position earlier in this case when it said unequivocally that "Section 371 requires a specific intent to defraud." ECF 56 at 41 (Aug. 15, 2018); *see United States v. Concord Management & Consulting*, 347 F. Supp. 3d 38, 52 (D.D.C. 2018). Nothing has changed in the applicable law since August 15, 2018—and the government's notice does not claim otherwise.

Instead, the government contends it has unearthed a "vast body of cases explaining that the term 'specific intent' is ambiguous and particularly ill advised in jury instructions." But the government lacks a single case or other authority finding that the mere inclusion of "specific intent" in jury instructions in a conspiracy case is error. And the linchpin of the government's argument—that the jury here might be confused by the use of the term "specific intent"—simply ignores how, as the Court recently explained, the term will be further defined here in reference to the agreement and objectives the government will be required to prove. Feb. 11, 2020 Hr'g Tr. at 12-13. In the end, the supposed risk of jury confusion posited by the government is self-serving nonsense.

"[T]his Court remains bound by the law of this Circuit" in fashioning jury instructions. *Alton & S. Ry. Co. v. Bhd. of Maint. of Way Employes*, 883 F. Supp. 755, 762 (D.D.C.), *amended on reconsideration*, 899 F. Supp. 646 (D.D.C. 1995), *and aff'd sub nom. Alton & S. Ry. v. Bhd. of Maint. of Way Employees*, 72 F.3d 919 (D.C. Cir. 1995); *see also United States v. Berroa*, 46 F.3d 1195, 1197 (D.C. Cir. 1995) (vacating conviction where district court "depart[ed] from the

settled law of this circuit" in crafting jury instruction).  The relevant "law of this Circuit" is crystal clear—"specific intent" is an element of a conspiracy, including the § 371 defraud conspiracy alleged here.  This Court must fashion the conspiracy instructions in this case accordingly.

The concept of specific intent needs to be part of the jury instructions in this case.  It is part of the *mens rea* of the crime of conspiracy and without it, the burden of proof is not elevated to the level the law demands.  That is why there has never been a colorable dispute about the government having to prove specific intent to accomplish the conspiratorial objective as reflected in the case law and in the prior rulings of this Court.  The underlying settled principles remain unchanged and nothing in the government's missive shows otherwise.

First, it is still law that a § 371 conspiracy is a specific intent crime.  *See United States v. Williams*, 827 F.3d 1134, 1162 (D.C. Cir. 2016), *United States v. Bostick*, 791 F.3d 127, 139 (D.C. Cir. 2015), *United States v. White*, 116 F.3d 903, 927 (D.C. Cir. 1997), *United States v. Childress*, 58 F.3d 693, 726 (D.C. Cir. 1995); *United States v. Tarantino*, 846 F.2d 1384, 1392 (D.C. Cir. 1987), *United States v. Haldeman*, 559 F.2d 31, 112 (D.C.Cir. 1976); *United States v. Thompson*, 275 F.Supp.3d 107, 111 (D.D.C. 2017).  This Court has agreed whenever the issue was raised.  *See Concord Management & Consulting*, 347 F. Supp. 3d at 52 (D.D.C. 2018); *see also* Oct. 15, 2018 Hr'g Tr. 27:14-16 (recognizing that the government is "going to have to show that Concord and others conspired and had the *specific intent* to defraud the FEC, the DOJ, and the State Department") (emphasis added); *see also* ECF 291 at 14.  And the government, too, has conceded this.  *See id*.

Second, by asking for specific intent to be included in the proposed *mens* rea conspiracy instruction, Concord is aligned with controlling law.  *See Bostick*, 791 F.3d at 144 ("The District

3

Court's instructions repeatedly emphasized that to convict a particular defendant of [conspiracy], the jury must find that the individual defendant knowingly participated in the conspiracy with the specific intent to further its objectives."). Indeed, the D.C. Circuit has explicitly recognized that "it is clear that conspiracy is a 'specific intent' crime," and that "proof of conspiracy requires proof of specific intent to further the conspiracy's objective." *Childress*, 58 F.3d at 707-08; *Tarantino*, 846 F.2d at 1392 ("A single conspiracy is proven if the evidence establishes that each conspirator had the specific intent to further the common unlawful objective."). Put simply, these binding statements of black-letter law in this Circuit outline the mental state required to establish a § 371 conspiracy: specific intent.

Third, there is no difficulty in defining "specific intent" and reflecting that in an instruction. Concord provided a workable definition: "A person who intends to cause the required result is said to have acted with specific intent." ECF 248-1 at 19. The substance of that instruction, moreover, aligns directly with controlling law. *See United States v. Erlichman*, 546 F.2d 910, 920 (D.C. Cir. 1976) ("One who acts with specific intent is aware that what he does is precisely that which the statute forbids."); *see also United States v. Carr*, 314 F. Supp. 3d 272 (D.D.C. 2018) ("Specific intent … requires that it be the offender's 'conscious object' to bring about a particular result … mere awareness that the result is almost certain to occur is insufficient.") (internal citations omitted); *United States v. Dale*, 991 F.2d 819, 851 (D.C. Cir. 1993) ("The trial court's instructions made it clear that a conspiracy to defraud the United States required willful action with specific intent to deceive or cheat.").

