IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NUMBER: |
| v. | 1:18-cr-00032-2-DLF |
| CONCORD MANAGEMENT AND CONSULTING LLC | |
| Defendant. | |

**DEFENDANT CONCORD MANAGEMENT AND CONSULTING LLC'S OPPOSITION TO THE GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE DEFENSE EXHIBITS**

Defendant Concord Management and Consulting LLC ("Concord" or "Defendant"), through counsel, submits this Opposition to the Government's Motion in Limine to Exclude Defense Exhibits. In support, Concord states as follows:

**I.   INTRODUCTION**

In its motion the government essentially argues that Concord should not be permitted to introduce at trial any evidence that would potentially undermine the government's theory of culpability. The government also argues without support of any case authority that Concord must disclose its defense now so that the government can lodge additional objections to Concord's proposed exhibits. To be clear, Concord provided an exhibit list because the Court ordered it to do so.[1] Every item on this exhibit list was produced in discovery to Concord by the government.

---

[1] As Concord previously advised the government, Concord's exhibit list does not identify all evidence that it may use for purposes of impeachment of government witnesses. *See* Ex. 1, Feb. 10, 2020 letter transmitting Concord's exhibit list. That is, while some of these exhibits may be used in cross-examination of the government's witnesses, it is not possible to make even a preliminary determination in this regard because, despite the Court's order, the government still has not provided a complete witness list.

It is possible that Concord will not utilize any of these exhibits, and to the extent that the Court excludes government exhibits of the same type and from the same source, Concord understands that those rulings would likely apply to exhibits of the same type and source on Concord's exhibit list. The government apparently does not agree, lodging objections to admission of Concord exhibits that would equally apply to its own exhibits, thus creating a government-imposed double standard, which is improper. Further, the government takes a very narrow view of relevance, ignoring relevance to any possible defense, and boldly challenging relevance on the basis that the exhibits "do not appear to the government to line up with theories of the defense that defense counsel has alluded to in its filings or hearings before the Court." Mot. 5.

Beyond its substantive arguments related to admissibility, the government also makes petty complaints about the timing of its receipt of Concord's exhibit list, none of which have merit, because Concord's exhibit list was submitted in compliance with the Court's scheduling order. As an initial matter, as noted above, each of the documents on Concord's exhibit list was produced by the government in discovery productions in this case, meaning that the government itself collected these documents over two years ago through some legal process as part of its investigation. As such, the government should not be heard to complain that Concord's exhibit list is the first time it is seeing any of these documents; rather, the government must have reviewed them as part of its investigation in order to properly designate them pursuant to the Court's protective order, and to determine whether they contain any *Brady* material.[2]

The government also carps about the fact that Concord's exhibit list contains "short, duplicative descriptions" of the exhibits, Mot. 3, and "does not indicate the intended use of these

---

[2] It is now clear from the government's motion that it actually did no such thing despite the legal obligation to do so.

exhibits," *id.* 1. These critiques are odd given that the format of Concord's exhibit list was modeled directly after the government's own exhibit list. Nor does the government offer any explanation or authority for its suggestion that a criminal defendant's exhibit list must explain the manner in which the exhibits will be used at trial or describe in detail each individual exhibit, copies of which were provided to counsel for the government. The government also grumbles that Concord did not provide translations of these documents until February 13, Mot. 3, without informing the Court that the government itself has not provided Concord with complete translations of 55 of its own proposed exhibits, and has not indicated to Concord when it will do so despite numerous requests for this information in the seven weeks since the government provided its exhibit list to Concord.[3] While none of these complaints go to the merits of the government's motion, they do demonstrate the government's consistent practice of seeking to hold Concord to a standard that the government itself has no intention of meeting.

## II. LAW AND ARGUMENT

The government identifies five categories of evidence on Concord's exhibit list that it seeks to exclude, generally on relevance and hearsay grounds as well as jury confusion. But as a preliminary matter, the Court need not address the government's arguments at this stage. In asserting its evidentiary objections, the government seeks to have Concord reveal specific details about its defense strategy related to how and why it intends to admit certain evidence on its exhibit list. Such disclosure is improper at this point, and for this reason the Court should withhold ruling on the government's premature motion until trial, when the motion can be considered in the

---

[3] The government's objections as to translation begs the question of how it knows these documents do not contain exculpatory information if it never translated the documents itself.

particular evidentiary context in which it arises. And, in any event, neither of the government's proffered grounds for exclusion have any merit, as discussed below.

### A. It Would Be Premature for the Court to Rule on Relevance or Hearsay

"Depending on the nature of the evidentiary issue presented in a pretrial motion *in limine*, the Court must . . . assess whether a ruling is appropriate in advance of trial or, instead, should be deferred until trial when decisions can be better informed by the context, foundation, and relevance of the contested evidence within the framework of the trial as a whole." *United States v. Mosquera-Murillo*, 153 F. Supp. 3d 130, 175 (D.D.C. 2015) (alterations, quotations, and citations omitted); *see also United States v. Slatten*, 310 F. Supp. 3d 141, 143-144 (D.D.C. 2018) (noting that in some instances it is best to defer rulings until trial); *United States v. Petrossi*, 17-cr-192, 2018 WL 1141500, *1 (M.D. Penn. Mar. 2, 2018) (in ruling denying without prejudice government's pretrial motion *in limine* to exclude testimony, observing that the relevance of the challenged testimony "may not be ascertainable until conclusion of the government case in chief" and that the government's request "is premature, as the court currently has no basis to assess probative value or the potential of the evidence to prejudice either party, confuse the issues, or mislead the jury," thus concluding that "evidentiary determinations of this nature are best reserved for trial to allow the court to rule in proper context"); *United States v. Rounds*, 10-cr-239, 2015 WL 5918372, *1 (W.D.N.Y. Oct. 9, 2015) (denying government's pretrial motion *in limine* as premature); *United States v. Baker*, 08-cr-1053, 2010 WL 3173036, *4 (N.D. Ill. Aug. 9, 2010) (same); *United States v. Mendlowitz*, 17-cr-248, 2019 WL 6977120, *3 (S.D.N.Y. Dec. 20, 2019) (in post-trial opinion and order, noting that trial court reserved decision on government's motion to preclude testimony as premature).

