UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**CONCORD MANAGEMENT AND CONSULTING LLC,**<br><br>**Defendant.** | Criminal No. 18-CR-32-2 |

### REPLY IN SUPPORT OF GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE DEFENSE EXHIBITS

In response to the government's motion to exclude over 500 defense exhibits, Concord offers no argument for why any of its exhibits are in fact admissible at trial. Doc. 358. Concord instead urges (*id.* at 3-6) that the Court should address the admissibility of Concord's exhibits during trial and posits (*id.* at 6-7) that it "will establish the relevance" of its exhibits then and that (for reasons left unexplained) each exhibit is subject to one of a several exceptions to the rule against hearsay. Concord does not even mention the Rule 403 issues raised in the government's motion. This non-response to the motion *in limine* provides no basis to deny the government's motion to exclude Concord's exhibits. To be sure, the Court may ultimately prefer to address certain admissibility issues during trial rather than before. And the parties likely will add a few exhibits in the lead-up to trial and perhaps even during trial itself or develop new uses for their existing exhibits as the parties learn more about the other side's evidence and arguments. But it is specious simply to declare any consideration of Concord's exhibits "premature," as Concord now claims, particularly without making any arguments for admissibility.

Concord's further gamesmanship on this matter is troubling. The parties agreed to a pretrial schedule, entered by this Court, that was aimed at resolving as many evidentiary issues in

advance of trial as possible. Pursuant to that schedule, the government provided Concord its witness list and exhibits months before trial. Pursuant to a further agreement by the parties made with a view to facilitating the early and efficient resolution of evidentiary issues (*see* 2/11/20 Tr. 80), the government filed a motion *in limine* seeking admission of broad categories of exhibits, explaining their relevance, and addressing authenticity and possible hearsay concerns. After Concord initially attempted to shirk its end of the bargain and submit no exhibit list at all, Concord then sent the government over 500 exhibits, many in Russian (a form that could not be submitted to a jury as an exhibit), with no explicit or implicit indication of how they are admissible.

Now, even with a motion to exclude before the Court, Concord is refusing to explain whether or how any of its exhibits are admissible. It is indeed unclear whether Concord has no intention of admitting exhibits at trial, whether Concord has not sufficiently familiarized itself with its possible exhibits to address their admissibility, whether notwithstanding the Court's multiple orders to provide an exhibit list Concord has camouflaged its intended exhibits in a sea of unintended exhibits, or whether Concord simply prefers the government and the Court to address its evidence during the heat of trial rather than with the benefit of time and careful consideration. In all events, Concord's response is improper, and the government's motion should be granted.

**A.** Concord's over 500 proposed exhibits are inadmissible on a number of grounds. *See* Doc. 349. Despite Concord's burden to establish relevance, *Dowling v. United States*, 493 U.S. 342, 351 n.3 (1990), Concord has still not explained how any of these exhibits bear on matters that are pertinent to this trial, *see* Fed. R. Evid. 401 (defining relevance). It also appears that, even if relevant, the probative value of these exhibits would be substantially outweighed by the dangers of unfair prejudice, confusing and misleading the jury, and/or wasting time, *see* Fed. R. Evid. 403, and contain inadmissible hearsay, *see* Fed. R. Evid. 801-807.

Concord makes no argument for why any of its exhibits are in fact admissible at trial. Doc. 358.  Other than asking the Court to defer ruling on the admissibility of its exhibits, *see infra*, Concord makes a handful of generalized and unfounded assertions about the government's arguments for excluding these exhibits, each of which is unfounded.

Concord first contends that the government's motion is based on "a very narrow view of relevance, ignoring relevance to any possible defense," Doc. 358, at 2; *accord id.* at 6 (positing that the motion to exclude applies "an improperly heightened standard of relevancy that would require Concord to tie every piece of evidence to an element of the charged conspiracy "). Concord simply misunderstands the government's motion, which made clear that "[t]he definition of relevance is inclusive" but "depends on the possibility of establishing a fact that 'is of consequence in determining the action.'"  Doc. 349, at 4 (quoting Fed. R. Evid. 401).  In moving to exclude these exhibits, the government considered whether they might bear on "theories of the defense that defense counsel has alluded to in its filings or hearings before the Court" and recognized that the government might be missing some connection. *Id.* at 5-6.  Concord, however, has still not tied any of these exhibits to any matter that will be "of consequence" at trial, Fed. R. Evid. 401(b), either directly or in connection with a defense that Concord may raise (which, by definition, would itself have to concern one of the elements of the charged crime).[1]

Concord next asserts that the government has "ignore[d] the fact that intent is a critical element of the charge" and "that the proffered exhibits might be relevant to that element." Doc.

