UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**CONCORD MANAGEMENT AND CONSULTING LLC,**<br><br>**Defendant.** | **Criminal No. 18-CR-32-2** |

### GOVERNMENT'S REPLY TO CONCORD'S RESPONSE TO THE ORDER TO SHOW CAUSE WHY CONCORD SHOULD NOT BE HELD IN CIVIL CONTEMPT

Even now, Concord does not so much as assert that it complied (or even tried to comply) with the two trial subpoenas. Nor does Concord provide any explanation for the surprising absence of responsive records or even explain its search process. Concord's 18-page pleading can be distilled to three material points: Concord's attorneys will not make any representations about compliance; Concord will not otherwise make any representations about compliance; and Concord will not comply with a court order to send a representative to answer for its production. The Court should therefore enter a contempt order and impose an appropriate sanction to compel compliance.

As Concord notes, the standard for imposing civil contempt is "clear and convincing evidence that the alleged contemnor violated the court's prior order." *Food Lion, Inc. v. United Food & Comm. Workers Int'l Union*, 103 F.3d 1007, 1016 (D.C. Cir. 1997) (emphasis omitted). That standard is satisfied. Significant evidence demonstrates Concord's failure to comply with the trial subpoenas. As the government laid out in its motion, the government has already established a likelihood that Concord possesses the four categories of records for which it produced no documents whatsoever; the government has already gathered certain records through other means that would be responsive; at least one category (category 3) comprises a set of records (records of

IP addresses) that almost any business has and that Concord almost certainly has; and neither Concord's attorneys nor any other representative will so much as assert that Concord complied, let alone explain the search process and absence of records. Even if no individual fact establishes Concord's violation, the facts taken together do so.

Concord does not address the significant evidence of noncompliance even now, when ordered to do so by the Court. Here, the most pertinent facts "are peculiarly within [Concord's] knowledge," and the government faces a "practical handicap" in establishing the existence of records outside of the government's possession or control. *See United States v. Fleischman*, 339 U.S. 349, 360-363 (1950) (criminal contempt). The Court ordered Concord to show cause "why it should not be held in civil contempt for failing to comply with the trial subpoenas issued in this case." 2/27/20 Minute Order. Concord's response does not come close to rebutting the substantial evidence of noncompliance. Not only does Concord fail even to assert that it complied with the subpoenas, but Concord also refuses to engage with the reasons to believe that Concord possesses, or at least controls, additional records. Concord spends pages attacking the government, seeks to distinguish some of the government's citations on their facts, and even briefly alludes to the Sixth Amendment (while citing cases involving subpoenas directed at attorneys as opposed to records held by the client). Conspicuously absent from Concord's response is an attempt to rebut what is at least a prima facie showing of noncompliance. Concord's continued stonewalling is all the more significant now that the Court has ordered Concord to show cause why it should not be held in civil contempt. Concord's failure to rebut the significant evidence of noncompliance underscores that the government has met its burden and Concord should be held in contempt.

## CONCLUSION

For the foregoing reasons, the government respectfully asks that Concord be held in civil contempt and asks the Court to impose a per diem fine to coerce compliance with the trial subpoenas.

Respectfully submitted,

| | |
|---|---|
| JOHN C. DEMERS<br>Assistant Attorney General for National Security | TIMOTHY J. SHEA<br>United States Attorney<br>D.C. Bar No. 437437 |
| By: */s/ Heather Alpino*<br>Heather N. Alpino<br>U.S. Department of Justice<br>National Security Division<br>950 Pennsylvania Ave. NW<br>Washington, D.C. 20530<br>Telephone: (202) 514-2000 | By: */s/ Adam Jed*<br>Luke Jones (VA 75053)<br>Peter Lallas (NY 4290623)<br>Adam Jed (NY 4978532)<br>555 Fourth Street NW<br>Washington, D.C. 20530<br>Telephone: (202) 252-7066 |