**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NUMBER: |
| v. | 1:18-cr-00032-2-DLF |
| CONCORD MANAGEMENT AND CONSULTING LLC | |
| Defendant. | |

**DEFENDANT CONCORD MANAGEMENT AND CONSULTING LLC'S OBJECTIONS
TO THE COURT'S PROPOSED CONSPIRACY INSTRUCTION**

Defendant Concord Management and Consulting LLC ("Defendant" or "Concord"), by
and through undersigned counsel and at the Court's direction, respectfully submits these objections
to the Court's Proposed Conspiracy Instruction.

**BACKGROUND**

The parties and this Court, from the outset, have had a particularized focus on the
government's burden of proof in this proceeding.  The disparate views on that burden were brought
into sharp relief with the positions advanced on the substance of the conspiracy instruction that
should be given in this unique case.  For reasons previously articulated (ECF 280 at 11-14, 19-38;
ECF 291 at 6-19; ECF 348), Concord continues to believe that its proposed instruction should be
given.  This Court, however, has drafted its own proposed instruction and, as this Court directed,
Concord now offers its objections to the Court's proposal.[1]  Without waiving its request for its

---

[1] Concord bears the responsibility of ensuring that its objections to the Court's instructions are
properly preserved for appellate review and thus, in an abundance of caution, reiterates and
incorporates those objections in addition to those made in this pleading.  *See United States v. May*,
68 F.3d 515, 516-17 (D.C. Cir. 1995) (outlining a defendant's responsibilities under Federal Rules
of Criminal Procedure 30 and 51).

instruction or any of its previously articulated objections, Concord also submits a redlined and revised version of this Court's proposed instruction that it believes more closely aligns with applicable law and more fully addresses the vagaries of the conspiracy alleged in this case.[2] Concord expressly includes these revisions among its objections to the proposed instruction.

## PRINCIPAL OBJECTIONS TO THE COURT'S PROPOSED CONSPIRACY INSTRUCTION

Concord's objections to the Court's proposed conspiracy instruction are aimed at both its content and substance.  As far as the content is concerned, Concord's objections are directed towards making the instruction sharper and clearer to try to avoid juror confusion.  As for the substance, Concord's objections are intended to more closely align the instruction with the government's burden of proof as to Concord.  Both sets of objections also are intended to avoid the prejudice to Concord that will result if the Court's proposed instruction is given as drafted.

First, the proposed instruction omits any reference to Concord's specific intent and has no proposed definition of what that phrase means, and thus fails to express the need for proof of the requisite *mens rea* in this case.  The omission of "specific intent" in particular is contrary to its previous acknowledgment (and the government's agreement) that "§ 371 requires the specific intent to carry out . . . the obstruction of lawful government functions."  ECF 74 at p. 24 (citing the government's concession at ECF 56 at 16); *see also* Oct. 15, 2018 Hr'g Tr. 27:13-17; Dec. 12, 2019 Hr'g Tr. 21:20-24 ("Concord will have further opportunities with jury instructions . . . to ensure that the government proves enough knowledge to support a *specific intent* to thwart at least one of the government functions alleged in the indictment.") (emphasis added); *see also* ECF 348 at 3-6.

---

[2]  Exhibits A and B attached.

Moreover, Concord's proposed instruction is clear on what "specific intent" means: "A person who intends to cause the required result is said to have acted with specific intent." ECF 248-1 at 19. *See United States v. Carr*, 314 F. Supp. 3d 272 (D.D.C. 2018) ("Specific intent . . . requires that it be the offender's 'conscious object' to bring about a particular result . . . mere awareness that the result is almost certain to occur is insufficient.") (internal citations omitted) (citing *United States v. Bailey,* 444 U.S. 394, 405 (1980), for proposition that "the Model Penal Code term 'purpose corresponds loosely with the common-law concept of specific intent; while 'knowledge' corresponds loosely with the concept of general intent"). Perhaps most importantly, however, this Circuit has approved jury instructions that make clear that "a conspiracy to defraud the United States required willful action with specific intent to deceive or cheat." *United States v. Dale*, 991 F.2d 819, 851 (D.C. Cir. 1993) ("The trial court's instructions made it clear that a conspiracy to defraud the United States required willful action with specific intent to deceive or cheat.").

