# Exhibit A to Defendant Concord Management and Consulting LLC's Objections to the Court's Proposed Conspiracy Instruction

*United States v. Concord Management and Consulting LLC*, Case No. 18-cr-00032-2-DLF

### Court's Proposed Conspiracy Instruction

### Overview of Conspiracy to Defraud the United States

Concord is charged with conspiring to defraud the United States government. It is against the law to knowingly and intentionally agree with someone to defraud the United States government. In this case, "defraud the United States" means to knowingly and intentionally impair, obstruct, or defeat one of the United States government's lawful functions, by deceit, craft, trickery, or dishonest means. Here, Concord is charged with conspiring to knowingly impair, obstruct, or defeat several specific functions of the United States government's Federal Election Commission, Department of Justice Foreign Agent Registration Act Unit, and Department of State, as defined by several specific statutes enacted by the U.S. Congress. The government is not required to prove that the impairment or obstruction of these functions were actually achieved.

### Essential Elements of Conspiracy to Defraud the United States

The government has three elements to prove in order to obtain a conviction of Concord for the unlawful conspiracy and each element must be proven beyond a reasonable doubt.

1. The first thing that must be shown is the existence of an agreement: Specifically, that from in and around 2014 to January 2018, an agreement existed between two or more people to knowingly and intentionally defraud the United States by using dishonest or deceitful means to impair, obstruct, or defeat the specified functions of the Federal Election Commission, the Department of Justice's Foreign Agent Registration Act Unit, and the Department of State. This does not have to be a formal agreement or plan, in which everyone involved sat down together and worked out the details. On the other hand, merely because people get together and talk about common interests or do similar things does not necessarily show that an agreement exists to

defraud the United States. It is enough that the government proves beyond a reasonable doubt that there was a common understanding among those who were involved to defraud the United States.

    2. The second thing that must be shown is that Concord knowingly and intentionally joined the unlawful agreement to defraud the United States government with the specific intent to further its unlawful object. A person who intends to cause the required result is said to have acted with specific intent.[1]

    It is not necessary to find that Concord agreed to all the details of the crime, or that Concord knew the identity of all the other people the government has claimed were participating in the agreement. A person may become a member of an unlawful conspiracy even if that person agrees to play only a minor part, as long as that person understands the unlawful nature of the plan and voluntarily and intentionally joins in it with the specific intent to advance or further the unlawful object of the conspiracy. Even if Concord was not part of the agreement at the very start, Concord can become a member of a conspiracy later if the government proves that it intentionally joined the agreement. Different people may become part of the conspiracy at different times.

    But mere presence at the scene of the agreement or of the crime, or merely being with the other participants, does not show that Concord knowingly and intentionally joined in the agreement. Also, unknowingly acting in a way that helps the participants in the conspiracy, or merely knowing about the unlawful agreement itself, without more, does not show that the defendant knowingly and intentionally joined in the conspiracy with the specific intent to further its unlawful object.

---

[1] 1 Criminal Jury Instructions for DC Instruction 3.100 (recommending providing the precise mental state applicable as an element of the office as opposed to using a separate instruction).

3. The third thing that must be shown is that one of the people involved in the unlawful conspiracy to defraud the United States government did something for the purpose of carrying out the unlawful conspiracy. This something is referred to as an overt act. You will be provided with a list of the overt acts alleged in the indictment. The government need not prove that all of these overt acts were taken, but in order to find Concord guilty, you must all agree on at least one overt act that was actually done. Similarly, you need not find that Concord committed the overt act. It is sufficient for the government to show that one of the conspirators knowingly committed an overt act in furtherance of the unlawful conspiracy, since such an act becomes, in the eyes of the law, the act of all of the members of the conspiracy. An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the unlawful conspiracy.

An unlawful conspiracy can be proved indirectly, by facts and circumstances that lead to a conclusion that such a conspiracy existed. The government must prove that such facts and circumstances existed and that they lead to the conclusion that an unlawful conspiracy existed.

In determining whether an unlawful conspiracy between two or more persons existed, you may consider the acts and the statements of any other member[s] of the conspiracy as evidence against Concord whether done in or out of Concord's presence while the conspiracy existed. When persons knowingly and intentionally enter into an agreement to commit a crime, they become agents for each other so that everything which is said or done by one of them in furtherance of that purpose is deemed to be the statement or act of all who have joined in that unlawful conspiracy and is evidence against all the conspirators. However, statements or acts of any conspirator which are made before the unlawful conspiracy's existence or after its termination may be considered as evidence only against the person making such statements.

- 3 -

In summary, a conspiracy is a kind of partnership to commit a crime. For Concord to be convicted of the crime of conspiracy to defraud the United States government, the government must prove three things beyond a reasonable doubt: first, that during the charged time period there was an unlawful agreement to defraud the United States government's Federal Election Commission, Department of Justice Foreign Agent Registration Act Unit, and Department of State; second, that Concord knowingly and intentionally joined in that unlawful agreement with the specific intent of furthering its unlawful object; and third, that one of the people involved in the unlawful conspiracy did one of the overt acts charged.

**Object of Conspiracy to Defraud the United States**

As I explained, in considering whether any conspiracy had as its object defrauding the United States government, in this case the term "defraud the United States," means to impair, obstruct, or defeat one of the United States government's lawful functions, by deceit, craft, trickery, or dishonest means. In this case, the government has alleged a conspiracy to defraud the United States government by impairing, obstructing, and defeating the lawful functions of the Federal Election Commission, the U.S. Department of Justice's Foreign Agent Registration Act Unit, and the U.S. Department of State in monitoring, regulating, and enforcing laws concerning foreign influence on and involvement in U.S. elections and the U.S. political system. The government has alleged that Concord conspired to impair, obstruct, or defeat these particular government functions through deceit, craft, trickery or dishonest means by failing to disclose various forms and types of information to those United States government agencies and departments.