Fourth, pointing to secondary sources and dicta from cases from outside this Circuit, the government's filing does nothing to overcome this binding precedent. Mot. 2. Indeed, none of the cases it cites stand for the proposition that it is error to include a specific intent instruction in

4

a § 371 conspiracy case. *See United States v. Golitschek*, 808 F.2d 195, 201 n.2 (2d Cir. 1986) (stating, in dicta, that "stock language" in a specific intent instruction has been criticized); *Voisine v. United States*, 136 S. Ct. 2272, 2281 (2016) (noting that common law specific intent is "confusing" in a case involving illegal possession of a firearm). And, to the extent that the government does identify D.C. Circuit law, its reliance on *United States v. Ali*, 870 F. Supp. 2d 10 (D.D.C. 2012) is completely misleading. While the court in that case noted out of circuit detractors commenting as to whether or not conspiracy is a specific intent crime, the opinion goes on to state multiple times that the government was required to prove that the defendant acted with the specific intent to accomplish the object of the conspiracy. *See id*. at 19-21.

Further, while the Redbook suggested that terms like "specific intent" and "general intent" no longer must be used, the jury must still be instructed " . . . as to the specific states of mind required by the elements of the offense." D.C. Model Jury Instructions § 3.101, Comment. *United States v. Edwards*, No. 11-cr-1, 2012 U.S. Dist. LEXIS 191648 (D.D.C. Nov. 12, 2012), which the government also cites, does not undercut this need for an instruction on a specific state of mind. *Id.; see also United States v. Borda*, 786 F. Supp. 2d 25, 41-42 (D.D.C. 2011) (finding that it was not error to fail to give a separate "specific intent" instruction as long as the offense instruction required the government to prove a "purposeful state of mind," which amounts to specific intent.) *Id.*

Fifth, it is this last principle that the government seeks to abandon with its misplaced argument based on juror confusion. But the government's desire cannot displace what the law requires. The Supreme Court has recognized that "certain classes of crimes merit 'special attention' to 'heightened culpability,'" and that conspiracy is among those recognized crimes, because "'a heightened mental state separates criminality itself from otherwise innocuous

behavior.'"  *Childress*, 58 F.3d at 707 (quoting *United States v. Bailey*, 444 U.S. 394, 405 (1980)).  The government's effort to conceal this reality is best illustrated by its reliance on *Liparota v. United States*, 471 U.S. 419, 433 n.16 (1985), which the government selectively quotes by omitting the crux point:  "A more useful instruction might ***relate specifically to the mental state required under [the food stamp statute] and*** eschew use of difficult legal concepts like 'specific intent.'"  Mot. 2 (omitted language emphasized).  Although *Liparota* involved food stamp fraud and not conspiracy, its point is applicable here—though not for the reason the government suggests.  Instead, it underscores the need for jury instructions to highlight the heightened mental state needed to prove a conspiracy.  In that context, specific intent is not surplusage, or confusing.  Rather, it helps to define and amplify the mental state for the charged offense.[1]

On balance, the government's proposal threatens to strip the relevant *mens rea* needed to properly instruct the jury and by doing so risks confusion and reversible error.  This Court should reject its misguided effort.

Dated:  February 18, 2020                                    Respectfully submitted,

---

[1] At various places, Concord used "specific intent" to underscore this heightened culpability requirement:  *See* ECF 248-1 at 18-19 ("The government must prove beyond a reasonable doubt that Concord had the specific intent to impair, obstruct or defeat the lawful functions of the FEC, DOJ and/or the FEC….A person who intends to cause the required result is said to have acted with specific intent."); 20 ("…knowingly participated in the unlawful plan with the specific intent to advance or further the objective or purpose of the conspiracy.  The government must prove beyond a reasonable doubt that Concord was aware of the common purpose, had knowledge that the conspiracy existed, and was a willing participant with the intent to advance the purposes of the conspiracy."); and 25 ("For Concord to be found guilty of conspiracy you must find that Concord acted with the specific intent to defraud the specific functions alleged and not some other functions of the [FEC], the [DOJ] and/or the [DOS].").  There is no reason, therefore, that the instructions cannot be drafted to include the specific intent the law demands.

CONCORD MANAGEMENT AND
CONSULTING LLC

By Counsel

 /s/ *Eric A. Dubelier*
Eric A. Dubelier (D.C. Bar No. 419412)
Katherine Seikaly (D.C. Bar No. 498641)
Reed Smith LLP
1301 K Street, N.W.
Suite 1000 – East Tower
Washington, D.C. 20005
202-414-9200 (phone)
202-414-9299 (fax)
edubelier@reedsmith.com
kseikaly@reedsmith.com