The government seems to agree that the manner in which these exhibits may be used may not become apparent until during trial. *See* Mot. 6 (noting that such explanation may occur in

4

Concord's response "or at some later point in time"). Given this acknowledgment, the Court should exercise its discretion to await developments at trial before making a determination on the government's motion. Under circumstances like these, waiting until trial allows the Court's decision to "be better informed by the context, foundation, and relevance of the contested evidence within the framework of the trial as a whole." *Mosquera-Murillo*, 153 F. Supp. 3d at 175 (internal quotation marks and citations omitted).

As Concord has argued previously, *see* ECF 323, it is under no obligation to present any evidence at trial. But to the extent that it does choose to offer evidence, such evidence must be viewed in the context of the trial as a whole—and in particular, how that evidence is relevant to rebutting the evidence offered in the government's case-in-chief. Context is particularly important in this case, where the government seeks to present a substantial amount of evidence of co-conspirator conduct that has little, if anything, to do with whether Concord knowingly joined the alleged conspiracy. If such evidence is admitted, then Concord may seek to offer other evidence that will avoid the possibility of juror confusion or prejudice to Concord. *See Petrossi*, 2018 WL 1141500, at *1.

Withholding a ruling on the government's motion until such a ruling becomes ripe at trial (if at all) will also avoid prejudice to Concord's right to present its defense at trial. If Concord is required to disclose its trial strategy by offering a specific description of what exhibits it intends to use at trial and how it intends to use them, it risks not only revealing its trial strategy, but given the timing, it also will allow the government to potentially modify its own trial strategy in response.[4] Not only is this unfair, but the government offers no legal authority for requiring such

---

[4] To the extent that any of these exhibits will be used in cross-examination, requiring disclosure of defense strategy at this time will deprive Concord of its Sixth Amendment guarantee of an opportunity for effective cross-examination. *See Davis v. Alaska*, 415 U.S. 308, 315-16 (1974).

a disclosure in response to a motion *in limine*—particularly where it is possible that a ruling on that motion may never be necessary. Given this, the Court should wait until trial to rule on the government's motion, where it can be considered in the proper context and aimed at the specific issues that will undoubtedly come up at trial.

### B. Relevance

Not only is the government's relevance challenge premature, it is also based on conclusory statements and an improperly heightened standard of relevancy that would require Concord to tie every piece of evidence to an element of the charged conspiracy. *See* Mot. 6-10 (arguing that the documents do not appear to bear on the existence of an agreement to obstruct a lawful function of the United States, the use of deceitful or dishonest means, or the overt acts in the Superseding Indictment). But the government's position is not the standard for either relevance or admissibility. *See Slatten*, 310 F. Supp. 3d at 145) (recognizing that "evidence need not be dispositive of an element of the crime to be relevant"). In fact, the government's position that the exhibits do not go to an element of the crime fails to address the fact that Rule 401 is not so limited, but defines the test for relevant evidence as relating to a fact of consequence. Fed. R. Evid. 401.

Moreover, the government conspicuously ignores the fact that intent is a critical element of the charge it seeks to prove and that the proffered exhibits might be relevant to that element. *See United States v. Sanford Ltd.*, 878 F. Supp. 2d 137, 145 (D.D.C. 2012) (recognizing that intent is "always relevant in a criminal case, even if it is not an element of the crime"); ECF 74 at 25 (noting that the government must prove "enough knowledge to support a specific intent to thwart at least one of the three government functions alleged in the indictment"); Feb. 11, 2020 Hr'g Tr. 43:5-7 (Court stating that "we all agree that [the government] ha[s] to show an intent—more than entering the agreement, you have to show an intent to defraud").

To the extent Concord chooses to introduce at trial any of the exhibits on its list, it will establish the relevance of each exhibit to a fact of consequence at that time.

### C. Hearsay

With respect to hearsay, the government offers only the obvious (and incomplete) point that if the documents are offered for the truth of the matters asserted, they could be inadmissible as hearsay. Mot. 7, 8, 9, 10. To the extent Concord chooses to offer any of its exhibits, they would not be offered for the truth of the matters asserted or, alternatively, would be admissible pursuant to a hearsay exception, including the exception for records of regularly conducted activity, Fed. R. Evid. 803(6), then-existing mental condition, including state of mind (such as motive, intent or plan), Fed. R. Evid. 803(3); or present sense impression, Fed. R. Evid. 803(1). However, because the government has not presented a single piece of evidence, Concord cannot—and should not be forced to—commit to precisely what documents, if any, it may seek to introduce at trial and the manner in which it may do so.

### III. CONCLUSION

For the reasons set forth above, the government's Motion in Limine to Exclude Defense Exhibits should be denied as premature.

Dated: February 25, 2020                                              Respectfully submitted,

                                                                                             CONCORD MANAGEMENT AND
CONSULTING LLC

                                                                                             By Counsel

/s/ *Eric A. Dubelier*
Eric A. Dubelier (D.C. Bar No. 419412)
Katherine Seikaly (D.C. Bar No. 498641)
Reed Smith LLP
1301 K Street, N.W.
Suite 1000 – East Tower
Washington, D.C. 20005
202-414-9200 (phone)
202-414-9299 (fax)
edubelier@reedsmith.com
kseikaly@reedsmith.com