---

[1] Concord additionally asserts (Doc. 258, at 1) that "the government essentially argues that Concord should not be permitted to introduce at trial any evidence that would potentially undermine the government's theory of culpability."  Concord, however, never explains that contention.  The government's motion lays out the standards for admissibility, argues that Concord's exhibits do not appear to be admissible, and invites Concord to explain why it believes they are.  Concord's claim that the government views any potentially exculpatory evidence as inadmissible is unfounded.

3

358, at 6.  That contention is similarly misguided.  The government made clear in its motion that it was considering whether these exhibits bear on the required scienter.  *See, e.g.*, Doc. 349, at 6 (analyzing whether emailed social media posts "bear on whether Concord entered into an agreement with its co-conspirators to obstruct a lawful function of the United States"); *id.* at 7 (similar for payment confirmation).  If some (or all) of these 500 exhibits are relevant to Concord's intent, Concord should make that argument in its opposition to the motion to exclude the exhibits.  But Concord has not even asserted that its exhibits bear on intent, stating only that the exhibits "*might* be relevant to that element."  Doc. 358, at 6 (emphasis added).  Nor has Concord made any argument or offered any proffer to support that theory of relevance.

Concord ends by claiming (Doc. 358, at 7) that any exhibits it later seeks to admit will either "not be offered for the truth of the matter asserted" or will "be admissible" under some hearsay exception, then listing three exceptions that are "include[ed]" about the exceptions assertedly applicable to Concord's exhibits.  Concord does not so much as hint how or why its exhibits would be used or how or why any hearsay exception may apply.  Concord also does not address the Rule 403 arguments raised in the government's motion.[2]

**B.**  Concord's non-response to the government's motion *in limine* is an impermissible end run around the agreed-to schedule entered by the Court, which, among other things, allows the government to raise timely objections to the admissibility of exhibits and allows the Court to address any such objections through pretrial motions practice rather than during trial.

---

[2] In a footnote, Concord seemingly suggests (Doc. 258, at 2 n.2) that the government has not complied with its obligations under *Brady v. Maryland*, 378 U.S. 83 (1963).  Concord, however, does not further support that claim or explain what required steps it believes the government failed to undertake.

4

**1.**  Back in August 2019, the Court directed the parties jointly to file a proposed scheduling order.  8/20/19 Minute Order.  In so doing, the Court indicated that it would prefer to address legal issues in advance of trial if possible.  8/20/19 Tr. 6-7.  On August 30, 2019, the parties jointly filed a proposed scheduling order requiring the government to submit exhibits and other materials to Concord well in advance of trial, for Concord to then submit exhibits to the government, and for both parties then to file motions *in limine*.  Doc. 191-1, at 2.  On October 11, 2019, the parties revised their proposal but maintained that same basic model, Doc. 213, at 2, and the Court entered the jointly proposed order the same day, Doc. 214.  As this Court later recognized (Doc. 328, at 2), this jointly proposed schedule was a "bargain" established between the parties, which gave Concord an "unusually early disclosure of government exhibits and witnesses."  Concord's "end of the bargain" included providing the government with an exhibit list, witness list, and exhibits before trial and, as relevant here, before the scheduled motions *in limine* on evidentiary issues.

As the Court well knows, Concord attempted to renege on this bargain when, shortly before it was required to submit exhibits to the government, Concord claimed that it should not be required to disclose information about its planned defense and, in any event, could not determine in advance of trial what exhibits it may wish to admit.  Doc. 323, at 1-3.  This Court denied Concord's motion, making clear that Concord must "satisfy its end of the bargain" and abide by the jointly proposed trial schedule.  Doc. 328.  On February 11, 2020, Concord sent to the government over 500 exhibits, many in Russian and therefore presumably not a form it would use as exhibits for an English-speaking jury.  (Over the days leading up to the government's deadline to file motions *in limine* on Concord's exhibits, Concord submitted translations.)