Second, to the extent that the Court's instruction contains a *mens rea* requirement, it fails to, but should, track what the Superseding Indictment expressly requires. *Compare* Superseding Indictment ¶ 9 ("knowingly *and* intentionally") (emphasis added) *with* Court's Proposed Instruction at 1, ¶ 2 ("intentionally"); 2, ¶ 2, ("voluntarily and intentionally"). In that fashion, it is also inconsistent with both the Court's own previously stated view of the burden of proof in this case, *see* Feb. 11, 2020 Hr'g. Tr. at 50:24-25 ("The jury must unanimously agree that Concord knowingly and intentionally joined this particular agreement . . . ."), and with what controlling law requires. *See* ECF 248-1 at 18-25; ECF 280 at 22-31; ECF 291 at 15. As a result of these well-

established principles, Concord has proposed that the Court uniformly use the agreed-upon *mens rea* of knowingly and intentionally, throughout.[3]

Third, the proposed instruction inconsistently and variously refers to the object of the conspiracy as an intent to defraud the lawful functions of:  "the Federal Election Commission, the U.S. Department of Justice, and the U.S. Department of State", *see* Proposed Instruction at 4, the "United States government", *id.*, and "government agencies", *id.* at 5.   The Superseding Indictment, however, is more precise.  It specifically alleges that the co-conspirators sought to defraud by interfering with the lawful functions of the "Federal Election Commission, the U.S. Department of Justice, and the U. S. Department of State . . . .," specifically with respect to a federal election.  ECF 247 at 5 ¶ 9.  The instruction given should reflect that precision throughout.

Fourth, the proposed instruction fails to include the concept that Concord must have specifically known about the duties to disclose or register and the specific statutes referred to in the Superseding Indictment that give rise to those duties.  *See* ECF 281 at 15.  Inclusion of language adopting this concept follows of necessity from the circumstances of this case and this Court's prior findings that "Concord is correct—and the government does not dispute—that the government 'must, at a minimum, show that Concord knew what 'lawful government functions' it was allegedly impeding or obstructing" and that, under the original Indictment, this meant that "the government must show that Concord knew that it was impairing the 'lawful functions' of the FEC, DOJ, or DOS 'in administering the federal requirements for disclosure of foreign involvement in certain domestic activities.'"  *See* Nov. 15, 2018 Mem. Op. at 24-25 (citing Orig.

---

[3] Concord's proposed instruction on the elements of the conspiracy request a *mens rea* of "knowing[] and intentional[]" conduct, as the government alleged in the Superseding Indictment, ¶¶ 2, 9, not willfulness.  But as the Court is aware, and for purposes of preserving its argument for appeal, Concord has consistently maintained that willfulness is the proper *mens rea*.  *See* ECF 291 at 13 n.3; ECF 248-1 at 18 n.4; ECF No. 280 at 22 n.6.

Ind. ¶ 9 for "administering federal requirements for disclosure").  It is not possible for the Court to charge the jury as to whether "Concord knew that it was impairing the 'lawful functions'" of the FEC and DOJ in enforcing these statutory requirements without also instructing the jury that the government must prove that Concord knew about these functions.

Fifth, the proposed instruction omits any language requiring juror unanimity as to a conspiracy to defraud one specific U.S. government agency rather than another.  *See* ECF 248-1 at 12; ECF 280 at 11-14; ECF 291 at 6-10.  Without a special unanimity instruction, the government has the latitude to present "election inference" as a crime unto itself, or to convince the jury to convict "on a composite theory of guilt" where the jury unanimously finds that Concord is guilty *of something*, but cannot unanimously agree which unlawful act supports the guilty verdict.  *See United States v. Beros*, 833 F.2d 455, 462 (3d Cir. 1987).

Sixth, the proposed instruction omits language requiring the jury to consider whether Concord and the co-conspirators had an affirmative duty to disclose specific information to the Federal Election Commission, the Department of Justice, or the Department of State that was not provided.  *See* ECF 281 at 15.  The proposed instruction makes such consideration optional, and confusingly so.  *See* Proposed Instruction at 5 ("If you conclude that a duty to disclose is relevant to your decision . . . .").  Yet, as the Court already has acknowledged, it will be difficult for the government, as a practical matter, to tie the alleged acts of deception to the alleged government functions without consideration of such duties. Nov. 15, 2018 Mem. Op. at 15-16.  This acknowledgement should be reflected in the instruction.

Seventh, and relatedly, the proposed instruction creates a serious risk of juror confusion in its description of how there can be the requisite impairment of government functions through dishonest means.  *See* Proposed Instruction at 5 ("In considering such conduct, the object of

impairing, obstructing, or defeating one of the U.S. government's lawful functions, by deceit, craft, trickery, or dishonest means, can occur in either of two ways:  (1) through acts of deceit, craft, trickery, or dishonest means or (2) through the failure to provide information to the government that is legally required.").  To begin with, the proposed instruction is circular in nature because it describes "deceit, craft, trickery, or dishonest means" as "acts of deceit, craft, trickery, or dishonest means."  This phrasing does not define the terms used, and will likely confuse the jury.  The proposed instruction then sets forth a second, far narrower, definition of "deceit, craft, trickery, or dishonest means" in (2)—"the failure to provide information to the government that is legally required."  Given how central alleged non-disclosures are to the government's charge, this awkward disjunctive formulation threatens to distract the jury from separately analyzing non-disclosures as the remainder of the Court's instruction provides.  The instruction thus creates the very real risk that the jury will simply view non-disclosures as "acts of deceit" under clause (1) that meet the burden of proof without any need to consider whether there are legal duties to disclose, whether those duties were violated, or whether Concord or the defendants knew about the laws that created the duties.