For the alleged conspiracy to be unlawful, you must find that the conspirators knowingly and intentionally sought to impair, obstruct, or defeat at least one of the lawful functions of these

- 4 -

United States government agencies and departments by deceit, craft, trickery, or dishonest means. This need not be the sole or even a major objective of the conspiracy, but it must have been at least one of the objectives that the conspirators pursued. This crime of an unlawful conspiracy to defraud the United States government does not require proof that the conspirators intended to directly commit the crime of obstruction of lawful functions through deceit or dishonest means themselves. Proof that Concord intended to use a third party as a go-between to carry out the crime of defrauding the United States government may be sufficient.

However, attempting to influence the outcome of a U.S. election or conspiring to do so, without more, is not a crime. Nor is it a crime to defraud, or conspire to defraud, the people of the United States.

To convict Concord of the alleged conspiracy to defraud the United States, you must find that Concord knew the name of the particular United States government agency or department whose lawful government functions Concord allegedly agreed to impair, obstruct, or defeat by deceit, craft, trickery, or dishonest means. You must all agree that Concord knew the Federal Election Commission, the U.S. Department of Justice's Foreign Agent Registration Act Unit, or the U.S. Department of State performed the specific function that the alleged conspiracy sought to impair, obstruct, or defeat, and you must all agree that Concord knew how the statutes the government relies on define the specific function. You must also all agree that Concord itself specifically intended to impair, obstruct, or defeat these specific functions.

**Means of Deception**

As I have explained, it is against the law to knowingly and intentionally agree with someone to defraud the United States by impairing, obstructing, or defeating its lawful government functions through deceit, craft, trickery, or dishonest means. The government is not

- 5 -

required to prove that the objective was achieved. The crime is the unlawful agreement itself. You may consider the acts taken by alleged conspirators when deciding whether they entered a conspiracy and whether impairing, obstructing, or defeating a lawful function of the U.S. government through deceit, craft, trickery, or dishonest means was an objective of that conspiracy.

You can find that Concord knowingly and intentionally conspired to use deceptive or deceitful means to prevent government agencies from performing their lawful functions through the failure to disclose information to those agencies. But the mere failure to disclose information to the government does not constitute deception unless Concord or the other defendants (or a person acting at their direction) had a legal duty to disclose that information under the specific statutes the government mentions in the indictment, which I discuss in more detail below, and that they knew about those statutes and the legal duty to disclose. In other words, for you to find that by failing to provide information to the government Concord or the defendants acted deceitfully, you must also find that the defendants had a legal duty to disclose that information and that they knew about that duty.

- 6 -

**Duty to Disclose**

There are only two duties to disclose that are at issue in this case.

1. First, the Federal Election Campaign Act (FECA) requires anyone who makes "independent expenditures" of more than $250 in a calendar year to file reports with the Federal Election Commission containing information about the expenditure, including who made it and its purpose. An "independent expenditure" is any purchase, payment, distribution, loan, advance, deposit, or gift of money or anything of value, made by any person that expressly advocates the election or defeat of a clearly identified candidate.

Expressly advocating means either

(a) phrases such as "vote for the President," "re-elect your Congressman," or "vote against Old Hickory";

or

(b) statements that when taken as a whole could only be interpreted by a reasonable person as containing advocacy for or against a clearly identified candidate.

2. Second, the Foreign Agents Registration Act (FARA) promotes transparency with respect to foreign influence within the United States by ensuring that the United States government and the public know the source of certain information from foreign agents intended to influence American public opinion, policy, and laws. Under FARA, anyone who acts as an agent of a foreign principal must register with the Department of Justice and disclose who they work for and what they're doing. A foreign principal includes an entity organized under foreign law or based in another country, and a person or entity located outside of the United States who is not a U.S. citizen who lives in the United States or U.S.-based entity. An "agent of a foreign principal" is anyone who acts as an agent, representative, employee, or servant, or any person who acts in any other capacity at the order, request, or under the direction or control, of a foreign

principal or of a person any of whose activities are directly or indirectly supervised, directed, controlled, financed, or subsidized in whole or in major part by a foreign principal, and who directly or through any other person engages in certain acts in the United States for or in the interests of the foreign principal.

As relevant here, two categories of acts can render someone an agent under FARA:

(i) Political activities. The term "political activities" means any activity that the person engaging in believes will, or that the person intends to, in any way influence any agency or official of the Government of the United States or any section of the public within the United States with reference to formulating, adopting, or changing the domestic or foreign policies of the United States or with reference to the political or public interests, policies, or relations of a government of a foreign country or a foreign political party;

(ii) Various public-relations conduct and political consulting. This includes acting as a public relations counsel; engaging directly or indirectly in the publication or dissemination of oral, visual, graphic, written, or pictorial information or matter of any kind, including publication by means of advertising, books, periodicals, newspapers, lectures, broadcasts, motion pictures, or otherwise; and informing or advising any other person with reference to the domestic or foreign policies of the United States or the political or public interest, policies, or relations of a foreign country or of a foreign political party;

52 U.S.C. § 30104(c) (FECA); 11 C.F.R. § 109.10 (FEC regulation); *see* 52 U.S.C. § 30101(17) (defining "independent expenditure"); 11 C.F.R. § 100.22 (regulation interpreting "independent expenditure"). 22 U.S.C. §§ 611(a), (b), (c)(1)(i)-(iii), (g), (h), (o), (p), 612(a) (FARA).

[Margin comments:
Deleted: three
Deleted: <#>Soliciting, collecting, disbursing, or dispensing contributions, loans, money, or other things of value.¶]