Concord should not be permitted to evade the jointly proposed deadlines for motions *in limine* by now declining to engage with the question whether any of its proposed exhibits are

admissible.  Concord had ample notice that the motions *in limine* would not be limited to the government's exhibits.  *See also, e.g.*, 2/11/20 Tr. 80-81 (this Court's discussing "[t]he government's deadline to file any motions *in limine* relating to the defendant's exhibits and witnesses").  Resolving the admissibility of Concord's exhibits, to the extent possible, in advance of trial makes eminent sense.  The agreed-to schedule ordered by the Court allowed the government to raise timely objections to the admissibility of Concord's exhibits and allowed the Court to resolve any such objections through pretrial motions practice rather than during trial.  Such considerations are at their height in a case such as this one, where the evidence is document intensive, a substantial number of the documents at issue require translation, many documents were created in Russia, and the charge itself may give rise to complex questions about relevance, prejudice, and jury confusion.

Concord's asserted reasons for not advancing any arguments for admission of its exhibits are misguided.  Concord's primary contention (Doc. 358, at 4-6) is that it is "premature" to address the admissibility of defense exhibits.  As even Concord's cited cases make clear, however, "whether a ruling is appropriate in advance of trial or, instead, should be deferred until trial" is something that "[d]epend[s] on the nature of the evidentiary issue."  *United States v. Mosquera-Murillo*, 153 F. Supp. 3d 130, 175 (D.D.C. 2015) (quoted by Concord at Doc. 358, at 4).  "The timing of a decision on the admissibility of contested evidence is a matter within a trial judge's discretion."  *Id.*  Yet Concord makes no convincing argument for why the Court must address the admissibility of all Concord exhibits in the middle of trial.  Concord correctly notes (Doc. 358, at 4-5) that in some instances, the relevance, probative value, and other admissibility criteria may become apparent only as trial proceeds.  But it is fanciful to suggest that is the case for every single defense exhibit that Concord has already been able to identify.  In fact, the government has already

detailed, to Concord and the Court, significant information about its case-in-chief. The government filed a detailed Superseding Indictment, a bill of particulars, letters supplementing the bill of particulars, an exhibit list that specifically identifies the accounts and communications the government will admit, and a number of motions and responses that proffer how the government will use its exhibits and certain witness testimony.

More to the point, and as Concord itself recognizes in places (Doc. 358, at 5), when to rule on evidentiary issues is a matter of the Court's, not the parties' discretion. *Mosquera-Murillo*, 153 F. Supp. 3d at 175. By refusing to make any substantive response to the government's motion to exclude the defense exhibits, Concord is instead trying to force the Court's hand. To be sure, the Court may consider a briefed motion *in limine* and decide to defer ruling or to make a tentative ruling subject to later a developments. And, of course, a court may reconsider its prior *in limine* decisions during the course of trial. *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *Luce v. United States*, 469 U.S. 38, 41-42 (1984). But those realities of trial practice provide no basis for responding to a motion to exclude evidence with zero arguments in favor of admissibility.

Concord additionally urges (Doc. 358, at 5-6) that it would be unfair for Concord to make arguments about admissibility before the government presents its case-in-chief. Initially, Concord does not justify the surprising claim that it would have to "disclose its trial strategy" to make any arguments about admissibility. *Id.* at 5. Presumably some of Concord's exhibits do not hinge on any particular trial strategy, and Concord could connect the relevance of some exhibits to this case without fully unpacking its overarching "strategy." Concord has also made many claims to the government and the Court about aspects of its strategy. Unless Concord is now changing its approach to this case, it should be able to tie its exhibits to the general issues in the case that have become apparent during the parties' extensive litigation. In any event, this is part of the bargain

7

that Concord chose to strike. As the Court recognized when denying Concord's eleventh-hour motion to alter the trial schedule, Concord received an "unusually early disclosure of government exhibits and witnesses." Doc. 328, at 2. This allowed Concord extensive time to review the government's evidence and to craft the very trial strategy that it now claims to protect.