Eighth, the proposed instruction contains no reference to the foreign national expenditure prohibition—even though this is one of the statutes specifically referenced in the Superseding Indictment.  *See* ECF 247 at 5 ¶ 9.  Concord's proposed instruction included language outlining this obligation and it believes the instruction given should do the same.  *See* ECF 248-1 at 19.

Ninth, throughout Exhibit A, Concord has undertaken to streamline the Court's proposed instruction in an effort to remove language that is not relevant to the facts of this case.  These edits are aimed at helping the jury to more easily understand the Court's instruction.  Two specific examples bear emphasis.  First, Concord removed the language defining "defraud the United

States" in part as to "cheat the United States government or any of its agencies out of money or property." Ex. A at 1.  This case does not involve the "money or property" aspect of a defraud-clause conspiracy, and is irrelevant here.  Second, in the "Duty to Disclose" section of the instruction, Concord removed certain extraneous language providing examples of "expressly advocating" that, respectfully, are unrelated to the facts of this case and cumulative, and could therefore cause juror confusion.  Concord also attempted to streamline the description of what constitutes express advocacy by removing roman numerals and shortening the definition, again, for purposes of avoiding jury confusion.

In closing, Concord maintains that there is a particularized need in this unprecedented case for clear direction in the jury instructions that *only* Concord's knowing and intentional involvement in any unlawful conspiracy can support a conviction.  In that regard, Concord's objections—as well as the changes accomplished in its redline of the proposed instruction—are essential to prevent the risk of prejudice that looms over these proceedings.

That risk is acute in light of the way the government intends to prove its case:  namely, by asking a jury unfamiliar with the byzantine U.S. statutes on which the government rests its conspiracy charge to convict Concord for allegedly engaging in lawful conduct and for having, at most, a loose association with others who purportedly tried to influence a U.S. presidential election through speech.  But Concord cannot be convicted for "interfering" in an election or "sowing discord" among voters in U.S. elections.  Nor, as the Court recently observed, does the speech aimed at doing so become a crime because the speaker is a foreign national who tries to "hide" their role as speaker from U.S. government agencies or authorities.  March 4, 2020 Hr'g Tr. 44:24-45:16.  Yet assertions like these are at the heart of the government's unprecedented conspiracy charge against Concord.

In addition, prejudice also inures in the government's purported proof of the alleged conspiracy. The evidence offered by the government to this point to "prove" the conspiracy does not implicate Concord in the charged conspiracy. Most of it in fact does not refer to Concord at all. The conspiracy instruction therefore also must try to minimize, as much as possible, the risk that Concord could be convicted simply by being linked—however tenuously—to an alleged conspiracy with which it was not involved, and about which it had no knowledge. The revised instruction espouses settled legal principles and, relying on those principles, attempts to reduce that prejudice.

Dated: March 12, 2020

Respectfully submitted,

CONCORD MANAGEMENT
AND CONSULTING LLC

By:  /s/ *Eric A. Dubelier*
　　Eric A. Dubelier (D.C. Bar No. 419412)
　　Katherine J. Seikaly (D.C. Bar No. 498641)
　　REED SMITH LLP
　　1301 K Street, N.W.
　　Suite 1000 – East Tower
　　Washington, D.C. 20005-3373
　　202.414.9200 (phone)
　　202.414.9299 (fax)
　　edubelier@reedsmith.com
　　kseikaly@reedsmith.com

**Exhibit A** to Defendant Concord Management and Consulting LLC's Objections to the Court's Proposed Conspiracy Instruction

*United States v. Concord Management and Consulting LLC*, Case No. 18-cr-00032-2-DLF

**Court's Proposed Conspiracy Instruction**

**Overview of Conspiracy to Defraud the United States**

Concord is charged with conspiring to defraud the United States government.  It is against the law to knowingly and intentionally agree with someone to defraud the United States government. In this case, "defraud the United States" means to knowingly and intentionally impair, obstruct, or defeat one of the United States government's lawful functions, by deceit, craft, trickery, or dishonest means. Here, Concord is charged with conspiring to knowingly impair, obstruct, or defeat several specific functions of the United States government's Federal Election Commission, Department of Justice Foreign Agent Registration Act Unit, and Department of State, as defined by several specific statutes enacted by the U.S. Congress. The government is not required to prove that the impairment or obstruction of these functions were actually achieved.

**Essential Elements of Conspiracy to Defraud the United States**

The government has three elements to prove in order to obtain a conviction of Concord for the unlawful conspiracy and each element must be proven beyond a reasonable doubt.