In all events, Concord cites no authority for the proposition that a defendant may ignore a reasonable trial schedule on the ground that engaging in motions briefing may tend to disclose its trial strategy. As noted, the Court's schedule, jointly requested by the parties, is sensible. As the extensive motions briefing makes clear, the charge in this case may give rise to complex questions about relevance, prejudice, jury confusion, and the like. And the unusual context of this case— particularly the role of documents gathered from individuals in Russia—gives rise to further questions about authenticity and hearsay. It is therefore prudent to address, where possible, the admissibility of exhibits before trial. By refusing to respond to the government's motion to exclude, Concord deprives this Court of the benefit of briefs written without the simultaneous demands of trial and further deprives this Court of significant time to consider the issues.

**2.** A district court has significant discretion in determining when and how parties will submit and frame arguments. *See, e.g.*, *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 151 (D.C. Cir. 1996). As part of its "authority to manage the course of trials," a court may choose to address matters through motions *in limine*. *Luce*, 469 U.S. at 41 n.4. That is what the Court did here. *Id.*; *see also Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 171 (1989) ("One of the most significant insights that skilled trial judges have gained in recent years is the wisdom and necessity for early judicial intervention in the management of litigation.").

It is black-letter law that "a district court need not relinquish control of its docket to a party who repeatedly fails to comply with the court's procedures." *Jackson*, 101 F.3d at 151 (citing

*Redfield v. Ystalyfera Iron Co.*, 110 U.S. 174, 176 (1884)). If Concord later seeks to admit the exhibits that it has already identified but refused to address in the scheduled motions, Concord should be required to justify why its arguments for admissibility could not have been earlier. *Cf.* Doc. 328, at 2 (this Court's ruling that Concord must submit an exhibit list and witness list pursuant to the agreed upon pre-trial schedule and "may seek leave to supplement its exhibits or witness list" later "[i]f new evidence comes to light that Concord could not have known about on February 10, 2020, or if the Court permits the government to supplement its exhibit or witness lists at a later date").

"A defendant's right to present relevant evidence is not unlimited, but rather is subject to reasonable restrictions" and therefore may "bow to accommodate other legitimate interests in the criminal trial process." *United States v. Scheffer*, 523 U.S. 303, 308 (1998); *see also, e.g.*, *United States v. Tapaha*, 891 F.3d 900, 905 (10th Cir. 2018) (defendants' right to introduce evidence "is not absolute; a defendant must still abide the rules of evidence and procedure"). Trading exhibits and resolving evidentiary issues, to the extent practicable, in advance of trial is a practical, agreed-upon procedure that ensures the fairness of these proceedings to both sides and provides the Court with the benefit of time to consider the issues and submissions by the parties that are not drafted during the rush of trial. Where a defendant simply refuses to engage with reasonable procedures for governing evidence, a court may exclude that evidence. *See, e.g.*, *United States v. Day*, 524 F.3d 1361, 1372 (D.C. Cir. 2008) (exclusion of expert witness where defendant did not provide Rule 16 summary in advance of trial); *cf. United States v. Nobles*, 422 U.S. 225, 241 (1975) ("the Sixth Amendment does not confer the right to present testimony free from the legitimate demands of the adversarial system"). That is particularly true where a defendant engages in "willful misconduct" designed to obtain "a tactical advantage." *See Taylor v. Illinois*, 484 U.S. 400, 417

(1988). It is axiomatic that when a defendant simply refuses to respond to a procedurally proper motion to exclude evidence, the defendant should then be bound by its decision. In these circumstances, the Court should not lightly give Concord yet a further bite at the apple.

## CONCLUSION

For the foregoing reasons, the government's motion should be granted.

Respectfully submitted,

| | |
|---|---|
| JOHN C. DEMERS<br>Assistant Attorney General for National Security | TIMOTHY J. SHEA<br>United States Attorney<br>D.C. Bar No. 437437 |
| By: */s/ Heather Alpino*<br>Heather N. Alpino<br>U.S. Department of Justice<br>National Security Division<br>950 Pennsylvania Ave. NW<br>Washington, D.C. 20530<br>Telephone: (202) 514-2000 | By: */s/ Adam Jed*<br>Luke Jones (VA 75053)<br>Peter Lallas (NY 4290623)<br>Adam Jed (NY 4978532)<br>555 Fourth Street NW<br>Washington, D.C. 20530<br>Telephone: (202) 252-7066 |