1. The first thing that must be shown is the existence of an agreement: Specifically, that from in and around 2014 to January 2018, an agreement existed between two or more people to knowingly and intentionally defraud the United States by using dishonest or deceitful means to impair, obstruct, or defeat the specified functions of the Federal Election Commission, the Department of Justice's Foreign Agent Registration Act Unit, and the Department of State. This does not have to be a formal agreement or plan, in which everyone involved sat down together and worked out the details. On the other hand, merely because people get together and talk about common interests or do similar things does not necessarily show that an agreement exists to

| Deleted: D |
| --- |
| Deleted: cheat the United States government or any of its agencies out of money or property or to |

| Deleted: |
| --- |

| Deleted: objective |
| --- |
| Deleted: as |

| Deleted: of |
| --- |
| Deleted: charged |
| Deleted: , |
| Deleted: of which the government must |
| Deleted: , are that: |
| Deleted: F |
| Deleted: between |
| Deleted: and |

defraud the United States. It is enough that the government proves beyond a reasonable doubt that there was a common understanding among those who were involved to defraud the United States.

**Deleted:** So, the first thing that must be shown is the existence of an agreement.

2. The second thing that must be shown is that Concord knowingly and intentionally joined the unlawful agreement to defraud the United States government with the specific intent to further its unlawful object. A person who intends to cause the required result is said to have acted with specific intent.[1]

**Deleted:** S

**Deleted:** .

**Deleted:** in that

**Deleted:**

It is not necessary to find that Concord agreed to all the details of the crime, or that Concord knew the identity of all the other people the government has claimed were participating in the agreement. A person may become a member of an unlawful conspiracy even if that person agrees to play only a minor part, as long as that person understands the unlawful nature of the plan and voluntarily and intentionally joins in it with the specific intent to advance or further the unlawful object of the conspiracy. Even if Concord was not part of the agreement at the very start, Concord can become a member of a conspiracy later if the government proves that it intentionally joined the agreement. Different people may become part of the conspiracy at different times.

**Deleted:**

**Deleted:** s/he

But mere presence at the scene of the agreement or of the crime, or merely being with the other participants, does not show that Concord knowingly and intentionally joined in the agreement. Also, unknowingly acting in a way that helps the participants in the conspiracy, or merely knowing about the unlawful agreement itself, without more, does not show that the defendant knowingly and intentionally joined in the conspiracy with the specific intent to further its unlawful object.

**Deleted:** make

**Deleted:** part of

**Deleted:** So the second thing that must be shown is that Concord knowingly joined the conspiracy with the intent to further its unlawful object.

---

[1] 1 Criminal Jury Instructions for DC Instruction 3.100 (recommending providing the precise mental state applicable as an element of the office as opposed to using a separate instruction).

3. The third thing that must be shown is that one of the people involved in the unlawful conspiracy to defraud the United States government did something for the purpose of carrying out the unlawful conspiracy. This something is referred to as an overt act. You will be provided with a list of the overt acts alleged in the indictment. The government need not prove that all of these overt acts were taken, but in order to find Concord guilty, you must all agree on at least one overt act that was actually done. Similarly, you need not find that Concord committed the overt act. It is sufficient for the government to show that one of the conspirators knowingly committed an overt act in furtherance of the unlawful conspiracy, since such an act becomes, in the eyes of the law, the act of all of the members of the conspiracy. An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the unlawful conspiracy.

An unlawful conspiracy can be proved indirectly, by facts and circumstances that lead to a conclusion that such a conspiracy existed. The government must prove that such facts and circumstances existed and that they lead to the conclusion that an unlawful conspiracy existed.

In determining whether an unlawful conspiracy between two or more persons existed, you may consider the acts and the statements of any other member[s] of the conspiracy as evidence against Concord whether done in or out of Concord's presence while the conspiracy existed. When persons knowingly and intentionally enter into an agreement to commit a crime, they become agents for each other so that everything which is said or done by one of them in furtherance of that purpose is deemed to be the statement or act of all who have joined in that unlawful conspiracy and is evidence against all the conspirators. However, statements or acts of any conspirator which are made before the unlawful conspiracy's existence or after its termination may be considered as evidence only against the person making such statements.

- 3 -

In summary, a conspiracy is a kind of partnership to commit a crime. For Concord to be

convicted of the crime of conspiracy to defraud the United States government, the government

must prove three things beyond a reasonable doubt: first, that during the charged time period

there was an unlawful agreement to defraud the United States government's Federal Election

Commission, Department of Justice Foreign Agent Registration Act Unit, and Department of

State; second, that Concord knowingly and intentionally joined in that unlawful agreement with

the specific intent of furthering its unlawful object; and third, that one of the people involved in

the unlawful conspiracy did one of the overt acts charged.

**Object of Conspiracy to Defraud the United States**

As I explained, in considering whether any conspiracy had as its object defrauding the

United States government, in this case the term "defraud the United States," means to impair,

obstruct, or defeat one of the United States government's lawful functions, by deceit, craft,

trickery, or dishonest means. In this case, the government has alleged a conspiracy to defraud the

United States government by impairing, obstructing, and defeating the lawful functions of the

Federal Election Commission, the U.S. Department of Justice's Foreign Agent Registration Act

Unit, and the U.S. Department of State in monitoring, regulating, and enforcing laws concerning

foreign influence on and involvement in U.S. elections and the U.S. political system. The

government has alleged that Concord conspired to impair, obstruct, or defeat these particular

government functions through deceit, craft, trickery or dishonest means by failing to disclose

various forms and types of information to those United States government agencies and

departments.

For the alleged conspiracy to be unlawful, you must find that the conspirators knowingly

and intentionally sought to impair, obstruct, or defeat at least one of the lawful functions of these

Deleted: in

Deleted: I

Deleted: an

Deleted: of

Deleted: as I explained,

Deleted:

Deleted: means not only to cheat the United States government or any of its agencies out of money or property but also, as alleged in this case,

Moved (insertion) [1]

United States government agencies and departments by deceit, craft, trickery, or dishonest means. This need not be the sole or even a major objective of the conspiracy, but it must have been at least one of the objectives that the conspirators pursued. This crime of an unlawful conspiracy to defraud the United States government does not require proof that the conspirators intended to directly commit the crime of obstruction of lawful functions through deceit or dishonest means themselves. Proof that Concord intended to use a third party as a go-between to carry out the crime of defrauding the United States government may be sufficient.

However, attempting to influence the outcome of a U.S. election or conspiring to do so, without more, is not a crime. Nor is it a crime to defraud, or conspire to defraud, the people of the United States.

To convict Concord of the alleged conspiracy to defraud the United States, you must find that Concord knew the name of the particular United States government agency or department whose lawful government functions Concord allegedly agreed to impair, obstruct, or defeat by deceit, craft, trickery, or dishonest means. You must all agree that Concord knew the Federal Election Commission, the U.S. Department of Justice's Foreign Agent Registration Act Unit, or the U.S. Department of State performed the specific function that the alleged conspiracy sought to impair, obstruct, or defeat, and you must all agree that Concord knew how the statutes the government relies on define the specific function. You must also all agree that Concord itself specifically intended to impair, obstruct, or defeat these specific functions.

**Means of Deception**

As I have explained, it is against the law to knowingly and intentionally agree with someone to defraud the United States by impairing, obstructing, or defeating its lawful government functions through deceit, craft, trickery, or dishonest means. The government is not

- 5 -

**Moved (insertion) [2]**

**Deleted:** A

**Moved up [1]:** For the alleged conspiracy to be unlawful, you must find that the conspirators sought to impair, obstruct, or defeat at least one of the lawful functions of the United States government.

**Moved up [2]:** This need not be the sole or even a major objective of the conspiracy, but it must have been at least one of the objectives that the conspirators pursued.

**Deleted:**

**Deleted:** need not

**Deleted:** , or any of its alleged coconspirators,

**Deleted:** they

**Deleted:** But y

**Deleted:** U.S. government

**Deleted:** and you must all

**Deleted:** that particular

**Deleted:** ¶
Finally, this crime also does not require proof that the conspirators intended to directly commit the fraud themselves. Proof that they intended to use a third party as a go-between may be sufficient.

required to prove that the objective was achieved. The crime is the unlawful agreement itself. You may consider the acts taken by alleged conspirators when deciding whether they entered a conspiracy and whether impairing, obstructing, or defeating a lawful function of the U.S. government through deceit, craft, trickery, or dishonest means was an objective of that conspiracy.

    You can find that Concord knowingly and intentionally conspired to use deceptive or deceitful means to prevent government agencies from performing their lawful functions through the failure to disclose information to those agencies. But the mere failure to disclose information to the government does not constitute deception unless Concord or the other defendants (or a person acting at their direction) had a legal duty to disclose that information under the specific statutes the government mentions in the indictment, which I discuss in more detail below, and that they knew about those statutes and the legal duty to disclose. In other words, for you to find that by failing to provide information to the government Concord or the defendants acted deceitfully, you must also find that the defendants had a legal duty to disclose that information and that they knew about that duty.

| Deleted: But y |
| Deleted:  In considering such conduct, the object of impairing, obstructing, or defeating one of the U.S. government's lawful functions, by deceit, craft, trickery, or dishonest means, can occur in either of two ways: (1) through acts of deceit, craft, trickery, or dishonest means or (2) through the failure to provide information to the government that is legally required. |
| Deleted: the defendants |
| Deleted: , even if there was no duty to disclose information to those agencies. |
| Deleted: the defendants |
| Deleted: that |
| Deleted: . |

### Duty to Disclose

There are only two duties to disclose that are at issue in this case.

1. First, the Federal Election Campaign Act (FECA) requires anyone who makes "independent expenditures" of more than $250 in a calendar year to file reports with the Federal Election Commission containing information about the expenditure, including who made it and its purpose. An "independent expenditure" is any purchase, payment, distribution, loan, advance, deposit, or gift of money or anything of value, made by any person that expressly advocates the election or defeat of a clearly identified candidate.

Expressly advocating means either

(a)     phrases such as "vote for the President," "re-elect your Congressman," or "vote against Old Hickory,"; or

(b) statements that when taken as a whole could only be interpreted by a reasonable person as containing advocacy for or against a clearly identified candidate.

2. Second, the Foreign Agents Registration Act (FARA) promotes transparency with respect to foreign influence within the United States by ensuring that the United States government and the public know the source of certain information from foreign agents intended to influence American public opinion, policy, and laws. Under FARA, anyone who acts as an agent of a foreign principal must register with the Department of Justice and disclose who they work for and what they're doing. A foreign principal includes an entity organized under foreign law or based in another country, and a person or entity located outside of the United States who is not a U.S. citizen who lives in the United States or U.S.-based entity. An "agent of a foreign principal" is anyone who acts as an agent, representative, employee, or servant, or any person who acts in any other capacity at the order, request, or under the direction or control, of a foreign

- 7 -

**Deleted:** If you conclude that a duty to disclose is relevant to your decision about whether Concord ¶ conspired to defraud the United States, t

**Deleted:** for the purpose of influencing any election for Federal office,

**Deleted:** "support the Democratic nominee," "cast your ballot for the Republican challenger for U.S. Senate in Georgia," "Smith for Congress," "Bill McKay in '94," "vote Pro-Life"

**Deleted:** vote Pro-Choice" accompanied by a listing of clearly identified candidates described as Pro-Life or Pro-Choice, "

**Deleted:** ," "defeat" accompanied by a picture of one or more candidate(s), "reject the incumbent," or communications of campaign slogan(s) or individual word(s), which in context can have no other reasonable meaning than to urge the election or defeat of one or more clearly identified candidate(s), such as posters, bumper stickers, advertisements, etc. which say "Nixon's the One," "Carter '76," "Reagan/Bush" or "Mondale!

**Deleted:** and with limited reference to external events, such as the proximity to the election, could only be interpreted by a reasonable person as containing advocacy of the election or defeat of one or more clearly identified candidate(s) because (i) the electoral portion of the communication is unmistakable, unambiguous, and suggestive of only one meaning; and (ii) reasonable minds could not differ as to whether it encourages actions to elect or defeat one or more clearly identified candidate(s) or encourages some other kind of action

**Deleted:** the words

**Deleted:**

principal or of a person any of whose activities are directly or indirectly supervised, directed, controlled, financed, or subsidized in whole or in major part by a foreign principal, and who directly or through any other person engages in certain acts in the United States for or in the interests of the foreign principal.

As relevant here, two categories of acts can render someone an agent under FARA:

| | Deleted: three |

(i)      Political activities. The term "political activities" means any activity that the person engaging in believes will, or that the person intends to, in any way influence any agency or official of the Government of the United States or any section of the public within the United States with reference to formulating, adopting, or changing the domestic or foreign policies of the United States or with reference to the political or public interests, policies, or relations of a government of a foreign country or a foreign political party;

(ii)     Various public-relations conduct and political consulting. This includes acting as a public relations counsel; engaging directly or indirectly in the publication or dissemination of oral, visual, graphic, written, or pictorial information or matter of any kind, including publication by means of advertising, books, periodicals, newspapers, lectures, broadcasts, motion pictures, or otherwise; and informing or advising any other person with reference to the domestic or foreign policies of the United States or the political or public interest, policies, or relations of a foreign country or of a foreign political party;

52 U.S.C. § 30104(c) (FECA); 11 C.F.R. § 109.10 (FEC regulation); *see* 52 U.S.C. § 30101(17)

| | Deleted: <#>Soliciting, collecting, disbursing, or dispensing contributions, loans, money, or other things of value.¶ |

(defining "independent expenditure"); 11 C.F.R. § 100.22 (regulation interpreting "independent expenditure"). 22 U.S.C. §§ 611(a), (b), (c)(1)(i)-(iii), (g), (h), (o), (p), 612(a) (FARA).

**Exhibit B** to Defendant Concord Management and Consulting LLC's Objections to the Court's Proposed Conspiracy Instruction

*United States v. Concord Management and Consulting LLC*, Case No. 18-cr-00032-2-DLF

## Court's Proposed Conspiracy Instruction

## Overview of Conspiracy to Defraud the United States

Concord is charged with conspiring to defraud the United States government.  It is against the law to knowingly and intentionally agree with someone to defraud the United States government. In this case, "defraud the United States" means to knowingly and intentionally impair, obstruct, or defeat one of the United States government's lawful functions, by deceit, craft, trickery, or dishonest means. Here, Concord is charged with conspiring to knowingly impair, obstruct, or defeat several specific functions of the United States government's Federal Election Commission, Department of Justice Foreign Agent Registration Act Unit, and Department of State, as defined by several specific statutes enacted by the U.S. Congress. The government is not required to prove that the impairment or obstruction of these functions were actually achieved.

## Essential Elements of Conspiracy to Defraud the United States

The government has three elements to prove in order to obtain a conviction of Concord for the unlawful conspiracy and each element must be proven beyond a reasonable doubt.

1. The first thing that must be shown is the existence of an agreement: Specifically, that from in and around 2014 to January 2018, an agreement existed between two or more people to knowingly and intentionally defraud the United States by using dishonest or deceitful means to impair, obstruct, or defeat the specified functions of the Federal Election Commission, the Department of Justice's Foreign Agent Registration Act Unit, and the Department of State. This does not have to be a formal agreement or plan, in which everyone involved sat down together and worked out the details. On the other hand, merely because people get together and talk about common interests or do similar things does not necessarily show that an agreement exists to

defraud the United States. It is enough that the government proves beyond a reasonable doubt that there was a common understanding among those who were involved to defraud the United States.

2. The second thing that must be shown is that Concord knowingly and intentionally joined the unlawful agreement to defraud the United States government with the specific intent to further its unlawful object. A person who intends to cause the required result is said to have acted with specific intent.[1]

It is not necessary to find that Concord agreed to all the details of the crime, or that Concord knew the identity of all the other people the government has claimed were participating in the agreement. A person may become a member of an unlawful conspiracy even if that person agrees to play only a minor part, as long as that person understands the unlawful nature of the plan and voluntarily and intentionally joins in it with the specific intent to advance or further the unlawful object of the conspiracy. Even if Concord was not part of the agreement at the very start, Concord can become a member of a conspiracy later if the government proves that it intentionally joined the agreement. Different people may become part of the conspiracy at different times.

But mere presence at the scene of the agreement or of the crime, or merely being with the other participants, does not show that Concord knowingly and intentionally joined in the agreement.  Also, unknowingly acting in a way that helps the participants in the conspiracy, or merely knowing about the unlawful agreement itself, without more, does not show that the defendant knowingly and intentionally joined in the conspiracy with the specific intent to further its unlawful object.

---

[1] 1 Criminal Jury Instructions for DC Instruction 3.100 (recommending providing the precise mental state applicable as an element of the office as opposed to using a separate instruction).

3. The third thing that must be shown is that one of the people involved in the unlawful conspiracy to defraud the United States government did something for the purpose of carrying out the unlawful conspiracy. This something is referred to as an overt act. You will be provided with a list of the overt acts alleged in the indictment. The government need not prove that all of these overt acts were taken, but in order to find Concord guilty, you must all agree on at least one overt act that was actually done. Similarly, you need not find that Concord committed the overt act. It is sufficient for the government to show that one of the conspirators knowingly committed an overt act in furtherance of the unlawful conspiracy, since such an act becomes, in the eyes of the law, the act of all of the members of the conspiracy. An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the unlawful conspiracy.

An unlawful conspiracy can be proved indirectly, by facts and circumstances that lead to a conclusion that such a conspiracy existed. The government must prove that such facts and circumstances existed and that they lead to the conclusion that an unlawful conspiracy existed.

In determining whether an unlawful conspiracy between two or more persons existed, you may consider the acts and the statements of any other member[s] of the conspiracy as evidence against Concord whether done in or out of Concord's presence while the conspiracy existed. When persons knowingly and intentionally enter into an agreement to commit a crime, they become agents for each other so that everything which is said or done by one of them in furtherance of that purpose is deemed to be the statement or act of all who have joined in that unlawful conspiracy and is evidence against all the conspirators. However, statements or acts of any conspirator which are made before the unlawful conspiracy's existence or after its termination may be considered as evidence only against the person making such statements.

In summary, a conspiracy is a kind of partnership to commit a crime. For Concord to be convicted of the crime of conspiracy to defraud the United States government, the government must prove three things beyond a reasonable doubt: first, that during the charged time period there was an unlawful agreement to defraud the United States government's Federal Election Commission, Department of Justice Foreign Agent Registration Act Unit, and Department of State; second, that Concord knowingly and intentionally joined in that unlawful agreement with the specific intent of furthering its unlawful object; and third, that one of the people involved in the unlawful conspiracy did one of the overt acts charged.

### Object of Conspiracy to Defraud the United States

As I explained, in considering whether any conspiracy had as its object defrauding the United States government, in this case the term "defraud the United States," means to impair, obstruct, or defeat one of the United States government's lawful functions, by deceit, craft, trickery, or dishonest means. In this case, the government has alleged a conspiracy to defraud the United States government by impairing, obstructing, and defeating the lawful functions of the Federal Election Commission, the U.S. Department of Justice's Foreign Agent Registration Act Unit, and the U.S. Department of State in monitoring, regulating, and enforcing laws concerning foreign influence on and involvement in U.S. elections and the U.S. political system. The government has alleged that Concord conspired to impair, obstruct, or defeat these particular government functions through deceit, craft, trickery or dishonest means by failing to disclose various forms and types of information to those United States government agencies and departments.

For the alleged conspiracy to be unlawful, you must find that the conspirators knowingly and intentionally sought to impair, obstruct, or defeat at least one of the lawful functions of these

United States government agencies and departments by deceit, craft, trickery, or dishonest means. This need not be the sole or even a major objective of the conspiracy, but it must have been at least one of the objectives that the conspirators pursued. This crime of an unlawful conspiracy to defraud the United States government does not require proof that the conspirators intended to directly commit the crime of obstruction of lawful functions through deceit or dishonest means themselves. Proof that Concord intended to use a third party ~~as a go-between~~ to carry out the crime of defrauding the United States government may be sufficient.

However, attempting to influence the outcome of a U.S. election or conspiring to do so, without more, is not a crime. Nor is it a crime to defraud, or conspire to defraud, the people of the United States.

To convict Concord of the alleged conspiracy to defraud the United States, you must find that Concord knew the name of the particular United States government agency or department whose lawful government functions Concord allegedly agreed to impair, obstruct, or defeat by deceit, craft, trickery, or dishonest means. You must all agree that Concord knew the Federal Election Commission, the U.S. Department of Justice's Foreign Agent Registration Act Unit, or the U.S. Department of State performed the specific function that the alleged conspiracy sought to impair, obstruct, or defeat, and you must all agree that Concord knew how the statutes the government relies on define the specific function. You must also all agree that Concord itself specifically intended to impair, obstruct, or defeat these specific functions.

**Means of Deception**

As I have explained, it is against the law to knowingly and intentionally agree with someone to defraud the United States by impairing, obstructing, or defeating its lawful government functions through deceit, craft, trickery, or dishonest means. The government is not

required to prove that the objective was achieved. The crime is the unlawful agreement itself. You may consider the acts taken by alleged conspirators when deciding whether they entered a conspiracy and whether impairing, obstructing, or defeating a lawful function of the U.S. government through deceit, craft, trickery, or dishonest means was an objective of that conspiracy.

You can find that Concord knowingly and intentionally conspired to use deceptive or deceitful means to prevent government agencies from performing their lawful functions through the failure to disclose information to those agencies. But the mere failure to disclose information to the government does not constitute deception unless Concord or the other defendants (or a person acting at their direction) had a legal duty to disclose that information under the specific statutes the government mentions in the indictment, which I discuss in more detail below, and that they knew about those statutes and the legal duty to disclose. In other words, for you to find that by failing to provide information to the government Concord or the defendants acted deceitfully, you must also find that the defendants had a legal duty to disclose that information and that they knew about that duty.

**Duty to Disclose**

There are only two duties to disclose that are at issue in this case.

1. First, the Federal Election Campaign Act (FECA) requires anyone who makes "independent expenditures" of more than $250 in a calendar year to file reports with the Federal Election Commission containing information about the expenditure, including who made it and its purpose. An "independent expenditure" is any purchase, payment, distribution, loan, advance, deposit, or gift of money or anything of value, made by any person that expressly advocates the election or defeat of a clearly identified candidate.

Expressly advocating means either

(a)      phrases such as "vote for the President," "re-elect your Congressman," or "vote against Old Hickory";

or

(b) statements that when taken as a whole could only be interpreted by a reasonable person as containing advocacy for or against a clearly identified candidate.

2. Second, the Foreign Agents Registration Act (FARA) promotes transparency with respect to foreign influence within the United States by ensuring that the United States government and the public know the source of certain information from foreign agents intended to influence American public opinion, policy, and laws. Under FARA, anyone who acts as an agent of a foreign principal must register with the Department of Justice and disclose who they work for and what they're doing. A foreign principal includes an entity organized under foreign law or based in another country, and a person or entity located outside of the United States who is not a U.S. citizen who lives in the United States or U.S.-based entity. An "agent of a foreign principal" is anyone who acts as an agent, representative, employee, or servant, or any person who acts in any other capacity at the order, request, or under the direction or control, of a foreign

- 7 -

principal or of a person any of whose activities are directly or indirectly supervised, directed,

controlled, financed, or subsidized in whole or in major part by a foreign principal, and who

directly or through any other person engages in certain acts in the United States for or in the

interests of the foreign principal.

As relevant here, two categories of acts can render someone an agent under FARA:

(i)     Political activities. The term "political activities" means any activity that the

person engaging in believes will, or that the person intends to, in any way

influence any agency or official of the Government of the United States or any

section of the public within the United States with reference to formulating,

adopting, or changing the domestic or foreign policies of the United States or with

reference to the political or public interests, policies, or relations of a government

of a foreign country or a foreign political party;

(ii)    Various public-relations conduct and political consulting. This includes acting as

a public relations counsel; engaging directly or indirectly in the publication or

dissemination of oral, visual, graphic, written, or pictorial information or matter

of any kind, including publication by means of advertising, books, periodicals,

newspapers, lectures, broadcasts, motion pictures, or otherwise; and informing or

advising any other person with reference to the domestic or foreign policies of the

United States or the political or public interest, policies, or relations of a foreign

country or of a foreign political party;

52 U.S.C. § 30104(c) (FECA); 11 C.F.R. § 109.10 (FEC regulation); *see* 52 U.S.C. § 30101(17)

(defining "independent expenditure"); 11 C.F.R. § 100.22 (regulation interpreting "independent

expenditure"). 22 U.S.C. §§ 611(a), (b), (c)(1)(i)-(iii), (g), (h), (o), (p), 612(a) (FARA).